# EXHIBIT 12

Case 22-03062-sgj Doc 10-12 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 2 of 6
Case 3:21-cv-01169-N   Document 10-12   Filed 10/05/21   Page 2 of 6   PageID 424
Case 19-34054-sgj11 Doc 1973 Filed 03/04/21    Entered 03/04/21 17:34:17    Page 1 of 5

Docket #1973  Date Filed: 03/04/2021

D. Michael Lynn – State Bar ID 12736500
John Y. Bonds, III – State Bar ID 02589100
Clay M. Taylor – State Bar ID 24033261
Bryan C. Assink – State Bar ID 24089009
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 – Telephone
(817) 405-6902 – Facsimile
Michael.lynn@bondsellis.com
john@bondsellis.com
clay.taylor@bondsellis.com
bryan.assink@bondsellis.com

**COUNSEL FOR JAMES DONDERO**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 19-34054-SGJ-11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

## JOINDER IN MOTION FOR STAY PENDING APPEAL AND ADDITIONAL GROUNDS FOR THE ISSUANCE OF A STAY PENDING APPEAL

James Dondero ("Dondero") herby files his Joinder to Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P.'s Motion for Stay Pending Appeal of the Confirmation Order, and Brief In Support Thereof (the "Advisor Motion"), and also submits his Additional Grounds for the Issuance of a Stay Pending Appeal.[1]

### Joinder

1.      First, Dondero joins and incorporates by reference each of the points, facts, legal analysis and standards made by the Movants in the Advisor Motion.

---

[1] Defined terms not defined herein have the same terms ascribed to them in the Advisor Motion.

JOINDER IN MOTION FOR STAY PENDING APPEAL

1934054210304000000000007

Appx. 0375

Case 22-03062-sgj Doc 10-12 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 3 of 6
  Case 3:21-cv-01169-N   Document 10-12   Filed 10/05/21   Page 3 of 6   PageID 425
Case 19-34054-sgj11 Doc 1973 Filed 03/04/21    Entered 03/04/21 17:34:17    Page 2 of 5

**Additional Facts Relevant to this Joinder**

2.      During the course of this bankruptcy case, and after Dondero was removed from his role at the Debtor, the Debtor or its subsidiaries, under the direction of the Debtor's CEO James Seery, sold three substantial assets. Those three assets sales were generically referred to as the Life Settlements sale, the Omnimax sale and the Trussway or SSP sale (collectively the "Sales").

3.      In each of the Sales, the sale of the assets that occurred was not actually carried on the balance sheet of the Debtor itself, but instead on the balance sheet of a subsidiary or a subsidiary of a subsidiary. Each Sale was significant and in excess of $2,000,000.

4.      The Debtor did not provide notice of the Sales to creditors or parties-in-interest.

5.      The Debtor further maintains that notice of the Sales was not required. For the reasons stated below, the Debtor is mistaken.

**Additional Support for Issuance of a Stay Pending Appeal**

6.      As additional grounds and argument as why a stay should issue, as stated in Dondero's Objection to the Plan and as argued at the confirmation hearing on the same, the Debtor failed to meet its burden proving that the best interests of the creditors test had been met by showing that creditors and other parties in the waterfall (such as equity) would receive as much as they would have in a hypothetical chapter 7 case. This objection was, in part, based on the Debtor's repeated refusal, even while in bankruptcy, to afford creditors and parties-in-interest, such as Dondero, notice and opportunity to participate in sales of the Debtor's assets. One of the numerous reasons for the requirements under the Bankruptcy Code and Rules that notice of such sales be provided is so that any creditor, or any other interested party, could participate in the sales process and thereby ensure that the estate (and other stakeholders) can reasonably anticipate that

Case 22-03062-sgj Doc 10-12 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 4 of 6
Case 3:21-cv-01169-N   Document 10-12   Filed 10/05/21   Page 4 of 6   PageID 426
Case 19-34054-sgj11 Doc 1973 Filed 03/04/21   Entered 03/04/21 17:34:17   Page 3 of 5

the highest and best sales price(s) for any asset(s) being sold was indeed reached for the sale of that asset. Absent a stay pending appeal, Dondero and other parties-in-interest would lose the protections offered by the notice procedures for the sale of assets provided for under 11 U.S.C. Section 363 and Federal Rule of Bankruptcy Procedure 2002.

