# EXHIBIT 20

Case 22-03062-sgj Doc 10-20 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 2 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 2 of 17   PageID 967
Case: 21-90011    Document: 00515824511    Page: 1    Date Filed: 04/15/2021

Case No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**In re: HIGHLAND CAPITAL MANAGEMENT, L.P.**

**Proposed Appeal of The Dugaboy Investment Trust
And Get Good Trust**

On Appeal from the United States Bankruptcy Court for
the Northern District of Texas, Dallas Division
Bankruptcy Case No. 19-34054 (SGJ11)

Appeal Pending as Civil Action No. 3:21-cv-00550-N in the United States District
Court for the Northern District of Texas, Dallas Division

**PETITION FOR DIRECT APPEAL UNDER 28 U.S.C. § 158(d)**

Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130
Telephone: (504) 299-3300
Fax: (504) 299-3399

**ATTORNEY FOR PETITIONERS THE DUGABOY
INVESTMENT TRUST AND GET GOOD TRUST**

Case 22-03062-sgj Doc 10-20 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 3 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 3 of 17   PageID 968
Case: 21-90011    Document: 00515824511    Page: 2    Date Filed: 04/15/2021

# CERTIFICATE OF INTERESTED PERSONS

Undersigned counsel certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal:

1. Appellants

   **The Dugaboy Investment Trust**
   **Get Good Trust**

   Counsel:
   Douglas S. Draper, La. Bar No. 5073
   ddraper@hellerdraper.com
   Heller, Draper & Horn, L.L.C.
   650 Poydras Street, Suite 2500
   New Orleans, LA  70130
   Telephone: (504) 299-3300
   Fax: (504) 299-3399

2. Appellee:

   **Highland Capital Management, L.P.**

   Counsel:
   Jeffrey N. Pomerantz
   John A. Morris
   Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067
   Telephone: (310) 277-6910
   Facsimile: (310) 201-0760

Case 22-03062-sgj Doc 10-20 Filed 06/10/22 Entered 06/10/22 17:15:23 Page 4 of 17
Case 3:21-cv-01169-N Document 10-20 Filed 10/05/21 Page 4 of 17 PageID 969
Case: 21-90011 Document: 00515824511 Page: 3 Date Filed: 04/15/2021

Melissa S. Hayward
Zachery Z. Annable
Hayward PLLC
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

3. Other Appellants

**NexPoint Advisors, L.P.**
**Highland Capital Management Fund Advisors, L.P.**

Counsel:
Davor Rukavina
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**Highland Income Fund**
**NexPoint Strategic Opportunities Fund**
**Highland Global Allocation Fund**
**NexPoint Capital, Inc.**

Counsel:
Artoush Varshosaz
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5659

A. Lee Hogewood, III
K&L GATES LLP
4350 Lassiter at North Hills Ave.
Suite 300
Raleigh, NC 27609
Tel: (919) 743-7306

Case 22-03062-sgj Doc 10-20 Filed 06/10/22   Entered 06/10/22 17:15:23   Page 5 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 5 of 17   PageID 970
Case: 21-90011    Document: 00515824511    Page: 4    Date Filed: 04/15/2021

David R. Fine
K&L GATES LLP
Market Square Plaza
17 North Second St.
18th Floor
Harrisburg, PA 17101
Tel: (717) 231-5820

**James Dondero**

Counsel:
D. Michael Lynn
John Y. Bonds, III
Clay M. Taylor
John T. Wilson IV
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

          /s/ *Douglas S. Draper*
          Douglas S. Draper
          Counsel for The Dugaboy Investment
          Trust and Get Good Trust

Case 22-03062-sgj Doc 10-20 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 6 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 6 of 17   PageID 971
Case: 21-90011   Document: 00515824511   Page: 5   Date Filed: 04/15/2021

# INTRODUCTION

The Dubagoy Investment Trust and Get Good Trust (the "Trusts") respectfully request that the Court grant them permission to appeal, pursuant to Federal Rule of Appellate Procedure 5 and 28 U.S.C. § 158(d)(2)(A), the *Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified); and (ii) Granting Related Relief* (the "Confirmation Order")[1] directly to this Court from the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

A direct appeal from the Bankruptcy Court to the District Court is authorized pursuant to § 158(d)(2) provided that four conditions are satisfied. It is the position of the Trusts that the conditions for direct appeal are satisfied for the reason set forth herein and in the Petitions filed by Highland Income Fund, NexPoint Stategic Opportunities Fund, Highland Global Allocation Fund, Nexpoint Capital Inc., James Dondero, NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. each of which has filed a Petition for Direct Appeal with this Court.

