# EXHIBIT 21

Case 22-03062-sgj Doc 10-21 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 2 of 18
Case 3:21-cv-01169-N   Document 10-21   Filed 10/05/21   Page 2 of 18   PageID 984
Case: 21-90011    Document: 00515824443    Page: 1    Date Filed: 04/15/2021

Case No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

In re: HIGHLAND CAPITAL MANAGEMENT, L.P.

**Proposed Appeal of James Dondero**

On Appeal from the United States Bankruptcy Court for
the Northern District of Texas, Dallas Division
Bankruptcy Case No. 19-34054 (SGJ11)

Appeal Pending as Civil Action No. 3:21-cv-00546-L in the United States District
Court for the Northern District of Texas, Dallas Division

**PETITION FOR DIRECT APPEAL UNDER 28 U.S.C. § 158(d)**

D. Michael Lynn
John Y. Bonds, III
Clay M. Taylor
John T. Wilson IV
Bryan C. Assink
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR PETITIONER JAMES DONDERO**

i

Case 22-03062-sgj Doc 10-21 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 3 of 18
Case 3:21-cv-01169-N   Document 10-21   Filed 10/05/21   Page 3 of 18   PageID 985
Case: 21-90011    Document: 00515824443    Page: 2    Date Filed: 04/15/2021

# CERTIFICATE OF INTERESTED PERSONS

Undersigned counsel certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal:

1. Appellant

   **James Dondero**

   Counsel:
   D. Michael Lynn
   John Y. Bonds, III
   John T. Wilson IV
   Clay M. Williams
   Bryan C. Assink
   BONDS ELLIS EPPICH SCHAFER JONES LLP
   420 Throckmorton Street, Suite 1000
   Fort Worth, Texas 76102
   (817) 405-6900 telephone
   (817) 405-6902 facsimile

2. Appellee:

   **Highland Capital Management, L.P.**

   Counsel:
   Jeffrey N. Pomerantz
   John A. Morris
   Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA 90067
   Telephone: (310) 277-6910
   Facsimile: (310) 201-0760

   Melissa S. Hayward
   Zachery Z. Annable
   Hayward PLLC
   10501 N. Central Expy, Ste. 106

Case 22-03062-sgj Doc 10-21 Filed 06/10/22 Entered 06/10/22 17:15:23 Page 4 of 18
Case 3:21-cv-01169-N Document 10-21 Filed 10/05/21 Page 4 of 18 PageID 986
Case: 21-90011 Document: 00515824443 Page: 3 Date Filed: 04/15/2021

Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

3. Other Appellants

**NexPoint Advisors, L.P.**
**Highland Capital Management Fund Advisors, L.P.**

Counsel:
Davor Rukavina
MUNSCH HARDT KOPF & HARR, P.C.
500 North Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**Highland Income Fund**
**NexPoint Strategic Opportunities Fund**
**Highland Global Allocation Fund**
**NexPoint Capital, Inc.**

Counsel:
Artoush Varshosaz
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, TX 75201
Tel: (214) 939-5659

A. Lee Hogewood, III
K&L GATES LLP
4350 Lassiter at North Hills Ave.
Suite 300
Raleigh, NC 27609
Tel: (919) 743-7306

David R. Fine
K&L GATES LLP
Market Square Plaza
17 North Second St.

Case 22-03062-sgj Doc 10-21 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 5 of 18
Case 3:21-cv-01169-N   Document 10-21   Filed 10/05/21   Page 5 of 18   PageID 987
Case: 21-90011    Document: 00515824443    Page: 4    Date Filed: 04/15/2021

18th Floor
Harrisburg, PA 17101
Tel: (717) 231-5820

**Get Good Trust**
**The Dugaboy Investment Trust**

Counsel:
Douglas S. Draper
Leslie A. Collins
Greta M. Brouphy
HELLER, DRAPER & HORN, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Fax: (504) 299-3399

                                                          /s/ *Clay M. Taylor*
                                                         Clay M. Taylor
                                                         Counsel for James Dondero

Case 22-03062-sgj Doc 10-21 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 6 of 18
Case 3:21-cv-01169-N   Document 10-21   Filed 10/05/21   Page 6 of 18   PageID 988
Case: 21-90011    Document: 00515824443    Page: 5    Date Filed: 04/15/2021

## INTRODUCTION

James Dondero ("Mr. Dondero") respectfully requests that the Court grant him permission to appeal, pursuant to Federal Rule of Appellate Procedure 5 and 28 U.S.C. § 158(d)(2)(A), the *Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified); and (ii) Granting Related Relief* (the "Confirmation Order")[1] directly to this Court from the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").

