PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX  75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>　　　　　Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| PCMG TRADING PARTNERS XXIII, L.P.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>　　　　　Defendant. | Adv. Proc. No. 22-03062-sgj |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS AMENDED MOTION TO DISMISS**

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357).  The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_NY:45833.6 36027/003

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT BACKGROUND .................................................................................................. 2

    A.   Background to the Adversary Proceeding ........................................................... 2

    B.   Highland Has No Relationship with Highland Select Funds, L.P. ..................... 5

    C.   Plaintiff's Investment Management Agreement with Highland ........................ 6

ARGUMENT ............................................................................................................................... 6

    A.   The Complaint Asserts a Time-Barred Administrative Expense Claim and Must Be Dismissed .................................................................................................................. 6

    B.   The Complaint Must Be Dismissed Pursuant to FRCP 12(b)(1) ........................ 8

    C.   The Complaint Must Be Dismissed Pursuant to FRCP 12(b)(6) ........................ 9

    D.   Granting Leave to Amend the Complaint Would Be Futile ............................ 11

CONCLUSION .......................................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 9

*Bennett v. Spear*,
  520 U.S. 154 (1996) ............................................................................................................ 7

*Greco v. Jones*,
  38 F. Supp. 3d 790 (N.D. Tex. 2014) ................................................................................. 9

*Houbigant, Inc. v. ACB Mercantile (In re Houbigant, Inc.)*,
  190 B.R. 185 (Bankr. S.D.N.Y. 1995) ................................................................................ 7

*In re Airlift Int'l, Inc.*,
  761 F.2d 1503 (11th Cir. 1985) .......................................................................................... 6

*In re Maxus Energy Corp.*,
  2022 Bankr. LEXIS 706 (Bankr. D. Del. Mar. 22, 2022) ................................................... 7

*In re Taco Bueno Rests., Inc.*,
  606 B.R. 289 (Bankr. N.D. Tex. 2019) ............................................................................... 7

*In Reading Co. v. Brown,*
  391 U.S. 471 (1968) ............................................................................................................ 6

*Jones v. SuperMedia, Inc.*,
  281 F.R.D. 282 (N.D. Tex. 2012) ....................................................................................... 8

*Langen v. Sanchez Oil & Gas Corp.*,
  2019 U.S. Dist. LEXIS 65491 (S.D. Tex. Apr. 17, 2019) ................................................. 10

*Matter of Whistler Energy II, L.L.C.*,
  931 F.3d 432 (5th Cir. 2019) .............................................................................................. 6

*NA Invs. Servs. Holding Corp. v. HILB Grp. Of Ind., LLC*,
  2017 U.S. Dist. LEXIS 186544 (E.D. Tex. Oct. 23, 2017) ............................................... 10

*Smith v. Detroit Indep. Sch. Dist.*,
  2009 U.S. Dist. LEXIS 152749 (Bankr. E.D. Tex. Mar. 31, 2009) .................................... 8

*Smith v. Union Nat'l Life Ins., Co.*,
  2017 U.S. Dist. LEXIS 20658 (S.D. Miss. Feb. 14, 2017) ............................................... 10

*Stewart v. Wilmington Trust SP Servs.*,
  112 A.3d 271 (Del. Ch. 2014) .......................................................................................... 10

*Stripling v. Jordan Prod. Co.*,
 234 F.3d 863, (5th Cir. 2000) .................................................................................................. 11

*Tropicana Entm't Inc. v. N3A Mfg.*,
 2017 U.S. Dist. LEXIS 53032 (D. Nev. Apr. 5, 2017) ............................................................. 10

*U.S. v. Hays*,
 515 U.S. 737 (1995) .................................................................................................................. 8

*VLIW Tech., L.L.C. v. Hewlett-Packard Co.*,
 840 A.2d 606 (Del. 2003) ......................................................................................................... 9

**RULES**

Federal Rule Civil Procedure 12(b)(1) ........................................................................................... 9

Federal Rule Civil Procedure 12(d) ............................................................................................. 10

Federal Rule of Bankruptcy Procedure 7012(b) ............................................................................ 2

Federal Rule of Civil Procedure 12(b)(1) .................................................................................. 2, 9

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................... 2

Highland Capital Management, L.P. ("Highland"), the reorganized debtor and defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), submits this *Memorandum of Law* in support of its amended motion to dismiss the Adversary Proceeding (the "Motion").[2] In support of its Motion, Highland states as follows:

### PRELIMINARY STATEMENT[3]

1. Plaintiff, PCMG Trading Partners XXIII, L.P. ("Plaintiff"), is an entity owned and controlled by Dondero, Highland's founder and former President and Chief Executive Officer.[4]

2. Three months after this Court entered the Confirmation Order confirming Highland's Plan, Plaintiff filed its Complaint in the District Court. In its Complaint, Plaintiff alleged that Highland, after the commencement of its bankruptcy case, breached its contractual and extra-contractual duties to Plaintiff as an investor in Select Funds and that Plaintiff was harmed by those breaches. The Complaint is fatally flawed and must be dismissed for at least two independent reasons.

3. First, Plaintiff's claims were brought in the wrong forum and are now time-barred. As Plaintiff knew or should have known, the causes of action asserted in the Complaint—that Highland breached its contractual and extra-contractual duties to Plaintiff during the bankruptcy—are alleged "administrative expense claims" and, under the clear terms of the Plan, were required to be filed with this Court and served on Highland by the Administrative Expense Claim Bar Date, *i.e.*, no later than September 25, 2021. Despite the requirement that administrative claims be

---

[2] Concurrently herewith, Highland is filing its *Appendix in Support of the Amended Motion to Dismiss* (the "Appendix"). Citations to the Appendix are notated as follows: Ex. #, Appx. #.

[3] Capitalized terms used but not defined in this Preliminary Statement have the meanings given to them below.

[4] Plaintiff's limited partners are James Dondero and Mark Okada. Mr. Dondero holds 75% of Plaintiff's limited partnership interests, and Mr. Okada holds the remaining 25%. Ex. 1, Appx. 12. Plaintiff's general partner is Strand Advisors III, Inc. ("Strand III"). Exs. 2-5, Appx. 13-35. Strand III is 100% owned and controlled by Mr. Dondero. Ex. 5, Appx. 29-35.

1

litigated in this Court, Plaintiff decided to evade this Court and assert its claims in the District Court.[5] That decision was fatal. Because Plaintiff failed to comply with the Administrative Expense Claim Bar Date, its claims are now time-barred and must be disallowed.

4. Second, regardless of forum and timing, the Complaint alleges Highland breached its obligations to an entity named "Highland Select Funds, L.P." Highland has no relationship—contractual or otherwise—with any such entity and believes no such entity exists. Plaintiff should know this, but regardless of Plaintiff's reasons for filing the Complaint the result is the same. The Complaint must be dismissed because Plaintiff cannot plausibly allege (a) that Highland breached duties to an entity with which it has never had a relationship (and which Highland believes does not exist), or (b) an injury arising from such non-existent contractual and extra-contractual duties.

5. For the reasons set forth above and below, and pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("FRCP"), made applicable to this Adversary Proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Highland respectfully requests that the Court dismiss the Complaint with prejudice and deny any request for leave to amend since the defects are incapable of being cured.

**RELEVANT BACKGROUND**

A. **Background to the Adversary Proceeding**

6. On October 16, 2019 (the "Petition Date"), Highland commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States

---

[5] This is the fourth time that Mr. Dondero, with Sbaiti & Company PLLC as counsel of record, has improperly sought to avoid this Court by filing actions in the District Court. Exs. 6-8, Appx. 36-102. Three of these actions were referred to this Court for adjudication. The fourth, brought by The Dugaboy Investment Trust (Mr. Dondero's family trust ("Dugaboy")), was duplicative of the proof of claim Dugaboy filed in this Court and was withdrawn.

Bankruptcy Court for the District of Delaware. On December 4, 2019, the Delaware Court entered an order transferring venue of Highland's bankruptcy case to this Court [Bankr. Docket No. 186].[6]

7. On February 22, 2021, this Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943] (the "Confirmation Order") (Ex. 9, Appx. 103-264), which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P (as Modified)* [Bankr. Docket No. 1808] (the "Plan") (Ex. 10, Appx. 265-331).