7. The Debtor maintains that while it did not give notice to Dondero of prior sales in bankruptcy, that it did not have to. Dondero reasonably assumes that the Debtor may continue such practice even if a stay was granted. As a result, the imposition of the stay is not material to the Debtor and does no harm to it.

8. Alternatively, if the Debtor now acknowledges that under the Bankruptcy Code and Rules notice should have been provided and that any subsequent similar sale would need to be noticed out in accordance with Section 363 and Rule 2002, then the additional burden to do so is not material to the Debtor, better insures that creditors and parties-in-interest are both informed and their interests are protected, and informs both this Court and the court hearing the appeal of this matter additional evidence of why this underlying appeal should be granted.

9. First, the argument used to justify the prior lack of compliance with the Code and the Rules of "the assets that were being sold were assets of a subsidiary entity and therefore not assets of the estate," and therefore not implicating the notice provisions of Section 363 and Rule 2002, is specious and self-serving. At times in this case, the Debtor has maintained that the subsidiaries are subject to ultimate control of and by this Court and proceeding, but at other times it chooses to assert their independence from the obligations that come commensurate with that assertion.

10. All the Sales done in this bankruptcy were significant sales, not conducted within the ordinary course of business of the Debtor, and necessarily positively or negatively impacted

Case 22-03062-sgj Doc 10-12 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 5 of 6
Case 3:21-cv-01169-N   Document 10-12   Filed 10/05/21   Page 5 of 6   PageID 427
Case 19-34054-sgj11 Doc 1973 Filed 03/04/21    Entered 03/04/21 17:34:17    Page 4 of 5

the recoveries that creditors and parties-in-interest will ultimately realize in this case. In short, the Debtor knew exactly what it was doing, violated the Code and the Rules, but proceeded with the Sales despite these infirmities.

11. Moreover, the argument misses the point. If a stay were granted, and if the Debtor continued to operate in such a manner avoiding what Dondero maintains are fundamental and applicable protections of both bankruptcy statute and rule, and the appeal was subsequently granted in whole or in part on such grounds, and also on the third-party releases and exculpation grounds, then the parties responsible for such violations of the Bankruptcy Code and Rules could be held responsible for such acts and the creditors and parties-in-interest could seek recompense. Absent a stay pending appeal, the public interests are harmed by allowing the Debtor to continue to skirt its duties about providing due notice of sales of the Debtor's assets under a plan that may be subsequently overturned if the appeal is granted. The imposition of a stay would not alter the Debtor's ability to actually sell assets, but would at least make it either provide notice of such sales, or, if it chooses not to, make the Debtor responsible for the consequences of its actions if that decision is an erroneous one. This is precisely why a stay should be grated to keep irreparable harm from being done to creditors and parties-in-interest such as Dondero.

12. Therefore, the issuance of stay pending appeal affords: (i) at least some marginal protections to the creditors and parties-in-interest that the Bankruptcy Code provisions should be adhered to regarding sales of assets; and (ii) if it is ultimately found that such lack of notice is and was indeed proper, then the issuance of a stay does no practical harm to the Debtor who can continue its practices of not providing such notice.

Case 22-03062-sgj Doc 10-12 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 6 of 6
Case 3:21-cv-01169-N   Document 10-12   Filed 10/05/21   Page 6 of 6   PageID 428
Case 19-34054-sgj11 Doc 1973 Filed 03/04/21    Entered 03/04/21 17:34:17    Page 5 of 5

## Request for Relief

Dondero requests that the Court enter an Order:

(i) Staying the effectiveness of the Confirmation Order pending appeal; and

(ii) granting such other relief as is just and proper.

Signed: March 4, 2021.

>BONDS ELLIS EPPICH SCHAFER JONES LLP
>
>By:    /s/ Clay M. Taylor_____
>        D. Michael Lynn – State Bar ID 12736500
>        John Y. Bonds, III – State Bar ID 02589100
>        Clay M. Taylor – State Bar ID 24033261
>        Bryan C. Assink – State Bar ID 24089009
>        Telephone: (817) 405-6900
>        Facsimile: (817) 405-6902
>        Email: clay.taylor@bondsellis.com
>
>ATTORNEYS FOR JAMES DONDERO

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this on March 4, 2021, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on counsel for the Appellee.

>By:    /s/ Clay M. Taylor_____
>        Clay M. Taylor