The Trusts, in support of this Petition, note the following:

Case 22-03062-sgj Doc 10-20 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 7 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 7 of 17   PageID 972
      Case: 21-90011    Document: 00515824511    Page: 6    Date Filed: 04/15/2021

a) The Bankruptcy Court affirmatively held that the direct appeal of the Confirmation Order to this Court will "materially advance the progress of the case";

b) The Confirmed Plan contains broad exculpation, release and channeling injunctions (called gatekeeper provisions under the Plan) that are contrary to established precedent in this Court. See *In re Pacific Lumber*, 584 F.3d 220 (5th Circuit) and *SEC vs Standford Bank*, 17-10663 (5th Cir. 2019). It is interesting to note that the *In Pacific Lumber* case involved a direct appeal to this Court; and

c) The Plan that was confirmed by the Court granted protection by analogy to third parties and by analogy applied the Barton Doctrine without any precedent supporting the opinion.

The direct appeal of the Confirmation Order meets the statutory requirements for a direct appeal of the Confirmation Order to this Court.

The Confirmation Order raises questions of law as to the use and effect of exculpation and release provisions and the imposition of a gatekeeper injunction in a bankruptcy plan where there is no controlling precedent from this Court or the Supreme Court.

{00375541-7}

2

Case 22-03062-sgj Doc 10-20 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 8 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 8 of 17   PageID 973
Case: 21-90011    Document: 00515824511    Page: 7    Date Filed: 04/15/2021

# BACKGROUND

The Bankruptcy Court on February 21, 2021 entered the Confirmation Order confirming the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* (the "Plan"). The Plan, in essence, is a liquidation Plan notwithstanding the fact that Highland Capital Management, L.P. ("Debtor") refers to it as a monetization Plan. The Debtor projects it will operate certain assets over a projected two year liquidation period.

The Plan exculpates and releases the Debtor and its independent directors, employees, officers, and their retained professionals. The Plan further protects the same group from pre and post confirmation claims by imposing a gatekeeper injunction that bars parties from bringing a claim or causes of action against the released and exculpated parties for their activities related to the Debtor or reorganized Debtor without first seeking approval from the Bankruptcy Court that the claim is "colorable."

On March 4, 2021, the Trusts timely filed a *Notice of Appeal* of the Confirmation Order to the United States District Court for the Northern District of Texas (the "District Court"). Ex. A. The Trusts' appeal is pending as Civil Action No. 3:21-cv-00550-N (the "Appeal").

Similar appeals to the Confirmation Order were filed as follows:

Case 22-03062-sgj Doc 10-20 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 9 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 9 of 17   PageID 974
Case: 21-90011    Document: 00515824511    Page: 8    Date Filed: 04/15/2021

Civil Action No.: 3:21-cv-00539-N by Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., and NexPoint Strategic Opportunities Fund.

Civil Action No.: 3:21-cv-00546-L by James Dondero.

Civil Action No.: 3:21-cv-00538-N by Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P.

(collectively "Related Parties" or "Related Appeals"). These appeals have been consolidated in the District Court for the purpose of deciding issues on a stay pending appeal. It is anticipated that these Related Appeals will also be consolidated by the District Court or this Court on a final basis sometime in the near future.

On March 16, 2021, the Trusts, the Related Parties and the Debtor jointly moved for the Bankruptcy Court to certify their collective appeals for direct appeal to this Court. The Parties agreed that direct appeals would materially advance the progress of the case. The same day, the Bankruptcy Court granted the joint motion and entered its *Order Certifying Appeals of the Confirmation Order for Direct Appeal to the United States Court of Appeals for the Fifth Circuit* ("Certification Order") per 28 U.S.C. § 158(d)(2)(A)(iii).

All Parties have filed Petitions for Direct Appeal to this Court.

## ISSUES ON APPEAL

1. Whether the U.S. Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") erred in confirming the Debtor's Fifth Amended

Case 22-03062-sgj Doc 10-20 Filed 06/10/22   Entered 06/10/22 17:15:23   Page 10 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 10 of 17   PageID 975
Case: 21-90011   Document: 00515824511   Page: 9   Date Filed: 04/15/2021

Plan of Reorganization of Highland Capital Management, L.P. (as Modified) (the "***Plan***").[2]

      2.    Whether the Bankruptcy Court erred as a matter of law in confirming the Plan and entering the Confirmation Order because the exculpation provisions of the Plan, contained in Article IX of the Plan, effectuated third party releases (i.e. releasing a claim of a non-debtor against a non-debtor) prohibited by the Bankruptcy Court and over which the Bankruptcy Court had no jurisdiction, in direct violation of Fifth Circuit Court of Appeal ("***Fifth Circuit***") case law (see, e.g., *In re Pacific Lumber Co.*, 584 F.3d 229, 253 (5th Cir. 2009) and *Securities and Exchange Commission vs Stanford International Bank, Ltd.* No. 17-10663 (5th Cir. 2019)). The third party releases and exculpations in the confirmed Plan provide releases and exculpations for business decisions and operational decisions as opposed to case administration matters. The releases and exculpations are also in favor of non-debtor entities and their managers and professionals, as opposed to estate managers and professionals, and post-confirmation claims against entities, their officers, managers and professionals, for entities that are to be formed pursuant to the confirmed Plan.