This Court should grant permission for a direct appeal because, as all parties agree, a direct appeal would materially advance the progress of the bankruptcy case. The conduct and statements of the parties have made their intention plain that the issues presented on appeal will ultimately be brought to this Court by whichever parties are unsuccessful at the District Court. Further, the Confirmation Order raises questions of law as to the use and effect of exculpation provisions and imposition of a gatekeeper injunction in the bankruptcy plan where there is no controlling precedent from this Court or the Supreme Court.

## BACKGROUND

The issues on appeal arise from the cramdown confirmation of a Chapter 11 plan containing a broad exculpation provision that releases typically unreleased third

---

[1] Included as Exhibit A.

1

Case 22-03062-sgj Doc 10-21 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 7 of 18
Case 3:21-cv-01169-N   Document 10-21   Filed 10/05/21   Page 7 of 18   PageID 989
Case: 21-90011    Document: 00515824443    Page: 6    Date Filed: 04/15/2021

parties and a permanent gatekeeper injunction prohibiting any claims, including post-confirmation claims, without prior approval of the Bankruptcy Court. Inversely, the same plan lacks the requisite notice or participation provisions for creditor and parties-in-interest involvement in sales to be in the best interest of the creditors.

Mr. Dondero founded Highland Capital Management, L.P. ("Debtor"). On October 16, 2019, Debtor filed for voluntary Chapter 11 bankruptcy protection, creating its bankruptcy estate. On January 9, 2020, the Debtor, the Official Unsecured Creditors' Committee, and Mr. Dondero entered into a stipulation and consent order that, among other things, provided for the removal of Mr. Dondero from Debtor and his replacement by a board of independent directors.

On February 22, 2021, the Bankruptcy Court entered the Confirmation Order confirming the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* (the "Plan"). The Plan is a wind down and liquidation plan where Debtor intends to liquidate over the course of a two-year period. In the interim, the reorganized Debtor continues to manage the assets of others.

Under the Plan, and over the objection of Mr. Dondero and others, the Debtor and its independent directors, employees, officers, and their retained professionals are exculpated and anyone with a claim, even one arising post-confirmation, is

Case 22-03062-sgj Doc 10-21 Filed 06/10/22 Entered 06/10/22 17:15:23 Page 8 of 18
Case 3:21-cv-01169-N Document 10-21 Filed 10/05/21 Page 8 of 18 PageID 990
Case: 21-90011 Document: 00515824443 Page: 7 Date Filed: 04/15/2021

enjoined via the gatekeeper injunction from bringing a claim or cause of action against those released parties for their activities related to the Debtor or reorganized Debtor without first seeking approval from the Bankruptcy Court that the claim is "colorable."

On March 8, 2021, Mr. Dondero timely filed his *Notice of Appeal* of the Confirmation Order to the United States District Court for the Northern District of Texas (the "District Court"). Ex. B. Mr. Dondero's appeal is pending as Civil Action No. 3:21-cv-00546-L (the "Appeal").

Similar appeals to the Confirmation Order were filed as follows:

Civil Action No.: 3:21-cv-00539-N by Highland Global Allocation Fund, Highland Income Fund, NexPoint Capital, Inc., and NexPoint Strategic Opportunities Fund.

Civil Action No.: 3:21-cv-00550-L by Get Good Trust and The Dugaboy Investment Trust.

Civil Action No.: 3:21-cv-00538-N by Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P.

(collectively "Related Parties" or "Related Appeals"). These appeals have been consolidated in the District Court for the purpose of deciding issues on a stay pending appeal. It is anticipated that these Related Appeals will also be consolidated by the District Court or this Court on a final basis sometime in the near future.