8. The Plan contained customary provisions regarding the filing and adjudication of "administrative expense claims." All "Administrative Expense Claims"[7] were required to be "Filed"[8] within 45 days of the "Effective Date" of the Plan.[9]

9. On May 21, 2021, three months *after* entry of the Confirmation Order, Plaintiff commenced an action against Highland by filing an *Original Complaint* [Docket No. 1] (the "Complaint") in the U.S. District Court for the Northern District of Texas (the "District Court").[10] Ex. 11, Appx. 332-49. The Complaint alleged that Highland, under the direction of James P. Seery, Jr., violated contractual and extra-contractual duties it allegedly owed to Plaintiff as an investor in Select Funds (defined below) and that Plaintiff was harmed thereby. *See generally Id.* As alleged

---

[6] "Bankr. Docket No. __" refers to the docket maintained in case no. 19-34054-sgj11.

[7] *See* Ex. 10, Appx. 288 ("If an Administrative Expense Claim … is not paid by the Debtor in the ordinary course, the Holder of such Administrative Expense Claim must File, on or before the applicable Administrative Expense Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable … an application for allowance and payment of such Administrative Expense Claim.")

[8] *Id.*, Appx. 280 ("'Filed' … means … filed … with the Bankruptcy Court or its authorized designee in the Chapter 11 Case.")

[9] *Id.*, Appx. 273 ("Administrative Expense Claim Bar Date" means "with respect to any Administrative Expense Claim … beco3ing due on or prior to the Effective Date, 5:00 p.m. (prevailing Central Time) on such date that is forty-five days after the Effective Date.")

[10] While not relevant to this Motion, Highland disputes the factual and legal allegations in the Complaint and reserves all rights.

3

in the Compliant, Highland's alleged misconduct occurred in or around the first week of November 2020, *i.e.*, *after* the Petition Date while Highland was a debtor-in-possession. *Id.*, Appx. 337.

10. Plaintiff never served the Complaint on Highland or its counsel.

11. On August 11, 2021, Highland filed the *Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Docket No. 2700] (the "Notice of Effective Date"). Ex. 12, Appx. 350-54. The Notice of Effective Date disclosed that the "Effective Date" (as defined in the Plan) occurred on August 11, 2021.

12. Consistent with the Plan, the Notice of Effective Date also disclosed that all "Administrative Expense Claims" were required to be filed no later than 45 days after the Effective Date (*i.e.*, September 25, 2021) (the "Administrative Expense Claim Bar Date").

13. Highland served the Notice of Effective Date on Plaintiff [Bankr. Docket No. 2747]. Ex. 13, Appx. 474.

14. On August 26, 2021, Plaintiff filed *Plaintiff's Motion to Stay All Proceedings* [Docket No. 6] (the "Stay Motion") requesting a stay pending appeal of the Confirmation Order to the Fifth Circuit. Ex. 14, Appx. 531-36. Just as with the Complaint, Plaintiff did not serve the Stay Motion on Highland, and the District Court entered an order granting the unopposed Stay Motion [Docket No. 7] (the "Stay Order"). Ex. 15, Appx. 537-38.

15. In response to Plaintiff's gamesmanship, Highland filed its *Motion for Reconsideration of Stay Order* [Docket No. 8] (the "Reconsideration Motion") (Ex. 16, Appx. 539-47) and its *Motion to Dismiss* [Docket No. 11] (the "Motion to Dismiss") (Ex. 17, Appx. 548-56) in the District Court. The Reconsideration Motion was fully briefed, but, because of the Stay Order, the Motion to Dismiss was not.

16. On May 19, 2022, the District Court granted the Reconsideration Motion finding the Complaint was "related to" Highland's bankruptcy, lifted the stay, and referred this matter to the Bankruptcy Court for adjudication under the standing order of reference (Miscellaneous Order No. 33) [Docket No. 19]. Ex. 18, Appx. 557-59. The District Court did not rule on the Motion to Dismiss.

B. **Highland Has No Relationship with Highland Select Funds, L.P.**

17. Plaintiff alleges that Highland is the advisor and general partner of an entity named "Highland Select Funds, LP" ("Select Funds") and therefore owed Plaintiff certain contractual and extra-contractual duties as an investor in Select Funds, which Highland allegedly breached by causing Select Funds to sell Structural and Steel Products, Inc. ("SSP"), in or around November 2020. Ex. 11, Appx. 337. That is indisputably inaccurate.