      3.    Whether the Bankruptcy Court erred as a matter of law in confirming the Plan and entering the Confirmation Order because the permanent injunction contained in Article IX of the Plan, which prohibits "taking any actions to interfere with the implementation or consummation of the Plan," is overly broad and impermissibly vague.

      4.    Whether the Bankruptcy Court erred as a matter of law in confirming the Plan and entering the Confirmation Order because the "gatekeeper" injunction contained in Article IX of the Plan is a disguised grant of jurisdiction to the Bankruptcy Court to enter final orders on matters upon which it would not possess jurisdiction.

      5.    Whether the Bankruptcy Court erred as a matter of fact in confirming the Plan and entering the Confirmation Order because the "gatekeeper" injunction contained in Article IX of the Plan, which requires leave of the Bankruptcy Court upon a showing of a "colorable" claim or cause of action, is based on the Bankruptcy Court's finding of vexatious litigation on the part of the Appellants and the need for a form of pre-filing injunction, when there was no evidence to support such findings.

      6.    Whether the Bankruptcy Court erred as a matter of law in confirming the Plan and entering the Confirmation Order because the Debtor failed to satisfy the 11 U.S.C. § 1129(a)(2) element for confirmation requiring the Debtor to have complied with all applicable provisions of the Bankruptcy Code, which the

---

[2] Capitalized terms used but not otherwise defined have the meanings set forth in the Plan.

Case 22-03062-sgj Doc 10-20 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 11 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 11 of 17   PageID 976
Case: 21-90011    Document: 00515824511    Page: 10    Date Filed: 04/15/2021

Debtor admittedly failed to do because it utterly failed to comply with Bankruptcy Rule 2015.3.

      7.    Whether the Bankruptcy Court erred as a matter of law in confirming the Plan and entering the Confirmation Order because the Plan violates 11 U.S.C. §1107(a)(7).

      8.    Whether the Bankruptcy Court erred as a matter of law in confirming the Plan and entering the Confirmation Order because the Plan does not meet the requirements of 11 U.S.C. §1129(b), unfairly discriminates and is not fair and equitable.

## REASONS FOR DIRECT APPEAL

The Trusts' reasons for direct appeal mirror those asserted by the Related Parties and adopts the assertions made by such parties.

## RELIEF REQUESTED

The Trusts respectfully request, pursuant to 28 U.S.C. § 158(d)(2), that this Court grant permission for the instant appeal, and all those Related Appeals, to bypass the District Court and be heard directly by this Court because (i) as certified by the Bankruptcy Court, a direct appeal will materially advance the progress of the case and (ii) the underlying judgment involves questions of law without controlling precedent.

Case 22-03062-sgj Doc 10-20 Filed 06/10/22   Entered 06/10/22 17:15:23   Page 12 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 12 of 17   PageID 977
Case: 21-90011   Document: 00515824511   Page: 11   Date Filed: 04/15/2021

April 15, 2021                                     Respectfully Submitted,

                                                   */s/ Douglas S. Draper*
                                                   Douglas S. Draper, La. Bar No. 5073
                                                   ddraper@hellerdraper.com
                                                   Heller, Draper & Horn, L.L.C.
                                                   650 Poydras Street, Suite 2500
                                                   New Orleans, LA  70130
                                                   Telephone: (504) 299-3300
                                                   Fax: (504) 299-3399
                                                   Attorneys for The Dugaboy Investment
                                                   Trust and Get Good Trust

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that, on this 15th day of April 2021, he caused a true and correct copies of this Petition to be served via e-mail on the following parties through their counsel of record:

Highland Capital Management, L.P.:
    Jeffrey Pomerantz (jpomerantz@pszjlaw.com)
    John A. Morris (jmorris@pszjlaw.com)

NexPoint Advisors, L.P.
Highland Capital Management Fund Advisors, L.P.
    Davor Rukavina (drukavina@munsch.com)

Highland Income Fund
NexPoint Strategic Opportunities Fund
Highland Global Allocation Fund
NexPoint Capital, Inc.:
    A. Lee Hogewood, III (A.Lee.HogewoodIII@klgates.com)