On March 16, 2021, Mr. Dondero, along with Debtor and the Related Parties (the "Parties"), jointly moved for the Bankruptcy Court to certify their collective appeals for direct appeal to this Court. The Parties agreed that direct appeals would

Case 22-03062-sgj Doc 10-21 Filed 06/10/22  Entered 06/10/22 17:15:23  Page 9 of 18
Case 3:21-cv-01169-N  Document 10-21  Filed 10/05/21  Page 9 of 18  PageID 991
Case: 21-90011  Document: 00515824443  Page: 8  Date Filed: 04/15/2021

materially advance the progress of the case. The same day, the Bankruptcy Court granted the joint motion and entered its *Order Certifying Appeals of the Confirmation Order for Direct Appeal to the United States Court of Appeals for the Fifth Circuit* ("Certification Order")[2] per 28 U.S.C. § 158(d)(2)(A)(iii).

On March 31, 2021, NexPoint Advisors, L.P. and Highland Capital Management Fund Advisors, L.P. (collectively the "Advisors") filed their *Petition for Permission to Appeal* with this Court in Case No. 21-90011 ("Advisors' Petition").[3] The Advisors' Petition addresses issues similar to those raised by Mr. Dondero on appeal. Mr. Dondero joins in the arguments asserted in the Advisors' Petition and will endeavor not to duplicate those arguments here.

On April 9, 2021, Debtor filed a response to Advisors' Petition ("Debtor's Response")[4] challenging, <u>not this Court taking up the appeal</u>, but whether a direct appeal should be granted for more reasons than just because it would materially advance the progress of the case. Debtor's Response is an attempt to argue the merits of the appeal. Rather than being a reason to limit the direct appeal, <u>Debtor's Response highlights why there is a need for controlling precedent on the issues raised in Mr. Dondero's appeal and the Related Appeals</u>.

---

[2] Included as Exhibit C.
[3] Included as Exhibit D.
[4] Included as Exhibit E.

Case 22-03062-sgj Doc 10-21 Filed 06/10/22 Entered 06/10/22 17:15:23 Page 10 of 18
Case 3:21-cv-01169-N Document 10-21 Filed 10/05/21 Page 10 of 18 PageID 992
Case: 21-90011 Document: 00515824443 Page: 9 Date Filed: 04/15/2021

On April 13, 2021, Highland Income Fund, NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and NexPoint Capital, Inc. (the "Funds") filed their *Petition for Direct Appeal Under 28 U.S.C. § 158(d)* with this Court in Case No.: 21-90014 ("Funds' Petition").[5] The Funds' Petition addresses issues similar to those raised by Mr. Dondero on appeal. Mr. Dondero also joins in the arguments asserted in the Funds' Petition and will also endeavor not to duplicate those arguments here.

## ISSUES ON APPEAL

The issues raised by Mr. Dondero on appeal are as follows:

1. Whether the Plan's channeling injunction/gatekeeper injunction violates applicable law by requiring claims against certain parties to be brought before the Bankruptcy Court for a finding the claims are colorable before those causes of action can be asserted against those parties in the Bankruptcy Court or any other court of competent jurisdiction, and that, as a result, confirmation of that Plan was improper both under the law and the facts of this case and record at trial?

2. Whether the Plan's broad post-confirmation jurisdictional grant to the Bankruptcy Court was so over-broad as to violate applicable law and that, as a result, confirmation of that Plan was improper both under the law and the facts of this case and record at trial?

3. Whether the exculpation provisions of the Plan releasing third-party, non-debtor parties violates applicable law and that, as a result, confirmation of that Plan was improper both under the law and the facts of this case and record at trial?

4. Whether confirmation of the plan violates 11 U.S.C. § 1129(a)(7), especially given the Claimant Trust's unfettered ability to sell assets without providing creditors and other parties-in-interest notice of the sales or the ability to

---

[5] Included as Exhibit F.

Case 22-03062-sgj Doc 10-21 Filed 06/10/22 Entered 06/10/22 17:15:23 Page 11 of 18
Case 3:21-cv-01169-N Document 10-21 Filed 10/05/21 Page 11 of 18 PageID 993
Case: 21-90011 Document: 00515824443 Page: 10 Date Filed: 04/15/2021

participate in the sales processes either as bidders, or to bring in other bidders who might pay a higher and better value to the table?

Ex. G, *Statement of Issues on Appeal*.