18. Highland has never advised an entity named "Highland Select Funds LP" nor has it ever served, directly or indirectly, as the general partner of any entity with that name. Consequently, Highland never caused an entity named "Highland Select Funds LP" to sell SSP or any other assets. *Declaration of James. P. Seery, Jr, in Support of Amended Motion to Dismiss* (Ex. 19, Appx. 562). On information and belief, no entity named "Highland Select Funds LP" has ever existed.[11] *Id.*

19. Highland has also never directly owned SSP and therefore could never be the party to sell it.[12] Ex. 19, Appx. 562.

---

[11] There is a Highland Select Equity Fund, L.P. ("Select Equity"), and Highland Select Equity Master Fund, L.P. ("Select Master"). Plaintiff had a 0.024% limited partnership interest in Select Equity. Plaintiff's interest was redeemed on January 19, 2021, and Plaintiff no longer has any interest in Select Equity. Ex. 20, Appx. 564-67. Plaintiff never had an interest in Select Master. There are *no* allegations in the Complaint concerning either Select Master or Select Equity.

[12] SSP was owned, indirectly, by a portfolio company that was majority-owned by Select Equity. SSP was sold. Because Plaintiff's interest in Select Equity was only 0.024%, even assuming the SSP sale damaged Select Equity (it did not), for every $1 million in damages to Select Equity, Plaintiff's damages would be *only $240*.

C.     **Plaintiff's Investment Management Agreement with Highland**

20.     Highland and Plaintiff were parties to that certain *Investment Management Agreement, dated March 31, 2015, by and among Highland, Plaintiff, and Strand Advisors III, Inc.* (the "Management Agreement").  Ex. 21, Appx. 568-71.  Highland terminated the Management Agreement in accordance with its terms in December 2020.

21.     At no time did Highland direct Plaintiff to invest or cause Plaintiff to invest in Select Funds.[13]  Ex. 19, Appx. 563.

## ARGUMENT

A.     **The Complaint Asserts a Time-Barred Administrative Expense Claim and Must Be Dismissed**

22.     In its Complaint, Plaintiff contends it was injured when Highland caused Select Funds to sell SSP in or around the first week of November 2020—*after* the Petition Date, before the Effective Date, and while Highland was a debtor-in-possession—in violation of Highland's alleged contractual and extra-contractual duties to Plaintiff as an investor in Select Funds and under the Management Agreement.  *See generally* Ex. 11, Appx. 336-38.

23.     Assuming for the sake of argument only that (a) Select Funds actually exists (it does not), and (b) Highland actually manages that entity (it does not), Plaintiff's claim would constitute an "Administrative Expense Claim" against Highland because it arises from Highland's alleged postpetition breach of Select Funds' governing documents and the Management Agreement.  *See In Reading Co. v. Brown,* 391 U.S. 471, 483 (1968); *Matter of Whistler Energy II, L.L.C.*, 931 F.3d 432, 441-42 (5th Cir. 2019) (finding post-petition breach of assumed contract

---

[13] As previously disclosed, Plaintiff was an investor in Select Equity.  That investment was made prior to the Petition Date when Mr. Dondero controlled each of Highland, Plaintiff, and Select Equity.

6

creates an administrative claim) (citing *In re Airlift Int'l, Inc.*, 761 F.2d 1503, 1509 (11th Cir. 1985)).

24. Article II of the Plan dictates the procedures for the filing and allowance of "Administrative Expense Claims." Pursuant to Article II of the Plan, parties seeking "Administrative Expense Claims" were required to (i) seek payment of those claims by filing a request for payment of an administrative expense claim with *this* Court (not the District Court) *and* (ii) serve those claims on Highland no later than the Administrative Expense Claim Bar Date (*i.e.*, September 25, 2021). *See* Ex. 10, Appx. 288. Any "Administrative Expense Claim" not filed by the Administrative Expense Claim Bar date is time-barred. *See generally In re Taco Bueno Rests., Inc.*, 606 B.R. 289 (Bankr. N.D. Tex. 2019) (claim barred as late-filed when claimant failed to file an application for administrative expense by applicable bar date).[14]

25. Here, despite having notice of the Administrative Expense Claim Bar Date and the Plan,[15] Plaintiff chose to file (but not serve) its Complaint in the District Court rather than filing an "Administrative Expense Claim" in this Court as required by the Plan. Plaintiff's decision to disregard this Court's orders is fatal. The Administrative Expense Claim Bar Date passed nearly eight months ago, and the Complaint should be dismissed because it is a time-barred administrative claim.