Mr. James Dondero
    Clay M. Taylor (clay.taylor@bondsellis.com)

                                                   */s/ Douglas S. Draper*
                                                   Douglas S. Draper

Case 22-03062-sgj Doc 10-20 Filed 06/10/22　Entered 06/10/22 17:15:23　Page 13 of 17
Case 3:21-cv-01169-N　Document 10-20　Filed 10/05/21　Page 13 of 17　PageID 978
Case: 21-90011　Document: 00515824511　Page: 12　Date Filed: 04/15/2021

## CERTIFICATION OF WORD COUNT

Pursuant to Federal Rule of Appellate Procedure 32(g), undersigned counsel certifies that this Petition complies with Rule 5(c) because it contains 2044 words, excepting those portions that may be excepted, and complies with the typeface and type-style requirements of Rule 32 because it has been prepared using Microsoft Office Word 2010 and set in Times New Roman font in a size equivalent to 14 points or larger.

>　　　　　　　　　　　　　*/s/ Douglas S. Draper*
>　　　　　　　　　　　　　Douglas S. Draper

Case 22-03062-sgj Doc 10-20 Filed 06/10/22 Entered 06/10/22 17:15:23 Page 14 of 17
Case 3:21-cv-01169-N Document 10-20 Filed 10/05/21 Page 14 of 17 PageID 979
Case: 21-90011 Document: 00515824511 Page: 13 Date Filed: 04/15/2021

# "TAB" - A

Case 22-03062-sgj Doc 10-20 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 15 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 15 of 17   PageID 980
Case 19-34054-sgj11 Doc 2014 Filed 05/15/21 Entered 05/15/21 14:55:18 Page 1 of 3
Case 3:21-cv-00881-N Document 1-3 Filed 04/15/21 Page 14 of 21

Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com
Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
*Attorneys for The Dugaboy Investment Trust and Get Good Trust*

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| | * | |
| | * | Case No. 19-34054sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | * | |
| | * | |
| Debtor | * | |

**AMENDED NOTICE OF APPEAL AND STATEMENT OF ELECTION**

**Part 1: Identify the appellant(s)**
1. Name(s) of appellant(s): ___

*The Dugaboy Investment Trust and Get Good Trust*

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☐ Other (describe)
_____

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
X Creditor
☐ Trustee
☐ Other (describe)
_____

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from: *Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (As Modified) and (II) Granting Related Relief [Dkt. # 1943]*

{00375279-1}

1

Appx. 0931

Case 22-03062-sgj Doc 10-20 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 16 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 16 of 17   PageID 981
Case 21-90031 Document 14 Filed 05/13/21 Page 15/11 Date Filed 04/15/2021 of 3

2. State the date on which the judgment, order, or decree was entered: <u>February 22, 2021</u>

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. *Party/Appellee*: <u>Debtor: Highland Capital Management, L.P.</u>

Attorney:

PACHULSKI STANG ZIEHL & JONES LLP
Jeffery N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
Hayley R. Winograd
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Telephone:  (212) 561-7700
Fax:  (212) 561-7777

And

Hayward & Associates PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy. Ste. 106
Dallas, TX 75231
Telephone:  (972) 755-7100
Fax:  (972) 755-7110


2. *Party/Appellants*:  <u>The Dugaboy Investment Trust and Get Good Trust</u>
Attorney:

HELLER, DRAPER & HORN, L.L.C.
Douglas S. Draper
Leslie A. Collins
Greta M. Brouphy
650 Poydras Street, Suite 2500
New Orleans, LA  70130
Telephone: (504) 299-3300
Fax: (504) 299-3399

Case 22-03062-sgj Doc 10-20 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 17 of 17
Case 3:21-cv-01169-N   Document 10-20   Filed 10/05/21   Page 17 of 17   PageID 982
Case 21-90031 Document 20 Filed 05/13/21 Page 18/11 Date Filed 04/15/2021 of 3

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

**Not applicable.**

March 11, 2021                                          Respectfully submitted,

                                                        */s/Douglas S. Draper.*
                                                        Douglas S. Draper, La. Bar No. 5073
                                                        ddraper@hellerdraper.com
                                                        Leslie A. Collins, La. Bar No. 14891
                                                        lcollins@hellerdraper.com
                                                        Greta M. Brouphy, La. Bar No. 26216
                                                        gbrouphy@hellerdraper.com
                                                        Heller, Draper & Horn, L.L.C.
                                                        650 Poydras Street, Suite 2500
                                                        New Orleans, LA  70130
                                                        Telephone: (504) 299-3300
                                                        Fax: (504) 299-3399
                                                        *Attorneys for The Dugaboy Investment Trust*
                                                        *and Get Good Trust*