## BASES FOR DIRECT APPEAL

Mr. Dondero's bases for direct appeal are similar to those raised by the Funds and Advisors: a direct appeal materially advances the case, the exculpation provisions in the Plan go beyond this Court's *Pacific Lumber* opinion, and the gatekeeper injunction extends the bounds of the Bankruptcy Court's jurisdiction beyond the scope of controlling authority. Mr. Dondero incorporates and joins in the arguments in the Advisors' Petition and Funds' Petition on these issues and addresses each only to highlight how Debtor's Response further shows the need for this Court to opine on the issues on direct appeal.

### I. Mr. Dondero, Debtor, the Related Parties, and the Bankruptcy Court Agree that a Direct Appeal will Materially Advance this Case.

There is no dispute that a direct appeal will materially advance this case. Debtor welcomes a direct appeal so that the case will be materially advanced. A direct appeal ensures a faster resolution such that the bankruptcy case can be promptly administered and closed, which is beneficial for all parties and the Court.

Appx. 0944

Case 22-03062-sgj Doc 10-21 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 12 of 18
Case 3:21-cv-01169-N    Document 10-21    Filed 10/05/21    Page 12 of 18    PageID 994
Case: 21-90011    Document: 00515824443    Page: 11    Date Filed: 04/15/2021

## II. Debtor's Assertion that the Exculpatory Provision Issue Has Controlling Authority Highlights the need for Clarity from this Court.

Resolution of the exculpatory provision issue would advance this case and presents an opportunity for this Court to clarify and reinforce its holding in *Pacific Lumber*. This Court stated that "non-consensual non-debtor releases and permanent injunctions" are foreclosed. *In re Pac. Lumber Co.*, 584 F.3d 229, 252 (5th Cir. 2009). Such releases are limited to creditor committees and their members. *Id.* at 253. There is little doubt that under applicable law officers and directors generally are not afforded releases. *See In re Thru, Inc.*, 2018 U.S. Dist. LEXIS 179769, 2018 WL 5113124, at *67 (N.D. Tex. October 19, 2018), aff'd., *In re Thru, Inc.*, 2019 U.S. App. LEXIS 32405, 2019 WL 5561276 (5th Cir. Tex., Oct. 28, 2019) (holding it was clear error to approve plan with exculpation provision releasing officers and directors from liability for own negligence). The allegedly unanswered question is where do independent directors and officers appointed post-petition and their professionals fall under *Pacific Lumber*: are they non-debtors not to be afforded releases or are they the equivalent of creditor committee members?

Debtor clings to the Bankruptcy Court's analysis of *Pacific Lumber* to suggest that because the Bankruptcy Court analyzed *Pacific Lumber*, it interpreted the case correctly. Debtor's argument is focused on winning the merits, not on whether there is an important issue for this Court's consideration. That Debtor stresses a particular

Case 22-03062-sgj Doc 10-21 Filed 06/10/22 Entered 06/10/22 17:15:23 Page 13 of 18
Case 3:21-cv-01169-N Document 10-21 Filed 10/05/21 Page 13 of 18 PageID 995
Case: 21-90011 Document: 00515824443 Page: 12 Date Filed: 04/15/2021

and inconsistent reading of *Pacific Lumber* emphasizes the need for a clarification of how that precedent should be applied in this case.

Debtor also suggests that under *Shoaf* the exculpatory provision issue is precluded by res judicata. *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir. 1987). This again goes to the merits of the issue and not the need for its resolution. Regardless, this Court re-stated its *Shoaf* holding as "once a reorganization plan passed the appeal stage it could not be challenged even though it violated the Bankruptcy Code's prohibition on such discharges." *In re Vitro SAB De CV*, 701 F.3d 1031, 1069 (5th Cir. 2012). This is not *Shoaf*; the Plan is what is being appealed.