---

[14] *See also In re Maxus Energy Corp.*, 2022 Bankr. LEXIS 706, at *20-21 (Bankr. D. Del. Mar. 22, 2022) (claim barred because it was not filed by administrative claim bar date and "a claims bar date 'operates as a federally created statute of limitations, after which the claimant loses all of [its] rights to bring an action against the debtor'") (citations omitted); *Houbigant, Inc. v. ACB Mercantile (In re Houbigant, Inc.)*, 190 B.R. 185, 188 (Bankr. S.D.N.Y. 1995) (administrative claim barred despite claimant asserting it in district court because it was not filed with the bankruptcy court before the bar date).

[15] Appx. 13. By filing the Stay Motion on August 26, 2021, Plaintiff also admitted to knowledge of the Plan and its terms well in advance of the Administrative Expense Claim Bar Date.

DOCS_NY:45833.6 36027/003

B.  **The Complaint Must Be Dismissed Pursuant to FRCP 12(b)(1)**

26. Plaintiff has the burden of proving constitutional standing and must show (a) it suffered an "injury in fact;" (b) that injury was "fairly traceable" to defendant's conduct; and (c) the injury can be "redressed" by the court. *See, e.g., Bennett v. Spear*, 520 U.S. 154, 162 (1996). Constitutional standing cannot be waived and must be assessed at every point in a proceeding. *See, e.g., Smith v. Detroit Indep. Sch. Dist.*, 2009 U.S. Dist. LEXIS 152749, at *3 (Bankr. E.D. Tex. Mar. 31, 2009) (citing *U.S. v. Hays*, 515 U.S. 737, 742-43 (1995)) ("It is the Court's obligation to address the issue of standing, which is ***always*** necessary and cannot be waived.") (emphasis in original). A court may consider extrinsic evidence when considering a motion to dismiss a complaint pursuant to FRCP 12(b)(1). *See, e.g., Jones v. SuperMedia, Inc.*, 281 F.R.D. 282, 286 (N.D. Tex. 2012) (holding that if a defendant submits evidence of lack of jurisdiction the burden shifts back to plaintiff to prove by a preponderance of the evidence that jurisdiction exists).

27. Plaintiff alleges it was injured because Highland mismanaged Select Funds' sale of SSP and, in doing so, breached its contractual and extra-contractual duties to Plaintiff as an investor in Select Funds and counterparty to the Management Agreement. But Highland has ***never*** (a) managed Select Funds, (b) had any contractual or other relationship with Select Funds, (c) caused Plaintiff to invest in Select Funds, (d) caused Select Funds to sell SSP or any other assets, or (e) owed Plaintiff any duty—contractual or otherwise—concerning Select Funds or that entity's assets. Ex. 19, Appx. 562-63; *supra*, ¶¶ 17-21.

28. Accordingly, Plaintiff has not plausibly alleged how it could have suffered a legally cognizable "injury-in-fact" resulting from Highland's alleged management of Select Funds (an entity that does not exist) and breach of contract with respect to Select Funds' sale of SSP (a sale that never occurred). Plaintiff cannot carry its burden on standing, and the Complaint must be dismissed pursuant to FRCP 12(b)(1) .

8

C.  **The Complaint Must Be Dismissed Pursuant to FRCP 12(b)(6)**

29.  To avoid dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 671-78 (2009) (citations omitted). Although a court must accept facts alleged in a complaint as true, a court "is not bound to accept as true 'a legal conclusion couched as a factual allegation.'" *Greco v. Jones*, 38 F. Supp. 3d 790, 793 (N.D. Tex. 2014) (citing *Iqbal*, 556 U.S. at 677-79). If a movant fails to plead sufficient facts to "permit a court to infer more than the mere possibility of misconduct," the complaint must be dismissed. *Id*. Pursuant to FRCP 12(d), a court may treat a motion to dismiss as one for summary judgment if matters outside the pleadings are presented.

30.  To properly plead a cause of action for breach of contract under Delaware law,[16] a plaintiff must plausibly allege (a) existence of a valid contract, (b) breach of that contract, and (c) damages caused by the breach. *VLIW Tech., L.L.C. v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003). Plaintiff has failed to properly allege a breach of contract claim.