### III. Debtor's Defense of the Gatekeeper Injunction Emphasizes the Need for Controlling Authority.

Debtor focuses on the potential for the Bankruptcy Court's post-confirmation jurisdiction in matters pertaining to implementation of the Plan, the Bankruptcy Court's gatekeeping function for claims asserted by creditor committees or against trustees, and the authority of a court to protect its jurisdiction from vexatious litigation to support the gatekeeper injunction. However, Debtor does not cite controlling authority that stands for the proposition that the Bankruptcy Court can make "the initial determination as to whether a claim is colorable" for claims asserted post-confirmation, not against trustees, and by parties that are not creditor committees. Ex. E, ¶ 18. By arguing that these different concepts synthesize to

Case 22-03062-sgj Doc 10-21 Filed 06/10/22 Entered 06/10/22 17:15:23 Page 14 of 18
Case 3:21-cv-01169-N Document 10-21 Filed 10/05/21 Page 14 of 18 PageID 996
Case: 21-90011 Document: 00515824443 Page: 13 Date Filed: 04/15/2021

support the gatekeeper injunction in the Plan, Debtor is highlighting the gap in controlling authority that is primed for this Court's review.

Debtor asserts that the Bankruptcy Court's post-confirmation jurisdiction "concerning the implementation or execution of a confirmed plan" allows for the jurisdiction necessary for the gatekeeper injunction. *In re United States Brass Corp.*, 301 F.3d 296, 305 n.29 (5th Cir. 2002) (*citing In re Craig's Stores of Tex., Inc.*, 266 F.3d 388, 390 (5th Cir. 2001)). However, this ignores that the gatekeeper injunction applies to claims or causes of action a party may assert not necessarily concerning the plan. *In re Stonebridge Techs., Inc.* is similarly inapposite because the jurisdictional question concerned an adversary action brought by the trustee on behalf of the bankruptcy estate. 430 F.3d 260, 266-67 (5th Cir. 2005). The gatekeeper injunction effectively forever protects Debtor from claims and causes of action from third parties by forcing them to all be brought before the Bankruptcy Court, whether there is a basis for jurisdiction or not. The gatekeeper injunction itself manufactures jurisdiction for the Bankruptcy Court, which is not a function derived from the bankruptcy statutes or Debtor's case law.

Debtor contends that the gatekeeping function can be derived from the Bankruptcy Court's similar function for claims asserted by a creditor committee or against a trustee. *See La. World Exposition v. Fed. Ins. Co.,* 858 F.2d 233 (5th Cir. 1988) (bankruptcy court has gatekeeping function to determine if committee claims

Case 22-03062-sgj Doc 10-21 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 15 of 18
Case 3:21-cv-01169-N   Document 10-21   Filed 10/05/21   Page 15 of 18   PageID 997
Case: 21-90011    Document: 00515824443    Page: 14    Date Filed: 04/15/2021

are colorable before authorizing suit); *see also Villegas v. Schmidt*, 788 F.3d 156, 158 (5th Cir. 2015) (bankruptcy court has gatekeeping function as to claims brought against bankruptcy trustee). While these cases provide for a gatekeeping function, they do not stand for the proposition that such a function should be used by the Bankruptcy Court to insulate a debtor from all claims after the bankruptcy estate has ended. This dramatic expansion of both the duration and scope of an Article I court's jurisdictional power in spite of *Stern v. Marshall* decided by the U.S. Supreme Court is particularly troubling. 564 U.S. 462 (2011). *Stern* stands for the limited jurisdiction of the Bankruptcy Court over only bankruptcy matters. *Id*. at 499. An expansive gatekeeper injunction, asserting jurisdiction over every possible claim or cause of action, goes against *Stern*. This Court needs to provide guidance to its lower courts on the appropriate use of "gatekeeper" functions in light of the jurisdictional limitations of *Stern* and its progeny.

Debtor also finds authority for the gatekeeper injunction in a court's ability to sanction harassing or vexatious litigants. Debtor cites *Baum v. Blue Moon Ventures, LLC* to argue that the gatekeeper injunction is just an extension of the Bankruptcy Court's inherent power over its docket. 513 F.3d 181 (5th Cir. 2008). *Baum* is focused on a district court's *sua sponte* change to an injunction limiting the ability to file claims of those who had previously been sanctioned to jail time and a $100,000.00 fine for impersonating attorneys, lying to the court, and abusing the

Case 22-03062-sgj Doc 10-21 Filed 06/10/22 Entered 06/10/22 17:15:23 Page 16 of 18
Case 3:21-cv-01169-N Document 10-21 Filed 10/05/21 Page 16 of 18 PageID 998
Case: 21-90011 Document: 00515824443 Page: 15 Date Filed: 04/15/2021

judicial system. *Id.* at 187. *Baum*, and other cases like it, are not about enjoining claims against a debtor that could, after the bankruptcy estate has ended, be brought in other courts.