31.  As set forth above, Plaintiff cannot show the existence of a valid contract with respect to Select Funds—no such contract exists and any allegation in the Complaint that it does is a "legal conclusion couched as a factual allegation." Nor, for the same reason, can Plaintiff show that (a) Highland breached (i) the non-existent Select Funds' governing documents or (ii) the Management Agreement with respect to Select Funds or (b) Plaintiff incurred damages related thereto. *See, e.g., Greco*, 38 F. Supp. 3d at 793 (dismissing breach of contract claim when

---

[16] Highland relies on Delaware law for the standard regarding breach of contract because the Management Agreement is governed by Delaware law. Ex. 22, Appx. 570. Highland has no knowledge of the law governing Select Funds' agreements, nor whether any such agreements actually exist.

defendant had no contractual obligation to plaintiff notwithstanding factual allegations to the contrary).[17]

32. For similar reasons, Plaintiff's claims for breach of fiduciary duty also fail. To prove breach of fiduciary duty, a plaintiff must plausibly plead (a) the existence of a fiduciary relationship and (b) breach of that relationship. *Stewart v. Wilmington Trust SP Servs.*, 112 A.3d 271, 297 (Del. Ch. 2014). In the Complaint, Plaintiff alleges Highland breached its fiduciary duties to Plaintiff by causing Select Funds to sell SSP and by not offering Plaintiff the opportunity to purchase SSP from Select Funds. But Highland has no relationship with Select Funds nor any ability to cause Select Funds to sell SSP or any other assets. Plaintiff's allegation that a fiduciary duty exists with respect to Select Funds' sale of SSP is, again, a "legal conclusion couched as a factual allegation." Because no fiduciary duty existed, Highland could not have breached any such duty. *NA Ins. Servs. Holding Corp.*, 2017 U.S. Dist. LEXIS 186544, at *7-8 (dismissing with prejudice a claim for breach of fiduciary duty when plaintiff failed to properly allege the existence of a fiduciary duty).

---

[17] *See also Smith v. Union Nat'l Life Ins., Co.*, 2017 U.S. Dist. LEXIS 20658, at *9-10 (S.D. Miss. Feb. 14, 2017) ("Because a contract existed only between Daisy Carter and Union National, the Separate Defendants cannot be held liable for a breach of contract claim. Therefore the motion to Dismiss will be **granted** as to Plaintiff's claims of breach of contract, bad faith, and breach of good faith and fair dealing, and they will be **dismissed with prejudice**") (emphasis in original); *NA Invs. Servs. Holding Corp. v. HILB Grp. Of Ind., LLC*, 2017 U.S. Dist. LEXIS 186544, at *5-7 (E.D. Tex. Oct. 23, 2017) ("Plaintiff cannot establish the existence of a contract between Plaintiff and Defendant. Without a contract between the parties, Plaintiff's claim for declaratory judgment must fail"); *Tropicana Entm't Inc. v. N3A Mfg.*, 2017 U.S. Dist. LEXIS 53032, at *5-7 (D. Nev. Apr. 5, 2017) (dismissing action with prejudice when plaintiff alleged a contractual relationship where none existed).

Assuming Plaintiff's factual allegations about the contract are sufficient (they are not), Plaintiff has not adequately pled damages. Plaintiff simply asserts it "has been damaged" and "has suffered losses in value and opportunity cost." Ex. 11, Appx. 340; 341; 342. These bare-bone allegations are insufficient to survive a motion to dismiss. *Langen v. Sanchez Oil & Gas Corp.*, 2019 U.S. Dist. LEXIS 65491, at *9 (S.D. Tex. Apr. 17, 2019) (finding an allegation that plaintiff "lost the ability and the right to determine whether the Settlement Agreement … was reasonable, appropriate, or justified" resulting "in damages to be proven at trial" was insufficient to survive a motion to dismiss).

33.     For the same reasons, Plaintiff's claim for breach of the Investment Advisors Act of 1940 fails. Highland owes Plaintiff no duties—contractual or otherwise—with respect to Select Funds.

### D.     Granting Leave to Amend the Complaint Would Be Futile

34.     Because the administrative expense claims asserted in the Complaint are time-barred, granting Plaintiff leave to amend its Complaint would be futile. *See, e.g., Stripling v. Jordan Prod. Co.*, 234 F.3d 863, (5th Cir. 2000) (finding amendment "futile" when the "amended complaint would fail to state a claim upon which relief could be granted.")

### CONCLUSION

WHEREFORE, Highland respectfully requests that the Court (a) grant the Motion and dismiss the Complaint with prejudice and (b) grant Highland such other and further relief as the Court deems just and proper.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

| | |
|---|---|
| Dated: June 16, 2022. | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>         jmorris@pszjlaw.com<br>         gdemo@pszjlaw.com<br>         hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

12