While it may be the case that the Bankruptcy Court synthesized concepts from the likes of *In re U.S. Brass Corp.*, *La. World Exposition*, *Villegas*, and *Baum*, this amalgamation of different concepts to reach new conclusions shows that controlling authority on the subject is lacking. This is especially the case where the new amalgamation contradicts the jurisdictional limits the Supreme Court imposed in *Stern* and this Court's prohibitions in *Pacific Lumber*. This points to the need for this Court to opine on the issues presented in these Appeals.

## RELIEF REQUESTED

Mr. Dondero respectfully requests, pursuant to 28 U.S.C. § 158(d)(2), that this Court grant permission for the instant appeal, and all those Related Appeals, to bypass the District Court and be heard directly by this Court because (i) as certified by the Bankruptcy Court, a direct appeal will materially advance the progress of the case and (ii) the underlying judgment involves questions of law without controlling precedent.

April 15, 2021                    Respectfully Submitted,

                                  */s/ Clay M. Taylor*
                                  D. Michael Lynn

Case 22-03062-sgj Doc 10-21 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 17 of 18
Case 3:21-cv-01169-N   Document 10-21   Filed 10/05/21   Page 17 of 18   PageID 999
Case: 21-90011    Document: 00515824443    Page: 16    Date Filed: 04/15/2021

      State Bar I.D. No. 12736500
      John Y. Bonds, III
      State Bar I.D. No. 02589100
      Clay M. Taylor
      State Bar I.D. No. 24033261
      John T. Wilson, IV
      State Bar I.D. No. 24033344
      Bryan C. Assink
      State Bar I.D. No. 24089009
      BONDS ELLIS EPPICH SCHAFER JONES LLP
      420 Throckmorton Street, Suite 1000
      Fort Worth, Texas 76102
      Telephone: (817) 405-6900
      Facsimile: (817) 405-6902
      E-mail: michael.lynn@bondsellis.com
      E-mail: john@bondsellis.com
      E-mail: clay.taylor@bondsellis.com
      E-mail: john.wilson@bondsellis.com
      E-mail: bryan.assink@bondsellis.com

      *Attorneys for James Dondero*

Case 22-03062-sgj Doc 10-21 Filed 06/10/22    Entered 06/10/22 17:15:23    Page 18 of 18
Case 3:21-cv-01169-N   Document 10-21   Filed 10/05/21   Page 18 of 18   PageID 1000
Case: 21-90011    Document: 00515824443    Page: 17    Date Filed: 04/15/2021

# CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that, on this 15th day of April 2021, he caused a true and correct copies of this Petition, with all exhibits attached hereto, to be served via e-mail on the following parties through their counsel of record:

Highland Capital Management, L.P.:
    Jeffrey Pomerantz (jpomerantz@pszjlaw.com)
    John A. Morris (jmorris@pszjlaw.com)

NexPoint Advisors, L.P.
Highland Capital Management Fund Advisors, L.P.
    Davor Rukavina (drukavina@munsch.com)

Highland Income Fund
NexPoint Strategic Opportunities Fund
Highland Global Allocation Fund
NexPoint Capital, Inc.:
    A. Lee Hogewood, III (A.Lee.HogewoodIII@klgates.com)

Get Good Trust
The Dugaboy Investment Trust:
    Douglas Draper (ddraper@hellerdraper.com)

                                                          */s/ Clay M. Taylor*
                                                          Clay M. Taylor

# CERTIFICATION OF WORD COUNT

Pursuant to Federal Rule of Appellate Procedure 32(g), undersigned counsel certifies that this Petition complies with Rule 5(c) because it contains 2,537 words, excepting those portions that may be excepted, and complies with the typeface and type-style requirements of Rule 32 because it has been prepared using Microsoft Office Word 2010 and set in Times New Roman font in a size equivalent to 14 points or larger.

                                                          */s/ Clay M. Taylor*
                                                          Clay M. Taylor