PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com
-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |
| PCMG TRADING PARTNERS XXIII, L.P., | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 22-03062-sgj |
| | § | |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Defendant. | § | |
| | § | |

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

## APPENDIX IN SUPPORT OF HIGHLAND
## CAPITAL MANAGEMENT, L.P.'S AMENDED MOTION TO DISMISS

| Ex. | Description | Appx. # |
|---|---|---|
| 1. | *Limited Partnership Agreement of PCMG Trading Partners XXIII, L.P.* | 00001 - 00012 |
| 2. | *Amendment to Limited Partnership Agreement* | 00013 - 00018 |
| 3. | *Certificate of Amendment*, dated July 27, 2007 | 00019 - 00024 |
| 4. | *Certificate of Amendment*, dated April 24, 2015 | 00025 - 00028 |
| 5. | *Purchase Agreement* | 00029 - 00035 |
| 6. | *Original Complaint*, Adv. Proceeding No. 21-03067, D.I. 1-1 (Bankr. N.D. Tex. Sept. 29, 2021) | 00036 - 00071 |
| 7. | *Original Complaint*, Adv. Proceeding No. 22-03052, D.I. 1-1 (Bankr. N.D. Tex. May 25, 2022) | 00072 - 00090 |
| 8. | *Original Complaint*, Case No. 21-cv-01479-S, D.I. 1 (N.D. Tex. June 23, 2021) | 00091 - 00102 |
| 9. | *Order (i) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief*, Case No. 19-34054-sgj, D.I. 1943 (Bankr. N.D. Tex. Feb. 22, 2021) | 00103 - 00264 |
| 10. | *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)*, Case No. 19-34054-sgj, D.I. 1808 (Bankr. N.D. Tex. Jan. 22, 2021) | 00265 - 00331 |
| 11. | *Original Complaint*, Adv. Proceeding No. 22-03062, D.I. 1-1 (Bankr. N.D. Tex. June 10, 2022) | 00332 - 00349 |
| 12. | *Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*, Case No. 19-34054-sgj, D.I. 2700 (Bankr. N.D. Tex. Aug. 11, 2021) | 00350 - 00354 |
| 13. | *Certificate of Service of Vincent Trang re: Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*, Case No. 19-34054-sgj, D.I. 2747 (Bankr. N.D. Tex. Aug. 19, 2021) | 00355 - 00530 |
| 14. | *Plaintiff's Motion to Stay All Proceedings*, Adv. Proceeding No. 22-03062, D.I. 6 (Bankr. N.D. Tex. June 10, 2022) | 00531 - 00536 |
| 15. | *Electronic Order*, Adv. Proceeding No. 22-03062, D.I. 7 (Bankr. N.D. Tex. June 10, 2022) | 00537 - 00538 |
| 16. | *Highland Capital Management, L.P.'s Motion for Reconsideration of Stay Order*, Adv. Proceeding No. 22-03062, D.I. 8 (Bankr. N.D. Tex. June 10, 2022) | 00539 - 00547 |
| 17. | *Plaintiff's Motion to Dismiss*, Adv. Proceeding No. 22-03062, D.I. 11 (Bankr. N.D. Tex. June 10, 2022) | 00548 - 00556 |
| 18. | *Order*, Adv. Proceeding No. 22-03062, D.I. 19 (Bankr. N.D. Tex. June 10, 2022) | 00557 - 00559 |
| 19. | *Declaration of James. P. Seery, Jr., in Support of Amended Motion to Dismiss* | 00560 - 00563 |
| 20. | *Letters re Mandatory Withdrawal of Limited Partnership Interests* | 00564 - 00567 |

| 21. | *Investment Management Agreement, dated March 31, 2015, by and among Highland, Plaintiff, and Strand Advisors III, Inc.* | 00568 - 00571 |
|---|---|---|

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Dated:  June 16, 2022.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
       jmorris@pszjlaw.com
       gdemo@pszjlaw.com
       hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# EXHIBIT 1

LIMITED PARTNERSHIP AGREEMENT

OF

PCMG TRADING PARTNERS XXIII, L.P.

LIMITED PARTNERSHIP AGREEMENT

OF

PCMG TRADING PARTNERS XXIII, L.P.

LIMITED PARTNERSHIP AGREEMENT ("Agreement") made and entered into as of the 21st day of September, 1999.

W I T N E S S E T H:

WHEREAS, the parties hereto wish to form a limited partnership (the "Partnership") pursuant to Chapter 17, Title 6 of the Delaware Code.

NOW, THEREFORE, the parties hereto, intending to be legally bound, hereby agree as follows:

ARTICLE 1

Definitions

When used in this Agreement the following terms shall have the meanings set forth below:

1.1 Affiliate. An "Affiliate" of an entity shall mean any person, partnership, corporation or other entity directly or indirectly controlling, controlled by, or under direct or indirect common control with, such entity.

1.2 Benchmark Capital Account Level. The "Benchmark Capital Account Level" with respect to a Limited Partner's Capital Account shall mean the highest historical amount of such Capital Account achieved as a result of Net Profits allocated to such Capital Account, which amount shall be adjusted to reflect any capital contributions to, or withdrawals or distributions from, such Capital Account, as follows: (i) the Benchmark Capital Account Level shall be reduced with respect to any withdrawal or distribution from such Capital Account on a pro rata basis determined by reference to the amount of such withdrawal or distribution relative to the amount of such Capital Account immediately prior to such withdrawal or distribution and (ii) the

1

Benchmark Capital Account Level shall be increased on a dollar for dollar basis in the case of any additional Capital Contribution.

 1.3 <u>Business Day</u>. A "business day" shall mean any day on which the New York Stock Exchange is open for business.

 1.4 <u>Capital Account</u>. A "Capital Account" shall mean the account established and maintained for each Partner on the books of the Partnership as provided for in Section 4.3.

 1.5 <u>Capital Contribution</u>. The "Capital Contribution" of a Partner at any time shall mean the aggregate amount of cash or other consideration which has been contributed to the Partnership by such Partner in accordance with Section 4.1.

 1.6 <u>Code</u>. The "Code" shall mean the Internal Revenue Code of 1986, as amended (and any successor thereto). Any reference in this Agreement to specific sections of the Code shall be deemed to include a reference to any corresponding successor sections.

 1.7 <u>Fiscal Year; Fiscal Quarters</u>. The first "Fiscal Year" of the Partnership shall be the period beginning on the date of the first Capital Contribution and ending on December 31, 1999. Each Fiscal Year ending after December 31, 1999 shall end on December 31, unless the General Partner shall otherwise determine, in accordance with applicable law, in which case notice thereof shall be given to the Limited Partners. The "Fiscal Quarters" of the Partnership shall end on March 31, June 30, September 30 and December 31 of each Fiscal Year.

 1.8 <u>General Partner</u>. "General Partner" shall mean The Private Capital Management Group L.L.C., a Nevada limited liability company and any other person who is admitted as an additional general partner pursuant to Section 6.3 or in accordance with Section 7.1.

 1.9 <u>Interest</u>. A Partner's "Interest" in the Partnership shall mean any right, title or interest in or to, or right to receive payment with respect to or on account of, a Partner's Capital Contribution, Capital Account or Partnership Percentage.

 1.10 <u>Investment Company Act</u>. The "Investment Company Act" shall mean the Investment Company Act of 1940, as amended, and the rules and regulations promulgated from time to time thereunder by the Securities and Exchange Commission.

1.11 <u>Limited Partners</u>. "Limited Partners" shall mean the persons who are referred to as such on Schedule A to this Agreement and their respective successors and assigns as may be permitted by this Agreement, all of whose Capital Contributions shall be set forth on Schedule A opposite the name and address of such Limited Partner or otherwise maintained in the books and records of the Partnership.

1.12 <u>Management Fee</u>. "Management Fee" means an annual fee payable by the Fund to the General Partner equal to 7.50% of each Limited Partner's Capital Account as of the end of each Fiscal Year, prior to the allocations of realized and unrealized profits and losses and prior to the reduction for the Fiscal Year's accrued management fees and reallocation of capital.

1.13 <u>Net Loss</u>. "Net Loss" shall mean the realized and unrealized net decrease in the value of the Partnership's net assets (after liabilities of any sort (whether contingent or otherwise) and expenses of any sort, including the Management Fee), from the beginning of a Fiscal Quarter to the end of such Fiscal Quarter, excluding from such calculation the increase due to any Capital Contributions made during such Fiscal Quarter and the decrease due to any distributions or withdrawals made during such Fiscal Quarter.

1.14 <u>Net Profits</u>. "Net Profits" shall mean the realized and unrealized net increase in the value of the Partnership's net assets (after liabilities of any sort (whether contingent or otherwise) and expenses of any sort, including the Management Fee) from the beginning of a Fiscal Quarter to the end of such Fiscal Quarter, excluding from such calculation the increase due to any Capital Contributions made during such Fiscal Quarter and the decrease due to any distributions made during such Fiscal Quarter.

1.15 <u>Partner</u>. "Partner" or "Partners" shall mean each, any or all of the General Partner and Limited Partners as the context requires.

1.16 <u>Partnership Percentage</u>. The "Partnership Percentage" for each Partner shall mean the percentage determined pursuant to Section 4.2.

1.17 <u>Partnership Tax Liability</u>. "Partnership Tax Liability" shall have the meaning set forth in Section 5.2(b).

1.18 <u>Quarterly Actual Return</u>. "Quarterly Actual Return" with respect to a Limited Partner's Capital Account shall equal (i) the difference between the amount of the Capital Account on the last day of a Fiscal Quarter and the amount of the

3

Benchmark Capital Account Level with respect to such Capital Account divided by (ii) such Benchmark Capital Account Level.

1.19 <u>Quarterly Base Return</u>. "Quarterly Base Return" with respect to a Limited Partner's Capital Account shall equal one-quarter of the annualized yield for the 90-day U.S. Treasury Bill most recently auctioned on or prior to the first Business Day of such Fiscal Quarter (as such yield is published in the <u>Wall Street Journal</u> or, if not published therein, such other publication determined by the General Partner and provided to the Limited Partners).

1.20 <u>Securities</u>. "Securities" shall include any bonds, debentures, notes, preferred or preference stock, common stock, certificates of beneficial interest, warrants, partnership interests, currencies, certificates of deposit, repurchase and reverse repurchase agreements, swap agreements, notional principal contracts, cap, collar and floor agreements, voting trust certificates, put and call options, commodity or spot commodity contracts, forward or future contracts or any option with respect thereto any other financial instrument trading on a recognized exchange or in the over-the-counter markets.

## ARTICLE 2

### Partnership Business; Assignability of Interests

2.1 <u>Name; Principal Place of Business; Term</u>. The name of the Partnership shall be PCMG Trading Partners XXIII, L.P., and the principal place of business of the Partnership shall be at 5925 Carnegie Boulevard, Suite 500, Charlotte, North Carolina 28209, unless changed by the General Partner, which shall give notice thereof to the Limited Partners. The Partnership shall commence upon the filing of a Certificate of Limited Partnership with the Office of the Secretary of State of Delaware and shall continue without limitation of term, unless terminated sooner as provided herein.

2.2 <u>Partnership Business</u>. The Partnership is organized to generate capital appreciation. To seek this objective the Partnership may (i) utilize substantially all of the Fund's assets to collateralize one or more swaps or notional principal contracts; (ii) engage in short-term trading involving any type of security or derivative instrument; and (iii) engage in other activities in the pursuit of the Partnership's investment objective, including the direct investment by the Partnership in Securities.

4

2.3 <u>Liability to Creditors</u>. A Limited Partner (or former Limited Partner) may be liable to creditors of the Partnership to the extent provided for in this Section 2.3, and by executing this Agreement such Limited Partner consents to such liability to the extent that the Partnership engages in borrowing or otherwise incurs indebtedness which borrowing or indebtedness by its terms provides the creditor with recourse to the assets of the Limited Partners. Notwithstanding the forgoing, the Partnership shall not, without the prior written approval of each Limited Partner, engage in any borrowing, financing, indebtedness or other transaction of similar effect ("Partnership Indebtedness") the terms of which provide that any Limited Partner shall be liable with recourse to such Limited Partner with respect to such Partnership Indebtedness (i) in an amount greater than the lesser of: (A) an amount equal to the product of such Limited Partner's Percentage Interest multiplied by the unpaid amount of such Partnership Indebtedness or (B) an amount equal to the product of the aggregate Capital Contributions of such Limited Partner multiplied by 2.25; or (ii) which obligates any Limited Partner to pay any obligations of any other Limited Partner with respect to such other Limited Partner's obligations relating to the Partnership Indebtedness (i.e., any Partnership Indebtedness shall be several and not joint with respect to any recourse liability of the Limited Partners). The General Partner shall have unlimited liability for the repayment and discharge of all debts and obligations of the Partnership incurred during the period such Partner is the General Partner of the Partnership which are not by their terms either non-recourse as to the General Partner or limited to specific assets of the Partnership.

2.4 <u>Assignability of Interest</u>.

(a) Except with the express written consent of the General Partner (which may be withheld in the sole and absolute discretion of the General Partner), a Limited Partner may not assign, sell, transfer, pledge, hypothecate or otherwise dispose of his Interest in whole or in part to any person, except by operation of law, and no assignee pursuant to an assignment consented to by the General Partner under this Section 2.4(a) shall become a substituted Limited Partner without the prior written consent of the General Partner under Section 6.1. Notwithstanding anything expressed or implied in this Agreement to the contrary, any such assignee who has not been so admitted to the Partnership as a substituted Limited Partner shall receive that share of capital and profits and shall have the right of redemption to which his assignor would otherwise have been entitled and shall remain subject to the other terms of this Agreement binding upon Limited Partners but shall not (without being so admitted to the Partnership as a substituted Limited Partner) have any of the other rights of a Limited Partner.

5

or for the accounts of third parties, the records of such trading will not be made available to the Limited Partners.

      3.4  <u>Expenses of the Partnership</u>. The Partnership shall pay, or reimburse the General Partner for, all organizational and operating expenses incurred, paid or accrued by the Partnership in the ordinary and usual course of business, including, but not limited to, management fees, including the Management Fee, interest on borrowed funds, salaries and bonuses of employees, consultants, agents and similar personnel that are not Affiliates of the General Partner, auditing expenses, legal expenses, brokerage commissions, margin, premium and interest expenses, fees and disbursements of transfer agents, registrars, custodians, subcustodians and escrow agents, costs of investment in and withdrawal from an investment vehicle and all other investment related expenses, and shall also pay all expenses incurred in the organization of the Partnership, including, without limitation, any fees paid to counsel to the General Partner. Compensation paid to any Partner shall be deemed an operating expense of the Partnership and shall not be deemed a distribution or withdrawal from, or charged against, the Capital Account of such Partner.

      3.5 <u>Furnishing of Information</u>. Each Limited Partner shall furnish such information as may be reasonably requested by the Partnership or the General Partner in order to enable counsel to furnish such opinions as may be required by, and the Partnership and the General Partner to comply with, any regulatory requirements.

## ARTICLE 4

### Capital Contributions; Profits and Losses

      4.1 <u>Capital Contributions</u>. Each Partner has made one or more Capital Contributions to the Partnership, in the amount at least equal, in the case of an initial Capital Contribution by a Limited Partner, to $2,000,000 (or such lower amount as may be accepted by the General Partner in its sole discretion), which amounts shall be set forth on Schedule A hereto or otherwise on the books and records of the Partnership. Such contribution may be in cash or property as may be accepted by the General Partner in its sole discretion.

      The General Partner may, in its sole discretion, accept additional Capital Contributions, as of the first day of any Fiscal Quarter, from any Partner or from any other person subject, however, to Article 8 of this Agreement.

9

4.2 <u>Partnership Percentages</u>. There shall be established for each Partner as of the first day of each Fiscal Quarter a Partnership Percentage for such Fiscal Quarter. The Partnership Percentage of each Partner for each Fiscal Quarter shall be determined by dividing the amount of such Partner's Capital Account for such Fiscal Quarter by the sum of the Capital Accounts of all the Partners for such Fiscal Quarter. The sum of the Partnership Percentages for each Fiscal Quarter shall be equal to 100%.

4.3 <u>Capital Accounts; Allocations and Reallocations</u>.

(a) The Capital Account of each Partner shall initially be in an amount equal to such Partner's initial Capital Contribution and, as of the close of each Fiscal Quarter, shall be (i) increased by additional Capital Contributions made by such Partner from time to time in respect of any such Fiscal Quarter and by the Net Profit (and items thereof) of the Partnership allocated to such Partner with respect to such Fiscal Quarter and (ii) decreased by any withdrawals or distributions made in respect of any such Fiscal Quarter from such Partner's Capital Account, by the Net Loss (and items thereof) of the Partnership allocated to such Partner with respect to such Fiscal Quarter and, in the case of the Limited Partners, by the reallocations of Capital Accounts treated as payments under Section 707(c) of the Code. Except as otherwise provided in Sections 4.5 and 4.8, a Partner's interest in Net Profit or Net Loss of the Partnership for any Fiscal Quarter shall be determined by multiplying such Partner's Partnership Percentage as of the beginning of such Fiscal Quarter by an amount equal to the total Net Profit or Net Loss of the Partnership for such Fiscal Quarter. A Partner's interest in Net Profit or Net Loss of the Partnership for any Fiscal Year shall be determined by adding such Partner's interest in Net Profit and/or Net Loss for each of the Fiscal Quarters comprising such Fiscal Year.

4.4 <u>Allocations for Tax Purposes</u>. Except as otherwise provided in Section 4.5, as of the end of each Fiscal Year of the Partnership, items of Partnership income, gain, loss, deduction and expense shall be allocated among the Partners pursuant to the following subparagraphs for federal income tax purposes. Except as otherwise provided, such allocations shall be pro rata from short-term capital gain or loss and long-term capital gain or loss and net ordinary income or loss realized by the Partnership.

(a) Each item of ordinary income and deduction shall be allocated, as nearly as possible, in the same manner as the Net Profit or Net Loss of which such items are components were allocated pursuant to Section 4.3.

10

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands as of the date and year first above written.

GENERAL PARTNER:

The Private Capital Management Group LLC

By: The Private Capital Management Group LLC,
General Partner

By: _____

Ralph E. Lovejoy II,
Chief Executive Officer

Signed and sworn to before
me this 20 day of
September , 1999

_____
Notary Public

LIMITED PARTNER:

By: _____
Name: Mark K. Okada

Signed and sworn to before
me this 29th day of Sept. , 1999

_____
Notary Public

SAVANNA L. STEVENS
SAVANNA L. STEVENS
August 31

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands as of the date and year first above written.

GENERAL PARTNER:

The Private Capital Management Group LLC

By: The Private Capital Management Group LLC, General Partner

By: _____

Ralph E. Lovejoy II,
Chief Executive Officer

Signed and sworn to before
me this 29 day of
Seplember , 1999

_____
Notary Public

LIMITED PARTNER:

By: _____
Name: James D. Dondero

Signed and sworn to before
me this 29 day of Oct. Sep , 1999

_____
Notary Public

SAVANNA L STEVENS
MY COMMISSION EXPIRES
August 31, 2003

Appx. 00011

SCHEDULE A

General Partner

| Name and Address* | Capital Contributions | Effective Date |
|---|---|---|
| Private Capital Management Group L.L.C.<br>5925 Carnegie Boulevard<br>Suite 500<br>Charlotte, NC 28209 | | September 21, 1999 |

Limited Partners

| Name and Address* | Capital Contributions | Effective Date |
|---|---|---|
| James D. Dondero<br>1150 Two Galleria Tower<br>13455 Noel Road – LB #45<br>Dallas, TX 75240 | $5,000,000 | September 21, 1999 |
| Mark K. Okada<br>4037 Amherst Ave.<br>Dallas, TX 75225 | $1,666,666 | September 21, 1999 |

*copy:

A-1

Appx. 00012

# EXHIBIT 2

Appx. 00013



# Highland Capital Management, L.P.

**1150 Two Galleria Tower • 13455 Noel Road LB #45 • Dallas, Texas 75240**

December 5, 2000

To: Bolton Capital Planning LLC

It is understood by the Limited Partners of PCMG Trading Partners XXIII, L.P. that all trades placed by them in the Refco Capital Markets account are the responsibility of the Limited Partners. ~~Private Capital Management Group L.L.C.~~, as General Partner will not be held liable for any of their actions with regards to these funds.

Bolton Capital Planning, LLC

LIMITED PARTNER

By:

Name: James Dondero

LIMITED PARTNER

By:

Name: Mark Okada

**972-233-4300 • Fax: 972-233-4343**

214 712 9276
DEC-11-2000 14:21 FROM:BCP DALLAS        214 712 9276        TO:972 628 4142        P.001/002

# BOLTON

Founders Square, 900 Jackson Street, Suite 600, Dallas, TX 75202  Phone (214) 712-9274  Fax (214) 712-9276

### FACSIMILE
### COVER
### SHEET

**TO:**    **James Dondero/Mark Okada**

**FAX #:**    **972/628-4142**

**FROM:**    **Joan McGee**

**DATE:**    **December 11, 2000**

**PAGES:**  **2**
(including cover sheet)

**NOTES:  The General Partner is no longer Private Capital**

**Management Group, LLC.  I need for both of you to initial**

**this change and fax back to me at 214/712-9276.  Thank you.**

If this fax is not complete, please call (214) 712-5610.

Bolton Capital Planning LLC

214 712 9276
DEC-12-2000 11:37 FROM:BCP DALLAS        214 712 9276        TO:972 628 4142        P.001/003

# BOLTON

Founders Square, 900 Jackson Street, Suite 600, Dallas, TX 75202  Phone (214) 712-9274  Fax (214) 712-9276

## FACSIMILE
## COVER
## SHEET

**TO:**     **Louis Koven**

**FAX #:**     **972/628-4142**

**FROM:**     **Joan McGee**

**DATE:**     **December 12, 2000**

**PAGES:**     **4**
            (including cover sheet)

**NOTES: Per your request, please find attached the**

**Amendment to Limited Partnership Agreement. Thank you.**

If this fax is not complete, please call (214) 712-5610.

Bolton Capital Planning LLC

1

**Appx. 00016**

3.    The Limited Partners hereby expressly consent to the continuation of the Partnership after withdrawal of the Outgoing General Partner with the General Partner as successor.

4.    The Partnership's objective is to achieve capital growth through its investments. To seek this objective, the Partnership may (i) utilize all or a portion of the Partnership's assets to collateralize one or more swaps or notional principal contracts; (ii) engage in short-term trading involving any type of security or derivative instrument; and (iii) engage in other activities in the pursuit of the Partnership's investment objective, including the direct investment by the Partnership in financial products of any kind.

5.    The office of the Partnership shall be at Founders Square, 900 Jackson Street, Suite 600, Dallas, Texas 75202.

The Partners do hereby amend the Prior Agreement as herein provided and authorize the General Partner to file an amended certificate of limited partnership incorporating the terms of this Agreement.

This Agreement may be executed in several counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.

PCMG23.doc

2

DEC-12-2000 11:37 FROM:BCP DALLAS          214 712 9276          TO:972 628 4142          P.003/003

Oct-03-2000  05:14pm    From-ERNST YOU~          2148698677  ◯    T-957  P.002/002  F-046
SEP 27 '00  05:16PM  PLC LLC                                              P.2

IN WITNESS WHEREOF, the Partners have executed this Agreement as of the 18th day of
_____, 2000.

GENERAL PARTNER:

Bolton Capital Planning, LLC

By: _____
      Chief Manager

LIMITED PARTNERS

_____
James D. Dondero

_____
Mark K. Okada

OUTGOING GENERAL PARTNER:

The Private Capital Management Group L.L.C.

By: _____
      David L. Smith
      Managing Director

PCMG23.doc

3

Received  Sep-27-2000  05:11pm    From-          To-ERNST YOUNG          Page  002

Appx. 00018

# EXHIBIT 3



*Delaware*

PAGE 1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT
COPIES OF ALL DOCUMENTS ON FILE OF "PCMG TRADING PARTNERS XXIII,
L.P." AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF LIMITED PARTNERSHIP, FILED THE TWENTY-FOURTH
DAY OF SEPTEMBER, A.D. 1999, AT 9 O'CLOCK A.M.

CERTIFICATE OF CORRECTION, FILED THE TWENTY-NINTH DAY OF
OCTOBER, A.D. 1999, AT 4 O'CLOCK P.M.

CERTIFICATE OF AMENDMENT, FILED THE THIRTIETH DAY OF AUGUST,
A.D. 2000, AT 1:45 O'CLOCK P.M.

CERTIFICATE OF AMENDMENT, FILED THE FIFTH DAY OF APRIL, A.D.
2001, AT 9 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID
CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE
AFORESAID LIMITED PARTNERSHIP, "PCMG TRADING PARTNERS XXIII,
L.P.".

3101592   8100H

070861490

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 5881828

DATE: 07-27-07

Appx. 00020

SEP-24-99 FRI 11:22 AM          FAX NO.        STATE OF DELAWARE P. 16/26

09/23/99    21:31   THE PRIVATE CAPITAL MGMT GROUP › 13024215753

SECRETARY OF STATE P. 16/26
DIVISION OF CORPORATIONS
FILED 09:00 AM 09/24/1999
991401201 – 3101592

# STATE *of* DELAWARE
## CERTIFICATE *of* LIMITED PARTNERSHIP

- **The Undersigned,** desiring to form a limited partnership pursuant to the Delaware Revised Uniform Limited Partnership Act, 6 Delaware Code, Chapter 17, do hereby certify as follows:

- **First:** The name of the limited partnership is _PCMG Trading Partners XXIII, L.P._

- **Second:** The name and address of the Registered Agent is _Registered Agents, Ltd._
  _1220 North Market St., Ste. 606,_
  _Wilmington, DE 19801_

- **Third:** The name and mailing address of each general partner is as follows:
  _The Private Capital Management Group, L.L.C._
  _5925 Carnegie Blvd._
  _Suite 500_
  _Charlotte, NC 28209_

- **In Witness Whereof,** the undersigned has executed this Certificate of Limited Partnership of _PCMG Trading Partners XXIII, L.P._ as of

BY: _____ G.P.
(General Partner)

NAME: _RALPH E. LANGSY II GP_
(Type or Print)

CERTIFICATE OF CORRECTION FILED TO CORRECT A CERTAIN ERROR IN THE
CERTIFICATE OF LIMITED PARTNERSHIP OF PCMG TRADING PARTNERS XXIII, L.P.

PCMG Trading Partners XXIII,L.P., a Limited Partnership organized and existing under
and by virtue of the Revised Uniform Limited Partnership Act of the State of Delaware,

DOES HEREBY CERTIFY THAT:

1.      The name of the Limited Partnership is PCMG Trading Partners XXIII,L.P. (the
"Partnership").

2.      The Certificate of Limited Partnership of the Partnership was filed with the Office
of the Secretary of the State of Delaware on September 24, 1999, and that the Certificate requires
correction as permitted by Section 17-213 of the Revised Uniform Limited Partnership Act of the
State of Delaware.

3.      The inaccuracy or defect of the Certificate is that the Certificate was improperly
executed.

4.      The execution of the Certificate is corrected as follows:

IN WITNESS WHEREOF, the undersigned has executed this Certificate of
Limited Partnership of PCMG Trading Partners XXIII, L.P. on September 24, 1999.

The Private Capital Management Group LLC,
The General Partner

By: /s/ Ralph E. Lovejoy II
Ralph E. Lovejoy II, Managing Member


IN WITNESS WHEREOF, the undersigned has executed this Certificate of
Correction to the Certificate of Limited Partnership of PCMG Trading Partners XXIII,L.P. on this
29th day of October, 1999.

The Private Capital Management Group LLC,
The General Partner

By: /s/ Ralph E. Lovejoy II
Ralph E. Lovejoy II, Managing Member

11046871.01

*STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 04:00 PM 10/29/1999
991462167 - 3101592*

**Appx. 00022**

*STATE OF DELAWARE*
*SECRETARY OF STATE*
*DIVISION OF CORPORATIONS*
*FILED 01:45 PM 08/30/2000*
*001440061 - 3101592*

CERTIFICATE OF AMENDMENT
TO THE
CERTIFICATE OF LIMITED PARTNERSHIP
OF
PCMG TRADING PARTNERS XXIII, L.P.

The undersigned, desiring to amend the Certificate of Limited Partnership of PCMG Trading Partners XXIII, L.P. pursuant to the provisions of Section 17-202 of the Revised Uniform Limited Partnership Act of the State of Delaware, does hereby certify as follows:

FIRST: The name of the Limited Partnership is PCMG Trading Partners XXIII, L.P.

SECOND: Article Second and of the Certificate of Limited Partnership shall be amended as follows:

The registered agent and its address, "Registered Agents, Ltd., 1220 North Market Street, Suite 606, Wilmington, DE 19801" shall be replaced by:

"The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801".

THIRD: Article Third and of the Certificate of Limited Partnership shall be amended as follows:

The general partner and its mailing address "The Private Capital Management Group, L.L.C., 5925 Carnegie Blvd, Ste 500, Charlotte, NC 28209" shall be replaced by:

"Bolton Capital Planning, LLC, Founders Square, 900 Jackson Street, Suite 600, Dallas, TX 75202."

IN WITNESS WHEREOF, the undersigned executed this Amendment to the Certificate of Limited Partnership on this 28th day of July, 2000.

By: Charles Bolton, Managing Member
of Bolton Capital Planning, LLC,
General Partner of PCMG Trading
Partners XXIII, L.P.

DE077 - CT System Online
11068717.01

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 04/05/2001
010111643 – 3101592

### CERTIFICATE OF AMENDMENT
### TO THE
### CERTIFICATE OF LIMITED PARTNERSHIP
### OF
### PCMG TRADING PARTNERS XXIII, L.P.

The undersigned, desiring to amend the Certificate of Limited Partnership of PCMG Trading Partners XXIII, L.P. pursuant to the provisions of Section 17-202 of the Revised Uniform Limited Partnership Act of the State of Delaware, does hereby certify as follows:

FIRST: The name of the Limited Partnership is PCMG Trading Partners XXIII, L.P.

SECOND: Article Three of the Certificate of Limited Partnership shall be amended as follows:

The name of and mailing address of the sole general partner of the Partnership is:

Highland Capital Management, L.P.
Attn: James Dondero
13455 Noel Road, Suite 1300
Dallas, TX 75240

IN WITNESS WHEREOF, the undersigned executed this Amendment to the Certificate of Limited Partnership on this 11ᵗʰ day of ___March___, 2001.

HIGHLAND CAPITAL MANAGEMENT, L.P.,
General Partner

By: James Dondero
Title: President

S ////STATE/OF/DELAWARE///// V
T ///SECRETARY/OF/STATE///// O
A DIVISION/OF/CORPORATIONS// I
M FILED/09:00/AM/03/05/2001/ D
P ///010111643/–/3101592////
BY Donna Mendes

# EXHIBIT 4



**PAGE 1**

*The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE RESTATED CERTIFICATE OF "PCMG TRADING PARTNERS
XXIII, L.P.", FILED IN THIS OFFICE ON THE TWENTY-THIRD DAY OF
APRIL, A.D. 2015, AT 9:04 O'CLOCK P.M.

3101592 8100

150559202

*You may verify this certificate online
at corp.delaware.gov/authver.shtml*

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 2318851

DATE: 04-24-15

**Appx. 00026**

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 09:29 PM 04/23/2015*
*FILED 09:04 PM 04/23/2015*
*SRV 150559202 - 3101592 FILE*

# STATE OF DELAWARE

## AMENDED AND RESTATED

## CERTIFICATE OF LIMITED PARTNERSHIP

### OF

## PCMG TRADING PARTNERS XXIII, L.P.

WHEREAS, PCMG Trading Partners XXIII, L.P. (the "Limited Partnership") was formed pursuant to the Delaware Revised Uniform Limited Partnership Act 6 Delaware Code, Chapter 17, by filing of a Certificate of Limited Partnership on September 24, 1999;

WHEREAS, a Certificate of Amendment to the Certificate of Limited Partnership was filed on April 5, 2001 to amend the general partner to Highland Capital Management, L.P.;

WHEREAS, thereafter, Highland Capital Management, L.P. assigned all of its right, title and interest as the general partner of the Limited Partnership to Strand Advisors III, Inc.;

WHEREAS, the Limited Partnership failed to file a Certificate of Amendment to the Certificate of Limited Partnership to reflect the transfer of the general partner interest of the Limited Partnership to Strand Advisors III, Inc.;

WHEREAS, the Limited Partnership desires to amend and restate the Certificate of Limited Partnership to reflect the current general partner of the Limited Partnership.

NOW THEREFORE, the undersigned, desiring to amend and restate the Certificate of Limited Partnership of PCMG Trading Partners XXIII, L.P., as currently in effect and as theretofore amended or supplemented, pursuant to the provisions of Section 17-206 of the Revised Uniform Limited Partnership Act of the State of Delaware, does hereby certify as

follows:

        **FIRST:**     The name of the Limited Partnership is PCMG Trading Partners XXIII, L.P.

        **SECOND:**    The address of the Limited Partnership's registered office in the State of Delaware is 1209 Orange Street, in the City of Wilmington, County of New Castle, Delaware 19801. The name of the Limited Partnership's registered agent for service of process in the State of Delaware at such address is The Corporation Trust Company.

        **THIRD:**     The name and mailing address of the general partner is Strand Advisors III, Inc., 300 Crescent Court, Suite 700, Dallas, Texas 75201.

    IN WITNESS WHEREOF, the undersigned has executed this Amended and Restated Certificate of Limited Partnership this 23rd day of April, 2015.

                        GENERAL PARTNER

                        Strand Advisors III, Inc.

                        James Dondero, President

# EXHIBIT 5

# AGREEMENT

BOLTON CAPITAL PLANNING, LLC ("Seller"), desires to sell to James Dondero ("Purchaser"), and Purchaser desires to purchase from Seller, the interest of Seller as General Partner of PCMG Trading Partners 23, L.P. (the "Partnership").

Accordingly, the parties hereby agree as follows:

1.    Purchase and Sale. Seller shall sell, assign, transfer, convey and deliver to Purchaser, and Purchaser shall purchase from Seller, all the right, title and interest of Seller as General Partner of the Partnership.

2.    Purchase Price. The Purchase Price for the interest of the Seller as General Partner shall be good and valuable consideration in the amount of $100.

3.    No Other Liabilities Assumed by Purchaser. It is acknowledged and agreed that, except for Purchaser's payment of $100, Purchaser is not assuming any liability, obligation or commitment of Seller in connection with activities or operations of the Partnership on or prior to the date hereof (the "Closing Date"), and Seller shall remain responsible for all such non-assumed liabilities.

4.    Representations and Warranties of Seller. Seller hereby represents and warrants to Purchaser as follows:

        (a)    Organization, Standing and Power. Seller is duly organized, validly existing and in good standing under the laws of the State of Delaware and has full power and authority to enter into this transaction and to convey its interest as General Partner.

        (b)    Authority, Execution and Delivery; Enforceability. The execution and delivery by Seller of this Agreement ("Agreement") and the consummation of the transactions contemplated hereby have been duly authorized by all necessary action. This Agreement constitutes its legal, valid and binding obligation, enforceable against it in accordance with its terms.

        (c)    No Conflicts; Consents. The execution and delivery by Seller of this Agreement does not, and the consummation of the transactions contemplated hereby will not conflict with, or result in any violation of any obligation of Seller.

        (d)    Disclosure of Information. Purchaser acknowledges that Seller has fully disclosed to Purchaser all information and all obligations of the General Partner that have been requested.

41100420.03

B-1

(e)    <u>Title to Acquired Assets</u>. Seller has good and valid title to its interest as General Partner, free and clear of all liens, security interests, restrictions or encumbrances of any kind.

5.    <u>Representations and Warranties of Purchaser</u>. Purchaser hereby represents and warrants to Seller as follows:

(a)    <u>Organization, Standing and Power</u>. Purchaser, if an entity, is duly organized, validly existing and in good standing under the laws of the jurisdiction of its organization and has full power and authority to enter into this transaction and to purchase Seller's interest as General Partner.

(b)    <u>Authority, Execution and Delivery; Enforceability</u>. The execution and delivery by Purchaser of this Agreement and the consummation of the transactions contemplated hereby have been duly authorized by all necessary action. This Agreement constitutes Purchaser's legal, valid and binding obligation, enforceable against it in accordance with its terms.

(c)    <u>No Conflicts; Consents</u>. The execution and delivery by Purchaser of this Agreement does not, and the consummation of the transactions contemplated hereby will not conflict with, or result in any violation of any obligation of Purchaser.

(d)    <u>Disclosure of Information</u>. Seller acknowledges that it has requested of Seller and Seller has fully disclosed to Purchaser all information and all obligations of the General Partner that Purchaser has requested.

6.    <u>Indemnification</u>. Seller shall indemnify and defend Purchaser against, and hold Purchaser harmless from, any loss, liability, claim, damage or expense (including reasonable legal fees and expenses) ("<u>Losses</u>"), as incurred, arising from, relating to or otherwise in respect of any material breach of any covenant, agreement, representation or warranty of Seller contained in this Agreement. Purchaser shall indemnify and defend Seller against, and hold Seller harmless from, any Losses, as incurred, arising from, relating to or otherwise in respect of any material breach of any covenant, agreement, representation or warranty of Purchaser contained in this Agreement.

7.    <u>Survival of Representations</u>. The representations and warranties contained in this Agreement shall survive the Closing Date.

8.    <u>Succession and Assignment</u>. This Agreement shall be binding upon and inure to the benefit of Purchaser and Seller and their respective successors and permitted assigns.

9.    <u>Notices</u>. All notices or other communications required or permitted to be given hereunder shall be in writing and shall be delivered by hand or sent by facsimile or sent, postage prepaid, by registered, certified or reputable overnight courier service and shall be deemed given when so delivered by hand or facsimile, or if mailed, three days after mailing (one business day in the case of overnight courier service), as follows:

41100420.03

Appx. 00031

If to Purchaser,

Highland Capital Management, L.P.
Attn: James Dondero
13455 Noel Road, Suite 1300
Dallas, TX 75240

If to Seller,

BOLTON CAPITAL PLANNING, LLC
Founders Square, 900 Jackson Street, Suite 600
Dallas, TX 75202

10.   Counterparts. This Agreement may be executed in one or more counterparts, all of which shall be considered one and the same agreement, and shall become effective when one or more such counterparts have been signed by each of the parties and delivered to the other party.

11.   Entire Agreement. This Agreement represents the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings relating to such subject matter. Neither party shall be liable or bound to any other party in any manner by any representations, warranties or covenants relating to such subject matter except as specifically set forth herein.

12   Severability. If any provision of this Agreement (or any portion thereof) or the application of any such provision (or any portion thereof) to any person or circumstance shall be held invalid, illegal or unenforceable in any respect by a court of component jurisdiction, such invalidity, illegality or unenforceability shall not affect any other provision hereof (or the remaining portion thereof) or the application of such provision to any other persons or circumstances.

13.   Governing Law. This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware, without regard to its conflicts of law principles.

B-3

Appx. 00032

IN WITNESS WHEREOF, Purchaser and Seller have duly executed this Agreement as of the 31 day of January, 2001.

BOLTON CAPITAL PLANNING, LLC, Seller

By: _____

Charles E. Bolton
Chief Manager

James Dondero , Purchaser

By: _____

Print Name:     James Dondero

ACCEPTED AND AGREED TO:

_____

James Dondero
Limited Partner

_____

Mark Okada
Limited Partner

41100420 03

B-4

# Memorandum of Understanding

This Memorandum is made by and among Bolton Capital Planning, LLC ("Bolton") James Dondero ("Dondero") and Highland Capital Management, L.P. ("Highland").

Whereas, Bolton executed an Agreement dated as of January 31, 2001 (the "Agreement") pursuant to which it sold its interest as a General Partner in PCMH Trading Partners 23, L.P. (the "Partnership") to Highland; and,

Whereas, an ambiguity existed with respect to the identity of the Purchaser under the Agreement in that Dondero was identified as Purchaser in the introductory paragraph whereas Highland executed the Agreement as Purchaser on the signature page; and,

Whereas, the parties wish to express their understanding and agreement that Highland was intended to be the Purchaser under the Agreement and not Dondero.

Therefore, the parties by their respective signatures below agree that Highland was the Purchaser under the Agreement and the identification of Dondero as Purchaser in the introductory paragraph of the Agreement was a clerical error.

In witness whereof, the parties have executed this Memorandum as of the 28th day of March, 2001.

Bolton Capital Planning, LLC

By:_____

Title:_____

Highland Capital Management, L.P.

By:_____
James Dondero, General Partner

_____
James Dondero, Individually

Page Solo

Appx. 00034

## Assignment of Partnership Interest

Highland Capital Management, L.P. (Highland"), in consideration of the sum of One Hundred Dollars ($100.00) and for other valuable consideration the receipt and sufficiency of which is acknowledged, does hereby sell, transfer, assign and convey unto Strand Advisors III, Inc., a Delaware corporation, ("Strand") all of Highland's right, title and interest as a General Partner in the PCMG Trading Partners 23, L.P. (the "Partnership"), free from all liens, mortgages, charging orders and encumbrances. Highland warrants that it has the right to transfer the same as aforesaid and that it will warrant and defend the same against the lawful claims and demands of all persons. Strand covenants and agrees that it will abide by and conform to all the obligations and duties of a general partner of the Partnership as required by law and as set forth in the written limited partnership agreement of Strand.

IN WITNESS WHEREOF, the undersigned has executed and delivered this Assignment as of the _____ day of _____, 2001.

Highland Capital Management, L.P.

By:_____
      James Dondero, General Partner

Strand Advisors III, Inc.

By:_____

Title:_Presidewt_____

## Approval and Consent

The undersigned, being all of the limited partners of PCMG Trading Partners 23, L.P., do hereby consent to the assignment by Highland Capital Management, L.P. of all of its interest  as General Partner in said limited partnership to Strand Advisors III, Inc., which will be admitted as a substitute general partner.

_____
James Dondero, Individually

_____
Mark Okada, Individually

Page Solo

Appx. 00035

# EXHIBIT 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **CHARITABLE DAF FUND, L.P.** | § | |
| **and CLO HOLDCO, LTD.,** | § | |
| *directly and derivatively,* | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **Cause No.** _____ |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P. , HIGHLAND HCF ADVISOR, LTD.,** | § | |
| **and HIGHLAND CLO FUNDING, LTD.,** | § | |
| *nominally,* | § | |
| | § | |
| *Defendants.* | § | |

---

## ORIGINAL COMPLAINT

---

## I.

## INTRODUCTION

This action arises out of the acts and omissions of Defendant Highland Capital Management, L.P. ("HCM"), which is the general manager of Highland HCF Advisor, Ltd. ("HCFA"), both of which are registered investment advisers under the Investment Advisers Act of 1940 (the "Advisers Act"),[1] and nominal Defendant Highland CLO Funding, Ltd. ("HCLOF") (HCM and HCFA each a "Defendant," or together, "Defendants"). The acts and omissions which have recently come to light reveal breaches of fiduciary duty, a pattern of violations of the Advisers Act's anti-fraud provisions, and concealed breaches of the HCLOF Company Agreement, among others, which have caused and/or likely will cause Plaintiffs damages.

---

[1] https://adviserinfo.sec.gov/firm/summary/110126

At all relevant times, HCM was headed by CEO and potential party James P. Seery ("Seery"). Seery negotiated a settlement with the several Habourvest[2] entities who owned 49.98% of HCLOF. The deal had HCM (or its designee) purchasing the Harbourvest membership interests in HCLOF for $22.5 million. Recent revelations, however, show that the sale was predicated upon a sales price that was vastly below the Net Asset Value ("NAV") of those interests. Upon information and belief, the NAV of HCLOF's assets had risen precipitously, but was not disclosed to Harbourvest nor to Plaintiffs.

Under the Advisers Act, Defendants have a non-waivable duty of loyalty and candor, which includes its duty not to inside trade with its own investors, *i.e.*, not to trade with an investor to which HCM and Seery had access to superior non-public information. Upon information and belief, HCM's internal compliance policies required by the Advisers Act would not generally have allowed a trade of this nature to go forward—meaning, the trade either was approved in spite of compliance rules preventing it, or the compliance protocols themselves were disabled or amended to a level that leaves Defendants HCM and HCLOF exposed to liability. Thus, Defendants have created an unacceptable perpetuation of exposure to liability.

Additionally, Defendants are liable for a pattern of conduct that gives rise to liability for their conduct of the enterprise consisting of HCM in relation to HCFA and HCLOF, through a pattern of concealment, misrepresentation, and violations of the securities rules. In the alternative, HCFA and HCM, are guilty of self-dealing, violations of the Advisers Act, and tortious interference by (a) not disclosing that Harbourvest had agreed to sell at a price well below the current NAV, and (b) diverting the Harbourvest opportunity to themselves.

---

[2] "Habouvest" refers to the collective of Harbourvest Dover Street IX Investment, L.P., Harbourvest 2017 Global AIF, L.P., Harbourvest 2017 lobal Fund, L.P., HV International VIII Secondary, L.P., and Harbourvest Skew Base AIF, L.P. Each was a member of Defendant Highland CLO Funding, Ltd.

For these reasons, judgment should be issued in Plaintiffs' favor.

## II.

## PARTIES

1.      Plaintiff CLO Holdco, Ltd. is a limited company incorporated under the laws of the Cayman Islands.

2.      Plaintiff Charitable DAF Fund, L.P., ("DAF") is a limited partnership formed under the laws of the Cayman Islands.

3.      Defendant Highland Capital Management, L.P. is a limited partnership with its principal place of business at 300 Crescent Court, Suite 700, Dallas, Texas 75201. It may be served at its principal place of business or through its principal officer, James P. Seery, Jr., or through the Texas Secretary of State, or through any other means authorized by federal or state law.

4.      Defendant Highland HCF Advisor, Ltd.  is a limited company incorporated under the laws of the Cayman Islands. Its principal place of business is 300 Crescent Court, Suite 700, Dallas, Texas 75201. It is a registered investment adviser ("RIA") subject to the laws and regulations of the Investment Advisers Act of 1940 (the "Adviser's Act"). It is a wholly-owned subsidiary of Highland Capital Management, L.P.

5.      Nominal Defendant Highland CLO Funding, Ltd. is a limited company incorporated under the laws of the Island of Guernsey. Its registered office is at First Floor, Dorey Court, Admiral Park, St. Peter Port, Guernsey GY1 6HJ, Channel Islands. Its principal place of business is 300 Crescent Court, Suite 700, Dallas, Texas 75201.

6.      Potential party James P. Seery, Jr. ("Seery") is an officer and/or director and/or control person of Defendants Highland Capital Management, L.P., Highland CLO Funding, Ltd., and Highland HCF Advisor, Ltd., and is a citizen of and domiciled in Floral Park, New York.

## III.

## JURISDICTION AND VENUE

**7.**     This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1331 as one or more rights and/or causes of action arise under the laws of the United States. This Court has supplemental subject matter jurisdiction over all other claims under 28 U.S.C. § 1367.

**8.**     Personal jurisdiction is proper over the Defendants because they reside and/or have continual contacts with the state of Texas, having regularly submitted to jurisdiction here. Jurisdiction is also proper under 18 U.S.C. § 1965(d).

**9.**     Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) because one or more Defendants reside in this district and/or a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated in this district. Venue in this district is further provided under 18 U.S.C. § 1965(d).

## IV.

## RELEVANT BACKGROUND

### *HCLOF IS FORMED*

**10.**     Plaintiff DAF is a charitable fund that helps several causes throughout the country, including providing funding for humanitarian issues (such as veteran's welfare associations and women's shelters), public works (such as museums, parks and zoos), and education (such as specialty schools in underserved communities). Its mission is critical.

**11.**     Since 2012, DAF was advised by its registered investment adviser, Highland Capital Management, L.P., and its various subsidiaries, about where to invest. This relationship was governed by an Investment advisory Agreement.

12.     At one point in 2017, HCM advised DAF to acquire 143,454,001 shares of HCLOF, with HCFA (a subsidiary of HCM) serving as the portfolio manager. DAF did so via a holding entity, Plaintiff CLO Holdco, Ltd.

13.     On November 15, 2017, through a Subscription and Transfer Agreement, the DAF entered into an agreement with others to sell and transfer shares in HCLOF, wherein the DAF retained 49.02% in CLO Holdco.

14.     Pursuant to that agreement, Harbourvest acquired the following interests in the following entities:

Harbourvest Dover Street IX Investment, L.P., acquired 35.49%;

Harbourvest 2017 Global AIF, L.P., acquired 2.42%;

Harbourvest 2017 lobal Fund, L.P., acquired 4.85%;

HV International VIII Secondary, L.P., acquired 6.5%; and

Harbourvest Skew Base AIF, L.P., acquired 0.72%;

for a total of 49.98% (altogether the "Harbourvest interests").

15.     On or about October 16, 2019, Highland Capital Management filed for Chapter 11 bankruptcy in Delaware Bankruptcy Court, which was later transferred to the Northern District of Texas Bankruptcy Court, in the case styled *In Re: Highland Capital Management, L.P., Debtor*, Cause No. 19-34054, (the "HCM Bankruptcy" and the Court is the "Bankruptcy Court").

**The Harbourvest Settlement with**
**Highland Capital Management in Bankruptcy**

16.     On April 8, 2020, Harbourvest submitted its proofs of claim in the HCM bankruptcy proceeding. Annexed to its proofs of claims was an explanation of the Proof of Claim and the basis therefor setting out various pre-petition allegations of wrongdoing by HCM. *See, e.g.,* Case No. 19-bk-34054, Doc. 1631-5.

17.     The debtor, HCM, made an omnibus response to the proofs of claims, stating they were duplicative of each other, overstated, late, and otherwise meritless.

18.     Harbourvest responded to the omnibus objections on September 11, 2020. *See* Cause No. 19-bk-34054, Doc. 1057.

19.     Harbourvest represented that it had invested in HCLOF, purchasing 49.98% of HCLOF's outstanding shares.

20.     Plaintiff CLO Holdco was and is also a 49.02% holder of HCLOF's member interests.

21.     In its Omnibus Response, Harbourvest explained that its claims included unliquidated legal claims for fraud, fraud in the inducement, RICO violations under 18 U.S.C. 1964, among others (the "Harbourvest Claims"). *See* Cause No. 19-bk-34054, Doc. 1057.

22.     The Harbourvest Claims centered on allegations that when Harbourvest was intending to invest in a pool of Collateralized Loan Obligations, or CLOs, that were then-managed by Acis Capital Management ("Acis"), a subsidiary of HCM, HCM failed to disclose key facts about ongoing litigation with a former employee, Josh Terry.

23.     Harbourvest contended that HCM never sufficiently disclosed the underlying facts about the litigation with Terry, and HCM's then-intended strategy to fight Terry caused HCLOF to incur around $15 million in legal fees and costs. It contended that had it known the nature of the lawsuit and how it would eventually turn out, Harbourvest never would have invested in HCLOF. *See* Cause No. 19-bk-34054, Doc. 1057.

24.     HCLOF's portfolio manager is HCFA. HCM is the parent of HCFA and is managed by its General Partner, Strand Management, who employs Seery and acts on behalf of HCM.

25.    Before acceding to the Harbourvest interests, HCM was a 0.6% holder of HCLOF interests.

26.    While even assuming Harbourvest's underlying claims were valid as far as the lost $15 million went, the true damage of the legal fees to Harbourvest would have been 49.98% of the HCLOF losses (i.e., less than $7.5 million).  Harbourvest claimed that it had lost over $100 million in the HCLOF transaction due to fraud, which, after trebling under the racketeering statute, it claimed it was entitled to over $300 million in damages.

27.    In truth, as of September 2020, Harbourvest had indeed lost some $52 million due to the alleged diminishing value of the HCLOF assets (largely due to the underperformance of the Acis entities[3])—and the values  were starting to recover.

28.    HCM denied the allegations in the Bankruptcy Court. Other than the claim for waste of corporate assets of $15 million, HCM at all times viewed the Harbourvest legal claims as being worth near zero and having no merit.

29.    On December 23, 2020, HCM moved the Court to approve a settlement between itself and Harbourvest. No discovery had taken place between the parties, and Plaintiff did not have any notice of the settlement terms or other factors prior to the motion's filing (or even during its pendency) in order to investigate its rights.

30.    HCM set the hearing right after the Christmas and New Year's holidays, almost ensuring that no party would have the time to scrutinize the underpinnings of the deal.

31.    On January 14, 2021, the Bankruptcy Court held an evidentiary hearing and approved the settlement in a bench ruling, overruling the objections to the settlement.

---

[3] Acis was being managed by Joshua Terry. JP Morgan had listed the four ACIS entities under his management as the four worst performers of the 1200 CLOs it evaluated.

32.    An integral part of the settlement was allowing $45 million in unsecured claims that, at the time of the agreement, were expected to net Harbourvest around 70 cents on the dollar. In other words, Harbourvest was expected to recover around $31,500,000 from the allowed claims.

33.    As part of the consideration for the $45 million in allowed claims, Harbourvest agreed to transfer all of its interests in HCLOF to HCM or its designee.

34.    HCM and Seery rationalized the settlement value by allocating $22.5 million of the net value of the $45 million in unsecured claims as consideration to purchase Harbourvest's interests in HCLOF, meaning, if 70% of the unsecured claims—i.e., $31.5 million—was realized, because $22.5 million of that would be allocated to the purchase price of the Harbourvest interests in HCLOF, the true "settlement" for Harbourvest's legal claims was closer to $9 million.

35.    Plaintiffs here are taking no position at this time about the propriety of settling the Harbourvest legal claims for $9 million. That is for another day.

36.    At the core of this lawsuit is the fact that HCM purchased the Harbourvest interests in HCLOF for $22.5 million knowing that they were worth far more than that.

37.    It has recently come to light that, upon information and belief, the Harbourvest interests, as of December 31, 2020, were worth in excess of $41,750,000, and they have continued to go up in value.

38.    On November 30, 2020, which was less than a month prior to the filing of the Motion to Approve the Settlement, the net asset value of those interests was over $34.5 million. Plaintiffs were never made aware of that.

39.    The change is due to how the net asset value, or NAV, was calculated. The means and methods for calculating the "net asset value" of the assets of HCLOF are subject to and

Case 22-03062-sgj Doc 22 Filed 06/16/22 Entered 06/16/22 16:56:17 Page 49 of 575

Case 21-03067-sgj Doc 1-1 Filed 09/29/21 Entered 09/29/21 15:09:51 Page 9 of 26
Case 3:21-cv-00842-B Document 1 Filed 04/12/21 Page 9 of 26 PageID 9

governed by the regulations passed by the SEC pursuant to the Adviser's Act, and by HCM's internal policies and procedures.

40. Typically, the value of the securities reflected by a market price quote.

41. However, the underlying securities in HCLOF are not liquid and had not been traded in a long while.

42. There not having been any contemporaneous market quotations that could be used in good faith to set the marks[4] meant that other prescribed methods of assessing the value of the interests, such as the NAV, would have been the proper substitutes.

43. Seery testified that the fair market value of the Harbourvest HCLOF interests was $22.5 million. Even allowing some leeway there, it was off the mark by a mile.

44. Given the artifice described herein, Seery and the entity Defendants had to know that the representation of the fair market value was false. But it does not appear that they disclosed it to Harbourvest to whom they owed fiduciary duties as the RIA in charge of HCLOF, and they certainly did not disclose the truth to the Plaintiff.

45. It is either the case that (i) Defendants conducted the proper analysis to obtain a current value of the assets but decided to use a far lower valuation in order to whitewash the settlement or enrich the bankruptcy estate; *or* (ii) Defendants never conducted the proper current valuation, and therefore baselessly represented what the current value of the assets was, despite knowingly having no reasonable basis for making such a claim.

46. For years HCM had such internal procedures and compliance protocols. HCM was not allowed by its own compliance officers to trade with an investor where HCM had superior knowledge about the value of the assets, for example. While Plaintiff has no reason to believe that

---

[4] The term "mark" is shorthand for an estimated or calculated value for a non-publicly traded instrument.

those procedures were scrapped in recent months, it can only assume that they were either overridden improperly or circumvented wholesale.

47.     Upon finalizing the Harbourvest Settlement Agreement and making representations to the Bankruptcy Court to the Plaintiffs about the value of the Harbourvest Interests, Seery and HCM had a duty to use current values and not rely on old valuations of the assets or the HCLOF interests.

48.     Given Defendants' actual or constructive knowledge that they were purchasing Harbourvest's Interests in HCLOF for a less than 50% of what those interests were worth—Defendants owed Plaintiff a fiduciary duty not to purchase them for themselves.

49.     Defendants should have either had HCLOF repurchase the interests with cash, or offer those interests to Plaintiff and the other members *pro rata*, before HCM agreed to purchase them all lock, stock and barrel, for no up-front cash.

50.     Indeed, had Plaintiff been offered those interests, it would have happily purchased them and therefore would have infused over $20 million in cash into the estate for the purpose of executing the Harbourvest Settlement.

51.     That Defendants (and to perhaps a lesser extent, the Unsecured Creditors Committee (the "UCC")) agreed to pay $22.5 million for the HCLOF assets, where they had previously not consented to any such expenditure by the estate on behalf of HCLOF, strongly indicates their awareness that they were purchasing assets for far below market value.

52.     The above is the most reasonable and plausible explanation for why Defendants and the UCC forwent raising as much as $22.5 million in cash now in favor of  hanging on to the HCLOF assets.

53.     Indeed, in January 2021 Seery threatened Ethen Powell that "[Judge Jernigan] is laughing at you" and "we are coming after you" in response to the latter's attempt to exercise his right as beneficial holder of the CLO, and pointing out a conflict of interest in Seery's plan to liquidate the funds.

54.     HCM's threat, made by Seery, is tantamount to not only a declaration that he intends to liquidate the funds regardless of whether the investors want to do so, and whether it is in their best interests, but also that HCM intends to leverage what it views as the Bankruptcy Court's sympathy to evade accountability.

## V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### *Breaches of Fiduciary Duty*

55.     Plaintiffs respectfully incorporate the foregoing factual averments as if fully set forth herein and further alleges the following:

56.     HCM is a registered investment advisor and acts on behalf of HCFA. Both are fiduciaries to Plaintiffs.

57.     The Advisers Act establishes an unwaivable federal fiduciary duty for investment advisers.[5]

---

[5] *See e.g, SEC v. Capital Gains Research Bureau, Inc*., 375 U.S. 180, 194 (1963); *Transamerica Mortg. Advisors (tama) v. Lewis*, 444 U.S. 11, 17 (1979) ("§ 206 establishes 'federal fiduciary standards' to govern the conduct of investment advisers."); *Santa Fe Indus, v. Green*, 430 U.S. 462, 471, n.11 (1977) (in discussing *SEC v. Capital Gains*, stating that the Supreme Court's reference to fraud in the "equitable" sense of the term was "premised on its recognition that Congress intended the Investment Advisers Act to establish federal fiduciary standards for investment advisers"). *See also* Investment Advisers Act Release No. 3060 (July 28, 2010) ("Under the Advisers Act, an adviser is a fiduciary whose duty is to serve the best interests of its clients, which includes an obligation not to subrogate clients' interests to its own") (*citing* Proxy Voting by Investment Advisers, Investment Advisers Act Release No. 2106 (Jan. 31, 2003)).

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 52 of 575

Case 21-03067-sgj Doc 1-1 Filed 09/29/21    Entered 09/29/21 15:09:51    Page 12 of 26
Case 3:21-cv-00842-B    Document 1    Filed 04/12/21    Page 12 of 26    PageID 12

58.    HCM and the DAF entered into an Amended and Restated Investment Advisory Agreement, executed between them on July 1, 2014 (the "RIA Agreement"). It renews annually and continued until the end of January 2021.

59.    In addition to being the RIA to the DAF, HCM was appointed the DAF's attorney-in-fact for certain actions, such as "to purchase or otherwise trade in Financial Instruments that have been approved by the General Partner." RIA Agreement ¶ 4.

60.    The RIA Agreement further commits HCM to value financial assets "in accordance with the then current valuation policy of the Investment Advisor [HCM], a copy of which will provided to the General Partner upon request." RIA Agreement ¶ 5.

61.    While HCM contracted for the recognition that it would be acting on behalf of others and could be in conflict with advice given the DAF, (RIA Agreement ¶ 12), nowhere did it purport to waive the fiduciary duties owed to the DAF not to trade as a principal in a manner that harmed the DAF.

62.    HCFA owed a fiduciary duty to Holdco as an investor in HCLOF and to which HCFA was the portfolio manager. HCM owed a fiduciary duty to the DAF (and to Holdco as its subsidiary) pursuant to a written Advisory Agreement HCM and the DAF had where HCM agreed to provide sound investment advice and management functions.

63.    As a registered investment adviser, HCM's fiduciary duty is broad and applies to the entire advisor-client relationship.

64.    The core of the fiduciary duty is to act in the best interest of their investors—the advisor must put the ends of the client before its own ends or the ends of a third party.

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 53 of 575

Case 21-03067-sgj Doc 1-1 Filed 09/29/21    Entered 09/29/21 15:09:51    Page 13 of 26
Case 3:21-cv-00842-B    Document 1    Filed 04/12/21    Page 13 of 26    PageID 13

65.    This is manifested in a duty of loyalty and a duty of utmost care. It also means that the RIA has to follow the terms of the company agreements and the regulations that apply to the investment vehicle.

66.    The fiduciary duty that HCM and Seery owed to Plaintiff is predicated on trust and confidence. Section 204A of the Advisers Act requires investment advisors (whether SEC-registered or not) to establish, maintain, and enforce written policies and procedures reasonably designed to prevent the RIA from trading on material, non-public information. *See* 17 C.F.R. § 275.206(4)-7. That means that Plaintiff should be able to take Defendants at their word and not have to second guess or dig behind representations made by them.

67.    The simple thesis of this claim is that Defendants HCFA and HCM breached their fiduciary duties by (i) insider trading with Harbourvest and concealing the rising NAV of the underlying assets—i.e., trading with Harbourvest on superior, non-public information that was neither revealed to Harbourvest nor to Plaintiff; (ii) concealing the value of the Harbourvest Interests; and (iii) diverting the investment opportunity in the Harbourvest entities to HCM (or its designee) without offering it to or making it available to Plaintiff or the DAF.

68.    HCM, as part of its contractual advisory function with Plaintiffs, had expressly recommended the HCLOF investment to the DAF. Thus, diverting the opportunity for returns on its investment was an additional breach of fiduciary duty.

69.    This violated a multitude of regulations under 27 C.F.R. part 275, in addition to Rules 10b-5 and 10b5-1. 17 CFR 240.10b5-1 ("Rule 10b5-1") explains that one who trades while possessing non-public information is liable for insider trading, and they do not necessarily have to have *used* the specific inside information.

70.    It also violated HCM's own internal policies and procedures.

**71.** Also, the regulations impose obligations on Defendants to calculate a *current* valuation when communicating with an investor, such as what may or may not be taken into account, and what cannot pass muster as a current valuation. Upon information and belief, these regulations were not followed by the Defendants.

**72.** HCM's internal policies and procedures, which it promised to abide by both in the RIA Agreement and in its Form ADV SEC filing, provided for the means of properly calculating the value of the assets.

**73.** HCM either did not follow these policies, changed them to be out of compliance both with the Adviser Act regulations and its Form ADV representations, and/or simply misrepresented or concealed their results.

**74.** In so doing, because the fiduciary duty owed to Plaintiff is a broad one, and because Defendants' malfeasance directly implicates its relationship with Plaintiff, Defendants have breached the Advisers Act's fiduciary duties owed to Plaintiff as part of their fiduciary relationship.[6]

**75.** At no time between agreeing with Harbourvest to the purchase of its interests and the court approval did Defendants disclose to either Harbourvest or to Plaintiff (and the Bankruptcy Court for that matter) that the purchase was at below 50% the current net asset value as well, and when they failed to offer Plaintiff (and the other members of HCLOF) their right to purchase the interests pro rata at such advantageous valuations. Plaintiff's lost opportunity to

---

[6] *See* Advisers Act Release No. 4197 (Sept. 17, 2015) (Commission Opinion) ("[O]nce an investment Advisory relationship is formed, the Advisers Act does not permit an adviser to exploit that fiduciary relationship by defrauding his client in any investment transaction connected to the Advisory relationship."); *see also SEC v. Lauer*, No. 03-80612-CIV, 2008 U.S. Dist. LEXIS 73026, at 90 (S.D. Fla. Sept. 24, 2008) ("Unlike the antifraud provisions of the Securities Act and the Exchange Act, Section 206 of the Advisers Act does not require that the activity be 'in the offer or sale of any' security or 'in connection with the purchase or sale of any security.'").

purchase has harmed Plaintiff. Plaintiff had been led to believe by the Defendants that the value of what was being purchased in the Harbourvest settlement by HCM (or its designee) was at fair market value. This representation, repeated again in the Bankruptcy Court during the Harbourvest confirmation, implicitly suggested that a proper current valuation had been performed.

76.     Defendant's principal, Seery, testified in January 2021 that the then-current fair market value of Habourvests's 49.98% interest in HCLOF was worth around $22.5 million. But by then, it was worth almost double that amount and has continued to appreciate. Seery knew or should have known that fact because the value of some of the HCLOF assets had increased, and he had a duty to know the current value. His lack of actual knowledge, while potentially not overtly fraudulent, would nonetheless amount to a breach of fiduciary duty for acting without proper diligence and information that was plainly available.

77.     Furthermore, HCLOF holds equity in MGM Studios and debt in CCS Medical via various CLO positions. But Seery, in his role as CEO of HCM, was made aware during an advisors meeting in December 2020 that Highland would have to restrict its trading in MGM because of its insider status due to activities that were likely to apply upward pressure on MGM's share price.

78.     Furthermore, Seery controlled the Board of CCS Medical. And in or around October 2020, Seery was advocating an equatization that would have increased the value of the CCS securities by 25%, which was not reflected in the HCM report of the NAV of HCLOF's holdings.

79.     Seery's knowledge is imputed to HCM.

80.     Moreover, it is a breach of fiduciary duty to commit corporate waste, which is effectively what disposing of the HCLOF assets would constitute in a rising market, where there

is no demand for disposition by the investors (save for HCM, whose proper 0.6% interest could easily be sold to the DAF at fair value).

81. As holder of 0.6% of the HCLOF interests, and now assignee of the 49.98% Harbourvest Interests), HCM has essentially committed self-dealing by threatening to liquidate HCLOF now that it may be compelled to do so under its proposed liquidation plan, which perhaps inures to the short term goals of HCM but to the pecuniary detriment of the other holders of HCLOF whose upside will be prematurely truncated.

82. Seery and HCM should not be allowed to benefit from the breach of their fiduciary duties because doing so would also cause Plaintiffs irreparable harm. The means and methods of disposal would likely render the full scope of damages to the DAF not susceptible to specific calculation—particularly as they would relate to calculating the lost opportunity cost. Seery and HCM likely do not have the assets to pay a judgment to Plaintiffs that would be rendered, simply taking the lost appreciation of the HCLOF assets.

83. Defendants are thus liable for diverting a corporate opportunity or asset that would or should have been offered to Plaintiff and the other investors. Because federal law makes the duties invoked herein unwaivable, it is preposterous that HCM, as a 0.6% holder of HCLOF, deemed itself entitled to the all of the value and optionality of the below-market Harbourvest purchase.

84. Defendants cannot rely on any contractual provision that purports to waive this violation. Nothing in any agreement purports to permit, authorize or otherwise sanitize Defendants' self-dealing. All such provisions are void.

85. In the fourth quarter of 2020, Seery and HCM notified staff that they would be terminated on December 31, 2020. That termination was postponed to February 28, 2021.

Purchasing the Harbourvest assets without staffing necessary to be a functioning Registered Investment Advisor was a strategic reversal from prior filings that outlined canceling the CLO management contracts and allowing investors to replace Highland as manager.

86. Seery's compensation agreement with the UCC incentivizes him to expedite recoveries and to prevent transparency regarding the Harbourvest settlement.

87. What is more, Seery had previously testified that the management contracts for the funds—HCLOF included—were unprofitable, and that he intended to transfer them. But he later rejected offers to purchase those management contracts for fair value and instead decided to continue to manage the funds—which is what apparently gave rise to the Harbourvest Settlement, among others. He simultaneously rejected an offer for the Harbourvest assets of $24 million, stating that they were worth much more than that.

88. Because of Defendants' malfeasance, Plaintiffs have lost over $25 million in damages—a number that continues to rise—and the Defendants should not be able to obtain a windfall.

89. For the same reason, Defendants' malfeasance has also exposed HCLOF to a massive liability from Harbourvest since the assignment of those interests is now one that is likely unenforceable under the Advisers Act, Section 47(b), if there was unequal information.

90. HCM and HCFA are liable as principals for breach of fiduciary duty, as are the principals and compliance staff of each entity.

91. Plaintiffs seek disgorgement, damages, exemplary damages, attorneys' fees and costs. To the extent the Court determines that this claim had to have been brought derivatively on behalf of HCLOF, then Plaintiffs represent that any pre-suit demand would have been futile since asking HCM to bring suit against its principal, Seery, would have been futile.

### SECOND CAUSE OF ACTION
### *Breach of HCLOF Company Agreement*
### (By Holdco against HCLOF, HCM and HCFA)

92.     Plaintiffs respectfully incorporate the foregoing factual averments as if fully set forth herein and further alleges the following:

93.     On November 15, 2017, the members of HCLOF, along with HCLOF and HCFA, executed the *Members Agreement Relating to the Company* (the "Company Agreement").

94.     The Company Agreement governs the rights and duties of the members of HCLOF.

95.     Section 6.2 of HCLOF Company Agreement provides that when a member "other than … CLO Holdco [Plaintiff] or a Highland Affiliate," intends to sell its interest in HCLOF to a third party (i.e., not to an affiliate of the selling member), then the other members have the first right of refusal to purchase those interests pro rata for the same price that the member has agreed to sell.

96.     Here, despite the fact that Harbourvest agreed to sell its interests in HCLOF for $22.5 million when they were worth more than double that, Defendants did not offer Plaintiff the chance to buy its pro rata share of those interests at the same agreed price of $22.5 million (adjusted pro rata).

97.     The transfer and sale of the interests to HCM were accomplished as part of the Harbourvest Settlement which was approved by the Bankruptcy Court.

98.     Plaintiff was not informed of the fact that Harbourvest had offered its shares to Defendant HCM for $22.5 million—which was under 50% of their true value.

99.     Plaintiff was not offered the right to purchase its pro rata share of the Harbourvest interests prior to the agreement being struck or prior to court approval being sought.

**100.** Had Plaintiff been allowed to do so, it would have obtained the interests with a net equity value over their purchase price worth in excess of $20 million.

**101.** No discovery or opportunity to investigate was afforded Plaintiff prior to lodging an objection in the Bankruptcy Court.

**102.** Plaintiff is entitled to specific performance or, alternatively, disgorgement, constructive trust, damages, attorneys' fees and costs.

THIRD CAUSE OF ACTION
*Negligence*
**(By the DAF and CLO Holdco against HCM and HCFA)**

**103.** Plaintiffs respectfully incorporate the foregoing factual averments as if fully set forth herein, and further alleges the following:

**104.** Plaintiffs incorporate the foregoing causes of action and note that all the foregoing violations were breaches of the common law duty of care imposed by law on each of Seery, HCFA and HCM.

**105.** Each of these Defendants should have known that their actions were violations of the Advisers Act, HCM's internal policies and procedures, the Company Agreement, or all three.

**106.** Seery and HCM owed duties of care to Plaintiffs to follow HCM's internal policies and procedures regarding both the propriety and means of trading with a customer [Harbourvest], the propriety and means of trading as a principal in an account but in a manner adverse to another customer [the DAF and Holdco], and the proper means of valuing the CLOs and other assets held by HCLOF.

**107.** It would be foreseeable that failing to disclose the current value of the assets in the HCLOF would impact Plaintiffs negatively in a variety of ways.

**108.** It would be reasonably foreseeable that failing to correctly and accurately calculate the current net asset value of the market value of the interests would cause Plaintiffs to value the Harbourvest Interests differently.

**109.** It would be reasonably foreseeable that referring to old and antiquated market quotations and/or valuations of the HCLOF assets or interests would result in a mis-valuation of HCLOF and, therefore, a mis-valuation of the Harbourvest Interests.

**110.** Likewise, it would have been foreseeable that Plaintiff's failure to give Plaintiff the opportunity to purchase the Harbourvest shares at a $22.5 million valuation would cause Plaintiff damages. Defendants knew that the value of those assets was rising. They further knew or should have known that whereas those assets were sold to HCM for an allowance of claims to be funded in the future, selling them to Plaintiff would have provided the estate with cash funds.

**111.** Defendants' negligence foreseeably and directly caused Plaintiff harm.

**112.** Plaintiff is thus entitled to damages.

### FOURTH CAUSE OF ACTION
#### *Racketeering Influenced Corrupt Organizations Act*
#### (CLO Holdco and DAF against HCM)

**113.** Plaintiffs respectfully incorporate the foregoing factual averments as if fully set forth herein, and further alleges the following:

**114.** Defendants are liable for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, for the conduct of an enterprise through a pattern of racketeering activity.

**115.** HCLOF constitutes an enterprise under the RICO Act. Additionally, or in the alternative, HCM, HCLA, and HCLOF constituted an association-in-fact enterprise. The purpose of the association-in-fact was the perpetuation of Seery's position at HCM and using the

Harbourvest settlement as a vehicle to enrich persons other than the HCLOF investors, including Holdco and the DAF, and the perpetuation of HCM's holdings in collateralized loan obligations owned by HCLOF, while attempting to deny Plaintiffs the benefit of its rights of ownership.

116.    The association-in-fact was bound by informal and formal connections for years prior to the elicit purpose, and then changed when HCM joined it in order to achieve the association's illicit purpose. For example, HCM is the parent and control person over HCFA, which is the portfolio manager of HCLOF pursuant to a contractual agreement—both are registered investment advisors and provide advisory and management services to HCLOF.

117.    Defendants injured Plaintiffs through their continuous course of conduct of the HCM-HCLA-HCLOF association-in-fact enterprise. HCM's actions (performed through Seery and others) constitute violations of the federal wire fraud, mail fraud, fraud in connection with a case under Title 11, and/or securities fraud laws, pursuant to 18 U.S.C. § 1961(1)(B) and (D).

118.    HCM operated in such a way as to violate insider trading rules and regulations when it traded with Harbourvest while it had material, non-public information that it had not supplied to Harbourvest or to Plaintiffs.

119.    In or about November 2020, HCM and Harbourvest entered into discussions about settling the Harbourvest Claims. Seery's conduct of HCLOF and HCLA on behalf of HCM through the interstate mails and/or wires caused HCM to agree to the purchase of Harbourvest's interests in HCLOF.

120.    On or about each of September 30, 2020, through December 31, 2020, Seery, through his conduct of the enterprise, utilized the interstate wires and/or mails to obtain or arrive at valuations of the HCLOF interests. Seery's conduct of the enterprise caused them to cease

Case 22-03062-sgj Doc 22 Filed 06/16/22 Entered 06/16/22 16:56:17 Page 62 of 575

Case 21-03067-sgj Doc 1-1 Filed 09/29/21 Entered 09/29/21 15:09:51 Page 22 of 26
Case 3:21-cv-00842-B Document 1 Filed 04/12/21 Page 22 of 26 PageID 22

sending the valuation reports to Plaintiffs, which eventually allowed Plaintiffs to be misled into believing that Seery had properly valued the interests.

121. On or about September 30, 2020, Seery transmitted or caused to be transmitted though the interstate wires information to HCLOF investors from HCM (via HCFA), including Harbourvest, regarding the value of HCLOF interests and underlying assets.

122. Additionally, Seery operated HCM in such a way that he concealed the true value of the HCLOF interests by utilizing the interstate wires and mails to transmit communications to the court in the form of written representations on or about December 23, 2020, and then further transmitted verbal representations of the current market value (the vastly understated one) on January 14, 2021, during live testimony.

123. However, Harbourvest was denied the full picture and the true value of the underlying portfolio. At the end of October and November of 2020, HCM had updated the net asset values of the HCLOF portfolio. According to sources at HCM at the time, the HCLOF assets were worth north of $72,969,492 as of November 30, 2020. Harbourvest's share of that would have been $36,484,746.

124. The HCLOF net asset value had reached $86,440,024 as of December 31, 2021, which means that by the time Seery was testifying in the Bankruptcy Court on January 14, 2021, the fair market value of the Harbourvest Assets was $22.5 million, when it was actually closer to $43,202,724. Seery, speaking on behalf of HCM, knew of the distinction in value.

125. On January 14, 2021, Seery also testified that he (implying HCM, HCLA and HCLOF) had valued the Harbourvest Assets at their current valuation and at fair market value. This was not true because the valuation that was used and testified to was ancient. The ostensible purpose of this concealment was to induce Plaintiff and other interest holdings to take no action.

126.    In supporting HCM's motion to the Bankruptcy Court to approve the Harbourvest Settlement, Seery omitted the fact that HCM was purchasing the interests at a massive discount, which would violate the letter and spirit of the Adviser's Act.

127.    Seery was informed in late December 2020 at an in-person meeting in Dallas to which Seery had to fly that HCLOF and HCM had to suspend trading in MGM Studios' securities because Seery had learned from James Dondero, who was on the Board of MGM, of a potential purchase of the company. The news of the MGM purchase should have caused Seery to revalue the HCLOF investment in MGM.

128.    In or around October 2020, Seery (who controls the Board of CSS Medical) was pursuing "equatization" of CSS Medical's debt, which would have increased the value of certain securities by 25%. In several communications through the U.S. interstate wires and/or mails, and with Plaintiffs, and the several communications with Harbourvest during the negotiations of the settlement, Seery failed to disclose these changes which were responsible in part for the ever-growing value of the HCLOF CLO portfolio.

129.    Seery was at all relevant times operating as an agent of HCM.

130.    This series of related violations of the wire fraud, mail fraud, and securities fraud laws, in connection with the HCM bankruptcy, constitute a continuing pattern and practice of racketeering for the purpose of winning a windfall for HCM and himself--a nearly $30,000,000 payday under the confirmation agreement.

131.    The federal RICO statute makes it actionable for one's conduct of an enterprise to include "fraud in connection with a [bankruptcy case]". The Advisers' Act antifraud provisions require full transparency and accountability to an advisers' investors and clients and does not require a showing of reliance or materiality. The wire fraud provision likewise is violated when,

as here, the interstate wires are used as part of a "scheme or artifice … for obtaining money or property by means of false … pretenses, [or] representations[.]"

132.    Accordingly, because Defendants' conduct violated the wire fraud and mail fraud laws, and the Advisers' Act antifraud provisions, and their acts and omissions were in connection with the HCM Bankruptcy proceedings under Title 11, they are sufficient to bring such conduct within the purview of the RICO civil action provisions, 18 U.S.C. § 1964.

133.    Plaintiffs are thus entitled to damages, treble damages, attorneys' fees and costs of suit, in addition to all other injunctive or equitable relief to which they are justly entitled.

### FIFTH CAUSE OF ACTION
### *Tortious Interference*
### (CLO Holdco against HCM)

134.    Plaintiff respectfully incorporates the foregoing factual averments as if fully set forth herein and further alleges the following:

135.    At all relevant times, HCM owned a 0.6% interest in HCLOF.

136.    At all relevant times, Seery and HCM knew that Plaintiff had specific rights in HCLOF under the Company Agreement, § 6.2.

137.    Section 6.2 of HCLOF Company agreement provides that when a member "other than … CLO Holdco [Plaintiff] or a Highland Affiliate," intends to sell its interest in HCLOF to a third party (i.e., not an affiliate of the member), then the other members have the first right of refusal to purchase those interests pro rata for the same price that the member has agreed to sell.

138.    HCM, through Seery, tortiously interfered with Plaintiff's contractual rights with HCLOF by, among other things, diverting the Harbourvest Interests in HCLOF to HCM without giving HCLOF or Plaintiff the option to purchase those assets at the same favorable price that HCM obtained them.

**139.** HCM and Seery tortiously interfered with Plaintiff's contractual rights with HCLOF by, among other things, misrepresenting the fair market value as $22.5 million and concealing the current value of those interests.

**140.** But for HCM and Seery's tortious interference, Plaintiff would have been able to acquire the Harbourvest Interests at a highly favorable price. HCM and Seery's knowledge of the rights and intentional interference with these rights has caused damage to Plaintiff CLO Holdco.

**141.** Plaintiff is therefore entitled to damages from HCM and Seery, as well as exemplary damages.

### VI.

### <u>JURY DEMAND</u>

**142.** Plaintiff demands trial by jury on all claims so triable.

### VII.

### <u>PRAYER FOR RELIEF</u>

**143.** Wherefore, for the foregoing reasons, Plaintiffs respectfully pray that the Court enter judgment in its favor and against Defendants, jointly and severally, for:

    a. Actual damages;

    b. Disgorgement;

    c. Treble damages;

    d. Exemplary and punitive damages;

    e. Attorneys' fees and costs as allowed by common law, statute or contract;

    f. A constructive trust to avoid dissipation of assets;

    g. All such other relief to which Plaintiff is justly entitled.

Dated: April 12, 2021

Respectfully submitted,

**SBAITI & COMPANY PLLC**

*/s/ Mazin A. Sbaiti*

**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
   jeb@sbaitilaw.com

**Counsel for Plaintiffs**

JURY

## U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-00842-B

Charitable DAF Fund et al v. Highland Capital Management LP et al

Assigned to: Judge Jane J. Boyle

Cause: 28:1391 Personal Injury

Date Filed: 04/12/2021
Jury Demand: Plaintiff
Nature of Suit: 470 Other Statutes:
Racketeer Influenced and Corrupt
Organizations
Jurisdiction: Diversity

**Plaintiff**

**Charitable DAF Fund LP**                    represented by   **Mazin A Sbaiti**
Sbaiti & Company PLLC
J.P. Morgan Chase Tower
2200 Ross Avenue
Suite 4900W
Dallas, TX 75201
214-432-2899
Fax: 214-853-4367
Email: MAS@SbaitiLaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jonathan Bridges**
Sbaiti & Company PLLC
2200 Ross Ave
Suite 4900W
Dallas, TX 75201
214-432-2899
Fax: 214/754-1933 FAX
Email: jeb@sbaitilaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Plaintiff**

**CLO Holdco Ltd**                            represented by   **Mazin A Sbaiti**
*Directly and derivatively*                                    (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jonathan Bridges**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Appx. 00063**

**Defendant**

**Highland Capital Management LP**                    represented by **Zachery Z. Annable**
Hayward PLLC
10501 N. Central Expressway
Suite 106
Dallas, TX 75231
972-755-7108
Fax: 972-755-7110
Email: zannable@haywardfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Gregory V Demo**
Pachulski Stang Ziehl & Jones LLP
780 Third Ave
34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
Email: gdemo@pszjlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Hayley R Winograd**
Pachulski Stand Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024
*Bar Status: Not Admitted*

**Ira D Kharasch**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
310-277-6910
*Bar Status: Not Admitted*

**Jeffrey N Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd
13th Floor
Los Angeles, CA 90067
310-227-6910
Fax: 310-201-0760
Email: jpomerantz@pszjlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John A Morris**
Pachulski Stang Ziehl & Jones LLP

780 Third Avenue, 34th Floor
New York, NY 10017-2024
212-561-7700
Fax: 212-561-7777
Email: jmorris@pszjlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Judith Elkin**
Pachulski Stang Ziehl & Jones
780 Third Avenue, 34th Floor
New York, NY 10017
212-561-7781
Email: jelkin@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Melissa S Hayward**
Hayward PLLC
10501 N Central Expwy
Suite 106
Dallas, TX 75231
972-755-7100
Fax: 972-755-7104
Email: mhayward@haywardfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Robert J Feinstein**
Pachulski Stang Ziehl & Jones LLP
780 Third Ave
34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
Email: rfeinstein@pszjlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Defendant**

**Highland HCF Advisor Ltd**

**Defendant**

**Highland CLO Funding Ltd**                represented by   **Paul R Bessette**
King & Spalding LLP
500 W 2nd Street
Suite 1800
Austin, TX 78701
512-457-2050
Fax: 512-457-2100
Email: pbessette@kslaw.com
*LEAD ATTORNEY*

Appx. 00065

*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jonathan W Jordan**
Brobeck Phleger & Harrison
4801 Plaza on the Lake
Austin, TX 78746
512/330-4000
Fax: 512/330-4001 FAX
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/12/2021 | 1 | COMPLAINT WITH JURY DEMAND against Highland CLO Funding, Ltd., Highland Capital Management, L.P., Highland HCF Advisor, Ltd. filed by Charitable DAF Fund, CLO Holdco Ltd.. (Filing fee $402; Receipt number 0539-11789515) Plaintiff will submit summons(es) for issuance. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Sbaiti, Mazin) (Entered: 04/13/2021) |
| 04/13/2021 | 2 | Supplemental Document (cover sheet) by CLO Holdco Ltd., Charitable DAF Fund as to 1 Complaint . (Sbaiti, Mazin) Modified docket text on 4/13/2021 (oyh). (Entered: 04/13/2021) |
| 04/13/2021 | 3 | Request for Clerk to issue Summons filed by CLO Holdco Ltd, Charitable DAF Fund LP. (Sbaiti, Mazin) Modified linkage and docket text on 4/13/2021 (oyh). (Entered: 04/13/2021) |
| 04/13/2021 | 4 | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Horan). Clerk to provide copy to plaintiff if not received electronically. (oyh) (Entered: 04/13/2021) |
| 04/13/2021 | 5 | Summons Issued as to Highland CLO Funding Ltd, Highland Capital Management LP, Highland HCF Advisor Ltd. (oyh) (Entered: 04/13/2021) |
| 04/19/2021 | 6 | MOTION for Leave to File First Amended Complaint filed by CLO Holdco Ltd, Charitable DAF Fund LP (Attachments: # 1 Exh 1_First Amended Complaint, # 2 Exh 2_Motion for Authorization to Retain James Seery, # 3 Exh 3_Order Approving Retention of James Seery, # 4 Exh 4_Order Approving Settlement, # 5 Proposed Order) (Bridges, Jonathan) (Entered: 04/19/2021) |
| 04/20/2021 | 7 | ***DISREGARD FILED IN ERROR per atty***AMENDED DOCUMENT by CLO Holdco Ltd, Charitable DAF Fund LP. Amendment to 6 MOTION for Leave to File First Amended Complaint. *Amended Proposed Order*. (Bridges, Jonathan) Modified per atty request on 4/20/2021 (svc). (Entered: 04/20/2021) |
| 04/20/2021 | 8 | ELECTRONIC ORDER denying 6 Motion for Leave to File without prejudice. To the extent a motion for leave to file an amended complaint is required under Rule 15, Plaintiffs |

| | | |
|---|---|---|
| | | may renew their motion after Defendants are served and have appeared. (Ordered by Judge Jane J. Boyle on 4/20/2021) (chmb) (Entered: 04/20/2021) |
| 05/06/2021 | 9 | Motion for an Order Extending the Time to File a Responsive Pleading filed by Highland Capital Management LP. (Attachments: # 1 Exhibit(s) A--Proposed Order) Attorney Zachery Z. Annable added to party Highland Capital Management LP(pty:dft) (Annable, Zachery) Modified text on 5/7/2021 (jmg). (Entered: 05/06/2021) |
| 05/07/2021 | 10 | ELECTRONIC ORDER granting in part and denying in part 9 Motion for Extension of Time to File Answer. Defendant Highland Capital Management, L.P. may file an answer or other responsive pleading on or before May 27, 2021. (Ordered by Judge Jane J. Boyle on 5/7/2021) (chmb) (Entered: 05/07/2021) |
| 05/10/2021 | 11 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-11879843) filed by Highland Capital Management LP (Attachments: # 1 Certificate of Good Standing) (Pomerantz, Jeffrey) (Entered: 05/10/2021) |
| 05/10/2021 | 12 | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-11879878) filed by Highland Capital Management LP (Attachments: # 1 Certificate of Good Standing) (Demo, Gregory) (Entered: 05/10/2021) |
| 05/10/2021 | 13 | Application for Admission Pro Hac Vice without Certificate of Good Standing (Filing fee $100; Receipt number 0539-11879894) filed by Highland Capital Management LP Attorney John A Morris added to party Highland Capital Management LP(pty:dft) (Morris, John) Modified text on 5/11/2021 (jmg). (Entered: 05/10/2021) |
| 05/10/2021 | 14 | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Robert J. Feinstein (Filing fee $100; Receipt number 0539-11879911) filed by Highland Capital Management LP (Attachments: # 1 Certificate of Good Standing) (Hayward, Melissa) (Entered: 05/10/2021) |
| 05/11/2021 | 15 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 9 Motion for an Order Extending the Time to File a Responsive Pleading (Annable, Zachery) (Entered: 05/11/2021) |
| 05/12/2021 | 16 | ELECTRONIC ORDER granting 11 Application for Admission Pro Hac Vice of Jeffrey Pomerantz. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Jane J. Boyle on 5/12/2021) (chmb) (Entered: 05/12/2021) |
| 05/12/2021 | 17 | ELECTRONIC ORDER granting 12 Application for Admission Pro Hac Vice of Gregory Demo. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Jane J. Boyle on 5/12/2021) (chmb) (Entered: 05/12/2021) |
| 05/12/2021 | 18 | ELECTRONIC ORDER granting 14 Application for Admission Pro Hac Vice of Robert Feinstein. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Jane J. Boyle on 5/12/2021) (chmb) (Entered: 05/12/2021) |
| 05/12/2021 | 19 | ELECTRONIC ORDER: 13 The Motion for Admission Pro Hac Vice filed by John Morris is deficient, as it is not accompanied by a certificate of good standing from the licensing authority of a state in which Mr. Morris is licensed to practice law. Mr. Morris must |

Appx. 00067

| | | |
|---|---|---|
| | | therefore supplement his motion. (Ordered by Judge Jane J. Boyle on 5/12/2021) (chmb) (Entered: 05/12/2021) |
| 05/12/2021 | 20 | Supplemental Document by Highland Capital Management LP as to 13 Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number 0539-11879894) *Certificate of Good Standing*. (Morris, John) (Entered: 05/12/2021) |
| 05/13/2021 | 21 | ELECTRONIC ORDER granting 13 Application for Admission Pro Hac Vice of John Morris. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Jane J. Boyle on 5/13/2021) (chmb) (Entered: 05/13/2021) |
| 05/19/2021 | 22 | MOTION for an Order to Enforce the Order of Reference filed by Highland Capital Management LP. (Attachments: # 1 Exhibit(s) A--Proposed Order) (Annable, Zachery) Modified text on 5/20/2021 (mjr). (Entered: 05/19/2021) |
| 05/19/2021 | 23 | Brief/Memorandum in Support filed by Highland Capital Management LP re: 22 MOTION for an Order to Enforce the Order of Reference. (Annable, Zachery) Modified text on 5/20/2021 (mjr). (Entered: 05/19/2021) |
| 05/19/2021 | 24 | Appendix in Support filed by Highland Capital Management LP re: 23 Brief/Memorandum in Support. (Attachments: # 1 Appendix 1, # 2 Appendix 2, # 3 Appendix 3, # 4 Appendix 4, # 5 Appendix 5, # 6 Appendix 6, # 7 Appendix 7, # 8 Appendix 8, # 9 Appendix 9, # 10 Appendix 10, # 11 Appendix 11, # 12 Appendix 12, # 13 Appendix 13, # 14 Appendix 14, # 15 Appendix 15, # 16 Appendix 16, # 17 Appendix 17, # 18 Appendix 18, # 19 Appendix 19, # 20 Appendix 20, # 21 Appendix 21, # 22 Appendix 22, # 23 Appendix 23, # 24 Appendix 24, # 25 Appendix 25, # 26 Appendix 26, # 27 Appendix 27, # 28 Appendix 28) (Annable, Zachery) Modified linkage and text on 5/20/2021 (mjr). (Entered: 05/19/2021) |
| 05/21/2021 | 25 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 23 Brief/Memorandum in Support of Motion, 24 Appendix in Support, 22 MOTION for an Order to Enforce the Order of Reference (Annable, Zachery) (Entered: 05/21/2021) |
| 05/27/2021 | 26 | MOTION to Dismiss Complaint filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A--Proposed Order) (Annable, Zachery) Modified text on 5/28/2021 (jmg). (Entered: 05/27/2021) |
| 05/27/2021 | 27 | Brief/Memorandum in Support filed by Highland Capital Management LP re 26 MOTION to Dismiss Complain. (Annable, Zachery) (Entered: 05/27/2021) |
| 05/27/2021 | 28 | Appendix in Support filed by Highland Capital Management LP re 26 MOTION to Dismiss Complaint. (Attachments: # 1 Appendix 1, # 2 Appendix 2, # 3 Appendix 3, # 4 Appendix 4, # 5 Appendix 5, # 6 Appendix 6, # 7 Appendix 7, # 8 Appendix 8, # 9 Appendix 9, # 10 Appendix 10, # 11 Appendix 11, # 12 Appendix 12, # 13 Appendix 13) (Annable, Zachery) (Entered: 05/27/2021) |
| 06/02/2021 | 29 | Partially Opposed MOTION for Extension of Time to File Response/Reply to 26 MOTION to Dismiss *(Defendant Highland Capital Management, L.P.'s Motion to Dismiss Complaint)*, 22 MOTION for an Order to Enforce the Order of Reference filed by CLO Holdco Ltd, Charitable DAF Fund LP (Sbaiti, Mazin) Modified text on 6/3/2021 (mjr). (Entered: 06/02/2021) |
| 06/03/2021 | 30 | WAIVER OF SERVICE Returned Executed as to CLO Holdco Ltd. Waiver sent on 6/1/2021; Charitable DAF Fund LP. Waiver sent on 6/1/2021. (Sbaiti, Mazin) (Entered: 06/03/2021) |

**Appx. 00068**

| 06/03/2021 | 31 | ELECTRONIC ORDER granting 29 Motion to Extend Time to File Response/Reply. Plaintiffs may file responses to both 22 the motion to enforce the order of reference and 26 the motion to dismiss on or before June 29, 2021. (Ordered by Judge Jane J. Boyle on 6/3/2021) (chmb) (Entered: 06/03/2021) |
| 06/04/2021 | 32 | CERTIFICATE OF SERVICE by Highland Capital Management LP re: 27 Brief/Memorandum in Support of Motion, 28 Appendix in Support, 26 MOTION to Dismiss. (Annable, Zachery) Modified text on 6/7/2021 (mjr). (Entered: 06/04/2021) |
| 06/22/2021 | 33 | Amended Civil Cover Sheet by CLO Holdco Ltd, Charitable DAF Fund LP. Amendment to 2 Supplemental Document. (Sbaiti, Mazin) Modified text on 6/23/2021 (mjr). (Entered: 06/22/2021) |
| 06/28/2021 | 34 | Unopposed MOTION for Leave to File Response to Motion to Dismiss in Excess of Page Limit filed by CLO Holdco Ltd, Charitable DAF Fund LP (Sbaiti, Mazin) (Entered: 06/28/2021) |
| 06/29/2021 | 35 | ELECTRONIC ORDER granting 34 Unopposed Motion for Leave to File Response in Excess of Page Limit. Plaintiffs' response to Defendant's motion to dismiss may exceed the page limit by no more than ten pages. (Ordered by Judge Jane J. Boyle on 6/29/2021) (chmb) (Entered: 06/29/2021) |
| 06/29/2021 | 36 | RESPONSE filed by CLO Holdco Ltd, Charitable DAF Fund LP re: 22 MOTION for an Order to Enforce the Order of Reference (Sbaiti, Mazin) (Entered: 06/29/2021) |
| 06/29/2021 | 37 | Appendix in Support filed by CLO Holdco Ltd, Charitable DAF Fund LP re 36 Response/Objection *Response to Motion for an Order to Enforce the Order of Reference* (Sbaiti, Mazin) (Entered: 06/29/2021) |
| 06/29/2021 | 38 | RESPONSE filed by CLO Holdco Ltd, Charitable DAF Fund LP re: 26 MOTION to Dismiss *(Defendant Highland Capital Management, L.P.'s Motion to Dismiss Complaint)* (Sbaiti, Mazin) (Entered: 06/29/2021) |
| 06/29/2021 | 39 | Appendix in Support filed by CLO Holdco Ltd, Charitable DAF Fund LP re 38 Response/Objection *to Defendant Highland Capital Management, L.P.'s Motion to Dismiss Complaint* (Sbaiti, Mazin) (Entered: 06/29/2021) |
| 07/12/2021 | 40 | Unopposed MOTION for Leave to File Reply in Excess of Page Limits *(Defendant Highland Capital Management, L.P.'s Unopposed Motion for Leave to Exceed Page Limit)* filed by Highland Capital Management LP (Attachments: # 1 Proposed Order) (Annable, Zachery) (Entered: 07/12/2021) |
| 07/13/2021 | 41 | ELECTRONIC ORDER granting 40 Unopposed Motion for Leave to Exceed Page Limit. Defendant Highland Capital Management, L.P. may file a reply of up to fifteen pages. (Ordered by Judge Jane J. Boyle on 7/13/2021) (chmb) (Entered: 07/13/2021) |
| 07/13/2021 | 42 | REPLY filed by Highland Capital Management LP re: 22 MOTION for an Order to Enforce the Order of Reference (Annable, Zachery) (Entered: 07/13/2021) |
| 07/13/2021 | 43 | Appendix in Support filed by Highland Capital Management LP re: 42 Reply. (Annable, Zachery) Modified text on 7/14/2021 (mjr). (Entered: 07/13/2021) |
| 07/13/2021 | 44 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 40 Unopposed MOTION for Leave to File Reply in Excess of Page Limits *(Defendant Highland Capital Management, L.P.'s Unopposed Motion for Leave to Exceed Page Limit)* (Annable, Zachery) (Entered: 07/13/2021) |
| 07/13/2021 | 45 | REPLY filed by Highland Capital Management LP re: 26 MOTION to Dismiss *(Defendant Highland Capital Management, L.P.'s Motion to Dismiss Complaint)* (Annable, Zachery) |

| | | (Entered: 07/13/2021) |
|---|---|---|
| 07/14/2021 | 46 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 42 Reply, 43 Appendix in Support, 45 Reply (Annable, Zachery) (Entered: 07/14/2021) |
| 07/15/2021 | 47 | MOTION to Strike 43 Appendix in Support filed by CLO Holdco Ltd, Charitable DAF Fund LP. (Bridges, Jonathan) Modified text on 7/16/2021 (mjr). (Entered: 07/15/2021) |
| 07/20/2021 | 48 | RESPONSE filed by Highland Capital Management LP re: 47 MOTION to Strike 43 Appendix in Support (Annable, Zachery) (Entered: 07/20/2021) |
| 07/23/2021 | 49 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Highland Capital Management LP. (Annable, Zachery) (Entered: 07/23/2021) |
| 07/23/2021 | 50 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Charitable DAF Fund LP. (Sbaiti, Mazin) (Entered: 07/23/2021) |
| 07/23/2021 | 51 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 48 Response/Objection (Annable, Zachery) (Entered: 07/23/2021) |
| 08/11/2021 | 52 | MOTION to Take Judicial Notice of Order filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order) (Annable, Zachery) (Entered: 08/11/2021) |
| 08/12/2021 | 53 | ELECTRONIC ORDER granting 52 Motion to Take Judicial Notice of Order. The Court takes judicial notice that the bankruptcy court held Plaintiffs and others in contempt of its orders. See Order, In re Highland Cap. Mgmt., L.P., No. 19-34054-sgj11 (Bankr. N.D. Tex. Aug. 4, 2021) (ECF No. 2660). The Court will consider this fact in addressing the remaining pending motions in this case, which are under advisement. (Ordered by Judge Jane J. Boyle on 8/12/2021) (chmb) (Entered: 08/12/2021) |
| 08/16/2021 | 54 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 52 MOTION to Take Judicial Notice of Order (Annable, Zachery) (Entered: 08/16/2021) |
| 08/26/2021 | 55 | MOTION to Stay filed by CLO Holdco Ltd, Charitable DAF Fund LP (Sbaiti, Mazin) (Entered: 08/26/2021) |
| 08/27/2021 | 56 | ELECTRONIC ORDER: Defendants are ORDERED to file a response, not to exceed ten pages, to 55 Plaintiffs' motion to stay on or before September 10, 2021. No reply will be permitted. (Ordered by Judge Jane J. Boyle on 8/27/2021) (chmb) (Entered: 08/27/2021) |
| 08/30/2021 | 57 | MOTION to Dismiss *and Joinder in Motion to Dismiss of Highland Capital Management, L.P.* filed by Highland CLO Funding Ltd (Attachments: # 1 Proposed Order)Attorney Paul R Bessette added to party Highland CLO Funding Ltd(pty:dft) (Bessette, Paul) (Entered: 08/30/2021) |
| 08/30/2021 | 58 | Brief/Memorandum in Support filed by Highland CLO Funding Ltd re 57 MOTION to Dismiss *and Joinder in Motion to Dismiss of Highland Capital Management, L.P.* (Bessette, Paul) (Entered: 08/30/2021) |
| 08/30/2021 | 59 | Appendix in Support filed by Highland CLO Funding Ltd re 58 Brief/Memorandum in Support of Motion (Attachments: # 1 Exhibit(s) A - Jackson v Dear, # 2 Exhibit(s) B - Prudential Assurance v. Newman, # 3 Exhibit(s) C - Harbourvest Settlement Agreement, # 4 Exhibit(s) D - Boleat Declaration) (Bessette, Paul) (Entered: 08/30/2021) |
| 09/10/2021 | 60 | RESPONSE filed by Highland Capital Management LP re: 55 MOTION to Stay (Annable, Zachery) (Entered: 09/10/2021) |
| 09/13/2021 | 61 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 60 Response/Objection (Annable, Zachery) (Entered: 09/13/2021) |

Appx. 00070

| 09/17/2021 | [62](#) | Unopposed MOTION for Extension of Time to File Response/Reply to [57](#) MOTION to Dismiss *and Joinder in Motion to Dismiss of Highland Capital Management, L.P.* filed by CLO Holdco Ltd, Charitable DAF Fund LP (Sbaiti, Mazin) Modified text on 9/20/2021 (mjr). (Entered: 09/17/2021) |
|---|---|---|
| 09/20/2021 | [63](#) | ADDITIONAL ATTACHMENTS to [62](#) Motion for Extension of Time to File Response/Reply by Plaintiffs CLO Holdco Ltd, Charitable DAF Fund LP. (Sbaiti, Mazin) (Entered: 09/20/2021) |
| 09/20/2021 | [64](#) | ORDER OF REFERENCE: Pursuant to 28 U.S.C. § 157 and this District's Miscellaneous Order No. 33, this case is hereby REFERRED to Judge Stacey G. C. Jernigan of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, to be adjudicated as a matter related to the consolidated Chapter 11 Bankruptcy of Highland Capital Management, L.P., Chapter 11 Case No. 19-34054. (Ordered by Judge Jane J. Boyle on 9/20/2021) (svc) (Entered: 09/20/2021) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/29/2021 12:19:17 | | |
| PACER Login: | hay10501:3480530:0 | Client Code: | HCM |
| Description: | Docket Report | Search Criteria: | 3:21-cv-00842-B |
| Billable Pages: | 7 | Cost: | 0.70 |

# EXHIBIT 7

Docket #0001  Date Filed: 5/25/2022

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

CHARITABLE DAF FUND, L.P.,    §
                             §
    Plaintiff,            §
                             §
v.                           §        Civil Action No. 3:21-CV-1710-N
                             §
HIGHLAND CAPITAL            §
MANAGEMENT, L.P.,           §
                             §
    Defendant.            §

## <u>ORDER</u>

This Order addresses Defendant Highland Capital Management, L.P.'s ("HCM")

motion for reconsideration of this Court's earlier order staying this case [8].  This case

challenges a transaction consummated in the course of a consolidated bankruptcy proceeding

and names as the sole defendant the debtor in that bankruptcy.  The Court therefore

concludes that this case constitutes a matter "related to" a case in the bankruptcy court

under the meaning of this District's Miscellaneous Order No. 33.  Accordingly, the Court

grants Defendant's motion, lifts the stay, and refers this case to Judge Stacey G.C. Jernigan

of the United States Bankruptcy Court for the Northern District of Texas, to be adjudicated

as a matter related to the Chapter 11 Bankruptcy of HCM., Chapter 11 Case No. 19-34054.

The Clerk of this Court and the Clerk of the Bankruptcy Court to which this case is referred

are directed to take such actions as are necessary to docket this matter as an Adversary

Proceeding associated with the aforementioned consolidated bankruptcy case.

ORDER – PAGE 1



1934054220252500000000000003

Appx. 00073

Case 22-03062-sgj Doc 22 Filed 06/16/22 Entered 06/16/22 16:56:17 Page 78 of 575

Case 22-03052-sgj Doc 1 Filed 05/25/22 Entered 05/25/22 17:14:18 Page 2 of 2
Case 3:21-cv-01710-N Document 18 Filed 05/19/22 Page 2 of 2 PageID 1346

Signed May 19, 2022.

David C. Godbey
United States District Judge

ORDER – PAGE 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **THE CHARITABLE DAF FUND, LP.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Cause No.** _____ |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

This matter concerns self-dealing and seeks redress for violation of state and federal law, including, but not limited to, violations of the Advisers Act of 1940, and other state causes of action.

### I.

### PARTIES

**1.**    Plaintiff The Charitable  DAF Fund, L.P. ("Plaintiff" or "DAF") is a limited partnership formed under the laws of the Cayman Islands.

**2.**    Defendant Highland Capital Management L.P. ("Highland" or "HCMLP") is a Delaware limited partnership, whose principal place of business is in Dallas, Texas, at 300 Crescent Court, Suite 700, Dallas, Texas 75201.

### II.

### JURISDICTION AND VENUE

**3.**    Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1331 and under 28 U.S.C. § 1334 because the suit arises out of post-petition acts or omissions of the debtor and certain of its principals.

---

**Appx. 00075**

**4.** This Court has personal jurisdiction over Defendant Highland Capital Management, L.P. because it has continuously done business in this state, and the causes of action arise from the acts or omissions committed in this state.

**5.** Venue is proper in this Court because a substantial number of the acts or omissions giving rise to this lawsuit and the causes of action asserted herein occurred in Dallas County.

### III.

### FACTUAL BACKGROUND

**6.** HCMLP is a registered investment advisor ("RIA") subject to the regulations of the Securities Exchange Commission.

**7.** HCMLP is both the advisor of and investor in Highland Multi Strategy Credit Fund, L.P. ("Multistrat"), a Delaware limited partnership. Highland Multi Strategy Credit Fund GP, L.P., itself a Delaware limited partnership, is the general partner of Multistrat, and HCMLP is the sole member of the general partner of Highland Multi Strategy Credit Fund GP, L.P.

**8.** HCMLP's advisory capacity is governed, or at all relevant times was governed, by the Third Amended and Restated Investment Management Agreement, effective November 1, 2013 (the "*IMA*").

**9.** The purpose of Multistrat as a vehicle was stated as such: "The Fund's investment objective is to seek attractive risk-adjusted returns, consistent with the preservation of capital and prudent investment management."

**10.** The Confidential Private Placement Memorandum for Multistrat disclosed that "[t]he Investment Manager is registered as an investment adviser with the Securities and Exchange Commission under the U.S. Investment Advisers Act of 1940, as amended (the 'Advisers Act').

---

Each prospective investor will be required to make a representation to indicate that it is a 'qualified client' as defined in the Advisers Act."

11.     Because of these agreements and roles as the General Partner and RIA, Highland owed contractual and fiduciary duties to Plaintiff as an investor in Multistrat.

12.     James Seery, the principal, CEO, and CRO of HCMLP. in its capacity as a debtor, admitted under oath that HCMLP owes fiduciary duties to the investors of the funds HCMLP manages—which would include Multistrat—and therefore, has admitted under oath that HCMLP and its governed persons owe fiduciary duties to the investors in Multistrat, which include Plaintiff, The Charitable DAF Fund, and Highland Capital Management Services, Inc., among others.

13.     As an investment vehicle advised at all times and controlled at all times by HCMLP, Multistrat purchased and owned a pool of viaticals—investments in life insurance policies keyed to the lives of other persons. When a person passes away, the life insurance money is paid to the owner of the policy—in this case, Multistrat.

14.     The notional value of the viatical pool was approximately $145 million.

15.     In or around August 2020, HCMLP sold the entire viatical pool for approximately $35,000,000—less than one quarter of the insured value.

16.     The policies insured people aged 90 on average, suggesting that the policies were highly likely to pay off in the ensuing few years given the age and life expectancies of the insureds, as well as considering the actuarial impact of the COVID pandemic.

17.     In the spring of 2020, Multistrat raised funds specifically for the purpose of paying the premiums on the viatical pool—amounts raised, borrowing availability, and liquid securities provided enough cash to pay the premiums. But HCMLP did not pursue this path as promised.

_____

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 82 of 575

Case 22-03052-sgj Doc 1-1 Filed 05/25/22    Entered 05/25/22 17:14:18    Page 4 of 11
Case 3:21-cv-01710-N    Document 1    Filed 07/22/21    Page 4 of 11    PageID 4

Instead, it sold the assets. To this day, it is unclear why the policies were sold, and why, just prior to a planned mediation.

18.     Furthermore, the process of selling was severely flawed. For example, the health assessments used to determine the likelihood and timeline for the payout were two years old. HCMLP did not cause new, up-to-date health assessments to be performed, and instead was content to rely on stale information or worse, no information at all.

19.     Furthermore, HCMLP made no effort to adjust the projected life expectancies due to the increasing age of the insureds during a process that stretched over seven months, nor for the potential impact of COVID on people over the age of 90, which would have impacted the price..

20.     Equally troubling is that Multistrat obtained the funds to pay the premiums from another investor—yet, it apparently did not use the funds for that purpose.

21.     HCMLP apparently used the proceeds of the sale to pay itself, notwithstanding the fact that there were redeemed interests waiting to be paid—interests to whom HCMLP also owed fiduciary duties.

22.     In short, HCMLP caused Multistrat to sell the viatical pool at a substantially discounted amount to curry favor with the brokers and buyers in the marketplace for no apparent benefit to Multistrat's investors or the debtor's estate.

### III.

### CAUSES OF ACTION

### First Cause of Action
### Breach of the Advisers Act

23.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

24.     Highland's actions violate the Advisers Act.

25.     As an RIA, HCMLP is subject to the Investment Advisers Act of 1940.

---

26.     The IMA imposes and incorporates the duties and obligations of the Investment Advisers Act of 1940.

27.     Under this federal law, an investment adviser is a fiduciary.[1] This includes a duty of care, a duty of loyalty, and a duty to refrain from engaging in transactions in which it is not a disinterested person.

28.     The duty of loyalty imposed by the Advisers Act of 1940 is not specifically defined in the Advisers Act or in Commission rules but reflects a Congressional recognition "of the delicate fiduciary nature of an investment advisory relationship" as well as a Congressional intent to "eliminate, or at least to expose, all conflicts of interest which might incline an investment adviser—consciously or unconsciously—to render advice which was not disinterested."

29.     To meet its duty of loyalty, an adviser must make full and fair disclosure to its clients of all material facts relating to the advisory relationship, including disclosing transactions in which the advisor has an interest, and to disclose all pertinent facts of a transaction that could affect the client or the client's interest.[2] In order for disclosure to be full and fair, it should be sufficiently specific so that a client is able to understand the material fact or conflict of interest and make an informed decision whether to provide consent.

---

[1] *SEC v. Capital Gains Research Bureau, Inc.,* 375 U.S. 180, 194 (1963). *Santa Fe Indus.* v. *Green*, 430 U.S. 462, 471, n.11 (1977) (in discussing SEC v. Capital Gains, stating that the Supreme Court's "references to fraud in the "equitable" sense of the term was "premised on its recognition that Congress intended the Investment Advisers Act to establish federal fiduciary standards for investment advisers"); Investment Advisers Act Release No. 3060 (July 28, 2010) ("Under the Advisers Act, an adviser is a fiduciary whose duty is to serve the best interests of its clients, which includes an obligation not to subrogate clients' interests to its own," citing *Proxy Voting by Investment Advisers*, Investment Advisers Act Release No. 2106 (Jan. 31, 2003) ("Investment Advisers Act Release 2106")).

[2] *SEC v. Capital Gains*, supra, at 200 ("Failure to disclose material facts must be deemed fraud or deceit within its intended meaning."). Investment Advisers Act Release 3060, supra, footnote 15 ("as a fiduciary, an adviser has an ongoing obligation to inform its clients of any material information that could affect the advisory relationship"); see also General Instruction 3 to Part 2 of Form ADV ("Under federal and state law, you are a fiduciary and must make full disclosure to your clients of all material facts relating to the advisory relationship.").

---

Case 22-03062-sgj  Doc 22  Filed 06/16/22   Entered 06/16/22 16:56:17    Page 84 of 575

Case 22-03052-sgj  Doc 1-1  Filed 05/25/22    Entered 05/25/22 17:14:18    Page 6 of 11
Case 3:21-cv-01710-N   Document 1   Filed 07/22/21   Page 6 of 11   PageID 6

30.     This fiduciary duty also requires an adviser "to adopt the principal's goals, objectives, or ends." This means the adviser must, at all times, serve the best interest of its client and not subordinate its client's interest to its own. In other words, the investment adviser cannot place its own interests ahead of the interests of its client and must at all times act for the interests of its investors.[3]

31.     Here, the goals of Multistrat included "to seek attractive risk adjusted returns, consistent with the preservation of capital and prudent investment management."

32.     The duty of care includes, among other things: (i) the duty to provide advice that is in the best interest of the client, (ii) the duty to seek best execution of a client's transactions where the adviser has the responsibility to select broker-dealers to execute client trades, and (iii) the duty to provide advice and monitoring over the course of the relationship.

33.     These fiduciary duties are **unwaivable**, and any agreement made in derogation of the obligations under the Advisers Act is **void**.

34.     Therefore, Plaintiff seeks to declare the sale of the viaticals void because they were accomplished in violation of the Advisers Act.

35.     Plaintiff further seeks to declare the agreement(s) between Highland and Multistrat void because they were continued in violation of the Advisers Act.

### <u>Second Cause of Action</u>
### Breach of Fiduciary Duty

36.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

---

[3] Investment Advisers Act Release 3060 (adopting amendments to Form ADV and stating that "[u]nder the Advisers Act, an adviser is a fiduciary whose duty is to serve the best interests of its clients, which includes an obligation not to subrogate clients' interests to its own," citing Investment Advisers Act Release 2106, supra footnote 15). *SEC v. Tambone*, 550 F.3d 106, 146 (1st Cir. 2008) ("Section 206 imposes a fiduciary duty on investment advisers to act at all times in the best interest of the fund..."); *Sec. & Exch. Commission v. Moran*, 944 F. Supp. 286, 297 (S.D.N.Y 1996) ("Investment advisers are entrusted with the responsibility and duty to act in the best interest of their clients.").

Case 22-03062-sgj  Doc 22  Filed 06/16/22    Entered 06/16/22 16:56:17    Page 85 of 575

Case 22-03052-sgj  Doc 1-1  Filed 05/25/22    Entered 05/25/22 17:14:18    Page 7 of 11
Case 3:21-cv-01710-N   Document 1   Filed 07/22/21   Page 7 of 11  PageID 7

37.      As an RIA, HCMLP is subject to the Investment Advisers Act of 1940.

38.      The IMA imposes and incorporates the duties and obligations of the Investment Advisers Act of 1940.

39.      Under this federal law, an investment adviser is a fiduciary.[4] This includes a duty of care,  a duty of loyalty, and a duty to refrain from engaging in transactions in which it is not a disinterested person.

40.      The duty of loyalty imposed by the Advisers Act of 1940 is not specifically defined in the Advisers Act or in Commission rules, but reflects a Congressional recognition "of the delicate fiduciary nature of an investment advisory relationship" as well as a Congressional intent to "eliminate, or at least to expose, all conflicts of interest which might incline an investment adviser—consciously or unconsciously—to render advice which was not disinterested."

41.      To meet its duty of loyalty, an adviser must make full and fair disclosure to its clients of all material facts relating to the advisory relationship, including disclosing transactions in which the advisor has an interest, and to disclose all pertinent facts of a transaction that could affect the client or the client's interest.[5] In order for disclosure to be full and fair, it should be

---

[4] *SEC v. Capital Gains Research Bureau, Inc.,* 375 U.S. 180, 194 (1963). *Santa Fe Indus.* v. *Green*, 430 U.S. 462, 471, n.11 (1977) (in discussing SEC v. Capital Gains, stating that the Supreme Court's reference to fraud in the "equitable" sense of the term was "premised on its recognition that Congress intended the Investment Advisers Act to establish federal fiduciary standards for investment advisers"); Investment Advisers Act Release No. 3060 (July 28, 2010) ("Under the Advisers Act, an adviser is a fiduciary whose duty is to serve the best interests of its clients, which includes an obligation not to subrogate clients' interests to its own," citing *Proxy Voting by Investment Advisers*, Investment Advisers Act Release No. IA2106 (Jan. 31, 2003) ("Investment Advisers Act Release 2106")).

[5] *SEC v. Capital Gains*, supra, at 200 ("Failure to disclose material facts must be deemed fraud or deceit within its intended meaning."). Investment Advisers Act Release 3060, supra, footnote 15 ("as a fiduciary, an adviser has an ongoing obligation to inform its clients of any material information that could affect the advisory relationship"); see also General Instruction 3 to Part 2 of Form ADV ("Under federal and state law, you are a fiduciary and must make full disclosure to your clients of all material facts relating to the advisory relationship.").

---

sufficiently specific so that a client is able to understand the material fact or conflict of interest and make an informed decision whether to provide consent.

42.     This fiduciary duty also requires an adviser "to adopt the principal's goals, objectives, or ends." This means the adviser must, at all times, serve the best interest of its client and not subordinate its client's interest to its own. In other words, the investment adviser cannot place its own interests ahead of the interests of its client and must at all times act for the interests of its investors.[6]

43.     Here, the goals of Multistrat included "to seek attractive risk adjusted returns, consistent with the preservation of capital and prudent investment management."

44.     The duty of care includes, among other things: (i) the duty to provide advice that is in the best interest of the client, (ii) the duty to seek best execution of a client's transactions where the adviser has the responsibility to select broker-dealers to execute client trades, and (iii) the duty to provide advice and monitoring over the course of the relationship.

45.     These fiduciary duties are **unwaivable**, and any agreement made in derogation of the obligations under the Advisers Act is **void**.

46.     HCMLP's CEO testified under oath that he and HCMLP were aware of these duties and had to comply with them.

47.     Section 204 of the Advisers Act requires HCMLP to carry written policies and procedures that must be followed in order to adhere to its federal obligations.

---

[6] Investment Advisers Act Release 3060 (adopting amendments to Form ADV and stating that "[u]nder the Advisers Act, an adviser is a fiduciary whose duty is to serve the best interests of its clients, which includes an obligation not to subrogate clients' interests to its own," citing Investment Advisers Act Release 2106, supra footnote 15). *SEC v. Tambone*, 550 F.3d 106, 146 (1st Cir. 2008) ("Section 206 imposes a fiduciary duty on investment advisers to act at all times in the best interest of the fund..."); *SEC v. Moran*, 944 F. Supp. 286, 297 (S.D.N.Y 1996) ("Investment advisers are entrusted with the responsibility and duty to act in the best interest of their clients.").

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 87 of 575

Case 22-03052-sgj Doc 1-1 Filed 05/25/22    Entered 05/25/22 17:14:18    Page 9 of 11
Case 3:21-cv-01710-N    Document 1    Filed 07/22/21    Page 9 of 11    PageID 9

48.     Section 206 of the Advisers Act prohibits transactions by an adviser that were accomplished via a "deceit" on a client or prospective client, e.g., by concealing the role and interest the adviser has in the transaction, or via engaging in a course of conduct that has a tendency to mislead a client or which is manipulative.

49.     These breaches include, but are not limited to (1) selling the viatical pool at a distressed price when it was not in distress and there was no need for Multistrat to sell; (2) concealing the information about the transaction from the Plaintiff; (3) failing to advise the Plaintiff of the opportunity to purchase the viatical pool—especially when it knew the Plaintiff had an interest in the pool and had the means of purchasing it for more cash than $35 million; (4) concealing the purpose behind the sale of the viatical pool and the conflicts of interest that inhere in the transaction; (5) causing  the viatical pool to be sold in a manner that violated the rights of the Plaintiff as an investor in Multistrat (e.g., by failing to conduct an auction, obtaining competitive bids and taking the pool to market); and (6) utilizing the sale proceeds for its own ends—namely, to enrich itself.

50.     The Advisers Act declares any contract that was made in violation of its provisions or regulations, or any contract that has been performed in violation of the Advisors Act, **void**.

51.     The Advisers Act created a private right of action to void unlawful agreements and acts and to seek such equitable relief as accompanies such claims.

52.     Texas law allows a fiduciary plaintiff to seek damages for breaches of fiduciary duty and to seek disgorgement of all ill-gotten gains obtained by a fiduciary.

53.     Plaintiff has been damaged due to the breaches of fiduciary duty outlined herein, and it  is entitled to recover damages, punitive damages, and attorneys' fees.

_____

Original Complaint                                                                                    Page 9

Case 22-03062-sgj Doc 22 Filed 06/16/22   Entered 06/16/22 16:56:17   Page 88 of 575

Case 22-03052-sgj Doc 1-1 Filed 05/25/22   Entered 05/25/22 17:14:18   Page 10 of 11
Case 3:21-cv-01710-N   Document 1   Filed 07/22/21   Page 10 of 11   PageID 10

54.     To the extent this claim must be brought as a derivative action, it is plain that the demand requirement under Delaware law could not be met because serving a demand on Highland or  to sue Highland would have been futile.

### Third Cause of Action
**Breach of Contract**

55.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56.     The IMA imposes a duty of prudent investment management for the benefit of the investors in Multistrat and incorporate the duties and obligations of the Investment Advisers Act of 1940.

57.     The violations set forth above constitute a breach of each or both of these agreements.

58.     These breaches include, but are not limited to (1) selling the viatical pool at a distressed price when it was not in distress and there was no need for Multistrat to sell; (2) concealing the information about the transaction from the Plaintiff; (3) failing to advise the Plaintiff of the opportunity to purchase the viatical pool—especially when it knew the Plaintiff had an interest in the pool and had the means of purchasing it for more cash than $35 million; (4) concealing the purpose behind the sale of the viatical pool and the conflicts of interest that inhere in the transaction; (5) causing  the viatical pool to be sold in a manner that violated the rights of the Plaintiff as an investor in Multistrat (e.g., by failing to conduct an auction, obtaining competitive bids, and taking the pool to market); and (6) utilizing the sale proceeds for its own ends—namely, to enrich itself.

59.     Plaintiff has been damaged by the breaches of contract outlined herein.

60.     Plaintiff is entitled to recover damages and attorneys' fees.

---

Case 22-03062-sgj Doc 22 Filed 06/16/22 Entered 06/16/22 16:56:17 Page 89 of 575

Case 22-03052-sgj Doc 1-1 Filed 05/25/22 Entered 05/25/22 17:14:18 Page 11 of 11
Case 3:21-cv-01710-N Document 1 Filed 07/22/21 Page 11 of 11 PageID 11

## JURY DEMAND AND PRAYER

**61.** Plaintiff demands trial by jury.

**62.** Plaintiff respectfully requests judgment and an order:

- Disgorging all ill-gotten gains in an amount to be determined at trial;

- Voiding the sale and other relevant agreements herein with HCMLP pursuant to the Advisers Act;

- Awarding damages in an amount to be determined at trial;

- Awarding punitive damages in an amount to be determined at trial;

- Awarding attorneys' fees and costs in an amount to be determined at trial;

- Awarding all interim and final relief to which Plaintiff is legally or equitably entitled under the facts and circumstances raised herein.

Dated: July 22, 2021                        Respectfully submitted,

                                            **SBAITI & COMPANY PLLC**

                                            */s/ Mazin A. Sbaiti*
                                            **Mazin A. Sbaiti**
                                            Texas Bar No. 24058096
                                            **Jonathan Bridges**
                                            Texas Bar No. 24028835
                                            JPMorgan Chase Tower
                                            2200 Ross Avenue – Suite 4900W
                                            Dallas, TX 75201
                                            T: (214) 432-2899
                                            F: (214) 853-4367
                                            E: mas@sbaitilaw.com
                                               jeb@sbaitilaw.com

                                            **Counsel for Plaintiff**

---

Original Complaint                                              Page 11

**Appx. 00085**

JS 44   (Rev. 10/20)                                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

The Charitable DAF Fund, L.P.

**DEFENDANTS**

Highland Capital Management, L.P.

**(b)** County of Residence of First Listed Plaintiff       Cayman Islands
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant      Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sbaiti & Company PLLC, 2200 Ross Avenue, Suite 4900W,
Dallas, TX  75201

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                     and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                                     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 80b-1
Brief description of cause:
Adviser's Act violation

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*
JUDGE    Stacey G. Jernigan

DOCKET NUMBER    19-34054-sgi11 NDTX-BK

DATE
July 22, 2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mazin A. Sbaiti

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

Appx. 00086

JURY

## U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-01710-N

Charitable DAF Fund LP v. Highland Capital Management LP
Assigned to: Judge David C Godbey
Cause: 28:1331 Fed. Question

Date Filed: 07/22/2021
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutes: Other
Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Charitable DAF Fund LP**                    represented by    **Mazin A Sbaiti**
                                                                Sbaiti & Company PLLC
                                                                J.P. Morgan Chase Tower
                                                                2200 Ross Avenue
                                                                Suite 4900W
                                                                Dallas, TX 75201
                                                                214-432-2899
                                                                Fax: 214-853-4367
                                                                Email: MAS@SbaitiLaw.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*
                                                                *Bar Status: Admitted/In Good Standing*

                                                                **Jonathan Bridges**
                                                                Sbaiti & Company PLLC
                                                                2200 Ross Ave
                                                                Suite 4900W
                                                                Dallas, TX 75201
                                                                214-432-2899
                                                                Fax: 214/754-1933 FAX
                                                                Email: jeb@sbaitilaw.com
                                                                *ATTORNEY TO BE NOTICED*
                                                                *Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**Highland Capital Management LP**            represented by    **Zachery Z. Annable**
                                                                Hayward PLLC
                                                                10501 N. Central Expressway
                                                                Suite 106
                                                                Dallas, TX 75231
                                                                972-755-7108
                                                                Fax: 972-755-7110
                                                                Email: zannable@haywardfirm.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*
                                                                *Bar Status: Admitted/In Good Standing*

**Appx. 00087**

**Gregory V Demo**
Pachulski Stang Ziehl & Jones LLP
780 Third Ave
34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
Email: gdemo@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Hayley R Winograd**
Pachulski Stand Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
*Bar Status: Not Admitted*

**Jeffrey N Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd
13th Floor
Los Angeles, CA 90067
310-227-6910
Fax: 310-201-0760
Email: jpomerantz@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John A Morris**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
212-561-7700
Fax: 212-561-7777
Email: jmorris@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Melissa S Hayward**
Hayward PLLC
10501 N Central Expwy
Suite 106
Dallas, TX 75231
972-755-7100
Fax: 972-755-7104
Email: mhayward@haywardfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

Appx. 00088

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/2021 | 1 | COMPLAINT WITH JURY DEMAND against Highland Capital Management LP filed by Charitable DAF Fund LP. (Filing fee $402; Receipt number 0539-12078150) Plaintiff will submit summons(es) for issuance. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Civil Cover Sheet) (Sbaiti, Mazin) (Entered: 07/22/2021) |
| 07/22/2021 | 2 | Request for Clerk to issue Summons to Highland Capital Management, L.P. filed by Charitable DAF Fund LP. (Sbaiti, Mazin) (Entered: 07/22/2021) |
| 07/22/2021 | 3 | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Rutherford). Clerk to provide copy to plaintiff if not received electronically. (ndt) (Entered: 07/23/2021) |
| 07/23/2021 | 4 | Summons Issued as to Highland Capital Management LP. (ndt) (Entered: 07/23/2021) |
| 07/23/2021 | 5 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Charitable DAF Fund LP. (Sbaiti, Mazin) (Entered: 07/23/2021) |
| 08/26/2021 | 6 | MOTION to Stay filed by Charitable DAF Fund LP (Sbaiti, Mazin) (Entered: 08/26/2021) |
| 09/07/2021 | 7 | ELECTRONIC ORDER granting 6 Motion to Stay. (Ordered by Judge David C Godbey on 9/7/2021) (chmb) (Entered: 09/07/2021) |
| 10/05/2021 | 8 | MOTION for Reconsideration re 7 Order on Motion to Stay *(Highland Capital Management, L.P.'s Motion for Reconsideration of Stay Order)* filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A)Attorney Zachery Z. Annable added to party Highland Capital Management LP(pty:dft) (Annable, Zachery) (Entered: 10/05/2021) |
| 10/05/2021 | 9 | Brief/Memorandum in Support filed by Highland Capital Management LP re 8 MOTION for Reconsideration re 7 Order on Motion to Stay *(Highland Capital Management, L.P.'s Motion for Reconsideration of Stay Order)* (Annable, Zachery) (Entered: 10/05/2021) |
| 10/05/2021 | 10 | Appendix in Support filed by Highland Capital Management LP re 8 MOTION for Reconsideration re 7 Order on Motion to Stay *(Highland Capital Management, L.P.'s Motion for Reconsideration of Stay Order)* (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 Exhibit(s) 8, # 9 Exhibit(s) 9, # 10 Exhibit(s) 10, # 11 Exhibit(s) 11, # 12, # 13 Exhibit(s) 13, # 14 Exhibit(s) 14, # 15 Exhibit(s) 15, # 16 Exhibit(s) 16, # 17 Exhibit(s) 17, # 18 Exhibit(s) 18, # 19 Exhibit(s) 19, # 20 Exhibit(s) 20, # 21 Exhibit(s) 21, # 22 Exhibit(s) 22, # 23 Exhibit(s) 23, # 24 Exhibit(s) 24, # 25 Exhibit(s) 25, # 26 Exhibit(s) 26, # 27 Exhibit(s) 27) (Annable, Zachery) (Entered: 10/05/2021) |
| 10/05/2021 | 11 | MOTION to Dismiss *(Highland Capital Management, L.P.'s Motion to Dismiss)* filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A) (Annable, Zachery) (Entered: 10/05/2021) |
| 10/05/2021 | 12 | Brief/Memorandum in Support filed by Highland Capital Management LP re 11 MOTION to Dismiss *(Highland Capital Management, L.P.'s Motion to Dismiss)* (Annable, Zachery) |

| | | (Entered: 10/05/2021) |
|---|---|---|
| 10/05/2021 | 13 | Appendix in Support filed by Highland Capital Management LP re 11 MOTION to Dismiss *(Highland Capital Management, L.P.'s Motion to Dismiss)* (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3) (Annable, Zachery) (Entered: 10/05/2021) |
| 10/11/2021 | 14 | CERTIFICATE OF SERVICE by Highland Capital Management LP re: 8 MOTION for Reconsideration, 9 Brief/Memorandum in Support of Motion, 10 Appendix in Support, 11 MOTION to Dismiss *(Highland Capital Management, L.P.'s Motion to Dismiss)*, 12 Brief/Memorandum in Support of Motion, 13 Appendix in Support. (Annable, Zachery) Modified text on 10/12/2021 (mjr). (Entered: 10/11/2021) |
| 10/27/2021 | 15 | RESPONSE filed by Charitable DAF Fund LP re: 8 MOTION for Reconsideration re 7 Order on Motion to Stay *(Highland Capital Management, L.P.'s Motion for Reconsideration of Stay Order)* (Sbaiti, Mazin) (Entered: 10/27/2021) |
| 11/05/2021 | 16 | REPLY filed by Highland Capital Management LP re: 8 MOTION for Reconsideration re 7 Order on Motion to Stay *(Highland Capital Management, L.P.'s Motion for Reconsideration of Stay Order)* (Annable, Zachery) (Entered: 11/05/2021) |
| 11/12/2021 | 17 | CERTIFICATE OF SERVICE by Highland Capital Management LP re 16 Reply (Annable, Zachery) (Entered: 11/12/2021) |
| 05/19/2022 | 18 | ORDER re: 8 Motion for Reconsideration. The Court grants Defendant's motion, lifts the stay, and refers this case to Judge Stacey G.C. Jernigan of the United States Bankruptcy Court for the Northern District of Texas, to be adjudicated as a matter related to the Chapter 11 Bankruptcy of HCM., Chapter 11 Case No. 10-34054. The Clerk of this Court and the Clerk of the Bankruptcy Court to which this case is referred are directed to take such actions as are necessary to docket this matter as an Adversary Proceeding associated with the aforementioned consolidated bankruptcy case. (Ordered by Judge David C Godbey on 5/19/2022) (oyh) (Main Document 18 replaced on 5/23/2022) (twd). (Entered: 05/20/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/25/2022 16:21:04 | | | |
| **PACER Login:** | mmathews01:5861713:5854364 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:21-cv-01710-N |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**

# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **THE DUGABOY INVESTMENT TRUST,** | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Cause No.** _____ |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **LP,** | § | |
| | § | |
| *Defendant*. | § | |

<u>**ORIGINAL COMPLAINT**</u>

This matter concerns grave accounts of self-dealing and deception and seeks redress for violation of federal law including, but not limited to, violations of the Advisers Act of 1940, and other state causes of action.

**I.**

<u>**PARTIES**</u>

**1.**     Plaintiff, The Dugaboy Investment Trust ("<u>Plaintiff</u>"), is a Delaware perpetual non-revocable trust with its principal place of business in Dallas County, Texas.

**2.**     Defendant Highland Capital Management LP ("<u>Highland</u>" or "<u>HCMLP</u>") is a Delaware limited partnership, whose principal place of business is in Dallas, Texas.

**II.**

<u>**JURISDICTION AND VENUE**</u>

**3.**     Subject matter jurisdiction is proper in this court under 28 U.S.C. § 1331, and under 28 U.S.C. § 1334 because the suit arises out of post-petition acts or omissions of the debtor and certain of its principals.

**Appx. 00092**

4.      This Court has general personal jurisdiction over Defendant Highland Capital Management, LP, because it has continuously done business in this state, and the causes of action arise from the acts or omissions committed in this state.

5.      Venue is proper in this Court because a substantial number of the acts or omissions giving rise to this lawsuit and the causes of action asserted herein occurred in Dallas County.

### III.

### FACTUAL BACKGROUND

6.      HCMLP is a registered investment advisor ("RIA") subject to the regulations of the Securities Exchange Commission.

7.      HCMLP is both the advisor of and investor in Highland Multi Strategy Credit Fund, LP ("Multistrat"), a Delaware limited partnership. Highland Multi Strategy Credit Fund GP, L.P., itself a Delaware limited partnership, is the general partner of Multistrat, and HCMLP is the sole member of the general partner of Highland Multi Strategy Credit Fund GP, L.P.

8.      HCMLP's advisory capacity is governed, or at all relevant times was governed, by the Third Amended and Restated Investment Management Agreement, effective November 1, 2013 (the "IMA").

9.      The purpose of Multistrat as a vehicle was stated as such: "The Fund's investment objective is to seek attractive risk-adjusted returns, consistent with the preservation of capital and prudent investment management."

10.      The Confidential Private Placement Memorandum for Multistrat disclosed that "[t]he Investment Manager is registered as an investment adviser with the Securities and Exchange Commission under the U.S. Investment Advisers Act of 1940, as amended (the 'Advisers Act').

---

Appx. 00093

Each prospective investor will be required to make a representation to indicate that it is a 'qualified client' as defined in the Advisers Act."

11.     Because of these agreements and roles as the General Partner and RIA, Highland owed contractual and fiduciary duties to Plaintiff, as an investor in Multistrat.

12.     James Seery, the principal, CEO, and CRO of HCMLP in its capacity as a debtor, admitted under oath that HCMLP owes fiduciary duties to the investors of the funds HCMLP manages—which would include Multistrat—and therefore, has admitted under oath that HCMLP and its governed persons owe fiduciary duties to the investors in Multistrat, which includes Plaintiff, the Charitable DAF Fund, Ltd., and Highland Capital Management Services, Inc., among others.

13.     As an investment vehicle advised at all times and controlled at all times by HCMLP, Multistrat purchased and owned a pool of viaticals—investments in life insurance policies keyed to the lives of other persons. When a person passes away, the life insurance money is paid to the owner of the policy—in this case, Multistrat.

14.     The notional value of the viatical pool was approximately $145 million.

15.     In or around August 2020, HCMLP sold the entire viatical pool for approximately $35,000,000 – less than one quarter of the insured value.

16.     The policies insured people aged 90 on average, suggesting that the policies were highly likely to pay off in the ensuing few years given the age and life expectancies of the insureds, as well as considering the actuarial impact of the COVID pandemic.

17.     In the spring of 2020, Multistrat raised funds specifically for the purpose of paying the premiums on the viatical pool—amounts raised, borrowing availability, and liquid securities provided enough cash to pay the premiums. But HCMLP did not pursue this path as promised.

---

Instead, it sold the assets. To this day it is unclear why the policies were sold, and why, just prior to a planned mediation.

18.     Furthermore, the process of selling was severely flawed. For example, the health assessments used to determine the likelihood and timeline for the payout were two years old. HCMLP did not cause new, up-to-date health assessments to be performed, and instead was content to rely on stale information or worse, no information at all.

19.     Furthermore, HCMLP made no effort to adjust the projected life expectancies due to the increasing age of the insureds during a process that stretched over seven months, nor for the potential impact of COVID on people over the age of 90, which would have impacted the price..

20.     Equally troubling is that Multistrat obtained the funds to pay the premiums from another investor—yet, it apparently did not use the funds for that purpose.

21.     HCMLP apparently used the proceeds of the sale to pay itself, notwithstanding the fact that there were redeemed interests waiting to be paid—interests to whom HCMLP also owed fiduciary duties.

22.     In short, HCMLP caused Multistrat to sell the viatical pool at a substantially discounted amount to curry favor with the brokers and buyers in the marketplace for no apparent benefit to Multistrat's investors or the debtor's estate.

### III.

### CAUSES OF ACTION

#### First Cause of Action
#### Breach of Fiduciary Duty

23.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

24.     As an RIA, HCMLP is subject to the Investment Advisers Act of 1940.

25.     The contracts set forth above—the subscription agreement and the IMA—impose and incorporate the duties and obligations of the Investment Advisers Act of 1940.

26.     Under this federal law, an investment adviser is a fiduciary.[1] This includes a duty of care,  a duty of loyalty, and a duty to refrain from engaging in transactions in which it is not a disinterested person.

27.     The duty of loyalty imposed by the Advisers Act of 1940 is not specifically defined in the Advisers Act or in Commission rules, but reflects a Congressional recognition "of the delicate fiduciary nature of an investment advisory relationship" as well as a Congressional intent to "eliminate, or at least to expose, all conflicts of interest which might incline an investment adviser—consciously or unconsciously—to render advice which was not disinterested."

28.     To meet its duty of loyalty, an adviser must make full and fair disclosure to its clients of all material facts relating to the advisory relationship, including disclosing transactions in which the advisor has an interest, and to disclose all pertinent facts of a transaction that could affect the client or the client's interest.[2] In order for disclosure to be full and fair, it should be sufficiently specific so that a client is able to understand the material fact or conflict of interest and make an informed decision whether to provide consent.

---

[1] *SEC v. Capital Gains Research Bureau, Inc.,* 375 U.S. 180, 194 (1963). *Santa Fe Indus.* v. *Green*, 430 U.S. 462, 471, n.11 (1977) (in discussing SEC v. Capital Gains, stating that the Supreme Court's reference to fraud in the "equitable" sense of the term was "premised on its recognition that Congress intended the Investment Advisers Act to establish federal fiduciary standards for investment advisers"); Investment Advisers Act Release No. 3060 (July 28, 2010) ("Under the Advisers Act, an adviser is a fiduciary whose duty is to serve the best interests of its clients, which includes an obligation not to subrogate clients' interests to its own," citing *Proxy Voting by Investment Advisers*, Investment Advisers Act Release No. IA2106 (Jan. 31, 2003) ("Investment Advisers Act Release 2106")).

[2] *SEC v. Capital Gains*, supra, at 200 ("Failure to disclose material facts must be deemed fraud or deceit within its intended meaning."). Investment Advisers Act Release 3060, supra, footnote 15 ("as a fiduciary, an adviser has an ongoing obligation to inform its clients of any material information that could affect the advisory relationship"); see also General Instruction 3 to Part 2 of Form ADV ("Under federal and state law, you are a fiduciary and must make full disclosure to your clients of all material facts relating to the advisory relationship.").

---

29.     This fiduciary duty also requires an adviser "to adopt the principal's goals, objectives, or ends." This means the adviser must, at all times, serve the best interest of its client and not subordinate its client's interest to its own. In other words, the investment adviser cannot place its own interests ahead of the interests of its client and must at all times act for the interests of its investors.[3]

30.     Here, the goals of Multistrat included "to seek attractive risk adjusted returns, consistent with the preservation of capital and prudent investment management."

31.     The duty of care includes, among other things: (i) the duty to provide advice that is in the best interest of the client, (ii) the duty to seek best execution of a client's transactions where the adviser has the responsibility to select broker-dealers to execute client trades, and (iii) the duty to provide advice and monitoring over the course of the relationship.

32.     These fiduciary duties are **unwaivable**, and any agreement made in derogation of the obligations under the Advisers Act is **void**.

33.     HCMLP's CEO testified under oath that he and HCMLP were aware of these duties and had to comply with them.

34.     Section 204 of the Advisers Act requires HCMLP to carry written policies and procedures that must be followed in order to adhere to its federal obligations.

35.     Section 206 of the Advisers Act prohibits transactions by an adviser that were accomplished via a "deceit" on a client or prospective client, e.g., by concealing the role and

---

[3] Investment Advisers Act Release 3060 (adopting amendments to Form ADV and stating that "[u]nder the Advisers Act, an adviser is a fiduciary whose duty is to serve the best interests of its clients, which includes an obligation not to subrogate clients' interests to its own," citing Investment Advisers Act Release 2106, supra footnote 15). *SEC v. Tambone*, 550 F.3d 106, 146 (1st Cir. 2008) ("Section 206 imposes a fiduciary duty on investment advisers to act at all times in the best interest of the fund..."); *SEC v. Moran*, 944 F. Supp. 286, 297 (S.D.N.Y 1996) ("Investment advisers are entrusted with the responsibility and duty to act in the best interest of their clients.").

interest the adviser has in the transaction, or via engaging in a course of conduct that has a tendency to mislead a client or which is manipulative.

36.     These breaches include, but are not limited to (1) selling the viatical pool at a distressed price when it was not in distress and there was no need for Multistrat to sell; (2) concealing the information about the transaction from the Plaintiff; (3) failing to advise the Plaintiff of the opportunity to purchase the viatical pool—especially when it knew the Plaintiff had an interest in the pool and had the means of purchasing it for more cash than $35 million; (4) concealing the purpose behind the sale of the viatical pool and the conflicts of interest that inhere in the transaction; (5) causing the viatical pool to be sold in a manner that violated the rights of the Plaintiff as an investor in Multistrat (e.g., by failing to conduct an auction, obtaining competitive bids, and taking the pool to market); and (6) utilizing the sale proceeds for its own ends—namely, to enrich itself.

37.     The Advisors Act declares any contract that was made in violation of its provisions or regulations, or any contract that has been performed in violation of the Advisors Act, **void**.

38.     The Advisers Act created a private right of action to void unlawful agreements and acts and to seek such equitable relief as accompanies such claims.

39.     Texas law allows a fiduciary plaintiff to seek damages for breaches of fiduciary duty and to seek disgorgement of all ill-gotten gains obtained by a fiduciary.

40.     Plaintiff has been damaged due to the breaches of fiduciary duty outlined herein, and it is entitled to recover damages, punitive damages, and attorneys' fees.

41.     To the extent this claim must be brought as a derivative action, it is plain that the demand requirement under Delaware law could not be met because serving a demand on Highland or to sue Highland would have been futile.

### Second Cause of Action
### Breach of Contract

**42.**     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**43.**     The contracts set forth above—the subscription agreement and the IMA—impose a duty of prudent investment management for the benefit of the investors in Multistrat and incorporate the duties and obligations of the Investment Advisers Act of 1940.

**44.**     The violations set forth above constitute a breach of each or both of these agreements.

**45.**     These breaches include, but are not limited to (1) selling the viatical pool at a distressed price when it was not in distress and there was no need for Multistrat to sell; (2) concealing the information about the transaction from the Plaintiff; (3) failing to advise the Plaintiff of the opportunity to purchase the viatical pool—especially when it knew the Plaintiff had an interest in the pool and had the means of purchasing it for more cash than $35 million; (4) concealing the purpose behind the sale of the ,viatical pool and the conflicts of interest that inhere in the transaction; (5) causing  the viatical pool to be sold in a manner that violated the rights of the Plaintiff as an investor in Multistrat (e.g., by failing to conduct an auction,  obtaining competitive bids, and taking the pool to market); and (6) utilizing the sale proceeds for its own ends—namely, to enrich itself.

**46.**     Plaintiff has been damaged by the breaches of contract outlined herein.

**47.**     Plaintiff is entitled to recover damages and attorneys' fees.

### JURY DEMAND AND PRAYER

**48.**     Plaintiff demands trial by jury.

**49.**     Plaintiff respectfully requests judgment and an order:

- Disgorging all ill-gotten gains in an amount to be determined at trial;

---

- Voiding the IMA agreements herein with HCMLP pursuant to the Advisers Act;

- Awarding damages in an amount to be determined at trial;

- Awarding punitive damages in an amount to be determined at trial;

- Awarding attorneys' fees and costs in an amount to be determined at trial;

- Awarding all interim and final relief to which Plaintiff is legally or equitably
  entitled under the facts and circumstances raised herein.

Dated:  June 23, 2021                              Respectfully submitted,

                                                   **SBAITI & COMPANY PLLC**

                                                   */s/  Mazin A. Sbaiti*
                                                   **Mazin A. Sbaiti**
                                                   Texas Bar No. 24058096
                                                   **Jonathan Bridges**
                                                   Texas Bar No. 24028835
                                                   JPMorgan Chase Tower
                                                   2200 Ross Avenue – Suite 4900W
                                                   Dallas, TX  75201
                                                   T:  (214) 432-2899
                                                   F:  (214) 853-4367
                                                   E:  mas@sbaitilaw.com
                                                         jeb@sbaitilaw.com

                                                   **Counsel for Plaintiff**

---

Original Complaint                                                              Page 9

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

The Dugaboy Investment Trust

**DEFENDANTS**

Highland Capital Management, LP

**(b)** County of Residence of First Listed Plaintiff   Dallas County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sbaiti & Company PLLC, 2200 Ross Avenue, Suite 4900W, Dallas, TX 75201 (T: 214-432-2899)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | |
| ☐ 2 | U.S. Government Defendant | |
| ☒ 3 | Federal Question *(U.S. Government Not a Party)* | |
| ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 80b-1

Brief description of cause:
Adviser's Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Stacey G. Jernigan    DOCKET NUMBER   19-34054-sgj11 NDTXBK

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**Appx. 00101**

JS 44 Reverse (Rev. 10/20) - TXND (10/20)

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**EXHIBIT 9**

Docket #1943  Date Filed: 02/22/2021



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 22, 2021**

_____        _____
**United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Debtor. | ) | |

### ORDER (I) CONFIRMING THE FIFTH AMENDED
### PLAN OF REORGANIZATION OF HIGHLAND CAPITAL
### MANAGEMENT, L.P. (AS MODIFIED) AND (II) GRANTING RELATED RELIEF

The Bankruptcy Court[2] having:

a.    entered, on November 24, 2020, the *Order (A) Approving the Adequacy of the Disclosure Statement, (B) Scheduling A Hearing to Confirm the Fifth Amended Plan of Reorganization (C) Establishing Deadline for Filing Objections to Confirmation of Plan, (D) Approving Form of Ballots, Voting Deadline and Solicitation Procedures, and (E) Approving Form and Manner of Notice* [Docket No. 1476] (the "<u>Disclosure Statement Order</u>"), pursuant to which the Bankruptcy Court approved the adequacy of the *Disclosure Statement Relating to the Fifth*

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan (as defined below).  The rules of interpretation set forth in Article I of the Plan apply to this Confirmation Order.



1934054210222000000000018

**Appx. 00104**

*Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1473] (the "Disclosure Statement") under section 1125 of the Bankruptcy Code and authorized solicitation of the Disclosure Statement;

b.    set January 5, 2021, at 5:00 p.m. prevailing Central Time (the "Objection Deadline"), as the deadline for filing objections to confirmation of the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (As Modified)* [Docket No. 1808] (as amended, supplemented or modified, the "Plan");

c.    set January 5, 2021, at 5:00 p.m. prevailing Central Time,  as the deadline for voting on the Plan (the "Voting Deadline") in accordance with the Disclosure Statement Order;

d.    initially set January 13, 2021, at 9:30 a.m. prevailing Central Time, as the date and time to commence the hearing to consider confirmation of the Plan pursuant to Bankruptcy Rules 3017 and 3018, sections 1126, 1128, and 1129 of the Bankruptcy Code, and the Disclosure Statement Order, which hearing was continued to January 26, 2021, at 9:30 a.m. prevailing Central Time and further continued to February 2, 2021;

e.    reviewed: (i) the Plan; (ii) the Disclosure Statement; and (iii) *Notice of (I) Entry of Order Approving Disclosure Statement; (II) Hearing to Confirm; and (III) Related Important Dates* (the "Confirmation Hearing Notice"), the form of which is attached as Exhibit 1-B to the Disclosure Statement Order;

f.    reviewed: (i) the *Debtor's Notice of Filing of Plan Supplement for the Third Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1389] filed November 13, 2020; (ii) *Debtor's Notice of Filing of Plan Supplement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1606] filed on December 18, 2020; (iii) the *Debtor's Notice of Filing of Plan Supplement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1656] filed on January 4, 2021; (iv) *Notice of Filing Plan Supplement to the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (with Technical Modifications)t* dated January 22, 2021 [Docket No. 1811]; and (v) *Debtor's Notice of Filing of Plan Supplement to the Fifth Amended Plan of Reorganization of Highland of Highland Capital Management, L.P. (As Modified)* on February 1, 2021 [Docket No. 1875]; (collectively, the documents listed in (i) through (v) of this paragraph, the "Plan Supplements");

g.    reviewed: (i) the *Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith* filed on December 30, 2020 [Docket No. 1648]; (ii) the *Second Notice of (I) Executory Contracts and*

*Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith* filed on January 11, 2021 [Docket No.1719]; (iii) the *Third Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan, (II) Cure Amounts, if Any, and (III) Related Procedures in Connection Therewith* filed on January 15, 2021 [Docket No. 1749]; (iv) the *Notice of Withdrawal of Certain Executory Contracts and Unexpired Leases from List of Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan* [Docket No. 1791]; (v) the *Fourth Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan (II) Cure Amounts, if Any, and (III) Released Procedures in Connection Therewith* filed on January 27, 2021 [Docket No. 1847]; (vi) the *Notice of Hearing on Agreed Motion to (I) Assume Nonresidential Real Property Lease with Crescent TC Investors, L.P. Upon Confirmation of Plan and (II) Extend Assumption Deadline* filed on January 28, 2021 [Docket No. 1857]; and (vii) the *Fifth Notice of (I) Executory Contracts and Unexpired Leases to be Assumed by the Debtor Pursuant to the Fifth Amended Plan (II) Cure Amounts, if Any, and (III) Released Procedures in Connection Therewith* filed on February 1, 2021 [Docket No. 1873] (collectively, the documents referred to in (i) to (vii) are referred to as "List of Assumed Contracts");

h.   reviewed: (i) the *Debtor's Memorandum of Law in Support of Confirmation of the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1814] (the "Confirmation Brief"); (ii) the *Debtor's Omnibus Reply to Objections to Confirmation of the Fifth Amended Chapter 11 Plan of Reorganization of Highland Capital Management*; [Docket No. 1807]; and (iii) the *Certification of Patrick M. Leathem With Respect to the Tabulation of Votes on the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1772] and *Supplemental Certification of Patrick M. Leathem With Respect to the Tabulation of Votes on the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1887] filed on February 3, 2021 (together, the "Voting Certifications").

i.   reviewed: (i) the *Notice of Affidavit of Publication* dated December 3, 2020 [Docket No. 1505]; (ii) the *Certificate of Service* dated December 23, 2020 [Docket No. 1630]; (iii) the *Supplemental Certificate of Service* dated December 24, 2020 [Docket No. 1637]; (iv) the *Second Supplemental Certificate of Service* dated December 31, 2020 [Docket No. 1653]; (v) the *Certificate of Service* dated December 23, 2020 [Docket No. 1627]; (vi) the *Certificate of Service* dated January 6, 2021 [Docket No. 1696]; (vii) the *Certificate of Service* dated January 7, 2021 [Docket No. 1699]; (viii) the *Certificate of Service* dated January 7, 2021 [Docket No 1700]; (ix) the *Certificate of Service* dated January 15, 2021 [Docket No. 1761]; (x) the *Certificate of Service* dated January 19, 2021 [Docket No. 1775]; (xi) the

DOCS_SF:104487.21 36027/002

**Appx. 00106**

*Certificate of Service* dated January 20, 2021 [Docket No. 1787]; (xii) the *Certificate of Service* dated January 26, 2021[Docket No. 1844]; (xiii) the *Certificate of Service* dated January 27, 2021 [Docket No. 1854]; (xiv) the *Certificate of Service* dated February 1, 2021 [Docket No. 1879]; (xv) the *Certificates of Service* dated February 3, 2021 [Docket No. 1891 and 1893]; and (xvi) the *Certificates of Service* dated February 5, 2021 [Docket Nos. 1906, 1907, 1908 and 1909] (collectively, the "<u>Affidavits of Service and Publication</u>");

j.      reviewed all filed[3] pleadings, exhibits, statements, and comments regarding approval of the Disclosure Statement and confirmation of the Plan, including all objections, statements, and reservations of rights;

k.      conducted a hearing to consider confirmation of the Plan, which commenced on February 2, 2021, at 9:30 a.m. prevailing Central Time and concluded on February 3, 2021, and issued its oral ruling on February 8, 2021 (collectively, the "<u>Confirmation Hearing</u>);

l.      heard the statements and arguments made by counsel in respect of confirmation of the Plan and having considered the record of this Chapter 11 Case and taken judicial notice of all papers and pleadings filed in this Chapter 11 Case; and

m.      considered all oral representations, testimony, documents, filings, and other evidence regarding confirmation of the Plan, including (a) all of the exhibits admitted into evidence;[4] (b) the sworn testimony of (i) James P. Seery, Jr., the Debtor's Chief Executive Officer and Chief Restructuring Officer and a member of the Board of Directors of Strand Advisors, Inc. ("<u>Strand</u>"), the Debtor's general partner; (ii) John S. Dubel, a member of the Board of Strand; (iii) Marc Tauber, a Vice President at Aon Financial Services; and (iv) Robert Jason Post, the Chief Compliance Officer of NexPoint Advisors, LP (collectively, the "<u>Witnesses</u>"); (c) the credibility of the Witnesses; and (d) the Voting Certifications.

NOW, THEREFORE, after due deliberation thereon and good cause appearing therefor,

the Bankruptcy Court hereby makes and issues the following findings of fact and conclusions of

law:

---

[3] Unless otherwise indicated, use of the term "filed" herein refers also to the service of the applicable document filed on the docket in this Chapter 11 Case, as applicable.

[4] The Court admitted the following exhibits into evidence: (a) all of the Debtor's exhibits lodged at Docket No. 1822 (except TTTTT, which was withdrawn by the Debtor); (b) all of the Debtor's exhibits lodged at Docket No. 1866; (c) all of the Debtor's exhibits lodged at Docket No. 1877; (d) all of the Debtor's exhibits lodged at Docket No. 1895; and (e) Exhibits 6-12 and 15-17 offered by Mr. James Dondero and lodged at Docket No. 1874.

**Appx. 00107**

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

1.      **Findings of Fact and Conclusions of Law.**  The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record during the Confirmation Hearing, constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to this proceeding pursuant to Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.      **Introduction and Summary of the Plan.** Prior to addressing the specific requirements under the Bankruptcy Code and Bankruptcy Rules with respect to the confirmation of the Plan, the Bankruptcy Court believes it would be useful to first provide the following background of the Debtor's Chapter 11 Case, the parties involved therewith, and some of the major events that have transpired culminating in the filing and solicitation of the Plan of this very unusual case.  Before the Bankruptcy Court is the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*, filed on November 24, 2020, as modified on January 22, 2021 and again on February 1, 2021.  The parties have repeatedly referred to the Plan as an "asset monetization plan" because it involves the orderly wind-down of the Debtor's estate, including the sale of assets and certain of its funds over time, with the Reorganized Debtor continuing to manage certain other funds, subject to the oversight of the Claimant Trust Oversight Board.  The Plan provides for a Claimant Trust to, among other things, manage and monetize the Claimant Trust Assets for the benefit of the Debtor's economic stakeholders.  The Claimant Trustee is responsible

DOCS_SF:104487.21 36027/002

**Appx. 00108**

for this process, among other duties specified in the Plan's Claimant Trust Agreement. There is also anticipated to be a Litigation Sub-trust established for the purpose of pursuing certain avoidance or other causes of action for the benefit of the Debtor's economic constituents.

3.     **Confirmation Requirements Satisfied.**  The Plan is supported by the Committee and all claimants with Convenience Claims (*i.e.*, general unsecured claims under $1 million) who voted in Class 7.  Claimants with Class 8 General Unsecured Claims, however, voted to reject the Plan because, although the Plan was accepted by 99.8% of the amount of Claims in that class, only 17 claimants voted to accept the Plan while 27 claimants voted to reject the Plan. As a result of such votes, and because Mr. Dondero and the Dondero Related Entities (as defined below) objected to the Plan on a variety of grounds primarily relating to the Plan's release, exculpation and injunction provisions, the Bankruptcy Court heard two full days of evidence on February 2 and 3, 2021, and considered testimony from five witnesses and thousands of pages of documentary evidence in determining whether the Plan satisfies the confirmation standards required under the Bankruptcy Code.  The Bankruptcy Court finds and concludes that the Plan meets all of the relevant requirements of sections 1123, 1124, and 1129, and other applicable provisions of the Bankruptcy Code, as more fully set forth below with respect to each of the applicable confirmation requirements.

4.     **Not Your Garden Variety Debtor**.  The Debtor's case is not a garden variety chapter 11 case.  The Debtor is a multibillion-dollar global investment adviser registered with the SEC, pursuant to the Investment Advisers Act of 1940.  It was founded in 1993 by James Dondero and Mark Okada.  Mark Okada resigned from his role with Highland prior to the

DOCS_SF:104487.21 36027/002

**Appx. 00109**

bankruptcy case being filed on October 16, 2019 (the "Petition Date").  Mr. Dondero controlled the Debtor as of the Petition Date but agreed to relinquish control of it on or about January 9, 2020, pursuant to an agreement reached with the Committee, as described below.  Although Mr. Dondero remained with the Debtor as an unpaid employee/portfolio manager after January 9, 2020, his employment with the Debtor terminated on October 9, 2020.  Mr. Dondero continues to work for and/or control numerous non-debtor entities in the complex Highland enterprise.

5.    **The Debtor**.  The Debtor is headquartered in Dallas, Texas.  As of the Petition Date, the Debtor employed approximately 76 employees.  The Debtor is privately-owned: (a) 99.5% by the Hunter Mountain Investment Trust; (b) 0.1866% by The Dugaboy Investment Trust, a trust created to manage the assets of Mr. Dondero and his family; (c) 0.0627% by Mark Okada, personally and through family trusts; and (d) 0.25% by Strand, the Debtor's general partner.

6.    **The Highland Enterprise.**  Pursuant to various contractual arrangements, the Debtor provides money management and advisory services for billions of dollars of assets, including collateralized loan obligation vehicles ("CLOs"), and other investments.  Some of these assets are managed by the Debtor pursuant to shared services agreements with certain affiliated entities, including other affiliated registered investment advisors. In fact, there are approximately 2,000 entities in the byzantine complex of entities under the Highland umbrella.  None of these affiliated entities filed for chapter 11 protection.  Most, but not all, of these entities are not subsidiaries (direct or indirect) of the Debtor.  Many of the Debtor's affiliated companies are

DOCS_SF:104487.21 36027/002

**Appx. 00110**

offshore entities, organized in jurisdictions such as the Cayman Islands and Guernsey. *See* Disclosure Statement, at 17-18.

7.    **Debtor's Operational History.**  The Debtor's primary means of generating revenue has historically been from fees collected for the management and advisory services provided to funds that it manages, plus fees generated for services provided to its affiliates.  For additional liquidity, the Debtor, prior to the Petition Date, would sell liquid securities in the ordinary course, primarily through a brokerage account at Jefferies, LLC. The Debtor would also, from time to time, sell assets at non-Debtor subsidiaries and cause those proceeds to be distributed to the Debtor in the ordinary course of business.  The Debtor's current Chief Executive Officer, James P. Seery, Jr., credibly testified at the Confirmation Hearing that the Debtor was "run at a deficit for a long time and then would sell assets or defer employee compensation to cover its deficits."  The Bankruptcy Court cannot help but wonder if that was necessitated because of enormous litigation fees and expenses incurred by the Debtor due to its culture of litigation—as further addressed below.

8.    **Not Your Garden Variety Creditor's Committee**.  The Debtor and this chapter 11 case are not garden variety for so many reasons.  One of the most obvious standouts in this case is the creditor constituency.  The Debtor did not file for bankruptcy because of any of the typical reasons that large companies file chapter 11.  For example, the Debtor did not have a large, asset-based secured lender with whom it was in default; it only had relatively insignificant secured indebtedness owing to Jeffries, with whom it had a brokerage account, and one other entity, Frontier State Bank.  The Debtor also did not have problems with its trade vendors or landlords.

The Debtor also did not suffer any type of catastrophic business calamity. In fact, the Debtor filed for Chapter 11 protection six months before the onset of the COVID-19 pandemic. Rather, the Debtor filed for Chapter 11 protection due to a myriad of massive, unrelated, business litigation claims that it faced—many of which had finally become liquidated (or were about to become liquidated) after a decade or more of contentious litigation in multiple forums all over the world. The Committee in this case has referred to the Debtor—under its former chief executive, Mr. Dondero—as a "serial litigator." The Bankruptcy Court agrees with that description. By way of example, the members of the Committee (and their history of litigation with the Debtor and others in the Highland complex) are as follows:

a. **The Redeemer Committee of the Highland Crusader Fund (the "Redeemer Committee")**. This Committee member obtained an arbitration award against the Debtor in the amount of $190,824,557, inclusive of interest, approximately five months before the Petition Date, from a panel of the American Arbitration Association. It was on the verge of having that award confirmed by the Delaware Chancery Court immediately prior to the Petition Date, after years of disputes that started in late 2008 (and included legal proceedings in Bermuda). This creditor's claim was settled during this Chapter 11 Case in the amount of approximately $137,696,610 (subject to other adjustments and details not relevant for this purpose).

b. **Acis Capital Management, L.P., and Acis Capital Management GP, LLC ("Acis")**. Acis was formerly in the Highland complex of companies, but was not affiliated with Highland as of the Petition Date. This Committee member and its now-owner, Joshua Terry, were involved in litigation with the Debtor dating back to 2016. Acis was forced by Mr. Terry (who was a former Highland portfolio manager) into an involuntary chapter 11 bankruptcy in the Bankruptcy Court for the Northern District of Texas, Dallas Division before the Bankruptcy Court in 2018, after Mr. Terry obtained an approximately $8 million arbitration award and judgment against Acis. Mr. Terry ultimately was awarded the equity ownership of Acis by the Bankruptcy Court in the Acis bankruptcy case. Acis subsequently asserted a multi-million dollar claim against Highland in the Bankruptcy Court for Highland's alleged denuding of Acis to defraud its creditors—primarily Mr. Terry. The litigation involving Acis and Mr. Terry dates back to mid-2016 and has

**Appx. 00112**

continued on with numerous appeals of Bankruptcy Court orders, including one appeal still pending at the Fifth Circuit Court of Appeals. There was also litigation involving Mr. Terry and Acis in the Royal Court of the Island of Guernsey and in a state court in New York. The Acis claim was settled during this Chapter 11 Case, in Bankruptcy Court-ordered mediation, for approximately $23 million (subject to other details not relevant for this purpose), and is the subject of an appeal being pursued by Mr. Dondero.

c.      **UBS Securities LLC and UBS AG London Branch ("UBS").**  UBS is a Committee member that filed a proof of claim in the amount of $1,039,957,799.40 in this Chapter 11 Case. The UBS Claim was based on a judgment that UBS received from a New York state court in 2020. The underlying decision was issued in November 2019, after a multi-week bench trial (which had occurred many months earlier) on a breach of contract claim against non-Debtor entities in the Highland complex. The UBS litigation related to activities that occurred in 2008 and 2009. The litigation involving UBS and Highland and affiliates was pending for more than a decade (there having been numerous interlocutory appeals during its history). The Debtor and UBS recently announced an agreement in principle for a settlement of the UBS claim (which came a few months after Bankruptcy Court-ordered mediation) which will be subject to a 9019 motion to be filed with the Bankruptcy Court on a future date.

d.      **Meta-E Discovery ("Meta-E").**  Meta-E is a Committee member that is a vendor who happened to supply litigation and discovery-related services to the Debtor over the years. It had unpaid invoices on the Petition Date of more than $779,000.

It is fair to say that the members of the Committee in this case all have wills of steel. They fought hard before and during this Chapter 11 Case. The members of the Committee, all of whom have volunteered to serve on the Claimant Trust Oversight Board post-confirmation, are highly sophisticated and have had highly sophisticated professionals representing them. They have represented their constituency in this case as fiduciaries extremely well.

9.      **Other Key Creditor Constituents.**  In addition to the Committee members who were all embroiled in years of litigation with Debtor and its affiliates in various ways, the Debtor has been in litigation with Patrick Daugherty, a former limited partner and employee of the Debtor, for many years in both Delaware and Texas state courts. Mr. Daugherty filed an amended

DOCS_SF:104487.21 36027/002

proof of claim in this Chapter 11 Case for $40,710,819.42 relating to alleged breaches of employment-related agreements and for defamation arising from a 2017 press release posted by the Debtor. The Debtor and Mr. Daugherty recently announced a settlement of Mr. Daugherty's claim pursuant to which he will receive $750,000 in cash on the Effective Date of the Plan, an $8.25 million general unsecured claim, and a $2.75 million subordinated claim (subject to other details not relevant for this purpose). Additionally, entities collectively known as "HarbourVest" invested more than $70 million with an entity in the Highland complex and asserted a $300 million proof of claim against the Debtor in this case, alleging, among other things, fraud and RICO violations. HarbourVest's claim was settled during the bankruptcy case for a $45 million general unsecured claim and a $35 million subordinated claim, and that settlement is also being appealed by a Dondero Entity.

10. **Other Claims Asserted.** Other than the Claims just described, most of the other Claims in this Chapter 11 Case are Claims asserted against the Debtor by: (a) entities in the Highland complex—most of which entities the Bankruptcy Court finds to be controlled by Mr. Dondero; (b) employees who contend that are entitled to large bonuses or other types of deferred compensation; and (c) numerous law firms that worked for the Debtor prior to the Petition Date and had outstanding amounts due for their prepetition services.

11. **Not Your Garden Variety Post-Petition Corporate Governance Structure**. Yet another reason this is not your garden variety chapter 11 case is its post-petition corporate governance structure. Immediately from its appointment, the Committee's relationship with the Debtor was contentious at best. First, the Committee moved for a change of venue from

DOCS_SF:104487.21 36027/002

**Appx. 00114**

Delaware to Dallas.  Second, the Committee (and later, the United States Trustee) expressed its then-desire for the appointment of a chapter 11 trustee due to its concerns over and distrust of Mr. Dondero, his numerous conflicts of interest, and his history of alleged mismanagement (and perhaps worse).

12.    **Post-Petition Corporate Governance Settlement with Committee.**  After spending many weeks under the threat of the potential appointment of a trustee, the Debtor and Committee engaged in substantial and lengthy negotiations resulting in a corporate governance settlement approved by the Bankruptcy Court on January 9, 2020.[5]  As a result of this settlement, among other things, Mr. Dondero relinquished control of the Debtor and resigned his positions as an officer or director of the Debtor and its general partner, Strand.  As noted above, Mr. Dondero agreed to this settlement pursuant a stipulation he executed,[6] and he also agreed not to cause any Related Entity (as defined in the Settlement Motion) to terminate any agreements with the Debtor. The January 9 Order also (a) required that the Bankruptcy Court serve as "gatekeeper" prior to the commencement of any litigation against the three independent board members appointed to oversee and lead the Debtor's restructuring in lieu of Mr. Dondero and (b) provided for the exculpation of those board members by limiting claims subject to the "gatekeeper" provision to those alleging willful misconduct and gross negligence.

---

[5] This order is hereinafter referred to as the "January 9 Order" and was entered by the Court on January 9, 2020 [Docket No. 339] pursuant to the *Motion of the Debtor to Approve Settlement with Official Committee of Unsecured Creditors Regarding the Governance of the Debtor and Procedures for Operation in the Ordinary Course* [Docket No. 281] (the "Settlement Motion").

[6] *See Stipulation in Support of Motion of the Debtor for Approval of Settlement With the Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in Ordinary Course* [Docket No. 338] (the "Stipulation").

DOCS_SF:104487.21 36027/002

**Appx. 00115**

13.    **Appointment of Independent Directors.**    As part of the Bankruptcy

Court-approved settlement, three eminently qualified independent directors were chosen to lead

Highland through its Chapter 11 Case.  They are:  James P. Seery, Jr., John S. Dubel (each chosen

by the Committee), and Retired Bankruptcy Judge Russell Nelms.  These three individuals are

each technically independent directors of Strand (Mr. Dondero had previously been the sole

director of Strand and, thus, the sole person in ultimate control of the Debtor).  The three

independent board members' resumes are in evidence.  The Bankruptcy Court later approved Mr.

Seery's appointment as the Debtor's Chief Executive Officer, Chief Restructuring Officer, and

Foreign Representative.   Suffice it to say that this settlement and the appointment of the

independent directors changed the entire trajectory of the case and saved the Debtor from the

appointment of a trustee.  The Bankruptcy Court and the Committee each trusted the independent

directors.  They were the right solution at the right time.  Because of the unique character of the

Debtor's business, the Bankruptcy Court believed the appointment of three qualified independent

directors was a far better outcome for creditors than the appointment of a conventional chapter 11

trustee.  Each of the independent directors brought unique qualities to the table.  Mr. Seery, in

particular, knew and had vast experience at prominent firms with high-yield and distressed

investing similar to the Debtor's business.  Mr. Dubel had 40 years of experience restructuring

large complex businesses and serving on boards in this context.  And Retired Judge Nelms had not

only vast bankruptcy experience but seemed particularly well-suited to help the Debtor maneuver

through conflicts and ethical quandaries.  By way of comparison, in the chapter 11 case of Acis,

the former affiliate of Highland that the Bankruptcy Court presided over and which company was

DOCS_SF:104487.21 36027/002

**Appx. 00116**

much smaller in size and scope than Highland (managing only 5-6 CLOs), the creditors elected a

chapter 11 trustee who was not on the normal trustee rotation panel in this district but, rather, was

a nationally known bankruptcy attorney with more than 45 years of large chapter 11 experience.

While the Acis chapter 11 trustee performed valiantly, he was sued by entities in the Highland

complex shortly after he was appointed (which the Bankruptcy Court had to address).  The Acis

trustee was also unable to persuade the Debtor and its affiliates to agree to any actions taken in the

case, and he finally obtained confirmation of Acis' chapter 11 plan over the objections of the

Debtor and its affiliates on his fourth attempt (which confirmation was promptly appealed).

14.    **Conditions Required by Independent Directors.**  Given the experiences

in Acis and the Debtor's culture of constant litigation, it was not as easy to get such highly qualified

persons to serve as independent board members and, later, as the Debtor's Chief Executive Officer,

as it would be in an ordinary chapter 11 case.  The independent board members were stepping into

a morass of problems. Naturally, they were worried about getting sued no matter how defensible

their efforts—given the litigation culture that enveloped Highland historically.  Based on the

record of this Case and the proceedings in the Acis chapter 11 case, it seemed as though everything

always ended in litigation at Highland.  The Bankruptcy Court heard credible testimony that none

of the independent directors would have taken on the role of independent director without (1) an

adequate directors and officers' ("D&O") insurance policy protecting them; (2) indemnification

from Strand that would be guaranteed by the Debtor; (3) exculpation for mere negligence claims;

and (4) a gatekeeper provision prohibiting the commencement of litigation against the independent

directors without the Bankruptcy Court's prior authority.  This gatekeeper provision was also

included in the Bankruptcy Court's order authorizing the appointment of Mr. Seery as the Debtor's Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative entered on July 16, 2020.[7]  The gatekeeper provisions in both the January 9 Order and July 16 Order are precisely analogous to what bankruptcy trustees have pursuant to the so-called "Barton Doctrine" (first articulated in an old Supreme Court case captioned *Barton v. Barbour,* 104 U.S. 126 (1881)). The Bankruptcy Court approved all of these protections in the January 9 Order and the July 16 Order, and no one appealed either of those orders.  As noted above, Mr. Dondero signed the Stipulation that led to the settlement that was approved by the January 9 Order.  The Bankruptcy Court finds that, like the Committee, the independent board members have been resilient and unwavering in their efforts to get the enormous problems in this case solved.  They seem to have at all times negotiated hard and in good faith, which culminated in the proposal of the Plan currently before the Bankruptcy Court.  As noted previously, they completely changed the trajectory of this case.

15.    **Not Your Garden Variety Mediators.**  And still another reason why this was not your garden variety case was the mediation effort.  In the summer of 2020, roughly nine months into the chapter 11 case, the Bankruptcy Court ordered mediation among the Debtor, Acis, UBS, the Redeemer Committee, and Mr. Dondero.  The Bankruptcy Court selected co-mediators because mediation among these parties seemed like such a Herculean task—especially during COVID-19 where people could not all be in the same room.  Those co-mediators were:  Retired

---

[7] *See Order Approving the Debtor's Motion Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Retention of James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative Nunc Pro Tunc to March 15, 2020* [Docket No. 854] entered on July 16, 2020 (the "July 16 Order")

DOCS_SF:104487.21 36027/002

**Appx. 00118**

Bankruptcy Judge Alan Gropper from the Southern District of New York, who had a distinguished career presiding over complex chapter 11 cases, and Ms. Sylvia Mayer, who likewise has had a distinguished career, first as a partner at a preeminent law firm working on complex chapter 11 cases, and subsequently as a mediator and arbitrator in Houston, Texas.  As noted earlier, the Redeemer Committee and Acis claims were settled during the mediation—which seemed nothing short of a miracle to the Bankruptcy Court—and the UBS claim was settled several months later and the Bankruptcy Court believes the ground work for that ultimate settlement was laid, or at least helped, through the mediation.  And, as earlier noted, other significant claims have been settled during this case, including those of HarbourVest (who asserted a $300 million claim) and Patrick Daugherty (who asserted a $40 million claim).  The Bankruptcy Court cannot stress strongly enough that the resolution of these enormous claims—and the acceptance by all of these creditors of the Plan that is now before the Bankruptcy Court—seems nothing short of a miracle. It was more than a year in the making.

16.    **Not Your Garden Variety Plan Objectors (That Is, Those That Remain)**.  Finally, a word about the current, remaining objectors to the Plan before the Bankruptcy Court.  Once again, the Bankruptcy Court will use the phrase "not your garden variety", which phrase applies to this case for many reasons.  Originally, there were over a dozen objections filed to the Plan.  The Debtor then made certain amendments or modifications to the Plan to address some of these objections, none of which require further solicitation of the Plan for reasons set forth in more detail below.  The only objectors to the Plan left at the time of the Confirmation Hearing

**Appx. 00119**

were Mr. Dondero [Docket No. 1661] and entities that the Bankruptcy Court finds are owned

and/or controlled by him and that filed the following objections:

a.   *Objection to Confirmation of the Debtor's Fifth Amended Plan of Reorganization* (filed by Get Good Trust and The Dugaboy Investment Trust) [Docket No. 1667];

b.   *Objection to Confirmation of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (filed by Highland Capital Management Fund Advisors, L.P., Highland Fixed Income Fund, Highland Funds I and its series, Highland Funds II and its series, Highland Global Allocation Fund, Highland Healthcare Opportunities Fund, Highland Income Fund, Highland Merger Arbitrate Fund, Highland Opportunistic Credit Fund, Highland Small-Cap Equity Fund, Highland Socially Responsible Equity Fund, Highland Total Return Fund, Highland/iBoxx Senior Loan ETF, NexPoint Advisors, L.P., NexPoint Capital, Inc., NexPoint Real Estate Strategies Fund, NexPoint Strategic Opportunities Fund)* [Docket No. 1670];

c.   A *Joinder to the Objection filed at 1670 by:  NexPoint Real Estate Finance Inc., NexPoint Real Estate Capital, LLC, NexPoint Residential Trust, Inc., NexPoint Hospitality Trust, NexPoint Real Estate Partners, LLC, NexPoint Multifamily Capital Trust, Inc., VineBrook Homes Trust, Inc., NexPoint Real Estate Advisors, L.P., NexPoint Real Estate Advisors II, L.P., NexPoint Real Estate Advisors III, L.P., NexPoint Real Estate Advisors IV, L.P., NexPoint Real Estate Advisors V, L.P., NexPoint Real Estate Advisors VI, L.P., NexPoint Real Estate Advisors VII, L.P., NexPoint Real Estate Advisors VIII, L.P., and any funds advised by the foregoing* [Docket No. 1677];

d.   *NexPoint Real Estate Partners LLC's Objection to Debtor's Fifth Amended Plan of Reorganization (filed by NexPoint Real Estate Partners LLC f/k/a HCRE Partners LLC)* [Docket No. 1673]; and

e.   *NexBank's Objection to Debtor's Fifth Amended Plan of Reorganization (filed by NexBank Title, Inc., NexBank Securities, Inc., NexBank Capital, Inc., and NexBank)* [Docket No. 1676].  The entities referred to in (i) through (v) of this paragraph are hereinafter referred to as the "Dondero Related Entities").

17.   **Questionability of Good Faith as to Outstanding Confirmation**

**Objections.**  Mr. Dondero and the Dondero Related Entities technically have standing to object to

the Plan, but the remoteness of their economic interests is noteworthy, and the Bankruptcy Court

17

questions the good faith of Mr. Dondero's and the Dondero Related Entities' objections.  In fact, the Bankruptcy Court has good reason to believe that these parties are not objecting to protect economic interests they have in the Debtor but to be disruptors.  Mr. Dondero wants his company back.  This is understandable, but it is not a good faith basis to lob objections to the Plan.  As detailed below, the Bankruptcy Court has slowed down plan confirmation multiple times and urged the parties to talk to Mr. Dondero in an attempt to arrive at what the parties have repeatedly referred to as a "grand bargain," the ultimate goal to resolve the Debtor's restructuring.  The Debtor and the Committee represent that they have communicated with Mr. Dondero regarding a grand bargain settlement, and the Bankruptcy Court believes that they have.

18.    **Remote Interest of Outstanding Confirmation Objectors.**  To be specific about the remoteness of Mr. Dondero's and the Dondero Related Entities' interests, the Bankruptcy Court will address them each separately.  First, Mr. Dondero has a pending objection to the Plan. Mr. Dondero's only economic interest with regard to the Debtor is an unliquidated indemnification claim (and, based on everything the Bankruptcy Court has heard, his indemnification claims would be highly questionable at this juncture).  Mr. Dondero owns no equity in the Debtor directly.  Mr. Dondero owns the Debtor's general partner, Strand, which in turn owns a quarter percent of the total equity in the Debtor.  Second, a joint objection has been filed by The Dugaboy Trust ("Dugaboy") and the Get Good Trust ("Get Good").  The Dugaboy Trust was created to manage the assets of Mr. Dondero and his family and owns a 0.1866% limited partnership interest in the Debtor.  *See* Disclosure Statement at 7, n.3.  The Bankruptcy Court is not clear what economic interest the Get Good Trust has, but it likewise seems to be related to Mr. Dondero.  Get Good

**Appx. 00121**

filed three proofs of claim relating to a pending federal tax audit of the Debtor's 2008 return, which

the Debtor believes arise from Get Good's equity security interests and are subject to subordination

as set forth in its Confirmation Brief.   Dugaboy filed three claims against the Debtor: (a) an

administrative claim relating to the Debtor's alleged postpetition management of Multi-Strat

Credit Fund, L.P., (b) a prepetition claim against a subsidiary of the Debtor for which it seeks to

pierce the corporate veil, each of which the Debtor maintains are frivolous in the Confirmation

Brief, and (c) a claim arising from its equity security interest in the Debtor, which the Debtor

asserts should be subordinated.   Another group of objectors that has joined together in one

objection is what the Bankruptcy Court will refer to as the "Highland Advisors and Funds." *See*

Docket No. 1863.  The Bankruptcy Court understands they assert disputed administrative expense

claims against the estate that were filed shortly before the Confirmation Hearing on January 23,

2021 [Docket No. 1826], and during the Confirmation Hearing on February 3, 2021 [Docket No.

1888].  At the Confirmation Hearing, Mr. Post testified on behalf of the Highland Advisors and

Funds that the Funds have independent board members that run the Funds, but the Bankruptcy

Court was not convinced of their independence from Mr. Dondero because none of the so-called

independent board members have ever testified before the Bankruptcy Court and all have been

engaged with the Highland complex for many years.  Notably, the Court questions Mr. Post's

credibility because, after more than 12 years of service, he abruptly resigned from the Debtor in

October 2020 at the exact same time that Mr. Dondero resigned at the Board of Directors' request,

and he is currently employed by Mr. Dondero.  Moreover, Dustin Norris, a witness in a prior

proceeding (whose testimony was made part of the record at the Confirmation Hearing), recently

**Appx. 00122**

testified on behalf of the Highland Advisors and Funds in another proceeding that Mr. Dondero owned and/or controlled these entities.  Finally, various NexBank entities objected to the Plan. The Bankruptcy Court does not believe they have liquidated claims against the Debtor.  Mr. Dondero appears to be in control of these entities as well.

19.    **Background Regarding Dondero Objecting Parties.**  To be clear, the Bankruptcy Court has allowed all these objectors to fully present arguments and evidence in opposition to confirmation, even though their economic interests in the Debtor appear to be extremely remote and the Bankruptcy Court questions their good faith.  Specifically, the Bankruptcy Court considers them all to be marching pursuant to the orders of Mr. Dondero.  In the recent past, Mr. Dondero has been subject to a temporary restraining order and preliminary injunction by the Bankruptcy Court for interfering with Mr. Seery's management of the Debtor in specific ways that were supported by evidence.  Around the time that this all came to light and the Bankruptcy Court began setting hearings on the alleged interference, Mr. Dondero's company phone, which he had been asked to turn in to Highland, mysteriously went missing.  The Bankruptcy Court merely mentions this in this context as one of many reasons that the Bankruptcy Court has to question the good faith of Mr. Dondero and his affiliates in raising objections to confirmation of the Plan.

20.    **Other Confirmation Objections.**  Other than the objections filed by Mr. Dondero and the Dondero Related Entities, the only other pending objection to the Plan is the *United States Trustee's Limited Objection to Confirmation of Debtor's Fifth Amended Plan of Reorganization* [Docket No. 1671], which objected to the Plan's exculpation, injunction, and

**Appx. 00123**

Debtor release provisions. In juxtaposition, to these pending objections, the Bankruptcy Court

notes that the Debtor resolved the following objections to the Plan:

    a.    *CLO Holdco, Ltd.'s Joinder to Objection to Confirmation of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. and Supplemental Objections to Plan Confirmation* [Docket No. 1675]. This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraph VV of the Confirmation Order;

    b.    *Objection of Dallas County, City of Allen, Allen ISD, City of Richardson, and Kaufman County to Confirmation of the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1662]. This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraph QQ of the Confirmation Order;

    c.    *Senior Employees' Limited Objection to Debtor's Fifth Amended Plan of Reorganization (filed by Scott Ellington, Thomas Surgent, Frank Waterhouse, Isaac Leventon)* [Docket No. 1669]. This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraph 82 and paragraphs RR and SS of the Confirmation Order;

    d.    *Limited Objection of Jack Yang and Brad Borud to Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1666] and the amended joinder filed by Davis Deadman, Paul Kauffman and Todd Travers [Docket No. 1679]. This Objection and the amended joinder were resolved by agreement of the parties pursuant to modifications to the Plan filed by the Debtor;

    e.    *United States' (IRS) Limited Objection to Debtor's Fifth Amended Plan of Reorganization* [Docket No. 1668]. This Objection has been resolved pursuant to mutually agreed language by the parties set forth in paragraphs TT and UU of the Confirmation Order; and

    f.    *Patrick Hagaman Daugherty's Objection to Confirmation of Fifth Amended Plan of Reorganization* [Docket No. 1678]. This objection was resolved by the parties pursuant to the settlement of Mr. Daugherty's claim announced on the record of the Confirmation Hearing.

    21.    **Capitalized Terms.** Capitalized terms used herein, but not defined herein,

shall have the respective meanings attributed to such terms in the Plan and the Disclosure

Statement, as applicable.

DOCS_SF:104487.21 36027/002

**Appx. 00124**

22.     **Jurisdiction and Venue.**  The Bankruptcy Court has jurisdiction over the Debtor's Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Chapter 11 Case is proper in this district and in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

23.     **Chapter 11 Petition.**   On the Petition Date, the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, which case was transferred to the Bankruptcy Court on December 19, 2019.  The Debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this Chapter 11 Case.  The Office of the United States Trustee appointed the Committee on October 29, 2019.

24.     **Judicial Notice.**  The Bankruptcy Court takes judicial notice of the docket in this Chapter 11 Case maintained by the clerk of the Bankruptcy Court and the court-appointed claims agent, Kurtzman Carson Consultants LLC ("KCC"), including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Bankruptcy Court during this Chapter 11 Case, including, without limitation, the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing, as well as all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at hearings held before the Bankruptcy Court or the District Court for the Northern District of Texas in

connection with an adversary proceeding or appellate proceeding, respectively, related to this Chapter 11 Case.

25. **Plan Supplement Documents.** Prior to the Confirmation Hearing, the Debtor filed each of the Plan Supplements. The Plan Supplements contain, among other documents, the Retained Causes of Action, the Claimant Trust Agreement, the Litigation Sub-Trust Agreement, the Senior Employee Stipulation, the Related Entity List, the Schedule of Employees, the Reorganized Limited Partnership Agreement, supplements to the Liquidation Analysis/Financial Projections, the Schedule of Contracts and Leases to be Assumed, and the other Plan Documents set forth therein (collectively, the "Plan Supplement Documents").

26. **Retained Causes of Action Adequately Preserved.** The Bankruptcy Court finds that the list of Retained Causes of Action included in the Plan Supplements sufficiently describes all potential Retained Causes of Action, provides all persons with adequate notice of any Causes of Action regardless of whether any specific claim to be brought in the future is listed therein or whether any specific potential defendant or other party is listed therein, and satisfies applicable law in all respects to preserve all of the Retained Causes of Action. The definition of the Causes of Action and Schedule of Retained Causes of Action, and their inclusion in the Plan, specifically and unequivocally preserve the Causes of Action for the benefit of the Reorganized Debtor, the Claimant Trust, or the Litigation Sub-Trust, as applicable.

27. **Plan Modifications Are Non-Material.** In addition to the Plan Supplements, the Debtor made certain non-material modifications to the Plan, which are reflected in (i) the *Redline of Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.*

**Appx. 00126**

*(as Modified)* filed on January 22, 2021 [Docket No. 1809], and (ii) Exhibit B to the *Debtor's*

*Notice of Filing of Plan Supplement to Fifth Amended Plan of Reorganization of Highland Capital*

*Management, L.P. (as Modified)* filed on February 1, 2021 [Docket No. 1875] (collectively, the

"Plan Modifications").  Section 1127(a) of the Bankruptcy Code provides that a plan proponent

may modify its plan at any time before confirmation so long as such modified plan meets the

requirements of sections 1122 and 1123 of the Bankruptcy Code.  None of the modifications set

forth in the Plan Supplements or the Plan Modifications require any further solicitation pursuant

to sections 1125, 1126, or 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, because,

among other things, they do not materially adversely change the treatment of the claims of any

creditors or interest holders who have not accepted, in writing, such supplements and

modifications.  Among other things, there were changes to the projections that the Debtor filed

shortly before the Confirmation Hearing (which included projected distributions to creditors and

a comparison of projected distributions under the Plan to potential distributions under a

hypothetical chapter 7 liquidation).  The Plan Supplements and Plan Modifications did not mislead

or prejudice any creditors or interest holders nor do they require that Holders of Claims or Equity

Interests be afforded an opportunity to change previously cast votes to accept or reject the Plan.

Specifically, the Amended Liquidation Analysis/Financial Projections filed on February 1, 2021

[Docket No. 1875] do not constitute any material adverse change to the treatment of any creditors

or interest holders but, rather, simply update the estimated distributions based on Claims that were

settled in the interim and provide updated financial data.  The filing and notice of the Plan

Supplements and Plan Modifications were appropriate and complied with the requirements of

**Appx. 00127**

section 1127(a) of the Bankruptcy Code and the Bankruptcy Rules, and no other solicitation or disclosure or further notice is or shall be required.  The Plan Supplements and Plan Modifications each became part of the Plan pursuant section 1127(a) of the Bankruptcy Code.  The Debtor or Reorganized Debtor, as applicable, is authorized to modify the Plan or Plan Supplement Documents following entry of this Confirmation Order in a manner consistent with section 1127(b) of the Bankruptcy Code, the Plan, and, if applicable, the terms of the applicable Plan Supplement Document.

28.     **Notice of Transmittal, Mailing and Publication of Materials.**  As is evidenced by the Voting Certifications and the Affidavits of Service and Publication, the transmittal and service of the Plan, the Disclosure Statement, Ballots, and Confirmation Hearing Notice were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to the confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto.  No other or further notice is required. The publication of the Confirmation Hearing Notice, as set forth in the *Notice of Affidavit of Publication* dated December 3, 2020 [Docket No. 1505], complied with the Disclosure Statement Order.

29.     **Voting.**  The Bankruptcy Court has reviewed and considered the Voting Certifications.  The procedures by which the Ballots for acceptance or rejection of the Plan were

**Appx. 00128**

distributed and tabulated, including the tabulation as subsequently amended to reflect the settlement of certain Claims to be Allowed in Class 7, were fairly and properly conducted and complied with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

30. **Bankruptcy Rule 3016(a).** In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as the proponent of the Plan.

31. **Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).** As set forth below, the Plan complies with all of the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

32. **Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).** Section 1122 of the Bankruptcy Code provides that a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interest of such class. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Equity Interests.

33. **Classification of Secured Claims.** Class 1 (Jefferies Secured Claim) and Class 2 (Frontier Secured Claim) each constitute separate secured claims held by Jefferies LLC and Frontier State Bank, respectively, and it is proper and consistent with section 1122 of the Bankruptcy Code to separately classify the claims of these secured creditors. Class 3 (Other

DOCS_SF:104487.21 36027/002

**Appx. 00129**

Secured Claims) consists of other secured claims (to the extent any exist) against the Debtor, are not substantially similar to the Secured Claims in Class 1 or Class 2, and are also properly separately classified.

34. **Classification of Priority Claims.** Class 4 (Priority Non-Tax Claims) consists of Claims entitled to priority under section 507(a), other than Priority Tax Claims, and are properly separately classified from non-priority unsecured claims. Class 5 (Retained Employee Claims) consists of the potential claims of employees who may be retained by the Debtor on the Effective Date, which claims will be Reinstated under the Plan, are not substantially similar to other Claims against the Debtor, and are properly classified.

35. **Classification of Unsecured Claims.** Class 6 (PTO Claims) consists solely of the claims of the Debtor's employees for unpaid paid time off in excess of the $13,650 statutory cap amount under sections 507(a)(4) and (a)(5) of the Bankruptcy Code and are dissimilar from other unsecured claims in Class 7 and Class 8. Class 7 (Convenience Claims) allows holders of eligible and liquidated Claims (below a certain threshold dollar amount) to receive a cash payout of the lesser of 85% of the Allowed amount of the creditor's Claim or such holder's *pro rata* share of the Convenience Claims Cash Pool. Class 7 (Convenience Claims) are provided for administrative convenience purposes in order to allow creditors, most of whom are either trade creditors or holders of professional claims, to receive treatment provided under Class 7 in lieu of the treatment of Class 8 (General Unsecured Claims). The Plan also provides for reciprocal "opt out" mechanisms to allow holders of Class 7 Claims to elect to receive the treatment for Class 8 Claims. Class 8 creditors primarily constitute the litigation claims of the Debtor. Class 8 Creditors

27

**Appx. 00130**

will receive Claimant Trust Interests which will be satisfied pursuant to the terms of the Plan. Class 8 also contains an "opt out" mechanism to allow holders of liquidated Class 8 Claims at or below a $1 million threshold to elect to receive the treatment of Class 7 Convenience Claims. The Claims in Class 7 (primarily trade and professional Claims against the Debtor) are not substantially similar to the Claims in Class 8 (primarily the litigation Claims against the Debtor), and are appropriately separately classified. Valid business reasons also exist to classify creditors in Class 7 separately from creditors in Class 8. Class 7 creditors largely consist of liquidated trade or service providers to the Debtor. In addition, the Claims of Class 7 creditors are small relative to the large litigation claims in Class 8. Furthermore, the Class 8 Claims were overwhelmingly unliquidated when the Plan was filed. The nature of the Class 7 Claims as being largely liquidated created an expectation of expedited payment relative to the largely unliquidated Claims in Class 8, which consists in large part of parties who have been engaged in years, and in some cases over a decade of litigation with the Debtor. Separate classification of Class 7 and Class 8 creditors was the subject of substantial arm's-length negotiations between the Debtor and the Committee to appropriately reflect these relative differences.

36.    **Classification of Equity Interests.** The Plan properly separately classifies the Equity Interests in Class 10 (Class B/C Limited Partnership Interests) from the Equity Interests in Class 11 (Class A Limited Partnership Interests) because they represent different types of equity security interests in the Debtor and different payment priorities.

37.    **Elimination of Vacant Classes.** Section III.C of the Plan provides for the elimination of Classes that do not have at least one holder of a Claim or Equity Interest that is

**Appx. 00131**

Allowed in an amount greater than zero for purposes of voting to accept or reject the Plan, and are disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to such Class. The purpose of this provision is to provide that a Class that does not have voting members shall not be included in the tabulation of whether that Class has accepted or rejected the Plan. Pursuant to the Voting Certifications, the only voting Class of Claims or Equity Interests that did not have any members is Class 5 (Retained Employees). As noted above, Class 5 does not have any voting members because any potential Claims in Class 5 would not arise, except on account of any current employees of the Debtor who may be employed as of the Effective Date, which is currently unknown. Thus, the elimination of vacant Classes provided in Article III.C of the Plan does not violate section 1122 of the Bankruptcy Code. Class 5 is properly disregarded for purposes of determining whether or not the Plan has been accepted under Bankruptcy Code section 1129(a)(8) because there are no members in that Class. However, the Plan properly provides for the treatment of any Claims that may potentially become members of Class 5 as of the Effective Date in accordance with the terms of the Plan. The Plan therefore satisfies section 1122 of the Bankruptcy Code.

38. **Classification of Claims and Designation of Non-Classified Claims (11 U.S.C. §§ 1122, 1123(a)(1)).** Section 1123(a)(1) of the Bankruptcy Code requires that the Plan specify the classification of claims and equity security interests pursuant to section 1122 of the Bankruptcy Code, other than claims specified in sections 507(a)(2), 507(a)(3), or 507(a)(8) of the Bankruptcy Code. In addition to Administrative Claims, Professional Fee Claims, and Priority Tax Claims, each of which need not be classified pursuant to section 1123(a)(1) of the Bankruptcy

Code, the Plan designates eleven (11) Classes of Claims and Equity Interests.  The Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

39.    **Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).**  Article III of the Plan specifies that each of Class 1 (Jefferies Secured Claim), Class 3 (Other Secured Claims), Class 4 (Priority Non-Tax Claims), Class 5 (Retained Employee Claims), and Class 6 (PTO Claims) are Unimpaired under the Plan.  Thus, the requirement of section 1123(a)(2) of the Bankruptcy Code is satisfied.

40.    **Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).**  Article III of the Plan designates each of Class 2 (Frontier Secured Claim), Class 7 (Convenience Claims), Class 8 (General Unsecured Claims), Class 9 (Subordinated Claims), Class 10 (Class B/C Limited Partnership Interests), and Class 11 (Class A Limited Partnership Interests) as Impaired and specifies the treatment of Claims and Equity Interests in such Classes.  Thus, the requirement of section 1123(a)(3) of the Bankruptcy Code is satisfied.

41.    **No Discrimination (11 U.S.C. § 1123(a)(4)).**  The Plan provides for the same treatment by the Plan proponent for each Claim or Equity Interest in each respective Class unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest.  The Plan satisfies this requirement because Holders of Allowed Claims or Equity Interests in each Class will receive the same rights and treatment as other Holders of Allowed Claims or Equity Interests within such holder's respective class, subject only to the voluntary "opt out" options afforded to members of Class 7 and Class 8 in accordance with the terms of the Plan.  Thus, the requirement of section 1123(a)(4) of the Bankruptcy Code is satisfied.

DOCS_SF:104487.21 36027/002

**Appx. 00133**

42.    **Implementation of the Plan (11 U.S.C. § 1123(a)(5)).**  Article IV of the Plan sets forth the means for implementation of the Plan which includes, but is not limited to, the establishment of:  (i) the Claimant Trust; (ii) the Litigation Sub-Trust; (iii) the Reorganized Debtor; and (iv) New GP LLC, in the manner set forth in the Plan Documents, the forms of which are included in the Plan Supplements.

a.    **The Claimant Trust.**    The Claimant Trust Agreement provides for the management of the Claimant Trust, as well as the Reorganized Debtor with the Claimant Trust serving as the managing member of New GP LLC (a wholly-owned subsidiary of the Claimant Trust that will manage the Reorganized Debtor as its general partner).  The Claimant Trust, the Claimant Trustee, the management and monetization of the Claimant Trust Assets, and the management of the Reorganized Debtor (through the Claimant Trust's role as managing member of New GP LLC) and the Litigation Sub-Trust will all be managed and overseen by the Claimant Trust Oversight Committee.  Additionally, the Plan provides for the transfer to the Claimant Trust of all of the Debtor's rights, title, and interest in and to all of the Claimant Trust Assets in accordance with section 1141 of the Bankruptcy Code and for the Claimant Trust Assets to automatically vest in the Claimant Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Claimant Trust Interests and the Claimant Trust Expenses, as provided for in the Claimant Trust Agreement.  The Claimant Trust will administer the Claimant Trust Assets as provided under the Plan and the Claimant Trust Agreement contained in the Plan Supplements.

b.    **The Litigation Sub-Trust.**    The Plan and the Litigation Sub-Trust Agreement provide for the transfer to the Litigation Sub-Trust all of the Claimant Trust's rights, title, and interest in and to all of the Estate Claims (as transferred to the Claimant Trust by the Debtor) in accordance with section 1141 of the Bankruptcy Code and for the Estate Claims to automatically vest in the Litigation Sub-Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Litigation Sub-Trust Interests and the Litigation Sub-Trust Expenses, as provided for in the Litigation Sub-Trust Agreement.    The Litigation Trustee is charged with investigating, pursuing, and otherwise resolving any Estate Claims (including those with respect to which the Committee has standing to pursue prior to the Effective Date pursuant to the January 9 Order) pursuant to the terms of the Litigation Sub-Trust Agreement and the Plan, regardless of whether any litigation with respect to any Estate Claim was commenced by the Debtor or the Committee prior to the Effective Date.

      c.     **The Reorganized Debtor**.  The Reorganized Debtor will administer the Reorganized Debtor Assets, which includes managing the wind down of the Managed Funds.

The precise terms governing the execution of these restructuring transactions are set forth in greater detail in the applicable definitive documents included in the Plan Supplements, including the Claimant Trust Agreement, the Litigation Sub-Trust Agreement, and the Schedule of Retained Causes of Action.  The Plan, together with the documents and forms of agreement included in the Plan Supplements, provides a detailed blueprint for the transactions contemplated by the Plan.  The Plan's various mechanisms provide for the Debtor's continued management of its business as it seeks to liquidate the Debtor's assets, wind down its affairs, and pay the Claims of the Debtor's creditors.  Upon full payment of Allowed Claims, plus interest as provided in the Plan, any residual value would then flow to the holders of Class 10 (Class B/C Limited Partnership Interests), and Class 11 (Class A Limited Partnership Interests).  Finally, Mr. Seery testified that the Debtor engaged in substantial and arm's length negotiations with the Committee regarding the Debtor's post-Effective Date corporate governance, as reflected in the Plan.  Mr. Seery testified that he believes the selection of the Claimant Trustee, Litigation Trustee, and members of the Claimant Trust Oversight Board are in the best interests of the Debtor's economic constituents.  Thus, the requirements of section 1123(a)(5) of the Bankruptcy Code are satisfied.

      43.     **Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).**  The Debtor is not a corporation and the charter documents filed in the Plan Supplements otherwise comply with section 1123(a)(6) of the Bankruptcy Code.  Therefore, the requirement of section 1123(a)(6) of the Bankruptcy Code is satisfied.

**Appx. 00135**

44.    **Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).**  Article IV of the Plan provides for the Claimant Trust to be governed and administered by the Claimant Trustee.  The Claimant Trust, the management of the Reorganized Debtor, and the management and monetization of the Claimant Trust Assets and the Litigation Sub-Trust will be managed by the Claimant Trust Oversight Board.  The Claimant Trust Oversight Board will consist of:  (1) Eric Felton, as representative of the Redeemer Committee; (2) Joshua Terry, as representative of Acis; (3) Elizabeth Kozlowski, as representative of UBS; (4) Paul McVoy, as representative of Meta-E Discovery; and (5) David Pauker.  Four of the members of the Claimant Trust Oversight Committee are the holders of several of the largest Claims against the Debtor and/or are current members of the Committee.  Each of these creditors has actively participated in the Debtor's case, both through their fiduciary roles as Committee members and in their individual capacities as creditors.  They are therefore intimately familiar with the Debtor, its business, and assets.  The fifth member of the Claimant Trustee Oversight Board, David Pauker, is a disinterested restructuring advisor and turnaround manager with more than 25 years of experience advising public and private companies and their investors, and he has substantial experience overseeing, advising or investigating troubled companies in the financial services industry and has advised or managed such companies on behalf of boards or directors, court-appointed trustees, examiners and special masters, government agencies, and private investor parties.  The members of the Claimant Trust Oversight Board will serve without compensation, except for Mr. Pauker, who will receive payment of $250,000 for his first year of service, and $150,000 for subsequent years.

DOCS_SF:104487.21 36027/002

**Appx. 00136**

45. **Selection of Trustees.** The Plan Supplements disclose that Mr. Seery will serve as the Claimant Trustee and Marc Kirschner will serve as the Litigation Trustee. As noted above, Mr. Seery has served as an Independent Board member since January 2020, and as the Chief Executive Officer and Chief Restructuring Officer since July 2020, and he has extensive management and restructuring experience, as evidenced from his curriculum vitae which is part of the record. The evidence shows that Mr. Seery is intimately familiar with the Debtor's organizational structure, business, and assets, as well as how Claims will be treated under the Plan. Accordingly, it is reasonable and in the Estate's best interests to continue Mr. Seery's employment post-emergence as the Claimant Trustee. Mr. Seery, upon consultation with the Committee, testified that he intends to employ approximately 10 of the Debtor's employees to enable him to manage the Debtor's business until the Claimant Trust effectively monetizes its remaining assets, instead of hiring a sub-servicer to accomplish those tasks. Mr. Seery testified that he believes that the Debtor's post-confirmation business can most efficiently and cost-effectively be supported by a sub-set of the Debtor's current employees, who will be managed internally. Mr. Seery shall initially be paid $150,000 per month for services rendered after the Effective Date as Claimant Trustee; however, Mr. Seery's long-term salary as Claimant Trustee and the terms of any bonuses and severance are subject to further negotiation by Mr. Seery and the Claimant Trust Oversight Board within forty-five (45) days after the Effective Date. The Bankruptcy Court has also reviewed Mr. Kirschner's curriculum vitae. Mr. Kirschner has been practicing law since 1967 and has substantial experience in bankruptcy litigation matters, particularly with respect to his prior experience as a litigation trustee for several litigation trusts, as set forth on the record of the

34

Confirmation Hearing and in the Confirmation Brief.  Mr. Kirschner shall be paid $40,000 per month for the first three months and $20,000 per month thereafter, plus a success fee related to litigation recoveries.  The Committee and the Debtor had arm's lengths negotiations regarding the post-Effective Date corporate governance structure of the Reorganized Debtor and believe that the selection of the Claimant Trustee, the Litigation Trustee, and the Claimant Trust Oversight Committee are in the best interests of the Debtor's economic stakeholders.  Section 1123(a)(7) of the Bankruptcy Code is satisfied.

46.     **Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).** Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Debtor has complied with the applicable provisions of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, and 1126 of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, the Plan Supplements, and all other matters considered by the Bankruptcy Court in connection with this Chapter 11 Case.

47.     **Debtor's Solicitation Complied with Bankruptcy Code and Disclosure Statement Order.**  Before the Debtor solicited votes on the Plan, the Bankruptcy Court entered the Disclosure Statement Order.  In accordance with the Disclosure Statement Order and evidenced by the Affidavits of Service and Publication, the Debtor appropriately served (i) the Solicitation Packages (as defined in the Disclosure Statement Order) on the Holders of Claims in Classes 2, 7, 8 and 9 and Holders of Equity Interests in Classes 10 and 11 who were entitled to vote on the Plan; and (ii) the Notice of Nonvoting Status (as defined in the Disclosure Statement Order) and the

DOCS_SF:104487.21 36027/002

**Appx. 00138**

Confirmation Hearing Notice to the Holders of Claims in Classes 1, 3, 4, 5 and 6, who were not entitled to vote on the Plan pursuant to the Disclosure Statement Order.  The Disclosure Statement Order approved the contents of the Solicitation Packages provided to Holders of Claims and Equity Interests entitled to vote on the Plan, the notices provided to parties not entitled to vote on the Plan, and the deadlines for voting on and objecting to the Plan.  The Debtor and KCC each complied with the content and delivery requirements of the Disclosure Statement Order, thereby satisfying sections 1125(a) and (b) of the Bankruptcy Code, as evidenced by the Affidavits of Service and Publication.  The Debtor also satisfied section 1125(c) of the Bankruptcy Code, which provides that the same disclosure statement must be transmitted to each holder of a claim or interest in a particular class.  The Debtor caused the same Disclosure Statement to be transmitted to all holders of Claims and Equity Interests entitled to vote on the Plan.  The Debtor has complied in all respects with the solicitation requirements of section 1125 of the Bankruptcy Code and the Disclosure Statement Order.  The Bankruptcy Court rejects the arguments of the Mr. Dondero and certain Dondero Related Entities that the changes made to certain assumptions and projections from the Liquidation Analysis annexed as Exhibit C to the Disclosure Statement (the "Liquidation Analysis") to the Amended Liquidation Analysis/Financial Projections require resolicitation of the Plan.  The Bankruptcy Court heard credible testimony from Mr. Seery regarding the changes to the Liquidation Analysis as reflected in the Amended Liquidation Analysis/Financial Projections.  Based on the record, including the testimony of Mr. Seery, the Bankruptcy Court finds that the changes between the Liquidation Analysis and the Amended Liquidation Analysis/Financial Projections do not constitute materially adverse change to the treatment of Claims or Equity

Interests.  Instead, the changes served to update the projected distributions based on Claims that were settled after the approval of the Disclosure Statement and to otherwise incorporate more recent financial data.  Such changes were entirely foreseeable given the large amount of unliquidated Claims at the time the Disclosure Statement was approved and the nature of the Debtor's assets.  The Bankruptcy Court therefore finds that holders of Claims and Equity Interests were not misled or prejudiced by the Amended Liquidation Analysis/Financial Projections and the Plan does not need to be resolicited.

48.    **Plan Proposed in Good Faith and Not by Means Forbidden by Law (11 U.S.C. § 1129(a)(3)).**  The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of this Chapter 11 Case, the Plan itself, and the extensive, unrebutted testimony of Mr. Seery in which he described the process leading to Plan's formulation. Based on the totality of the circumstances and Mr. Seery's testimony, the Bankruptcy Court finds that the Plan is the result of extensive arm's-length negotiations among the Debtor, the Committee, and key stakeholders, and promotes the objectives and purposes of the Bankruptcy Code. Specifically, the Debtor's good faith in proposing the Plan is supported by the following facts adduced by Mr. Seery:

a.    The Independent Board determined that it should consider all potential restructuring alternatives, including pursuit of a traditional restructuring and the continuation of the Debtor's business, a potential sale of the Debtor's assets in one or more transactions, an asset monetization plan similar to that described in the Plan, and a so-called "grand bargain" plan that would involve Mr. Dondero's sponsorship of a plan with a substantial equity infusion.

DOCS_SF:104487.21 36027/002

**Appx. 00140**

b.   The Debtor subsequently engaged in arm's-length, good faith negotiations with the Committee over an asset monetization Plan commencing in June 2020, which negotiations occurred over the next several months.

c.   Negotiations between the Debtor and the Committee were often contentious over disputes, including, but not limited to, the post-confirmation corporate governance structure and the scope of releases contemplated by the Plan.

d.   While negotiations with the Committee progressed, the Independent Board engaged in discussions with Mr. Dondero regarding a potential "grand bargain" plan which contemplated a significant equity infusion by Mr. Dondero, and which Mr. Seery personally spent hundreds of hours pursuing over many months.

e.   On August 3, 2020, the Bankruptcy Court entered the *Order Directing Mediation* [Docket No. 912] pursuant to which the Bankruptcy Court ordered the Debtor, the Committee, UBS, Acis, the Redeemer Committee, and Mr. Dondero into mediation.  As a result of this mediation, the Debtor negotiated the settlement of the claims of Acis and Mr. Terry, which the Bankruptcy Court approved on October 28, 2020 [Docket No. 1302].

f.   On August 12, 2020, the Debtor filed its *Chapter 11 Plan of* Reorganization *of Highland Capital Management, L.P.* [Docket No. 944] (the "Initial Plan") and related disclosure statement (the "Initial Disclosure Statement") which were not supported by either the Committee or Mr. Dondero.  The Independent Board filed the Initial Plan and Initial Disclosure Statement in order to act as a catalyst for continued discussions with the Committee while it simultaneously worked with Mr. Dondero on the "grand bargain" plan.

g.   The Bankruptcy Court conducted a contested hearing on the Initial Disclosure Statement on October 27, 2020.  The Committee and other parties objected to approval of the Disclosure Statement at the Initial Disclosure Statement hearing, which was eventually continued to November 23, 2020.

h.   Following the Initial Disclosure Statement hearing, the Debtor continued to negotiate with the Committee and ultimately resolved the remaining material disputes and led to the Bankruptcy Court's approval of the Disclosure Statement on November 23, 2020.

i.   Even after obtaining the Bankruptcy Court's approval of the Disclosure Statement, the Debtor and the Committee continued to negotiate with Mr. Dondero and the Committee over a potential "pot plan" as an alternative to the Plan on file with the Bankruptcy Court, but such efforts were unsuccessful.  This history conclusively demonstrates that the Plan is being proposed in good faith within the meaning of section 1129(a)(3).

DOCS_SF:104487.21 36027/002

**Appx. 00141**

49.     **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**
Article II.B of the Plan provides that Professionals will file all final requests for payment of
Professional Fee Claims no later than 60 days after the Effective Date, thereby providing an
adequate period of time for interested parties to review such claims.  The procedures set forth in
the Plan for the Bankruptcy Court's approval of the fees, costs, and expenses to be paid in
connection with this chapter 11 Case, or in connection with the Plan and incident to this Chapter
11 Case, satisfy the objectives of and are in compliance with section 1129(a)(4) of the Bankruptcy
Code.

50.     **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).**  Article IV.B
of the Plan provides for the appointment of the Claimant Trustee, Litigation Trustee, and the
Claimant Trust Oversight Committee and the members thereto.  For the reasons more fully
explained in paragraphs 44-45 of this Confirmation Order with respect to the requirement of
section 1123(a)(7) of the Bankruptcy Code, the Debtor has disclosed the nature of compensation
of any insider to be employed or retained by the Reorganized Debtor, if applicable, and
compensation for any such insider.  The appointment of such individuals is consistent with the
interests of Claims and Equity Interests and with public policy.  Thus, the Plan satisfies section
1129(a)(5) of the Bankruptcy Code.

51.     **No Rate Changes (11 U.S.C. § 1129(a)(6)).**  The Plan does not provide for
any rate change that requires regulatory approval.  Section 1129(a)(6) of the Bankruptcy Code is
thus not applicable.

DOCS_SF:104487.21 36027/002

**Appx. 00142**

52.    **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).**  The "best interests"

test is satisfied as to all Impaired Classes under the Plan, as each Holder of a Claim or Equity

Interest in such Impaired Classes will receive or retain property of a value, as of the Effective Date

of the Plan, that is not less than the amount that such Holder would so receive or retain if the

Debtor were liquidated under chapter 7 of the Bankruptcy Code.  On October 15, 2020, the Debtor

filed the Liquidation Analysis [Docket 1173], as prepared by the Debtor with the assistance of its

advisors and which was attached as Exhibit C to the Disclosure Statement.  On January 29, 2021,

in advance of Mr. Seery's deposition in connection with confirmation of the Plan, the Debtor

provided an updated version of the Liquidation Analysis to the then-objectors of the Plan,

including Mr. Dondero and the Dondero Related Entities.  On February 1, 2021, the Debtor filed

the Amended Liquidation Analysis/Financial Projections.    The Amended Liquidation

Analysis/Financial Projections included updates to the Debtor's projected asset values, revenues,

and expenses to reflect: (1) the acquisition of an interest in an entity known as "HCLOF" that the

Debtor will acquire as part of its court-approved settlement with HarbourVest and that was valued

at $22.5 million; (2) an increase in the value of certain of the Debtor's assets due to changes in

market conditions and other factors; (3) expected revenues and expenses arising in connection with

the Debtor's continued management of the CLOs pursuant to management agreements that the

Debtor decided to retain; (4) increases in projected expenses for headcount (in addition to adding

two or three employees to assist in the management of the CLOs, the Debtor also increased

modestly the projected headcount as a result of its decision not to engage a Sub-Servicer) and

professional fees; and (5) an increase in projected recoveries on notes resulting from the

acceleration of term notes owed to the Debtor by the following Dondero Related Entities: NexPoint Advisors, L.P.; Highland Capital Management Services, Inc.; and HCRE Partners, LLC (n/k/a NexPoint Real Estate Partners, LLC). Under the Plan, as of the Confirmation Date, (a) Class 7 General Unsecured Creditors are projected to receive 85% on account of their claims; and (b) Class 8 General Unsecured Creditors are projected to receive at least approximately 71% on account of their Claims. Under a hypothetical chapter 7 liquidation, all general unsecured creditors are projected to receive approximately 55% on account of their Claims. The Bankruptcy Court finds that the distributions that Class 7 and 8 General Unsecured Creditors are projected to receive under the Plan substantially exceeds that which they would receive under a chapter 7 liquidation based on Mr. Seery's testimony, including the following credible reasons he posited, among others:

      a.     The nature of the Debtor's assets is complex. Certain assets relate to complicated real estate structures and private equity investments in operating businesses. Mr. Seery's extensive experience with the Debtor during the thirteen months since his appointment as an Independent Director and later Chief Executive Officer and Chief Restructuring Officer, provides him with a substantial learning curve in connection with the disposition of the Debtor's assets and are reasonably expected to result in him being able to realize tens of millions of dollars more value than would a chapter 7 trustee.

      b.     Assuming that a hypothetical chapter 7 trustee could even operate the Debtor's business under chapter 7 of the Bankruptcy Code and hire the necessary personnel with the relevant knowledge and experience to assist him or her in selling the Debtor's assets, a chapter 7 trustee would likely seek to dispose of the Debtor's assets in a forced sale liquidation which would generate substantially less value for the Debtor's creditors than the asset monetization plan contemplated by the Plan.

      c.     A chapter 7 trustee would be unlikely to retain the Debtor's existing professionals to assist in its efforts to monetize assets, resulting in delays, increased expenses, and reduced asset yields for the chapter 7 estate.

d.    The chapter 7 estate would be unlikely to maximize value as compared to the asset monetization process contemplated by the Plan because potential buyers are likely to perceive a chapter 7 trustee as engaging in a quick, forced "fire sale" of assets; and

e.    The Debtor's employees, who are vital to its efforts to maximum value and recoveries for stakeholders, may be unwilling to provide services to a chapter 7 trustee.

Finally, there is no evidence to support the objectors' argument that the Claimant Trust Agreement's disclaimed liability for ordinary negligence by the Claimant Trustee compared to a chapter 7 trustee's liability has any relevance to creditor recoveries in a hypothetical chapter 7 liquidation.  Thus, section 1129(a)(7) of the Bankruptcy Code is satisfied.

53.    **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).**  Classes 1, 3, 4, 5 and 6 are Unimpaired under the Plan.  Class 2 (Frontier Secured Claim), Class 7 (Convenience Claims), and Class 9 (Subordinated Claims) have each voted to accept the Plan in accordance with the Bankruptcy Code, thereby satisfying section 1129(a)(8) as to those Classes.  However, Class 8 (General Unsecured Claims), Class 10 (Class B/C Limited Partnership Interests), and Class 11 (Class A Limited Partnership Interests) have not accepted the Plan.  Accordingly, section 1129(a)(8) of the Bankruptcy Code has not been satisfied.  The Plan, however, is still confirmable because it satisfies the nonconsensual confirmation provisions of section 1129(b), as set forth below.

54.    **Treatment of Administrative, Priority, Priority Tax Claims, and Professional Fee Claims (11 U.S.C. § 1129(a)(9)).**  The treatment of Administrative Claims, Priority Claims, and Professional Fee Claims pursuant to Article III of the Plan, and as set forth below with respect to the resolution of the objections filed by the Internal Revenue Service and

42

certain Texas taxing authorities satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

55.    **Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).**   Class 2 (Frontier Secured Claims) and Class 7 (Convenience Claims) are each Impaired Classes of Claims that voted to accept the Plan, determined without including any acceptance of the Plan by any insider.  Therefore, the requirement of section 1129(a)(10) of the Bankruptcy Code is satisfied.

56.    **Feasibility (11 U.S.C. § 1129(a)(11)).**   Article IV of the Plan provides for the implementation of the Plan through the Claimant Trust, the Litigation Sub-Trust, and the Reorganized Debtor.  The Plan provides that the Claimant Trust, among other things, will monetize and distribute the Debtor's remaining assets.  The Disclosure Statement, the Amended Liquidation Analysis/Financial Projections, and the other evidence presented at the Confirmation Hearing provide a reasonable probability of success that the Debtor will be able to effectuate the provisions of the Plan.  The Plan contemplates the establishment of the Claimant Trust upon the Effective Date, which will monetize the Estate's assets for the benefit of creditors.  Mr. Seery testified that the Class 2 Frontier Secured Claim will be paid over time pursuant to the terms of the New Frontier Note and the Reorganized Debtor will have sufficient assets to satisfy its obligations under this note.  The Claims of the Holders of Class 7 Claims (as well as those Class 8 creditors who validly opted to receive the treatment of Class 7 Claims) are expected to be satisfied shortly after the Effective Date.  Holders of Class 8 Claims (including any holders of Class 7 Claims who opted to receive the treatment provided to Class 8 Claims) are not guaranteed any recovery and will

periodically receive pro rata distributions as assets are monetized pursuant to the Plan and the

Claimant Trust Agreement.  Thus, section 1129(a)(11) of the Bankruptcy Code is satisfied.

57.    **Payment of Fees (11 U.S.C. § 1129(a)(12)).**  All fees payable under 28

U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Article

XII.A of the Plan, thus satisfying the requirement of section 1129(a)(12) of the Bankruptcy Code.

The Debtor has agreed that the Reorganized Debtor, the Claimant Trust, and the Litigation Sub-

Trust shall be jointly and severally liable for payment of quarterly fees to the Office of the United

States Trustee pursuant to 28 U.S.C. § 1930 through the entry of the Final Decree for the Debtor

or the dismissal or conversion of the Chapter 11 Case.

58.    **Retiree Benefits.**  The Plan provides for the assumption of the Pension Plan

(to the extent such Pension Plan provides "retiree benefits" and is governed by section 1114 of the

Bankruptcy Code).  Thus, the Plan complies with section 1129(a)(13) of the Bankruptcy Code, to

the extent applicable.

59.    **Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(14)-(16)).**  Sections

1129(a)(14)-(16) of the Bankruptcy Code are inapplicable as the Debtor (i) has no domestic

support obligations (section 1129(a)(14)), (ii) is not an individual (section 1129(a)(15)), and (iii)

is not a nonprofit corporation (section 1129(a)(16)).

60.    **No Unfair Discrimination; Fair and Equitable Treatment (11 U.S.C. §**

**1129(b)).**  The classification and treatment of Claims and Equity Interests in Classes 8, 10 and 11,

which have not accepted the Plan, is proper pursuant to section 1122 of the Bankruptcy Code, does

DOCS_SF:104487.21 36027/002

not discriminate unfairly, and is fair and equitable pursuant to section 1129(b)(1) of the Bankruptcy

Code.

     a.     <u>Class 8</u>.  The Plan is fair and equitable with respect to Class 8 General Unsecured Claims.  While Equity Interests in Class 10 and Class 11 will receive a contingent interest in the Claimant Trust under the Plan (the "<u>Contingent Interests</u>"), the Contingent Interests will not vest unless and until holders of Class 8 General Unsecured Claims and Class 9 Subordinated Claims receive distributions equal to 100% of the amount of their Allowed Claims plus interest as provided under the Plan and Claimant Trust Agreement.  Accordingly, as the holders of Equity Interests that are junior to the Claims in Class 8 and Class 9 will not receive or retain under the Plan on account of such junior claim interest any property unless and until the Claims in Class 8 and Class 9 are paid in full plus applicable interest, the Plan is fair and equitable with respect to holders of Class 8 General Unsecured Claims pursuant to section 1129(b)(2)(B) of the Bankruptcy Code and the reasoning of *In re Introgen Therapuetics* 429 B.R 570 (Bankr. W.D. Tex. 2010).

     b.     <u>Class 10 and Class 11</u>.  There are no Claims or Equity Interests junior to the Equity Interests in Class 10 and Class 11.  Equity Interests in Class 10 and 11 will neither receive nor retain any property under the Plan unless Allowed Claims in Class 8 and Class 9 are paid in full plus applicable interest pursuant to the terms of the Plan and Claimant Trust Agreement.  Thus, the Plan does not violate the absolute priority rule with respect to Classes 10 and 11 pursuant to Bankruptcy Code section 1129(b)(2)(C).  The Plan does not discriminate unfairly as to Equity Interests.  As noted above, separate classification of the Class B/C Partnership Interests from the Class A Partnerships Interests is appropriate because they constitute different classes of equity security interests in the Debtor, and each are appropriately separately classified and treated.

Accordingly, the Plan does not violate the absolute priority rule, does not discriminate unfairly,

and is fair and equitable with respect to each Class that has rejected the Plan.  Thus, the Plan

satisfies the requirements of section 1129(b) of the Bankruptcy Code with respect to Classes 8, 10,

and 11.

DOCS_SF:104487.21 36027/002

**Appx. 00148**

61.     **Only One Plan (11 U.S.C. § 1129(c)).**  The Plan is the only chapter 11 plan confirmed in this Chapter 11 Case, and the requirements of section 1129(c) of the Bankruptcy Code are therefore satisfied.

62.     **Principal Purpose (11 U.S.C. § 1129(d)).**  Mr. Seery testified that the principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  Accordingly, section 1129(d) of the Bankruptcy Code is inapplicable.

63.     **Satisfaction of Confirmation Requirements.**  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

64.     **Good Faith Solicitation (11 U.S.C. § 1125(e)).**  The Debtor, the Independent Directors, and the Debtor's employees, advisors, Professionals, and agents have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

65.     **Discharge (11 U.S.C. § 1141(d)(3)**).  The Debtor is entitled to a discharge of debts pursuant to section 1141(d)(3)(B) of the Bankruptcy Code.  Under the Plan, the Claimant Trust or Reorganized Debtor, as applicable, will continue to manage funds and conduct business

DOCS_SF:104487.21 36027/002

**Appx. 00149**

in the same manner as the Debtor did prior to Plan confirmation, which includes the management of the CLOs, Multi-Strat, Restoration Capital, the Select Fund and the Korea Fund.  Although the Plan projects that it will take approximately two years to monetize the Debtor's assets for fair value, Mr. Seery testified that while the Reorganized Debtor and Claimant Trust will be monetizing their assets, there is no specified time frame by which this process must conclude.  Mr. Seery's credible testimony demonstrates that the Debtor will continue to engage in business after consummation of the Plan, within the meaning of Section 1141(d)(3)(b) and that the Debtor is entitled to a discharge pursuant to section 1141(d)(1) of the Bankruptcy Code.

66.    **Retention of Jurisdiction.**  The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article XI of the Plan and/or section 1142 of the Bankruptcy Code to the maximum extent under applicable law.

67.    **Additional Plan Provisions (11 U.S.C. § 1123(b)).**  The Plan's provisions are appropriate, in the best interests of the Debtor and its Estate, and consistent with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

68.    **Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).** The Debtor has exercised reasonable business judgment with respect to the rejection of the Executory Contracts and Unexpired Leases pursuant the terms of the Plan and this Confirmation Order, and such rejections are justified and appropriate in this Chapter 11 Case.  The Debtor also filed the List of Assumed Contracts, which contain notices to the applicable counterparties to the contracts set forth on Exhibit "FF" to Plan Supplement filed on February 1, 2021 [Docket No. 1875] and which exhibit sets forth the list of executory contracts and unexpired leases to be

assumed by the Debtor pursuant to the Plan (collectively, the "Assumed Contracts").  With respect

to the Assumed Contracts, only one party objected to the assumption of any of the Assumed

Contracts, but that objection was withdrawn.[8]  Any modifications, amendments, supplements, and

restatements to the Assumed Contracts that may have been executed by the Debtor during the

Chapter 11 Case shall not be deemed to alter the prepetition nature of the Assumed Contracts or

the validity, priority, or amount of any Claims that may arise in connection therewith.  Assumption

of any Assumed Contract pursuant to the Plan and full payment of any applicable Cure pursuant

to the Plan shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether

monetary or nonmonetary, including defaults of provisions restricting the change in control or

ownership interest composition or other bankruptcy-related defaults, arising under any assumed

Executory Contract or Unexpired Lease at any time prior to the effective date of assumption.

69.    **Compromises and Settlements Under and in Connection with the Plan (11 U.S.C. § 1123(b)(3)).**  All of the settlements and compromises pursuant to and in connection with the Plan, comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

70.    **Debtor Release, Exculpation and Injunctions (11 U.S.C. § 1123(b)).**  The

Debtor Release, Exculpation, and Injunction provisions provided in the Plan (i) are within the

jurisdiction of the Bankruptcy Court under 28 U.S.C. § 1334; (ii) are integral elements of the

transactions incorporated into the Plan, and inextricably bound with the other provisions of the

Plan; (iii) confer material benefit on, and are in the best interests of, the Debtor, its Estate, and its

---

[8] *See Notice of Withdrawal of James Dondero's Objection Debtor's Proposed Assumption of Contracts and Cure Amounts Proposed in Connection Therewith* [Docket No. 1876]

**Appx. 00151**

creditors; (iv) are fair, equitable, and reasonable; (v) are given and made after due notice and opportunity for hearing; (vi) satisfy the requirements of Bankruptcy Rule 9019; and (vii) are consistent with the Bankruptcy Code and other applicable law, and as set forth below.

71.    **Debtor Release.** Section IX.D of the Plan provides for the Debtor's release of the Debtor's and Estate's claims against the Released Parties.  Releases by a debtor are discretionary and can be provided by a debtor to persons who have provided consideration to the Debtor and its estate pursuant to section 1123(b)(3)(A) of the Bankruptcy Code.  Contrary to the objections raised by Mr. Dondero and certain of the Dondero Related Entities, the Debtor Release is appropriately limited to release claims held by the Debtor and does not purport to release the claims held by the Claimant Trust, Litigation Sub-Trust, or other third parties.  The Plan does not purport to release any claims held by third parties and the Bankruptcy Court finds that the Debtor Release is not a "disguised" release of any third party claims as asserted by certain objecting parties.  The limited scope of the Debtor Release in the Plan was extensively negotiated with the Committee, particularly with the respect to the Debtor's conditional release of claims against employees, as identified in the Plan, and the Plan's conditions and terms of such releases.  The Plan does not release (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights or obligations of any current employee of the Debtor under any employment agreement or plan, (iii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under any employment agreement with a current or former employee of the Debtor, (iv) any Avoidance Actions, or (v) any Causes of Action arising from willful misconduct, criminal misconduct, actual

**Appx. 00152**

fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction. The Debtor Release also contains conditions to such releases as set forth in Article X.D of the Plan with respect to employees (the "Release Conditions"). Until the an employee satisfies the Release Conditions or the Release Conditions otherwise terminate, any claims against such employee will be tolled so that if the Release Conditions are not met the Litigation Trustee may pursue claims against an employee at a later date. The evidence before the Bankruptcy Court, including, but not limited to Mr. Seery's testimony, demonstrates that the Debtor is not aware of any claims against any of the Released Parties, that the Released Parties have been instrumental in assisting the Debtor's efforts toward confirmation of the Plan and that, therefore, the releases are a *quid pro quo* for the Released Parties' significant contributions to a highly complex and contentious restructuring. The Committee, whose members hold approximately $200 million in claims against the Estate, is highly sophisticated and is represented by highly sophisticated professionals, and has actively and vigorously negotiated the terms of the Debtor Release, which was the subject of significant controversy at the Initial Disclosure Statement hearing held by the Bankruptcy Court on October 27, 2020.

72. **Exculpation.** Section IX.C of the Plan provides for the exculpation of certain Exculpated Parties to the extent provided therein (the "Exculpation Provision"). As explained below, the Exculpation Provision is appropriate under the unique circumstances of this litigious Chapter 11 Case and consistent with applicable Fifth Circuit precedent. First, with respect to the Independent Directors, their agents, and their advisors, including any employees acting at

their direction, the Bankruptcy Court finds and concludes that it has already exculpated these parties for acts other than willful misconduct and gross negligence pursuant to the January 9 Order. The January 9 Order was specifically agreed to by Mr. Dondero, who was in control of the Debtor up until entry of the January 9 Order.  The January 9 Order was not appealed.  In addition to the appointment of the Independent Directors in an already contentious and litigious case, the January 9 Order set the standard of care for the Independent Directors and specifically exculpated them for negligence.  Mr. Seery and Mr. Dubel each testified that they had input into the contents of the January 9 Order and would not have agreed to their appointment as Independent Directors if the January 9 Order did not include the protections set forth in paragraph 10 of the January 9 Order. Paragraph 10 of the January 9 Order (1) requires that parties wishing to sue the Independent Directors or their agents and advisors must first seek approval from the Bankruptcy Court before doing so; (2) sets the standard of care for the Independent Directors during the Chapter 11 Case and exculpated the Independent Directors for acts other than willful misconduct or gross negligence; (3) only permits suits against the Independent Directors to proceed for colorable claims of willful misconduct and gross negligence upon order of the Bankruptcy Court; and (4) does not expire by its terms.

73.    **Existing Exculpation of Independent Directors.**  The Bankruptcy Court also finds and concludes that  it has already exculpated Mr. Seery acting in the capacity as Chief Executive Officer and Chief Restructuring Officer pursuant to the July 16 Order.  The Bankruptcy Court concludes its previous approval of the exculpation of the Independent Directors, their agents, advisors and employees working at their direction pursuant to the January 9 Order, and the Chief

51

Executive Officer and Chief Restructuring Officer pursuant to the July 16 Order constitutes the

law of this case and are *res judicata* pursuant to *In re Republic Supply Co. v. Shoaf*, 815 F.2d 1046

(5th Cir.1987).  The January 9 Order and July 16 Order cannot be collaterally attacked based on

the objectors' objection to the exculpation of the Independent Directors, their agents, and advisors,

including any employees acting at their direction, as well as the Chief Executive Officer and Chief

Restructuring Officer, that the Bankruptcy Court already approved pursuant to the January 9 Order

and the July 16 Order.

74.    **The Exculpation Provision Complies with Applicable Law.**  Separate

and apart from the *res judicata* effect of the January 9 Order and the July 16 Order, the Bankruptcy

Court also finds and concludes that the Exculpation Provision is consistent with applicable law,

including *In re Pacific Lumber Co.*, 584 F.3d 229 (5th Cir. 2009), for several reasons:

a.    First, the statutory basis for *Pacific Lumber'*s denial of exculpation for certain parties other than a creditors' committee and its members is that section 524(e) of the Bankruptcy Code "only releases the debtor, not co-liable third parties." *Pacific Lumber*, 253 F.3d. at 253.  However, *Pacific Lumber* does not prohibit all exculpations under the Bankruptcy Code and the court in such case specifically approved the exculpations of a creditors' committee and its members on the grounds that "11 U.S.C. § 1103(c), which lists the creditors' committee's powers, implies committee members have qualified immunity for actions within the scope of their duties…. [I]f members of the committee can be sued by persons unhappy with the committee's performance during the case or unhappy with the outcome of the case, it will be extremely difficult to find members to serve on an official committee." *Pacific Lumber*, 253 F.3d at 253 (quoting Lawrence P. King, et al, Collier on Bankruptcy, ¶ 1103.05[4][b] (15th Ed. 2008)).  *Pacific Lumber's* rationale for permitted exculpation of creditors' committees and their members (which was clearly policy-based and based on a creditors' committee qualified immunity flowing from their duties under section 1103(c) of the Bankruptcy Code and their disinterestedness and importance in chapter 11 cases) does not preclude exculpation to other parties in a particular chapter 11 case that perform similar roles to a creditors' committee and its members.  The Independent Directors, and by extension the Chief Executive Officer and Chief Restructuring Officer, were not

DOCS_SF:104487.21 36027/002

**Appx. 00155**

part of the Debtor's enterprise prior to their appointment by the Bankruptcy Court under the January 9 Order. The Bankruptcy Court appointed the Independent Directors in lieu of a chapter 11 trustee to address what the Bankruptcy Court perceived as serious conflicts of interest and fiduciary duty concerns with the then-existing management prior to January 9, 2020, as identified by the Committee. In addition, the Bankruptcy Court finds that the Independent Directors expected to be exculpated from claims of negligence, and would likely have been unwilling to serve in contentious cases absent exculpation. The uncontroverted testimony of Mr. Seery and Mr. Dubel demonstrates that the Independent Directors would not have agreed to accept their roles without the exculpation and gatekeeper provision in the January 9 Order. Mr. Dubel also testified as to the increasing important role that independent directors are playing in complex chapter 11 restructurings and that unless independent directors could be assured of exculpation for simple negligence in contentious bankruptcy cases they would be reluctant to accept appointment in chapter 11 cases which would adversely affect the chapter 11 restructuring process. The Bankruptcy Court concludes that the Independent Directors were appointed under the January 9 Order in order to avoid the appointment of a chapter 11 trustee and are analogous to a creditors' committee rather than an incumbent board of directors. The Bankruptcy Court also concludes that if independent directors cannot be assured of exculpation for simple negligence in contentious bankruptcy cases, they may not be willing to serve in that capacity. Based upon the foregoing, the Bankruptcy Court concludes that *Pacific Lumber's* policy of exculpating creditors' committees and their members from "being sued by persons unhappy with the committee's performance during the case or unhappy with the outcome of the case" is applicable to the Independent Directors in this Chapter 11 Case.[9]

b.    Second, the Bankruptcy Court also concludes that *Pacific Lumber* does not preclude the exculpation of parties if there is a showing that "costs [that] the released parties might incur defending against such suits alleging such negligence are likely to swamp either the Exculpated Parties or the reorganization." *Pacific Lumber*, 584 F.3d at 252. If ever there was a risk of that happening in a chapter 11 reorganization, it is this one. Mr. Seery credibly testified that Mr. Dondero stated outside the courtroom that if Mr. Dondero's pot plan does not get approved, that Mr. Dondero will "burn the place down." The Bankruptcy Court can easily expect that the proposed Exculpated Parties might expect to incur costs that could swamp them and the reorganization based on the prior litigious conduct of Mr. Dondero and his controlled entities that justify their inclusion in the Exculpation Provision.

---

[9] The same reasoning applies to the inclusion of Strand in the Exculpation Provision because Strand is the general partner of the Debtor through which each of the Independent Board members act.

DOCS_SF:104487.21 36027/002

**Appx. 00156**

75.    **Injunction.**  Section IX.D of the Plan provides for a Plan inunction to implement and enforce the Plan's release, discharge and release provisions (the "Injunction Provision").  The Injunction Provision is necessary to implement the provisions in the Plan.  Mr. Seery testified that the Claimant Trustee will monetize the Debtor's assets in order to maximize their value.  In order to accomplish this goal, the Claimant Trustee needs to be able to pursue this objective without the interference and harassment of Mr. Dondero and his related entities, including the Dondero Related Entities.  Mr. Seery also testified that if the Claimant Trust was subject to interference by Mr. Dondero,  it would take additional time to monetize the Debtor's assets and those assets could be monetized for less money to the detriment of the Debtor's creditors.  The Bankruptcy Court finds and concludes that the Injunction Provision is consistent with and permissible under Bankruptcy Code sections 1123(a), 1123(a)(6), 1141(a) and (c), and 1142.  The Bankruptcy Court rejects assertions by certain objecting parties that the Injunction Provision constitutes a "third-party release."  The Injunction Provision is appropriate under the circumstances of this Chapter 11 Case and complies with applicable bankruptcy law.  The Bankruptcy Court also concludes that the terms "implementation" and "consummation" are neither vague nor ambiguous

76.    **Gatekeeper Provision**.  Section IX.F of the Plan contains a provision contained in paragraph AA of this Confirmation Order and which the Debtor has referred to as a gatekeeper provision (the "Gatekeeper Provision").   The Gatekeeper Provision requires that Enjoined Parties first seek approval of the Bankruptcy Court before they may commence an action against Protected Parties.  Thereafter, if the Bankruptcy Court determines that the action is

DOCS_SF:104487.21 36027/002

colorable, the Bankruptcy Court may, if it has jurisdiction, adjudicate the action.  The Bankruptcy

Court finds that the inclusion of the Gatekeeper Provision is critical to the effective and efficient

administration, implementation, and consummation of the Plan.  The Bankruptcy Court also

concludes that the Bankruptcy Court has the statutory authority as set forth below to approve the

Gatekeeper Provision.

77.    **Factual Support for Gatekeeper Provision.**  The facts supporting the need

for the Gatekeeper Provision are as follows.  As discussed earlier in this Confirmation Order, prior

to the commencement of the Debtor's bankruptcy case, and while under the direction of Mr.

Dondero, the Debtor had been involved in a myriad of litigation, some of which had gone on for

years and, in some cases, over a decade.  Substantially all of the creditors in this case are either

parties who were engaged in litigation with the Debtor, parties who represented the Debtor in

connection with such litigation and had not been paid, or trade creditors who provided litigation-

related services to the Debtor.  During the last several months, Mr. Dondero and the Dondero

Related Entities have harassed the Debtor, which has resulted in further substantial, costly, and

time-consuming litigation for the Debtor.  Such litigation includes: (i) entry of a temporary

restraining order and preliminary injunction against Mr. Dondero [Adv. Proc. No. 20-03190

Docket No. 10 and 59] because of, among other things, his harassment of Mr. Seery and employees

and interference with the Debtor's business operations; (ii) a contempt motion against Mr.

Dondero for violation of the temporary restraining order, which motion is still pending before the

Bankruptcy Court [Adv. Proc. No. 20-03190 Docket No. 48]; (iii) a motion by Mr. Dondero's

controlled investors in certain CLOs managed by the Debtor that the Bankruptcy Court referred to

**Appx. 00158**

as frivolous and a waste of the Bankruptcy Court's time [Docket No. 1528] which was denied by

the Court [Docket No. 1605]; (iv) multiple plan confirmation objections focused on ensuring the

Dondero Related Entities be able to continue their litigation against the Debtor and its successors

post-confirmation [Docket Nos. 1661, 1667, 1670, 1673, 1676, 1677 and 1868]; (v) objections to

the approval of the Debtor's settlements with Acis and HarbourVest and subsequent appeals of the

Bankruptcy Court's order approving each of those settlements [Docket Nos. 1347 and 1870]; and

(vi) a complaint and injunction sought against Mr. Dondero's affiliated entities to prevent them

from violating the January 9 Order and entry of a restraining order against those entities [Adv Proc.

No. 21-03000 Docket No 1] (collectively, the "Dondero Post-Petition Litigation").

78.    **Findings Regarding Dondero Post-Petition Litigation.**  The Bankruptcy

Court finds that the Dondero Post-Petition Litigation was a result of Mr. Dondero failing to obtain

creditor support for his plan proposal and consistent with his comments, as set forth in Mr. Seery's

credible testimony, that if Mr. Dondero's plan proposal was not accepted, he would "burn down

the place."  The Bankruptcy Court concludes that without appropriate protections in place, in the

form of the Gatekeeper Provision, Mr. Dondero and his related entities will likely commence

litigation against the Protected Parties after the Effective Date and do so in jurisdictions other than

the Bankruptcy Court in an effort to obtain a forum which Mr. Dondero perceives will be more

hospitable to his claims.  The Bankruptcy Court also finds, based upon Mr. Seery's testimony, that

the threat of continued litigation by Mr, Dondero and his related entities after the Effective Date

will impede efforts by the Claimant Trust to monetize assets for the benefit of creditors and result

DOCS_SF:104487.21 36027/002

**Appx. 00159**

in lower distributions to creditors because of costs and distraction such litigation or the threats of such litigation would cause.

79.    **Necessity of Gatekeeper Provision.**  The Bankruptcy Court further finds that unless the Bankruptcy Court approves the Gatekeeper Provision, the Claimant Trustee and the Claimant Trust Oversight Board will not be able to obtain D&O insurance, the absence of which will present unacceptable risks to parties currently willing to serve in such roles.  The Bankruptcy Court heard testimony from Mark Tauber, a Vice President with AON Financial Services, the Debtor's insurance broker ("AON"), regarding his efforts to obtain D&O insurance.  Mr. Tauber credibly testified that of all the insurance carriers that AON approached to provide D&O insurance coverage after the Effective Date, the only one willing to do so without an exclusion for claims asserted by Mr. Dondero and his affiliates otherwise requires that this Order approve the Gatekeeper Provision.  Based on the foregoing, the Bankruptcy Court finds that the Gatekeeper Provision is necessary and appropriate in light of the history of the continued litigiousness of Mr. Dondero and his related entities in this Chapter 11 Case and necessary to the effective and efficient administration, implementation and consummation of the Plan and is appropriate pursuant to *Carroll v. Abide (In re Carroll)* 850 F.3d 811 (5th Cir. 2017).  Approval of the Gatekeeper Provision will prevent baseless litigation designed merely to harass the post-confirmation entities charged with monetizing the Debtor's assets for the benefit of its economic constituents, will avoid abuse of the court system and preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.  Any suit against a Protected Party would effectively be a suit against the Debtor, and the Debtor may be required to indemnify the Protected

**Appx. 00160**

Parties under the Limited Partnership Agreement, which will remain in effect through the Effective Date, or those certain *Indemnification and Guaranty Agreements*, dated January 9, 2020, between Strand, the Debtor, and each Independent Director, following the Confirmation Date as each such agreement will be assumed pursuant to 11 U.S.C. § 365 pursuant to the Plan.

80. **Statutory Authority to Approve Gatekeeper Provision.** The Bankruptcy Court finds it has the statutory authority to approve the Gatekeeper Provision under sections 1123(a)(5), 1123(b)(6), 1141, 1142(b), and 105(a). The Gatekeeper Provision is also within the spirit of the Supreme Court's "Barton Doctrine." *Barton v. Barbour,* 104 U.S. 126 (1881). The Gatekeeper Provision is also consistent with the notion of a prefiling injunction to deter vexatious litigants, that has been approved by the Fifth Circuit in such cases as *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008), and *In re Carroll,* 850 F.3d 811 (5th Cir. 2017).

81. **Jurisdiction to Implement Gatekeeper Provision.** The Bankruptcy Court finds that it will have jurisdiction after the Effective Date to implement the Gatekeeper Provision as post-confirmation bankruptcy court jurisdiction has been interpreted by the Fifth Circuit under *United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.)*, 301 F.3d 296 (5th Cir. 2002) and *EOP-Colonnade of Dallas Ltd. P'Ship v. Faulkner (In re Stonebridge Techs., Inc.)*, 430 F.3d 260 (5th Cir. 2005). Based upon the rationale of the Fifth Circuit in *Villegas v. Schmidt*, 788 F.3d 156, 158-59 (5th Cir. 2015), the Bankruptcy Court's jurisdiction to act as a gatekeeper does not violate *Stern v. Marshall.* The Bankruptcy Court's determination of whether

**Appx. 00161**

a claim is colorable, which the Bankruptcy Court has jurisdiction to determine, is distinct from whether the Bankruptcy Court would have jurisdiction to adjudicate any claim it finds colorable.

82.     **Resolution of Objections of Scott Ellington and Isaac Leventon**.  Each of Scott Ellington ("Mr. Ellington") and Isaac Leventon ("Mr. Leventon") (each, a "Senior Employee Claimant") has asserted certain claims for liquidated but unpaid bonus amounts for the following periods: 2016, 2017, and 2018, as set forth in Exhibit A to that certain *Senior Employees' Limited Objection to Debtor's Fifth Amended Plan of Reorganization* [Docket No. 1669] (the "Senior Employees' Objection") (for each of Mr. Ellington and Mr. Leventon, the "Liquidated Bonus Claims").

a.      Mr. Ellington has asserted Liquidated Bonus Claims in the aggregate amount of $1,367,197.00, and Mr. Leventon has asserted Liquidated Bonus Claims in the aggregate amount of $598,198.00.  Mr. Ellington received two Ballots[10] – a Ballot for Class 7 of the Plan and a Ballot for Class 8 of the Plan.  Mr. Ellington completed and timely returned both of such Ballots, voted to reject the Plan, and elected to have his Class 8 Liquidated Bonus Claims treated under Class 7 of the Plan, subject to the objections and reservations of rights set forth in the Senior Employees' Objection.  If Mr. Ellington is permitted to elect Class 7 treatment for his Liquidated Bonus Claims, then the maximum amount of his Liquidated Bonus Claims will be $1,000,000.

b.      Mr. Leventon received two Ballots—a Ballot for Class 7 of the Plan and a Ballot for Class 8 of the Plan.  Mr. Leventon completed and timely returned both of such Ballots and voted each such Ballots to rejected the Plan.

c.      The Senior Employees' Objection, among other things, objects to the Plan on the grounds that the Debtor improperly disputes the right of Mr. Ellington to elect Class 7 treatment for his Liquidated Bonus Claims and Mr. Leventon's entitlement to receive Class 7 Convenience Class treatment for his Liquidated Bonus Claims.  The Debtor contended that neither Mr. Ellington or Mr. Leventon were entitled to elect to receive Class 7 Convenience Class treatment on account of their Liquidated

---

[10] As defined in the Plan, "Ballot" means the forms(s) distributed to holders of Impaired Claims or Equity Interests entitled to vote on the Plan on which to indicate their acceptance or rejection of the Plan.

**Appx. 00162**

Bonus Claims under the terms of the Plan, the Disclosure Statement Order or applicable law.

d.  The Debtor and Mr. Ellington and Mr. Leventon negotiated at arms' length in an effort to resolve all issues raised in the Senior Employee's Objection, including whether or not Mr. Ellington and Mr. Leventon were entitled to Class 7 Convenience Class treatment of their Liquidated Bonus Claims. As a result of such negotiation, the Debtor, Mr. Ellington, and Mr. Leventon have agreed to the settlement described in paragraphs 82(e) through 82(k) below and approved and effectuated pursuant to decretal paragraphs RR through SS (the "Senior Employees' Settlement").

e.  Under the terms of the Senior Employees' Settlement, the Debtor has the right to elect one of two treatments of the Liquidated Bonus Claims for a Senior Employee Claimant. Under the first treatment option ("Option A"), the Liquidated Bonus Claims will be entitled to be treated in Class 7 of the Plan, and the Liquidated Bonus Claims will be entitled to receive payment in an amount equal to 70.125% of the Class 7 amount of the Liquidated Bonus Claims, subject to the Liquidated Bonus Claims becoming Allowed Claims under the terms of the Plan. Under this calculation, Mr. Ellington would be entitled to receive $701,250.00 on account of his Class 7 Convenience Class Claim when and as Allowed under the Plan, and Mr. Leventon would be entitled to receive $413,175.10 on account of his Class 7 Convenience Class Claim when and as Allowed under the Plan. If, however, any party in interest objects to the allowance of the Senior Employee Claimant's Liquidated Bonus Claims and does not prevail in such objection, then such Senior Employee Claimant will be entitled to a payment in an amount equal to 85% of his Allowed Liquidated Bonus Claims (subject, in the case of Mr. Ellington, to the cap imposed on Class 7 Claims). In addition, under Option A, each of Mr. Ellington and Mr. Leventon would retain their respective rights to assert that the Liquidated Bonus Claims are entitled to be treated as Administrative Expense Claims, as defined in Article I.B.2. of the Plan, in which case the holder of such Liquidated Bonus Claims would be entitled to payment in full of the Allowed Liquidated Bonus Claims. Under Option A, parties in interest would retain the right to object to any motion seeking payment of the Liquidated Bonus Amounts as Administrative Expenses.

f.  Under the second treatment option ("Option B"), the Debtor would agree that the Senior Employee Claimant has Allowed Liquidated Bonus Claims, no longer subject to objection by any party in interest, in the amounts of the Liquidated Bonus Claims (subject, in the case of Mr. Ellington, to the cap imposed by Class 7). If the Debtor elects Option B as to a Senior Employee Claimant, then such Senior Employee Claimant would be entitled to a payment on account of his Allowed Liquidated Bonus Claims in an amount equal to 60% of the amount of the

**Appx. 00163**

Liquidated Bonus Claims (which, in Mr. Ellington's case, would be $600,000 and in Mr. Leventon's case, would be $358,918.80), and such payment would be the sole recovery on account of such Allowed Liquidated Bonus Claims.

g.    The Debtor may, with the consent of the Committee, elect Option B with respect to a Senior Employee Claimant at any time prior to the occurrence of the Effective Date.  If the Debtor does not make an election, then Option A will apply.

h.    Under either Option A or Option B, Mr. Ellington and Mr. Leventon will retain all their rights with respect to all Claims other than the Liquidated Bonus Amounts, including, but not limited to, their Class 6 PTO Claims, other claims asserted as Class 8 General Unsecured Claims, the Senior Employees' claims for indemnification against the Debtor, and any other claims that they may assert constitute Administrative Expense Claims, and any other such Claims are subject to the rights of any party in interest to object to such Claims, and the Debtor reserves any all of its rights and defenses in connection therewith.

i.    Subject to entry of this Confirmation Order and as set forth and announced on the record at the hearing on confirmation of the Plan and no party objecting thereto, Mr. Ellington and Mr. Leventon agreed to change the votes in their respective Ballots from rejection to acceptance of the Plan and to withdraw the Senior Employees' Objection.

j.    The Senior Employees' Settlement represents a valid exercise of the Debtor's business judgment and satisfies the requirements for a compromise under Bankruptcy Rule 9019(a).

k.    For the avoidance of doubt, neither Mr. Leventon nor Mr. Ellington shall be a Released Party under the Plan regardless of how the Senior Employee Claimants' Claims are to be treated hereunder.

Based upon the foregoing findings, and upon the record made before the Bankruptcy Court

at the Confirmation Hearing, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

A.    **Confirmation of the Plan.**  The Plan is approved in its entirety and

**CONFIRMED** under section 1129 of the Bankruptcy Code.  The terms of the Plan, including the

**Appx. 00164**

Plan Supplements and Plan Modifications, are incorporated by reference into and are an integral part of this Confirmation Order.[11]

       **B.**     **Findings of Fact and Conclusions of Law**.  The findings of fact and the conclusions of law set forth in this Confirmation Order and on the record of the Confirmation Hearing constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.  All findings of fact and conclusion of law announced by the Bankruptcy Court at the Confirmation Hearing in relation to confirmation of the Plan are hereby incorporated into this Confirmation Order.  To the extent that any of the following constitutes findings of fact or conclusions of law, they are adopted as such. To the extent any findings of fact or conclusions of law set forth in this Confirmation Order (including any findings of fact or conclusions of law announced by the Bankruptcy Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Bankruptcy Court, and is adopted as such.

       **C.**     **Objections**.  Any resolution or disposition of objections to confirmation of the Plan or otherwise ruled upon by the Bankruptcy Court on the record of the Confirmation Hearing is hereby incorporated by reference.  All objections and all reservations of rights pertaining to confirmation of the Plan that have not been withdrawn, waived or settled are overruled on the merits, except as otherwise specifically provided in this Confirmation Order.

       **D.**     **Plan Supplements and Plan Modifications.**   The filing with the Bankruptcy Court of the Plan Supplements and the Plan Modifications constitutes due and

---

[11] The Plan is attached hereto as **Exhibit A**.

DOCS_SF:104487.21 36027/002

**Appx. 00165**

sufficient notice thereof.  Accordingly, pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, the Plan Modifications and the Plan Supplements do not require additional disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that Holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  The Plan Modifications and the Plan Supplements constitute the Plan pursuant to section 1127(a) of the Bankruptcy Code.  Accordingly, the Plan, as modified, is properly before the Bankruptcy Court and all votes cast with respect to the Plan prior to such modification shall be binding and shall apply with respect to the Plan.

**E.    Deemed Acceptance of Plan.**  In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims and Equity Interests who voted to accept the Plan (or whom are conclusively presumed to accept the Plan) are deemed to have accepted the Plan as modified by the Plan Modifications.  No holder of a Claim shall be permitted to change its vote as a consequence of the Plan Modifications.

**F.    Vesting of Assets in the Reorganized Debtor.**  Except as otherwise provided in the Plan or this Confirmation Order, on or after the Effective Date, all Reorganized Debtor Assets will vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges or other encumbrances pursuant to section 1141(c) of the Bankruptcy Code, except with respect to such Liens, Claims, charges, and other encumbrances that are specifically preserved under the Plan upon the Effective Date.  The Reorganized Debtor shall be the exclusive trustee of the Reorganized Debtor Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the

63

**Appx. 00166**

representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Reorganized Debtor Assets.

> **G.      Effectiveness of All Actions.**    All actions contemplated by the Plan, including all actions in connection with the Claimant Trust Agreement, the Senior Employee Stipulation, the New GP LLC Documents, the New Frontier Note, the Reorganized Limited Partnership Agreement, the Litigation Sub-Trust Agreement, and the other Plan Documents, are authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to or order of the Bankruptcy Court, or further action by the directors, managers, officers or partners of the Debtor or the Reorganized Debtor and with the effect that such actions had been taken by unanimous action of such parties.

> **H.      Restructuring Transactions.**    The Debtor or Reorganized Debtor, as applicable, are authorized to enter into and effectuate the Restructuring provided under the Plan, including, without limitation, the entry into and consummation of the transactions contemplated by the Claimant Trust Agreement, the Senior Employee Stipulation, the New GP LLC Documents, the New Frontier Note, the Reorganized Limited Partnership Agreement, the Litigation Sub-Trust Agreement, and the other Plan Documents, and may take any actions as may be necessary or appropriate to effect a corporate restructuring of its business or a corporate restructuring of the overall corporate structure of the Reorganized Debtor, as and to the extent provided in the Plan. Any transfers of assets or equity interests effected or any obligations incurred through the Restructuring pursuant to the Plan are hereby approved and shall not constitute fraudulent conveyances or fraudulent transfers or otherwise be subject to avoidance.

DOCS_SF:104487.21 36027/002

**Appx. 00167**

I. **Preservation of Causes of Action.**  Unless a Cause of Action against a Holder of a Claim or an Equity Interest or other Entity is expressly waived, relinquished, released, compromised or settled in the Plan or any Final Order (including, without limitation, this Confirmation Order), such Cause of Action is expressly reserved for later adjudication by the Reorganized Debtor, the Litigation Sub-Trust, or the Claimant Trust, as applicable (including, without limitation, Causes of Action not specifically identified or of which the Debtor may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances that may change or be different from those the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such Causes of Action as a consequence of the confirmation, effectiveness, or consummation of the Plan based on the Disclosure Statement, the Plan, or this Confirmation Order, except where such Causes of Action have been expressly released in the Plan or any other Final Order (including, without limitation, this Confirmation Order).  In addition, the right of the Reorganized Debtor, the Claimant Trust, or the Litigation Sub-Trust to pursue or adopt any claims alleged in any lawsuit in which the Debtor is a plaintiff, defendant or an interested party, against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits, is expressly reserved.

J. **Independent Board of Directors of Strand.**  The terms of the current Independent Directors shall expire on the Effective Date without the need for any further or other action by any of the Independent Directors.  For avoidance of doubt, the Assumed Contracts

DOCS_SF:104487.21 36027/002

**Appx. 00168**

include the *Indemnification and Guaranty Agreement between Highland Capital Management, Strand Advisors, Inc. and James Seery*; the *Indemnification and Guaranty Agreement between Highland Capital Management, Strand Advisors, Inc. and John Dubel* and *Indemnification and Guaranty Agreement between Highland Capital Management, Strand Advisors, Inc. and Russell Nelms* and shall each remain in full force and effect notwithstanding the expiration of the terms of any Independent Directors.

      **K.**       **Cancellation of Equity Interests and Issuance of New Partnership Interests.** On the Effective Date, all Class A Limited Partnership Interests, including the Class A Limited Partnership Interests held by Strand, as general partner, and Class B/C Limited Partnerships in the Debtor will be deemed cancelled, and all obligations or debts owed by, or Claims against, the Debtor on account of, or based upon, such Class A Limited Partnership Interests and Class B/C Limited Partnership Interests shall be deemed as cancelled, released, and discharged, including all obligations or duties by the Debtor relating to the Equity Interests in any of the Debtor's formation documents, including the Limited Partnership Agreement. As of the Effective Date and pursuant to the Plan, new Class A Limited Partnership Interests in the Reorganized Debtor will be issued to the Claimant Trust and New GP LLC. The Claimant Trust, as limited partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor, and on and following the Effective Date, the Claimant Trust will be the Reorganized Debtor's limited partner and New GP LLC will be its general partner. The Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement, which will amend and restate, in all respects, the Debtor's current Limited

**Appx. 00169**

Partnership Agreement.  Following the Effective Date, the Reorganized Debtor will be managed consistent with the terms of the Reorganized Limited Partnership Agreement by New GP LLC. The sole managing member of New GP LLC will be the Claimant Trust, and the Claimant Trustee will be the sole officer of New GP LLC on the Effective Date.

   **L.**  **Transfer of Assets to Claimant Trust.**  On or prior to the Effective Date, the Debtor shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Claimant Trust all of its rights, title, and interest in and to all of the Claimant Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, the Claimant Trust Assets shall automatically vest in the Claimant Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Claimant Trust Interests and the Claimant Trust Expenses, as provided for in the Claimant Trust Agreement, and such transfer shall be exempt from any stamp, real estate transfer, mortgage from any stamp, transfer, reporting, sales, use, or other similar tax.  Following the Effective Date, the Claimant Trust will administer the Claimant Trust Assets pursuant to the Plan and the Claimant Trust Agreement.

   **M.**  **Transfer of Estate Claims to Litigation Sub-Trust**.  On or prior to the Effective Date, the Claimant Trust shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Litigation Sub-Trust all of the Claimant Trust's rights, title, and interest in and to all of the Estate Claims as successor in interest to the Debtor, and in accordance with section 1141 of the Bankruptcy Code, the Estate Claims shall automatically vest in the Litigation Sub-Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Litigation Sub-Trust Interests and Litigation Sub-Trust Expenses.  The Litigation Trustee will

DOCS_SF:104487.21 36027/002

**Appx. 00170**

be authorized to investigate, pursue, and otherwise resolve the Estate Claims pursuant to the terms of the Litigation Sub-Trust Agreement and the Plan, including as successor in interest to the Debtor or Committee, as applicable, in any litigation commenced prior to the Effective Date in which Estate Claims are asserted.

N.    **Compromise of Controversies.**  In consideration for the distributions and other benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims, Equity Interests, and controversies resolved under the Plan and the entry of this Confirmation Order constitutes approval of such compromise and settlement under Bankruptcy Rule 9019.

O.    **Objections to Claims**.  The Claims Objection Deadline shall be the date that is 180 days after the Effective Date, *provided, however*, that the Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee and as otherwise provided under the Plan.

P.    **Assumption of Contracts and Leases.**  Effective as of the date of this Confirmation Order, each of the Assumed Contacts shall be assumed by the Debtor without the need for any further notice to or action, order, or approval of the Bankruptcy Court, under section 365 of the Bankruptcy Code and the payment of Cures, if any, shall be paid in accordance with the Plan.  Each Assumed Contract shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests.  Modifications, amendments, supplements, and restatements to any of the

Assumed Contracts that have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of such Assumed Contracts or the validity, priority, or amount of any Claims that may arise in connection therewith. Assumption of the Assumed Contracts pursuant to Article V.A of the Plan and full payment of any applicable Cure pursuant to the Plan shall result in the full release and satisfaction of any Cures, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition, or other bankruptcy-related defaults, arising under any Assumed Contracts.

Q. **Rejection of Contracts and Leases.** Unless previously assumed during the pendency of the Chapter 11 Case or pursuant to the Plan, all other Executory Contracts and Unexpired Leases are rejected as of the date of the entry of this Confirmation Order and pursuant to the terms of the Plan. To the extent that any party asserts any damages resulting from the rejection of any Executory Contract or Unexpired Lease, such claim must be filed within **thirty (30) days** following entry of this Confirmation Order, or such claim will be forever barred and disallowed against the Reorganized Debtor.

R. **Assumption of Issuer Executory Contracts.** On the Confirmation Date, the Debtor will assume the agreements set forth on **Exhibit B** hereto (collectively, the "Issuer Executory Contracts") pursuant to section 365 of the Bankruptcy Code and Article V of the Plan. In full and complete satisfaction of its obligation to cure outstanding defaults under section 365(b)(1) of the Bankruptcy Code, the Debtor or, as applicable, any successor manager under the

Issuer Executory Contracts (collectively, the "Portfolio Manager") will pay to the Issuers[12] a

cumulative amount of $525,000 (the "Cure Amount") as follows:

a.     $200,000 in cash on the date that is five business days from the Effective Date, with such payment paid directly to Schulte Roth & Zabel LLP ("SRZ") in the amount of $85,714.29, Jones Walker LLP ("JW") in the amount of $72,380.95, and Maples Group ("Maples" and collectively with SRZ and JW, the "Issuers' Counsel") in the amount of $41,904.76 as reimbursement for the attorney's fees and other legal expenses incurred by the Issuers in connection with the Debtor's bankruptcy case; and

b.     $325,000 in four equal quarterly payments of $81,250.00 (each, a "Payment"), which amounts shall be paid to SRZ in the amount of $34,821.43, JW in the amount of $29,404.76, and Maples in the amount of $17,023.81 as additional reimbursement for the attorney's fees and other legal expenses incurred by the Issuers in connection with the Debtor's bankruptcy case (i) from any management fees actually paid to the Portfolio Manager under the Issuer Executory Contracts (the "Management Fees"), and (ii) on the date(s) Management Fees are required to be paid under the Issuer Executory Contracts (the "Payment Dates"), and such obligation shall be considered an irrevocable direction from the Debtor and the Bankruptcy Court to the relevant CLO Trustee to pay, on each Payment Date, the Payment to Issuers' Counsel, allocated in the proportion set forth in such agreement; *provided, however,* that (x) if the Management Fees are insufficient to make any Payment in full on a Payment Date, such shortfall, in addition to any other amounts due hereunder, shall be paid out of the Management Fees owed on the following Payment Date, and (y) nothing herein shall limit either Debtor's liability to pay the amounts set forth herein, nor the recourse of the Issuers or Issuers' Counsel to the Debtor, in the event of any failure to make any Payment.

S.     **Release of Issuer Claims.**  Effective as of the Confirmation Date, and to

the maximum extent permitted by law, each Issuer on behalf of itself and each of its current and

former advisors, trustees, directors, officers, managers, members, partners, employees,

beneficiaries, shareholders, agents, participants, subsidiaries, parents, successors, designees, and

---

[12] The "Issuers" are: Brentwood CLO, Ltd., Gleneagles CLO, Ltd., Greenbriar CLO, Ltd., Highland CLO 2018-1, Ltd., Highland Legacy Limited, Highland Loan Funding V Ltd., Highland Park CDO I, Ltd., Pam Capital Funding LP, Rockwall CDO II Ltd., Rockwall CDO Ltd., Southfork CLO Ltd., Stratford CLO Ltd., Westchester CLO, Ltd., Aberdeen Loan Funding, Ltd., Eastland CLO, Ltd., Grayson CLO, Ltd., Highland Credit Opportunities CDO Ltd., Jasper CLO, Ltd., Liberty Cayman Holdings, Ltd., Liberty CLO, Ltd., Red River CLO, Ltd., Valhalla CLO, Ltd.

DOCS_SF:104487.21 36027/002

**Appx. 00173**

assigns hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises, and exonerates, and covenants never to sue, (i) the Debtor and (ii) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, the Independent Directors, the CEO/CRO, and with respect to the Persons listed in this subsection (ii), such Person's Related Persons (collectively, the "Debtor Released Parties"), for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including, without limitation, any claims, defenses, and affirmative defenses, whether known or unknown, including, without limitation, those which were or could have been asserted in, in connection with, or with respect to the Bankruptcy Case (collectively, the "Issuer Released Claims").

   **T.**   **Release of Debtor Claims against Issuer Released Parties.** Upon entry of this Order, and to the maximum extent permitted by law, the Debtor hereby forever, finally, fully, unconditionally, and completely releases, relieves, acquits, remises, and exonerates, and covenants never to sue [(i) each Issuer and (ii) Wendy Ebanks, (iii) Yun Zheng, (iv) Laura Chisholm, (v) Mora Goddard, (vi) Stacy Bodden, (vii) Suzan Merren (viii) Scott Dakers, (ix) Samit Ghosh, (x) Inderjit Singh, (xi) Ellen Christian, (xii) Andrew Dean, (xiii) Betsy Mortel, (xiv) David Hogan, (xv) Cleveland Stewart, (xvi) Rachael Rankin, (xvii) Otelia Scott, (xviii) Martin Couch, (xx) Ferona Bartley-Davis, (xxi) Charlotte Cloete, (xxii) Christina McLean, (xxiii) Karen Ellerbe,

**Appx. 00174**

(xxiv) Gennie Kay Bigord, (xxv) Evert Brunekreef, (xxvii) Evan Charles Burtton  (collectively, the "Issuer Released Parties"),] for and from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, liens, losses, costs and expenses (including, without limitation, attorney's fees and related costs), damages, injuries, suits, actions, and causes of action of whatever kind or nature, whether known or unknown, suspected or unsuspected, matured or unmatured, liquidated or unliquidated, contingent or fixed, at law or in equity, statutory or otherwise, including, without limitation, any claims, defenses, and affirmative defenses, whether known or unknown, which were or could have been asserted in, in connection with, or with respect to the Bankruptcy Case (collectively, the "Debtor Released Claims"); *provided, however,* that notwithstanding anything herein to the contrary, the release contained herein will apply to the Issuer Released Parties set forth in subsection (ii) above only with respect to Debtor Released Claims arising from or relating to the Issuer Executory Contracts.  Notwithstanding anything in this Order to the contrary, the releases set forth in paragraphs S and T hereof will not apply with respect to the duties, rights, or obligations of the Debtor or any Issuer hereunder.

U. **Authorization to Consummate.**  The Debtor is authorized to consummate the Plan after the entry of this Confirmation Order subject to satisfaction or waiver of the conditions precedent to the Effective Date of the Plan set forth in Article VIII.A of the Plan.  The Plan shall not become effective unless and until the conditions set forth in Article VIII.A of the Plan have been satisfied, or otherwise waived pursuant to Article VIII.B of the Plan.

V. **Professional Compensation.**  All requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date

DOCS_SF:104487.21 36027/002

**Appx. 00175**

must be filed no **later than sixty (60) days after the Effective Date**. The Bankruptcy Court shall determine the Allowed amounts of such Professional Fee Claims after notice and an opportunity for hearing in accordance with the procedures established by the Bankruptcy Code and the Bankruptcy Court. The Debtor shall fund the Professional Fee Reserve as provided under the Plan. The Reorganized Debtor shall pay Professional Fee Claims in Cash in the amounts the Bankruptcy Court allows. The Debtor is authorized to pay the pre-Effective Date fees and expenses of all ordinary course professionals in the ordinary course of business without the need for further Bankruptcy Court order or approval. From and after the Effective Date, any requirement that Professionals comply with sections 327 through 331 and 1103 (if applicable) of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Reorganized Debtor or Claimant Trustee, as applicable, may employ and pay any Professional or Entity employed in the ordinary course of the Debtor's business without any further notice to or action, order, or approval of the Bankruptcy Court.

W.     **Release, Exculpation, Discharge, and Injunction Provisions. The following release, exculpation, discharge, and injunction provisions set forth in the Plan are approved and authorized in their entirety, and such provisions are effective and binding on all parties and Entities to the extent provided therein.**

X.     **Discharge of Claims and Termination of Interests.** To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by the Plan or this Confirmation Order, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction, settlement,

DOCS_SF:104487.21 36027/002

**Appx. 00176**

discharge, and release of, all Claims and Equity Interests of any kind or nature whatsoever against the Debtor or any of its Assets or properties, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Equity Interests. Except as otherwise expressly provided by the Plan or this Confirmation Order, upon the Effective Date, the Debtor and its Estate will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

      **Y.**    **Exculpation.** Subject in all respects to Article XII.D of the Plan, to the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Petition Date in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(v);

DOCS_SF:104487.21 36027/002

**Appx. 00177**

*provided, however*, the foregoing will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date. The Plan's exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of the Plan, including Article IV.C.2 of the Plan, protecting such Exculpated Parties from liability.

**Z.    Releases by the Debtor.**  On and after the Effective Date, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtor and the Estate, in each case on behalf of themselves and their respective successors, assigns, and representatives, including, but not limited to, the Claimant Trust and the Litigation Sub-Trust from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, that the Debtor or the Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Person.  Notwithstanding anything contained herein to the contrary, the foregoing release does not release: (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights or obligations of any current employee of the Debtor under any employment agreement or plan, (iii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under

DOCS_SF:104487.21 36027/002

**Appx. 00178**

any employment agreement with a current or former employee of the Debtor, (iv) any Avoidance Actions, or (v) any Causes of Action arising from willful misconduct, criminal misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.

**AA.    Injunction.    Upon entry of this Confirmation Order, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, from taking any actions to interfere with the implementation or consummation of the Plan.  Except as expressly provided in the Plan, this Confirmation Order, or a separate order of the Bankruptcy Court, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner,**

76

Appx. 00179

in any place whatsoever, that does not conform to or comply with the provisions of the Plan. The injunctions set forth in the Plan and this Confirmation Order shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation Sub-Trust, and the Claimant Trust and their respective property and interests in property.  Subject in all respects to Article XII.D of the Plan, no Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing without the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party; *provided, however*, the foregoing will not apply to a claim or cause of action against Strand or against any Employee other than with respect to actions taken, respectively, by Strand or by such Employee from the date of appointment of the Independent Directors through the Effective Date.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in

77

**Appx. 00180**

Article XI of the Plan, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.

BB.    **Duration of Injunction and Stays.**  Unless otherwise provided in the Plan, in this Confirmation Order, or in a Final Order of the Bankruptcy Court, (i) all injunctions and stays entered during the Chapter 11 Case and in existence on the Confirmation Date, shall remain in full force and effect in accordance with their terms; and (ii) the automatic stay arising under section 362 of the Bankruptcy Code shall remain in full force and effect subject to Section 362(c) of the Bankruptcy Code, and to the extent necessary if the Debtor does not receive a discharge, the Bankruptcy Court will enter an equivalent order under Section 105.

CC.    **Continuance of January 9 Order and July 16 Order.**  Unless otherwise provided in the Plan, in this Confirmation Order, or in a Final Order of the Bankruptcy Court, each of the *Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course, entered by the Bankruptcy Court on January 9, 2020* [Docket No. 339] and *Order Approving the Debtor's Motion Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing Retention of James P. Seery, Jr., as Chief Executive Officer, Chief Restructuring Officer, and Foreign Representative Nunc Pro Tunc to March 15, 2020* [Docket No. 854] entered on July 16, 2020  shall remain in full force and effect from the Confirmation Date and following the Effective Date.

DD.    **No Governmental Releases.**  Nothing in this Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or

**Appx. 00181**

any state and local authority whatsoever, including without limitation any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against any party or person, nor shall anything in this Confirmation Order or the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action, or other proceedings against any party or person for any liability of such persons whatever, including without limitation any claim, suit, or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against such persons, nor shall anything in this Confirmation Order or the Plan exculpate any party or person from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including any liabilities arising under the Internal Revenue Code, the environmental laws, or any criminal laws of the United States or any state and local authority against any party or person.

　　　　**EE.**　　**Exemption from Transfer Taxes.**　Pursuant to section 1146(a) of the Bankruptcy Code, any transfers (whether from the Debtor to the Reorganized Debtor or to any other Person) of property under the Plan or pursuant to: (a) the issuance, distribution, transfer, or exchange of any debt, equity security, or other interest in the Debtor or the Reorganized Debtor; (b) the Restructuring transactions pursuant to the Plan; (c) the creation, modification, consolidation, termination, refinancing, and/or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; (d) the making, assignment, or recording of any lease or sublease; or (e) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan,

including any deeds, bills of sale, assignments, or other instrument of transfer executed in

connection with any transaction arising out of, contemplated by, or in any way related to the Plan,

shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or

similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial

Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental

assessment to the fullest extent contemplated by section 1146(a) of the Bankruptcy Code, and upon

entry of this Confirmation Order, the appropriate state or local governmental officials or agents

shall forego the collection of any such tax or governmental assessment and accept for filing and

recordation of any of the foregoing instruments or other documents without the payment of any

such tax, recordation fee, or governmental assessment.

**FF.    Cancellation of Notes, Certificates and Instruments.**  Except for the

purpose of evidencing a right to a distribution under the Plan and except as otherwise set forth in

the Plan or as otherwise provided in this Confirmation Order, on the Effective Date, all agreements,

instruments, Securities and other documents evidencing any prepetition Claim or Equity Interest

and any rights of any Holder in respect thereof shall be deemed cancelled, discharged, and of no

force or effect.   The holders of or parties to such cancelled instruments, Securities, and other

documentation will have no rights arising from or related to such instruments, Securities, or other

documentation or the cancellation thereof, except the rights provided for pursuant to the Plan, and

the obligations of the Debtor thereunder or in any way related thereto will be fully released,

terminated, extinguished and discharged, in each case without further notice to or order of the

DOCS_SF:104487.21 36027/002

**Appx. 00183**

Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person.

**GG.** **Documents, Mortgages, and Instruments.** Each federal, state, commonwealth, local, foreign, or other governmental agency is authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the Plan, including the Restructuring transactions contemplated under the Plan, and this Confirmation Order.

**HH.** **Post-Confirmation Modifications.** Subject section 1127(b) of the Bankruptcy Code and the Plan, the Debtor and the Reorganized Debtor expressly reserve their rights to revoke or withdraw, or to alter, amend, or modify materially the Plan, one or more times after Confirmation and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan or this Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan. Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with Article XII.B of the Plan.

**II.** **Applicable Nonbankruptcy Law.** The provisions of this Confirmation Order, the Plan and related documents, or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

**JJ.** **Governmental Approvals Not Required.** This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state,

DOCS_SF:104487.21 36027/002

**Appx. 00184**

federal, or other governmental authority with respect to the dissemination, implementation, or consummation of the Plan and the Disclosure Statement, any certifications, documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

KK.    **Notice of Effective Date.**    As soon as reasonably practicable after the Effective Date, the Reorganized Debtor shall file notice of the Effective Date and shall serve a copy of the same on all Holders of Claims and Equity Interests, and all parties who have filed with the Bankruptcy Court requests to receive notices in accordance with Bankruptcy Rules 2002 and 3020(c).  Notwithstanding the above, no notice of Confirmation or Consummation or service of any kind shall be required to be mailed or made upon any Entity to whom the Debtor mailed notice of the Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such Entity, or is otherwise aware, of that Entity's new address. The above-referenced notices are adequate under the particular circumstances of this Chapter 11 Case and no other or further notice is necessary.

LL.    **Substantial Consummation.**    On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

MM.   **Waiver of Stay.**    For good cause shown, the stay of this Confirmation Order provided by any Bankruptcy Rule is waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Bankruptcy Court.

NN.    **References to and Omissions of Plan Provisions.**  References to articles, sections, and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan.  The failure to specifically include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety, except as expressly modified herein, and incorporated herein by this reference.

OO.    **Headings.**  Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

PP.    **Effect of Conflict.**  This Confirmation Order supersedes any Bankruptcy Court order issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order.  If there is any inconsistency between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order govern and control.  If there is any inconsistency between the terms of this Confirmation Order and the terms of a final, executed Plan Supplement Document, the terms of the final, executed Plan Supplement Document will govern and control.

QQ.    **Resolution of Objection of Texas Taxing Authorities.**  Dallas County, Kaufman County, City of Allen, Allen ISD and City of Richardson (collectively, the "Tax Authorities") assert that they are the holders of prepetition and administrative expense claims for 2019, 2020 and 2021 ad valorem real and business personal property taxes.  The ad valorem property taxes for tax year 2020 shall be paid in accordance with and to the extent required under

applicable nonbankruptcy law.  In the event the 2020 taxes are paid after February 1, 2021, the

Tax Authorities may assert any rights and amounts they claim are owed with respect to penalties

and interest that have accrued through the date of payment and the Debtor and Reorganized Debtor

reserve any all rights and defenses in connection therewith.

a.     The Debtor/Reorganized Debtor shall pay all amounts owed to the Tax Authorities
for tax year 2021 in accordance with and to the extent required under applicable
nonbankruptcy law.  The Tax Authorities shall not be required to file and serve an
administrative expense claim and request for payment as a condition of allowance
of their administrative expense claims pursuant to 11 U.S.C. Section 503(b)(1)(D).
With regard to year 2019 ad valorem property taxes, the Tax Authorities will
receive payment of their prepetition claims within 30 days of the Effective Date of
the Plan.  The payment will include interest from the Petition Date through the
Effective Date and from the Effective Date through payment in full at the state
statutory rate pursuant to 11 U.S.C. Sections 506(b), 511, and 1129, if applicable,
subject to all of the Debtor's and Reorganized Debtor's rights and defenses in
connection therewith. Notwithstanding any other provision in the Plan, the Tax
Authorities shall (i) retain the liens that secure all prepetition and postpetition
amounts ultimately owed to them, if any, as well as (ii) the state law priority of
those liens until the claims are paid in full.

b.     The Tax Authorities' prepetition claims and their administrative expense claims
shall not be discharged until such time as the amounts owed are paid in full.  In the
event of a default asserted by the Taxing Authorities, the Tax Authorities shall
provide notice Debtor or Reorganized Debtor, as applicable, and may demand cure
of any such asserted default.  Subject to all of its rights and defenses, the Debtor or
Reorganized Debtor shall have fifteen (15) days from the date of the notice to cure
the default.  If the alleged default is not cured, the Tax Authorities may exercise
any of their respective rights under applicable law and pursue collection of all
amounts owed pursuant to state law outside of the Bankruptcy Court, subject in all
respects to the Debtor's and Reorganized Debtor's applicable rights and defenses.
The Debtor/Reorganized Debtor shall be entitled to any notices of default required
under applicable nonbankruptcy law and each of the Taxing Authorities, the Debtor
and the Reorganized Debtor reserve any and all of their respective rights and
defenses in connection therewith.  The Debtor's and Reorganized Debtor's rights
and defenses under Texas Law and the Bankruptcy Code with respect to this
provision of the Confirmation Order, including their right to dispute or object to the
Tax Authorities' Claims and liens, are fully preserved.

84

**RR.    Resolution of Objections of Scott Ellington and Isaac Leventon.**
Pursuant to Bankruptcy Rule 9019(a), the Senior Employees' Settlement is approved in all respects.  The Debtor may, only with the consent of the Committee, elect Option B for a Senior Employee Claimant by written notice to such Senior Employee Claimant on or before the occurrence of the Effective Date.  If the Debtor does not elect Option B, then Option A will govern the treatment of the Liquidated Bonus Claims.

a.    Notwithstanding any language in the Plan, the Disclosure Statement, or this Confirmation Order to the contrary, if Option A applies to the Liquidated Bonus Claims of a Senior Employee Claimant, then the Liquidated Bonus Claims of such Senior Employee Claimant will receive the treatment described in paragraph 82(e) hereof, and if the Debtor timely elects Option B with respect to the Liquidated Bonus Claims of a Senior Employee Claimant, then the Liquidated Bonus Claims of such Senior Employee will receive the treatment described in paragraph 82(f) hereof.

b.    The Senior Employees' Settlement is hereby approved, without prejudice to the respective rights of Mr. Ellington and Mr. Leventon to assert all their remaining Claims against the Debtor's estate, including, but not limited to, their Class 6 PTO Claims, their remaining Class 8 General Unsecured Claims, any indemnification claims, and any Administrative Expense Claims that they may assert and is without prejudice to the rights of any party in interest to object to any such Claims.

c.    Pursuant to Bankruptcy Rule 3018(a), Mr. Ellington and Mr. Leventon were permitted to change their votes on the Plan.  Accordingly, Mr. Ellington's votes on his Ballots in Class 7 and Class 8 of the Plan were changed from a rejection of the Plan to acceptance of the Plan, and Mr. Leventon's votes on his Ballots in Class 7 and Class 8 of the Plan were, changed from rejections of the Plan to acceptances of the Plan.

d.    The Senior Employees' Objection is deemed withdrawn.

**SS.    No Release of Claims Against Senior Employee Claimants**.  For the avoidance of doubt, the Senior Employees' Settlement, as approved herein, shall not, and shall not be deemed to, release any Claims or Causes of Action held by the Debtor against either Senior

DOCS_SF:104487.21 36027/002

**Appx. 00188**

Employee Claimant nor shall either Senior Employee Claimant be, or be deemed to be, a "Released Party" under the Plan.

**TT.** **Resolution of Objection of Internal Revenue Service.** Notwithstanding any other provision or term of the Plan or Confirmation Order, the following Default Provision shall control as to the United States of America, Internal Revenue Service ("IRS") and all of its claims, including any administrative claim (the "IRS Claim"):

(a) Notwithstanding any other provision in the Plan, if the Debtor, the Reorganized Debtor, or any successor in interest fails to pay when due any payment required to be made on federal taxes, the IRS Claim, or other payment required to be made to the IRS under the terms and provisions of this Plan, the Confirmation Order, or the Internal Revenue Code (26 U.S.C.), or fails to timely file any required federal tax return, or if any other event of default as set forth in the Plan occurs, the IRS shall be entitled to give the Debtor, the Reorganized Debtor and/or any successor in interest and their counsel of record, by United States Certified Mail, written notice of the failure and/or default with demand that it be cured, and if the failure and/or default is not cured within 14 days of the date of said notice and demand, then the following shall apply to the IRS:

(1) The administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal tax lien and the powers of levy, seizure, and collection as provided under the Internal Revenue Code;

(2) The automatic stay of 11 U.S.C. § 362 and any injunction of the Plan or in the Confirmation Order shall, with regard to the IRS only, lift or terminate without further notice or hearing by the Bankruptcy Court, and the entire prepetition liability owed to the IRS, together with any unpaid postpetition tax liabilities, may become due and payable immediately; and

(3) The IRS shall have the right to proceed to collect from the Debtor, the Reorganized Debtor or any successor in interest any of the prepetition tax liabilities and related penalties and interest through administrative or judicial collection procedures available under the United States Code as if no bankruptcy petition had been filed and as if no plan had been confirmed.

(b) If the IRS declares the Debtor, the Reorganized Debtor, or any successor-in-interest to be in default of the Debtor's, the Reorganized Debtor's and/ or any successor- in-interest's obligations under the Plan, then entire prepetition liability of an IRS' Allowed Claim, together with any unpaid postpetition tax liabilities shall become due and payable

immediately upon written demand to the Debtor, Reorganized Debtor and/or any successor-in-interest. Failure of the IRS to declare a failure and/or default does not constitute a waiver by the United States or its agency the IRS of the right to declare that the Debtor, Reorganized Debtor, and/or any successor in interest is in default.

(c) The IRS shall only be required to send two notices of failure and/or default, and upon the third event of a failure and/or default, the IRS shall be entitled to proceed as set out in paragraphs (1), (2), and/or (3) herein above without further notice to the Debtor, the Reorganized Debtor, or any successor in interest, or its counsel. The collection statute expiration date for all unpaid federal tax liabilities shall be extended pursuant to non-bankruptcy law.

(d) The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor, the Reorganized Debtor, and/or any successor in interest to the IRS. The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor, the Reorganized Debtor and/or any successor in interest to the Internal Revenue Service.

(e) Nothing contained in the Plan or the Confirmation Order shall be deemed to be a waiver or relinquishment of any rights, claims, causes of action, rights of setoff or recoupment, rights to appeal tax assessments, or other legal or equitable defenses that the Debtor or Reorganized Debtor have under non-bankruptcy law in connection with any claim, liability or cause of action of the United States and its agency the Internal Revenue Service.

(f) The term "any payment required to be made on federal taxes," as used herein above, is defined as: any payment or deposit required by the Internal Revenue Code to be made by the Debtor from and after the Confirmation Date, or the Reorganized Debtor and/or any successor in interest from and after the Effective Date, to the date the IRS Claim is together with interest paid in full. The term "any required tax return," as used herein above, is defined as: any tax return or report required by the Internal Revenue Code to be made by the Debtor from and after the Confirmation Date, or the Reorganized Debtor and/or any successor in interest from and after the Effective Date, to the date the IRS Claim is together with interest paid in full.

UU.  **IRS Proof of Claim.**  Notwithstanding anything in the Plan or in this Confirmation Order, until all required tax returns are filed with and processed by the IRS, the IRS's proof of claim will not be deemed fixed for purposes of Section 502 of the Bankruptcy Code and may be amended in order to reflect the IRS' assessment of the Debtor's unpaid priority and general unsecured taxes, penalties and interest.

DOCS_SF:104487.21 36027/002

**Appx. 00190**

VV.    **CLO Holdco, Ltd. Settlement**    Notwithstanding anything contained herein to the contrary, nothing in this Order is or is intended to supersede the rights and obligations of either the Debtor or CLO Holdco contained in that certain *Settlement Agreement between CLO Holdco, Ltd., and Highland Capital Management, L.P., dated January 25,2021* [Docket No. 1838-1] (the "CLOH Settlement Agreement").  In the event of any conflict between the terms of this Order and the terms of the CLOH Settlement Agreement, the terms of the CLOH Settlement Agreement will govern.

WW.    **Retention of Jurisdiction.**  The Bankruptcy Court may properly, and upon the Effective Date shall, to the maximum extent permitted under applicable law, retain jurisdiction over all matters arising out of, and related to, this Chapter 11 Case, including the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.

XX.    **Payment of Statutory Fees; Filing of Quarterly Reports.**  All fees payable pursuant to 28 U.S.C. § 1930 shall be paid on or before the Effective Date.  The Reorganized Debtor, the Claimant Trust, and the Litigation Sub-Trust shall be jointly and severally liable for payment of quarterly fees to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930 through the entry of the Final Decree for the Debtor or the dismissal or conversion of the Chapter 11 Case.  Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file any proofs of claim with respect to quarterly fees payable pursuant to 28 U.S.C. § 1930.

YY.    **Dissolution of the Committee**.  On the Effective Date, the Committee will dissolve, and the members of the Committee and the Committee's Professionals will cease to have

**Appx. 00191**

any role arising from or relating to the Chapter 11 Case, except in connection with final fee applications of Professionals for services rendered prior to the Effective Date (including the right to object thereto). Notwithstanding the foregoing, any Committee member or Professional may serve following the Effective Date with respect to the Claimant Trust Oversight Board or Litigation Sub-Trust. The Professionals retained by the Committee and the members thereof will not be entitled to assert any fee claims for any services rendered to the Committee or expenses incurred in the service of the Committee after the Effective Date, except for reasonable fees for services rendered, and actual and necessary costs incurred, in connection with any applications for allowance of Professional Fees pending on the Effective Date or filed and served after the Effective Date pursuant to the Plan. Nothing in the Plan shall prohibit or limit the ability of the Debtor's or Committee's Professionals to represent either of the Trustees or to be compensated or reimbursed per the Plan, the Claimant Trust Agreement, and/or Litigation Sub-Trust in connection with such representation.

**ZZ.** **Miscellaneous.** After the Effective Date, the Debtor or Reorganized Debtor, as applicable, shall have no obligation to file with the Bankruptcy Court or serve on any parties reports that the Debtor or Reorganized Debtor, as applicable, were obligated to file under the Bankruptcy Code or a court order, including monthly operating reports (even for those periods for which a monthly operating report was not filed before the Effective Date), ordinary course professional reports, reports to any parties otherwise required under the "first" and "second" day orders entered in this Chapter 11 Case (including any cash collateral financing orders entered in this Chapter 11 Case) and monthly or quarterly reports for Professionals; *provided*, *however*, that

DOCS_SF:104487.21 36027/002

the Debtor or Reorganized Debtor, as applicable, will comply with the U.S. Trustee's post confirmation reporting requirements.

### ###END OF ORDER###

DOCS_SF:104487.21 36027/002

**<u>Exhibit A</u>**

**Fifth Amended Plan (as Modified)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## FIFTH AMENDED PLAN OF REORGANIZATION OF HIGHLAND
## CAPITAL MANAGEMENT, L.P. (AS MODIFIED)

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
        ikharasch@pszjlaw.com
        gdemo@pszjlaw.com

**HAYWARD & ASSOCIATES PLLC**
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com:

Counsel for the Debtor and Debtor-in-Possession

---

[1]  The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

ARTICLE I. RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW AND DEFINED TERMS .............................................. 1

    A.    Rules of Interpretation, Computation of Time and Governing Law .................... 1

    B.    Defined Terms ................................................................................................. 2

ARTICLE II. ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS ................ 16

    A.    Administrative Expense Claims .................................................................... 16

    B.    Professional Fee Claims ............................................................................... 17

    C.    Priority Tax Claims ...................................................................................... 17

ARTICLE III. CLASSIFICATION AND TREATMENT OF  CLASSIFIED CLAIMS AND EQUITY INTERESTS ........................................................... 18

    A.    Summary ...................................................................................................... 18

    B.    Summary of Classification and Treatment of Classified Claims and Equity Interests ........................................................................................... 18

    C.    Elimination of Vacant Classes .................................................................... 19

    D.    Impaired/Voting Classes .............................................................................. 19

    E.    Unimpaired/Non-Voting Classes ................................................................ 19

    F.    Impaired/Non-Voting Classes ..................................................................... 19

    G.    Cramdown .................................................................................................... 19

    H.    Classification and Treatment of Claims and Equity Interests ...................... 19

    I.    Special Provision Governing Unimpaired Claims ....................................... 24

    J.    Subordinated Claims .................................................................................... 24

ARTICLE IV. MEANS FOR IMPLEMENTATION OF THIS PLAN ..................................... 24

    A.    Summary ...................................................................................................... 24

    B.    The Claimant Trust ...................................................................................... 25

        1.    Creation and Governance of the Claimant Trust and Litigation Sub-Trust .................................................................................... 25

        2.    Claimant Trust Oversight Committee ....................................... 26

Appx. 00196

**Page**

3.    Purpose of the Claimant Trust. .................................................................. 27

4.    Purpose of the Litigation Sub-Trust. ........................................................ 27

5.    Claimant Trust Agreement and Litigation Sub-Trust Agreement. ......... 27

6.    Compensation and Duties of Trustees. .................................................... 29

7.    Cooperation of Debtor and Reorganized Debtor. ................................... 29

8.    United States Federal Income Tax Treatment of the Claimant
      Trust. ......................................................................................................... 29

9.    Tax Reporting. .......................................................................................... 30

10.   Claimant Trust Assets. ............................................................................. 30

11.   Claimant Trust Expenses. ........................................................................ 31

12.   Trust Distributions to Claimant Trust Beneficiaries. ............................. 31

13.   Cash Investments. .................................................................................... 31

14.   Dissolution of the Claimant Trust and Litigation Sub-Trust. ................. 31

C.    The Reorganized Debtor ................................................................................... 32

1.    Corporate Existence ................................................................................. 32

2.    Cancellation of Equity Interests and Release .......................................... 32

3.    Issuance of New Partnership Interests ..................................................... 32

4.    Management of the Reorganized Debtor .................................................. 33

5.    Vesting of Assets in the Reorganized Debtor .......................................... 33

6.    Purpose of the Reorganized Debtor .......................................................... 33

7.    Distribution of Proceeds from the Reorganized Debtor Assets;
      Transfer of Reorganized Debtor Assets ................................................... 33

D.    Company Action ................................................................................................ 34

E.    Release of Liens, Claims and Equity Interests ................................................. 35

F.    Cancellation of Notes, Certificates and Instruments ........................................ 35

Appx. 00197

**Page**

G.    Cancellation of Existing Instruments Governing Security Interests ...................35

H.    Control Provisions ..........................................................................................35

I.    Treatment of Vacant Classes ..........................................................................36

J.    Plan Documents .............................................................................................36

K.    Highland Capital Management, L.P. Retirement Plan and Trust ......................36

ARTICLE V. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
                LEASES .........................................................................................37

A.    Assumption, Assignment, or Rejection of Executory Contracts and
        Unexpired Leases ...........................................................................................37

B.    Claims Based on Rejection of Executory Contracts or Unexpired
        Leases .............................................................................................................38

C.    Cure of Defaults for Assumed or Assigned Executory Contracts and
        Unexpired Leases ...........................................................................................38

ARTICLE VI. PROVISIONS GOVERNING DISTRIBUTIONS ...........................................39

A.    Dates of Distributions .....................................................................................39

B.    Distribution Agent ..........................................................................................39

C.    Cash Distributions ..........................................................................................40

D.    Disputed Claims Reserve ................................................................................40

E.    Distributions from the Disputed Claims Reserve .............................................40

F.    Rounding of Payments .....................................................................................40

G.    *De Minimis* Distribution ..................................................................................41

H.    Distributions on Account of Allowed Claims ...................................................41

I.    General Distribution Procedures ......................................................................41

J.    Address for Delivery of Distributions ...............................................................41

K.    Undeliverable Distributions and Unclaimed Property .......................................41

L.    Withholding Taxes ...........................................................................................42

- iii -

**Page**

M.    Setoffs ...................................................................................................... 42

N.    Surrender of Cancelled Instruments or Securities ................................. 42

O.    Lost, Stolen, Mutilated or Destroyed Securities ................................... 43

ARTICLE VII. PROCEDURES FOR RESOLVING CONTINGENT, UNLIQUIDATED AND DISPUTED CLAIMS ........................................... 43

A.    Filing of Proofs of Claim ...................................................................... 43

B.    Disputed Claims ..................................................................................... 43

C.    Procedures Regarding Disputed Claims or Disputed Equity Interests .............. 43

D.    Allowance of Claims and Equity Interests ............................................ 44

    1.    Allowance of Claims ................................................................ 44

    2.    Estimation ................................................................................. 44

    3.    Disallowance of Claims ........................................................... 44

ARTICLE VIII. EFFECTIVENESS OF THIS PLAN ................................................. 45

A.    Conditions Precedent to the Effective Date .......................................... 45

B.    Waiver of Conditions ............................................................................ 46

C.    Dissolution of the Committee ................................................................ 46

ARTICLE IX. EXCULPATION, INJUNCTION AND RELATED PROVISIONS ................ 47

A.    General ................................................................................................... 47

B.    Discharge of Claims ............................................................................... 47

C.    Exculpation ............................................................................................ 47

D.    Releases by the Debtor .......................................................................... 48

E.    Preservation of Rights of Action ........................................................... 49

    1.    Maintenance of Causes of Action ............................................ 49

    2.    Preservation of All Causes of Action Not Expressly Settled or Released ................................................................................... 49

**Page**

F.    Injunction .................................................................................50

G.    Duration of Injunctions and Stays.........................................51

H.    Continuance of January 9 Order ...........................................51

ARTICLE X. BINDING NATURE OF PLAN ......................................51

ARTICLE XI. RETENTION OF JURISDICTION .................................52

ARTICLE XII. MISCELLANEOUS PROVISIONS ..............................54

A.    Payment of Statutory Fees and Filing of Reports .................54

B.    Modification of Plan ..............................................................54

C.    Revocation of Plan.................................................................54

D.    Obligations Not Changed.......................................................55

E.    Entire Agreement ...................................................................55

F.    Closing of Chapter 11 Case ...................................................55

G.    Successors and Assigns..........................................................55

H.    Reservation of Rights.............................................................55

I.    Further Assurances.................................................................56

J.    Severability ............................................................................56

K.    Service of Documents ............................................................56

L.    Exemption from Certain Transfer Taxes Pursuant to Section 1146(a) of the Bankruptcy Code...................................................................57

M.    Governing Law ......................................................................58

N.    Tax Reporting and Compliance .............................................58

O.    Exhibits and Schedules ..........................................................58

P.    Controlling Document ...........................................................58

## DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

HIGHLAND CAPITAL MANAGEMENT, L.P., as debtor and debtor-in-possession in the above-captioned case (the "Debtor"), proposes the following chapter 11 plan of reorganization (the "Plan") for, among other things, the resolution of the outstanding Claims against, and Equity Interests in, the Debtor.  Unless otherwise noted, capitalized terms used in this Plan have the meanings set forth in Article I of this Plan.  The Debtor is the proponent of this Plan within the meaning of section 1129 of the Bankruptcy Code.

Reference is made to the Disclosure Statement (as such term is defined herein and distributed contemporaneously herewith) for a discussion of the Debtor's history, business, results of operations, historical financial information, projections and assets, and for a summary and analysis of this Plan and the treatment provided for herein.  There also are other agreements and documents that may be Filed with the Bankruptcy Court that are referenced in this Plan or the Disclosure Statement as Exhibits and Plan Documents.  All such Exhibits and Plan Documents are incorporated into and are a part of this Plan as if set forth in full herein.  Subject to the other provisions of this Plan, and in accordance with the requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtor reserves the right to alter, amend, modify, revoke, or withdraw this Plan prior to the Effective Date.

If this Plan cannot be confirmed, for any reason, then subject to the terms set forth herein, this Plan may be revoked.

## ARTICLE I.
## RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW AND DEFINED TERMS

### A.    Rules of Interpretation, Computation of Time and Governing Law

For purposes hereof:  (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, feminine and the neuter gender; (b) any reference herein to a contract, lease, instrument, release, indenture or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document, as previously amended, modified or supplemented, if applicable, shall be substantially in that form or substantially on those terms and conditions; (c) any reference herein to an existing document or exhibit having been Filed or to be Filed shall mean that document or exhibit, as it may thereafter be amended, modified or supplemented in accordance with its terms; (d) unless otherwise specified, all references herein to "Articles," "Sections," "Exhibits" and "Plan Documents" are references to Articles, Sections, Exhibits and Plan Documents hereof or hereto; (e) unless otherwise stated, the words "herein," "hereof," "hereunder" and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation hereof; (g) any reference to an Entity as a Holder of a Claim or Equity Interest includes such Entity's successors and assigns; (h) the rules of construction set

forth in section 102 of the Bankruptcy Code shall apply; (i) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be; and (j) "$" or "dollars" means Dollars in lawful currency of the United States of America.  The provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein.

**B.**    **Defined Terms**

Unless the context otherwise requires, the following terms shall have the following meanings when used in capitalized form herein:

1.     "*Acis*" means collectively Acis Capital Management, L.P. and Acis Capital Management GP, LLP.

2.     "*Administrative Expense Claim*" means any Claim for costs and expenses of administration of the Chapter 11 Case that is Allowed pursuant to sections 503(b), 507(a)(2), 507(b) or 1114(2) of the Bankruptcy Code, including, without limitation, (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estate and operating the business of the Debtor; and (b) all fees and charges assessed against the Estate pursuant to sections 1911 through 1930 of chapter 123 of title 28 of the United States Code, and that have not already been paid by the Debtor during the Chapter 11 Case and a Professional Fee Claim.

3.     "*Administrative Expense Claims Bar Date*" means, with respect to any Administrative Expense Claim (other than a Professional Fee Claim) becoming due on or prior to the Effective Date, 5:00 p.m. (prevailing Central Time) on such date that is forty-five days after the Effective Date.

4.     "*Administrative Expense Claims Objection Deadline*" means, with respect to any Administrative Expense Claim, the later of (a) ninety (90) days after the Effective Date and (b) sixty (60) days after the timely Filing of the applicable request for payment of such Administrative Expense Claim; *provided, however,* that the Administrative Expense Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee.

5.     "*Affiliate*" of any Person means any Entity that, with respect to such Person, either (i) is an "affiliate" as defined in section 101(2) of the Bankruptcy Code, or (ii) is an "affiliate" as defined in Rule 405 of the Securities Act of 1933, or (iii) directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, such Person.  For the purposes of this definition, the term "control" (including, without limitation, the terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction in any respect of the management or policies of a Person, whether through the ownership of voting securities, by contract, or otherwise.

6.     "*Allowed*" means, with respect to any Claim, except as otherwise provided in the Plan: (a) any Claim that is evidenced by a Proof of Claim that has been timely Filed by the Bar Date, or that is not required to be evidenced by a Filed Proof of Claim under the Bankruptcy

Code or a Final Order; (b) a Claim that is listed in the Schedules as not contingent, not unliquidated, and not disputed and for which no Proof of Claim has been timely filed; (c) a Claim Allowed pursuant to the Plan or an order of the Bankruptcy Court that is not stayed pending appeal; or (d) a Claim that is not Disputed (including for which a Proof of Claim has been timely filed in a liquidated and noncontingent amount that has not been objected to by the Claims Objection Deadline or as to which any such objection has been overruled by Final Order); *provided, however,* that with respect to a Claim described in clauses (a) and (b) above, such Claim shall be considered Allowed only if and to the extent that, with respect to such Claim, no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or such an objection is so interposed and the Claim shall have been Allowed as set forth above.

7. "*Allowed Claim or Equity Interest*" means a Claim or an Equity Interest of the type that has been Allowed.

8. "*Assets*" means all of the rights, titles, and interest of the Debtor, Reorganized Debtor, or Claimant Trust, in and to property of whatever type or nature, including, without limitation, real, personal, mixed, intellectual, tangible, and intangible property, the Debtor's books and records, and the Causes of Action.

9. "*Available Cash*" means any Cash in excess of the amount needed for the Claimant Trust and Reorganized Debtor to maintain business operations as determined in the sole discretion of the Claimant Trustee.

10. "*Avoidance Actions*" means any and all avoidance, recovery, subordination or other actions or remedies that may be brought by and on behalf of the Debtor or its Estate under the Bankruptcy Code or applicable nonbankruptcy law, including, without limitation, actions or remedies arising under sections 502, 510, 544, 545, and 547-553 of the Bankruptcy Code or under similar state or federal statutes and common law, including fraudulent transfer laws

11. "*Ballot*" means the form(s) distributed to holders of Impaired Claims or Equity Interests entitled to vote on the Plan on which to indicate their acceptance or rejection of the Plan.

12. "*Bankruptcy Code*" means title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended from time to time and as applicable to the Chapter 11 Case.

13. "*Bankruptcy Court*" means the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, or any other court having jurisdiction over the Chapter 11 Case.

14. "*Bankruptcy Rules*" means the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, in each case as amended from time to time and as applicable to the Chapter 11 Case.

Appx. 00203

15.     "*Bar Date*" means the applicable deadlines set by the Bankruptcy Court for the filing of Proofs of Claim against the Debtor as set forth in the Bar Date Order, which deadlines may be or have been extended for certain Claimants by order of the Bankruptcy Court.

16.     "*Bar Date Order*" means the *Order (I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof* [D.I. 488].

17.     "*Business Day*" means any day, other than a Saturday, Sunday or "legal holiday" (as defined in Bankruptcy Rule 9006(a)).

18.     "*Cash*" means the legal tender of the United States of America or the equivalent thereof.

19.     "*Causes of Action*" means any action, claim, cross-claim, third-party claim, cause of action, controversy, demand, right, Lien, indemnity, contribution, guaranty, suit, obligation, liability, debt, damage, judgment, account, defense, remedy, offset, power, privilege, license and franchise of any kind or character whatsoever, in each case whether known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, foreseen or unforeseen, direct or indirect, choate or inchoate, secured or unsecured, assertable directly or derivatively (including, without limitation, under alter ego theories), whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity or pursuant to any other theory of law.  For the avoidance of doubt, Cause of Action includes, without limitation,: (a) any right of setoff, counterclaim or recoupment and any claim for breach of contract or for breach of duties imposed by law or in equity; (b) the right to object to Claims or Equity Interests; (c) any claim pursuant to section 362 or chapter 5 of the Bankruptcy Code; (d) any claim or defense including fraud, mistake, duress and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; (e) any claims under any state or foreign law, including, without limitation, any fraudulent transfer or similar claims; (f) the Avoidance Actions, and (g) the Estate Claims.  The Causes of Action include, without limitation, the Causes of Action belonging to the Debtor's Estate listed on the schedule of Causes of Action to be filed with the Plan Supplement.

20.     "*CEO/CRO*" means James P. Seery, Jr., the Debtor's chief executive officer and chief restructuring officer.

21.     "*Chapter 11 Case*" means the Debtor's case under chapter 11 of the Bankruptcy Code commenced on the Petition Date in the Delaware Bankruptcy Court and transferred to the Bankruptcy Court on December 4, 2019, and styled *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj-11.

22.     "*Claim*" means any "claim" against the Debtor as defined in section 101(5) of the Bankruptcy Code.

23.     "*Claims Objection Deadline*" means the date that is 180 days after the Confirmation Date; *provided, however,* the Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee.

4

24.     "*Claimant Trust*" means the trust established for the benefit of the Claimant Trust Beneficiaries on the Effective Date in accordance with the terms of this Plan and the Claimant Trust Agreement.

25.     "*Claimant Trust Agreement*" means the agreement Filed in the Plan Supplement establishing and delineating the terms and conditions of the Claimant Trust.

26.     "*Claimant Trust Assets*" means (i) other than the Reorganized Debtor Assets (which are expressly excluded from this definition), all other Assets of the Estate, including, but not limited to, all Causes of Action, Available Cash, any proceeds realized or received from such Assets, all rights of setoff, recoupment, and other defenses with respect, relating to, or arising from such Assets, (ii) any Assets transferred by the Reorganized Debtor to the Claimant Trust on or after the Effective Date, (iii) the limited partnership interests in the Reorganized Debtor, and (iv) the ownership interests in New GP LLC.  For the avoidance of doubt, any Causes of Action that, for any reason, are not capable of being transferred to the Claimant Trust shall constitute Reorganized Debtor Assets.

27.     "*Claimant Trust Beneficiaries*" means the Holders of Allowed General Unsecured Claims, Holders of Allowed Subordinated Claims, including, upon Allowance, Disputed General Unsecured Claims and Disputed Subordinated Claims that become Allowed following the Effective Date, and, only upon certification by the Claimant Trustee that the Holders of such Claims have been paid indefeasibly in full plus, to the extent all Allowed unsecured Claims, excluding Subordinated Claims, have been paid in full, post-petition interest from the Petition Date at the Federal Judgment Rate in accordance with the terms and conditions set forth in the Claimant Trust Agreement and all Disputed Claims in Class 8 and Class 9 have been resolved, Holders of Allowed Class B/C Limited Partnership Interests, and Holders of Allowed Class A Limited Partnership Interests.

28.     "*Claimant Trustee*" means James P. Seery, Jr., the Debtor's chief executive officer and chief restructuring officer, or such other Person identified in the Plan Supplement who will act as the trustee of the Claimant Trust in accordance with the Plan, the Confirmation Order, and Claimant Trust Agreement or any replacement trustee pursuant to (and in accordance with) the Claimant Trust Agreement.  The Claimant Trustee shall be responsible for, among other things, monetizing the Estate's investment assets, resolving Claims (other than those Claims assigned to the Litigation Sub-Trust for resolution), and, as the sole officer of New GP LLC, winding down the Reorganized Debtor's business operations.

29.     "*Claimant Trust Expenses*" means all reasonable legal and other reasonable professional fees, costs, and expenses incurred by the Trustees on account of administration of the Claimant Trust, including any reasonable administrative fees and expenses, reasonable attorneys' fees and expenses, reasonable insurance costs, taxes, reasonable escrow expenses, and other expenses.

30.     "*Claimant Trust Interests*" means the non-transferable interests in the Claimant Trust that are issued to the Claimant Trust Beneficiaries pursuant to this Plan; *provided*, *however*, Holders of Class A Limited Partnership Interests, Class B Limited Partnership Interests, and Class C Limited Partnership Interests will not be deemed to hold Claimant Trust Interests

5

unless and until the Contingent Claimant Trust Interests distributed to such Holders vest in accordance with the terms of this Plan and the Claimant Trust Agreement.

31.     "*Claimant Trust Oversight Committee*" means the committee of five Persons established pursuant to ARTICLE IV of this Plan to oversee the Claimant Trustee's performance of its duties and otherwise serve the functions described in this Plan and the Claimant Trust Agreement.

32.     "*Class*" means a category of Holders of Claims or Equity Interests as set forth in ARTICLE III hereof pursuant to section 1122(a) of the Bankruptcy Code.

33.     "*Class A Limited Partnership Interest*" means the Class A Limited Partnership Interests as defined in the Limited Partnership Agreement held by The Dugaboy Investment Trust, Mark and Pamela Okada Family Trust – Exempt Trust 2, Mark and Pamela Okada – Exempt Descendants' Trust, and Mark Kiyoshi Okada, and the General Partner Interest.

34.     "*Class B Limited Partnership Interest*" means the Class B Limited Partnership Interests as defined in the Limited Partnership Agreement held by Hunter Mountain Investment Trust.

35.     "*Class B/C Limited Partnership Interests*" means, collectively, the Class B Limited Partnership and Class C Limited Partnership Interests.

36.     "*Class C Limited Partnership Interest*" means the Class C Limited Partnership Interests as defined in the Limited Partnership Agreement held by Hunter Mountain Investment Trust.

37.     "*Committee*" means the Official Committee of Unsecured Creditors appointed by the U.S. Trustee pursuant to 11 U.S.C. § 1102(a)(1) on October 29, 2019 [D.I. 65], consisting of (i) the Redeemer Committee of Highland Crusader Fund, (ii) Meta-e Discovery, (iii) UBS, and (iv) Acis.

38.     "*Confirmation Date*" means the date on which the clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Bankruptcy Court.

39.     "*Confirmation Hearing*" means the hearing held by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code to consider confirmation of this Plan, as such hearing may be adjourned or continued from time to time.

40.     "*Confirmation Order*" means the order of the Bankruptcy Court confirming this Plan pursuant to section 1129 of the Bankruptcy Code.

41.     "*Convenience Claim*" means any prepetition, liquidated, and unsecured Claim against the Debtor that as of the Confirmation Date is less than or equal to $1,000,000 or any General Unsecured Claim that makes the Convenience Class Election.  For the avoidance of doubt, the Reduced Employee Claims will be Convenience Claims.

6

42.    "*Convenience Claim Pool*" means the $13,150,000 in Cash that shall be available upon the Effective Date for distribution to Holders of Convenience Claims under the Plan as set forth herein.  Any Cash remaining in the Convenience Claim Pool after all distributions on account of Convenience Claims have been made will be transferred to the Claimant Trust and administered as a Claimant Trust Asset.

43.    "*Convenience Class Election*" means the option provided to each Holder of a General Unsecured Claim that is a liquidated Claim as of the Confirmation Date on their Ballot to elect to reduce their claim to $1,000,000 and receive the treatment provided to Convenience Claims.

44.    "*Contingent Claimant Trust Interests*" means the contingent Claimant Trust Interests to be distributed to Holders of Class A Limited Partnership Interests, Holders of Class B Limited Partnership Interests, and Holders of Class C Limited Partnership Interests in accordance with this Plan, the rights of which shall not vest, and consequently convert to Claimant Trust Interests, unless and until the Claimant Trustee Files a certification that all holders of Allowed General Unsecured Claims have been paid indefeasibly in full, plus, to the extent all Allowed unsecured Claims, excluding Subordinated Claims, have been paid in full, all accrued and unpaid post-petition interest from the Petition Date at the Federal Judgment Rate and all Disputed Claims in Class 8 and Class 9 have been resolved.  As set forth in the Claimant Trust Agreement, the Contingent Claimant Trust Interests distributed to the Holders of Class A Limited Partnership Interests will be subordinated to the Contingent Claimant Trust Interests distributed to the Holders of Class B/C Limited Partnership Interests.

45.    "*Debtor*" means Highland Capital Management, L.P. in its capacity as debtor and debtor in possession in the Chapter 11 Case.

46.    "*Delaware Bankruptcy Court*" means the United States Bankruptcy Court for the District of Delaware.

47.    "*Disclosure Statement*" means that certain *Disclosure Statement for Debtor's Fifth Amended Chapter 11 Plan of Reorganization*, as amended, supplemented, or modified from time to time, which describes this Plan, including all exhibits and schedules thereto and references therein that relate to this Plan.

48.    "*Disputed*" means with respect to any Claim or Equity Interest, any Claim or Equity Interest that is not yet Allowed.

49.    "*Disputed Claims Reserve*" means the appropriate reserve(s) or account(s) to be established on the Initial Distribution Date and maintained by the Claimant Trustee for distributions on account of Disputed Claims that may subsequently become an Allowed Claim.

50.    "*Disputed Claims Reserve Amount*" means, for purposes of determining the Disputed Claims Reserve, the Cash that would have otherwise been distributed to a Holder of a Disputed Claim at the time any distributions of Cash are made to the Holders of Allowed Claims. The amount of the Disputed Claim upon which the Disputed Claims Reserve is calculated shall be:  (a) the amount set forth on either the Schedules or the filed Proof of Claim, as applicable; (b) the amount agreed to by the Holder of the Disputed Claim and the Claimant Trustee or Reorganized

7

Debtor, as applicable; (c) the amount ordered by the Bankruptcy Court if it enters an order disallowing, in whole or in part, a Disputed Claim; or (d) as otherwise ordered by the Bankruptcy Court, including an order estimating the Disputed Claim.

51. "*Distribution Agent*" means the Claimant Trustee, or any party designated by the Claimant Trustee to serve as distribution agent under this Plan.

52. "*Distribution Date*" means the date or dates determined by the Reorganized Debtor or the Claimant Trustee, as applicable, on or after the Initial Distribution Date upon which the Distribution Agent shall make distributions to holders of Allowed Claims and Interests entitled to receive distributions under the Plan.

53. "*Distribution Record Date*" means the date for determining which Holders of Claims and Equity Interests are eligible to receive distributions hereunder, which date shall be the Effective Date or such later date determined by the Bankruptcy Court.

54. "*Effective Date*" means the Business Day that this Plan becomes effective as provided in ARTICLE VIII hereof.

55. "*Employees*" means the employees of the Debtor set forth in the Plan Supplement.

56. "*Enjoined Parties*" means (i) all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtor (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), (ii) James Dondero ("Dondero"), (iii) any Entity that has appeared and/or filed any motion, objection, or other pleading in this Chapter 11 Case regardless of the capacity in which such Entity appeared and any other party in interest, (iv) any Related Entity, and (v) the Related Persons of each of the foregoing.

57. "*Entity*" means any "entity" as defined in section 101(15) of the Bankruptcy Code and also includes any Person or any other entity.

58. "*Equity Interest*" means any Equity Security in the Debtor, including, without limitation, all issued, unissued, authorized or outstanding partnership interests, shares, of stock or limited company interests, the Class A Limited Partnership Interests, the Class B Limited Partnership Interests, and the Class C Limited Partnership Interests.

59. "*Equity Security*" means an "equity security" as defined in section 101(16) of the Bankruptcy Code.

60. "*Estate*" means the bankruptcy estate of the Debtor created by virtue of section 541 of the Bankruptcy Code upon the commencement of the Chapter 11 Case.

61. "*Estate Claims*" has the meaning given to it in <u>Exhibit A</u> to the *Notice of Final Term Sheet* [D.I. 354].

8

62. "*Exculpated Parties*" means, collectively, (i) the Debtor and its successors and assigns, (ii) the Employees, (iii) Strand, (iv) the Independent Directors, (v) the Committee, (vi) the members of the Committee (in their official capacities), (vii) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (viii) the CEO/CRO; and (ix) the Related Persons of each of the parties listed in (iv) through (viii); *provided, however,* that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), NexBank, SSB (and any of its subsidiaries), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Exculpated Party."

63. "*Executory Contract*" means a contract to which the Debtor is a party that is subject to assumption or rejection under sections 365 or 1123 of the Bankruptcy Code.

64. "*Exhibit*" means an exhibit annexed hereto or to the Disclosure Statement (as such exhibits are amended, modified or otherwise supplemented from time to time), which are incorporated by reference herein.

65. "*Federal Judgment Rate*" means the post-judgment interest rate set forth in 28 U.S.C. § 1961 as of the Effective Date.

66. "*File*" or "*Filed*" or "*Filing*" means file, filed or filing with the Bankruptcy Court or its authorized designee in the Chapter 11 Case.

67. "*Final Order*" means an order or judgment of the Bankruptcy Court, which is in full force and effect, and as to which the time to appeal, petition for *certiorari*, or move for a new trial, reargument or rehearing has expired and as to which no appeal, petition for *certiorari*, or other proceedings for a new trial, reargument or rehearing shall then be pending or as to which any right to appeal, petition for *certiorari*, new trial, reargument, or rehearing shall have been waived in writing in form and substance satisfactory to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, or, in the event that an appeal, writ of *certiorari*, new trial, reargument, or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been determined by the highest court to which such order was appealed, or *certiorari*, new trial, reargument or rehearing shall have been denied and the time to take any further appeal, petition for *certiorari*, or move for a new trial, reargument or rehearing shall have expired; *provided, however*, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be Filed with respect to such order shall not preclude such order from being a Final Order.

68. "*Frontier Secured Claim*" means the loan from Frontier State Bank to the Debtor in the principal amount of $7,879,688.00 made pursuant to that certain First Amended and Restated Loan Agreement, dated March 29, 2018.

69.    "*General Partner Interest*" means the Class A Limited Partnership Interest held by Strand, as the Debtor's general partner.

70.    "*General Unsecured Claim*" means any prepetition Claim against the Debtor that is not Secured and is not a/an: (a) Administrative Expense Claim; (b) Professional Fee Claim; (c) Priority Tax Claim; (d) Priority Non-Tax Claim; or (e) Convenience Claim.

71.    "*Governmental Unit*" means a "governmental unit" as defined in section 101(27) of the Bankruptcy Code.

72.    "*GUC Election*" means the option provided to each Holder of a Convenience Claim on their Ballot to elect to receive the treatment provided to General Unsecured Claims.

73.    "*Holder*" means an Entity holding a Claim against, or Equity Interest in, the Debtor.

74.    "*Impaired*" means, when used in reference to a Claim or Equity Interest, a Claim or Equity Interest that is impaired within the meaning of section 1124 of the Bankruptcy Code.

75.    "*Independent Directors*" means John S. Dubel, James P. Seery, Jr., and Russell Nelms, the independent directors of Strand appointed on January 9, 2020, and any additional or replacement directors of Strand appointed after January 9, 2020, but prior to the Effective Date.

76.    "*Initial Distribution Date*" means, subject to the "Treatment" sections in ARTICLE III hereof, the date that is on or as soon as reasonably practicable after the Effective Date, when distributions under this Plan shall commence to Holders of Allowed Claims and Equity Interests.

77.    "*Insurance Policies*" means all insurance policies maintained by the Debtor as of the Petition Date.

78.    "*Jefferies Secured Claim*" means any Claim in favor of Jefferies, LLC, arising under that certain Prime Brokerage Customer Agreement, dated May 24, 2013, between the Debtor and Jefferies, LLC, that is secured by the assets, if any, maintained in the prime brokerage account created by such Prime Brokerage Customer Agreement.

79.    "*Lien*" means a "lien" as defined in section 101(37) of the Bankruptcy Code and, with respect to any asset, includes, without limitation, any mortgage, lien, pledge, charge, security interest or other encumbrance of any kind, or any other type of preferential arrangement that has the practical effect of creating a security interest, in respect of such asset.

80.    "*Limited Partnership Agreement*" means that certain Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., dated December 24, 2015, as amended.

10

81.     "*Litigation Sub-Trust*" means the sub-trust established within the Claimant Trust or as a wholly –owned subsidiary of the Claimant Trust on the Effective Date in each case in accordance with the terms and conditions set forth in the Litigation Sub-Trust Agreement and Claimant Trust Agreement.  As set forth in the Litigation Sub-Trust Agreement, the Litigation Sub-Trust shall hold the Claimant Trust Assets that are Estate Claims.

82.     "*Litigation Sub-Trust Agreement*" means the agreement filed in the Plan Supplement establishing and delineating the terms and conditions of the Litigation Sub-Trust.

83.     "*Litigation Trustee*" means the trustee appointed by the Committee and reasonably acceptable to the Debtor who shall be responsible for investigating, litigating, and settling the Estate Claims for the benefit of the Claimant Trust in accordance with the terms and conditions set forth in the Litigation Sub-Trust Agreement.

84.     "*Managed Funds*" means Highland Multi-Strategy Credit Fund, L.P., Highland Restoration Capital Partners, L.P., and any other investment vehicle managed by the Debtor pursuant to an Executory Contract assumed pursuant to this Plan.

85.     "*New Frontier Note*" means that promissory note to be provided to the Allowed Holders of Class 2 Claims under this Plan and any other documents or security agreements securing the obligations thereunder.

86.     "*New GP LLC*" means a limited liability company incorporated in the State of Delaware pursuant to the New GP LLC Documents to serve as the general partner of the Reorganized Debtor on the Effective Date.

87.     "*New GP LLC Documents*" means the charter, operating agreement, and other formational documents of New GP LLC.

88.     "*Ordinary Course Professionals Order*" means that certain *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course* [D.I. 176].

89.     "*Other Unsecured Claim*" means any Secured Claim other than the Jefferies Secured Claim and the Frontier Secured Claim.

90.     "*Person*" means a "person" as defined in section 101(41) of the Bankruptcy Code and also includes any natural person, individual, corporation, company, general or limited partnership, limited liability company, unincorporated organization firm, trust, estate, business trust, association, joint stock company, joint venture, government, governmental agency, Governmental Unit or any subdivision thereof, the United States Trustee, or any other entity, whether acting in an individual, fiduciary or other capacity.

91.     "Petition *Date*" means October 16, 2019.

92.     "*Plan*" means this *Debtor's Fifth Amended Chapter 11 Plan of Reorganization*, including the Exhibits and the Plan Documents and all supplements, appendices,

11

and schedules thereto, either in its present form or as the same may be altered, amended, modified or otherwise supplemented from time to time.

93. "*Plan Distribution*" means the payment or distribution of consideration to Holders of Allowed Claims and Allowed Equity Interests under this Plan.

94. "*Plan Documents*" means any of the documents, other than this Plan, but including, without limitation, the documents to be filed with the Plan Supplement, to be executed, delivered, assumed, or performed in connection with the occurrence of the Effective Date, and as may be modified consistent with the terms hereof with the consent of the Committee.

95. "*Plan Supplement*" means the ancillary documents necessary for the implementation and effectuation of the Plan, including, without limitation, (i) the form of Claimant Trust Agreement, (ii) the forms of New GP LLC Documents, (iii) the form of Reorganized Limited Partnership Agreement, (iv) the Sub-Servicer Agreement (if applicable), (v) the identity of the initial members of the Claimant Trust Oversight Committee, (vi) the form of Litigation Sub-Trust Agreement; (vii) the schedule of retained Causes of Action; (viii) the New Frontier Note, (ix) the schedule of Employees; (x) the form of Senior Employee Stipulation,; and (xi) the schedule of Executory Contracts and Unexpired Leases to be assumed pursuant to this Plan, which, in each case, will be in form and substance reasonably acceptable to the Debtor and the Committee.

96. "*Priority Non-Tax Claim*" means a Claim entitled to priority pursuant to section 507(a) of the Bankruptcy Code, including any Claims for paid time-off entitled to priority under section 507(a)(4) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.

97. "*Pro Rata*" means the proportion that (a) the Allowed amount of a Claim or Equity Interest in a particular Class bears to (b) the aggregate Allowed amount of all Claims or Equity Interests in such Class.

98. "*Professional*" means (a) any Entity employed in the Chapter 11 Case pursuant to section 327, 328 363 or 1103 of the Bankruptcy Code or otherwise and (b) any Entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to sections 327, 328, 330, 331, 363, 503(b), 503(b)(4) and 1103 of the Bankruptcy Code.

99. "*Professional Fee Claim*" means a Claim under sections 328, 330(a), 331, 363, 503 or 1103 of the Bankruptcy Code, with respect to a particular Professional, for compensation for services rendered or reimbursement of costs, expenses or other charges incurred after the Petition Date and prior to and including the Effective Date.

100. "*Professional Fee Claims Bar Date*" means with respect to Professional Fee Claims, the Business Day which is sixty (60) days after the Effective Date or such other date as approved by order of the Bankruptcy Court.

101. "*Professional Fee Claims Objection Deadline*" means, with respect to any Professional Fee Claim, thirty (30) days after the timely Filing of the applicable request for payment of such Professional Fee Claim.

Appx. 00212

102.    "*Professional Fee Reserve*" means the reserve established and funded by the Claimant Trustee pursuant this Plan to provide sufficient funds to satisfy in full unpaid Allowed Professional Fee Claims.

103.    "*Proof of Claim*" means a written proof of Claim or Equity Interest Filed against the Debtor in the Chapter 11 Case.

104.    "*Priority Tax Claim*" means any Claim of a Governmental Unit of the kind specified in section 507(a)(8) of the Bankruptcy Code.

105.    "*Protected Parties*" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Reorganized Debtor, (v) the Independent Directors, (vi) the Committee, (vii) the members of the Committee (in their official capacities), (viii) the Claimant Trust, (ix) the Claimant Trustee, (x) the Litigation Sub-Trust, (xi) the Litigation Trustee, (xii) the members of the Claimant Trust Oversight Committee (in their official capacities), (xiii) New GP LLC, (xiv) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (xv) the CEO/CRO; and (xvi) the Related Persons of each of the parties listed in (iv) through (xv); *provided, however,* that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), NexBank, SSB (and any of its subsidiaries), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Protected Party."

106.    "*PTO Claims*" means any Claim for paid time off in favor of any Debtor employee in excess of the amount that would qualify as a Priority Non-Tax Claim under section 507(a)(4) of the Bankruptcy Code.

107.    "*Reduced Employee Claims*" has the meaning set forth in ARTICLE IX.D.

108.    "*Reinstated*" means, with respect to any Claim or Equity Interest, (a) leaving unaltered the legal, equitable, and contractual rights to which a Claim entitles the Holder of such Claim or Equity Interest in accordance with section 1124 of the Bankruptcy Code or (b) notwithstanding any contractual provision or applicable law that entitles the Holder of such Claim or Equity Interest to demand or receive accelerated payment of such Claim or Equity Interest after the occurrence of a default: (i) curing any such default that occurred before or after the Petition Date, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code or of a kind that section 365(b)(2) of the Bankruptcy Code expressly does not require to be cured; (ii) reinstating the maturity of such Claim or Equity Interest as such maturity existed before such default; (iii) compensating the Holder of such Claim or Equity Interest for any damages incurred as a result of any reasonable reliance by such Holder on such contractual provision or such applicable law; (iv) if such Claim or Equity Interest arises from any failure to perform a nonmonetary obligation, other than a default arising from failure to operate a non-residential real property lease subject to section 365(b)(1)(A) of the Bankruptcy Code, compensating the Holder

13

of such Claim or Equity Interest (other than any Debtor or an insider of any Debtor) for any actual pecuniary loss incurred by such Holder as a result of such failure; and (v) not otherwise altering the legal, equitable, or contractual rights to which such Claim entitles the Holder of such Claim.

109. "*Rejection Claim*" means any Claim for monetary damages as a result of the rejection of an executory contract or unexpired lease pursuant to the Confirmation Order.

110. "*Related Entity*" means, without duplication, (a) Dondero, (b) Mark Okada ("Okada"), (c) Grant Scott ("Scott"), (d) Hunter Covitz ("Covitz"), (e) any entity or person that was an insider of the Debtor on or before the Petition Date under Section 101(31) of the Bankruptcy Code, including, without limitation, any entity or person that was a non-statutory insider, (f) any entity that, after the Effective Date, is an insider or Affiliate of one or more of Dondero, Okada, Scott, Covitz, or any of their respective insiders or Affiliates, including, without limitation, The Dugaboy Investment Trust, (g) the Hunter Mountain Investment Trust and any of its direct or indirect parents, (h) the Charitable Donor Advised Fund, L.P., and any of its direct or indirect subsidiaries, and (i) Affiliates of the Debtor and any other Entities listed on the Related Entity List.

111. "*Related Entity List*" means that list of Entities filed with the Plan Supplement.

112. "*Related Persons*" means, with respect to any Person, such Person's predecessors, successors, assigns (whether by operation of law or otherwise), and each of their respective present, future, or former officers, directors, employees, managers, managing members, members, financial advisors, attorneys, accountants, investment bankers, consultants, professionals, advisors, shareholders, principals, partners, subsidiaries, divisions, management companies, heirs, agents, and other representatives, in each case solely in their capacity as such.

113. "*Released Parties*" means, collectively, (i) the Independent Directors; (ii) Strand (solely from the date of the appointment of the Independent Directors through the Effective Date); (iii) the CEO/CRO; (iv) the Committee; (v) the members of the Committee (in their official capacities), (vi) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case; and (vii) the Employees.

114. "*Reorganized Debtor*" means the Debtor, as reorganized pursuant to this Plan on and after the Effective Date.

115. "*Reorganized Debtor Assets*" means any limited and general partnership interests held by the Debtor, the management of the Managed Funds and those Causes of Action (including, without limitation, claims for breach of fiduciary duty), that, for any reason, are not capable of being transferred to the Claimant Trust. For the avoidance of doubt, "Reorganized Debtor Assets" includes any partnership interests or shares of Managed Funds held by the Debtor but does not include the underlying portfolio assets held by the Managed Funds.

116. "*Reorganized Limited Partnership Agreement*" means that certain Fifth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., by and among the Claimant Trust, as limited partner, and New GP LLC, as general partner, Filed with the Plan Supplement.

117.    "*Restructuring*" means the restructuring of the Debtor, the principal terms of which are set forth in this Plan and the Disclosure Statement.

118.    "*Retained Employee Claim*" means any Claim filed by a current employee of the Debtor who will be employed by the Reorganized Debtor upon the Effective Date.

119.    "*Schedules*" means the schedules of Assets and liabilities, statements of financial affairs, lists of Holders of Claims and Equity Interests and all amendments or supplements thereto Filed by the Debtor with the Bankruptcy Court [D.I. 247].

120.    "*Secured*" means, when referring to a Claim: (a) secured by a Lien on property in which the Debtor's Estate has an interest, which Lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Bankruptcy Court order, or that is subject to setoff pursuant to section 553 of the Bankruptcy Code, to the extent of the value of the creditor's interest in the interest of the Debtor's Estate in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code or (b) Allowed pursuant to the Plan as a Secured Claim.

121.    "*Security*" or "*security*" means any security as such term is defined in section 101(49) of the Bankruptcy Code.

122.    "*Senior Employees*" means the senior employees of the Debtor Filed in the Plan Supplement.

123.    "*Senior Employee Stipulation*" means the agreements filed in the Plan Supplement between each Senior Employee and the Debtor.

124.    "*Stamp or Similar Tax*" means any stamp tax, recording tax, personal property tax, conveyance fee, intangibles or similar tax, real estate transfer tax, sales tax, use tax, transaction privilege tax (including, without limitation, such taxes on prime contracting and owner-builder sales), privilege taxes (including, without limitation, privilege taxes on construction contracting with regard to speculative builders and owner builders), and other similar taxes imposed or assessed by any Governmental Unit.

125.    "*Statutory Fees*" means fees payable pursuant to 28 U.S.C. § 1930.

126.    "*Strand*" means Strand Advisors, Inc., the Debtor's general partner.

127.    "*Sub-Servicer*" means a third-party selected by the Claimant Trustee to service or sub-service the Reorganized Debtor Assets.

128.    "*Sub-Servicer Agreement*" means the agreement that may be entered into providing for the servicing of the Reorganized Debtor Assets by the Sub-Servicer.

129.    "*Subordinated Claim*" means any Claim that is subordinated to the Convenience Claims and General Unsecured Claims pursuant to an order entered by the Bankruptcy Court (including any other court having jurisdiction over the Chapter 11 Case) after notice and a hearing.

15

**Appx. 00215**

130. "*Subordinated Claimant Trust Interests*" means the Claimant Trust Interests to be distributed to Holders of Allowed Subordinated Claims under the Plan, which such interests shall be subordinated in right and priority to the Claimant Trust Interests distributed to Holders of Allowed General Unsecured Claims as provided in the Claimant Trust Agreement.

131. "*Trust Distribution*" means the transfer of Cash or other property by the Claimant Trustee to the Claimant Trust Beneficiaries.

132. "*Trustees*" means, collectively, the Claimant Trustee and Litigation Trustee.

133. "*UBS*" means, collectively, UBS Securities LLC and UBS AG London Branch.

134. "*Unexpired Lease*" means a lease to which the Debtor is a party that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

135. "*Unimpaired*" means, with respect to a Class of Claims or Equity Interests that is not impaired within the meaning of section 1124 of the Bankruptcy Code.

136. "*Voting Deadline*" means the date and time by which all Ballots to accept or reject the Plan must be received in order to be counted under the under the Order of the Bankruptcy Court approving the Disclosure Statement as containing adequate information pursuant to section 1125(a) of the Bankruptcy Code and authorizing the Debtor to solicit acceptances of the Plan.

137. "*Voting Record Date*" means November 23, 2020.

## ARTICLE II.
## ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS

**A.    Administrative Expense Claims**

On the later of the Effective Date or the date on which an Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or, in each such case, as soon as practicable thereafter, each Holder of an Allowed Administrative Expense Claim (other than Professional Fee Claims) will receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Administrative Expense Claim either (i) payment in full in Available Cash for the unpaid portion of such Allowed Administrative Expense Claim; or (ii) such other less favorable treatment as agreed to in writing by the Debtor or the Reorganized Debtor, as applicable, and such Holder; *provided, however,* that Administrative Expense Claims incurred by the Debtor in the ordinary course of business may be paid in the ordinary course of business in the discretion of the Debtor in accordance with such applicable terms and conditions relating thereto without further notice to or order of the Bankruptcy Court. All statutory fees payable under 28 U.S.C. § 1930(a) shall be paid as such fees become due.

If an Administrative Expense Claim (other than a Professional Fee Claim) is not paid by the Debtor in the ordinary course, the Holder of such Administrative Expense Claim must File, on

16

or before the applicable Administrative Expense Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for allowance and payment of such Administrative Expense Claim.

Objections to any Administrative Expense Claim (other than a Professional Fee Claim) must be Filed and served on the Debtor or the Reorganized Debtor, as applicable, and the party asserting such Administrative Expense Claim by the Administrative Expense Claims Objection Deadline.

## B.     Professional Fee Claims

Professionals or other Entities asserting a Professional Fee Claim for services rendered through the Effective Date must submit fee applications under sections 327, 328, 329,330, 331, 503(b) or 1103 of the Bankruptcy Code and, upon entry of an order of the Bankruptcy Court granting such fee applications, such Professional Fee Claim shall promptly be paid in Cash in full to the extent provided in such order.

Professionals or other Entities asserting a Professional Fee Claim for services rendered on or prior to the Effective Date must File, on or before the Professional Fee Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated as requiring such notice by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for final allowance of such Professional Fee Claim.

Objections to any Professional Fee Claim must be Filed and served on the Debtor or Reorganized Debtor, as applicable, and the party asserting the Professional Fee Claim by the Professional Fee Claim Objection Deadline. Each Holder of an Allowed Professional Fee Claim will be paid by the Debtor or the Claimant Trust, as applicable, in Cash within ten (10) Business Days of entry of the order approving such Allowed Professional Fee Claim.

On the Effective Date, the Claimant Trustee shall establish the Professional Fee Reserve. The Professional Fee Reserve shall vest in the Claimant Trust and shall be maintained by the Claimant Trustee in accordance with the Plan and Claimant Trust Agreement. The Claimant Trust shall fund the Professional Fee Reserve on the Effective Date in an estimated amount determined by the Debtor in good faith prior to the Confirmation Date and that approximates the total projected amount of unpaid Professional Fee Claims on the Effective Date. Following the payment of all Allowed Professional Fee Claims, any excess funds in the Professional Fee Reserve shall be released to the Claimant Trust to be used for other purposes consistent with the Plan and the Claimant Trust Agreement.

## C.     Priority Tax Claims

On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Priority Tax Claim is an Allowed Priority Tax Claim as of the Effective Date or (ii) the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim, each Holder of an Allowed Priority Tax Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Priority Tax Claim, at the election of the Debtor: (a) Cash in an amount of a total value as of the Effective Date of the Plan equal to the amount of such Allowed

Priority Tax Claim in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, or (b) if paid over time, payment of such Allowed Priority Tax Claim in accordance with section 1129(a)(9)(C) of the Bankruptcy Code; or (c) such other less favorable treatment as agreed to in writing by the Debtor and such Holder.  Payment of statutory fees due pursuant to 28 U.S.C. § 1930(a)(6) will be made at all appropriate times until the entry of a final decree; *provided, however*, that the Debtor may prepay any or all such Claims at any time, without premium or penalty.

## ARTICLE III.
## CLASSIFICATION AND TREATMENT OF
## CLASSIFIED CLAIMS AND EQUITY INTERESTS

### A.    Summary

All Claims and Equity Interests, except Administrative Expense Claims and Priority Tax Claims, are classified in the Classes set forth below.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims, and Priority Tax Claims have not been classified.

The categories of Claims and Equity Interests listed below classify Claims and Equity Interests for all purposes including, without limitation, confirmation and distribution pursuant to the Plan and pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code.  The Plan deems a Claim or Equity Interest to be classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and will be deemed classified in a different Class to the extent that any remainder of such Claim or Equity Interest qualifies within the description of such different Class.  A Claim or Equity Interest is in a particular Class only to the extent that any such Claim or Equity Interest is Allowed in that Class and has not been paid, released or otherwise settled (in each case, by the Debtor or any other Entity) prior to the Effective Date.

### B.    Summary of Classification and Treatment of Classified Claims and Equity Interests

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Jefferies Secured Claim | Unimpaired | Deemed to Accept |
| 2 | Frontier Secured Claim | Impaired | Entitled to Vote |
| 3 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 4 | Priority Non-Tax Claim | Unimpaired | Deemed to Accept |
| 5 | Retained Employee Claim | Unimpaired | Deemed to Accept |
| 6 | PTO Claims | Unimpaired | Deemed to Accept |
| 7 | Convenience Claims | Impaired | Entitled to Vote |
| 8 | General Unsecured Claims | Impaired | Entitled to Vote |
| 9 | Subordinated Claims | Impaired | Entitled to Vote |
| 10 | Class B/C Limited Partnership Interests | Impaired | Entitled to Vote |
| 11 | Class A Limited Partnership Interests | Impaired | Entitled to Vote |

**C.**      **Elimination of Vacant Classes**

Any Class that, as of the commencement of the Confirmation Hearing, does not have at least one Holder of a Claim or Equity Interest that is Allowed in an amount greater than zero for voting purposes shall be considered vacant, deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to such Class.

**D.**      **Impaired/Voting Classes**

Claims and Equity Interests in Class 2 and Class 7 through Class 11 are Impaired by the Plan, and only the Holders of Claims or Equity Interests in those Classes are entitled to vote to accept or reject the Plan.

**E.**      **Unimpaired/Non-Voting Classes**

Claims in Class 1 and Class 3 through Class 6 are Unimpaired by the Plan, and such Holders are deemed to have accepted the Plan and are therefore not entitled to vote on the Plan.

**F.**      **Impaired/Non-Voting Classes**

There are no Classes under the Plan that will not receive or retain any property and no Classes are deemed to reject the Plan.

**G.**      **Cramdown**

If any Class of Claims or Equity Interests is deemed to reject this Plan or does not vote to accept this Plan, the Debtor may (i) seek confirmation of this Plan under section 1129(b) of the Bankruptcy Code or (ii) amend or modify this Plan in accordance with the terms hereof and the Bankruptcy Code. If a controversy arises as to whether any Claims or Equity Interests, or any class of Claims or Equity Interests, are Impaired, the Bankruptcy Court shall, after notice and a hearing, determine such controversy on or before the Confirmation Date.

**H.**      **Classification and Treatment of Claims and Equity Interests**

     1.      *Class 1 – Jefferies Secured Claim*

- *Classification*: Class 1 consists of the Jefferies Secured Claim.

- *Treatment*: On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 1 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Class 1 Claim, at the election of the Debtor: (A) Cash equal to the amount of such Allowed Class 1 Claim; (B) such other less favorable treatment as to which the Debtor and the Holder of such Allowed Class 1 Claim will have agreed upon in writing; or (C) such other treatment rendering such Claim Unimpaired. Each Holder of an Allowed Class 1 Claim will retain the Liens securing its Allowed Class 1 Claim as of the Effective Date until

19

full and final payment of such Allowed Class 1 Claim is made as provided herein.

- *Impairment and Voting*:  Class 1 is Unimpaired, and the Holders of Class 1 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 1 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

2.    <u>*Class 2 – Frontier Secured Claim*</u>

- *Classification*:  Class 2 consists of the Frontier Secured Claim.

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 2 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Class 2 Claim:  (A) Cash in an amount equal to all accrued but unpaid interest on the Frontier Claim through and including the Effective Date and (B) the New Frontier Note.  The Holder of an Allowed Class 2 Claim will retain the Liens securing its Allowed Class 2 Claim as of the Effective Date until full and final payment of such Allowed Class 2 Claim is made as provided herein.

- *Impairment and Voting*:  Class 2 is Impaired, and the Holders of Class 2 Claims are entitled to vote to accept or reject this Plan.

3.    <u>*Class 3 – Other Secured Claims*</u>

- *Classification*:  Class 3 consists of the Other Secured Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 3 Claim is Allowed on the Effective Date or (ii) the date on which such Class 3 Claim becomes an Allowed Class 3 Claim, each Holder of an Allowed Class 3 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Class 3 Claim, at the option of the Debtor, or following the Effective Date, the Reorganized Debtor or Claimant Trustee, as applicable, (i) Cash equal to such Allowed Other Secured Claim, (ii) the collateral securing its Allowed Other Secured Claim, plus postpetition interest to the extent required under Bankruptcy Code Section 506(b), or (iii) such other treatment rendering such Claim Unimpaired.

- *Impairment and Voting*:  Class 3 is Unimpaired, and the Holders of Class 3 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 3 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

**Appx. 00220**

4.    *Class 4 – Priority Non-Tax Claims*

- *Classification*:  Class 4 consists of the Priority Non-Tax Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 4 Claim is Allowed on the Effective Date or (ii) the date on which such Class 4 Claim becomes an Allowed Class 4 Claim, each Holder of an Allowed Class 4 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 4 Claim Cash equal to the amount of such Allowed Class 4 Claim.

- *Impairment and Voting*:  Class 4 is Unimpaired, and the Holders of Class 4 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 4 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

5.    *Class 5 – Retained Employee Claims*

- *Classification*:  Class 5 consists of the Retained Employee Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Allowed Class 5 Claim will be Reinstated.

- *Impairment and Voting*:  Class 5 is Unimpaired, and the Holders of Class 5 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 5 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

6.    *Class 6 – PTO Claims*

- *Classification*:  Class 6 consists of the PTO Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 6 Claim is Allowed on the Effective Date or (ii) the date on which such Class 6 Claim becomes an Allowed Class 6 Claim, each Holder of an Allowed Class 6 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 6 Claim Cash equal to the amount of such Allowed Class 6 Claim.

- *Impairment and Voting*:  Class 6 is Unimpaired, and the Holders of Class 6 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 6

Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

7.   *Class 7 – Convenience Claims*

   • *Classification*:  Class 7 consists of the Convenience Claims.

   • *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 7 Claim is Allowed on the Effective Date or (ii) the date on which such Class 7 Claim becomes an Allowed Class 7 Claim, each Holder of an Allowed Class 7 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Class 7 Claim (1) the treatment provided to Allowed Holders of Class 8 General Unsecured Claims if the Holder of such Class 7 Claim makes the GUC Election or (2) an amount in Cash equal to the lesser of (a) 85% of the Allowed amount of such Holder's Class 7 Claim or (b) such Holder's Pro Rata share of the Convenience Claims Cash Pool.

   • *Impairment and Voting*:  Class 7 is Impaired, and the Holders of Class 7 Claims are entitled to vote to accept or reject this Plan.

8.   *Class 8 – General Unsecured Claims*

   • *Classification*:  Class 8 consists of the General Unsecured Claims.

   • *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 8 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Claimant Trust Interests, (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing, or (iii) the treatment provided to Allowed Holders of Class 7 Convenience Claims if the Holder of such Class 8 General Unsecured Claim is eligible and makes a valid Convenience Class Election.

   Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any General Unsecured Claim, except with respect to any General Unsecured Claim Allowed by Final Order of the Bankruptcy Court.

   • *Impairment and Voting*:  Class 8 is Impaired, and the Holders of Class 8 Claims are entitled to vote to accept or reject this Plan.

9.    *Class 9 – Subordinated Claims*

- *Classification*: Class 9 consists of the Subordinated Claims.

  *Treatment*: On the Effective Date, Holders of Subordinated Claims shall receive either (i) their Pro Rata share of the Subordinated Claimant Trust Interests or, (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee may agree upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Subordinated Claim, except with respect to any Subordinated Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*: Class 9 is Impaired, and the Holders of Class 9 Claims are entitled to vote to accept or reject this Plan.

10.    *Class 10 – Class B/C Limited Partnership Interests*

- *Classification*: Class 10 consists of the Class B/C Limited Partnership Interests.

- *Treatment*: On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 10 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Contingent Claimant Trust Interests or (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Class B/C Limited Partnership Interest Claim, except with respect to any Class B/C Limited Partnership Interest Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*: Class 10 is Impaired, and the Holders of Class 10 Claims are entitled to vote to accept or reject this Plan.

11.    *Class 11 – Class A Limited Partnership Interests*

- *Classification*: Class 11 consists of the Class A Limited Partnership Interests.

Appx. 00223

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 11 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Contingent Claimant Trust Interests or (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Class A Limited Partnership Interest, except with respect to any Class A Limited Partnership Interest Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*:  Class 11 is Impaired, and the Holders of Class 11 Claims are entitled to vote to accept or reject this Plan.

## I.    Special Provision Governing Unimpaired Claims

Except as otherwise provided in the Plan, nothing under the Plan will affect the Debtor's rights in respect of any Unimpaired Claims, including, without limitation, all rights in respect of legal and equitable defenses to or setoffs or recoupments against any such Unimpaired Claims.

## J.    Subordinated Claims

The allowance, classification, and treatment of all Claims under the Plan shall take into account and conform to the contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise.  Upon written notice and hearing, the Debtor the Reorganized Debtor, and the Claimant Trustee reserve the right to seek entry of an order by the Bankruptcy Court to re-classify or to subordinate any Claim in accordance with any contractual, legal, or equitable subordination relating thereto, and the treatment afforded any Claim under the Plan that becomes a subordinated Claim at any time shall be modified to reflect such subordination.

## ARTICLE IV.
## MEANS FOR IMPLEMENTATION OF THIS PLAN

## A.    Summary

As discussed in the Disclosure Statement, the Plan will be implemented through (i) the Claimant Trust, (ii) the Litigation Sub-Trust, and (iii) the Reorganized Debtor.

On the Effective Date, all Class A Limited Partnership Interests, including the Class A Limited Partnership Interests held by Strand, as general partner, and Class B/C Limited Partnerships in the Debtor will be cancelled, and new Class A Limited Partnership Interests in the Reorganized Debtor will be issued to the Claimant Trust and New GP LLC – a newly-chartered limited liability company wholly-owned by the Claimant Trust.  The Claimant Trust, as limited

partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor, and on and following the Effective Date, the Claimant Trust will be the Reorganized Debtor's limited partner and New GP LLC will be its general partner. The Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement, which will amend and restate, in all respects, the Debtor's current Limited Partnership Agreement. Following the Effective Date, the Reorganized Debtor will be managed consistent with the terms of the Reorganized Limited Partnership Agreement by New GP LLC. The sole managing member of New GP LLC will be the Claimant Trust, and the Claimant Trustee will be the sole officer of New GP LLC on the Effective Date.

Following the Effective Date, the Claimant Trust will administer the Claimant Trust Assets pursuant to this Plan and the Claimant Trust Agreement, and the Litigation Trustee will pursue, if applicable, the Estate Claims pursuant to the terms of the Litigation Sub-Trust Agreement and the Plan. The Reorganized Debtor will administer the Reorganized Debtor Assets and, if needed, with the utilization of a Sub-Servicer, which administration will include, among other things, managing the wind down of the Managed Funds.

Although the Reorganized Debtor will manage the wind down of the Managed Funds, it is currently anticipated that neither the Reorganized Debtor nor the Claimant Trust will assume or assume and assign the contracts between the Debtor and certain Related Entities pursuant to which the Debtor provides shared services and sub-advisory services to those Related Entities. The Debtor believes that the continued provision of the services under such contracts will not be cost effective.

The Reorganized Debtor will distribute all proceeds from the wind down to the Claimant Trust, as its limited partner, and New GP LLC, as its general partner, in each case in accordance with the Reorganized Limited Partnership Agreement. Such proceeds, along with the proceeds of the Claimant Trust Assets, will ultimately be distributed to the Claimant Trust Beneficiaries as set forth in this Plan and the Claimant Trust Agreement.

**B.    The Claimant Trust**[2]

1.    _Creation and Governance of the Claimant Trust and Litigation Sub-Trust._

On or prior to the Effective Date, the Debtor and the Claimant Trustee shall execute the Claimant Trust Agreement and shall take all steps necessary to establish the Claimant Trust and the Litigation Sub-Trust in accordance with the Plan in each case for the benefit of the Claimant Trust Beneficiaries. Additionally, on or prior to the Effective Date, the Debtor shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Claimant Trust all of its rights, title, and interest in and to all of the Claimant Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, the Claimant Trust Assets shall automatically vest in the Claimant Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Claimant Trust Interests and the Claimant Trust Expenses, as provided for in the Claimant Trust Agreement, and

---

[2] In the event of a conflict between the terms of this summary and the terms of the Claimant Trust Agreement and the Litigation Sub-Trust Agreement, the terms of the Claimant Trust Agreement or the Litigation Sub-Trust Agreement, as applicable, shall control.

such transfer shall be exempt from any stamp, real estate transfer, mortgage from any stamp, transfer, reporting, sales, use, or other similar tax.

The Claimant Trustee shall be the exclusive trustee of the Claimant Trust Assets, excluding the Estate Claims and the Litigation Trustee shall be the exclusive trustee with respect to the Estate Claims in each case for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Claimant Trust Assets. The Claimant Trustee shall also be responsible for resolving all Claims and Equity Interests in Class 8 through Class 11, under the supervision of the Claimant Trust Oversight Committee.

On the Effective Date, the Claimant Trustee and Litigation Trustee shall execute the Litigation Sub-Trust Agreement and shall take all steps necessary to establish the Litigation Sub-Trust. Upon the creation of the Litigation Sub-Trust, the Claimant Trust shall irrevocably transfer and assign to the Litigation Sub-Trust the Estate Claims. The Claimant Trust shall be governed by the Claimant Trust Agreement and administered by the Claimant Trustee. The powers, rights, and responsibilities of the Claimant Trustee shall be specified in the Claimant Trust Agreement and shall include the authority and responsibility to, among other things, take the actions set forth in this ARTICLE IV, subject to any required reporting to the Claimant Trust Oversight Committee as may be set forth in the Claimant Trust Agreement. The Claimant Trust shall hold and distribute the Claimant Trust Assets (including the proceeds from the Estate Claims, if any) in accordance with the provisions of the Plan and the Claimant Trust Agreement; *provided* that the Claimant Trust Oversight Committee may direct the Claimant Trust to reserve Cash from distributions as necessary to fund the Claimant Trust and Litigation Sub-Trust. Other rights and duties of the Claimant Trustee and the Claimant Trust Beneficiaries shall be as set forth in the Claimant Trust Agreement. After the Effective Date, neither the Debtor nor the Reorganized Debtor shall have any interest in the Claimant Trust Assets.

The Litigation Sub-Trust shall be governed by the Litigation Sub-Trust Agreement and administered by the Litigation Trustee. The powers, rights, and responsibilities of the Litigation Trustee shall be specified in the Litigation Sub-Trust Agreement and shall include the authority and responsibility to, among other things, take the actions set forth in this ARTICLE IV, subject to any required reporting as may be set forth in the Litigation Sub-Trust Agreement. The Litigation Sub-Trust shall investigate, prosecute, settle, or otherwise resolve the Estate Claims in accordance with the provisions of the Plan and the Litigation Sub-Trust Agreement and shall distribute the proceeds therefrom to the Claimant Trust for distribution. Other rights and duties of the Litigation Trustee shall be as set forth in the Litigation Sub-Trust Agreement.

2.    *Claimant Trust Oversight Committee*

The Claimant Trust, the Claimant Trustee, the management and monetization of the Claimant Trust Assets, and the management of the Reorganized Debtor (through the Claimant Trust's role as managing member of New GP LLC) and the Litigation Sub-Trust will be overseen by the Claimant Trust Oversight Committee, subject to the terms of the Claimant Trust Agreement and the Litigation Sub-Trust Agreement, as applicable.

26

The Claimant Trust Oversight Committee will initially consist of five members.  Four of the five members will be representatives of the members of the Committee:  (i) the Redeemer Committee of Highland Crusader Fund, (ii) UBS, (iii) Acis, and (iv) Meta-e Discovery.  The fifth member will be an independent, natural Person chosen by the Committee and reasonably acceptable to the Debtor.  The members of the Claimant Trust Oversight Committee may be replaced as set forth in the Claimant Trust Agreement.  The identity of the members of the Claimant Trust Oversight Committee will be disclosed in the Plan Supplement.

As set forth in the Claimant Trust Agreement, in no event will any member of the Claimant Trust Oversight Committee with a Claim against the Estate be entitled to vote, opine, or otherwise be involved in any matters related to such member's Claim.

The independent member(s) of the Claimant Trust Oversight Committee may be entitled to compensation for their services as set forth in the Claimant Trust Agreement.  Any member of the Claimant Trust Oversight Committee may be removed, and successor chosen, in the manner set forth in the Claimant Trust Agreement.

3.   *Purpose of the Claimant Trust.*

The Claimant Trust shall be established for the purpose of (i) managing and monetizing the Claimant Trust Assets, subject to the terms of the Claimant Trust Agreement and the oversight of the Claimant Trust Oversight Committee, (ii) serving as the limited partner of, and holding the limited partnership interests in, the Reorganized Debtor, (iii) serving as the sole member and manager of New GP LLC, the Reorganized Debtor's general partner, (iv) in its capacity as the sole member and manager of New GP LLC, overseeing the management and monetization of the Reorganized Debtor Assets pursuant to the terms of the Reorganized Limited Partnership Agreement; and (v) administering the Disputed Claims Reserve and serving as Distribution Agent with respect to Disputed Claims in Class 7 or Class 8.

In its management of the Claimant Trust Assets, the Claimant Trust will also reconcile and object to the General Unsecured Claims, Subordinated Claims, Class B/C Limited Partnership Interests, and Class A Limited Partnership Interests, as provided for in this Plan and the Claimant Trust Agreement, and make Trust Distributions to the Claimant Trust Beneficiaries in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.

The purpose of the Reorganized Debtor is discussed at greater length in ARTICLE IV.C.

4.   *Purpose of the Litigation Sub-Trust.*

The Litigation Sub-Trust shall be established for the purpose of investigating, prosecuting, settling, or otherwise resolving the Estate Claims.  Any proceeds therefrom shall be distributed by the Litigation Sub-Trust to the Claimant Trust for distribution to the Claimant Trust Beneficiaries pursuant to the terms of the Claimant Trust Agreement.

5.   *Claimant Trust Agreement and Litigation Sub-Trust Agreement.*

The Claimant Trust Agreement generally will provide for, among other things:

**Appx. 00227**

(i)      the payment of the Claimant Trust Expenses;

(ii)     the payment of other reasonable expenses of the Claimant Trust;

(iii)     the retention of employees, counsel, accountants, financial advisors, or other professionals and the payment of their reasonable compensation;

(iv)     the investment of Cash by the Claimant Trustee within certain limitations, including those specified in the Plan;

(v)      the orderly monetization of the Claimant Trust Assets;

(vi)     litigation of any Causes of Action, which may include the prosecution, settlement, abandonment, or dismissal of any such Causes of Action, subject to reporting and oversight by the Claimant Trust Oversight Committee;

(vii)    the resolution of Claims and Equity Interests in Class 8 through Class 11, subject to reporting and oversight by the Claimant Trust Oversight Committee;

(viii)   the administration of the Disputed Claims Reserve and distributions to be made therefrom; and

(ix)     the management of the Reorganized Debtor, including the utilization of a Sub-Servicer, with the Claimant Trust serving as the managing member of New GP LLC.

Except as otherwise ordered by the Bankruptcy Court, the Claimant Trust Expenses shall be paid from the Claimant Trust Assets in accordance with the Plan and Claimant Trust Agreement. The Claimant Trustee may establish a reserve for the payment of Claimant Trust Expense (including, without limitation, any reserve for potential indemnification claims as authorized and provided under the Claimant Trust Agreement), and shall periodically replenish such reserve, as necessary.

In furtherance of, and consistent with the purpose of, the Claimant Trust and the Plan, the Trustees, for the benefit of the Claimant Trust, shall, subject to reporting and oversight by the Claimant Trust Oversight Committee as set forth in the Claimant Trust Agreement: (i) hold the Claimant Trust Assets for the benefit of the Claimant Trust Beneficiaries, (ii) make Distributions to the Claimant Trust Beneficiaries as provided herein and in the Claimant Trust Agreement, and (iii) have the sole power and authority to prosecute and resolve any Causes of Action and objections to Claims and Equity Interests (other than those assigned to the Litigation Sub-Trust), without approval of the Bankruptcy Court.  Except as otherwise provided in the Claimant Trust Agreement, the Claimant Trustee shall be responsible for all decisions and duties with respect to the Claimant Trust and the Claimant Trust Assets; *provided, however,* that the prosecution and resolution of any Estate Claims included in the Claimant Trust Assets shall be the responsibility of the Litigation Trustee.  The Litigation Sub-Trust Agreement generally will provide for, among other things:

(i)      the payment of other reasonable expenses of the Litigation Sub-Trust;

28

**Appx. 00228**

(ii)    the retention of employees, counsel, accountants, financial advisors, or other professionals and the payment of their reasonable compensation; and

(iii)    the investigation and prosecution of Estate Claims, which may include the prosecution, settlement, abandonment, or dismissal of any such Estate Claims, subject to reporting and oversight as set forth in the Litigation Sub-Trust Agreement.

The Trustees, on behalf of the Claimant Trust and Litigation Sub-Trust, as applicable, may each employ, without further order of the Bankruptcy Court, employees and other professionals (including those previously retained by the Debtor and the Committee) to assist in carrying out the Trustees' duties hereunder and may compensate and reimburse the reasonable expenses of these professionals without further Order of the Bankruptcy Court from the Claimant Trust Assets in accordance with the Plan and the Claimant Trust Agreement.

The Claimant Trust Agreement and Litigation Sub-Trust Agreement may include reasonable and customary provisions that allow for indemnification by the Claimant Trust in favor of the Claimant Trustee, Litigation Trustee, and the Claimant Trust Oversight Committee. Any such indemnification shall be the sole responsibility of the Claimant Trust and payable solely from the Claimant Trust Assets.

6.    *Compensation and Duties of Trustees.*

The salient terms of each Trustee's employment, including such Trustee's duties and compensation shall be set forth in the Claimant Trust Agreement and the Litigation Sub-Trust Agreement, as appropriate. The Trustees shall each be entitled to reasonable compensation in an amount consistent with that of similar functionaries in similar types of bankruptcy cases.

7.    *Cooperation of Debtor and Reorganized Debtor.*

To effectively investigate, prosecute, compromise and/or settle the Claims and/or Causes of Action that constitute Claimant Trust Assets (including Estate Claims), the Claimant Trustee, Litigation Trustee, and each of their professionals may require reasonable access to the Debtor's and Reorganized Debtor's documents, information, and work product relating to the Claimant Trust Assets. Accordingly, the Debtor and the Reorganized Debtor, as applicable, shall reasonably cooperate with the Claimant Trustee and Litigation Trustee, as applicable, in their prosecution of Causes of Action and in providing the Claimant Trustee and Litigation Trustee with copies of documents and information in the Debtor's possession, custody, or control on the Effective Date that either Trustee indicates relates to the Estate Claims or other Causes of Action.

The Debtor and Reorganized Debtor shall preserve all records, documents or work product (including all electronic records, documents, or work product) related to the Claims and Causes of Action, including Estate Claims, until the earlier of (a) the dissolution of the Reorganized Debtor or (b) termination of the Claimant Trust and Litigation Sub-Trust.

8.    *United States Federal Income Tax Treatment of the Claimant Trust.*

Unless the IRS requires otherwise, for all United States federal income tax purposes, the parties shall treat the transfer of the Claimant Trust Assets to the Claimant Trust as: (a) a transfer

29

of the Claimant Trust Assets (other than the amounts set aside in the Disputed Claims Reserve, if the Claimant Trustee makes the election described in Section 7 below) directly to the applicable Claimant Trust Beneficiaries followed by (b) the transfer by the such Claimant Trust Beneficiaries to the Claimant Trust of such Claimant Trust Assets in exchange for the Claimant Trust Interests. Accordingly, the applicable Claimant Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Claimant Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

9. _Tax Reporting._

(a) The Claimant Trustee shall file tax returns for the Claimant Trust treating the Claimant Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a). The Claimant Trustee may file an election pursuant to Treasury Regulation 1.468B-9(c) to treat the Disputed Claims Reserve as a disputed ownership fund, in which case the Claimant Trustee will file federal income tax returns and pay taxes for the Disputed Claims Reserve as a separate taxable entity.

(b) The Claimant Trustee shall be responsible for payment, out of the Claimant Trust Assets, of any taxes imposed on the Claimant Trust or its assets.

(c) The Claimant Trustee shall determine the fair market value of the Claimant Trust Assets as of the Effective Date and notify the applicable Claimant Trust Beneficiaries of such valuation, and such valuation shall be used consistently for all federal income tax purposes.

(d) The Claimant Trustee shall distribute such tax information to the applicable Claimant Trust Beneficiaries as the Claimant Trustee determines is required by applicable law.

10. _Claimant Trust Assets._

The Claimant Trustee shall have the exclusive right, on behalf of the Claimant Trust, to institute, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw any and all Causes of Action included in the Claimant Trust Assets (except for the Estate Claims) without any further order of the Bankruptcy Court, and the Claimant Trustee shall have the exclusive right, on behalf of the Claimant Trust, to sell, liquidate, or otherwise monetize all Claimant Trust Assets, except as otherwise provided in this Plan or in the Claimant Trust Agreement, without any further order of the Bankruptcy Court. Notwithstanding anything herein to the contrary, the Litigation Trustee shall have the exclusive right to institute, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw any and all Estate Claims included in the Claimant Trust Assets without any further order of the Bankruptcy Court.

From and after the Effective Date, the Trustees, in accordance with section 1123(b)(3) and (4) of the Bankruptcy Code, and on behalf of the Claimant Trust, shall each serve as a representative of the Estate with respect to any and all Claimant Trust Assets, including the Causes of Action and Estate Claims, as appropriate, and shall retain and possess the right to (a) commence, pursue, settle, compromise, or abandon, as appropriate, any and all Causes of Action in any court or other tribunal and (b) sell, liquidate, or otherwise monetize all Claimant Trust Assets.

Appx. 00230

11.    *Claimant Trust Expenses.*

From and after the Effective Date, the Claimant Trust shall, in the ordinary course of business and without the necessity of any approval by the Bankruptcy Court, pay the reasonable professional fees and expenses incurred by the Claimant Trust, the Litigation Sub-Trust, and any professionals retained by such parties and entities from the Claimant Trust Assets, except as otherwise provided in the Claimant Trust Agreement.

12.    *Trust Distributions to Claimant Trust Beneficiaries.*

The Claimant Trustee, in its discretion, may make Trust Distributions to the Claimant Trust Beneficiaries at any time and/or use the Claimant Trust Assets or proceeds thereof, *provided* that such Trust Distributions or use is otherwise permitted under the terms of the Plan, the Claimant Trust Agreement, and applicable law.

13.    *Cash Investments.*

With the consent of the Claimant Trust Oversight Committee, the Claimant Trustee may invest Cash (including any earnings thereon or proceeds therefrom) in a manner consistent with the terms of the Claimant Trust Agreement; *provided, however,* that such investments are investments permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings or other controlling authorities.

14.    *Dissolution of the Claimant Trust and Litigation Sub-Trust.*

The Trustees and the Claimant Trust and Litigation Sub-Trust shall be discharged or dissolved, as the case may be, at such time as: (a) the Litigation Trustee determines that the pursuit of Estate Claims is not likely to yield sufficient additional proceeds to justify further pursuit of such Estate Claims, (b) the Claimant Trustee determines that the pursuit of Causes of Action (other than Estate Claims) is not likely to yield sufficient additional proceeds to justify further pursuit of such Causes of Action, (c) the Claimant Trustee determines that the pursuit of sales of other Claimant Trust Assets is not likely to yield sufficient additional proceeds to justify further pursuit of such sales of Claimant Trust Assets, (d) all objections to Disputed Claims and Equity Interests are fully resolved, (e) the Reorganized Debtor is dissolved, and (f) all Distributions required to be made by the Claimant Trustee to the Claimant Trust Beneficiaries under the Plan have been made, but in no event shall the Claimant Trust be dissolved later than three years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such third anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six months before the end of the preceding extension), determines that a fixed period extension (not to exceed two years, together with any prior extensions, without a favorable letter ruling from the Internal Revenue Service or an opinion of counsel that any further extension would not adversely affect the status of the Claimant Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Claimant Trust Assets; *provided, however,* that each extension must be approved, upon a finding that the extension is necessary to facilitate or complete the recovery on, and liquidation of the Claimant Trust Assets, by the Bankruptcy Court within 6 months of the beginning of the extended term and

31

no extension, together with any prior extensions, shall exceed three years without a favorable letter ruling from the Internal Revenue Service or an opinion of counsel that any further extension would not adversely affect the status of the Claimant Trust as a liquidating trust for federal income tax purposes.

Upon dissolution of the Claimant Trust, and pursuant to the Claimant Trust Agreement, any remaining Claimant Trust Assets that exceed the amounts required to be paid under the Plan will be transferred (in the sole discretion of the Claimant Trustee) in Cash or in-kind to the Holders of the Claimant Trust Interests as provided in the Claimant Trust Agreement.

## C.    The Reorganized Debtor

### 1.    *Corporate Existence*

The Debtor will continue to exist after the Effective Date, with all of the powers of partnerships pursuant to the law of the State of Delaware and as set forth in the Reorganized Limited Partnership Agreement.

### 2.    *Cancellation of Equity Interests and Release*

On the Effective Date, (i) all prepetition Equity Interests, including the Class A Limited Partnership Interests and the Class B/C Limited Partnership Interests, in the Debtor shall be canceled, and (ii) all obligations or debts owed by, or Claims against, the Debtor on account of, or based upon, the Interests shall be deemed as cancelled, released, and discharged, including all obligations or duties by the Debtor relating to the Equity Interests in any of the Debtor's formation documents, including the Limited Partnership Agreement.

### 3.    *Issuance of New Partnership Interests*

On the Effective Date, the Debtor or the Reorganized Debtor, as applicable, will issue new Class A Limited Partnership Interests to (i) the Claimant Trust, as limited partner, and (ii) New GP LLC, as general partner, and will admit (a) the Claimant Trust as the limited partner of the Reorganized Debtor, and (b) New GP LLC as the general partner of the Reorganized Debtor.  The Claimant Trust, as limited partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor.  Also, on the Effective Date, the Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement and receive partnership interests in the Reorganized Debtor consistent with the terms of the Reorganized Limited Partnership Agreement.

The Reorganized Limited Partnership Agreement does not provide for, and specifically disclaims, the indemnification obligations under the Limited Partnership Agreement, including any such indemnification obligations that accrued or arose or could have been brought prior to the Effective Date.  Any indemnification Claims under the Limited Partnership Agreement that accrued, arose, or could have been filed prior to the Effective Date will be resolved through the Claims resolution process provided that a Claim is properly filed in accordance with the Bankruptcy Code, the Plan, or the Bar Date Order.  Each of the Debtor, the Reorganized Debtor, the Claimant Trust, and the Litigation Sub-Trust reserve all rights with respect to any such indemnification Claims.

**Appx. 00232**

4. _Management of the Reorganized Debtor_

Subject to and consistent with the terms of the Reorganized Limited Partnership Agreement, the Reorganized Debtor shall be managed by its general partner, New GP LLC. The initial officers and employees of the Reorganized Debtor shall be selected by the Claimant Trustee. The Reorganized Debtor may, in its discretion, also utilize a Sub-Servicer in addition to or in lieu of the retention of officers and employees.

As set forth in the Reorganized Limited Partnership Agreement, New GP LLC will receive a fee for managing the Reorganized Debtor. Although New GP LLC will be a limited liability company, it will elect to be treated as a C-Corporation for tax purposes. Therefore, New GP LLC (and any taxable income attributable to it) will be subject to corporate income taxation on a standalone basis, which may reduce the return to Claimants.

5. _Vesting of Assets in the Reorganized Debtor_

Except as otherwise provided in this Plan or the Confirmation Order, on or after the Effective Date, all Reorganized Debtor Assets will vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges or other encumbrances pursuant to section 1141(c) of the Bankruptcy Code except with respect to such Liens, Claims, charges and other encumbrances that are specifically preserved under this Plan upon the Effective Date.

The Reorganized Debtor shall be the exclusive trustee of the Reorganized Debtor Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Reorganized Debtor Assets.

6. _Purpose of the Reorganized Debtor_

Except as may be otherwise provided in this Plan or the Confirmation Order, the Reorganized Debtor will continue to manage the Reorganized Debtor Assets (which shall include, for the avoidance of doubt, serving as the investment manager of the Managed Funds) and may use, acquire or dispose of the Reorganized Debtor Assets and compromise or settle any Claims with respect to the Reorganized Debtor Assets without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules. The Reorganized Debtor shall oversee the resolution of Claims in Class 1 through Class 7.

Without limiting the foregoing, the Reorganized Debtor will pay the charges that it incurs after the Effective Date for Professionals' fees, disbursements, expenses or related support services (including reasonable fees relating to the preparation of Professional fee applications) in the ordinary course of business and without application or notice to, or order of, the Bankruptcy Court.

7. _Distribution of Proceeds from the Reorganized Debtor Assets; Transfer of Reorganized Debtor Assets_

Any proceeds received by the Reorganized Debtor will be distributed to the Claimant Trust, as limited partner, and New GP LLC, as general partner, in the manner set forth in the Reorganized Limited Partnership Agreement. As set forth in the Reorganized Limited Partnership Agreement,

33

**Appx. 00233**

the Reorganized Debtor may, from time to time distribute Reorganized Debtor Assets to the Claimant Trust either in Cash or in-kind, including to institute the wind-down and dissolution of the Reorganized Debtor. Any assets distributed to the Claimant Trust will be (i) deemed transferred in all respects as forth in ARTICLE IV.B.1, (ii) deemed Claimant Trust Assets, and (iii) administered as Claimant Trust Assets.

**D.**     **Company Action**

Each of the Debtor, the Reorganized Debtor, and the Trustees, as applicable, may take any and all actions to execute, deliver, File or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of this Plan, the Claimant Trust Agreement, the Reorganized Limited Partnership Agreement, or the New GP LLC Documents, as applicable, in the name of and on behalf of the Debtor, the Reorganized Debtor, or the Trustees, as applicable, and in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by the security holders, officers, or directors of the Debtor or the Reorganized Debtor, as applicable, or by any other Person.

Prior to, on or after the Effective Date (as appropriate), all matters provided for pursuant to this Plan that would otherwise require approval of the stockholders, partners, directors, managers, or members of the Debtor, any Related Entity, or any Affiliate thereof (as of prior to the Effective Date) will be deemed to have been so approved and will be in effect prior to, on or after the Effective Date (as appropriate) pursuant to applicable law and without any requirement of further action by the stockholders, partners, directors, managers or members of such Persons, or the need for any approvals, authorizations, actions or consents of any Person.

All matters provided for in this Plan involving the legal or corporate structure of the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, and any legal or corporate action required by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, in connection with this Plan, will be deemed to have occurred and will be in full force and effect in all respects, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by the security holders, partners, directors, managers, or members of the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, or by any other Person. On the Effective Date, the appropriate officers of the Debtor and the Reorganized Debtor, as applicable, as well as the Trustees, are authorized to issue, execute, deliver, and consummate the transactions contemplated by, the contracts, agreements, documents, guarantees, pledges, consents, securities, certificates, resolutions and instruments contemplated by or described in this Plan in the name of and on behalf of the Debtor and the Reorganized Debtor, as well as the Trustees, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person. The appropriate officer of the Debtor, the Reorganized Debtor, as well as the Trustees, will be authorized to certify or attest to any of the foregoing actions.

**E.      Release of Liens, Claims and Equity Interests**

Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, from and after the Effective Date and concurrently with the applicable distributions made pursuant to the Plan, all Liens, Claims, Equity Interests, mortgages, deeds of trust, or other security interests against the property of the Estate will be fully released, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Entity. Any Entity holding such Liens or Equity Interests extinguished pursuant to the prior sentence will, pursuant to section 1142 of the Bankruptcy Code, promptly execute and deliver to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, such instruments of termination, release, satisfaction and/or assignment (in recordable form) as may be reasonably requested by the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable. For the avoidance of doubt, this section is in addition to, and shall not be read to limit in any respects, ARTICLE IV.C.2.

**F.      Cancellation of Notes, Certificates and Instruments**

Except for the purpose of evidencing a right to a distribution under this Plan and except as otherwise set forth in this Plan, on the Effective Date, all agreements, instruments, Securities and other documents evidencing any prepetition Claim or Equity Interest and any rights of any Holder in respect thereof shall be deemed cancelled, discharged, and of no force or effect. The holders of or parties to such cancelled instruments, Securities, and other documentation will have no rights arising from or related to such instruments, Securities, or other documentation or the cancellation thereof, except the rights provided for pursuant to this Plan, and the obligations of the Debtor thereunder or in any way related thereto will be fully released, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person. For the avoidance of doubt, this section is in addition to, and shall not be read to limit in any respects, ARTICLE IV.C.2.

**G.      Cancellation of Existing Instruments Governing Security Interests**

Upon payment or other satisfaction of an Allowed Class 1 or Allowed Class 2 Claim, or promptly thereafter, the Holder of such Allowed Class 1 or Allowed Class 2 Claim shall deliver to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, any collateral or other property of the Debtor held by such Holder, together with any termination statements, instruments of satisfaction, or releases of all security interests with respect to its Allowed Class 1 or Allowed Class 2 Claim that may be reasonably required to terminate any related financing statements, mortgages, mechanics' or other statutory Liens, or *lis pendens*, or similar interests or documents.

**H.      Control Provisions**

To the extent that there is any inconsistency between this Plan as it relates to the Claimant Trust, the Claimant Trust Agreement, the Reorganized Debtor, or the Reorganized Limited Partnership Agreement, this Plan shall control.

**Appx. 00235**

## I.    Treatment of Vacant Classes

Any Claim or Equity Interest in a Class considered vacant under ARTICLE III.C of this Plan shall receive no Plan Distributions.

## J.    Plan Documents

The documents, if any, to be Filed as part of the Plan Documents, including any documents filed with the Plan Supplement, and any amendments, restatements, supplements, or other modifications to such documents, and any consents, waivers, or other deviations under or from any such documents, shall be incorporated herein by this reference (including to the applicable definitions in ARTICLE I hereof) and fully enforceable as if stated in full herein.

The Debtor and the Committee are currently working to finalize the forms of certain of the Plan Documents to be filed with the Plan Supplement. To the extent that the Debtor and the Committee cannot agree as to the form and content of such Plan Documents, they intend to submit the issue to non-binding mediation pursuant to the *Order Directing Mediation* entered on August 3, 2020 [D.I. 912].

## K.    Highland Capital Management, L.P. Retirement Plan and Trust

The Highland Capital Management, L.P. Retirement Plan And Trust ("Pension Plan") is a single-employer defined benefit pension plan covered by Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). 29 U.S.C. §§ 1301-1461. The Debtor is the contributing sponsor and, as such, the PBGC asserts that the Debtor is liable along with any members of the contributing sponsor's controlled-group within the meaning of 29 U.S.C. §§ 1301(a)(13), (14) with respect to the Pension Plan.

Upon the Effective Date, the Reorganized Debtor shall be deemed to have assumed the Pension Plan and shall comply with all applicable statutory provisions of ERISA and the Internal Revenue Code (the "IRC"), including, but not limited to, satisfying the minimum funding standards pursuant to 26 U.S.C. §§ 412, 430, and 29 U.S.C. §§ 1082, 1083; paying the PBGC premiums in accordance with 29 U.S.C. §§ 1306 and 1307; and administering the Pension Plan in accordance with its terms and the provisions of ERISA and the IRC. In the event that the Pension Plan terminates after the Plan of Reorganization Effective Date, the PBGC asserts that the Reorganized Debtor and each of its controlled group members will be responsible for the liabilities imposed by Title IV of ERISA.

Notwithstanding any provision of the Plan, the Confirmation Order, or the Bankruptcy Code (including section 1141 thereof) to the contrary, neither the Plan, the Confirmation Order, or the Bankruptcy Code shall be construed as discharging, releasing, exculpating or relieving the Debtor, the Reorganized Debtor, or any person or entity in any capacity, from any liability or responsibility, if any, with respect to the Pension Plan under any law, governmental policy, or regulatory provision. PBGC and the Pension Plan shall not be enjoined or precluded from enforcing such liability or responsibility against any person or entity as a result of any of the provisions of the Plan, the Confirmation Order, or the Bankruptcy Code. The Debtor reserves the right to contest any such liability or responsibility.

**ARTICLE V.**
**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**A.    Assumption, Assignment, or Rejection of Executory Contracts and Unexpired Leases**

Unless an Executory Contract or Unexpired Lease: (i) was previously assumed or rejected by the Debtor pursuant to this Plan on or prior to the Confirmation Date; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtor on or before the Confirmation Date; (iv) contains a change of control or similar provision that would be triggered by the Chapter 11 Case (unless such provision has been irrevocably waived); or (v) is specifically designated as a contract or lease to be assumed in the Plan or the Plan Supplement, on the Confirmation Date, each Executory Contract and Unexpired Lease shall be deemed rejected pursuant to section 365 of the Bankruptcy Code, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, unless such Executory Contract or Unexpired Lease is listed in the Plan Supplement.

At any time on or prior to the Confirmation Date, the Debtor may (i) amend the Plan Supplement in order to add or remove a contract or lease from the list of contracts to be assumed or (ii) assign (subject to applicable law) any Executory Contract or Unexpired Lease, as determined by the Debtor in consultation with the Committee, or the Reorganized Debtor, as applicable.

The Confirmation Order will constitute an order of the Bankruptcy Court approving the above-described assumptions, rejections, and assumptions and assignments.  Except as otherwise provided herein or agreed to by the Debtor and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto.  Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith.  To the extent applicable, no change of control (or similar provision) will be deemed to occur under any such Executory Contract or Unexpired Lease.

If certain, but not all, of a contract counterparty's Executory Contracts and/or Unexpired Leases are rejected pursuant to the Plan, the Confirmation Order shall be a determination that such counterparty's Executory Contracts and/or Unexpired Leases that are being assumed pursuant to the Plan are severable agreements that are not integrated with those Executory Contracts and/or Unexpired Leases that are being rejected pursuant to the Plan.  Parties seeking to contest this finding with respect to their Executory Contracts and/or Unexpired Leases must file a timely objection to the Plan on the grounds that their agreements are integrated and not severable, and any such dispute shall be resolved by the Bankruptcy Court at the Confirmation Hearing (to the extent not resolved by the parties prior to the Confirmation Hearing).

Notwithstanding anything herein to the contrary, the Debtor shall assume or reject that certain real property lease with Crescent TC Investors L.P. ("Landlord") for the Debtor's headquarters located at 200/300 Crescent Ct., Suite #700, Dallas, Texas 75201 (the "Lease") in accordance with the notice to Landlord, procedures and timing required by 11 U.S.C. §365(d)(4),

**Appx. 00237**

as modified by that certain *Agreed Order Granting Motion to Extend Time to Assume or Reject Unexpired Nonresidential Real Property Lease* [Docket No. 1122].

**B.**  **Claims Based on Rejection of Executory Contracts or Unexpired Leases**

Any Executory Contract or Unexpired Lease not assumed or rejected on or before the Confirmation Date shall be deemed rejected, pursuant to the Confirmation Order.  Any Person asserting a Rejection Claim shall File a proof of claim within thirty days of the Confirmation Date. Any Rejection Claims that are not timely Filed pursuant to this Plan shall be forever disallowed and barred.  If one or more Rejection Claims are timely Filed, the Claimant Trustee may File an objection to any Rejection Claim.

Rejection Claims shall be classified as General Unsecured Claims and shall be treated in accordance with ARTICLE III of this Plan.

**C.**  **Cure of Defaults for Assumed or Assigned Executory Contracts and Unexpired Leases**

Any monetary amounts by which any Executory Contract or Unexpired Lease to be assumed or assigned hereunder is in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by the Debtor upon assumption or assignment thereof, by payment of the default amount in Cash as and when due in the ordinary course or on such other terms as the parties to such Executory Contracts may otherwise agree.  The Debtor may serve a notice on the Committee and parties to Executory Contracts or Unexpired Leases to be assumed or assigned reflecting the Debtor's or Reorganized Debtor's intention to assume or assign the Executory Contract or Unexpired Lease in connection with this Plan and setting forth the proposed cure amount (if any).

If a dispute regarding (1) the amount of any payments to cure a default, (2) the ability of the Debtor, the Reorganized Debtor, or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed or assigned or (3) any other matter pertaining to assumption or assignment, the cure payments required by section 365(b)(1) of the Bankruptcy Code will be made following the entry of a Final Order or orders resolving the dispute and approving the assumption or assignment.

Assumption or assignment of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise and full payment of any applicable cure amounts pursuant to this ARTICLE V.C shall result in the full release and satisfaction of any cure amounts, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed or assigned Executory Contract or Unexpired Lease at any time prior to the effective date of assumption or assignment.  Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed or assigned in the Chapter 11 Case, including pursuant to the Confirmation Order, and for which any cure amounts have been fully paid pursuant to this ARTICLE V.C, shall be deemed disallowed and expunged as of the Confirmation Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court.

## ARTICLE VI.
## PROVISIONS GOVERNING DISTRIBUTIONS

**A.**    **Dates of Distributions**

Except as otherwise provided in this Plan, on the Effective Date or as soon as reasonably practicable thereafter (or if a Claim is not an Allowed Claim or Equity Interest on the Effective Date, on the date that such Claim or Equity Interest becomes an Allowed Claim or Equity Interest, or as soon as reasonably practicable thereafter), each Holder of an Allowed Claim or Equity Interest against the Debtor shall receive the full amount of the distributions that this Plan provides for Allowed Claims or Allowed Equity Interests in the applicable Class and in the manner provided herein. If any payment or act under this Plan is required to be made or performed on a date that is not on a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date. If and to the extent there are Disputed Claims or Equity Interests, distributions on account of any such Disputed Claims or Equity Interests shall be made pursuant to the provisions provided in this Plan. Except as otherwise provided in this Plan, Holders of Claims and Equity Interests shall not be entitled to interest, dividends or accruals on the distributions provided for therein, regardless of whether distributions are delivered on or at any time after the Effective Date.

Upon the Effective Date, all Claims and Equity Interests against the Debtor shall be deemed fixed and adjusted pursuant to this Plan and none of the Debtor, the Reorganized Debtor, or the Claimant Trust will have liability on account of any Claims or Equity Interests except as set forth in this Plan and in the Confirmation Order. All payments and all distributions made by the Distribution Agent under this Plan shall be in full and final satisfaction, settlement and release of all Claims and Equity Interests against the Debtor and the Reorganized Debtor.

At the close of business on the Distribution Record Date, the transfer ledgers for the Claims against the Debtor and the Equity Interests in the Debtor shall be closed, and there shall be no further changes in the record holders of such Claims and Equity Interests. The Debtor, the Reorganized Debtor, the Trustees, and the Distribution Agent, and each of their respective agents, successors, and assigns shall have no obligation to recognize the transfer of any Claims against the Debtor or Equity Interests in the Debtor occurring after the Distribution Record Date and shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the transfer ledgers as of the close of business on the Distribution Record Date irrespective of the number of distributions to be made under this Plan to such Persons or the date of such distributions.

**B.**    **Distribution Agent**

Except as provided herein, all distributions under this Plan shall be made by the Claimant Trustee, as Distribution Agent, or by such other Entity designated by the Claimant Trustee, as a Distribution Agent on the Effective Date or thereafter. The Reorganized Debtor will be the Distribution Agent with respect to Claims in Class 1 through Class 7.

Appx. 00239

The Claimant Trustee, or such other Entity designated by the Claimant Trustee to be the Distribution Agent, shall not be required to give any bond or surety or other security for the performance of such Distribution Agent's duties unless otherwise ordered by the Bankruptcy Court.

The Distribution Agent shall be empowered to (a) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under this Plan; (b) make all distributions contemplated hereby; (c) employ professionals to represent it with respect to its responsibilities; and (d) exercise such other powers as may be vested in the Distribution Agent by order of the Bankruptcy Court, pursuant to this Plan, or as deemed by the Distribution Agent to be necessary and proper to implement the provisions hereof.

The Distribution Agent shall not have any obligation to make a particular distribution to a specific Holder of an Allowed Claim if such Holder is also the Holder of a Disputed Claim.

### C.   Cash Distributions

Distributions of Cash may be made by wire transfer from a domestic bank, except that Cash payments made to foreign creditors may be made in such funds and by such means as the Distribution Agent determines are necessary or customary in a particular foreign jurisdiction.

### D.   Disputed Claims Reserve

On or prior to the Initial Distribution Date, the Claimant Trustee shall establish, fund and maintain the Disputed Claims Reserve(s) in the appropriate Disputed Claims Reserve Amounts on account of any Disputed Claims.

### E.   Distributions from the Disputed Claims Reserve

The Disputed Claims Reserve shall at all times hold Cash in an amount no less than the Disputed Claims Reserve Amount.  To the extent a Disputed Claim becomes an Allowed Claim pursuant to the terms of this Plan, within 30 days of the date on which such Disputed Claim becomes an Allowed Claim pursuant to the terms of this Plan, the Claimant Trustee shall distribute from the Disputed Claims Reserve to the Holder thereof any prior distributions, in Cash, that would have been made to such Allowed Claim if it had been Allowed as of the Effective Date.  For the avoidance of doubt, each Holder of a Disputed Claim that subsequently becomes an Allowed Claim will also receive its Pro Rata share of the Claimant Trust Interests.  If, upon the resolution of all Disputed Claims any Cash remains in the Disputed Claims Reserve, such Cash shall be transferred to the Claimant Trust and be deemed a Claimant Trust Asset.

### F.   Rounding of Payments

Whenever this Plan would otherwise call for, with respect to a particular Person, payment of a fraction of a dollar, the actual payment or distribution shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down.  To the extent that Cash to be distributed under this Plan remains undistributed as a result of the aforementioned rounding, such Cash or stock shall be treated as "Unclaimed Property" under this Plan.

G.    *De Minimis* **Distribution**

Except as to any Allowed Claim that is Unimpaired under this Plan, none of the Debtor, the Reorganized Debtor, or the Distribution Agent shall have any obligation to make any Plan Distributions with a value of less than $100, unless a written request therefor is received by the Distribution Agent from the relevant recipient at the addresses set forth in ARTICLE VI.J hereof within 120 days after the later of the (i) Effective Date and (ii) the date such Claim becomes an Allowed Claim. *De minimis* distributions for which no such request is timely received shall revert to the Claimant Trust. Upon such reversion, the relevant Allowed Claim (and any Claim on account of missed distributions) shall be automatically deemed satisfied, discharged and forever barred, notwithstanding any federal or state escheat laws to the contrary.

H.    **Distributions on Account of Allowed Claims**

Except as otherwise agreed by the Holder of a particular Claim or as provided in this Plan, all distributions shall be made pursuant to the terms of this Plan and the Confirmation Order. Except as otherwise provided in this Plan, distributions to any Holder of an Allowed Claim shall, to the extent applicable, be allocated first to the principal amount of any such Allowed Claim, as determined for U.S. federal income tax purposes and then, to the extent the consideration exceeds such amount, to the remainder of such Claim comprising accrued but unpaid interest, if any (but solely to the extent that interest is an allowable portion of such Allowed Claim).

I.    **General Distribution Procedures**

The Distribution Agent shall make all distributions of Cash or other property required under this Plan, unless this Plan specifically provides otherwise. All Cash and other property held by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, for ultimate distribution under this Plan shall not be subject to any claim by any Person.

J.    **Address for Delivery of Distributions**

Distributions to Holders of Allowed Claims, to the extent provided for under this Plan, shall be made (1) at the addresses set forth in any written notices of address change delivered to the Debtor and the Distribution Agent; (2) at the address set forth on any Proofs of Claim Filed by such Holders (to the extent such Proofs of Claim are Filed in the Chapter 11 Case), (2), or (3) at the addresses in the Debtor's books and records.

If there is any conflict or discrepancy between the addresses set forth in (1) through (3) in the foregoing sentence, then (i) the address in Section (2) shall control; (ii) if (2) does not apply, the address in (1) shall control, and (iii) if (1) does not apply, the address in (3) shall control.

K.    **Undeliverable Distributions and Unclaimed Property**

If the distribution to the Holder of any Allowed Claim is returned to the Reorganized Debtor or the Claimant Trust as undeliverable, no further distribution shall be made to such Holder, and Distribution Agent shall not have any obligation to make any further distribution to the Holder, unless and until the Distribution Agent is notified in writing of such Holder's then current address.

41

**Appx. 00241**

Any Entity that fails to claim any Cash within six months from the date upon which a distribution is first made to such Entity shall forfeit all rights to any distribution under this Plan and such Cash shall thereafter be deemed an Claimant Trust Asset in all respects and for all purposes. Entities that fail to claim Cash shall forfeit their rights thereto and shall have no claim whatsoever against the Debtor's Estate, the Reorganized Debtor, the Claimant Trust, or against any Holder of an Allowed Claim to whom distributions are made by the Distribution Agent.

**L.       Withholding Taxes**

In connection with this Plan, to the extent applicable, the Distribution Agent shall comply with all tax withholding and reporting requirements imposed on them by any Governmental Unit, and all distributions made pursuant to this Plan shall be subject to such withholding and reporting requirements. The Distribution Agent shall be entitled to deduct any U.S. federal, state or local withholding taxes from any Cash payments made with respect to Allowed Claims, as appropriate. As a condition to receiving any distribution under this Plan, the Distribution Agent may require that the Holder of an Allowed Claim entitled to receive a distribution pursuant to this Plan provide such Holder's taxpayer identification number and such other information and certification as may be deemed necessary for the Distribution Agent to comply with applicable tax reporting and withholding laws. If a Holder fails to comply with such a request within one year, such distribution shall be deemed an unclaimed distribution. Any amounts withheld pursuant hereto shall be deemed to have been distributed to and received by the applicable recipient for all purposes of this Plan.

**M.       Setoffs**

The Distribution Agent may, to the extent permitted under applicable law, set off against any Allowed Claim and any distributions to be made pursuant to this Plan on account of such Allowed Claim, the claims, rights and causes of action of any nature that the Debtor, the Reorganized Debtor, or the Distribution Agent may hold against the Holder of such Allowed Claim that are not otherwise waived, released or compromised in accordance with this Plan; *provided, however*, that neither such a setoff nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor, the Reorganized Debtor, or the Claimant Trustee of any such claims, rights and causes of action that the Debtor, the Reorganized Debtor, or Claimant Trustee possesses against such Holder. Any Holder of an Allowed Claim subject to such setoff reserves the right to challenge any such setoff in the Bankruptcy Court or any other court with jurisdiction with respect to such challenge.

**N.       Surrender of Cancelled Instruments or Securities**

As a condition precedent to receiving any distribution pursuant to this Plan on account of an Allowed Claim evidenced by negotiable instruments, securities, or notes canceled pursuant to ARTICLE IV of this Plan, the Holder of such Claim will tender the applicable negotiable instruments, securities, or notes evidencing such Claim (or a sworn affidavit identifying the negotiable instruments, securities, or notes formerly held by such Holder and certifying that they have been lost), to the Distribution Agent unless waived in writing by the Distribution Agent.

**O.      Lost, Stolen, Mutilated or Destroyed Securities**

In addition to any requirements under any applicable agreement and applicable law, any Holder of a Claim or Equity Interest evidenced by a security or note that has been lost, stolen, mutilated, or destroyed will, in lieu of surrendering such security or note to the extent required by this Plan, deliver to the Distribution Agent: (i) evidence reasonably satisfactory to the Distribution Agent of such loss, theft, mutilation, or destruction; and (ii) such security or indemnity as may be required by the Distribution Agent to hold such party harmless from any damages, liabilities, or costs incurred in treating such individual as a Holder of an Allowed Claim or Equity Interest. Upon compliance with ARTICLE VI.O of this Plan as determined by the Distribution Agent, by a Holder of a Claim evidenced by a security or note, such Holder will, for all purposes under this Plan, be deemed to have surrendered such security or note to the Distribution Agent.

**ARTICLE VII.**
**PROCEDURES FOR RESOLVING CONTINGENT,**
**UNLIQUIDATED AND DISPUTED CLAIMS**

**A.      Filing of Proofs of Claim**

Unless such Claim appeared in the Schedules and is not listed as disputed, contingent, or unliquidated, or such Claim has otherwise been Allowed or paid, each Holder of a Claim was required to file a Proof of Claim on or prior to the Bar Date.

**B.      Disputed Claims**

Following the Effective Date, each of the Reorganized Debtor or the Claimant Trustee, as applicable, may File with the Bankruptcy Court an objection to the allowance of any Disputed Claim or Disputed Equity Interest, request the Bankruptcy Court subordinate any Claims to Subordinated Claims, or any other appropriate motion or adversary proceeding with respect to the foregoing by the Claims Objection Deadline or, at the discretion of the Reorganized Debtor or Claimant Trustee, as applicable, compromised, settled, withdrew or resolved without further order of the Bankruptcy Court, and (ii) unless otherwise provided in the Confirmation Order, the Reorganized Debtor or the Claimant Trust, as applicable, are authorized to settle, or withdraw any objections to, any Disputed Claim or Disputed Equity Interests following the Effective Date without further notice to creditors (other than the Entity holding such Disputed Claim or Disputed Equity Interest) or authorization of the Bankruptcy Court, in which event such Claim or Equity Interest shall be deemed to be an Allowed Claim or Equity Interest in the amount compromised for purposes of this Plan.

**C.      Procedures Regarding Disputed Claims or Disputed Equity Interests**

No payment or other distribution or treatment shall be made on account of a Disputed Claim or Disputed Equity Interest unless and until such Disputed Claim or Disputed Equity Interest becomes an Allowed Claim or Equity Interests and the amount of such Allowed Claim or Equity Interest, as applicable, is determined by order of the Bankruptcy Court or by stipulation between the Reorganized Debtor or Claimant Trust, as applicable, and the Holder of the Claim or Equity Interest.

**Appx. 00243**

**D.    Allowance of Claims and Equity Interests**

Following the date on which a Disputed Claim or Disputed Equity Interest becomes an Allowed Claim or Equity Interest after the Distribution Date, the Distribution Agent shall make a distribution to the Holder of such Allowed Claim or Equity Interest in accordance with the Plan.

1.    *Allowance of Claims*

After the Effective Date and subject to the other provisions of this Plan, the Reorganized Debtor or the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Claim. Except as expressly provided in this Plan or in any order entered in the Chapter 11 Case prior to the Effective Date (including, without limitation, the Confirmation Order), no Claim or Equity Interest will become an Allowed Claim or Equity Interest unless and until such Claim or Equity Interest is deemed Allowed under this Plan or the Bankruptcy Code or the Bankruptcy Court has entered an order, including, without limitation, the Confirmation Order, in the Chapter 11 Case allowing such Claim or Equity Interest.

2.    *Estimation*

Subject to the other provisions of this Plan, the Debtor, prior to the Effective Date, and the Reorganized Debtor or the Claimant Trustee, as applicable, after the Effective Date, may, at any time, request that the Bankruptcy Court estimate (a) any Disputed Claim or Disputed Equity Interest pursuant to applicable law and in accordance with this Plan and (b) any contingent or unliquidated Claim pursuant to applicable law, including, without limitation, section 502(c) of the Bankruptcy Code, and the Bankruptcy Court will retain jurisdiction under 28 U.S.C. §§ 157 and 1334 to estimate any Disputed Claim or Disputed Equity Interest, contingent Claim or unliquidated Claim, including during the litigation concerning any objection to any Claim or Equity Interest or during the pendency of any appeal relating to any such objection.  All of the aforementioned objection, estimation and resolution procedures are cumulative and not exclusive of one another. Claims or Equity Interests may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.  The rights and objections of all parties are reserved in connection with any such estimation proceeding.

3.    *Disallowance of Claims*

Any Claims or Equity Interests held by Entities from which property is recoverable under sections 542, 543, 550, or 553 of the Bankruptcy Code, or that are a transferee of a transfer avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code, and holders of such Claims or Interests may not receive any distributions on account of such Claims or Interests until such time as such Causes of Action against that Entity have been settled or a Bankruptcy Court Order with respect thereto has been entered and all sums due, if any, to the Reorganized Debtor or the Claimant Trust, as applicable, by that Entity have been turned over or paid to the Reorganized Debtor or the Claimant Trust, as applicable.

**EXCEPT AS OTHERWISE PROVIDED HEREIN OR AS AGREED TO BY THE DEBTOR, REORGANIZED DEBTOR, OR CLAIMANT TRUSTEE, AS APPLICABLE,**

44

**ANY AND ALL PROOFS OF CLAIM FILED AFTER THE BAR DATE SHALL BE DEEMED DISALLOWED AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM HAS BEEN DEEMED TIMELY FILED BY A FINAL ORDER.**

## ARTICLE VIII.
## EFFECTIVENESS OF THIS PLAN

A.      **Conditions Precedent to the Effective Date**

The Effective Date of this Plan will be conditioned upon the satisfaction or waiver by the Debtor (and, to the extent such condition requires the consent of the Committee, the consent of the Committee with such consent not to be unreasonably withheld), pursuant to the provisions of ARTICLE VIII.B of this Plan of the following:

- This Plan and the Plan Documents, including the Claimant Trust Agreement and the Reorganized Limited Partnership Agreement, and all schedules, documents, supplements and exhibits to this Plan shall have been Filed in form and substance reasonably acceptable to the Debtor and the Committee.

- The Confirmation Order shall have become a Final Order and shall be in form and substance reasonably acceptable to the Debtor and the Committee. The Confirmation Order shall provide that, among other things, (i) the Debtor, the Reorganized Debtor, the Claimant Trustee, or the Litigation Trustee are authorized to take all actions necessary or appropriate to effectuate and consummate this Plan, including, without limitation, (a) entering into, implementing, effectuating, and consummating the contracts, instruments, releases, and other agreements or documents created in connection with or described in this Plan, (b) assuming the Executory Contracts and Unexpired Leases set forth in the Plan Supplement, (c) making all distributions and issuances as required under this Plan; and (d) entering into any transactions as set forth in the Plan Documents; (ii) the provisions of the Confirmation Order and this Plan are nonseverable and mutually dependent; (iii) the implementation of this Plan in accordance with its terms is authorized; (iv) pursuant to section 1146 of the Bankruptcy Code, the delivery of any deed or other instrument or transfer order, in furtherance of, or in connection with this Plan, including any deeds, bills of sale, or assignments executed in connection with any disposition or transfer of Assets contemplated under this Plan, shall not be subject to any Stamp or Similar Tax; and (v) the vesting of the Claimant Trust Assets in the Claimant Trust and the Reorganized Debtor Assets in the Reorganized Debtor, in each case as of the Effective Date free and clear of liens and claims to the fullest extent permissible under applicable law pursuant to section 1141(c) of the Bankruptcy Code except with respect to such Liens, Claims, charges and other encumbrances that are specifically preserved under this Plan upon the Effective Date.

- All documents and agreements necessary to implement this Plan, including without limitation, the Reorganized Limited Partnership Agreement, the Claimant Trust

**Appx. 00245**

Agreement, and the New GP LLC Documents, in each case in form and substance reasonably acceptable to the Debtor and the Committee, shall have (a) been tendered for delivery, and (b) been effected by, executed by, or otherwise deemed binding upon, all Entities party thereto and shall be in full force and effect. All conditions precedent to such documents and agreements shall have been satisfied or waived pursuant to the terms of such documents or agreements.

- All authorizations, consents, actions, documents, approvals (including any governmental approvals), certificates and agreements necessary to implement this Plan, including, without limitation, the Reorganized Limited Partnership Agreement, the Claimant Trust Agreement, and the New GP LLC Documents, shall have been obtained, effected or executed and delivered to the required parties and, to the extent required, filed with the applicable governmental units in accordance with applicable laws and any applicable waiting periods shall have expired without any action being taken or threatened by any competent authority that would restrain or prevent effectiveness or consummation of the Restructuring.

- The Debtor shall have obtained applicable directors' and officers' insurance coverage that is acceptable to each of the Debtor, the Committee, the Claimant Trust Oversight Committee, the Claimant Trustee and the Litigation Trustee.

- The Professional Fee Reserve shall be funded pursuant to this Plan in an amount determined by the Debtor in good faith.

## B. Waiver of Conditions

The conditions to effectiveness of this Plan set forth in this ARTICLE VIII (other than that the Confirmation Order shall have been entered) may be waived in whole or in part by the Debtor (and, to the extent such condition requires the consent of the Committee, the consent of the Committee), without notice, leave or order of the Bankruptcy Court or any formal action other than proceeding to confirm or effectuate this Plan. The failure to satisfy or waive a condition to the Effective Date may be asserted by the Debtor regardless of the circumstances giving rise to the failure of such condition to be satisfied. The failure of the Debtor to exercise any of the foregoing rights will not be deemed a waiver of any other rights, and each right will be deemed an ongoing right that may be asserted at any time by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable.

## C. Dissolution of the Committee

On the Effective Date, the Committee will dissolve, and the members of the Committee and the Committee's Professionals will cease to have any role arising from or relating to the Chapter 11 Case, except in connection with final fee applications of Professionals for services rendered prior to the Effective Date (including the right to object thereto). The Professionals retained by the Committee and the members thereof will not be entitled to assert any fee claims for any services rendered to the Committee or expenses incurred in the service of the Committee after the Effective Date, except for reasonable fees for services rendered, and actual and necessary costs incurred, in connection with any applications for allowance of Professional Fees pending on

the Effective Date or filed and served after the Effective Date pursuant to the Plan.  Nothing in the Plan shall prohibit or limit the ability of the Debtor's or Committee's Professionals to represent either of the Trustees or to be compensated or reimbursed per the Plan and the Claimant Trust Agreement in connection with such representation.

# ARTICLE IX.
## EXCULPATION, INJUNCTION AND RELATED PROVISIONS

### A.    General

Notwithstanding anything contained in the Plan to the contrary, the allowance, classification and treatment of all Allowed Claims and Equity Interests and their respective distributions and treatments under the Plan shall take into account the relative priority and rights of the Claims and the Equity Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto whether arising under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise.

### B.    Discharge of Claims

To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by this Plan or the Confirmation Order, all consideration distributed under this Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Equity Interests of any kind or nature whatsoever against the Debtor or any of its Assets or properties, and regardless of whether any property will have been distributed or retained pursuant to this Plan on account of such Claims or Equity Interests.  Except as otherwise expressly provided by this Plan or the Confirmation Order, upon the Effective Date, the Debtor and its Estate will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

### C.    Exculpation

Subject in all respects to ARTICLE XII.D of this Plan, to the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Petition Date in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(iv); *provided, however,* the foregoing

will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of this Plan, including ARTICLE IV.C.2, protecting such Exculpated Parties from liability.

**D.  Releases by the Debtor**

On and after the Effective Date, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtor and the Estate, in each case on behalf of themselves and their respective successors, assigns, and representatives, including, but not limited to, the Claimant Trust and the Litigation Sub-Trust from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, that the Debtor or the Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Person.

Notwithstanding anything contained herein to the contrary, the foregoing release does not release: (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights or obligations of any current employee of the Debtor under any employment agreement or plan, (iii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under any employment agreement with a current or former employee of the Debtor, (iv) any Avoidance Actions, or (v) any Causes of Action arising from willful misconduct, criminal misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.

Notwithstanding anything herein to the contrary, any release provided pursuant to this ARTICLE IX.D (i) with respect to a Senior Employee, is conditioned in all respects on (a) such Senior Employee executing a Senior Employee Stipulation on or prior to the Effective Date and (b) the reduction of such Senior Employee's Allowed Claim as set forth in the Senior Employee Stipulation (such amount, the "Reduced Employee Claim"), and (ii) with respect to any Employee, including a Senior Employee, shall be deemed null and void and of no force and effect (1) if there is more than one member of the Claimant Trust Oversight Committee who does not represent entities holding a Disputed or Allowed Claim (the "Independent Members"), the Claimant Trustee and the Independent Members by majority vote determine or (2) if there is only one Independent Member, the Independent Member after discussion with the Claimant Trustee, determines (in each case after discussing with the full Claimant Trust Oversight Committee) that such Employee (regardless of whether the Employee is then currently employed by the Debtor, the Reorganized Debtor, or the Claimant Trustee):

- sues, attempts to sue, or threatens or works with or assists any entity or person to sue, attempt to sue, or threaten the Reorganized Debtor, the Claimant Trust, the Litigation

Sub-Trust, or any of their respective employees or agents, or any Released Party on or in connection with any claim or cause of action arising prior to the Effective Date,

- has taken any action that, impairs or harms the value of the Claimant Trust Assets or the Reorganized Debtor Assets, or

- (x) upon the request of the Claimant Trustee, has failed to provide reasonable assistance in good faith to the Claimant Trustee or the Reorganized Debtor with respect to (1) the monetization of the Claimant Trust Assets or Reorganized Debtor Assets, as applicable, or (2) the resolution of Claims, or (y) has taken any action that impedes or frustrates the Claimant Trustee or the Reorganized Debtor with respect to any of the foregoing.

*Provided, however,* that the release provided pursuant to this ARTICLE IX.D will vest and the Employee will be indefeasibly released pursuant to this ARTICLE IX.D if such Employee's release has not been deemed null and void and of no force and effect on or prior to the date that is the date of dissolution of the Claimant Trust pursuant to the Claimant Trust Agreement.

By executing the Senior Employee Stipulation embodying this release, each Senior Employee acknowledges and agrees, without limitation, to the terms of this release and the tolling agreement contained in the Senior Employee Stipulation.

The provisions of this release and the execution of a Senior Employee Stipulation will not in any way prevent or limit any Employee from (i) prosecuting its Claims, if any, against the Debtor's Estate, (ii) defending him or herself against any claims or causes of action brought against the Employee by a third party, or (iii) assisting other persons in defending themselves from any Estate Claims brought by the Litigation Trustee (but only with respect to Estate Claims brought by the Litigation Trustee and not collection or other actions brought by the Claimant Trustee).

**E.**    **Preservation of Rights of Action**

1.    *Maintenance of Causes of Action*

Except as otherwise provided in this Plan, after the Effective Date, the Reorganized Debtor or the Claimant Trust will retain all rights to commence, pursue, litigate or settle, as appropriate, any and all Causes of Action included in the Reorganized Debtor Assets or Claimant Trust Assets, as applicable, whether existing as of the Petition Date or thereafter arising, in any court or other tribunal including, without limitation, in an adversary proceeding Filed in the Chapter 11 Case and, as the successors in interest to the Debtor and the Estate, may, and will have the exclusive right to, enforce, sue on, settle, compromise, transfer or assign (or decline to do any of the foregoing) any or all of the Causes of Action without notice to or approval from the Bankruptcy Court.

2.    *Preservation of All Causes of Action Not Expressly Settled or Released*

Unless a Cause of Action against a Holder of a Claim or an Equity Interest or other Entity is expressly waived, relinquished, released, compromised or settled in this Plan or any Final Order (including, without limitation, the Confirmation Order), such Cause of Action is expressly reserved for later adjudication by the Reorganized Debtor or Claimant Trust, as applicable (including,

49

without limitation, Causes of Action not specifically identified or of which the Debtor may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances that may change or be different from those the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such Causes of Action as a consequence of the confirmation, effectiveness, or consummation of this Plan based on the Disclosure Statement, this Plan or the Confirmation Order, except where such Causes of Action have been expressly released in this Plan or any other Final Order (including, without limitation, the Confirmation Order).  In addition, the right of the Reorganized Debtor or the Claimant Trust to pursue or adopt any claims alleged in any lawsuit in which the Debtor is a plaintiff, defendant or an interested party, against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits, is expressly reserved.

F.    **Injunction**

    **Upon entry of the Confirmation Order, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, from taking any actions to interfere with the implementation or consummation of the Plan.**

    **Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.**

    **The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation Sub-Trust, and the Claimant Trust and their respective property and interests in property.**

    **Subject in all respects to ARTICLE XII.D, no Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing without the Bankruptcy Court**

(i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party; *provided, however,* the foregoing will not apply to a claim or cause of action against Strand or against any Employee other than with respect to actions taken, respectively, by Strand or by such Employee from the date of appointment of the Independent Directors through the Effective Date.  The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.

### G.    Duration of Injunctions and Stays

**ARTICLE II. Unless otherwise provided in this Plan, in the Confirmation Order, or in a Final Order of the Bankruptcy Court, (i) all injunctions and stays entered during the Chapter 11 Case and in existence on the Confirmation Date shall remain in full force and effect in accordance with their terms; and (ii) the automatic stay arising under section 362 of the Bankruptcy Code shall remain in full force and effect subject to Section 362(c) of the Bankruptcy Code, and to the extent necessary if the Debtor does not receive a discharge, the Court will enter an equivalent order under Section 105.**

### H.    Continuance of January 9 Order

Unless otherwise provided in this Plan, in the Confirmation Order, or in a Final Order of the Bankruptcy Court, the restrictions set forth in paragraphs 9 and 10 of the *Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course*, entered by the Bankruptcy Court on January 9, 2020 [D.I. 339] shall remain in full force and effect following the Effective Date.

### ARTICLE X.
### BINDING NATURE OF PLAN

On the Effective Date, and effective as of the Effective Date, the Plan, including, without limitation, the provisions in ARTICLE IX, will bind, and will be deemed binding upon, all Holders of Claims against and Equity Interests in the Debtor and such Holder's respective successors and assigns, to the maximum extent permitted by applicable law, notwithstanding whether or not such Holder will receive or retain any property or interest in property under the Plan.  All Claims and Debts shall be fixed and adjusted pursuant to this Plan. The Plan shall also bind any taxing authority, recorder of deeds, or similar official for any county, state, Governmental Unit or parish in which any instrument related to the Plan or related to any transaction contemplated thereby is to be recorded with respect to nay taxes of the kind specified in Bankruptcy Code section 1146(a).

## ARTICLE XI.
## RETENTION OF JURISDICTION

Pursuant to sections 105 and 1142 of the Bankruptcy Code and notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall, after the Effective Date, retain such jurisdiction over the Chapter 11 Case and all Entities with respect to all matters related to the Chapter 11 Case, the Reorganized Debtor, the Claimant Trust, and this Plan to the maximum extent legally permissible, including, without limitation, jurisdiction to:

- allow, disallow, determine, liquidate, classify, estimate or establish the priority, secured, unsecured, or subordinated status of any Claim or Equity Interest, including, without limitation, the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of any Claim or Equity Interest;

- grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan, for periods ending on or before the Effective Date; *provided, however*, that, from and after the Effective Date, the Reorganized Debtor shall pay Professionals in the ordinary course of business for any work performed after the Effective Date subject to the terms of this Plan and the Confirmation Order, and such payment shall not be subject to the approval of the Bankruptcy Court;

- resolve any matters related to the assumption, assignment or rejection of any Executory Contract or Unexpired Lease to which the Debtor is party or with respect to which the Debtor, Reorganized Debtor, or Claimant Trust may be liable and to adjudicate and, if necessary, liquidate, any Claims arising therefrom, including, without limitation, any dispute regarding whether a contract or lease is or was executory or expired;

- make any determination with respect to a claim or cause of action against a Protected Party as set forth in ARTICLE IX;

- resolve any claim or cause of action against an Exculpated Party or Protected Party arising from or related to the Chapter 11 Case, the negotiation of this Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, or the transactions in furtherance of the foregoing;

- if requested by the Reorganized Debtor or the Claimant Trustee, authorize, approve, and allow any sale, disposition, assignment or other transfer of the Reorganized Debtor Assets or Claimant Trust Assets, including any break-up compensation or expense reimbursement that may be requested by a purchaser thereof; *provided, however*, that neither the Reorganized Debtor nor the Claimant Trustee shall be required to seek such authority or approval from the Bankruptcy Court unless otherwise specifically required by this Plan or the Confirmation Order;

Appx. 00252

- if requested by the Reorganized Debtor or the Claimant Trustee, authorize, approve, and allow any borrowing or the incurrence of indebtedness, whether secured or unsecured by the Reorganized Debtor or Claimant Trust; *provided, however*, that neither the Reorganized Debtor nor the Claimant Trustee shall be required to seek such authority or approval from the Bankruptcy Court unless otherwise specifically required by this Plan or the Confirmation Order;

- resolve any issues related to any matters adjudicated in the Chapter 11 Case;

- ensure that distributions to Holders of Allowed Claims and Allowed Equity Interests are accomplished pursuant to the provisions of this Plan;

- decide or resolve any motions, adversary proceedings, contested or litigated matters and any other Causes of Action (including Estate Claims) that are pending as of the Effective Date or that may be commenced in the future, including approval of any settlements, compromises, or other resolutions as may be requested by the Debtor, the Reorganized Debtor, the Claimant Trustee, or the Litigation Trustee whether under Bankruptcy Rule 9019 or otherwise, and grant or deny any applications involving the Debtor that may be pending on the Effective Date or instituted by the Reorganized Debtor, the Claimant Trustee, or Litigation Trustee after the Effective Date, provided that the Reorganized Debtor, the Claimant Trustee, and the Litigation Trustee shall reserve the right to commence actions in all appropriate forums and jurisdictions;

- enter such orders as may be necessary or appropriate to implement, effectuate, or consummate the provisions of this Plan, the Plan Documents, and all other contracts, instruments, releases, and other agreements or documents adopted in connection with this Plan, the Plan Documents, or the Disclosure Statement;

- resolve any cases, controversies, suits or disputes that may arise in connection with the implementation, effectiveness, consummation, interpretation, or enforcement of this Plan or any Entity's obligations incurred in connection with this Plan;

- issue injunctions and enforce them, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, effectiveness, consummation, or enforcement of this Plan, except as otherwise provided in this Plan;

- enforce the terms and conditions of this Plan and the Confirmation Order;

- resolve any cases, controversies, suits or disputes with respect to the release, exculpation, indemnification, and other provisions contained herein and enter such orders or take such others actions as may be necessary or appropriate to implement or enforce all such releases, injunctions and other provisions;

- enter and implement such orders or take such others actions as may be necessary or appropriate if the Confirmation Order is modified, stayed, reversed, revoked or vacated;

53

- resolve any other matters that may arise in connection with or relate to this Plan, the Disclosure Statement, the Confirmation Order, the Plan Documents, or any contract, instrument, release, indenture or other agreement or document adopted in connection with this Plan or the Disclosure Statement; and

- enter an order concluding or closing the Chapter 11 Case after the Effective Date.

## ARTICLE XII.
## MISCELLANEOUS PROVISIONS

### A.    Payment of Statutory Fees and Filing of Reports

All outstanding Statutory Fees shall be paid on the Effective Date.  All such fees payable, and all such fees that become due and payable, after the Effective Date shall be paid by the Reorganized Debtor when due or as soon thereafter as practicable until the Chapter 11 Case is closed, converted, or dismissed.  The Claimant Trustee shall File all quarterly reports due prior to the Effective Date when they become due, in a form reasonably acceptable to the U.S. Trustee. After the Effective Date, the Claimant Trustee shall File with the Bankruptcy Court quarterly reports when they become due, in a form reasonably acceptable to the U.S. Trustee.   The Reorganized Debtor shall remain obligated to pay Statutory Fees to the Office of the U.S. Trustee until the earliest of the Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.

### B.    Modification of Plan

Effective as of the date hereof and subject to the limitations and rights contained in this Plan:  (a) the Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify this Plan prior to the entry of the Confirmation Order with the consent of the Committee, such consent not to be unreasonably withheld; and (b) after the entry of the Confirmation Order, the Debtor may, after notice and hearing and entry of an order of the Bankruptcy Court, amend or modify this Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purpose and intent of this Plan.

### C.    Revocation of Plan

The Debtor reserves the right to revoke or withdraw this Plan prior to the Confirmation Date and to File a subsequent chapter 11 plan with the consent of the Committee.  If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, then: (i) this Plan shall be null and void in all respects; (ii) any settlement or compromise embodied in this Plan, assumption of Executory Contracts or Unexpired Leases effected by this Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Bankruptcy Court; and (iii) nothing contained in this Plan shall: (a) constitute a waiver or release of any Claims by or against, or any Equity Interests in, the Debtor or any other Entity; (b) prejudice in any manner the rights of the Debtor or any other Entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtor or any other Entity.

Appx. 00254

D.      **Obligations Not Changed**

Notwithstanding anything in this Plan to the contrary, nothing herein will affect or otherwise limit or release any non-Debtor Entity's (including any Exculpated Party's) duties or obligations, including any contractual and indemnification obligations, to the Debtor, the Reorganized Debtor, or any other Entity whether arising under contract, statute, or otherwise.

E.      **Entire Agreement**

Except as otherwise described herein, this Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into this Plan.

F.      **Closing of Chapter 11 Case**

The Claimant Trustee shall, after the Effective Date and promptly after the full administration of the Chapter 11 Case, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Chapter 11 Case.

G.      **Successors and Assigns**

This Plan shall be binding upon and inure to the benefit of the Debtor and its successors and assigns, including, without limitation, the Reorganized Debtor and the Claimant Trustee. The rights, benefits, and obligations of any Person or Entity named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such Person or Entity.

H.      **Reservation of Rights**

Except as expressly set forth herein, this Plan shall have no force or effect unless and until the Bankruptcy Court enters the Confirmation Order and the Effective Date occurs. Neither the filing of this Plan, any statement or provision contained herein, nor the taking of any action by the Debtor, the Reorganized Debtor, the Claimant Trustee, or any other Entity with respect to this Plan shall be or shall be deemed to be an admission or waiver of any rights of: (1) the Debtor, the Reorganized Debtor, or the Claimant Trustee with respect to the Holders of Claims or Equity Interests or other Entity; or (2) any Holder of a Claim or an Equity Interest or other Entity prior to the Effective Date.

Neither the exclusion or inclusion by the Debtor of any contract or lease on any exhibit, schedule, or other annex to this Plan or in the Plan Documents, nor anything contained in this Plan, will constitute an admission by the Debtor that any such contract or lease is or is not an executory contract or lease or that the Debtor, the Reorganized Debtor, the Claimant Trustee, or their respective Affiliates has any liability thereunder.

Except as explicitly provided in this Plan, nothing herein shall waive, excuse, limit, diminish, or otherwise alter any of the defenses, claims, Causes of Action, or other rights of the

Appx. 00255

Debtor, the Reorganized Debtor, or the Claimant Trustee under any executory or non-executory contract.

Nothing in this Plan will increase, augment, or add to any of the duties, obligations, responsibilities, or liabilities of the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, under any executory or non-executory contract or lease.

If there is a dispute regarding whether a contract or lease is or was executory at the time of its assumption under this Plan, the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, shall have thirty (30) days following entry of a Final Order resolving such dispute to alter their treatment of such contract.

**I.    Further Assurances**

The Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, all Holders of Claims and Equity Interests receiving distributions hereunder, and all other Entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of this Plan or the Confirmation Order.  On or before the Effective Date, the Debtor shall File with the Bankruptcy Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

**J.    Severability**

If, prior to the Confirmation Date, any term or provision of this Plan is determined by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision will then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.  The Confirmation Order will constitute a judicial determination and will provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**K.    Service of Documents**

All notices, requests, and demands to or upon the Debtor, the Reorganized Debtor, or the Claimant Trustee to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered addressed as follows:

> **If to the Claimant Trust:**
>
> Highland Claimant Trust
> c/o Highland Capital Management, L.P.
> 300 Crescent Court, Suite 700

**Appx. 00256**

Dallas, Texas 75201
Attention: James P. Seery, Jr.

**If to the Debtor:**

Highland Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201
Attention: James P. Seery, Jr.

**with copies to:**

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Attn: Jeffrey N. Pomerantz, Esq.
        Ira D. Kharasch, Esq.
        Gregory V. Demo, Esq.

**If to the Reorganized Debtor:**

Highland Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201
Attention: James P. Seery, Jr.
**with copies to:**

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Attn: Jeffrey N. Pomerantz, Esq.
        Ira D. Kharasch, Esq.
        Gregory V. Demo, Esq.

**L.**     **Exemption from Certain Transfer Taxes Pursuant to Section 1146(a) of the Bankruptcy Code**

To the extent permitted by applicable law, pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any Stamp or Similar Tax or governmental assessment in the United States, and the Confirmation Order shall direct the appropriate federal, state or local governmental officials or agents or taxing authority to forego the collection of any such Stamp or Similar Tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such Stamp or Similar Tax or governmental assessment. Such exemption specifically applies, without limitation, to (i) all actions, agreements and documents necessary to

57

evidence and implement the provisions of and the distributions to be made under this Plan; (ii) the maintenance or creation of security or any Lien as contemplated by this Plan; and (iii) assignments, sales, or transfers executed in connection with any transaction occurring under this Plan.

**M.    Governing Law**

Except to the extent that the Bankruptcy Code, the Bankruptcy Rules or other federal law is applicable, or to the extent that an exhibit or schedule to this Plan provides otherwise, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of Texas, without giving effect to the principles of conflicts of law of such jurisdiction; *provided, however,* that corporate governance matters relating to the Debtor, the Reorganized Debtor, New GP LLC, or the Claimant Trust, as applicable, shall be governed by the laws of the state of organization of the Debtor, the Reorganized Debtor, New GP LLC, or the Claimant Trustee, as applicable.

**N.    Tax Reporting and Compliance**

The Debtor is hereby authorized to request an expedited determination under section 505(b) of the Bankruptcy Code of the tax liability of the Debtor is for all taxable periods ending after the Petition Date through, and including, the Effective Date.

**O.    Exhibits and Schedules**

All exhibits and schedules to this Plan, if any, including the Exhibits and the Plan Documents, are incorporated and are a part of this Plan as if set forth in full herein.

**P.    Controlling Document**

In the event of an inconsistency between this Plan and any other instrument or document created or executed pursuant to this Plan, or between this Plan and the Disclosure Statement, this Plan shall control. The provisions of this Plan, the Disclosure Statement, and any Plan Document, on the one hand, and of the Confirmation Order, on the other hand, shall be construed in a manner consistent with each other so as to effectuate the purposes of each; *provided, however*, that if there is determined to be any inconsistency between any provision of this Plan, the Disclosure Statement, and any Plan Document, on the one hand, and any provision of the Confirmation Order, on the other hand, that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of the Confirmation Order shall govern, and any such provisions of the Confirmation Order shall be deemed a modification of this Plan, the Disclosure Statement, and the Plan Documents, as applicable.

*[Remainder of Page Intentionally Blank]*

Appx. 00258

Dated: January 22, 2021

Respectfully submitted,

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

By:
James P. Seery, Jr.
Chief Executive Officer and Chief Restructuring
Officer

Prepared by:

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
           ikharasch@pszjlaw.com
           gdemo@pszjlaw.com

and

**HAYWARD & ASSOCIATES PLLC**
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
           ZAnnable@HaywardFirm.com

*Counsel for the Debtor and Debtor-in-Possession*

**<u>Exhibit B</u>**

**Schedule of CLO Management Agreements and Related Contracts to Be Assumed**

**Schedule of CLO Management Agreements and Related Contracts to Be Assumed**

1.      Servicing Agreement, dated December 20, 2007, by and among Greenbriar CLO, Ltd., and Highland Capital Management, L.P.

2.      Investment Management Agreement, dated November 1, 2007, by and between Longhorn Credit Funding, LLC, and Highland Capital Management, L.P. (as amended)

3.      Reference Portfolio Management Agreement, dated August 1, 2016, by and between Highland Capital Management, L.P., and Valhalla CLO, Ltd.

4.      Collateral Servicing Agreement, dated December 20, 2006, by and among Highland Park CDO I, Ltd., and Highland Capital Management, L.P.

5.      Portfolio Management Agreement, dated March 15, 2005, by and among Southfork CLO Ltd., and Highland Capital Management, L.P.

6.      Amended and Restated Portfolio Management Agreement, dated November 30, 2005, by and among Jaspar CLO Ltd., and Highland Capital Management, L.P.

7.      Servicing Agreement, dated May 31, 2007, by and among Westchester CLO, Ltd., and Highland Capital Management, L.P.

8.      Servicing Agreement, dated May 10, 2006, by and among Rockwall CDO Ltd. and Highland Capital Management, L.P. (as amended)

9.      Portfolio Management Agreement, dated December 8, 2005, by and between Liberty CLO, Ltd., and Highland Capital Management, L.P.

10.     Servicing Agreement, dated March 27, 2008, by and among Aberdeen Loan Funding, Ltd., and Highland Capital Management, L.P.

11.     Servicing Agreement, dated May 9, 2007, by and among Rockwall CDO II Ltd. and Highland Capital Management, L.P.

12.     Collateral Management Agreement, by and between, Highland Loan Funding V Ltd. and Highland Capital Management, L.P., dated August 1, 2001.

13.     Collateral Management Agreement, dated August 18, 1999, by and between Highland Legacy Limited and Highland Capital Management, L.P.

14.     Servicing Agreement, dated November 30, 2006, by and among Grayson CLO Ltd., and Highland Capital Management, L.P. (as amended)

15.     Servicing Agreement, dated October 25, 2007, by and among Stratford CLO Ltd., and Highland Capital Management, L.P.

16.     Servicing Agreement, dated August 3, 2006, by and among Red River CLO Ltd., and Highland Capital Management, L.P. (as amended)

17.     Servicing Agreement, dated December 21, 2006, by and among Brentwood CLO, Ltd., and Highland Capital Management, L.P.

18.     Servicing Agreement, dated March 13, 2007, by and among Eastland CLO Ltd., and Highland Capital Management, L.P.

19.  Portfolio Management, Agreement, dated October 13, 2005, by and among Gleneagles CLO, Ltd., and Highland Capital Management, L.P.

20.  Members' Agreement and Amendment, dated November 15, 2017, by and between Highland CLO Funding, Ltd. and Highland Capital Management, L.P.

21.  Collateral Management Agreement, dated May 19, 1998, by and between Pam Capital Funding LP, Ranger Asset Mgt LP and Highland Capital Management, L.P.

22.  Collateral Management Agreement, dated August 6, 1997, by and between Pamco Cayman Ltd., Ranger Asset Mgt LP and Highland Capital Management, L.P.

23.  Amendment No. 1 to Servicing Agreement, October 2, 2007, between Highland Capital Management, L.P. and Red River CLO Ltd. et al

24.  Interim Collateral Management Agreement, June 15, 2005, between Highland Capital Management, L.P. and Rockwall CDO Ltd

25.  Amendment No. 1 to Servicing Agreement, October 2, 2007, between Highland Capital Management, L.P. and Rockwall CDO Ltd

26.  Collateral Servicing Agreement dated December 20, 2006, between Highland Capital Management, L.P. and Highland Park CDO I, Ltd.; The Bank of New York Trust Company, National Association

27.  Representations and Warranties Agreement, dated December 20, 2006, between Highland Capital Management, L.P. and Highland Park CDO I, Ltd.

28.  Collateral Administration Agreement, dated March 27, 2008, between Highland Capital Management, L.P. and Aberdeen Loan Funding, Ltd.; State Street Bank and Trust Company

29.  Collateral Administration Agreement, dated December 20, 2007, between Highland Capital Management, L.P. and Greenbriar CLO, Ltd.; State Street Bank and Trust Company

30.  Collateral Acquisition Agreement, dated March 13, 2007, between Highland Capital Management, L.P. and Eastland CLO, Ltd

31.  Collateral Administration Agreement, dated March 13, 2007, between Highland Capital Management, L.P. and Eastland CLO, Ltd. and Investors Bank and Trust Company

32.  Collateral Administration Agreement, dated October 13, 2005, between Highland Capital Management, L.P. and Gleneagles CLO, Ltd.; JPMorgan Chase Bank, National Association

33.  Collateral Acquisition Agreement, dated November 30, 2006, between Highland Capital Management, L.P. and Grayson CLO, Ltd.

34.  Collateral Administration Agreement, dated November 30, 2006, between Highland Capital Management, L.P. and Grayson CLO, Ltd.; Investors Bank & Trust Company

35.  Collateral Acquisition Agreement, dated August 3, 2006, between Highland Capital Management, L.P. and Red River CLO, Ltd.

DOCS_NY:42355.1 36027/002

36. Collateral Administration Agreement, dated August 3, 2006, between Highland Capital Management, L.P. and Red River CLO, Ltd.; U.S. Bank National Association

37. Master Warehousing and Participation Agreement, dated April 19, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; Highland Special Opportunities Holding Company

38. Master Warehousing and Participation Agreement, dated February 2, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

39. Master Warehousing and Participation Agreement (Amendment No. 2), dated May 5, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

40. Master Warehousing and Participation Agreement (Amendment No. 1), dated April 12, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

41. Master Warehousing and Participation Agreement (Amendment No. 3), dated June 22, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

42. Master Warehousing and Participation Agreement (Amendment No. 4), dated July 17, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; MMP-5 Funding, LLC; IXIS Financial Products Inc.

43. Collateral Administration Agreement, dated February 2, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; U.S. Bank National Association; IXIS Financial Products Inc.

44. Collateral Administration Agreement, dated April 18, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; Highland Special Opportunities Holding Company; U.S. Bank National Association

45. Master Participation Agreement, dated June 5, 2006, between Highland Capital Management, L.P. and Red River CLO Ltd.; Grand Central Asset Trust

46. A&R Asset Acquisition Agreement, dated July 18, 2001, between Highland Capital Management, L.P. and Salomon Smith Barney Inc.; Highland Loan Funding V Ltd.

47. A&R Master Participation Agreement, dated July 18, 2001, between Highland Capital Management, L.P. and Salomon Brothers Holding Company; Highland Loan Funding V Ltd.

48. Collateral Acquisition Agreement, dated June 29, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd.

49. Collateral Administration Agreement, dated June 29, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd.; JPMorgan Chase Bank, National Association

50. Master Warehousing and Participation Agreement, dated March 24, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd; MMP-5 Funding, LLC; and IXIS Financial Products Inc.

3

Appx. 00263

51. Master Warehousing and Participation Agreement (Amendment No. 1), dated May 16, 2005, between Highland Capital Management, L.P. and Jasper CLO Ltd; MMP-5 Funding, LLC; and IXIS Financial Products Inc.

52. Collateral Administration Agreement, dated December 8, 2005, between Highland Capital Management, L.P. and Liberty CLO Ltd.

53. Collateral Administration Agreement, dated May 10, 2006, between Highland Capital Management, L.P. and Rockwall CDO Ltd; JPMorgan Chase Bank, National Association

54. Collateral Administration Agreement, dated May 9, 2007, between Highland Capital Management, L.P. and Rockwall CDO II, Ltd.; Investors Bank & Trust Company

55. Collateral Administration Agreement, dated March 15, 2005, between Highland Capital Management, L.P. and Southfork CLO Ltd.; JPMorgan Chase Bank, National Association

56. Collateral Administration Agreement, dated October 25, 2007, between Highland Capital Management, L.P. and Stratford CLO Ltd.; State Street

57. Collateral Administration Agreement, dated August 18, 2004, between Highland Capital Management, L.P. and Valhalla CLO, Ltd.; JPMorgan Chase Bank

58. Collateral Acquisition Agreement, dated May 31, 2007, between Highland Capital Management, L.P. and Westchester CLO, Ltd.

59. Collateral Administration Agreement, dated May 31, 2007, between Highland Capital Management, L.P. and Westchester CLO, Ltd.; Investors Bank & Trust Company

60. Collateral Administration Agreement, dated December 21, 2006, between Highland Capital Management, L.P. and Brentwood CLO, Ltd.; Investors Bank & Trust Company

4

# EXHIBIT 10

Docket #1808  Date Filed: 01/22/2021

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## FIFTH AMENDED PLAN OF REORGANIZATION OF HIGHLAND
## CAPITAL MANAGEMENT, L.P. (AS MODIFIED)

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
       ikharasch@pszjlaw.com
       gdemo@pszjlaw.com

**HAYWARD & ASSOCIATES PLLC**
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
       ZAnnable@HaywardFirm.com:

Counsel for the Debtor and Debtor-in-Possession

---

[1]  The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.



1934054210122000000000013

Appx. 00266

ARTICLE I. RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW AND DEFINED TERMS ............................................... 1

A.    Rules of Interpretation, Computation of Time and Governing Law .................... 1

B.    Defined Terms ....................................................................... 2

ARTICLE II. ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS ................ 16

A.    Administrative Expense Claims .................................................. 16

B.    Professional Fee Claims .......................................................... 17

C.    Priority Tax Claims ................................................................ 18

ARTICLE III. CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS AND EQUITY INTERESTS ......................................................... 18

A.    Summary .............................................................................. 18

B.    Summary of Classification and Treatment of Classified Claims and Equity Interests .................................................................. 19

C.    Elimination of Vacant Classes ................................................... 19

D.    Impaired/Voting Classes .......................................................... 19

E.    Unimpaired/Non-Voting Classes ................................................. 19

F.    Impaired/Non-Voting Classes .................................................... 19

G.    Cramdown .......................................................................... 19

H.    Classification and Treatment of Claims and Equity Interests ............. 20

I.    Special Provision Governing Unimpaired Claims .......................... 24

J.    Subordinated Claims .............................................................. 25

ARTICLE IV. MEANS FOR IMPLEMENTATION OF THIS PLAN ..................... 25

A.    Summary ............................................................................ 25

B.    The Claimant Trust ............................................................... 26

1.    *Creation and Governance of the Claimant Trust and Litigation Sub-Trust.* .................................................................................. 26

2.    *Claimant Trust Oversight Committee* ...................................... 27

Appx. 00267

**Page**

3.      *Purpose of the Claimant Trust.* ........................................................................27

4.      *Purpose of the Litigation Sub-Trust.* .............................................................28

5.      *Claimant Trust Agreement and Litigation Sub-Trust Agreement.* ......................28

6.      *Compensation and Duties of Trustees.* .............................................................29

7.      *Cooperation of Debtor and Reorganized Debtor.* ...........................................30

8.      *United States Federal Income Tax Treatment of the Claimant Trust.* ...............30

9.      *Tax Reporting.* ...................................................................................................30

10.     *Claimant Trust Assets.* .....................................................................................31

11.     *Claimant Trust Expenses.* .................................................................................31

12.     *Trust Distributions to Claimant Trust Beneficiaries.* .....................................31

13.     *Cash Investments.* .............................................................................................31

14.     *Dissolution of the Claimant Trust and Litigation Sub-Trust.* .........................32

C.      The Reorganized Debtor ...................................................................................32

1.      *Corporate Existence* ..........................................................................................32

2.      *Cancellation of Equity Interests and Release* ..................................................33

3.      *Issuance of New Partnership Interests* ..............................................................33

4.      *Management of the Reorganized Debtor* ..........................................................33

5.      *Vesting of Assets in the Reorganized Debtor* ...................................................34

6.      *Purpose of the Reorganized Debtor* ..................................................................34

7.      *Distribution of Proceeds from the Reorganized Debtor Assets; Transfer of Reorganized Debtor Assets* ..............................................................34

D.      Company Action ................................................................................................34

E.      Release of Liens, Claims and Equity Interests ................................................35

F.      Cancellation of Notes, Certificates and Instruments .......................................36

G.      Cancellation of Existing Instruments Governing Security Interests .................36

- iii -

|  |  | **Page** |
|---|---|---|
| H. | Control Provisions | 36 |
| I. | Treatment of Vacant Classes | 36 |
| J. | Plan Documents | 36 |
| K. | Highland Capital Management, L.P. Retirement Plan and Trust | 37 |

ARTICLE V. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES ... 37

| A. | Assumption, Assignment, or Rejection of Executory Contracts and Unexpired Leases | 37 |
|---|---|---|
| B. | Claims Based on Rejection of Executory Contracts or Unexpired Leases | 38 |
| C. | Cure of Defaults for Assumed or Assigned Executory Contracts and Unexpired Leases | 39 |

ARTICLE VI. PROVISIONS GOVERNING DISTRIBUTIONS ... 39

| A. | Dates of Distributions | 39 |
|---|---|---|
| B. | Distribution Agent | 40 |
| C. | Cash Distributions | 41 |
| D. | Disputed Claims Reserve | 41 |
| E. | Distributions from the Disputed Claims Reserve | 41 |
| F. | Rounding of Payments | 41 |
| G. | *De Minimis* Distribution | 41 |
| H. | Distributions on Account of Allowed Claims | 42 |
| I. | General Distribution Procedures | 42 |
| J. | Address for Delivery of Distributions | 42 |
| K. | Undeliverable Distributions and Unclaimed Property | 42 |
| L. | Withholding Taxes | 43 |
| M. | Setoffs | 43 |

Appx. 00269

**Page**

N.    Surrender of Cancelled Instruments or Securities ................................ 43

O.    Lost, Stolen, Mutilated or Destroyed Securities ................................ 43

ARTICLE VII. PROCEDURES FOR RESOLVING CONTINGENT,
            UNLIQUIDATED AND DISPUTED CLAIMS ........................... 44

A.    Filing of Proofs of Claim .......................................................... 44

B.    Disputed Claims .................................................................... 44

C.    Procedures Regarding Disputed Claims or Disputed Equity Interests ............. 44

D.    Allowance of Claims and Equity Interests ...................................... 44

1.    *Allowance of Claims* .......................................................... 45

2.    *Estimation* ................................................................... 45

3.    *Disallowance of Claims* ...................................................... 45

ARTICLE VIII. EFFECTIVENESS OF THIS PLAN ................................ 46

A.    Conditions Precedent to the Effective Date ...................................... 46

B.    Waiver of Conditions ............................................................ 47

C.    Effect of Non-Occurrence of Conditions to Effectiveness**Error! Bookmark not defined.**

D.    Dissolution of the Committee .................................................... 47

ARTICLE IX. EXCULPATION, INJUNCTION AND RELATED PROVISIONS ............... 48

A.    General .......................................................................... 48

B.    Discharge of Claims ............................................................. 48

C.    Exculpation ..................................................................... 48

D.    Releases by the Debtor .......................................................... 49

E.    Preservation of Rights of Action ............................................... 50

1.    *Maintenance of Causes of Action* ............................................ 50

2.    *Preservation of All Causes of Action Not Expressly Settled or Released* ........... 50

F.    Injunction ...................................................................... 51

**Appx. 00270**

**Page**

G.    Term of Injunctions or Stays ................................................................. 52

H.    Continuance of January 9 Order ........................................................... 52

ARTICLE X. BINDING NATURE OF PLAN ............................................................... 52

ARTICLE XI. RETENTION OF JURISDICTION .......................................................... 53

ARTICLE XII. MISCELLANEOUS PROVISIONS ....................................................... 55

A.    Payment of Statutory Fees and Filing of Reports ................................ 55

B.    Modification of Plan ............................................................................. 55

C.    Revocation of Plan ............................................................................... 55

D.    Obligations Not Changed ..................................................................... 56

E.    Entire Agreement .................................................................................. 56

F.    Closing of Chapter 11 Case .................................................................. 56

G.    Successors and Assigns ........................................................................ 56

H.    Reservation of Rights ........................................................................... 56

I.    Further Assurances ............................................................................... 57

J.    Severability ........................................................................................... 57

K.    Service of Documents ........................................................................... 57

L.    Exemption from Certain Transfer Taxes Pursuant to Section 1146(a) of the Bankruptcy Code ............................................................................. 58

M.    Governing Law ..................................................................................... 59

N.    Tax Reporting and Compliance ........................................................... 59

O.    Exhibits and Schedules ........................................................................ 59

P.    Controlling Document .......................................................................... 59

## DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

HIGHLAND CAPITAL MANAGEMENT, L.P., as debtor and debtor-in-possession in the above-captioned case (the "<u>Debtor</u>"), proposes the following chapter 11 plan of reorganization (the "<u>Plan</u>") for, among other things, the resolution of the outstanding Claims against, and Equity Interests in, the Debtor. Unless otherwise noted, capitalized terms used in this Plan have the meanings set forth in Article I of this Plan. The Debtor is the proponent of this Plan within the meaning of section 1129 of the Bankruptcy Code.

Reference is made to the Disclosure Statement (as such term is defined herein and distributed contemporaneously herewith) for a discussion of the Debtor's history, business, results of operations, historical financial information, projections and assets, and for a summary and analysis of this Plan and the treatment provided for herein. There also are other agreements and documents that may be Filed with the Bankruptcy Court that are referenced in this Plan or the Disclosure Statement as Exhibits and Plan Documents. All such Exhibits and Plan Documents are incorporated into and are a part of this Plan as if set forth in full herein. Subject to the other provisions of this Plan, and in accordance with the requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtor reserves the right to alter, amend, modify, revoke, or withdraw this Plan prior to the Effective Date.

If this Plan cannot be confirmed, for any reason, then subject to the terms set forth herein, this Plan may be revoked.

## ARTICLE I.
## RULES OF INTERPRETATION, COMPUTATION OF TIME, GOVERNING LAW AND DEFINED TERMS

### A.    Rules of Interpretation, Computation of Time and Governing Law

For purposes hereof: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, feminine and the neuter gender; (b) any reference herein to a contract, lease, instrument, release, indenture or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document, as previously amended, modified or supplemented, if applicable, shall be substantially in that form or substantially on those terms and conditions; (c) any reference herein to an existing document or exhibit having been Filed or to be Filed shall mean that document or exhibit, as it may thereafter be amended, modified or supplemented in accordance with its terms; (d) unless otherwise specified, all references herein to "Articles," "Sections," "Exhibits" and "Plan Documents" are references to Articles, Sections, Exhibits and Plan Documents hereof or hereto; (e) unless otherwise stated, the words "herein," "hereof," "hereunder" and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation hereof; (g) any reference to an Entity as a Holder of a Claim or Equity Interest includes such Entity's successors and assigns;

(h) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; (i) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be; and (j) "$" or "dollars" means Dollars in lawful currency of the United States of America.  The provisions of Bankruptcy Rule 9006(a) shall apply in computing any period of time prescribed or allowed herein.

## B.    <u>Defined Terms</u>

Unless the context otherwise requires, the following terms shall have the following meanings when used in capitalized form herein:

1.  "*Acis*" means collectively Acis Capital Management, L.P. and Acis Capital Management GP, LLP.

2.  "*Administrative Expense Claim*" means any Claim for costs and expenses of administration of the Chapter 11 Case that is Allowed pursuant to sections 503(b), 507(a)(2), 507(b) or 1114(2) of the Bankruptcy Code, including, without limitation, (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estate and operating the business of the Debtor; and (b) all fees and charges assessed against the Estate pursuant to sections 1911 through 1930 of chapter 123 of title 28 of the United States Code, and that have not already been paid by the Debtor during the Chapter 11 Case and a Professional Fee Claim.

3.  "*Administrative Expense Claims Bar Date*" means, with respect to any Administrative Expense Claim (other than a Professional Fee Claim) becoming due on or prior to the Effective Date, 5:00 p.m. (prevailing Central Time) on such date that is forty-five days after the Effective Date.

4.  "*Administrative Expense Claims Objection Deadline*" means, with respect to any Administrative Expense Claim, the later of (a) ninety (90) days after the Effective Date and (b) sixty (60) days after the timely Filing of the applicable request for payment of such Administrative Expense Claim; *provided, however,* that the Administrative Expense Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee.

5.  "*Affiliate*" of any Person means any Entity that, with respect to such Person, either (i) is an "affiliate" as defined in section 101(2) of the Bankruptcy Code, or (ii) is an "affiliate" as defined in Rule 405 of the Securities Act of 1933, or (iii) directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, such Person.  For the purposes of this definition, the term "control" (including, without limitation, the terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction in any respect of the management or policies of a Person, whether through the ownership of voting securities, by contract, or otherwise.

6.  "*Allowed*" means, with respect to any Claim, except as otherwise provided in the Plan: (a) any Claim that is evidenced by a Proof of Claim that has been timely Filed by the

2

Bar Date, or that is not required to be evidenced by a Filed Proof of Claim under the Bankruptcy Code or a Final Order; (b) a Claim that is listed in the Schedules as not contingent, not unliquidated, and not disputed and for which no Proof of Claim has been timely filed; (c) a Claim Allowed pursuant to the Plan or an order of the Bankruptcy Court that is not stayed pending appeal; or (d) a Claim that is not Disputed (including for which a Proof of Claim has been timely filed in a liquidated and noncontingent amount that has not been objected to by the Claims Objection Deadline or as to which any such objection has been overruled by Final Order); *provided, however,* that with respect to a Claim described in clauses (a) and (b) above, such Claim shall be considered Allowed only if and to the extent that, with respect to such Claim, no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or such an objection is so interposed and the Claim shall have been Allowed as set forth above.

7. "*Allowed Claim or Equity Interest*" means a Claim or an Equity Interest of the type that has been Allowed.

8. "*Assets*" means all of the rights, titles, and interest of the Debtor, Reorganized Debtor, or Claimant Trust, in and to property of whatever type or nature, including, without limitation, real, personal, mixed, intellectual, tangible, and intangible property, the Debtor's books and records, and the Causes of Action.

9. "*Available Cash*" means any Cash in excess of the amount needed for the Claimant Trust and Reorganized Debtor to maintain business operations as determined in the sole discretion of the Claimant Trustee.

10. "*Avoidance Actions*" means any and all avoidance, recovery, subordination or other actions or remedies that may be brought by and on behalf of the Debtor or its Estate under the Bankruptcy Code or applicable nonbankruptcy law, including, without limitation, actions or remedies arising under sections 502, 510, 544, 545, and 547-553 of the Bankruptcy Code or under similar state or federal statutes and common law, including fraudulent transfer laws

11. "*Ballot*" means the form(s) distributed to holders of Impaired Claims or Equity Interests entitled to vote on the Plan on which to indicate their acceptance or rejection of the Plan.

12. "*Bankruptcy Code*" means title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended from time to time and as applicable to the Chapter 11 Case.

13. "*Bankruptcy Court*" means the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, or any other court having jurisdiction over the Chapter 11 Case.

14. "*Bankruptcy Rules*" means the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, in each case as amended from time to time and as applicable to the Chapter 11 Case.

Appx. 00274

15. "*Bar Date*" means the applicable deadlines set by the Bankruptcy Court for the filing of Proofs of Claim against the Debtor as set forth in the Bar Date Order, which deadlines may be or have been extended for certain Claimants by order of the Bankruptcy Court.

16. "*Bar Date Order*" means the *Order (I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof* [D.I. 488].

17. "*Business Day*" means any day, other than a Saturday, Sunday or "legal holiday" (as defined in Bankruptcy Rule 9006(a)).

18. "*Cash*" means the legal tender of the United States of America or the equivalent thereof.

19. "*Causes of Action*" means any action, claim, cross-claim, third-party claim, cause of action, controversy, demand, right, Lien, indemnity, contribution, guaranty, suit, obligation, liability, debt, damage, judgment, account, defense, remedy, offset, power, privilege, license and franchise of any kind or character whatsoever, in each case whether known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, foreseen or unforeseen, direct or indirect, choate or inchoate, secured or unsecured, assertable directly or derivatively (including, without limitation, under alter ego theories), whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity or pursuant to any other theory of law.  For the avoidance of doubt, Cause of Action includes, without limitation,: (a) any right of setoff, counterclaim or recoupment and any claim for breach of contract or for breach of duties imposed by law or in equity; (b) the right to object to Claims or Equity Interests; (c) any claim pursuant to section 362 or chapter 5 of the Bankruptcy Code; (d) any claim or defense including fraud, mistake, duress and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; (e) any claims under any state or foreign law, including, without limitation, any fraudulent transfer or similar claims; (f) the Avoidance Actions, and (g) the Estate Claims.  The Causes of Action include, without limitation, the Causes of Action belonging to the Debtor's Estate listed on the schedule of Causes of Action to be filed with the Plan Supplement.

20. "*CEO/CRO*" means James P. Seery, Jr., the Debtor's chief executive officer and chief restructuring officer.

21. "*Chapter 11 Case*" means the Debtor's case under chapter 11 of the Bankruptcy Code commenced on the Petition Date in the Delaware Bankruptcy Court and transferred to the Bankruptcy Court on December 4, 2019, and styled *In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj-11.

22. "*Claim*" means any "claim" against the Debtor as defined in section 101(5) of the Bankruptcy Code.

23. "*Claims Objection Deadline*" means the date that is 180 days after the Confirmation Date; *provided, however,* the Claims Objection Deadline may be extended by the Bankruptcy Court upon a motion by the Claimant Trustee.

Appx. 00275

24. "*Claimant Trust*" means the trust established for the benefit of the Claimant Trust Beneficiaries on the Effective Date in accordance with the terms of this Plan and the Claimant Trust Agreement.

25. "*Claimant Trust Agreement*" means the agreement Filed in the Plan Supplement establishing and delineating the terms and conditions of the Claimant Trust.

26. "*Claimant Trust Assets*" means (i) other than the Reorganized Debtor Assets (which are expressly excluded from this definition), all other Assets of the Estate, including, but not limited to, all Causes of Action, Available Cash, any proceeds realized or received from such Assets, all rights of setoff, recoupment, and other defenses with respect, relating to, or arising from such Assets, (ii) any Assets transferred by the Reorganized Debtor to the Claimant Trust on or after the Effective Date, (iii) the limited partnership interests in the Reorganized Debtor, and (iv) the ownership interests in New GP LLC. For the avoidance of doubt, any Causes of Action that, for any reason, are not capable of being transferred to the Claimant Trust shall constitute Reorganized Debtor Assets.

27. "*Claimant Trust Beneficiaries*" means the Holders of Allowed General Unsecured Claims, Holders of Allowed Subordinated Claims, including, upon Allowance, Disputed General Unsecured Claims and Disputed Subordinated Claims that become Allowed following the Effective Date, and, only upon certification by the Claimant Trustee that the Holders of such Claims have been paid indefeasibly in full plus, to the extent all Allowed unsecured Claims, excluding Subordinated Claims, have been paid in full, post-petition interest from the Petition Date at the Federal Judgment Rate in accordance with the terms and conditions set forth in the Claimant Trust Agreement and all Disputed Claims in Class 8 and Class 9 have been resolved, Holders of Allowed Class B/C Limited Partnership Interests, and Holders of Allowed Class A Limited Partnership Interests.

28. "*Claimant Trustee*" means James P. Seery, Jr., the Debtor's chief executive officer and chief restructuring officer, or such other Person identified in the Plan Supplement who will act as the trustee of the Claimant Trust in accordance with the Plan, the Confirmation Order, and Claimant Trust Agreement or any replacement trustee pursuant to (and in accordance with) the Claimant Trust Agreement. The Claimant Trustee shall be responsible for, among other things, monetizing the Estate's investment assets, resolving Claims (other than those Claims assigned to the Litigation Sub-Trust for resolution), and, as the sole officer of New GP LLC, winding down the Reorganized Debtor's business operations.

29. "*Claimant Trust Expenses*" means all reasonable legal and other reasonable professional fees, costs, and expenses incurred by the Trustees on account of administration of the Claimant Trust, including any reasonable administrative fees and expenses, reasonable attorneys' fees and expenses, reasonable insurance costs, taxes, reasonable escrow expenses, and other expenses.

30. "*Claimant Trust Interests*" means the non-transferable interests in the Claimant Trust that are issued to the Claimant Trust Beneficiaries pursuant to this Plan; *provided*, *however*, Holders of Class A Limited Partnership Interests, Class B Limited Partnership Interests, and Class C Limited Partnership Interests will not be deemed to hold

5

Appx. 00276

Claimant Trust Interests unless and until the Contingent Claimant Trust Interests distributed to such Holders vest in accordance with the terms of this Plan and the Claimant Trust Agreement.

31. "*Claimant Trust Oversight Committee*" means the committee of five Persons established pursuant to ARTICLE IV of this Plan to oversee the Claimant Trustee's performance of its duties and otherwise serve the functions described in this Plan and the Claimant Trust Agreement.

32. "*Class*" means a category of Holders of Claims or Equity Interests as set forth in ARTICLE III hereof pursuant to section 1122(a) of the Bankruptcy Code.

33. "*Class A Limited Partnership Interest*" means the Class A Limited Partnership Interests as defined in the Limited Partnership Agreement held by The Dugaboy Investment Trust, Mark and Pamela Okada Family Trust – Exempt Trust 2, Mark and Pamela Okada – Exempt Descendants' Trust, and Mark Kiyoshi Okada, and the General Partner Interest.

34. "*Class B Limited Partnership Interest*" means the Class B Limited Partnership Interests as defined in the Limited Partnership Agreement held by Hunter Mountain Investment Trust.

35. "*Class B/C Limited Partnership Interests*" means, collectively, the Class B Limited Partnership and Class C Limited Partnership Interests.

36. "*Class C Limited Partnership Interest*" means the Class C Limited Partnership Interests as defined in the Limited Partnership Agreement held by Hunter Mountain Investment Trust.

37. "*Committee*" means the Official Committee of Unsecured Creditors appointed by the U.S. Trustee pursuant to 11 U.S.C. § 1102(a)(1) on October 29, 2019 [D.I. 65], consisting of (i) the Redeemer Committee of Highland Crusader Fund, (ii) Meta-e Discovery, (iii) UBS, and (iv) Acis.

38. "*Confirmation Date*" means the date on which the clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Bankruptcy Court.

39. "*Confirmation Hearing*" means the hearing held by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code to consider confirmation of this Plan, as such hearing may be adjourned or continued from time to time.

40. "*Confirmation Order*" means the order of the Bankruptcy Court confirming this Plan pursuant to section 1129 of the Bankruptcy Code.

41. "*Convenience Claim*" means any prepetition, liquidated, and unsecured Claim against the Debtor that as of the Confirmation Date is less than or equal to $1,000,000 or any General Unsecured Claim that makes the Convenience Class Election.  For the avoidance of doubt, the Reduced Employee Claims will be Convenience Claims.

Appx. 00277

42. "*Convenience Claim Pool*" means the $13,150,000 in Cash that shall be available upon the Effective Date for distribution to Holders of Convenience Claims under the Plan as set forth herein.    Any Cash remaining in the Convenience Claim Pool after all distributions on account of Convenience Claims have been made will be transferred to the Claimant Trust and administered as a Claimant Trust Asset.

43. "*Convenience Class Election*" means the option provided to each Holder of a General Unsecured Claim that is a liquidated Claim as of the Confirmation Date on their Ballot to elect to reduce their claim to $1,000,000 and receive the treatment provided to Convenience Claims.

44. "*Contingent Claimant Trust Interests*" means the contingent Claimant Trust Interests to be distributed to Holders of Class A Limited Partnership Interests, Holders of Class B Limited Partnership Interests, and Holders of Class C Limited Partnership Interests in accordance with this Plan, the rights of which shall not vest, and consequently convert to Claimant Trust Interests, unless and until the Claimant Trustee Files a certification that all holders of Allowed General Unsecured Claims have been paid indefeasibly in full, plus, to the extent all Allowed unsecured Claims, excluding Subordinated Claims, have been paid in full, all accrued and unpaid post-petition interest from the Petition Date at the Federal Judgment Rate and all Disputed Claims in Class 8 and Class 9 have been resolved.    As set forth in the Claimant Trust Agreement, the Contingent Claimant Trust Interests distributed to the Holders of Class A Limited Partnership Interests will be subordinated to the Contingent Claimant Trust Interests distributed to the Holders of Class B/C Limited Partnership Interests.

45. "*Debtor*" means Highland Capital Management, L.P. in its capacity as debtor and debtor in possession in the Chapter 11 Case.

46. "*Delaware Bankruptcy Court*" means the United States Bankruptcy Court for the District of Delaware.

47. "*Disclosure Statement*" means that certain *Disclosure Statement for Debtor's Fifth Amended Chapter 11 Plan of Reorganization*, as amended, supplemented, or modified from time to time, which describes this Plan, including all exhibits and schedules thereto and references therein that relate to this Plan.

48. "*Disputed*" means with respect to any Claim or Equity Interest, any Claim or Equity Interest that is not yet Allowed.

49. "*Disputed Claims Reserve*" means the appropriate reserve(s) or account(s) to be established on the Initial Distribution Date and maintained by the Claimant Trustee for distributions on account of Disputed Claims that may subsequently become an Allowed Claim.

50. "*Disputed Claims Reserve Amount*" means, for purposes of determining the Disputed Claims Reserve, the Cash that would have otherwise been distributed to a Holder of a Disputed Claim at the time any distributions of Cash are made to the Holders of Allowed Claims. The amount of the Disputed Claim upon which the Disputed Claims Reserve is calculated shall be:  (a) the amount set forth on either the Schedules or the filed Proof of Claim, as applicable; (b) the amount agreed to by the Holder of the Disputed Claim and the Claimant Trustee or

7

Reorganized Debtor, as applicable; (c) the amount ordered by the Bankruptcy Court if it enters an order disallowing, in whole or in part, a Disputed Claim; or (d) as otherwise ordered by the Bankruptcy Court, including an order estimating the Disputed Claim.

51. "*Distribution Agent*" means the Claimant Trustee, or any party designated by the Claimant Trustee to serve as distribution agent under this Plan.

52. "*Distribution Date*" means the date or dates determined by the Reorganized Debtor or the Claimant Trustee, as applicable, on or after the Initial Distribution Date upon which the Distribution Agent shall make distributions to holders of Allowed Claims and Interests entitled to receive distributions under the Plan.

53. "*Distribution Record Date*" means the date for determining which Holders of Claims and Equity Interests are eligible to receive distributions hereunder, which date shall be the Effective Date or such later date determined by the Bankruptcy Court.

54. "*Effective Date*" means the Business Day that this Plan becomes effective as provided in ARTICLE VIII hereof.

55. "*Employees*" means the employees of the Debtor set forth in the Plan Supplement.

56. "*Enjoined Parties*" means (i) all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtor (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), (ii) James Dondero ("Dondero"), (iii) any Entity that has appeared and/or filed any motion, objection, or other pleading in this Chapter 11 Case regardless of the capacity in which such Entity appeared and any other party in interest, (iv) any Related Entity, and (v) the Related Persons of each of the foregoing.

57. "*Entity*" means any "entity" as defined in section 101(15) of the Bankruptcy Code and also includes any Person or any other entity.

58. "*Equity Interest*" means any Equity Security in the Debtor, including, without limitation, all issued, unissued, authorized or outstanding partnership interests, shares, of stock or limited company interests, the Class A Limited Partnership Interests, the Class B Limited Partnership Interests, and the Class C Limited Partnership Interests.

59. "*Equity Security*" means an "equity security" as defined in section 101(16) of the Bankruptcy Code.

60. "*Estate*" means the bankruptcy estate of the Debtor created by virtue of section 541 of the Bankruptcy Code upon the commencement of the Chapter 11 Case.

61. "*Estate Claims*" has the meaning given to it in <u>Exhibit A</u> to the *Notice of Final Term Sheet* [D.I. 354].

Appx. 00279

62. "*Exculpated Parties*" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Independent Directors, (v) the Committee, (vi) the members of the Committee (in their official capacities), (vii) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (viii) the CEO/CRO; and (ix) the Related Persons of each of the parties listed in (iv) through (viii); *provided, however,* that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), NexBank, SSB (and any of its subsidiaries), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Exculpated Party."

63. "*Executory Contract*" means a contract to which the Debtor is a party that is subject to assumption or rejection under sections 365 or 1123 of the Bankruptcy Code.

64. "*Exhibit*" means an exhibit annexed hereto or to the Disclosure Statement (as such exhibits are amended, modified or otherwise supplemented from time to time), which are incorporated by reference herein.

65. "*Federal Judgment Rate*" means the post-judgment interest rate set forth in 28 U.S.C. § 1961 as of the Effective Date.

66. "*File*" or "*Filed*" or "*Filing*" means file, filed or filing with the Bankruptcy Court or its authorized designee in the Chapter 11 Case.

67. "*Final Order*" means an order or judgment of the Bankruptcy Court, which is in full force and effect, and as to which the time to appeal, petition for *certiorari*, or move for a new trial, reargument or rehearing has expired and as to which no appeal, petition for *certiorari*, or other proceedings for a new trial, reargument or rehearing shall then be pending or as to which any right to appeal, petition for *certiorari*, new trial, reargument, or rehearing shall have been waived in writing in form and substance satisfactory to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, or, in the event that an appeal, writ of *certiorari*, new trial, reargument, or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been determined by the highest court to which such order was appealed, or *certiorari*, new trial, reargument or rehearing shall have been denied and the time to take any further appeal, petition for *certiorari*, or move for a new trial, reargument or rehearing shall have expired; *provided, however*, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be Filed with respect to such order shall not preclude such order from being a Final Order.

68. "*Frontier Secured Claim*" means the loan from Frontier State Bank to the Debtor in the principal amount of $7,879,688.00 made pursuant to that certain First Amended and Restated Loan Agreement, dated March 29, 2018.

Appx. 00280

69. "*General Partner Interest*" means the Class A Limited Partnership Interest held by Strand, as the Debtor's general partner.

70. "*General Unsecured Claim*" means any prepetition Claim against the Debtor that is not Secured and is not a/an: (a) Administrative Expense Claim; (b) Professional Fee Claim; (c) Priority Tax Claim; (d) Priority Non-Tax Claim; or (e) Convenience Claim.

71. "*Governmental Unit*" means a "governmental unit" as defined in section 101(27) of the Bankruptcy Code.

72. "*GUC Election*" means the option provided to each Holder of a Convenience Claim on their Ballot to elect to receive the treatment provided to General Unsecured Claims.

73. "*Holder*" means an Entity holding a Claim against, or Equity Interest in, the Debtor.

74. "*Impaired*" means, when used in reference to a Claim or Equity Interest, a Claim or Equity Interest that is impaired within the meaning of section 1124 of the Bankruptcy Code.

75. "*Independent Directors*" means John S. Dubel, James P. Seery, Jr., and Russell Nelms, the independent directors of Strand appointed on January 9, 2020, and any additional or replacement directors of Strand appointed after January 9, 2020, but prior to the Effective Date.

76. "*Initial Distribution Date*" means, subject to the "Treatment" sections in ARTICLE III hereof, the date that is on or as soon as reasonably practicable after the Effective Date, when distributions under this Plan shall commence to Holders of Allowed Claims and Equity Interests.

77. "*Insurance Policies*" means all insurance policies maintained by the Debtor as of the Petition Date.

78. "*Jefferies Secured Claim*" means any Claim in favor of Jefferies, LLC, arising under that certain Prime Brokerage Customer Agreement, dated May 24, 2013, between the Debtor and Jefferies, LLC, that is secured by the assets, if any, maintained in the prime brokerage account created by such Prime Brokerage Customer Agreement.

79. "*Lien*" means a "lien" as defined in section 101(37) of the Bankruptcy Code and, with respect to any asset, includes, without limitation, any mortgage, lien, pledge, charge, security interest or other encumbrance of any kind, or any other type of preferential arrangement that has the practical effect of creating a security interest, in respect of such asset.

80. "*Limited Partnership Agreement*" means that certain Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., dated December 24, 2015, as amended.

**Appx. 00281**

81. "*Litigation Sub-Trust*" means the sub-trust established within the Claimant Trust or as a wholly –owned subsidiary of the Claimant Trust on the Effective Date in each case in accordance with the terms and conditions set forth in the Litigation Sub-Trust Agreement and Claimant Trust Agreement. As set forth in the Litigation Sub-Trust Agreement, the Litigation Sub-Trust shall hold the Claimant Trust Assets that are Estate Claims.

82. "*Litigation Sub-Trust Agreement*" means the agreement filed in the Plan Supplement establishing and delineating the terms and conditions of the Litigation Sub-Trust.

83. "*Litigation Trustee*" means the trustee appointed by the Committee and reasonably acceptable to the Debtor who shall be responsible for investigating, litigating, and settling the Estate Claims for the benefit of the Claimant Trust in accordance with the terms and conditions set forth in the Litigation Sub-Trust Agreement.

84. "*Managed Funds*" means Highland Multi-Strategy Credit Fund, L.P., Highland Restoration Capital Partners, L.P., and any other investment vehicle managed by the Debtor pursuant to an Executory Contract assumed pursuant to this Plan.

85. "*New Frontier Note*" means that promissory note to be provided to the Allowed Holders of Class 2 Claims under this Plan and any other documents or security agreements securing the obligations thereunder.

86. "*New GP LLC*" means a limited liability company incorporated in the State of Delaware pursuant to the New GP LLC Documents to serve as the general partner of the Reorganized Debtor on the Effective Date.

87. "*New GP LLC Documents*" means the charter, operating agreement, and other formational documents of New GP LLC.

88. "*Ordinary Course Professionals Order*" means that certain *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtor to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtor in the Ordinary Course* [D.I. 176].

89. "*Other Unsecured Claim*" means any Secured Claim other than the Jefferies Secured Claim and the Frontier Secured Claim.

90. "*Person*" means a "person" as defined in section 101(41) of the Bankruptcy Code and also includes any natural person, individual, corporation, company, general or limited partnership, limited liability company, unincorporated organization firm, trust, estate, business trust, association, joint stock company, joint venture, government, governmental agency, Governmental Unit or any subdivision thereof, the United States Trustee, or any other entity, whether acting in an individual, fiduciary or other capacity.

91. "*Petition Date*" means October 16, 2019.

92. "*Plan*" means this *Debtor's Fifth Amended Chapter 11 Plan of Reorganization*, including the Exhibits and the Plan Documents and all supplements, appendices,

11

and schedules thereto, either in its present form or as the same may be altered, amended, modified or otherwise supplemented from time to time.

93. "*Plan Distribution*" means the payment or distribution of consideration to Holders of Allowed Claims and Allowed Equity Interests under this Plan.

94. "*Plan Documents*" means any of the documents, other than this Plan, but including, without limitation, the documents to be filed with the Plan Supplement, to be executed, delivered, assumed, or performed in connection with the occurrence of the Effective Date, and as may be modified consistent with the terms hereof with the consent of the Committee.

95. "*Plan Supplement*" means the ancillary documents necessary for the implementation and effectuation of the Plan, including, without limitation, (i) the form of Claimant Trust Agreement, (ii) the forms of New GP LLC Documents, (iii) the form of Reorganized Limited Partnership Agreement, (iv) the Sub-Servicer Agreement (if applicable), (v) the identity of the initial members of the Claimant Trust Oversight Committee, (vi) the form of Litigation Sub-Trust Agreement; (vii) the schedule of retained Causes of Action; (viii) the New Frontier Note, (ix) the schedule of Employees; (x) the form of Senior Employee Stipulation,; and (xi) the schedule of Executory Contracts and Unexpired Leases to be assumed pursuant to this Plan, which, in each case, will be in form and substance reasonably acceptable to the Debtor and the Committee.

96. "*Priority Non-Tax Claim*" means a Claim entitled to priority pursuant to section 507(a) of the Bankruptcy Code, including any Claims for paid time-off entitled to priority under section 507(a)(4) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.

97. "*Pro Rata*" means the proportion that (a) the Allowed amount of a Claim or Equity Interest in a particular Class bears to (b) the aggregate Allowed amount of all Claims or Equity Interests in such Class.

98. "*Professional*" means (a) any Entity employed in the Chapter 11 Case pursuant to section 327, 328 363 or 1103 of the Bankruptcy Code or otherwise and (b) any Entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to sections 327, 328, 330, 331, 363, 503(b), 503(b)(4) and 1103 of the Bankruptcy Code.

99. "*Professional Fee Claim*" means a Claim under sections 328, 330(a), 331, 363, 503 or 1103 of the Bankruptcy Code, with respect to a particular Professional, for compensation for services rendered or reimbursement of costs, expenses or other charges incurred after the Petition Date and prior to and including the Effective Date.

100. "*Professional Fee Claims Bar Date*" means with respect to Professional Fee Claims, the Business Day which is sixty (60) days after the Effective Date or such other date as approved by order of the Bankruptcy Court.

**Appx. 00283**

101. "*Professional Fee Claims Objection Deadline*" means, with respect to any Professional Fee Claim, thirty (30) days after the timely Filing of the applicable request for payment of such Professional Fee Claim.

102. "*Professional Fee Reserve*" means the reserve established and funded by the Claimant Trustee pursuant this Plan to provide sufficient funds to satisfy in full unpaid Allowed Professional Fee Claims.

103. "*Proof of Claim*" means a written proof of Claim or Equity Interest Filed against the Debtor in the Chapter 11 Case.

104. "*Priority Tax Claim*" means any Claim of a Governmental Unit of the kind specified in section 507(a)(8) of the Bankruptcy Code.

105. "*Protected Parties*" means, collectively, (i) the Debtor and its successors and assigns, direct and indirect majority-owned subsidiaries, and the Managed Funds, (ii) the Employees, (iii) Strand, (iv) the Reorganized Debtor, (v) the Independent Directors, (vi) the Committee, (vii) the members of the Committee (in their official capacities), (viii) the Claimant Trust, (ix) the Claimant Trustee, (x) the Litigation Sub-Trust, (xi) the Litigation Trustee, (xii) the members of the Claimant Trust Oversight Committee (in their official capacities), (xiii) New GP LLC, (xiv) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case, (xv) the CEO/CRO; *and* (xvi) the Related Persons of each of the parties listed in (iv) through (xv); *provided, however,* that, for the avoidance of doubt, none of James Dondero, Mark Okada, NexPoint Advisors, L.P. (and any of its subsidiaries and managed entities), the Charitable Donor Advised Fund, L.P. (and any of its subsidiaries, including CLO Holdco, Ltd., and managed entities), Highland CLO Funding, Ltd. (and any of its subsidiaries, members, and managed entities), NexBank, SSB (and any of its subsidiaries), Highland Capital Management Fund Advisors, L.P. (and any of its subsidiaries and managed entities), the Hunter Mountain Investment Trust (or any trustee acting for the trust), the Dugaboy Investment Trust (or any trustee acting for the trust), or Grant Scott is included in the term "Protected Party."

106. "*PTO Claims*" means any Claim for paid time off in favor of any Debtor employee in excess of the amount that would qualify as a Priority Non-Tax Claim under section 507(a)(4) of the Bankruptcy Code.

107. "*Reduced Employee Claims*" has the meaning set forth in ARTICLE IX.D.

108. "*Reinstated*" means, with respect to any Claim or Equity Interest, (a) leaving unaltered the legal, equitable, and contractual rights to which a Claim entitles the Holder of such Claim or Equity Interest in accordance with section 1124 of the Bankruptcy Code or (b) notwithstanding any contractual provision or applicable law that entitles the Holder of such Claim or Equity Interest to demand or receive accelerated payment of such Claim or Equity Interest after the occurrence of a default: (i) curing any such default that occurred before or after the Petition Date, other than a default of a kind specified in section 365(b)(2) of the Bankruptcy Code or of a kind that section 365(b)(2) of the Bankruptcy Code expressly does not require to be cured; (ii) reinstating the maturity of such Claim or Equity Interest as such maturity existed before such default; (iii) compensating the Holder of such Claim or Equity Interest for any

13

damages incurred as a result of any reasonable reliance by such Holder on such contractual provision or such applicable law; (iv) if such Claim or Equity Interest arises from any failure to perform a nonmonetary obligation, other than a default arising from failure to operate a non-residential real property lease subject to section 365(b)(1)(A) of the Bankruptcy Code, compensating the Holder of such Claim or Equity Interest (other than any Debtor or an insider of any Debtor) for any actual pecuniary loss incurred by such Holder as a result of such failure; and (v) not otherwise altering the legal, equitable, or contractual rights to which such Claim entitles the Holder of such Claim.

109.    "*Rejection Claim*" means any Claim for monetary damages as a result of the rejection of an executory contract or unexpired lease pursuant to the Confirmation Order.

110.    "*Related Entity*" means, without duplication, (a) Dondero, (b) Mark Okada ("Okada"), (c) Grant Scott ("Scott"), (d) Hunter Covitz ("Covitz"), (e) any entity or person that was an insider of the Debtor on or before the Petition Date under Section 101(31) of the Bankruptcy Code, including, without limitation, any entity or person that was a non-statutory insider, (f) any entity that, after the Effective Date, is an insider or Affiliate of one or more of Dondero, Okada, Scott, Covitz, or any of their respective insiders or Affiliates, including, without limitation, The Dugaboy Investment Trust, (g) the Hunter Mountain Investment Trust and any of its direct or indirect parents, (h) the Charitable Donor Advised Fund, L.P., and any of its direct or indirect subsidiaries, and (i) Affiliates of the Debtor and any other Entities listed on the Related Entity List.

111.    "*Related Entity List*" means that list of Entities filed with the Plan Supplement.

112.    "*Related Persons*" means, with respect to any Person, such Person's predecessors, successors, assigns (whether by operation of law or otherwise), and each of their respective present, future, or former officers, directors, employees, managers, managing members, members, financial advisors, attorneys, accountants, investment bankers, consultants, professionals, advisors, shareholders, principals, partners, subsidiaries, divisions, management companies, heirs, agents, and other representatives, in each case solely in their capacity as such.

113.    "*Released Parties*" means, collectively, (i) the Independent Directors; (ii) Strand (solely from the date of the appointment of the Independent Directors through the Effective Date); (iii) the CEO/CRO; (iv) the Committee; (v) the members of the Committee (in their official capacities), (vi) the Professionals retained by the Debtor and the Committee in the Chapter 11 Case; and (vii) the Employees.

114.    "*Reorganized Debtor*" means the Debtor, as reorganized pursuant to this Plan on and after the Effective Date.

115.    "*Reorganized Debtor Assets*" means any limited and general partnership interests held by the Debtor, the management of the Managed Funds and those Causes of Action (including, without limitation, claims for breach of fiduciary duty), that, for any reason, are not capable of being transferred to the Claimant Trust.  For the avoidance of doubt, "Reorganized

**Appx. 00285**

Debtor Assets" includes any partnership interests or shares of Managed Funds held by the Debtor but does not include the underlying portfolio assets held by the Managed Funds.

116.    "*Reorganized Limited Partnership Agreement*" means that certain Fifth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., by and among the Claimant Trust, as limited partner, and New GP LLC, as general partner, Filed with the Plan Supplement.

117.    "*Restructuring*" means the restructuring of the Debtor, the principal terms of which are set forth in this Plan and the Disclosure Statement.

118.    "*Retained Employee Claim*" means any Claim filed by a current employee of the Debtor who will be employed by the Reorganized Debtor upon the Effective Date.

119.    "*Schedules*" means the schedules of Assets and liabilities, statements of financial affairs, lists of Holders of Claims and Equity Interests and all amendments or supplements thereto Filed by the Debtor with the Bankruptcy Court [D.I. 247].

120.    "*Secured*" means, when referring to a Claim: (a) secured by a Lien on property in which the Debtor's Estate has an interest, which Lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Bankruptcy Court order, or that is subject to setoff pursuant to section 553 of the Bankruptcy Code, to the extent of the value of the creditor's interest in the interest of the Debtor's Estate in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code or (b) Allowed pursuant to the Plan as a Secured Claim.

121.    "*Security*" or "*security*" means any security as such term is defined in section 101(49) of the Bankruptcy Code.

122.    "*Senior Employees*" means the senior employees of the Debtor Filed in the Plan Supplement.

123.    "*Senior Employee Stipulation*" means the agreements filed in the Plan Supplement between each Senior Employee and the Debtor.

124.    "*Stamp or Similar Tax*" means any stamp tax, recording tax, personal property tax, conveyance fee, intangibles or similar tax, real estate transfer tax, sales tax, use tax, transaction privilege tax (including, without limitation, such taxes on prime contracting and owner-builder sales), privilege taxes (including, without limitation, privilege taxes on construction contracting with regard to speculative builders and owner builders), and other similar taxes imposed or assessed by any Governmental Unit.

125.    "*Statutory Fees*" means fees payable pursuant to 28 U.S.C. § 1930.

126.    "*Strand*" means Strand Advisors, Inc., the Debtor's general partner.

127.    "*Sub-Servicer*" means a third-party selected by the Claimant Trustee to service or sub-service the Reorganized Debtor Assets.

**Appx. 00286**

128. "*Sub-Servicer Agreement*" means the agreement that may be entered into providing for the servicing of the Reorganized Debtor Assets by the Sub-Servicer.

129. "*Subordinated Claim*" means any Claim that is subordinated to the Convenience Claims and General Unsecured Claims pursuant to 11 U.S.C. § 510 or order entered by the Bankruptcy Court.

130. "*Subordinated Claimant Trust Interests*" means the Claimant Trust Interests to be distributed to Holders of Allowed Subordinated Claims under the Plan, which such interests shall be subordinated in right and priority to the Claimant Trust Interests distributed to Holders of Allowed General Unsecured Claims as provided in the Claimant Trust Agreement.

131. "*Trust Distribution*" means the transfer of Cash or other property by the Claimant Trustee to the Claimant Trust Beneficiaries.

132. "*Trustees*" means, collectively, the Claimant Trustee and Litigation Trustee.

133. "*UBS*" means, collectively, UBS Securities LLC and UBS AG London Branch.

134. "*Unexpired Lease*" means a lease to which the Debtor is a party that is subject to assumption or rejection under section 365 of the Bankruptcy Code.

135. "*Unimpaired*" means, with respect to a Class of Claims or Equity Interests that is not impaired within the meaning of section 1124 of the Bankruptcy Code.

136. "*Voting Deadline*" means the date and time by which all Ballots to accept or reject the Plan must be received in order to be counted under the under the Order of the Bankruptcy Court approving the Disclosure Statement as containing adequate information pursuant to section 1125(a) of the Bankruptcy Code and authorizing the Debtor to solicit acceptances of the Plan.

137. "*Voting Record Date*" means November 23, 2020.

## ARTICLE II.
## ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS

### A.      Administrative Expense Claims

On the later of the Effective Date or the date on which an Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or, in each such case, as soon as practicable thereafter, each Holder of an Allowed Administrative Expense Claim (other than Professional Fee Claims) will receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Administrative Expense Claim either (i) payment in full in Available Cash for the unpaid portion of such Allowed Administrative Expense Claim; or (ii) such other less favorable treatment as agreed to in writing by the Debtor or the Reorganized

16

Appx. 00287

Debtor, as applicable, and such Holder; *provided, however,* that Administrative Expense Claims incurred by the Debtor in the ordinary course of business may be paid in the ordinary course of business in the discretion of the Debtor in accordance with such applicable terms and conditions relating thereto without further notice to or order of the Bankruptcy Court. All statutory fees payable under 28 U.S.C. § 1930(a) shall be paid as such fees become due.

If an Administrative Expense Claim (other than a Professional Fee Claim) is not paid by the Debtor in the ordinary course, the Holder of such Administrative Expense Claim must File, on or before the applicable Administrative Expense Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for allowance and payment of such Administrative Expense Claim.

Objections to any Administrative Expense Claim (other than a Professional Fee Claim) must be Filed and served on the Debtor or the Reorganized Debtor, as applicable, and the party asserting such Administrative Expense Claim by the Administrative Expense Claims Objection Deadline.

## B.     Professional Fee Claims

Professionals or other Entities asserting a Professional Fee Claim for services rendered through the Effective Date must submit fee applications under sections 327, 328, 329,330, 331, 503(b) or 1103 of the Bankruptcy Code and, upon entry of an order of the Bankruptcy Court granting such fee applications, such Professional Fee Claim shall promptly be paid in Cash in full to the extent provided in such order.

Professionals or other Entities asserting a Professional Fee Claim for services rendered on or prior to the Effective Date must File, on or before the Professional Fee Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated as requiring such notice by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for final allowance of such Professional Fee Claim.

Objections to any Professional Fee Claim must be Filed and served on the Debtor or Reorganized Debtor, as applicable, and the party asserting the Professional Fee Claim by the Professional Fee Claim Objection Deadline. Each Holder of an Allowed Professional Fee Claim will be paid by the Debtor or the Claimant Trust, as applicable, in Cash within ten (10) Business Days of entry of the order approving such Allowed Professional Fee Claim.

On the Effective Date, the Claimant Trustee shall establish the Professional Fee Reserve. The Professional Fee Reserve shall vest in the Claimant Trust and shall be maintained by the Claimant Trustee in accordance with the Plan and Claimant Trust Agreement. The Claimant Trust shall fund the Professional Fee Reserve on the Effective Date in an estimated amount determined by the Debtor in good faith prior to the Confirmation Date and that approximates the total projected amount of unpaid Professional Fee Claims on the Effective Date. Following the payment of all Allowed Professional Fee Claims, any excess funds in the Professional Fee

Appx. 00288

Reserve shall be released to the Claimant Trust to be used for other purposes consistent with the Plan and the Claimant Trust Agreement.

**C.      Priority Tax Claims**

On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Priority Tax Claim is an Allowed Priority Tax Claim as of the Effective Date or (ii) the date on which such Priority Tax Claim becomes an Allowed Priority Tax Claim, each Holder of an Allowed Priority Tax Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Priority Tax Claim, at the election of the Debtor:  (a) Cash in an amount equal to the amount of such Allowed Priority Tax Claim, (b) payment of such Allowed Priority Tax Claim in accordance with section 1129(a)(9)(C) of the Bankruptcy Code; or (c) such other less favorable treatment as agreed to in writing by the Debtor and such Holder. Payment of statutory fees due pursuant to 28 U.S.C. § 1930(a)(6) will be made at all appropriate times until the entry of a final decree; *provided, however*, that the Debtor may prepay any or all such Claims at any time, without premium or penalty.

**ARTICLE III.**
**CLASSIFICATION AND TREATMENT OF**
**CLASSIFIED CLAIMS AND EQUITY INTERESTS**

**A.      Summary**

All Claims and Equity Interests, except Administrative Expense Claims and Priority Tax Claims, are classified in the Classes set forth below.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims, and Priority Tax Claims have not been classified.

The categories of Claims and Equity Interests listed below classify Claims and Equity Interests for all purposes including, without limitation, confirmation and distribution pursuant to the Plan and pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code.  The Plan deems a Claim or Equity Interest to be classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and will be deemed classified in a different Class to the extent that any remainder of such Claim or Equity Interest qualifies within the description of such different Class.  A Claim or Equity Interest is in a particular Class only to the extent that any such Claim or Equity Interest is Allowed in that Class and has not been paid, released or otherwise settled (in each case, by the Debtor or any other Entity) prior to the Effective Date.

18

B.    **Summary of Classification and Treatment of Classified Claims and Equity Interests**

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Jefferies Secured Claim | Unimpaired | Deemed to Accept |
| 2 | Frontier Secured Claim | Impaired | Entitled to Vote |
| 3 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 4 | Priority Non-Tax Claim | Unimpaired | Deemed to Accept |
| 5 | Retained Employee Claim | Unimpaired | Deemed to Accept |
| 6 | PTO Claims | Unimpaired | Deemed to Accept |
| 7 | Convenience Claims | Impaired | Entitled to Vote |
| 8 | General Unsecured Claims | Impaired | Entitled to Vote |
| 9 | Subordinated Claims | Impaired | Entitled to Vote |
| 10 | Class B/C Limited Partnership Interests | Impaired | Entitled to Vote |
| 11 | Class A Limited Partnership Interests | Impaired | Entitled to Vote |

C.    **Elimination of Vacant Classes**

Any Class that, as of the commencement of the Confirmation Hearing, does not have at least one Holder of a Claim or Equity Interest that is Allowed in an amount greater than zero for voting purposes shall be considered vacant, deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to such Class.

D.    **Impaired/Voting Classes**

Claims and Equity Interests in Class 2 and Class 7 through Class 11 are Impaired by the Plan, and only the Holders of Claims or Equity Interests in those Classes are entitled to vote to accept or reject the Plan.

E.    **Unimpaired/Non-Voting Classes**

Claims in Class 1 and Class 3 through Class 6 are Unimpaired by the Plan, and such Holders are deemed to have accepted the Plan and are therefore not entitled to vote on the Plan.

F.    **Impaired/Non-Voting Classes**

There are no Classes under the Plan that will not receive or retain any property and no Classes are deemed to reject the Plan.

G.    **Cramdown**

If any Class of Claims or Equity Interests is deemed to reject this Plan or does not vote to accept this Plan, the Debtor may (i) seek confirmation of this Plan under section 1129(b) of the Bankruptcy Code or (ii) amend or modify this Plan in accordance with the terms hereof and the

19

**Appx. 00290**

Bankruptcy Code. If a controversy arises as to whether any Claims or Equity Interests, or any class of Claims or Equity Interests, are Impaired, the Bankruptcy Court shall, after notice and a hearing, determine such controversy on or before the Confirmation Date.

**H.** **Classification and Treatment of Claims and Equity Interests**

1. *Class 1 – Jefferies Secured Claim*

   - *Classification*: Class 1 consists of the Jefferies Secured Claim.

   - *Treatment*: On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 1 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Class 1 Claim, at the election of the Debtor: (A) Cash equal to the amount of such Allowed Class 1 Claim; (B) such other less favorable treatment as to which the Debtor and the Holder of such Allowed Class 1 Claim will have agreed upon in writing; or (C) such other treatment rendering such Claim Unimpaired. Each Holder of an Allowed Class 1 Claim will retain the Liens securing its Allowed Class 1 Claim as of the Effective Date until full and final payment of such Allowed Class 1 Claim is made as provided herein.

   - *Impairment and Voting*: Class 1 is Unimpaired, and the Holders of Class 1 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the Holders of Class 1 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

2. *Class 2 – Frontier Secured Claim*

   - *Classification*: Class 2 consists of the Frontier Secured Claim.

   - *Treatment*: On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 2 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Class 2 Claim: (A) Cash in an amount equal to all accrued but unpaid interest on the Frontier Claim through and including the Effective Date and (B) the New Frontier Note. The Holder of an Allowed Class 2 Claim will retain the Liens securing its Allowed Class 2 Claim as of the Effective Date until full and final payment of such Allowed Class 2 Claim is made as provided herein.

   - *Impairment and Voting*: Class 2 is Impaired, and the Holders of Class 2 Claims are entitled to vote to accept or reject this Plan.

20

3.      *Class 3 – Other Secured Claims*

- *Classification*:  Class 3 consists of the Other Secured Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 3 Claim is Allowed on the Effective Date or (ii) the date on which such Class 3 Claim becomes an Allowed Class 3 Claim, each Holder of an Allowed Class 3 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 3 Claim, at the option of the Debtor, or following the Effective Date, the Reorganized Debtor or Claimant Trustee, as applicable, (i) Cash equal to such Allowed Other Secured Claim, (ii) the collateral securing its Allowed Other Secured Claim, plus postpetition interest to the extent required under Bankruptcy Code Section 506(b), or (iii) such other treatment rendering such Claim Unimpaired.

- *Impairment and Voting*:  Class 3 is Unimpaired, and the Holders of Class 3 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 3 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

4.      *Class 4 – Priority Non-Tax Claims*

- *Classification*:  Class 4 consists of the Priority Non-Tax Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 4 Claim is Allowed on the Effective Date or (ii) the date on which such Class 4 Claim becomes an Allowed Class 4 Claim, each Holder of an Allowed Class 4 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 4 Claim Cash equal to the amount of such Allowed Class 4 Claim.

- *Impairment and Voting*:  Class 4 is Unimpaired, and the Holders of Class 4 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, the Holders of Class 4 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

5.      *Class 5 – Retained Employee Claims*

- *Classification*:  Class 5 consists of the Retained Employee Claims.

- *Allowance and Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Allowed Class 5 Claim will be Reinstated.

21

- *Impairment and Voting*: Class 5 is Unimpaired, and the Holders of Class 5 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the Holders of Class 5 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

6. *Class 6 – PTO Claims*

- *Classification*: Class 6 consists of the PTO Claims.

- *Allowance and Treatment*: On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 6 Claim is Allowed on the Effective Date or (ii) the date on which such Class 6 Claim becomes an Allowed Class 6 Claim, each Holder of an Allowed Class 6 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Claim 6 Claim Cash equal to the amount of such Allowed Class 6 Claim.

- *Impairment and Voting*: Class 6 is Unimpaired, and the Holders of Class 6 Claims are conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the Holders of Class 6 Claims are not entitled to vote to accept or reject this Plan and will not be solicited.

7. *Class 7 – Convenience Claims*

- *Classification*: Class 7 consists of the Convenience Claims.

- *Allowance and Treatment*: On or as soon as reasonably practicable after the later of (i) the Initial Distribution Date if such Class 7 Claim is Allowed on the Effective Date or (ii) the date on which such Class 7 Claim becomes an Allowed Class 7 Claim, each Holder of an Allowed Class 7 Claim will receive in full satisfaction, settlement, discharge and release of, and in exchange for, its Allowed Class 7 Claim (1) the treatment provided to Allowed Holders of Class 8 General Unsecured Claims if the Holder of such Class 7 Claim makes the GUC Election or (2) an amount in Cash equal to the lesser of (a) 85% of the Allowed amount of such Holder's Class 7 Claim or (b) such Holder's Pro Rata share of the Convenience Claims Cash Pool.

- *Impairment and Voting*: Class 7 is Impaired, and the Holders of Class 7 Claims are entitled to vote to accept or reject this Plan.

8. *Class 8 – General Unsecured Claims*

- *Classification*: Class 8 consists of the General Unsecured Claims.

22

Appx. 00293

- *Treatment*: On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 8 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Claimant Trust Interests, (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing, or (iii) the treatment provided to Allowed Holders of Class 7 Convenience Claims if the Holder of such Class 8 General Unsecured Claim is eligible and makes a valid Convenience Class Election.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any General Unsecured Claim, except with respect to any General Unsecured Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*: Class 8 is Impaired, and the Holders of Class 8 Claims are entitled to vote to accept or reject this Plan.

9. *Class 9 – Subordinated Claims*

- *Classification*: Class 9 consists of the Subordinated Claims.

  *Treatment*: On the Effective Date, Holders of Subordinated Claims shall receive either (i) their Pro Rata share of the Subordinated Claimant Trust Interests or, (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee may agree upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Subordinated Claim, except with respect to any Subordinated Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*: Class 9 is Impaired, and the Holders of Class 9 Claims are entitled to vote to accept or reject this Plan.

10. *Class 10 – Class B/C Limited Partnership Interests*

- *Classification*: Class 10 consists of the Class B/C Limited Partnership Interests.

Appx. 00294

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 10 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Contingent Claimant Trust Interests or (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Class B/C Limited Partnership Interest Claim, except with respect to any Class B/C Limited Partnership Interest Claim Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*:  Class 10 is Impaired, and the Holders of Class 10 Claims are entitled to vote to accept or reject this Plan.

11.  *Class 11 – Class A Limited Partnership Interests*

- *Classification*:  Class 11 consists of the Class A Limited Partnership Interests.

- *Treatment*:  On or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 11 Claim, in full satisfaction, settlement, discharge and release of, and in exchange for, such Claim shall receive (i) its Pro Rata share of the Contingent Claimant Trust Interests or (ii) such other less favorable treatment as to which such Holder and the Claimant Trustee shall have agreed upon in writing.

  Notwithstanding anything to the contrary herein, after the Effective Date and subject to the other provisions of this Plan, the Debtor, the Reorganized Debtor, and the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Class A Limited Partnership Interest, except with respect to any Class A Limited Partnership Interest Allowed by Final Order of the Bankruptcy Court.

- *Impairment and Voting*:  Class 11 is Impaired, and the Holders of Class 11 Claims are entitled to vote to accept or reject this Plan.

I.    **Special Provision Governing Unimpaired Claims**

Except as otherwise provided in the Plan, nothing under the Plan will affect the Debtor's rights in respect of any Unimpaired Claims, including, without limitation, all rights in respect of legal and equitable defenses to or setoffs or recoupments against any such Unimpaired Claims.

24

**Appx. 00295**

**J.**   **Subordinated Claims**

The allowance, classification, and treatment of all Claims under the Plan shall take into account and conform to the contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise.  Under section 510 of the Bankruptcy Code, upon written notice and hearing, the Debtor the Reorganized Debtor, and the Claimant Trustee reserve the right to seek entry of an order by the Bankruptcy Court to re-classify or to subordinate any Claim in accordance with any contractual, legal, or equitable subordination relating thereto, and the treatment afforded any Claim under the Plan that becomes a subordinated Claim at any time shall be modified to reflect such subordination.

**ARTICLE IV.**
**MEANS FOR IMPLEMENTATION OF THIS PLAN**

**A.**   **Summary**

As discussed in the Disclosure Statement, the Plan will be implemented through (i) the Claimant Trust, (ii) the Litigation Sub-Trust, and (iii) the Reorganized Debtor.

On the Effective Date, all Class A Limited Partnership Interests, including the Class A Limited Partnership Interests held by Strand, as general partner, and Class B/C Limited Partnerships in the Debtor will be cancelled, and new Class A Limited Partnership Interests in the Reorganized Debtor will be issued to the Claimant Trust and New GP LLC – a newly-chartered limited liability company wholly-owned by the Claimant Trust.  The Claimant Trust, as limited partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor, and on and following the Effective Date, the Claimant Trust will be the Reorganized Debtor's limited partner and New GP LLC will be its general partner.  The Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement, which will amend and restate, in all respects, the Debtor's current Limited Partnership Agreement.  Following the Effective Date, the Reorganized Debtor will be managed consistent with the terms of the Reorganized Limited Partnership Agreement by New GP LLC.  The sole managing member of New GP LLC will be the Claimant Trust, and the Claimant Trustee will be the sole officer of New GP LLC on the Effective Date.

Following the Effective Date, the Claimant Trust will administer the Claimant Trust Assets pursuant to this Plan and the Claimant Trust Agreement, and the Litigation Trustee will pursue, if applicable, the Estate Claims pursuant to the terms of the Litigation Sub-Trust Agreement and the Plan.  The Reorganized Debtor will administer the Reorganized Debtor Assets and, if needed, with the utilization of a Sub-Servicer, which administration will include, among other things, managing the wind down of the Managed Funds.

Although the Reorganized Debtor will manage the wind down of the Managed Funds, it is currently anticipated that neither the Reorganized Debtor nor the Claimant Trust will assume or assume and assign the contracts between the Debtor and certain Related Entities pursuant to which the Debtor provides shared services and sub-advisory services to those Related Entities.  The Debtor believes that the continued provision of the services under such contracts will not be

25

**Appx. 00296**

cost effective.

The Reorganized Debtor will distribute all proceeds from the wind down to the Claimant Trust, as its limited partner, and New GP LLC, as its general partner, in each case in accordance with the Reorganized Limited Partnership Agreement. Such proceeds, along with the proceeds of the Claimant Trust Assets, will ultimately be distributed to the Claimant Trust Beneficiaries as set forth in this Plan and the Claimant Trust Agreement.

**B.** **The Claimant Trust**[2]

1. _Creation and Governance of the Claimant Trust and Litigation Sub-Trust._

On or prior to the Effective Date, the Debtor and the Claimant Trustee shall execute the Claimant Trust Agreement and shall take all steps necessary to establish the Claimant Trust and the Litigation Sub-Trust in accordance with the Plan in each case for the benefit of the Claimant Trust Beneficiaries. Additionally, on or prior to the Effective Date, the Debtor shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Claimant Trust all of its rights, title, and interest in and to all of the Claimant Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, the Claimant Trust Assets shall automatically vest in the Claimant Trust free and clear of all Claims, Liens, encumbrances, or interests subject only to the Claimant Trust Interests and the Claimant Trust Expenses, as provided for in the Claimant Trust Agreement, and such transfer shall be exempt from any stamp, real estate transfer, mortgage from any stamp, transfer, reporting, sales, use, or other similar tax.

The Claimant Trustee shall be the exclusive trustee of the Claimant Trust Assets, excluding the Estate Claims and the Litigation Trustee shall be the exclusive trustee with respect to the Estate Claims in each case for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Claimant Trust Assets. The Claimant Trustee shall also be responsible for resolving all Claims and Equity Interests in Class 8 through Class 11, under the supervision of the Claimant Trust Oversight Committee.

On the Effective Date, the Claimant Trustee and Litigation Trustee shall execute the Litigation Sub-Trust Agreement and shall take all steps necessary to establish the Litigation Sub-Trust. Upon the creation of the Litigation Sub-Trust, the Claimant Trust shall irrevocably transfer and assign to the Litigation Sub-Trust the Estate Claims. The Claimant Trust shall be governed by the Claimant Trust Agreement and administered by the Claimant Trustee. The powers, rights, and responsibilities of the Claimant Trustee shall be specified in the Claimant Trust Agreement and shall include the authority and responsibility to, among other things, take the actions set forth in this ARTICLE IV, subject to any required reporting to the Claimant Trust Oversight Committee as may be set forth in the Claimant Trust Agreement. The Claimant Trust shall hold and distribute the Claimant Trust Assets (including the proceeds from the Estate Claims, if any) in accordance with the provisions of the Plan and the Claimant Trust Agreement; _provided_ that the Claimant Trust Oversight Committee may direct the Claimant Trust to reserve

---

[2] In the event of a conflict between the terms of this summary and the terms of the Claimant Trust Agreement and the Litigation Sub-Trust Agreement, the terms of the Claimant Trust Agreement or the Litigation Sub-Trust Agreement, as applicable, shall control.

**Appx. 00297**

Cash from distributions as necessary to fund the Claimant Trust and Litigation Sub-Trust. Other rights and duties of the Claimant Trustee and the Claimant Trust Beneficiaries shall be as set forth in the Claimant Trust Agreement. After the Effective Date, neither the Debtor nor the Reorganized Debtor shall have any interest in the Claimant Trust Assets.

The Litigation Sub-Trust shall be governed by the Litigation Sub-Trust Agreement and administered by the Litigation Trustee. The powers, rights, and responsibilities of the Litigation Trustee shall be specified in the Litigation Sub-Trust Agreement and shall include the authority and responsibility to, among other things, take the actions set forth in this ARTICLE IV, subject to any required reporting as may be set forth in the Litigation Sub-Trust Agreement. The Litigation Sub-Trust shall investigate, prosecute, settle, or otherwise resolve the Estate Claims in accordance with the provisions of the Plan and the Litigation Sub-Trust Agreement and shall distribute the proceeds therefrom to the Claimant Trust for distribution. Other rights and duties of the Litigation Trustee shall be as set forth in the Litigation Sub-Trust Agreement.

2. *Claimant Trust Oversight Committee*

The Claimant Trust, the Claimant Trustee, the management and monetization of the Claimant Trust Assets, and the management of the Reorganized Debtor (through the Claimant Trust's role as managing member of New GP LLC) and the Litigation Sub-Trust will be overseen by the Claimant Trust Oversight Committee, subject to the terms of the Claimant Trust Agreement and the Litigation Sub-Trust Agreement, as applicable.

The Claimant Trust Oversight Committee will initially consist of five members. Four of the five members will be representatives of the members of the Committee: (i) the Redeemer Committee of Highland Crusader Fund, (ii) UBS, (iii) Acis, and (iv) Meta-e Discovery. The fifth member will be an independent, natural Person chosen by the Committee and reasonably acceptable to the Debtor. The members of the Claimant Trust Oversight Committee may be replaced as set forth in the Claimant Trust Agreement. The identity of the members of the Claimant Trust Oversight Committee will be disclosed in the Plan Supplement.

As set forth in the Claimant Trust Agreement, in no event will any member of the Claimant Trust Oversight Committee with a Claim against the Estate be entitled to vote, opine, or otherwise be involved in any matters related to such member's Claim.

The independent member(s) of the Claimant Trust Oversight Committee may be entitled to compensation for their services as set forth in the Claimant Trust Agreement. Any member of the Claimant Trust Oversight Committee may be removed, and successor chosen, in the manner set forth in the Claimant Trust Agreement.

3. *Purpose of the Claimant Trust.*

The Claimant Trust shall be established for the purpose of (i) managing and monetizing the Claimant Trust Assets, subject to the terms of the Claimant Trust Agreement and the oversight of the Claimant Trust Oversight Committee, (ii) serving as the limited partner of, and holding the limited partnership interests in, the Reorganized Debtor, (iii) serving as the sole member and manager of New GP LLC, the Reorganized Debtor's general partner, (iv) in its capacity as the sole member and manager of New GP LLC, overseeing the management and

27

monetization of the Reorganized Debtor Assets pursuant to the terms of the Reorganized Limited Partnership Agreement; and (v) administering the Disputed Claims Reserve and serving as Distribution Agent with respect to Disputed Claims in Class 7 or Class 8.

In its management of the Claimant Trust Assets, the Claimant Trust will also reconcile and object to the General Unsecured Claims, Subordinated Claims, Class B/C Limited Partnership Interests, and Class A Limited Partnership Interests, as provided for in this Plan and the Claimant Trust Agreement, and make Trust Distributions to the Claimant Trust Beneficiaries in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.

The purpose of the Reorganized Debtor is discussed at greater length in ARTICLE IV.C.

4.        *Purpose of the Litigation Sub-Trust.*

The Litigation Sub-Trust shall be established for the purpose of investigating, prosecuting, settling, or otherwise resolving the Estate Claims.  Any proceeds therefrom shall be distributed by the Litigation Sub-Trust to the Claimant Trust for distribution to the Claimant Trust Beneficiaries pursuant to the terms of the Claimant Trust Agreement.

5.        *Claimant Trust Agreement and Litigation Sub-Trust Agreement.*

The Claimant Trust Agreement generally will provide for, among other things:

(i)        the payment of the Claimant Trust Expenses;

(ii)        the payment of other reasonable expenses of the Claimant Trust;

(iii)        the retention of employees, counsel, accountants, financial advisors, or other professionals and the payment of their reasonable compensation;

(iv)        the investment of Cash by the Claimant Trustee within certain limitations, including those specified in the Plan;

(v)        the orderly monetization of the Claimant Trust Assets;

(vi)        litigation of any Causes of Action, which may include the prosecution, settlement, abandonment, or dismissal of any such Causes of Action, subject to reporting and oversight by the Claimant Trust Oversight Committee;

(vii)        the resolution of Claims and Equity Interests in Class 8 through Class 11, subject to reporting and oversight by the Claimant Trust Oversight Committee;

(viii)        the administration of the Disputed Claims Reserve and distributions to be made therefrom; and

(ix)        the management of the Reorganized Debtor, including the utilization of a Sub-Servicer, with the Claimant Trust serving as the managing member of New GP LLC.

Except as otherwise ordered by the Bankruptcy Court, the Claimant Trust Expenses shall be paid from the Claimant Trust Assets in accordance with the Plan and Claimant Trust Agreement. The Claimant Trustee may establish a reserve for the payment of Claimant Trust Expense (including, without limitation, any reserve for potential indemnification claims as authorized and provided under the Claimant Trust Agreement), and shall periodically replenish such reserve, as necessary.

In furtherance of, and consistent with the purpose of, the Claimant Trust and the Plan, the Trustees, for the benefit of the Claimant Trust, shall, subject to reporting and oversight by the Claimant Trust Oversight Committee as set forth in the Claimant Trust Agreement: (i) hold the Claimant Trust Assets for the benefit of the Claimant Trust Beneficiaries, (ii) make Distributions to the Claimant Trust Beneficiaries as provided herein and in the Claimant Trust Agreement, and (iii) have the sole power and authority to prosecute and resolve any Causes of Action and objections to Claims and Equity Interests (other than those assigned to the Litigation Sub-Trust), without approval of the Bankruptcy Court. Except as otherwise provided in the Claimant Trust Agreement, the Claimant Trustee shall be responsible for all decisions and duties with respect to the Claimant Trust and the Claimant Trust Assets; *provided, however,* that the prosecution and resolution of any Estate Claims included in the Claimant Trust Assets shall be the responsibility of the Litigation Trustee. The Litigation Sub-Trust Agreement generally will provide for, among other things:

(i)     the payment of other reasonable expenses of the Litigation Sub-Trust;

(ii)    the retention of employees, counsel, accountants, financial advisors, or other professionals and the payment of their reasonable compensation; and

(iii)   the investigation and prosecution of Estate Claims, which may include the prosecution, settlement, abandonment, or dismissal of any such Estate Claims, subject to reporting and oversight as set forth in the Litigation Sub-Trust Agreement.

The Trustees, on behalf of the Claimant Trust and Litigation Sub-Trust, as applicable, may each employ, without further order of the Bankruptcy Court, employees and other professionals (including those previously retained by the Debtor and the Committee) to assist in carrying out the Trustees' duties hereunder and may compensate and reimburse the reasonable expenses of these professionals without further Order of the Bankruptcy Court from the Claimant Trust Assets in accordance with the Plan and the Claimant Trust Agreement.

The Claimant Trust Agreement and Litigation Sub-Trust Agreement may include reasonable and customary provisions that allow for indemnification by the Claimant Trust in favor of the Claimant Trustee, Litigation Trustee, and the Claimant Trust Oversight Committee. Any such indemnification shall be the sole responsibility of the Claimant Trust and payable solely from the Claimant Trust Assets.

*6.*        *Compensation and Duties of Trustees.*

The salient terms of each Trustee's employment, including such Trustee's duties and compensation shall be set forth in the Claimant Trust Agreement and the Litigation Sub-Trust

Appx. 00300

Agreement, as appropriate. The Trustees shall each be entitled to reasonable compensation in an amount consistent with that of similar functionaries in similar types of bankruptcy cases.

7. *Cooperation of Debtor and Reorganized Debtor.*

To effectively investigate, prosecute, compromise and/or settle the Claims and/or Causes of Action that constitute Claimant Trust Assets (including Estate Claims), the Claimant Trustee, Litigation Trustee, and each of their professionals may require reasonable access to the Debtor's and Reorganized Debtor's documents, information, and work product relating to the Claimant Trust Assets. Accordingly, the Debtor and the Reorganized Debtor, as applicable, shall reasonably cooperate with the Claimant Trustee and Litigation Trustee, as applicable, in their prosecution of Causes of Action and in providing the Claimant Trustee and Litigation Trustee with copies of documents and information in the Debtor's possession, custody, or control on the Effective Date that either Trustee indicates relates to the Estate Claims or other Causes of Action.

The Debtor and Reorganized Debtor shall preserve all records, documents or work product (including all electronic records, documents, or work product) related to the Claims and Causes of Action, including Estate Claims, until the earlier of (a) the dissolution of the Reorganized Debtor or (b) termination of the Claimant Trust and Litigation Sub-Trust.

8. *United States Federal Income Tax Treatment of the Claimant Trust.*

Unless the IRS requires otherwise, for all United States federal income tax purposes, the parties shall treat the transfer of the Claimant Trust Assets to the Claimant Trust as: (a) a transfer of the Claimant Trust Assets (other than the amounts set aside in the Disputed Claims Reserve, if the Claimant Trustee makes the election described in Section 7 below) directly to the applicable Claimant Trust Beneficiaries followed by (b) the transfer by the such Claimant Trust Beneficiaries to the Claimant Trust of such Claimant Trust Assets in exchange for the Claimant Trust Interests. Accordingly, the applicable Claimant Trust Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Claimant Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

9. *Tax Reporting.*

(a) The Claimant Trustee shall file tax returns for the Claimant Trust treating the Claimant Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a). The Claimant Trustee may file an election pursuant to Treasury Regulation 1.468B-9(c) to treat the Disputed Claims Reserve as a disputed ownership fund, in which case the Claimant Trustee will file federal income tax returns and pay taxes for the Disputed Claims Reserve as a separate taxable entity.

(b) The Claimant Trustee shall be responsible for payment, out of the Claimant Trust Assets, of any taxes imposed on the Claimant Trust or its assets.

30

(c) The Claimant Trustee shall determine the fair market value of the Claimant Trust Assets as of the Effective Date and notify the applicable Claimant Trust Beneficiaries of such valuation, and such valuation shall be used consistently for all federal income tax purposes.

(d) The Claimant Trustee shall distribute such tax information to the applicable Claimant Trust Beneficiaries as the Claimant Trustee determines is required by applicable law.

10.        *Claimant Trust Assets.*

The Claimant Trustee shall have the exclusive right, on behalf of the Claimant Trust, to institute, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw any and all Causes of Action included in the Claimant Trust Assets (except for the Estate Claims) without any further order of the Bankruptcy Court, and the Claimant Trustee shall have the exclusive right, on behalf of the Claimant Trust, to sell, liquidate, or otherwise monetize all Claimant Trust Assets, except as otherwise provided in this Plan or in the Claimant Trust Agreement, without any further order of the Bankruptcy Court.  Notwithstanding anything herein to the contrary, the Litigation Trustee shall have the exclusive right to institute, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw any and all Estate Claims included in the Claimant Trust Assets without any further order of the Bankruptcy Court.

From and after the Effective Date, the Trustees, in accordance with section 1123(b)(3) and (4) of the Bankruptcy Code, and on behalf of the Claimant Trust, shall each serve as a representative of the Estate with respect to any and all Claimant Trust Assets, including the Causes of Action and Estate Claims, as appropriate, and shall retain and possess the right to (a) commence, pursue, settle, compromise, or abandon, as appropriate, any and all Causes of Action in any court or other tribunal and (b) sell, liquidate, or otherwise monetize all Claimant Trust Assets.

11.        *Claimant Trust Expenses.*

From and after the Effective Date, the Claimant Trust shall, in the ordinary course of business and without the necessity of any approval by the Bankruptcy Court, pay the reasonable professional fees and expenses incurred by the Claimant Trust, the Litigation Sub-Trust, and any professionals retained by such parties and entities from the Claimant Trust Assets, except as otherwise provided in the Claimant Trust Agreement.

12.        *Trust Distributions to Claimant Trust Beneficiaries.*

The Claimant Trustee, in its discretion, may make Trust Distributions to the Claimant Trust Beneficiaries at any time and/or use the Claimant Trust Assets or proceeds thereof, *provided* that such Trust Distributions or use is otherwise permitted under the terms of the Plan, the Claimant Trust Agreement, and applicable law.

13.        *Cash Investments.*

With the consent of the Claimant Trust Oversight Committee, the Claimant Trustee may invest Cash (including any earnings thereon or proceeds therefrom) in a manner consistent with the terms of the Claimant Trust Agreement; *provided, however,* that such investments are

31

investments permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings or other controlling authorities.

> 14.      *Dissolution of the Claimant Trust and Litigation Sub-Trust.*

The Trustees and the Claimant Trust and Litigation Sub-Trust shall be discharged or dissolved, as the case may be, at such time as:  (a) the Litigation Trustee determines that the pursuit of Estate Claims is not likely to yield sufficient additional proceeds to justify further pursuit of such Estate Claims, (b) the Claimant Trustee determines that the pursuit of Causes of Action (other than Estate Claims) is not likely to yield sufficient additional proceeds to justify further pursuit of such Causes of Action, (c) the Clamant Trustee determines that the pursuit of sales of other Claimant Trust Assets is not likely to yield sufficient additional proceeds to justify further pursuit of such sales of Claimant Trust Assets, (d) all objections to Disputed Claims and Equity Interests are fully resolved, (e) the Reorganized Debtor is dissolved, and (f) all Distributions required to be made by the Claimant Trustee to the Claimant Trust Beneficiaries under the Plan have been made, but in no event shall the Claimant Trust be dissolved later than three years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such third anniversary (and, in the event of further extension, by order of the Bankruptcy Court, upon motion made at least six months before the end of the preceding extension), determines that a fixed period extension (not to exceed two years, together with any prior extensions, without a favorable letter ruling from the Internal Revenue Service or an opinion of counsel that any further extension would not adversely affect the status of the Claimant Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Claimant Trust Assets; *provided, however,* that each extension must be approved, upon a finding that the extension is necessary to facilitate or complete the recovery on, and liquidation of the Claimant Trust Assets, by the Bankruptcy Court within 6 months of the beginning of the extended term and no extension, together with any prior extensions, shall exceed three years without a favorable letter ruling from the Internal Revenue Service or an opinion of counsel that any further extension would not adversely affect the status of the Claimant Trust as a liquidating trust for federal income tax purposes.

Upon dissolution of the Claimant Trust, and pursuant to the Claimant Trust Agreement, any remaining Claimant Trust Assets that exceed the amounts required to be paid under the Plan will be transferred (in the sole discretion of the Claimant Trustee) in Cash or in-kind to the Holders of the Claimant Trust Interests as provided in the Claimant Trust Agreement.

**C.      The Reorganized Debtor**

> 1.      *Corporate Existence*

The Debtor will continue to exist after the Effective Date, with all of the powers of partnerships pursuant to the law of the State of Delaware and as set forth in the Reorganized Limited Partnership Agreement.

**Appx. 00303**

2.  *Cancellation of Equity Interests and Release*

On the Effective Date, (i) all prepetition Equity Interests, including the Class A Limited Partnership Interests and the Class B/C Limited Partnership Interests, in the Debtor shall be canceled, and (ii) all obligations or debts owed by, or Claims against, the Debtor on account of, or based upon, the Interests shall be deemed as cancelled, released, and discharged, including all obligations or duties by the Debtor relating to the Equity Interests in any of the Debtor's formation documents, including the Limited Partnership Agreement.

3.  *Issuance of New Partnership Interests*

On the Effective Date, the Debtor or the Reorganized Debtor, as applicable, will issue new Class A Limited Partnership Interests to (i) the Claimant Trust, as limited partner, and (ii) New GP LLC, as general partner, and will admit (a) the Claimant Trust as the limited partner of the Reorganized Debtor, and (b) New GP LLC as the general partner of the Reorganized Debtor. The Claimant Trust, as limited partner, will ratify New GP LLC's appointment as general partner of the Reorganized Debtor. Also, on the Effective Date, the Claimant Trust, as limited partner, and New GP LLC, as general partner, will execute the Reorganized Limited Partnership Agreement and receive partnership interests in the Reorganized Debtor consistent with the terms of the Reorganized Limited Partnership Agreement.

The Reorganized Limited Partnership Agreement does not provide for, and specifically disclaims, the indemnification obligations under the Limited Partnership Agreement, including any such indemnification obligations that accrued or arose or could have been brought prior to the Effective Date. Any indemnification Claims under the Limited Partnership Agreement that accrued, arose, or could have been filed prior to the Effective Date will be resolved through the Claims resolution process provided that a Claim is properly filed in accordance with the Bankruptcy Code, the Plan, or the Bar Date Order. Each of the Debtor, the Reorganized Debtor, the Claimant Trust, and the Litigation Sub-Trust reserve all rights with respect to any such indemnification Claims.

4.  *Management of the Reorganized Debtor*

Subject to and consistent with the terms of the Reorganized Limited Partnership Agreement, the Reorganized Debtor shall be managed by its general partner, New GP LLC. The initial officers and employees of the Reorganized Debtor shall be selected by the Claimant Trustee. The Reorganized Debtor may, in its discretion, also utilize a Sub-Servicer in addition to or in lieu of the retention of officers and employees.

As set forth in the Reorganized Limited Partnership Agreement, New GP LLC will receive a fee for managing the Reorganized Debtor. Although New GP LLC will be a limited liability company, it will elect to be treated as a C-Corporation for tax purposes. Therefore, New GP LLC (and any taxable income attributable to it) will be subject to corporate income taxation on a standalone basis, which may reduce the return to Claimants.

**Appx. 00304**

5.        *Vesting of Assets in the Reorganized Debtor*

Except as otherwise provided in this Plan or the Confirmation Order, on or after the Effective Date, all Reorganized Debtor Assets will vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges or other encumbrances pursuant to section 1141(c) of the Bankruptcy Code except with respect to such Liens, Claims, charges and other encumbrances that are specifically preserved under this Plan upon the Effective Date.

The Reorganized Debtor shall be the exclusive trustee of the Reorganized Debtor Assets for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estate appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code with respect to the Reorganized Debtor Assets.

6.        *Purpose of the Reorganized Debtor*

Except as may be otherwise provided in this Plan or the Confirmation Order, the Reorganized Debtor will continue to manage the Reorganized Debtor Assets (which shall include, for the avoidance of doubt, serving as the investment manager of the Managed Funds) and may use, acquire or dispose of the Reorganized Debtor Assets and compromise or settle any Claims with respect to the Reorganized Debtor Assets without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules. The Reorganized Debtor shall oversee the resolution of Claims in Class 1 through Class 7.

Without limiting the foregoing, the Reorganized Debtor will pay the charges that it incurs after the Effective Date for Professionals' fees, disbursements, expenses or related support services (including reasonable fees relating to the preparation of Professional fee applications) in the ordinary course of business and without application or notice to, or order of, the Bankruptcy Court.

7.        *Distribution of Proceeds from the Reorganized Debtor Assets; Transfer of Reorganized Debtor Assets*

Any proceeds received by the Reorganized Debtor will be distributed to the Claimant Trust, as limited partner, and New GP LLC, as general partner, in the manner set forth in the Reorganized Limited Partnership Agreement. As set forth in the Reorganized Limited Partnership Agreement, the Reorganized Debtor may, from time to time distribute Reorganized Debtor Assets to the Claimant Trust either in Cash or in-kind, including to institute the wind-down and dissolution of the Reorganized Debtor. Any assets distributed to the Claimant Trust will be (i) deemed transferred in all respects as forth in ARTICLE IV.B.1, (ii) deemed Claimant Trust Assets, and (iii) administered as Claimant Trust Assets.

**D.        Company Action**

Each of the Debtor, the Reorganized Debtor, and the Trustees, as applicable, may take any and all actions to execute, deliver, File or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of this Plan, the Claimant Trust Agreement, the Reorganized Limited Partnership Agreement, or the New GP LLC Documents, as applicable, in

34

**Appx. 00305**

the name of and on behalf of the Debtor, the Reorganized Debtor, or the Trustees, as applicable, and in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by the security holders, officers, or directors of the Debtor or the Reorganized Debtor, as applicable, or by any other Person.

Prior to, on or after the Effective Date (as appropriate), all matters provided for pursuant to this Plan that would otherwise require approval of the stockholders, partners, directors, managers, or members of the Debtor, any Related Entity, or any Affiliate thereof (as of prior to the Effective Date) will be deemed to have been so approved and will be in effect prior to, on or after the Effective Date (as appropriate) pursuant to applicable law and without any requirement of further action by the stockholders, partners, directors, managers or members of such Persons, or the need for any approvals, authorizations, actions or consents of any Person.

All matters provided for in this Plan involving the legal or corporate structure of the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, and any legal or corporate action required by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, in connection with this Plan, will be deemed to have occurred and will be in full force and effect in all respects, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by the security holders, partners, directors, managers, or members of the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, or by any other Person. On the Effective Date, the appropriate officers of the Debtor and the Reorganized Debtor, as applicable, as well as the Trustees, are authorized to issue, execute, deliver, and consummate the transactions contemplated by, the contracts, agreements, documents, guarantees, pledges, consents, securities, certificates, resolutions and instruments contemplated by or described in this Plan in the name of and on behalf of the Debtor and the Reorganized Debtor, as well as the Trustees, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person.  The appropriate officer of the Debtor, the Reorganized Debtor, as well as the Trustees, will be authorized to certify or attest to any of the foregoing actions.

**E.**      **Release of Liens, Claims and Equity Interests**

Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, from and after the Effective Date and concurrently with the applicable distributions made pursuant to the Plan, all Liens, Claims, Equity Interests, mortgages, deeds of trust, or other security interests against the property of the Estate will be fully released, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or the vote, consent, authorization or approval of any Entity.  Any Entity holding such Liens or Equity Interests extinguished pursuant to the prior sentence will, pursuant to section 1142 of the Bankruptcy Code, promptly execute and deliver to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, such instruments of termination, release, satisfaction and/or assignment (in recordable form) as may be reasonably requested by the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable.  For the avoidance of

35

doubt, this section is in addition to, and shall not be read to limit in any respects, ARTICLE IV.C.2.

**F.** **Cancellation of Notes, Certificates and Instruments**

Except for the purpose of evidencing a right to a distribution under this Plan and except as otherwise set forth in this Plan, on the Effective Date, all agreements, instruments, Securities and other documents evidencing any prepetition Claim or Equity Interest and any rights of any Holder in respect thereof shall be deemed cancelled, discharged, and of no force or effect. The holders of or parties to such cancelled instruments, Securities, and other documentation will have no rights arising from or related to such instruments, Securities, or other documentation or the cancellation thereof, except the rights provided for pursuant to this Plan, and the obligations of the Debtor thereunder or in any way related thereto will be fully released, terminated, extinguished and discharged, in each case without further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any requirement of further action, vote or other approval or authorization by any Person. For the avoidance of doubt, this section is in addition to, and shall not be read to limit in any respects, ARTICLE IV.C.2.

**G.** **Cancellation of Existing Instruments Governing Security Interests**

Upon payment or other satisfaction of an Allowed Class 1 or Allowed Class 2 Claim, or promptly thereafter, the Holder of such Allowed Class 1 or Allowed Class 2 Claim shall deliver to the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, any collateral or other property of the Debtor held by such Holder, together with any termination statements, instruments of satisfaction, or releases of all security interests with respect to its Allowed Class 1 or Allowed Class 2 Claim that may be reasonably required to terminate any related financing statements, mortgages, mechanics' or other statutory Liens, or *lis pendens*, or similar interests or documents.

**H.** **Control Provisions**

To the extent that there is any inconsistency between this Plan as it relates to the Claimant Trust, the Claimant Trust Agreement, the Reorganized Debtor, or the Reorganized Limited Partnership Agreement, this Plan shall control.

**I.** **Treatment of Vacant Classes**

Any Claim or Equity Interest in a Class considered vacant under ARTICLE III.C of this Plan shall receive no Plan Distributions.

**J.** **Plan Documents**

The documents, if any, to be Filed as part of the Plan Documents, including any documents filed with the Plan Supplement, and any amendments, restatements, supplements, or other modifications to such documents, and any consents, waivers, or other deviations under or from any such documents, shall be incorporated herein by this reference (including to the applicable definitions in ARTICLE I hereof) and fully enforceable as if stated in full herein.

**Appx. 00307**

The Debtor and the Committee are currently working to finalize the forms of certain of the Plan Documents to be filed with the Plan Supplement. To the extent that the Debtor and the Committee cannot agree as to the form and content of such Plan Documents, they intend to submit the issue to non-binding mediation pursuant to the *Order Directing Mediation* entered on August 3, 2020 [D.I. 912].

**K.      Highland Capital Management, L.P. Retirement Plan and Trust**

The Highland Capital Management, L.P. Retirement Plan And Trust ("Pension Plan") is a single-employer defined benefit pension plan covered by Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). 29 U.S.C. §§ 1301-1461. The Debtor is the contributing sponsor and, as such, the PBGC asserts that the Debtor is liable along with any members of the contributing sponsor's controlled-group within the meaning of 29 U.S.C. §§ 1301(a)(13), (14) with respect to the Pension Plan.

Upon the Effective Date, the Reorganized Debtor shall be deemed to have assumed the Pension Plan and shall comply with all applicable statutory provisions of ERISA and the Internal Revenue Code (the "IRC"), including, but not limited to, satisfying the minimum funding standards pursuant to 26 U.S.C. §§ 412, 430, and 29 U.S.C. §§ 1082, 1083; paying the PBGC premiums in accordance with 29 U.S.C. §§ 1306 and 1307; and administering the Pension Plan in accordance with its terms and the provisions of ERISA and the IRC. In the event that the Pension Plan terminates after the Plan of Reorganization Effective Date, the PBGC asserts that the Reorganized Debtor and each of its controlled group members will be responsible for the liabilities imposed by Title IV of ERISA.

Notwithstanding any provision of the Plan, the Confirmation Order, or the Bankruptcy Code (including section 1141 thereof) to the contrary, neither the Plan, the Confirmation Order, or the Bankruptcy Code shall be construed as discharging, releasing, exculpating or relieving the Debtor, the Reorganized Debtor, or any person or entity in any capacity, from any liability or responsibility, if any, with respect to the Pension Plan under any law, governmental policy, or regulatory provision. PBGC and the Pension Plan shall not be enjoined or precluded from enforcing such liability or responsibility against any person or entity as a result of any of the provisions of the Plan, the Confirmation Order, or the Bankruptcy Code. The Debtor reserves the right to contest any such liability or responsibility.

**ARTICLE V.**
**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**A.      Assumption, Assignment, or Rejection of Executory Contracts and Unexpired Leases**

Unless an Executory Contract or Unexpired Lease: (i) was previously assumed or rejected by the Debtor pursuant to this Plan on or prior to the Confirmation Date; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a motion to assume filed by the Debtor on or before the Confirmation Date; (iv) contains a change of control or similar provision that would be triggered by the Chapter 11 Case (unless such provision has been irrevocably waived); or (v) is specifically designated as a

contract or lease to be assumed in the Plan or the Plan Supplement, on the Confirmation Date, each Executory Contract and Unexpired Lease shall be deemed rejected pursuant to section 365 of the Bankruptcy Code, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, unless such Executory Contract or Unexpired Lease is listed in the Plan Supplement.

At any time on or prior to the Confirmation Date, the Debtor may (i) amend the Plan Supplement in order to add or remove a contract or lease from the list of contracts to be assumed or (ii) assign (subject to applicable law) any Executory Contract or Unexpired Lease, as determined by the Debtor in consultation with the Committee, or the Reorganized Debtor, as applicable.

The Confirmation Order will constitute an order of the Bankruptcy Court approving the above-described assumptions, rejections, and assumptions and assignments. Except as otherwise provided herein or agreed to by the Debtor and the applicable counterparty, each assumed Executory Contract or Unexpired Lease shall include all modifications, amendments, supplements, restatements, or other agreements related thereto, and all rights related thereto. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Debtor during the Chapter 11 Case shall not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease or the validity, priority, or amount of any Claims that may arise in connection therewith. To the extent applicable, no change of control (or similar provision) will be deemed to occur under any such Executory Contract or Unexpired Lease.

If certain, but not all, of a contract counterparty's Executory Contracts and/or Unexpired Leases are rejected pursuant to the Plan, the Confirmation Order shall be a determination that such counterparty's Executory Contracts and/or Unexpired Leases that are being assumed pursuant to the Plan are severable agreements that are not integrated with those Executory Contracts and/or Unexpired Leases that are being rejected pursuant to the Plan. Parties seeking to contest this finding with respect to their Executory Contracts and/or Unexpired Leases must file a timely objection to the Plan on the grounds that their agreements are integrated and not severable, and any such dispute shall be resolved by the Bankruptcy Court at the Confirmation Hearing (to the extent not resolved by the parties prior to the Confirmation Hearing).

Notwithstanding anything herein to the contrary, the Debtor shall assume or reject that certain real property lease with Crescent TC Investors L.P. ("Landlord") for the Debtor's headquarters located at 200/300 Crescent Ct., Suite #700, Dallas, Texas 75201 (the "Lease") in accordance with the notice to Landlord, procedures and timing required by 11 U.S.C. §365(d)(4), as modified by that certain *Agreed Order Granting Motion to Extend Time to Assume or Reject Unexpired Nonresidential Real Property Lease* [Docket No. 1122].

## B. Claims Based on Rejection of Executory Contracts or Unexpired Leases

Any Executory Contract or Unexpired Lease not assumed or rejected on or before the Confirmation Date shall be deemed rejected, pursuant to the Confirmation Order. Any Person asserting a Rejection Claim shall File a proof of claim within thirty days of the Effective Date. Any Rejection Claims that are not timely Filed pursuant to this Plan shall be forever disallowed

and barred.  If one or more Rejection Claims are timely Filed, the Claimant Trustee may File an objection to any Rejection Claim.

Rejection Claims shall be classified as General Unsecured Claims and shall be treated in accordance with ARTICLE III of this Plan.

**C.** **Cure of Defaults for Assumed or Assigned Executory Contracts and Unexpired Leases**

Any monetary amounts by which any Executory Contract or Unexpired Lease to be assumed or assigned hereunder is in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by the Debtor upon assumption or assignment thereof, by payment of the default amount in Cash as and when due in the ordinary course or on such other terms as the parties to such Executory Contracts may otherwise agree.  The Debtor may serve a notice on the Committee and parties to Executory Contracts or Unexpired Leases to be assumed or assigned reflecting the Debtor's or Reorganized Debtor's intention to assume or assign the Executory Contract or Unexpired Lease in connection with this Plan and setting forth the proposed cure amount (if any).

If a dispute regarding (1) the amount of any payments to cure a default, (2) the ability of the Debtor, the Reorganized Debtor, or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed or assigned or (3) any other matter pertaining to assumption or assignment, the cure payments required by section 365(b)(1) of the Bankruptcy Code will be made following the entry of a Final Order or orders resolving the dispute and approving the assumption or assignment.

Assumption or assignment of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise and full payment of any applicable cure amounts pursuant to this ARTICLE V.C shall result in the full release and satisfaction of any cure amounts, Claims, or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed or assigned Executory Contract or Unexpired Lease at any time prior to the effective date of assumption or assignment.  Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed or assigned in the Chapter 11 Case, including pursuant to the Confirmation Order, and for which any cure amounts have been fully paid pursuant to this ARTICLE V.C, shall be deemed disallowed and expunged as of the Confirmation Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court.

## ARTICLE VI.
## PROVISIONS GOVERNING DISTRIBUTIONS

**A.** **Dates of Distributions**

Except as otherwise provided in this Plan, on the Effective Date or as soon as reasonably practicable thereafter (or if a Claim is not an Allowed Claim or Equity Interest on the Effective Date, on the date that such Claim or Equity Interest becomes an Allowed Claim or Equity

39

Interest, or as soon as reasonably practicable thereafter), each Holder of an Allowed Claim or Equity Interest against the Debtor shall receive the full amount of the distributions that this Plan provides for Allowed Claims or Allowed Equity Interests in the applicable Class and in the manner provided herein. If any payment or act under this Plan is required to be made or performed on a date that is not on a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date. If and to the extent there are Disputed Claims or Equity Interests, distributions on account of any such Disputed Claims or Equity Interests shall be made pursuant to the provisions provided in this Plan. Except as otherwise provided in this Plan, Holders of Claims and Equity Interests shall not be entitled to interest, dividends or accruals on the distributions provided for therein, regardless of whether distributions are delivered on or at any time after the Effective Date.

Upon the Effective Date, all Claims and Equity Interests against the Debtor shall be deemed fixed and adjusted pursuant to this Plan and none of the Debtor, the Reorganized Debtor, or the Claimant Trust will have liability on account of any Claims or Equity Interests except as set forth in this Plan and in the Confirmation Order. All payments and all distributions made by the Distribution Agent under this Plan shall be in full and final satisfaction, settlement and release of all Claims and Equity Interests against the Debtor and the Reorganized Debtor.

At the close of business on the Distribution Record Date, the transfer ledgers for the Claims against the Debtor and the Equity Interests in the Debtor shall be closed, and there shall be no further changes in the record holders of such Claims and Equity Interests. The Debtor, the Reorganized Debtor, the Trustees, and the Distribution Agent, and each of their respective agents, successors, and assigns shall have no obligation to recognize the transfer of any Claims against the Debtor or Equity Interests in the Debtor occurring after the Distribution Record Date and shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the transfer ledgers as of the close of business on the Distribution Record Date irrespective of the number of distributions to be made under this Plan to such Persons or the date of such distributions.

## B.    Distribution Agent

Except as provided herein, all distributions under this Plan shall be made by the Claimant Trustee, as Distribution Agent, or by such other Entity designated by the Claimant Trustee, as a Distribution Agent on the Effective Date or thereafter. The Reorganized Debtor will be the Distribution Agent with respect to Claims in Class 1 through Class 7.

The Claimant Trustee, or such other Entity designated by the Claimant Trustee to be the Distribution Agent, shall not be required to give any bond or surety or other security for the performance of such Distribution Agent's duties unless otherwise ordered by the Bankruptcy Court.

The Distribution Agent shall be empowered to (a) effect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under this Plan; (b) make all distributions contemplated hereby; (c) employ professionals to represent it with respect to its responsibilities; and (d) exercise such other powers as may be vested in the

40

Distribution Agent by order of the Bankruptcy Court, pursuant to this Plan, or as deemed by the Distribution Agent to be necessary and proper to implement the provisions hereof.

The Distribution Agent shall not have any obligation to make a particular distribution to a specific Holder of an Allowed Claim if such Holder is also the Holder of a Disputed Claim.

**C.    Cash Distributions**

Distributions of Cash may be made by wire transfer from a domestic bank, except that Cash payments made to foreign creditors may be made in such funds and by such means as the Distribution Agent determines are necessary or customary in a particular foreign jurisdiction.

**D.    Disputed Claims Reserve**

On or prior to the Initial Distribution Date, the Claimant Trustee shall establish, fund and maintain the Disputed Claims Reserve(s) in the appropriate Disputed Claims Reserve Amounts on account of any Disputed Claims.

**E.    Distributions from the Disputed Claims Reserve**

The Disputed Claims Reserve shall at all times hold Cash in an amount no less than the Disputed Claims Reserve Amount.  To the extent a Disputed Claim becomes an Allowed Claim pursuant to the terms of this Plan, within 30 days of the date on which such Disputed Claim becomes an Allowed Claim pursuant to the terms of this Plan, the Claimant Trustee shall distribute from the Disputed Claims Reserve to the Holder thereof any prior distributions, in Cash, that would have been made to such Allowed Claim if it had been Allowed as of the Effective Date.  For the avoidance of doubt, each Holder of a Disputed Claim that subsequently becomes an Allowed Claim will also receive its Pro Rata share of the Claimant Trust Interests. If, upon the resolution of all Disputed Claims any Cash remains in the Disputed Claims Reserve, such Cash shall be transferred to the Claimant Trust and be deemed a Claimant Trust Asset.

**F.    Rounding of Payments**

Whenever this Plan would otherwise call for, with respect to a particular Person, payment of a fraction of a dollar, the actual payment or distribution shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down.  To the extent that Cash to be distributed under this Plan remains undistributed as a result of the aforementioned rounding, such Cash or stock shall be treated as "Unclaimed Property" under this Plan.

**G.    *De Minimis* Distribution**

Except as to any Allowed Claim that is Unimpaired under this Plan, none of the Debtor, the Reorganized Debtor, or the Distribution Agent shall have any obligation to make any Plan Distributions with a value of less than $100, unless a written request therefor is received by the Distribution Agent from the relevant recipient at the addresses set forth in ARTICLE VI.J hereof within 120 days after the later of the (i) Effective Date and (ii) the date such Claim becomes an Allowed Claim.  *De minimis* distributions for which no such request is timely received shall

41

revert to the Claimant Trust. Upon such reversion, the relevant Allowed Claim (and any Claim on account of missed distributions) shall be automatically deemed satisfied, discharged and forever barred, notwithstanding any federal or state escheat laws to the contrary.

**H.** **Distributions on Account of Allowed Claims**

Except as otherwise agreed by the Holder of a particular Claim or as provided in this Plan, all distributions shall be made pursuant to the terms of this Plan and the Confirmation Order. Except as otherwise provided in this Plan, distributions to any Holder of an Allowed Claim shall, to the extent applicable, be allocated first to the principal amount of any such Allowed Claim, as determined for U.S. federal income tax purposes and then, to the extent the consideration exceeds such amount, to the remainder of such Claim comprising accrued but unpaid interest, if any (but solely to the extent that interest is an allowable portion of such Allowed Claim).

**I.** **General Distribution Procedures**

The Distribution Agent shall make all distributions of Cash or other property required under this Plan, unless this Plan specifically provides otherwise. All Cash and other property held by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable, for ultimate distribution under this Plan shall not be subject to any claim by any Person.

**J.** **Address for Delivery of Distributions**

Distributions to Holders of Allowed Claims, to the extent provided for under this Plan, shall be made (1) at the addresses set forth in any written notices of address change delivered to the Debtor and the Distribution Agent; (2) at the address set forth on any Proofs of Claim Filed by such Holders (to the extent such Proofs of Claim are Filed in the Chapter 11 Case), (2), or (3) at the addresses in the Debtor's books and records.

If there is any conflict or discrepancy between the addresses set forth in (1) through (3) in the foregoing sentence, then (i) the address in Section (2) shall control; (ii) if (2) does not apply, the address in (1) shall control, and (iii) if (1) does not apply, the address in (3) shall control.

**K.** **Undeliverable Distributions and Unclaimed Property**

If the distribution to the Holder of any Allowed Claim is returned to the Reorganized Debtor or the Claimant Trust as undeliverable, no further distribution shall be made to such Holder, and Distribution Agent shall not have any obligation to make any further distribution to the Holder, unless and until the Distribution Agent is notified in writing of such Holder's then current address.

Any Entity that fails to claim any Cash within six months from the date upon which a distribution is first made to such Entity shall forfeit all rights to any distribution under this Plan and such Cash shall thereafter be deemed an Claimant Trust Asset in all respects and for all purposes. Entities that fail to claim Cash shall forfeit their rights thereto and shall have no claim whatsoever against the Debtor's Estate, the Reorganized Debtor, the Claimant Trust, or against any Holder of an Allowed Claim to whom distributions are made by the Distribution Agent.

42

**L.**    **Withholding Taxes**

In connection with this Plan, to the extent applicable, the Distribution Agent shall comply with all tax withholding and reporting requirements imposed on them by any Governmental Unit, and all distributions made pursuant to this Plan shall be subject to such withholding and reporting requirements.  The Distribution Agent shall be entitled to deduct any U.S. federal, state or local withholding taxes from any Cash payments made with respect to Allowed Claims, as appropriate.  As a condition to receiving any distribution under this Plan, the Distribution Agent may require that the Holder of an Allowed Claim entitled to receive a distribution pursuant to this Plan provide such Holder's taxpayer identification number and such other information and certification as may be deemed necessary for the Distribution Agent to comply with applicable tax reporting and withholding laws.  If a Holder fails to comply with such a request within one year, such distribution shall be deemed an unclaimed distribution. Any amounts withheld pursuant hereto shall be deemed to have been distributed to and received by the applicable recipient for all purposes of this Plan.

**M.**    **Setoffs**

The Distribution Agent may, to the extent permitted under applicable law, set off against any Allowed Claim and any distributions to be made pursuant to this Plan on account of such Allowed Claim, the claims, rights and causes of action of any nature that the Debtor, the Reorganized Debtor, or the Distribution Agent may hold against the Holder of such Allowed Claim that are not otherwise waived, released or compromised in accordance with this Plan; *provided, however*, that neither such a setoff nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor, the Reorganized Debtor, or the Claimant Trustee of any such claims, rights and causes of action that the Debtor, the Reorganized Debtor, or Claimant Trustee possesses against such Holder.  Any Holder of an Allowed Claim subject to such setoff reserves the right to challenge any such setoff in the Bankruptcy Court or any other court with jurisdiction with respect to such challenge.

**N.**    **Surrender of Cancelled Instruments or Securities**

As a condition precedent to receiving any distribution pursuant to this Plan on account of an Allowed Claim evidenced by negotiable instruments, securities, or notes canceled pursuant to ARTICLE IV of this Plan, the Holder of such Claim will tender the applicable negotiable instruments, securities, or notes evidencing such Claim (or a sworn affidavit identifying the negotiable instruments, securities, or notes formerly held by such Holder and certifying that they have been lost), to the Distribution Agent unless waived in writing by the Distribution Agent.

**O.**    **Lost, Stolen, Mutilated or Destroyed Securities**

In addition to any requirements under any applicable agreement and applicable law, any Holder of a Claim or Equity Interest evidenced by a security or note that has been lost, stolen, mutilated, or destroyed will, in lieu of surrendering such security or note to the extent required by this Plan, deliver to the Distribution Agent:  (i) evidence reasonably satisfactory to the Distribution Agent of such loss, theft, mutilation, or destruction; and (ii) such security or indemnity as may be required by the Distribution Agent to hold such party harmless from any

43

damages, liabilities, or costs incurred in treating such individual as a Holder of an Allowed Claim or Equity Interest.  Upon compliance with ARTICLE VI.O of this Plan as determined by the Distribution Agent, by a Holder of a Claim evidenced by a security or note, such Holder will, for all purposes under this Plan, be deemed to have surrendered such security or note to the Distribution Agent.

**ARTICLE VII.**
**PROCEDURES FOR RESOLVING CONTINGENT,**
**UNLIQUIDATED AND DISPUTED CLAIMS**

**A.**     **Filing of Proofs of Claim**

Unless such Claim appeared in the Schedules and is not listed as disputed, contingent, or unliquidated, or such Claim has otherwise been Allowed or paid, each Holder of a Claim was required to file a Proof of Claim on or prior to the Bar Date.

**B.**     **Disputed Claims**

Following the Effective Date, each of the Reorganized Debtor or the Claimant Trustee, as applicable, may File with the Bankruptcy Court an objection to the allowance of any Disputed Claim or Disputed Equity Interest, request the Bankruptcy Court subordinate any Claims to Subordinated Claims, or any other appropriate motion or adversary proceeding with respect to the foregoing by the Claims Objection Deadline or, at the discretion of the Reorganized Debtor or Claimant Trustee, as applicable, compromised, settled, withdrew or resolved without further order of the Bankruptcy Court, and (ii) unless otherwise provided in the Confirmation Order, the Reorganized Debtor or the Claimant Trust, as applicable, are authorized to settle, or withdraw any objections to, any Disputed Claim or Disputed Equity Interests following the Effective Date without further notice to creditors (other than the Entity holding such Disputed Claim or Disputed Equity Interest) or authorization of the Bankruptcy Court, in which event such Claim or Equity Interest shall be deemed to be an Allowed Claim or Equity Interest in the amount compromised for purposes of this Plan.

**C.**     **Procedures Regarding Disputed Claims or Disputed Equity Interests**

No payment or other distribution or treatment shall be made on account of a Disputed Claim or Disputed Equity Interest unless and until such Disputed Claim or Disputed Equity Interest becomes an Allowed Claim or Equity Interests and the amount of such Allowed Claim or Equity Interest, as applicable, is determined by order of the Bankruptcy Court or by stipulation between the Reorganized Debtor or Claimant Trust, as applicable, and the Holder of the Claim or Equity Interest.

**D.**     **Allowance of Claims and Equity Interests**

Following the date on which a Disputed Claim or Disputed Equity Interest becomes an Allowed Claim or Equity Interest after the Distribution Date, the Distribution Agent shall make a distribution to the Holder of such Allowed Claim or Equity Interest in accordance with the Plan.

**Appx. 00315**

1. *Allowance of Claims*

After the Effective Date and subject to the other provisions of this Plan, the Reorganized Debtor or the Claimant Trust, as applicable, will have and will retain any and all rights and defenses under bankruptcy or nonbankruptcy law that the Debtor had with respect to any Claim. Except as expressly provided in this Plan or in any order entered in the Chapter 11 Case prior to the Effective Date (including, without limitation, the Confirmation Order), no Claim or Equity Interest will become an Allowed Claim or Equity Interest unless and until such Claim or Equity Interest is deemed Allowed under this Plan or the Bankruptcy Code or the Bankruptcy Court has entered an order, including, without limitation, the Confirmation Order, in the Chapter 11 Case allowing such Claim or Equity Interest.

2. *Estimation*

Subject to the other provisions of this Plan, the Debtor, prior to the Effective Date, and the Reorganized Debtor or the Claimant Trustee, as applicable, after the Effective Date, may, at any time, request that the Bankruptcy Court estimate (a) any Disputed Claim or Disputed Equity Interest pursuant to applicable law and in accordance with this Plan and (b) any contingent or unliquidated Claim pursuant to applicable law, including, without limitation, section 502(c) of the Bankruptcy Code, and the Bankruptcy Court will retain jurisdiction under 28 U.S.C. §§ 157 and 1334 to estimate any Disputed Claim or Disputed Equity Interest, contingent Claim or unliquidated Claim, including during the litigation concerning any objection to any Claim or Equity Interest or during the pendency of any appeal relating to any such objection. All of the aforementioned objection, estimation and resolution procedures are cumulative and not exclusive of one another. Claims or Equity Interests may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court. The rights and objections of all parties are reserved in connection with any such estimation proceeding.

3. *Disallowance of Claims*

Any Claims or Equity Interests held by Entities from which property is recoverable under sections 542, 543, 550, or 553 of the Bankruptcy Code, or that are a transferee of a transfer avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code, and holders of such Claims or Interests may not receive any distributions on account of such Claims or Interests until such time as such Causes of Action against that Entity have been settled or a Bankruptcy Court Order with respect thereto has been entered and all sums due, if any, to the Reorganized Debtor or the Claimant Trust, as applicable, by that Entity have been turned over or paid to the Reorganized Debtor or the Claimant Trust, as applicable.

**EXCEPT AS OTHERWISE PROVIDED HEREIN OR AS AGREED TO BY THE DEBTOR, REORGANIZED DEBTOR, OR CLAIMANT TRUSTEE, AS APPLICABLE, ANY AND ALL PROOFS OF CLAIM FILED AFTER THE BAR DATE SHALL BE DEEMED DISALLOWED AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH**

45

LATE PROOF OF CLAIM HAS BEEN DEEMED TIMELY FILED BY A FINAL ORDER.

## ARTICLE VIII.
## EFFECTIVENESS OF THIS PLAN

**A.** **Conditions Precedent to the Effective Date**

The Effective Date of this Plan will be conditioned upon the satisfaction or waiver by the Debtor (and, to the extent such condition requires the consent of the Committee, the consent of the Committee with such consent not to be unreasonably withheld), pursuant to the provisions of ARTICLE VIII.B of this Plan of the following:

- This Plan and the Plan Documents, including the Claimant Trust Agreement and the Reorganized Limited Partnership Agreement, and all schedules, documents, supplements and exhibits to this Plan shall have been Filed in form and substance reasonably acceptable to the Debtor and the Committee.

- The Confirmation Order shall have become a Final Order and shall be in form and substance reasonably acceptable to the Debtor and the Committee. The Confirmation Order shall provide that, among other things, (i) the Debtor, the Reorganized Debtor, the Claimant Trustee, or the Litigation Trustee are authorized to take all actions necessary or appropriate to effectuate and consummate this Plan, including, without limitation, (a) entering into, implementing, effectuating, and consummating the contracts, instruments, releases, and other agreements or documents created in connection with or described in this Plan, (b) assuming the Executory Contracts and Unexpired Leases set forth in the Plan Supplement, (c) making all distributions and issuances as required under this Plan; and (d) entering into any transactions as set forth in the Plan Documents; (ii) the provisions of the Confirmation Order and this Plan are nonseverable and mutually dependent; (iii) the implementation of this Plan in accordance with its terms is authorized; (iv) pursuant to section 1146 of the Bankruptcy Code, the delivery of any deed or other instrument or transfer order, in furtherance of, or in connection with this Plan, including any deeds, bills of sale, or assignments executed in connection with any disposition or transfer of Assets contemplated under this Plan, shall not be subject to any Stamp or Similar Tax; and (v) the vesting of the Claimant Trust Assets in the Claimant Trust and the Reorganized Debtor Assets in the Reorganized Debtor, in each case as of the Effective Date free and clear of liens and claims to the fullest extent permissible under applicable law pursuant to section 1141(c) of the Bankruptcy Code except with respect to such Liens, Claims, charges and other encumbrances that are specifically preserved under this Plan upon the Effective Date.

- All documents and agreements necessary to implement this Plan, including without limitation, the Reorganized Limited Partnership Agreement, the Claimant Trust Agreement, and the New GP LLC Documents, in each case in form and substance reasonably acceptable to the Debtor and the Committee, shall have (a) been tendered for delivery, and (b) been effected by, executed by, or otherwise deemed binding

46

upon, all Entities party thereto and shall be in full force and effect. All conditions precedent to such documents and agreements shall have been satisfied or waived pursuant to the terms of such documents or agreements.

- All authorizations, consents, actions, documents, approvals (including any governmental approvals), certificates and agreements necessary to implement this Plan, including, without limitation, the Reorganized Limited Partnership Agreement, the Claimant Trust Agreement, and the New GP LLC Documents, shall have been obtained, effected or executed and delivered to the required parties and, to the extent required, filed with the applicable governmental units in accordance with applicable laws and any applicable waiting periods shall have expired without any action being taken or threatened by any competent authority that would restrain or prevent effectiveness or consummation of the Restructuring.

- The Debtor shall have obtained applicable directors' and officers' insurance coverage that is acceptable to each of the Debtor, the Committee, the Claimant Trust Oversight Committee, the Claimant Trustee and the Litigation Trustee.

- The Professional Fee Reserve shall be funded pursuant to this Plan in an amount determined by the Debtor in good faith.

## B.    Waiver of Conditions

The conditions to effectiveness of this Plan set forth in this ARTICLE VIII (other than that the Confirmation Order shall have been entered) may be waived in whole or in part by the Debtor (and, to the extent such condition requires the consent of the Committee, the consent of the Committee) and any applicable parties in Section VII.A of this Plan, without notice, leave or order of the Bankruptcy Court or any formal action other than proceeding to confirm or effectuate this Plan. The failure to satisfy or waive a condition to the Effective Date may be asserted by the Debtor regardless of the circumstances giving rise to the failure of such condition to be satisfied. The failure of the Debtor to exercise any of the foregoing rights will not be deemed a waiver of any other rights, and each right will be deemed an ongoing right that may be asserted at any time by the Debtor, the Reorganized Debtor, or the Claimant Trust, as applicable.

## C.    Dissolution of the Committee

On the Effective Date, the Committee will dissolve, and the members of the Committee and the Committee's Professionals will cease to have any role arising from or relating to the Chapter 11 Case, except in connection with final fee applications of Professionals for services rendered prior to the Effective Date (including the right to object thereto). The Professionals retained by the Committee and the members thereof will not be entitled to assert any fee claims for any services rendered to the Committee or expenses incurred in the service of the Committee after the Effective Date, except for reasonable fees for services rendered, and actual and necessary costs incurred, in connection with any applications for allowance of Professional Fees pending on the Effective Date or filed and served after the Effective Date pursuant to the Plan. Nothing in the Plan shall prohibit or limit the ability of the Debtor's or Committee's

Appx. 00318

Professionals to represent either of the Trustees or to be compensated or reimbursed per the Plan and the Claimant Trust Agreement in connection with such representation.

## ARTICLE IX.
## EXCULPATION, INJUNCTION AND RELATED PROVISIONS

### A.    General

Notwithstanding anything contained in the Plan to the contrary, the allowance, classification and treatment of all Allowed Claims and Equity Interests and their respective distributions and treatments under the Plan shall take into account the relative priority and rights of the Claims and the Equity Interests in each Class in connection with any contractual, legal and equitable subordination rights relating thereto whether arising under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise.

### B.    Discharge of Claims

To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by this Plan or the Confirmation Order, all consideration distributed under this Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Equity Interests of any kind or nature whatsoever against the Debtor or any of its Assets or properties, and regardless of whether any property will have been distributed or retained pursuant to this Plan on account of such Claims or Equity Interests. Except as otherwise expressly provided by this Plan or the Confirmation Order, upon the Effective Date, the Debtor and its Estate will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Equity Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

### C.    Exculpation

Subject in all respects to ARTICLE XII.D of this Plan, to the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Petition Date in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(iv); *provided*, *however,* the foregoing will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross

48

negligence, criminal misconduct, or willful misconduct or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of this Plan, including ARTICLE IV.C.2, protecting such Exculpated Parties from liability.

## D. **Releases by the Debtor**

On and after the Effective Date, each Released Party is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtor and the Estate, in each case on behalf of themselves and their respective successors, assigns, and representatives, including, but not limited to, the Claimant Trust and the Litigation Sub-Trust from any and all Causes of Action, including any derivative claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, that the Debtor or the Estate would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Interest in, a Debtor or other Person.

Notwithstanding anything contained herein to the contrary, the foregoing release does not release: (i) any obligations of any party under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) the rights or obligations of any current employee of the Debtor under any employment agreement or plan, (iii) the rights of the Debtor with respect to any confidentiality provisions or covenants restricting competition in favor of the Debtor under any employment agreement with a current or former employee of the Debtor, (iv) any Avoidance Actions, or (v) any Causes of Action arising from willful misconduct, criminal misconduct, actual fraud, or gross negligence of such applicable Released Party as determined by Final Order of the Bankruptcy Court or any other court of competent jurisdiction.

Notwithstanding anything herein to the contrary, any release provided pursuant to this ARTICLE IX.D (i) with respect to a Senior Employee, is conditioned in all respects on (a) such Senior Employee executing a Senior Employee Stipulation on or prior to the Effective Date and (b) the reduction of such Senior Employee's Allowed Claim as set forth in the Senior Employee Stipulation (such amount, the "Reduced Employee Claim"), and (ii) with respect to any Employee, including a Senior Employee, shall be deemed null and void and of no force and effect (1) if there is more than one member of the Claimant Trust Oversight Committee who does not represent entities holding a Disputed or Allowed Claim (the "Independent Members"), the Claimant Trustee and the Independent Members by majority vote determine or (2) if there is only one Independent Member, the Independent Member after discussion with the Claimant Trustee, determines (in each case after discussing with the full Claimant Trust Oversight Committee) that such Employee (regardless of whether the Employee is then currently employed by the Debtor, the Reorganized Debtor, or the Claimant Trustee):

- sues, attempts to sue, or threatens or works with or assists any entity or person to sue, attempt to sue, or threaten the Reorganized Debtor, the Claimant Trust, the Litigation

Appx. 00320

Sub-Trust, or any of their respective employees or agents, or any Released Party on or in connection with any claim or cause of action arising prior to the Effective Date,

- has taken any action that, impairs or harms the value of the Claimant Trust Assets or the Reorganized Debtor Assets, or

- (x) upon the request of the Claimant Trustee, has failed to provide reasonable assistance in good faith to the Claimant Trustee or the Reorganized Debtor with respect to (1) the monetization of the Claimant Trust Assets or Reorganized Debtor Assets, as applicable, or (2) the resolution of Claims, or (y) has taken any action that impedes or frustrates the Claimant Trustee or the Reorganized Debtor with respect to any of the foregoing.

*Provided, however,* that the release provided pursuant to this ARTICLE IX.D will vest and the Employee will be indefeasibly released pursuant to this ARTICLE IX.D if such Employee's release has not been deemed null and void and of no force and effect on or prior to the date that is the date of dissolution of the Claimant Trust pursuant to the Claimant Trust Agreement.

By executing the Senior Employee Stipulation embodying this release, each Senior Employee acknowledges and agrees, without limitation, to the terms of this release and the tolling agreement contained in the Senior Employee Stipulation.

The provisions of this release and the execution of a Senior Employee Stipulation will not in any way prevent or limit any Employee from (i) prosecuting its Claims, if any, against the Debtor's Estate, (ii) defending him or herself against any claims or causes of action brought against the Employee by a third party, or (iii) assisting other persons in defending themselves from any Estate Claims brought by the Litigation Trustee (but only with respect to Estate Claims brought by the Litigation Trustee and not collection or other actions brought by the Claimant Trustee).

**E.** **Preservation of Rights of Action**

*1.* *Maintenance of Causes of Action*

Except as otherwise provided in this Plan, after the Effective Date, the Reorganized Debtor or the Claimant Trust will retain all rights to commence, pursue, litigate or settle, as appropriate, any and all Causes of Action included in the Reorganized Debtor Assets or Claimant Trust Assets, as applicable, whether existing as of the Petition Date or thereafter arising, in any court or other tribunal including, without limitation, in an adversary proceeding Filed in the Chapter 11 Case and, as the successors in interest to the Debtor and the Estate, may, and will have the exclusive right to, enforce, sue on, settle, compromise, transfer or assign (or decline to do any of the foregoing) any or all of the Causes of Action without notice to or approval from the Bankruptcy Court.

*2.* *Preservation of All Causes of Action Not Expressly Settled or Released*

Unless a Cause of Action against a Holder of a Claim or an Equity Interest or other Entity is expressly waived, relinquished, released, compromised or settled in this Plan or any Final

Appx. 00321

Order (including, without limitation, the Confirmation Order), such Cause of Action is expressly reserved for later adjudication by the Reorganized Debtor or Claimant Trust, as applicable (including, without limitation, Causes of Action not specifically identified or of which the Debtor may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time or facts or circumstances that may change or be different from those the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to such Causes of Action as a consequence of the confirmation, effectiveness, or consummation of this Plan based on the Disclosure Statement, this Plan or the Confirmation Order, except where such Causes of Action have been expressly released in this Plan or any other Final Order (including, without limitation, the Confirmation Order). In addition, the right of the Reorganized Debtor or the Claimant Trust to pursue or adopt any claims alleged in any lawsuit in which the Debtor is a plaintiff, defendant or an interested party, against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits, is expressly reserved.

**F.    Injunction**

**Upon entry of the Confirmation Order, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, from taking any actions to interfere with the implementation or consummation of the Plan.**

**Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.**

**The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation Sub-Trust, and the Claimant Trust and their respective property and interests in property.**

**Subject in all respects to ARTICLE XII.D, no Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or**

**Appx. 00322**

arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing without the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party; *provided, however,* the foregoing will not apply to a claim or cause of action against Strand or against any Employee other than with respect to actions taken, respectively, by Strand or by such Employee from the date of appointment of the Independent Directors through the Effective Date. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.

**G.** **Duration of Injunctions and Stays**

ARTICLE II. Unless otherwise provided in this Plan, in the Confirmation Order, or in a Final Order of the Bankruptcy Court, (i) all injunctions and stays entered during the Chapter 11 Case and in existence on the Confirmation Date shall remain in full force and effect in accordance with their terms; and (ii) the automatic stay arising under section 362 of the Bankruptcy Code shall remain in full force and effect subject to Section 362(c) of the Bankruptcy Code, and to the extent necessary if the Debtor does not receive a discharge, the Court will enter an equivalent order under Section 105.

**H.** **Continuance of January 9 Order**

Unless otherwise provided in this Plan, in the Confirmation Order, or in a Final Order of the Bankruptcy Court, the restrictions set forth in paragraphs 9 and 10 of the *Order Approving Settlement with Official Committee of Unsecured Creditors Regarding Governance of the Debtor and Procedures for Operations in the Ordinary Course*, entered by the Bankruptcy Court on January 9, 2020 [D.I. 339] shall remain in full force and effect following the Effective Date.

## ARTICLE X.
## BINDING NATURE OF PLAN

On the Effective Date, and effective as of the Effective Date, the Plan, including, without limitation, the provisions in ARTICLE IX, will bind, and will be deemed binding upon, all Holders of Claims against and Equity Interests in the Debtor and such Holder's respective successors and assigns, to the maximum extent permitted by applicable law, notwithstanding whether or not such Holder will receive or retain any property or interest in property under the Plan. All Claims and Debts shall be fixed and adjusted pursuant to this Plan. The Plan shall also bind any taxing authority, recorder of deeds, or similar official for any county, state,

Governmental Unit or parish in which any instrument related to the Plan or related to any transaction contemplated thereby is to be recorded with respect to nay taxes of the kind specified in Bankruptcy Code section 1146(a).

## ARTICLE XI.
## RETENTION OF JURISDICTION

Pursuant to sections 105 and 1142 of the Bankruptcy Code and notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall, after the Effective Date, retain such jurisdiction over the Chapter 11 Case and all Entities with respect to all matters related to the Chapter 11 Case, the Reorganized Debtor, the Claimant Trust, and this Plan to the maximum extent legally permissible, including, without limitation, jurisdiction to:

- allow, disallow, determine, liquidate, classify, estimate or establish the priority, secured, unsecured, or subordinated status of any Claim or Equity Interest, including, without limitation, the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance or priority of any Claim or Equity Interest;

- grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan, for periods ending on or before the Effective Date; *provided*, *however*, that, from and after the Effective Date, the Reorganized Debtor shall pay Professionals in the ordinary course of business for any work performed after the Effective Date subject to the terms of this Plan and the Confirmation Order, and such payment shall not be subject to the approval of the Bankruptcy Court;

- resolve any matters related to the assumption, assignment or rejection of any Executory Contract or Unexpired Lease to which the Debtor is party or with respect to which the Debtor, Reorganized Debtor, or Claimant Trust may be liable and to adjudicate and, if necessary, liquidate, any Claims arising therefrom, including, without limitation, any dispute regarding whether a contract or lease is or was executory or expired;

- make any determination with respect to a claim or cause of action against a Protected Party as set forth in ARTICLE IX;

- resolve any claim or cause of action against an Exculpated Party or Protected Party arising from or related to the Chapter 11 Case, the negotiation of this Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, or the transactions in furtherance of the foregoing;

- if requested by the Reorganized Debtor or the Claimant Trustee, authorize, approve, and allow any sale, disposition, assignment or other transfer of the Reorganized Debtor Assets or Claimant Trust Assets, including any break-up compensation or

**Appx. 00324**

expense reimbursement that may be requested by a purchaser thereof; *provided, however*, that neither the Reorganized Debtor nor the Claimant Trustee shall be required to seek such authority or approval from the Bankruptcy Court unless otherwise specifically required by this Plan or the Confirmation Order;

- if requested by the Reorganized Debtor or the Claimant Trustee, authorize, approve, and allow any borrowing or the incurrence of indebtedness, whether secured or unsecured by the Reorganized Debtor or Claimant Trust; *provided, however*, that neither the Reorganized Debtor nor the Claimant Trustee shall be required to seek such authority or approval from the Bankruptcy Court unless otherwise specifically required by this Plan or the Confirmation Order;

- resolve any issues related to any matters adjudicated in the Chapter 11 Case;

- ensure that distributions to Holders of Allowed Claims and Allowed Equity Interests are accomplished pursuant to the provisions of this Plan;

- decide or resolve any motions, adversary proceedings, contested or litigated matters and any other Causes of Action (including Estate Claims) that are pending as of the Effective Date or that may be commenced in the future, including approval of any settlements, compromises, or other resolutions as may be requested by the Debtor, the Reorganized Debtor, the Claimant Trustee, or the Litigation Trustee whether under Bankruptcy Rule 9019 or otherwise, and grant or deny any applications involving the Debtor that may be pending on the Effective Date or instituted by the Reorganized Debtor, the Claimant Trustee, or Litigation Trustee after the Effective Date, provided that the Reorganized Debtor, the Claimant Trustee, and the Litigation Trustee shall reserve the right to commence actions in all appropriate forums and jurisdictions;

- enter such orders as may be necessary or appropriate to implement, effectuate, or consummate the provisions of this Plan, the Plan Documents, and all other contracts, instruments, releases, and other agreements or documents adopted in connection with this Plan, the Plan Documents, or the Disclosure Statement;

- resolve any cases, controversies, suits or disputes that may arise in connection with the implementation, effectiveness, consummation, interpretation, or enforcement of this Plan or any Entity's obligations incurred in connection with this Plan;

- issue injunctions and enforce them, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, effectiveness, consummation, or enforcement of this Plan, except as otherwise provided in this Plan;

- enforce the terms and conditions of this Plan and the Confirmation Order;

- resolve any cases, controversies, suits or disputes with respect to the release, exculpation, indemnification, and other provisions contained herein and enter such

54

orders or take such others actions as may be necessary or appropriate to implement or enforce all such releases, injunctions and other provisions;

- enter and implement such orders or take such others actions as may be necessary or appropriate if the Confirmation Order is modified, stayed, reversed, revoked or vacated;

- resolve any other matters that may arise in connection with or relate to this Plan, the Disclosure Statement, the Confirmation Order, the Plan Documents, or any contract, instrument, release, indenture or other agreement or document adopted in connection with this Plan or the Disclosure Statement; and

- enter an order concluding or closing the Chapter 11 Case after the Effective Date.

## ARTICLE XII.
## MISCELLANEOUS PROVISIONS

### A.    Payment of Statutory Fees and Filing of Reports

All outstanding Statutory Fees shall be paid on the Effective Date.  All such fees payable, and all such fees that become due and payable, after the Effective Date shall be paid by the Reorganized Debtor when due or as soon thereafter as practicable until the Chapter 11 Case is closed, converted, or dismissed.  The Claimant Trustee shall File all quarterly reports due prior to the Effective Date when they become due, in a form reasonably acceptable to the U.S. Trustee. After the Effective Date, the Claimant Trustee shall File with the Bankruptcy Court quarterly reports when they become due, in a form reasonably acceptable to the U.S. Trustee.  The Reorganized Debtor shall remain obligated to pay Statutory Fees to the Office of the U.S. Trustee until the earliest of the Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.

### B.    Modification of Plan

Effective as of the date hereof and subject to the limitations and rights contained in this Plan:  (a) the Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify this Plan prior to the entry of the Confirmation Order with the consent of the Committee, such consent not to be unreasonably withheld; and (b) after the entry of the Confirmation Order, the Debtor may, after notice and hearing and entry of an order of the Bankruptcy Court, amend or modify this Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purpose and intent of this Plan.

### C.    Revocation of Plan

The Debtor reserves the right to revoke or withdraw this Plan prior to the Confirmation Date and to File a subsequent chapter 11 plan with the consent of the Committee.  If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, then:  (i) this Plan shall be null and void in all respects; (ii) any settlement or compromise embodied in this Plan, assumption of Executory Contracts or Unexpired Leases effected by this Plan and any document or agreement

55

executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Bankruptcy Court; and (iii) nothing contained in this Plan shall: (a) constitute a waiver or release of any Claims by or against, or any Equity Interests in, the Debtor or any other Entity; (b) prejudice in any manner the rights of the Debtor or any other Entity; or (c) constitute an admission, acknowledgement, offer or undertaking of any sort by the Debtor or any other Entity.

## D.    Obligations Not Changed

Notwithstanding anything in this Plan to the contrary, nothing herein will affect or otherwise limit or release any non-Debtor Entity's (including any Exculpated Party's) duties or obligations, including any contractual and indemnification obligations, to the Debtor, the Reorganized Debtor, or any other Entity whether arising under contract, statute, or otherwise.

## E.    Entire Agreement

Except as otherwise described herein, this Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into this Plan.

## F.    Closing of Chapter 11 Case

The Claimant Trustee shall, after the Effective Date and promptly after the full administration of the Chapter 11 Case, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Chapter 11 Case.

## G.    Successors and Assigns

This Plan shall be binding upon and inure to the benefit of the Debtor and its successors and assigns, including, without limitation, the Reorganized Debtor and the Claimant Trustee. The rights, benefits, and obligations of any Person or Entity named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such Person or Entity.

## H.    Reservation of Rights

Except as expressly set forth herein, this Plan shall have no force or effect unless and until the Bankruptcy Court enters the Confirmation Order and the Effective Date occurs.  Neither the filing of this Plan, any statement or provision contained herein, nor the taking of any action by the Debtor, the Reorganized Debtor, the Claimant Trustee, or any other Entity with respect to this Plan shall be or shall be deemed to be an admission or waiver of any rights of:  (1) the Debtor, the Reorganized Debtor, or the Claimant Trustee with respect to the Holders of Claims or Equity Interests or other Entity; or (2) any Holder of a Claim or an Equity Interest or other Entity prior to the Effective Date.

Neither the exclusion or inclusion by the Debtor of any contract or lease on any exhibit, schedule, or other annex to this Plan or in the Plan Documents, nor anything contained in this

**Appx. 00327**

Plan, will constitute an admission by the Debtor that any such contract or lease is or is not an executory contract or lease or that the Debtor, the Reorganized Debtor, the Claimant Trustee, or their respective Affiliates has any liability thereunder.

Except as explicitly provided in this Plan, nothing herein shall waive, excuse, limit, diminish, or otherwise alter any of the defenses, claims, Causes of Action, or other rights of the Debtor, the Reorganized Debtor, or the Claimant Trustee under any executory or non-executory contract.

Nothing in this Plan will increase, augment, or add to any of the duties, obligations, responsibilities, or liabilities of the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, under any executory or non-executory contract or lease.

If there is a dispute regarding whether a contract or lease is or was executory at the time of its assumption under this Plan, the Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, shall have thirty (30) days following entry of a Final Order resolving such dispute to alter their treatment of such contract.

## I.      **Further Assurances**

The Debtor, the Reorganized Debtor, or the Claimant Trustee, as applicable, all Holders of Claims and Equity Interests receiving distributions hereunder, and all other Entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of this Plan or the Confirmation Order.  On or before the Effective Date, the Debtor shall File with the Bankruptcy Court all agreements and other documents that may be necessary or appropriate to effectuate and further evidence the terms and conditions hereof.

## J.      **Severability**

If, prior to the Confirmation Date, any term or provision of this Plan is determined by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision will then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.  The Confirmation Order will constitute a judicial determination and will provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

## K.      **Service of Documents**

All notices, requests, and demands to or upon the Debtor, the Reorganized Debtor, or the Claimant Trustee to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered addressed as follows:

**Appx. 00328**

**If to the Claimant Trust:**

Highland Claimant Trust
c/o Highland Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201
Attention: James P. Seery, Jr.

**If to the Debtor:**

Highland Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201
Attention: James P. Seery, Jr.

**with copies to:**

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Attn: Jeffrey N. Pomerantz, Esq.
      Ira D. Kharasch, Esq.
      Gregory V. Demo, Esq.

**If to the Reorganized Debtor:**

Highland Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, Texas 75201
Attention: James P. Seery, Jr.
**with copies to:**

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Attn: Jeffrey N. Pomerantz, Esq.
      Ira D. Kharasch, Esq.
      Gregory V. Demo, Esq.

**L.**     **Exemption from Certain Transfer Taxes Pursuant to Section 1146(a) of the Bankruptcy Code**

To the extent permitted by applicable law, pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant hereto shall not be subject to any Stamp or Similar Tax or governmental assessment in the United States, and the Confirmation Order shall direct the appropriate federal, state or local governmental officials or agents or taxing authority to forego

58

**Appx. 00329**

the collection of any such Stamp or Similar Tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such Stamp or Similar Tax or governmental assessment. Such exemption specifically applies, without limitation, to (i) all actions, agreements and documents necessary to evidence and implement the provisions of and the distributions to be made under this Plan; (ii) the maintenance or creation of security or any Lien as contemplated by this Plan; and (iii) assignments, sales, or transfers executed in connection with any transaction occurring under this Plan.

**M.**     **Governing Law**

Except to the extent that the Bankruptcy Code, the Bankruptcy Rules or other federal law is applicable, or to the extent that an exhibit or schedule to this Plan provides otherwise, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of Texas, without giving effect to the principles of conflicts of law of such jurisdiction; *provided, however,* that corporate governance matters relating to the Debtor, the Reorganized Debtor, New GP LLC, or the Claimant Trust, as applicable, shall be governed by the laws of the state of organization of the Debtor, the Reorganized Debtor, New GP LLC, or the Claimant Trustee, as applicable.

**N.**     **Tax Reporting and Compliance**

The Debtor is hereby authorized to request an expedited determination under section 505(b) of the Bankruptcy Code of the tax liability of the Debtor is for all taxable periods ending after the Petition Date through, and including, the Effective Date.

**O.**     **Exhibits and Schedules**

All exhibits and schedules to this Plan, if any, including the Exhibits and the Plan Documents, are incorporated and are a part of this Plan as if set forth in full herein.

**P.**     **Controlling Document**

In the event of an inconsistency between this Plan and any other instrument or document created or executed pursuant to this Plan, or between this Plan and the Disclosure Statement, this Plan shall control. The provisions of this Plan, the Disclosure Statement, and any Plan Document, on the one hand, and of the Confirmation Order, on the other hand, shall be construed in a manner consistent with each other so as to effectuate the purposes of each; *provided, however*, that if there is determined to be any inconsistency between any provision of this Plan, the Disclosure Statement, and any Plan Document, on the one hand, and any provision of the Confirmation Order, on the other hand, that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of the Confirmation Order shall govern, and any such provisions of the Confirmation Order shall be deemed a modification of this Plan, the Disclosure Statement, and the Plan Documents, as applicable.

*[Remainder of Page Intentionally Blank]*

**Appx. 00330**

Dated:  January 22, 2021

Respectfully submitted,

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

By:

James P. Seery, Jr.
Chief Executive Officer and Chief Restructuring
Officer

Prepared by:

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
        ikharasch@pszjlaw.com
        gdemo@pszjlaw.com

and

**HAYWARD & ASSOCIATES PLLC**
Melissa S. Hayward (TX Bar No. 24044908)
Zachery Z. Annable (TX Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
        ZAnnable@HaywardFirm.com

*Counsel for the Debtor and Debtor-in-Possession*

# EXHIBIT 11

Case 22-03062-sgj Doc 22 Filed 06/16/22   Entered 06/16/22 16:56:17   Page 337 of 575
Case 22-03062-sgj Doc 1 Filed 06/10/22   Entered 06/10/22 16:42:25   Page 1 of 2
Case 3:21-cv-01169-N   Document 19   Filed 05/19/22   Page 1 of 2   PageID 1348

Docket #0001  Date Filed: 6/10/2022

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PCMG TRADING PARTNERS XXIII, LP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-CV-1169-N |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Defendant. | § § | |

## <u>ORDER</u>

This Order addresses Defendant Highland Capital Management, L.P.'s ("HCM")
motion for reconsideration of this Court's earlier order staying this case [8].  This case
challenges a transaction consummated in the course of a consolidated bankruptcy proceeding
and names as the sole defendant the debtor in that bankruptcy.  The Court therefore
concludes that this case constitutes a matter "related to" a case in the bankruptcy court
under the meaning of this District's Miscellaneous Order No. 33.  Accordingly, the Court
grants Defendant's motion, lifts the stay, and refers this case to Judge Stacey G.C. Jernigan
of the United States Bankruptcy Court for the Northern District of Texas, to be adjudicated
as a matter related to the Chapter 11 Bankruptcy of HCM., Chapter 11 Case No. 19-34054.
The Clerk of this Court and the Clerk of the Bankruptcy Court to which this case is referred
are directed to take such actions as are necessary to docket this matter as an Adversary
Proceeding associated with the aforementioned consolidated bankruptcy case.

ORDER – PAGE 1



1934054220613000000000002

Appx. 00333

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 338 of 575

Case 22-03062-sgj Doc 1 Filed 06/10/22    Entered 06/10/22 16:42:25    Page 2 of 2
Case 3:21-cv-01169-N   Document 19   Filed 05/19/22   Page 2 of 2   PageID 1349

Signed May 19, 2022.

David C. Godbey
United States District Judge

ORDER – PAGE 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PCMG TRADING PARTNERS XXIII, LP, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Cause No. _____ |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| *Defendant.* | § § | |

**ORIGINAL COMPLAINT**

This matter concerns grave accounts of self-dealing and deception and seeks redress for violation of federal law including but not limited to violations of the Advisers Act of 1940, and other state causes of action.

**I.**

**PARTIES**

1.      Plaintiff, PCMG Trading Partners XXIII, LP ("PCMG"), is a limited partnership in the state of Delaware with its principal place of business in Dallas County, Texas.

2.      Defendant Highland Capital Management L.P. ("Highland" or "HCMLP") is a Delaware limited liability partnership, whose principal place of business is in Dallas, Texas.

**II.**

**JURISDICTION AND VENUE**

3.      Subject matter jurisdiction is proper in this court because there is a live case and controversy between the parties, this Court is a court of general jurisdiction over civil matters, and the amount dispute falls within the jurisdictional limits of this Court.

ORIGINAL COMPLAINT                                                                                          Page 1

4.      This Court has general personal jurisdiction over Defendant Highland Capital Management, LP, because it has continuously done business in this state, and the causes of action arise from the acts or omissions committed in this state.

5.      Venue is proper in this Court because a substantial number of the acts or omissions giving rise to this lawsuit and the causes of action asserted herein occurred in Dallas County.

### III.

### FACTUAL BACKGROUND

6.      HCMLP is both the advisor and general partner of Highland Select Funds, LP ("Select").

7.      Plaintiff, PCMG, is an equity-holder in Select and for all relevant times, was an advisee of HCMLP, as a registered investment advisor (an "RIA"), subject to the Advisers Act of 1940 (the "Advisers Act").

8.      HCMLP therefore owed PCMG fiduciary duties. James Seery, as the agent of HCMLP and control person directing the actions of Select, acknowledged during testimony in April 2020, that he and HCMLP have fiduciary duties under the Advisers Act both to the funds that HCMLP manages and directly to the investors of those funds.

9.      He also testified that HCMLP is required to subordinate its interests in the funds to those of the investors.

10.      HCMLP's control over Select as an advisor and owner has also given it control over the assets that Select owns and controls.

11.      One of those assets is an entity called Trussway Manufacturing, Inc. ("Trussway"). Trussway specializes in manufacturing and designing trusses and other framing components for use on commercial and large-construction platforms.

Case 22-03062-sgj Doc 22 Filed 06/16/22 Entered 06/16/22 16:56:17 Page 341 of 575

Case 22-03062-sgj Doc 1-1 Filed 06/10/22 Entered 06/10/22 16:42:25 Page 3 of 9
Case 3:21-cv-01169-N Document 1 Filed 05/21/21 Page 3 of 9 PageID 3

12. Trussway's wholly-owned subsidiary is an entity called Structural & Steel Products Inc. ("SSP").

13. SSP, based in Ft. Worth, Texas, was a leading distributor and manufacturer of transportation, telecommunications, transmission and utility infrastructure products. SSP was founded in 1969 and manufactures steel products out of its Ft. Worth, TX manufacturing facility. Their manufactured parts and products are sold throughout the United States, from light rail infrastructure to high mast lighting poles to overhead highway sign structures.

14. SSP was purchased in or around 2013 for $65 million – $20 million in equity, $33 million in bank debt, and $12 million in subordinated debt. Over the course of years, cash flows improved from $8 million at the time of acquisition, to over $10 million.

15. In or around the first week of November, 2020, HCMLP caused Trussway to sell SSP to Race Rock Group, a Houston-based private equity group, which is reported to have a prior affiliation with the SSP management team.

16. The sale was for approximately $50 million – which is a value far below what should have been, at what amounts to a distressed price given the original $60 million price (and the debt still remaining). By selling for $50 million, HCMLP wiped out $10 million in equity.

17. Upon information and belief, the sale occurred without taking SSP to market through a normal competitive bidding process, without the benefit of a broker or investment banker, and without any "stalking horse" or shopping process.

18. Other potential topping bids were specifically excluded by Seery from participating in the sale process.

19. Specifically, Jim Seery (the CEO of Highland) explicitly forbade JP Sevilla (then the head of Private Equity)—as well as the entire team at HCMLP—from informing, engaging or

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 342 of 575

Case 22-03062-sgj Doc 1-1 Filed 06/10/22    Entered 06/10/22 16:42:25    Page 4 of 9
Case 3:21-cv-01169-N    Document 1    Filed 05/21/21    Page 4 of 9    PageID 4

updating parties likely to pay a higher price, such as James Dondero and other parties. This directive was effective in that it completely chilled all bidding.

20.    There was no pro-investor rationale for such a directive which was unfair and detrimental to minority investors such as the Plaintiff.

21.    The driving reason for all of this clandestine selling is even more troubling: the sale appears to have been made in order for the cash receipts from the sale to be siphoned by HCMLP to pay its own creditors.

22.    Again, as Seery himself admitted under oath: as an RIA, neither he nor HCMLP is allowed to sacrifice the interests of its investors in order to save its own skin or to benefit itself; nor is Seery allowed to benefit a colleague or client at the expense of investors in a fund managed and advised by Highland.

23.    Furthermore, as an RIA, HCMLP's internal policies and procedures prevent it from advising an advisee fund and / or causing a trade to be made without full disclosure to the investors of the advisee fund of its interest in the transaction.

24.    There was no court approval for the sale, despite HCMLP being in bankruptcy.

25.    HCMLP has not filed any of the usual Rule 2015 reports for the operations and dispositions of its subsidiary businesses as required by law, announcing disclosing or reflecting this assets sale.

26.    HCMLP's compliance had an obligation to scrutinize the transaction. It, including Thomas Surgent, should have weighed in and compelled a more transparent process, should have scrutinized the relationship between SSP's then-CEO and the new buyers (who formerly employed him); and finally, HCMLP should have given the equity holders notice of the sale and/or offered SSP to PCMG or other equity holders as part of such a transparent process.

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 343 of 575

Case 22-03062-sgj Doc 1-1 Filed 06/10/22    Entered 06/10/22 16:42:25    Page 5 of 9
Case 3:21-cv-01169-N    Document 1    Filed 05/21/21    Page 5 of 9    PageID 5

## IV.

## CAUSES OF ACTION

### First Cause of Action
### Breach of the Advisers Act

27.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

28.    As an RIA, HCMLP is subject to the Investment Advisers Act of 1940.

29.    Under this federal law, an investment adviser is a fiduciary.[1] This includes a duty of care and a duty of loyalty, and a duty to refrain from engaging in transactions in which it is not a disinterested person.

30.    The duty of loyalty imposed by the Advisers Act to which advisers are subject is not specifically defined in the Advisers Act or in Commission rules, but reflects a Congressional recognition "of the delicate fiduciary nature of an investment advisory relationship" as well as a Congressional intent to "eliminate, or at least to expose, all conflicts of interest which might incline an investment adviser—consciously or unconsciously—to render advice which was not disinterested."

31.    To meet its duty of loyalty, an adviser must make full and fair disclosure to its clients of all material facts relating to the advisory relationship, including disclosing transactions in which the advisor has an interest, and to disclose all pertinent facts of a transaction that could affect the client or the client's interest.[2] In order for disclosure to be full and fair, it should be

---

[1] *SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 194 (1963). *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 471, n.11 (1977) (in discussing SEC v. Capital Gains, stating that the Supreme Court's reference to fraud in the "equitable" sense of the term was "premised on its recognition that Congress intended the Investment Advisers Act to establish federal fiduciary standards for investment advisers"); Investment Advisers Act Release No. 3060 (July 28, 2010) ("Under the Advisers Act, an adviser is a fiduciary whose duty is to serve the best interests of its clients, which includes an obligation not to subrogate clients' interests to its own").

[2] *SEC v. Capital Gains*, *supra* ("Failure to disclose material facts must be deemed fraud or deceit within its intended meaning"). Investment Advisers Act Release 3060 ("as a fiduciary, an adviser has an ongoing obligation to inform its clients of any material information that could affect the advisory relationship"); General Instruction 3 to Part 2 of

---

Original Complaint                                                          Page 5

Case 22-03062-sgj Doc 22 Filed 06/16/22 Entered 06/16/22 16:56:17 Page 344 of 575

Case 22-03062-sgj Doc 1-1 Filed 06/10/22 Entered 06/10/22 16:42:25 Page 6 of 9
Case 3:21-cv-01169-N Document 1 Filed 05/21/21 Page 6 of 9 PageID 6

sufficiently specific so that a client is able to understand the material fact or conflict of interest and make an informed decision whether to provide consent.

32. This fiduciary duty also requires an adviser "to adopt the principal's goals, objectives, or ends." This means the adviser must, at all times, serve the best interest of its client and not subordinate its client's interest to its own. In other words, the investment adviser cannot place its own interests ahead of the interests of its client and must at all times act for the interests of its investors.[3]

33. The duty of care includes, among other things: (i) the duty to provide advice that is in the best interest of the client, (ii) the duty to seek best execution of a client's transactions where the adviser has the responsibility to select broker-dealers to execute client trades, and (iii) the duty to provide advice and monitoring over the course of the relationship.

34. These fiduciary duties are unwaivable, and any agreement made in derogation of the obligations under the Advisers Act is void.

35. Section 204 of the Advisers Act requires HCMLP to carry written policies and procures that must be followed in order to adhere to its federal obligations.

36. Section 206 of the Advisers Act prohibits transactions by an advisor that were accomplished via a "deceit" on a client or prospective client, or by concealing the role and interest the advisor has in the transaction, or via engaging in a course of conduct that has a tendency to mislead a client or which is manipulative.

---

Form ADV ("Under federal and state law, you are a fiduciary and must make full disclosure to your clients of all material facts relating to the advisory relationship").

[3] Investment Advisers Act Release 3060 (adopting amendments to Form ADV and stating that "under the Advisers Act, an adviser is a fiduciary whose duty is to serve the best interests of its clients, which includes an obligation not to subrogate clients' interests to its own," citing Investment Advisers Act Release 2106, supra footnote 15). *SEC v. Tambone*, 550 F.3d 106, 146 (1st Cir. 2008) ("Section 206 imposes a fiduciary duty on investment advisers to act at all times in the best interest of the fund..."); *SEC v. Moran*, 944 F. Supp. 286, 297 (S.D.N.Y 1996) ("Investment advisers are entrusted with the responsibility and duty to act in the best interest of their clients.").

**37.**    The Advisers Act also requires transparency.

**38.**    Here, HCMLP breached its duties under the Advisers Act by (1) selling SSP at a distressed price when it was not in distress and there was no need at SSP, Trussway or Select to sell SSP; (2) concealing the information about the transaction from PCMG, (3) failing to advice PCMG of the opportunity to purchase SSP, (4) concealing the purpose behind the sale of SSP and the conflicts of interest that arose; (5) causing SSP to be sold in a manner that violated the rights of PCMG as an investor (e.g., by failing to conduct an auction and obtaining competitive bids and taking SSP to market); (6) utilizing the sale for its own ends.

**39.**    The Advisors Act declares any contract that was made in violation of its provisions or regulations, or any contract that has been performed in violation of the Advisors Act, void.

**40.**    The Advisers Act created a private right of action to void unlawful agreements and acts and seek such equitable relief as accompanies such claims. Moreover, the Advisers Act creates a federally prescribed fiduciary duty picked up by state common law fiduciary duty claims and makes it impossible for those duties to be waived via contract or otherwise.

**41.**    PCMG has been damaged by HCMLP and is agents' breaches of fiduciary duty.

**42.**    PCMG is thus entitled to compensation for its losses and any other relief to which it is justly entitled.

<u>**Second Cause of Action**</u>
**Breach of Fiduciary Duty under Texas Law**

**43.**    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**44.**    HCMLP owes fiduciary duties to Plaintiff by virtue of its role as a direct RIA advisor to PCMG under an advisory contract.

**45.**    HCMLP owes fiduciary duties to Plaintiff by virtue of its role as a direct RIA advisor to Select, under an advisory contract, of which PCMG is an investor.

Case 22-03062-sgj Doc 22 Filed 06/16/22 Entered 06/16/22 16:56:17 Page 346 of 575

Case 22-03062-sgj Doc 1-1 Filed 06/10/22 Entered 06/10/22 16:42:25 Page 8 of 9
Case 3:21-cv-01169-N Document 1 Filed 05/21/21 Page 8 of 9 PageID 8

46.     Both of these duties require HCMLP to take any action that is in the best interest of the investors it is advising, whether directly or indirectly.

47.     HCMLP's decision to cause Trussway to sell SSP violated those fiduciary duties because they were not in the best interests of PCMG.

48.     HCMLP's decision to cause Trussway to sell SSP was a violation of its fiduciary duties to PCMG because it did not follow a valid process for maximizing the value of SSP.

49.     HCMLP's fiduciary duties further obligated it to fully and faithfully disclose all aspects of transactions with its investors-advisees, especially where HCMLP had a conflict of interest in the transaction.

50.     HCMLP has breached its fiduciary duties to PCMG.

51.     HCMLP, as an advisor to PCMG, should have informed PCMG that SSP was for sale at an advantageous price due to HCMLP's need to liquidate and raise capital for itself, and allowed PCMG the opportunity to purchase SSP at the distressed price that it went out at.

52.     HCMLP's internal policies and procedures specifically address and prohibit HCMLP's conduct, rendering the conduct reckless in the face of known risks.

53.     Because of HCMLP's breaches, PCMG has suffered losses in value and opportunity cost.

54.     Because of HCMLP's breaches, PCMG is entitled to recover damages, exemplary damages, attorneys' fees, and costs.

**Third Cause of Action**
**Breach of Contract**

55.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56.     HCMLP owes duties to Plaintiff by virtue of its role as a direct RIA advisor to PCMG under an advisory contract.

Case 22-03062-sgj  Doc 22  Filed 06/16/22  Entered 06/16/22 16:56:17    Page 347 of 575

Case 22-03062-sgj  Doc 1-1  Filed 06/10/22    Entered 06/10/22 16:42:25    Page 9 of 9
Case 3:21-cv-01169-N    Document 1    Filed 05/21/21    Page 9 of 9    PageID 9

57.      Under the advisory agreement, HCMLP agreed to provide advice and investment opportunities to PCMG. The Select fund opportunity was invested in by PCMG specifically because it was advised to do so by HCMLP.

58.      HCMLP knew of an investment opportunity in SSP—which HCMLP had already advised on—and did not offer it to any other investor in select, such as PCMG, or to any third party who could have paid a higher price for SSP. Instead, SSP went to a private equity fund who saw the tremendous "upside" in the value of their new asset.

59.      This was a breach of the advisory agreement, as were the breaches of fiduciary duty, noted *supra*.

60.      Because of HCMLP's breaches, PCMG has suffered losses in value and opportunity cost.

61.      Because of HCMLP's breaches, PCMG is entitled to recover damages, exemplary damages, attorneys' fees, and costs.

Dated:  May 21, 2021                                   Respectfully submitted,

                                                       **SBAITI & COMPANY PLLC**

                                                       */s/ Mazin A. Sbaiti*
                                                       **Mazin A. Sbaiti**
                                                         Texas Bar No. 24058096
                                                       **Jonathan Bridges**
                                                         Texas Bar No. 24028835
                                                       **Kevin N. Colquitt**
                                                         Texas Bar No. 24072047
                                                       J.P. MORGAN CHASE TOWER
                                                       2200 Ross Avenue – Suite 4900W
                                                       Dallas, TX  75201
                                                       T: (214) 432-2899
                                                       F: (214) 853-4367
                                                       E: mas@sbaitilaw.com
                                                           jeb@sbaitilaw.com
                                                           knc@sbaitilaw.com

                                                       ***COUNSEL  FOR  PLAINTIFF***

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 348 of 575

Case 22-03062-sgj Doc 1-2 Filed 06/10/22    Entered 06/10/22 16:42:25    Page 1 of 1
Case 3:21-cv-01169-N    Document 2    Filed 05/24/21    Page 1 of 1    PageID 10

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PCMG TRADING PARTNERS XXIII, LP

## DEFENDANTS

HIGHLAND CAPITAL MANAGEMENT, L.P.

**(b)** County of Residence of First Listed Plaintiff   DALLAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   DALLAS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

SBAITI & COMPANY PLLC          (214) 432-2899
2200 ROSS AVE., SUITE 4900W, DALLAS, TX 75201

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** |  |  | **LABOR** | **SOCIAL SECURITY** |  |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 USC 80b-1 e & seq
Brief description of cause:
Violations of Advisors Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
0

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
05/21/2021

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JURY

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:21-cv-01169-N

PCMG Trading Partners XXIII LP v. Highland Capital
Management LP
Assigned to: Judge David C Godbey
Cause: 29:1109 Breach of Fiduciary Duties

Date Filed: 05/21/2021
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutes: Other
Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**PCMG Trading Partners XXIII LP**                 represented by   **Mazin A Sbaiti**
Sbaiti & Company PLLC
J.P. Morgan Chase Tower
2200 Ross Avenue
Suite 4900W
Dallas, TX 75201
214-432-2899
Fax: 214-853-4367
Email: MAS@SbaitiLaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jonathan Bridges**
Sbaiti & Company PLLC
2200 Ross Ave
Suite 4900W
Dallas, TX 75201
214-432-2899
Fax: 214/754-1933 FAX
Email: jeb@sbaitilaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Kevin N Colquitt**
Sbaiti & Company, PLLC
2200 Ross Ave.
Suite 4900W
Dallas, TX 75201
214-432-2899
Fax: 214-853-4367
Email: knc@sbaitilaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**Appx. 00345**

**Highland Capital Management LP**                    represented by    **Zachery Z Annable**
Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231
972-755-7108
Fax: 972-755-7110
Email: zannable@haywardfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Gregory V Demo**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
Email: gdemo@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Hayley R Winograd**
Pachulski Stand Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017
212-561-7700
Fax: 212-561-7777
*Bar Status: Not Admitted*

**Jeffrey N Pomerantz**
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd
13th Floor
Los Angeles, CA 90067
310-227-6910
Fax: 310-201-0760
Email: jpomerantz@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**John A Morris**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
212-561-7700
Fax: 212-561-7777
Email: jmorris@pszjlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Melissa S Hayward**
Hayward PLLC
10501 N Central Expressway, Suite 106
Dallas, TX 75231

**Appx. 00346**

972-755-7100
Fax: 972-755-7104
Email: mhayward@haywardfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Bankruptcy Judge**

**Stacey G Jernigan**                    represented by  **Stacey G Jernigan**
US Bankruptcy Court
Chambers of Judge Stacey G C Jernigan
1100 Commerce St
Room 1254
Dallas, TX 75242-1496
214-753-2040
Email: sgj_settings@txnb.uscourts.gov
PRO SE

V.

**Notice Only**

**Case Admin Sup**                      represented by  **Case Admin Sup**
Email: txnb_appeals@txnb.uscourts.gov
PRO SE

| Date Filed | # | clear | Docket Text |
|---|---|---|---|
| 05/21/2021 | 1 | ☑ | COMPLAINT WITH JURY DEMAND against All Defendants filed by PCMG Trading Partners XXIII, LP. (Filing fee $402; Receipt number 0539-11917511) Clerk to issue summons(es). In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Sbaiti, Mazin) (Entered: 05/21/2021) |
| 05/21/2021 | 3 | ☑ | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Rutherford). Clerk to provide copy to plaintiff if not received electronically. (ygl) (Entered: 05/24/2021) |
| 05/24/2021 | 2 | ☑ | ADDITIONAL ATTACHMENTS to 1 Complaint by Plaintiff PCMG Trading Partners XXIII, LP. (Sbaiti, Mazin) (Entered: 05/24/2021) |
| 05/24/2021 | 4 | ☑ | Summons Issued as to Highland Capital Management LP. (ygl) (Entered: 05/24/2021) |
| 06/23/2021 | 5 | ☑ | AMENDED Cover Sheet by PCMG Trading Partners XXIII LP. (Sbaiti, Mazin) (Entered: 06/23/2021) |
| 08/26/2021 | 6 | ☑ | MOTION to Stay filed by PCMG Trading Partners XXIII LP (Sbaiti, Mazin) |

**Appx. 00347**

| | | | |
|---|---|---|---|
| | | | (Entered: 08/26/2021) |
| 09/07/2021 | 7 | | ELECTRONIC ORDER granting 6 Motion to Stay ( 6 Motion to Stay filed by PCMG Trading Partners XXIII LP terminated.) (Ordered by Judge David C Godbey on 9/7/2021) (chmb) (Entered: 09/07/2021) |
| 10/05/2021 | 8 | ☑ | MOTION for Reconsideration re 7 Order on Motion to Stay *(Highland Capital Management, L.P.'s Motion for Reconsideration of Stay Order)* filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A)Attorney Zachery Z. Annable added to party Highland Capital Management LP(pty:dft) (Annable, Zachery) (Entered: 10/05/2021) |
| 10/05/2021 | 9 | ☑ | Brief/Memorandum in Support filed by Highland Capital Management LP re 8 MOTION for Reconsideration re 7 Order on Motion to Stay *(Highland Capital Management, L.P.'s Motion for Reconsideration of Stay Order)* (Annable, Zachery) (Entered: 10/05/2021) |
| 10/05/2021 | 10 | ☑ | Appendix in Support filed by Highland Capital Management LP re 8 MOTION for Reconsideration re 7 Order on Motion to Stay *(Highland Capital Management, L.P.'s Motion for Reconsideration of Stay Order)* (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 Exhibit(s) 8, # 9 Exhibit(s) 9, # 10 Exhibit(s) 10, # 11 Exhibit(s) 11, # 12 Exhibit(s) 12, # 13 Exhibit(s) 13, # 14 Exhibit(s) 14, # 15 Exhibit(s) 15, # 16 Exhibit(s) 16, # 17 Exhibit(s) 17, # 18 Exhibit(s) 18, # 19 Exhibit(s) 19, # 20 Exhibit(s) 20, # 21 Exhibit(s) 21, # 22 Exhibit(s) 22, # 23 Exhibit(s) 23, # 24 Exhibit(s) 24, # 25 Exhibit(s) 25, # 26 Exhibit(s) 26, # 27 Exhibit(s) 27, # 28 Exhibit(s) 28, # 29 Exhibit(s) 29) (Annable, Zachery) (Entered: 10/05/2021) |
| 10/05/2021 | 11 | ☑ | MOTION to Dismiss *(Highland Capital Management, L.P.'s Motion to Dismiss)* filed by Highland Capital Management LP (Attachments: # 1 Exhibit(s) A) (Annable, Zachery) (Entered: 10/05/2021) |
| 10/05/2021 | 12 | ☑ | Brief/Memorandum in Support filed by Highland Capital Management LP re 11 MOTION to Dismiss *(Highland Capital Management, L.P.'s Motion to Dismiss)* (Annable, Zachery) (Entered: 10/05/2021) |
| 10/05/2021 | 13 | ☑ | Appendix in Support filed by Highland Capital Management LP re 11 MOTION to Dismiss *(Highland Capital Management, L.P.'s Motion to Dismiss)* (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5) (Annable, Zachery) (Entered: 10/05/2021) |
| 10/11/2021 | 14 | ☑ | CERTIFICATE OF SERVICE by Highland Capital Management LP re: 8 MOTION for Reconsideration, 9 Brief/Memorandum in Support of Motion, 10 Appendix in Support, 11 MOTION to Dismiss *(Highland Capital Management, L.P.'s Motion to Dismiss)*, 12 Brief/Memorandum in Support of Motion, 13 Appendix in Support. (Annable, Zachery) Modified text on 10/12/2021 (mjr). (Entered: 10/11/2021) |
| 10/14/2021 | 15 | ☑ | NOTICE of Attorney Appearance by Melissa S Hayward on behalf of Highland Capital Management LP. (Filer confirms contact info in ECF is current.) (Hayward, Melissa) (Entered: 10/14/2021) |
| 10/27/2021 | 16 | ☑ | RESPONSE filed by PCMG Trading Partners XXIII LP re: 8 MOTION for Reconsideration re 7 Order on Motion to Stay *(Highland Capital Management, L.P.'s Motion for Reconsideration of Stay Order)* (Sbaiti, Mazin) (Entered: 10/27/2021) |
| 11/05/2021 | 17 | ☑ | REPLY filed by Highland Capital Management LP re: 8 MOTION for Reconsideration re 7 Order on Motion to Stay *(Highland Capital Management,* |

| | | | |
|---|---|---|---|
| | | | *L.P.'s Motion for Reconsideration of Stay Order)* (Annable, Zachery) (Entered: 11/05/2021) |
| 11/12/2021 | [18](#) | ☑ | CERTIFICATE OF SERVICE by Highland Capital Management LP re [17](#) Reply (Annable, Zachery) (Entered: 11/12/2021) |
| 05/19/2022 | [19](#) | ☑ | ORDER granting [8](#) Motion for Reconsideration. Accordingly, the Court lifts the stay, and refers this case to Judge Stacey G.C. Jernigan of the United States Bankruptcy Court for the Northern District of Texas, to be adjudicated as a matter related to the Chapter 11 Bankruptcy of HCM., Chapter 11 Case No. 10-34054. (Ordered by Judge David C Godbey on 5/19/2022) (frw) Modified file date on 5/23/2022 (frw). (Main Document 19 replaced on 5/23/2022) (twd). (Entered: 05/23/2022) |
| 05/19/2022 | | | Stay Lifted per [19](#) order. (frw) (Entered: 05/23/2022) |

[ View Selected ]

or

[ Download Selected ]

---

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/10/2022 15:55:18 | | |
| **PACER Login:** | mmathews01:5861713:5854364 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:21-cv-01169-N |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**

# EXHIBIT 12

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (admitted *pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (admitted *pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | Case No. 19-34054-sgj11 |
| Debtor. | |

### NOTICE OF OCCURRENCE OF EFFECTIVE DATE OF
### CONFIRMED FIFTH AMENDED PLAN OF REORGANIZATION
### OF HIGHLAND CAPITAL MANAGEMENT, L.P.

**PLEASE TAKE NOTICE** that on February 22, 2021, the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") entered the *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1943] (the "Confirmation Order") confirming the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (as

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

amended, supplemented, or modified, the "Plan"). Unless otherwise defined in this notice, capitalized terms used in this notice shall have the meanings ascribed to them in the Plan and the Confirmation Order, as applicable.

PLEASE TAKE FURTHER NOTICE that the Effective Date of the Plan occurred on August 11, 2021.

PLEASE TAKE FURTHER NOTICE that, except with respect to Administrative Expense Claims that are Professional Fee Claims or as otherwise set forth in the Plan, requests for payment of an Administrative Expense Claim must be Filed with the Bankruptcy Court **no later than forty-five (45) days after the Effective Date** (the "Administrative Expense Claims Bar Date"). **HOLDERS OF ADMINISTRATIVE EXPENSE CLAIMS THAT ARE REQUIRED TO FILE AND SERVE A REQUEST FOR PAYMENT OF SUCH ADMINISTRATIVE EXPENSE CLAIMS BY THE ADMINISTRATIVE EXPENSE CLAIMS BAR DATE THAT DO NOT FILE AND SERVE SUCH A REQUEST BY THE ADMINISTRATIVE EXPENSE CLAIMS BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTOR OR THE REORGANIZED DEBTOR.**

PLEASE TAKE FURTHER NOTICE that, unless otherwise ordered by the Bankruptcy Court, all final requests for payment of Professional Fee Claims must be Filed **no later than sixty (60) days after the Effective Date**.

PLEASE TAKE FURTHER NOTICE that the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor or the Reorganized Debtor, as applicable, and any and all Holders of Claims or Interests (regardless of whether such Claims or Interests are deemed to have accepted or rejected the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan and Confirmation Order, including, without limitation: the injunction with respect to the commencement of claims and causes of action against Protected Parties set forth in Section IX.F of the Plan and Sections AA and BB of the Confirmation Order, the duration of injunction and stays set forth in Section IX.G of the Plan and Section AA of the Confirmation Order, and the continuance of the January 9 Order and July 16 Order set forth in Section IX.H of the Plan and Section CC of the Confirmation Order.

PLEASE TAKE FURTHER NOTICE that on the Effective Date, all Class A Limited Partnership Interests, including the Class A Limited Partnership Interests held by Strand, as general partner, and Class B/C Limited Partnerships in the Debtor will be deemed cancelled, and all obligations or debts owed by, or Claims against, the Debtor on account of, or based upon, such Class A Limited Partnership Interests and Class B/C Limited Partnership Interests shall be deemed as cancelled, released, and discharged, including all obligations or duties by the Debtor relating to the Equity Interests in any of the Debtor's formation documents, including the Limited Partnership Agreement.

PLEASE TAKE FURTHER NOTICE that the Confirmation Order and the Plan

**Appx. 00352**

are available for inspection.  If you would like to obtain copies you may: (a) access the Debtor's restructuring website at http://www.kccllc.net/hcmlp; (b) call toll free: (877) 573-3984 or international: (310) 751-1829; or (c) email HighlandInfo@kccllc.com and reference "Highland" in the subject line.  You may also obtain copies of any pleadings filed in this case for a fee via PACER at: pacer.uscourts.gov.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

Dated: August 11, 2021.        **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
      ikharasch@pszjlaw.com
      gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor*

# EXHIBIT 13

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) Case No. 19-34054 (SGJ) |
| | ) |
| Debtor. | ) |
| | ) |

### CERTIFICATE OF SERVICE

I, Vincent Trang, depose and say that I am employed by Kurtzman Carson Consultants LLC ("KCC"), the claims and noticing agent for the Debtor in the above-captioned case.

On August 11, 2021, at my direction and under my supervision, employees of KCC caused the following document to be served via Electronic Mail upon the service list attached hereto as **Exhibit A**; and via First Class Mail upon the service lists attached hereto as **Exhibit B** and **Exhibit C**:

- **Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P**. [Docket No. 2700]

Furthermore, on August 11, 2021, at my direction and under my supervision, employees of KCC caused the following document to be served via First Class Mail upon "Highland Capital Management LP, For Further Delivery to Addressed Parties, 300 Crescent Ct, Ste 700, Dallas, TX 75201," for distribution in individually addressed envelopes to each party on the service list attached hereto as **Exhibit D**; and via First Class Mail upon "Highland Capital Management LP, For Further Delivery to Addressed Parties, 13455 Noel Rd, Ste 800, Dallas, TX 75240," for distribution in individually addressed envelopes to each party on the service list attached hereto as **Exhibit E**:

- **Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P**. [Docket No. 2700]

Dated: August 19, 2021

/s/ Vincent Trang
Vincent Trang
KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

# EXHIBIT A

**Exhibit A**
Core/2002 Service List
Served via Electronic Mail

| Description | CreditorName | CreditorNoticeName | Email |
|---|---|---|---|
| Counsel for Collin County Tax Assessor/Collector | Abernathy, Roeder, Boyd & Hullett, P.C. | Chad Timmons, Larry R. Boyd, Emily M. Hahn | ctimmons@abernathy-law.com; bankruptcy@abernathy-law.com; ehahn@abernathy-law.com |
| Counsel for NexBank | Alston & Bird LLP | Jared Slade | jared.slade@alston.com |
| Counsel for NexBank | Alston & Bird LLP | Jonathan T. Edwards | jonathan.edwards@alston.com |
| Counsel to Jefferies LLC | Ashby & Geddes, P.A. | William P. Bowden, Esq., Michael D. DeBaecke, Esq. | mdebaecke@ashbygeddes.com |
| Counsel for Scott Ellington, Thomas Surgent, Frank Waterhouse, and Issac Leventon (the "Senior Employees") and CPCM, LLC | Baker & McKenzie LLP | Debra A. Dandeneau | debra.dandeneau@bakermckenzie.com |
| Counsel for Scott Ellington, Thomas Surgent, Frank Waterhouse, and Issac Leventon (the "Senior Employees") and CPCM, LLC | Baker & McKenzie LLP | Michelle Hartmann | michelle.hartmann@bakermckenzie.com |
| Counsel for NWCC, LLC | Barnes & Thornburg LLP | Thomas G. Haskins, Jr. | thomas.haskins@btlaw.com |
| Counsel to Acis Capital Management GP LLC and Acis Capital Management, L.P. (collectively, "Acis") | Blank Rome LLP | John E. Lucian, Josef W. Mintz | mintz@blankrome.com; jbibiloni@blankrome.com |
| Counsel to James Dondero | Bonds Ellis Eppich Schafer Jones LLP | John Y. Bonds, III, Bryan C. Assink | john@bondsellis.com; bryan.assink@bondsellis.com |
| Counsel to Oracle America, Inc. | Buchalter, A Professional Corporation | Shawn M. Christianson, Esq. | schristianson@buchalter.com |
| Counsel for UBS Securities LLC and UBS AG, London Branch | Butler Snow LLP | Martin A. Sosland and Candice M. Carson | martin.sosland@butlersnow.com; candice.carson@butlersnow.com |
| Counsel to Integrated Financial Associates Inc. | Carlyon Cica Chtd. | Candace C. Carlyon, Esq., Tracy M. Osteen, Esq. | ccarlyon@carlyoncica.com; tosteen@carlyoncica.com |
| Counsel to the Intertrust Entities and the CLO Entities | Chipman, Brown, Cicero & Cole, LLP | Mark L. Desgrosseilliers | desgross@chipmanbrown.com |
| Counsel to Siepe LLC | Condon Tobin Sladek Thornton PLLC | J. Seth Moore | smoore@ctstlaw.com |
| Counsel to Patrick Daugherty ("Mr. Daugherty") | Cross & Simon LLC | Michael L. Vild, Esquire | mvild@crosslaw.com |
| Counsel for BH Equities, L.L.C. | Dentons US LLP | Casey Doherty | Casey.doherty@dentons.com |
| Counsel to Jefferies LLC | Dentons US LLP | Lauren Macksoud, Esq. | lauren.macksoud@dentons.com |
| Counsel to Jefferies LLC | Dentons US LLP | Patrick C. Maxcy, Esq. | patrick.maxcy@dentons.com |
| Counsel to Acis Capital Management, LP and Acis Capital Management GP, LLC ("Creditors") and Joshua N. Terry and Jennifer G. Terry | Forshey & Prostok LLP | Jeff P. Prostok, J. Robert Forshey, Suzanne K. Rosen | jprostok@forsheyprostok.com; bforshey@forsheyprostok.com; srosen@forsheyprostok.com |
| Secured Creditor | Frontier State Bank | Attn: Steve Elliot | selliott@frontier-ok.com |
| Counsel to the Redeemer Committee of the Highland Crusader Fund | Frost Brown Todd LLC | Mark A. Platt | mplatt@fbtlaw.com |
| Counsel to Alvarez & Marsal CRF Management LLC as Investment Manager of the Highland Crusader Funds | Gibson, Dunn & Crutcher LLP | Marshall R. King, Esq., Michael A. Rosenthal, Esq. & Alan Moskowitz, Esq. | mking@gibsondunn.com; mrosenthal@gibsondunn.com; amoskowitz@gibsondunn.com |
| Counsel to Alvarez & Marsal CRF Management LLC as Investment Manager of the Highland Crusader Funds | Gibson, Dunn & Crutcher LLP | Matthew G. Bouslog, Esq. | mbouslog@gibsondunn.com |
| Counsel for the Debtor | Hayward & Associates PLLC | Melissa S. Hayward, Zachery Z. Annable | MHayward@HaywardFirm.com; ZAnnable@HaywardFirm.com |
| Counsel for the Dugaboy Investment Trust and Get Good Trust | Heller, Draper & Horn, L.L.C. | Douglas S. Draper, Leslie A. Collins, Greta M. Brouphy | ddraper@hellerdraper.com; lcollins@hellerdraper.com; gbrouphy@hellerdraper.com |
| Equity Holders | Hunter Mountain Investment Trust | c/o Rand Advisors LLC | Jhonis@RandAdvisors.com |
| IRS | Internal Revenue Service | Attn Susanne Larson | SBSE.Insolvency.Balt@irs.gov |
| IRS | Internal Revenue Service | Centralized Insolvency Operation | Mimi.M.Wong@irscounsel.treas.gov |
| Counsel to Crescent TC Investors, L.P. | Jackson Walker L.L.P. | Michael S. Held | mheld@jw.com |
| Secured Creditor | Jefferies LLC | Director of Compliance | cbianchi@jefferies.com |
| Secured Creditor | Jefferies LLC | Office of the General Counsel | cbianchi@jefferies.com |
| Counsel to the Redeemer Committee of the Highland Crusader Fund | Jenner & Block LLP | Marc B. Hankin, Richard Levin | mhankin@jenner.com; rlevin@jenner.com |
| Counsel for CCS Medical, Inc. | Jones Day | Amanda Rush | asrush@jonesday.com |
| Counsel to the Issuers (group of 25 separate Cayman issuers of loan) | Jones Walker LLP | Joseph E. Bain, Amy K. Anderson | jbain@joneswalker.com; aanderson@joneswalker.com |
| Counsel for Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., et al | K&L Gates LLP | Artoush Varshosaz | artoush.varshosaz@klgates.com |
| Counsel for Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., et al | K&L Gates LLP | James A. Wright III | james.wright@klgates.com |

**Appx. 00358**

**Exhibit A**
Core/2002 Service List
Served via Electronic Mail

| Description | CreditorName | CreditorNoticeName | Email |
|---|---|---|---|
| Counsel for Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., et al | K&L Gates LLP | Stephen G. Topetzes | stephen.topetzes@klgates.com |
| Counsel for CLO Holdco, Ltd. | Kane Russell Coleman Logan PC | John J. Kane | jkane@krcl.com |
| Counsel for Highland CLO Funding Ltd. | King & Spalding LLP | Paul R. Bessette | pbessette@kslaw.com |
| Counsel for BET Investments II, L.P. | Kurtzman Steady, LLC | Jeffrey Kurtzman, Esq. | Kurtzman@kurtzmansteady.com |
| Counsel to UBS Securities LLC and UBS AG London Branch ("UBS") | Latham & Watkins LLP | Andrew Clubok, Sarah Tomkowiak | Andrew.Clubok@lw.com; Sarah.Tomkowiak@lw.com |
| Counsel to UBS Securities LLC and UBS AG London Branch ("UBS") | Latham & Watkins LLP | Asif Attarwala, Kathryn K. George | asif.attarwala@lw.com; Kathryn.George@lw.com |
| Counsel to UBS Securities LLC and UBS AG London Branch ("UBS") | Latham & Watkins LLP | Jeffrey E. Bjork, Kimberly A. Posin | jeff.bjork@lw.com; kim.posin@lw.com |
| Counsel to UBS Securities LLC and UBS AG London Branch ("UBS") | Latham & Watkins LLP | Zachary F. Proulx | Zachary.Proulx@lw.com |
| Counsel to Coleman County TAD, Kaufman County, Upshur County, Fannin CAD, Tarrant County, Grayson County, Allen ISD, Dallas County, Irving ISD, and Rockwall CAD | Linebarger Goggan Blair & Sampson LLP | Elizabeth Weller, Laurie A. Spindler | dallas.bankruptcy@publicans.com |
| Counsel for Jack Yang and Brad Borud | Loewinsohn Flegle Deary Simon LLP | Daniel P. Winikka | danw@lfdslaw.com |
| Creditor | Lynn Pinker Cox & Hurst, L.L.P. | Michael K. Hurst, Esq. | mhurst@lynnllp.com |
| Equity Holders | Mark K. Okada | | mokadadallas@gmail.com |
| Counsel to the Redeemer Committee of the Highland Crusader Fund | Morris, Nichols, Arsht & Tunnell LLP | Curtis S. Miller, Kevin M. Coen | rdehney@mnat.com; cmiller@mnat.com |
| Counsel to Meta-e Discovery, LLC | Morrison Cohen LLP | Joseph T. Moldovan, Esq. & Sally Siconolfi, Esq. | bankruptcy@morrisoncohen.com |
| Bank | NexBank | John Danilowicz | john.holt@nexbankcapital.com |
| Counsel to California Public Employees' Retirement System ("CalPERS") | Nixon Peabody LLP | Louis J. Cisz, III, Esq. | lcisz@nixonpeabody.com |
| SEC Headquarters | Office of General Counsel | Securities & Exchange Commission | SECBankruptcy-OGC-ADO@SEC.GOV |
| US Trustee for Northern District of TX | Office of the United States Trustee | Lisa L. Lambert, Esq | lisa.l.lambert@usdoj.gov |
| Counsel for the Debtor | Pachulski Stang Ziehl & Jones LLP | John A. Morris and Gregory V. Demo | jmorris@pszjlaw.com; gdemo@pszjlaw.com |
| Counsel for the Debtor | Pachulski Stang Ziehl & Jones LLP | Richard M. Pachulski, Jeffrey N. Pomerantz, Ira D. Kharasch, James E. O'Neill | rpachulski@pszjlaw.com; jpomerantz@pszjlaw.com; ikharasch@pszjlaw.com; joneill@pszjlaw.com |
| Counsel for the Debtor | Pachulski Stang Ziehl & Jones LLP | Richard M. Pachulski, Jeffrey N. Pomerantz, Ira D. Kharasch, James E. O'Neill | rpachulski@pszjlaw.com; jpomerantz@pszjlaw.com; ikharasch@pszjlaw.com; joneill@pszjlaw.com |
| Pension Benefit Guaranty Corporation ("PBGC") | Pension Benefit Guaranty Corporation | Michael I. Baird | baird.michael@pbgc.gov; efile@pbgc.gov |
| Counsel to City of Garland, Garland ISD, Wylie ISD , Plano ISD | Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | Linda D. Reece | lreece@pbfcm.com |
| Delaware counsel to Alvarez & Marsal CRF Management LLC | Potter Anderson & Corroon LLP | Jeremy W. Ryan, Esq., R. Stephen McNeill, Esq. & D. Ryan Slaugh, Esq. | jryan@potteranderson.com; rmcneill@potteranderson.com; rslaugh@potteranderson.com |
| Secured Creditor | Prime Brokerage Services | Jefferies LLC | cbianchi@jefferies.com |
| Counsel to UBS Securities LLC and UBS AG London Branch ("UBS") | Richards, Layton & Finger PA | Michael J. Merchant, Sarah E. Silveira | merchant@rlf.com; silveira@rlf.com |
| Counsel to Hunter Mountain Trust | Rochelle McCullough, LLP | E. P. Keiffer | pkeiffer@romclaw.com |
| Counsel for Scott Ellington, Thomas Surgent, Frank Waterhouse, and Issac Leventon (the "Senior Employees") and CPCM, LLC | Ross & Smith, PC | Judith W. Ross, Frances A. Smith, Eric Soderlund | judith.ross@judithwross.com; frances.smith@judithwross.com; eric.soderlund@judithwross.com |
| Counsel to the Intertrust Entities and the Issuers (group of 25 separate Cayman issuers of loan) | Schulte Roth & Zabel LLP | David J. Karp, James V. Williams III | david.karp@srz.com; jay.williams@srz.com |
| SEC Regional Office | Securities & Exchange Commission | Richard Best, Regional Director | bankruptcynoticeschr@sec.gov; nyrobankruptcy@sec.gov |
| SEC Regional Office | Securities & Exchange Commission | Sharon Binger, Regional Director | philadelphia@sec.gov |
| Counsel to Official Committee of Unsecured Creditors | Sidley Austin LLP | Matthew Clemente, Alyssa Russell, Elliot A. Bromagen | mclemente@sidley.com; alyssa.russell@sidley.com; ebromagen@sidley.com |
| Counsel to Official Committee of Unsecured Creditors | Sidley Austin LLP | Penny P. Reid, Paige Holden Montgomery, Charles M. Person, Juliana Hoffman | preid@sidley.com; pmontgomery@sidley.com; cpersons@sidley.com; jhoffman@sidley.com |
| Counsel to Patrick Daugherty | Spencer Fane LLP | Jason P. Kathman | jkathman@spencerfane.com |

**Exhibit A**
Core/2002 Service List
Served via Electronic Mail

| Description | CreditorName | CreditorNoticeName | Email |
|---|---|---|---|
| DE Secretary of State | State of Delaware | Division of Corporations - Franchise Tax | dosdoc_bankruptcy@state.de.us |
| Counsel to the Hunter Mountain Trust ("Hunter") | Sullivan Hazeltine Allinson LLC | William A. Hazeltine, Esq. | whazeltine@sha-llc.com |
| Equity Holders | The Dugaboy Investment Trust | | gscott@myersbigel.com |
| Equity Holders | The Mark and Pamela Okada Family Trust - Exempt Trust #1 | | mokadadallas@gmail.com |
| Equity Holders | The Mark and Pamela Okada Family Trust - Exempt Trust #2 | | mokadadallas@gmail.com |
| Counsel to the United States Internal Revenue Service | U.S. Department of Justice, Tax Division | David G. Adams | david.g.adams@usdoj.gov |
| United States Attorney General | United States Attorney General | U.S. Department of Justice | askdoj@usdoj.gov |
| Counsel for NexPoint Real Estate Partners, LLC F/K/A HCRE Partners, LLC | Wick Phillips Gould & Martin, LLP | Brant C. Martin, Jason M. Rudd, Lauren K. Drawhorn | brant.martin@wickphillips.com; jason.rudd@wickphillips.com; lauren.drawhorn@wickphillips.com |
| Counsel to Acis Capital Management GP LLC and Acis Capital Management, L.P. (collectively, "Acis") | Winstead PC | Rakhee V. Patel, Phillip Lamberson | rpatel@winstead.com; plamberson@winstead.com; achiarello@winstead.com |
| Counsel for Jean Paul Sevilla and Hunter Covitz (the "Employees") | Winston & Strawn LLP | Attn: David Neier | dneier@winston.com |
| Counsel for Jean Paul Sevilla and Hunter Covitz (the "Employees") | Winston & Strawn LLP | Attn: Katherine A. Preston | kpreston@winston.com |
| Counsel for Jean Paul Sevilla and Hunter Covitz (the "Employees") | Winston & Strawn LLP | Attn: Thomas M. Melsheimer; Natalie L. Arbaugh | tmelsheimer@winston.com; narbaugh@winston.com |

# EXHIBIT B

**Appx. 00361**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 7 of 175

Exhibit B
Core/2002 Service List
Served via First Class Mail

| Description | CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| Counsel for Collin County Tax Assessor/Collector | Abernathy, Roeder, Boyd & Hullett, P.C. | Chad Timmons, Larry R. Boyd, Emily M. Hahn | 1700 Redbud Blvd, Ste. 300 | | | McKinney | TX | 75069 |
| Counsel for NexBank | Alston & Bird LLP | Jared Slade | Chase Tower | 2200 Ross Avenue | | Dallas | TX | 75201 |
| Counsel for NexBank | Alston & Bird LLP | Jonathan T. Edwards | One Atlantic Center | 1201 West Peachtree Street | | Atlanta | GA | 30309 |
| Counsel to Jefferies LLC | Ashby & Geddes, P.A. | William P. Bowden, Esq., Michael D. DeBaecke, Esq. | 500 Delaware Avenue, 8th Floor | PO Box 1150 | | Wilmington | DE | 19899-1150 |
| Counsel for Scott Ellington, Thomas Surgent, Frank Waterhouse, and Isaac Leventon (the "Senior Employees") and CPCM, LLC | Baker & McKenzie LLP | Debra A. Dandeneau | 452 Fifth Ave | | | New York | NY | 10018 |
| Counsel for Scott Ellington, Thomas Surgent, Frank Waterhouse, and Isaac Leventon (the "Senior Employees") and CPCM, LLC | Baker & McKenzie LLP | Michelle Hartmann | 1900 North Pearl | Suite 1500 | | Dallas | TX | 75201 |
| Counsel for NWCC, LLC | Barnes & Thornburg LLP | Thomas G. Haskins, Jr. | 2121 North Pearl Street, Suite 700 | | | Dallas | TX | 75201 |
| Bank | BBVA | Michael Doran | 8080 North Central Expressway | Suite 1500 | | Dallas | TX | 75206 |
| Counsel for Acis Capital Management GP LLC and Acis Capital Management, L.P. (collectively, "Acis") | Blank Rome LLP | John E. Lucian, Josef W. Mintz | 1201 N. Market Street, Suite 800 | | | Wilmington | DE | 19801 |
| Counsel to James Dondero | Bonds Ellis Eppich Schafer Jones LLP | John Y. Bonds, III, Bryan C. Assink | 420 Throckmorton Street, Suite 1000 | | | Fort Worth | TX | 76102 |
| Counsel to Oracle America, Inc. | Buchalter, A Professional Corporation | Shawn M. Christianson, Esq. | 55 Second Street, 17th Floor | | | San Francisco | CA | 94105-3493 |
| Counsel for UBS Securities LLC and UBS AG London Branch | Butler Snow LLP | Martin A. Sosland and Candice M. Carson | 2911 Turtle Creek Blvd. | Suite 1400 | | Dallas | TX | 75219 |
| Counsel to Integrated Financial Associates Inc. | Carlyon Cica Chtd. | Candace C. Carlyon, Esq., Tracy M. Osteen, Esq. | 265 E. Warm Springs Road, Suite 107 | | | Las Vegas | NV | 89119 |
| Counsel to the Intertrust Entities and the CLO Entities | Chipman, Brown, Cicero & Cole, LLP | Mark L. Desgrosseilliers | Hercules Plaza | 1313 North Market Street, Suite 5400 | | Wilmington | DE | 19801 |
| Creditor | Cole, Schotz, Meisel, Forman & Leonard, P.A. | | 301 Commerce Street, Suite 1700 | | | Fort Worth | TX | 76102 |
| Counsel to Siepe LLC | Condon Tobin Sladek Thornton PLLC | J. Seth Moore | 8080 Park Lane, Suite 700 | | | Dallas | TX | 75231 |
| Counsel to Patrick Daugherty ("Mr. Daugherty") | Cross & Simon LLC | Michael L. Vild, Esquire | 1105 N. Market Street, Suite 901 | | | Wilmington | DE | 19801 |
| Counsel for BH Equities, L.L.C. | Dentons US LLP | Casey Doherty | 1221 McKinney Street, Suite 1900 | | | Houston | TX | 77010 |
| Counsel to Jefferies LLC | Dentons US LLP | Lauren Macksoud, Esq. | 1221 Avenue of the Americas | | | New York | NY | 10020-1089 |
| Counsel to Jefferies LLC | Dentons US LLP | Patrick C. Maxcy, Esq. | 233 South Wacker Drive | Suite 5900 | | Chicago | IL | 60606-6361 |
| Counsel to Acis Capital Management, LP and Acis Capital Management GP, LLC ("Creditors") and Joshua N. Terry and Jennifer G. Terry | Forshey & Prostok LLP | Jeff P. Prostok, J. Robert Forshey, Suzanne K. Rosen | 777 Main Street, Suite 1550 | | | Fort Worth | TX | 76102 |
| Secured Creditor | Frontier State Bank | Attn: Steve Elliot | 5100 South I-35 Service Road | | | Oklahoma City | OK | 73129 |

Highland Capital Management, L.P.
Case No. 19-34054

Appx. 00362

**Exhibit B**
Core/2002 Service List
Served via First Class Mail

| Description | CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| Counsel to the Redeemer Committee of the Highland Crusader Fund | Frost Brown Todd LLC | Mark A. Platt | 100 Crescent Court, Suite 350 | | | Dallas | TX | 75201 |
| Counsel to Alvarez & Marsal CRF Management LLC as Investment Manager of the Highland Crusader Funds | Gibson, Dunn & Crutcher LLP | Marshall R. King, Esq., Michael A. Rosenthal, Esq. & Alan Moskowitz, Esq. | 200 Park Avenue | | | New York | NY | 10066 |
| Counsel to Alvarez & Marsal CRF Management LLC as Investment Manager of the Highland Crusader Funds | Gibson, Dunn & Crutcher LLP | Matthew G. Bouslog, Esq. | 3161 Michelson Drive | | | Irvine | CA | 92612 |
| Counsel for the Dugaboy Investment Trust and Get Good Trust | Heller, Draper & Horn, L.L.C. | Douglas S. Draper, Leslie A. Collins, Greta M. Brouphy | 650 Poydras Street, Suite 2500 | | | New Orleans | LA | 70130 |
| Equity Holders | Hunter Mountain Investment Trust | c/o Rand Advisors LLC | 87 Railroad Place Ste 403 | | | Saratoga Springs | NY | 12866 |
| IRS | Internal Revenue Service | Attn Susanne Larson | 31 Hopkins Plz Rm 1150 | | | Baltimore | MD | 21201 |
| IRS | Internal Revenue Service | Centralized Insolvency Operation | PO Box 7346 | | | Philadelphia | PA | 19101-7346 |
| Counsel to Crescent TC Investors, L.P. | Jackson Walker L.L.P. | Michael S. Held | 2323 Ross Avenue, Suite 600 | | | Dallas | TX | 75201 |
| Secured Creditor | Jefferies LLC | Director of Compliance | 520 Madison Avenue, 16th Floor | Re Prime Brokerage Services | | New York | NY | 10022 |
| Secured Creditor | Jefferies LLC | Office of the General Counsel | 520 Madison Avenue, 16th Floor | Re Prime Brokerage Services | | New York | NY | 10022 |
| Counsel to the Redeemer Committee of the Highland Crusader Fund | Jenner & Block LLP | Marc B. Hankin, Richard Levin | 919 Third Avenue | | | New York | NY | 10022-3908 |
| Counsel for CCS Medical, Inc. | Jones Day | Amanda Rush | 2727 N. Harwood Street | | | Dallas | TX | 75201 |
| Counsel to the Issuers (group of 25 separate Cayman issuers of loan) | Jones Walker LLP | Joseph E. Bain, Amy K. Anderson | 811 Main Street, Suite 2900 | | | Houston | TX | 77002 |
| Counsel for Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., et al | K&L Gates LLP | Artoush Varshosaz | 1717 Main Street, Suite 2800 | | | Dallas | TX | 75201 |
| Counsel for Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., et al | K&L Gates LLP | James A. Wright III | 1 Lincoln Street | | | Boston | MA | 02110 |
| Counsel for Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., et al | K&L Gates LLP | Stephen G. Topetzes | 1601 K Street, NW | | | Washington | DC | 20006-1600 |
| Counsel to CLO Holdco, Ltd. | Kane Russell Coleman Logan PC | John J. Kane | 901 Main Street, Suite 5200 | | | Dallas | TX | 75242-1699 |
| Secured Creditor | KeyBank National Association | as Administrative Agent | 225 Franklin Street, 18th Floor | | | Boston | MA | 02110 |
| Secured Creditor | KeyBank National Association | as Agent | 127 Public Square | | | Cleveland | OH | 44114 |
| Counsel for Highland CLO Funding Ltd. | King & Spalding LLP | Paul R. Bessette | 500 West 2nd St., Suite 1800 | | | Austin | TX | 78701-4684 |
| Counsel to BET Investments II, L.P. | Kurtzman Steady, LLC | Jeffrey Kurtzman, Esq. | 401 S. 2nd Street, Suite 200 | | | Philadelphia | PA | 19147 |
| Counsel to UBS Securities LLC and UBS AG London Branch ("UBS") | Latham & Watkins LLP | Andrew Clubok, Sarah Tomkowiak | 555 Eleventh Street, NW, Suite 1000 | | | Washington | DC | 20004 |

Exhibit B
Core/2002 Service List
Served via First Class Mail

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21   Entered 08/19/21 16:03:15   Page 9 of 175

| Description | CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| Counsel to UBS Securities LLC and UBS AG London Branch ("UBS") | Latham & Watkins LLP | Asif Attarwala, Kathryn K. George | 330 N. Wabash Avenue, Ste. 2800 | | | Chicago | IL | 60611 |
| Counsel to UBS Securities LLC and UBS AG London Branch ("UBS") | Latham & Watkins LLP | Jeffrey E. Bjork, Kimberly A. Posin | 355 South Grand Avenue, Ste. 100 | | | Los Angeles | CA | 90071 |
| Counsel to UBS Securities LLC and UBS AG London Branch ("UBS") | Latham & Watkins LLP | Zachary F. Proulx | 1271 Avenue of the Americas | | | New York | NY | 10020 |
| Counsel to Coleman County TAD, Kaufman County, Upshur County, Fannin CAD, Tarrant County, Grayson County, Allen ISD, Dallas County, Irving ISD, and Rockwall CAD | Linebarger Goggan Blair & Sampson LLP | Elizabeth Weller, Laurie A. Spindler | 2777 N. Stemmons Freeway | Suite 1000 | | Dallas | TX | 75207 |
| Counsel for Jack Yang and Brad Borud | Loewinsohn Fiegle Deary Simon LLP | Daniel P. Winikka | 12377 Merit Drive, Suite 900 | | | Dallas | TX | 75251 |
| Creditor | Lynn Pinker Cox & Hurst, L.L.P. | Michael K. Hurst, Esq. | 2100 Ross Avenue, Ste 2700 | | | Dallas | TX | 75201 |
| Equity Holders | Mark K. Okada | | 300 Crescent Court | Suite 700 | | Dallas | TX | 75201 |
| Counsel to the Redeemer Committee of the Highland Crusader Fund | Morris, Nichols, Arsht & Tunnell LLP | Curtis S. Miller, Kevin M. Coen | 1201 North Market Street, Suite 1600 | | | Wilmington | DE | 19801 |
| Counsel to Meta-e Discovery, LLC | Morrison Cohen LLP | Joseph T. Moldovan, Esq. & Sally Siconolfi, Esq. | 909 Third Avenue | | | New York | NY | 10022 |
| Bank | NexBank | John Danilowicz | 2515 McKinney Ave | Ste 1100 | | Dallas | TX | 75201 |
| Counsel to California Public Employees' Retirement System ("CalPERS") | Nixon Peabody LLP | Louis J. Cisz, III, Esq. | One Embarcadero Center, 32nd Floor | | | San Francisco | CA | 94111 |
| SEC Headquarters | Office of General Counsel | Securities & Exchange Commission | 100 F St NE | | | Washington | DC | 20554 |
| Texas Attorney General | Office of the Attorney General | Ken Paxton | 300 W. 15th Street | | | Austin | TX | 78701 |
| Attorney General of the United States | Office of the Attorney General | | Main Justice Building, Room 5111 | 10th & Constitution Avenue, N.W. | | Washington | DC | 20530 |
| US Attorneys Office for Northern District of TX | Office of the United States Attorney | | 1100 Commerce Street, 3rd Floor | | | Dallas | TX | 75202 |
| US Trustee for District of DE | Office of the United States Trustee | Linda Casey | 844 King St Ste 2207 | Lockbox 35 | | Wilmington | DE | 19801 |
| US Trustee for Northern District of TX | Office of the United States Trustee | Lisa L. Lambert, Esq | 1100 Commerce Street, Room 976 | Earle Cabell Federal Building | | Dallas | TX | 75242 |
| US Trustee for District of DE | Office of the United States Trustee Delaware | Jane M. Leamy | J. Caleb Boggs Federal Building | 844 King St Ste 2207 | Lockbox 35 | Wilmington | DE | 19801 |
| Pension Benefit Guaranty Corporation ("PBGC") | Pension Benefit Guaranty Corporation | Michael I. Baird | Office of the General Counsel | 1200 K Street, N.W. | | Washington | DC | 20005-4026 |
| Counsel to City of Garland, Garland ISD, Wylie ISD , Plano ISD | Perdue, Brandon, Fielder, Collins & Mott, L.L.P. | Linda D. Reece | 1919 S. Shiloh Rd., Suite 310 | | | Garland | TX | 75042 |
| Delaware counsel to Alvarez & Marsal CRF Management LLC | Potter Anderson & Corroon LLP | Jeremy W. Ryan, Esq., R. Stephen McNeill, Esq, & D. Ryan Slaugh, Esq. | 1313 North Market Street, 6th Floor | | | Wilmington | DE | 19801 |
| Secured Creditor | Prime Brokerage Services | Jefferies LLC | 520 Madison Avenue | | | New York | NY | 10022 |
| Counsel to UBS Securities LLC and UBS AG London Branch ("UBS") | Richards, Layton & Finger PA | Michael J. Merchant, Sarah E. Silveira | One Rodney Square | 920 North King Street | | Wilmington | DE | 19801 |

**Exhibit B**
Core/2002 Service List
Served via First Class Mail

| Description | CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| Counsel to Hunter Mountain Trust | Rochelle McCullough, LLP | E. P. Keiffer | 325 North St. Paul Street, Suite 4500 | | | Dallas | TX | 75201 |
| Counsel for Scott Ellington, Thomas Surgent, Frank Waterhouse, and Isaac Leventon (the "Senior Employees") and CPCM, LLC | Ross & Smith, PC | Judith W. Ross, Frances A. Smith, Eric Soderlund | 700 North Pearl Street, Suite 1610 | | | Dallas | TX | 75201 |
| Counsel to the Intertrust Entities and the Issuers (group of 25 separate Cayman issuers of loan) | Schulte Roth & Zabel LLP | David J. Karp, James V. Williams III | 919 Third Avenue | | | New York | NY | 10022 |
| SEC Regional Office | Securities & Exchange Commission | Richard Best, Regional Director | New York Regional Office | Brookfield Place, Suite 400 | 200 Vesey Street | New York | NY | 10281 |
| SEC Regional Office | Securities & Exchange Commission | Sharon Binger, Regional Director | Philadelphia Regional Office | One Penn Center, Suite 520 | 1617 JFK Boulevard | Philadelphia | PA | 19103 |
| Counsel to Official Committee of Unsecured Creditors | Sidley Austin LLP | Matthew Clemente, Alyssa Russell, Elliot A. Bromagen | One South Dearborn Street | | | Chicago | IL | 60603 |
| Counsel to Official Committee of Unsecured Creditors | Sidley Austin LLP | Penny P. Reid, Paige Holden Montgomery, Charles M. Person, Juliana Hoffman | 2021 McKinney Avenue Suite 2000 | | | Dallas | TX | 75201 |
| Counsel to Patrick Daugherty | Spencer Fane LLP | Jason P. Kathman | 5700 Granite Parkway, Suite 650 | | | Plano | TX | 75024 |
| TX Comptroller of Public Accounts | State Comptroller of Public Accounts | Revenue Accounting Division-Bankruptcy Section | PO Box 13258 | | | Austin | TX | 78711 |
| DE Secretary of State | State of Delaware | Division of Corporations - Franchise Tax | 401 Federal Street | PO Box 898 | | Dover | DE | 19903 |
| Equity Holders | Strand Advisors, Inc. | | 300 Crescent Court | Suite 700 | | Dallas | TX | 75201 |
| Counsel to the Hunter Mountain Trust ("Hunter") | Sullivan Hazeltine Allinson LLC | William A. Hazeltine, Esq. | 919 North Market Street, Suite 420 | | | Wilmington | DE | 19801 |
| TX AG Office | Texas Attorney Generals Office | Bankruptcy-Collections Division | PO Box 12548 | | | Austin | TX | 78711-2548 |
| Equity Holders | The Dugaboy Investment Trust | | 300 Crescent Court | Suite 700 | | Dallas | TX | 75201 |
| Equity Holders | The Mark and Pamela Okada Family Trust - Exempt Trust #1 | | 300 Crescent Court | Suite 700 | | Dallas | TX | 75201 |
| Equity Holders | The Mark and Pamela Okada Family Trust - Exempt Trust #2 | | 300 Crescent Court | Suite 700 | | Dallas | TX | 75201 |
| Counsel to the United States Internal Revenue Service | U.S. Department of Justice, Tax Division | David G. Adams | 717 N. Harwood St., Suite 400 | | | Dallas | TX | 75201 |
| United States Attorney General | United States Attorney General | William Barr, Esquire | 950 Pennsylvania Avenue, NW | Room 4400 | | Washington | DC | 20530-0001 |
| United States Bankruptcy Court | United States Bankruptcy Court | Honorable Stacey G. Jernigan | Northern District of Texas - Dallas Division | Earle Cabell Federal Building | 1100 Commerce St., Rm. 1254 | Dallas | TX | 75242-1496 |
| U.S. Department of the Treasury | US Department of the Treasury | Office of General Counsel | 1500 Pennsylvania Avenue, NW | | | Washington | DC | 20220 |
| Counsel for NexPoint Real Estate Partners, LLC F/K/A HCRE Partners, LLC | Wick Phillips Gould & Martin, LLP | Brant C. Martin, Jason M. Rudd, Lauren K. Drawhorn | 3131 McKinney Avenue, Suite 500 | | | Dallas | TX | 75204 |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 11 of 175

**Exhibit B**
Core/2002 Service List
Served via First Class Mail

| Description | CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| Counsel to Acis Capital Management GP LLC and Acis Capital Management, L.P. (collectively, "Acis") | Winstead PC | Rakhee V. Patel, Phillip Lamberson | 2728 N. Harwood Street, Suite 500 | | | Dallas | TX | 75201 |
| Counsel for Jean Paul Sevilla and Hunter Covitz (the "Employees") | Winston & Strawn LLP | Attn: David Neier | 200 Park Avenue | | | New York | NY | 10166-4193 |
| Counsel for Jean Paul Sevilla and Hunter Covitz (the "Employees") | Winston & Strawn LLP | Attn: Katherine A. Preston | 800 Capitol Street, Suite 2400 | | | Houston | TX | 77002 |
| Counsel for Jean Paul Sevilla and Hunter Covitz (the "Employees") | Winston & Strawn LLP | Attn: Thomas M. Melsheimer; Natalie L. Arbaugh | 2121 N. Pearl Street, Suite 900 | | | Dallas | TX | 75201 |
| Delaware Division of Revenue | Zillah A. Frampton | Bankruptcy Administrator | Delaware Division of Revenue | Carvel State Office Building, 8th Floor | 820 N. French Street | Wilmington | DE | 19801 |

Page 5 of 5

Highland Capital Management, L.P.
Case No. 19-34054

**Appx. 00366**

# EXHIBIT C

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| 13D Global Strategy and Research | | 491 N Main Street | | | Ketchum | ID | 83340-0000 | |
| 13D RESEARCH, INC | | PO BOX 2087 | | | Ketchum | ID | 83340 | |
| 13D RESEARCH, INC | | 6115 Estate Smith Bay | Box 2/Suite 333 | | St. Thomas | VI | 00802-1304 | |
| 1564 Entertainment, LLC | | 391 E. Las Colinas Blvd. | #130-428 | | Irving | TX | 75039 | |
| 1st AMERICAN FIRE PROTECTION, INC | | PO BOX 2123 | | | Mansfield | TX | 76063-2123 | |
| 1st Partners & Co | | PO Box 141629 | | | Dallas | TX | 75222 | |
| 2011 PCDC Teachers Cup | | 25 Highland Park Village | #100-188 | | Dallas | TX | 75205 | |
| 2-10 HOME BUYERS | | 10375 E HARVARD AVE | | | Denver | CO | 80231 | |
| 2905 Maple LLC | | 2905 Maple Avenue | | | Dallas | TX | 75201 | |
| 299 Credit Finance Holdings LLC | | 875 Third Avenue | 10th Floor | | New York | NY | 10022 | |
| 300 Inc. | | 3805 Beltline Rd | | | Addison | TX | 75001 | |
| 4CAST Inc | | 420 Lexington Avenue, Suite 2147 | | | New York | NY | 10170 | |
| 4th Bin, Inc. | | 703 3rd Avenue | 6th Floor | | New York | NY | 10017 | |
| A. Dean Jenkins | | Address on File | | | | | | |
| A.S.A.P. Advisor Services | | 5000 Olde Towne Parkway | Suite 100 | | Marietta | GA | 30068 | |
| AA GMT | | 4700 AMERICAN BLVD MD1000 | | | Ft. Worth | TX | 76155 | |
| Aaron, Philip B. | | Address on File | | | | | | |
| ABALON BUSINESS MACHINES & SERVICES | | 60 E 42ND ST | | | New York | NY | 10167 | |
| Abayarathna, Sahan | | Address on File | | | | | | |
| Abbit Stonecypher | | Address on File | | | | | | |
| Aberdeen Loan Funding, Ltd. | c/o Walkers SPV Limited | Walker House 87 Mary Street | George Town | | Grand Cayman | | KY1-9002 | Cayman Islands |
| Aberdeen Loan Funding, Ltd. | Aberdeen Loan Funding, Ltd. c/o Walkers SPV Limited, Walker House | 190 Elgin Avenue | George Town | | Grand Cayman | | KY1-9005 | Cayman Islands |
| Aberdeen Loan Funding, Ltd. and State Street Bank and Trust Company | | 87 Mary Street | George Town | | Grand Cayman | | 1-9902 | Cayman Islands |
| Aberdeen Loan Funding, Ltd. and State Street Bank and Trust Company | State Street Bank and Trust Company | 200 Clarendon St | Mail Code EUC 108 | | Boston | MA | 02116 | |
| Ableco, LLC | | 299 Park Avenue | Floor 21-23 | | New York | NY | 10171 | |
| Ablon and Co., PLLC | | 10000 N. Central Expy #1400 | | | Dallas | TX | 75231 | |
| ABM | | PO Box 419860 | | | Boston | MA | 02241-9860 | |
| ABM Janitorial Services | | P.O. Box 951864 | | | Dallas | TX | 75395 | |
| ABM Texas General Services, Inc. | | 2020 Westridge Drive | | | Irving | TX | 75038-0000 | |
| About Faces Entertainment, LLC | | 5092 Dorsey Hall Drive | Suite 202 | | Ellicott City | MD | 21042 | |
| AboveNet Communications Inc. | | PO Box 79006 | | | City of Industry | CA | 91716-9006 | |
| Abraham Rondina | | Address on File | | | | | | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Abrams & Bayliss LLP | John M. Seaman | 20 Montchanin Road, Suite 200 | | | Wilmington | DE | 19807 | |
| Abrams Mediation | | 7616 Burns Run Suite 180 | | | Dallas | TX | 75248 | |
| Abrams Mediation | | 4901 LBJ Fwy | #150 | | Dallas | TX | 75244-6179 | |
| Absolute Entertainment | | 1517 Prudential Drive | | | Dallas | TX | 75235 | |
| ACA Compliance Group | | 8403 Colesville Road | Suite 870 | | Silver Spring | MD | 20910 | |
| Academy Engraving Inc | | 271 Madison Avenue | Suite 207 | | New York | NY | 10016 | |
| Accessibility Today | | PO Box 1757 | | | Roanoke | TX | 76262 | |
| Accountant General | Appleby Services (Bermuda) Ltd. | PO Box HM 1179 | | | Hamilton | | HM EX | BERMUDA |
| Accountant General | ATTN Lorna Phillips | M Q Services Limited Victoria Place | | | Hamilton | | HM 10 | BERMUDA |
| ACCOUNTEMPS | | PO Box 743295 | | | Los Angeles | CA | 90074-3295 | |
| ACCOUNTEMPS | | FILE 73484 | PO BOX 60000 | | San Francisco | CA | 94160-3484 | |
| Accuity Inc. dba NRS | | PO Box 7247-8077 | | | Philadelphia | PA | 19170-8077 | |
| Acis Capital Management L.P. and Acis Capital Management GP, LLC, et al | | 3110 Webb Ave., Suite 203 | | | Dallas | TX | 75205 | |
| Acis Capital Management L.P. and Acis Capital Management GP, LLC, et al | Attn Annmarie Chiarello, Rakhee V. Patel | c/o Winstead PC | 500 Winstead Building | 2728 N. Harwood Street | Dallas | TX | 75201 | |
| Acis Capital Management L.P. and Acis Capital Management GP, LLC, et al | Brian P. Shaw | Rogge Dunn Group PC | 500 N. Akard St. Suite 1900 | | Dallas | TX | 75201 | |
| Acis Capital Management L.P. and Acis Capital Management GP, LLC, et al | James T. Bently | Schulte Roth & Zabel LLP | 919 Third Avenue | | New York | NY | 10022 | |
| Acis Capital Management L.P. and Acis Capital Management GP, LLC, et al | Joseph E. Bain | Jones Walker LLP | 811 Main St. Suite 2900 | | Houston | TX | 77002 | |
| Ackerman McQueen Inc. | | 1601 Northwest Expressway | Suite 1100 | | Oklahoma City | OK | 73118 | |
| ACMLP Claim, LLC | | 4514 Cole Ave., Suite 600 | | | Dallas | TX | 75205 | |
| Action Fire Pros | | 3709 S IH 35 | | | Waxahachie | TX | 75165 | |
| Action Shred of Texas | | 2835 Congressman Lane | | | Dallas | TX | 75220 | |
| Action Shred of Texas | | 1420 S. Barry Ave | | | Dallas | TX | 75223 | |
| Act-On Software, Inc. | | 121 SW Morrison STreet, Ste 1600 | | | Portland | OR | 97204 | |
| Ada Hsieh | | Address on File | | | | | | |
| ADAM DYBALA | | Address on File | | | | | | |
| Adam Energy Forum | | PO Box 802511 | | | Dallas | TX | 75380-2511 | |
| ADAM FALCON | | Address on File | | | | | | |
| Adam Hanson | | Address on File | | | | | | |
| Adam Kneller | | Address on File | | | | | | |
| Adam Ostermiller | | Address on File | | | | | | |
| ADAM PETERSON | | Address on File | | | | | | |
| Adam-Permian Energy Network | | 1439 Wakefield Dr. | | | Houston | TX | 77018 | |
| ADAM-Tulsa | Attn Melissa Turgeon | 3500 One Williams Center, MD 2600 | | | Tulsa | OK | 74172-0135 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 2 of 155

**Appx. 00369**

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Addleshaw Goddard LLP | | Sovereign House, PO Box 8 | Sovereign Street Leeds | | West Yorkshire | | LS1 1HQ | United Kingdom |
| Adeo Internet Marketing Inc. | | 2501 East Charleston Rd | | | Island Pond | VT | 05846 | |
| Adesso Process Service | | PO BOX 12621 | | | Albany | NY | 12212 | |
| Adeyemi Ogunkoya | | Address on File | | | | | | |
| ADISA | | 10401 North Meridian Street | Suite 202 | | Indianapolis | IN | 46290 | |
| AdMaster Compliance | | 1101 Arrow Point Drive | Suite 301 | | Cedar Park | TX | 78613 | |
| ADMIN .U.C. | State of Connecticut | Department of Labor | Employment Security Division | | Hartford | CT | 06104-2940 | |
| Admiral Communications | | 4505 Excel Pkwy, Ste 300 | | | Addison | TX | 75001 | |
| ADP | | 2735 Stemmons Fwy | | | Dallas | TX | 75207 | |
| ADP | | PO BOX 78415 | | | Phoenix | AZ | 85062-8415 | |
| ADP | | PO Box 31001-1568 | | | Pasadena | CA | 91110-1568 | |
| ADSUAR MUNIZ GOYCO SEDA & PEREZ-OCHOA | | PO BOX 70294 | | | San Juan | PR | 00936-8294 | |
| ADT SECURITY SERVICES, INC | ATTN M MALDONADO | 335 W 16th ST | | | New York | NY | 10011 | |
| ADT SECURITY SERVICES, INC | | PO BOX 371956 | | | Pittsburgh | PA | 15250-7956 | |
| Advanced Business Group, Inc. | | 520 Eighth Ave, 15th Flr | | | New York | NY | 10018 | |
| Advanced Discovery, Inc. | | 13915 N Mopac Expy | Suite 400 | | Austin | TX | 78728 | |
| Advanced Discovery, Inc. | | PO Box 102242 | | | Atlanta | GA | 30368-2242 | |
| Advanced Discovery, Inc. | | PO Box 3173 | | | Wichita | KS | 67201-3173 | |
| Advantage Data Inc. | | PO Box 961210 | | | Boston | MA | 02196-1210 | |
| Advent Software Inc | Attn Bill Hall | 600 Townsend St., Suite 4000 | | | San Francisco | CA | 94103 | |
| Advent Software, Inc. | | PO BOX 823374 | | | Philadelphia | PA | 19182-3374 | |
| Advent Software, Inc. | | Three Lincoln Centre | 5430 LBJ Freeway Ste 800 | | Dallas | TX | 75240-0000 | |
| Advent Software, Inc. | | Dept 33096 PO Box 39000 | | | San Francisco | CA | 94139-3096 | |
| ADVENTURE PHOTO TOURS, INC. | | 3111 S VALLEY VIEW BLVD | X-106 | | Las Vegas | NV | 89102 | |
| ADVISOR CONSULTANT NETWORK INC | | 600 SUPERIOR AVE | SUITE 1300 | | Cleveland | OH | 44114 | |
| Advisor Group, Inc. | | PO Box 978516 | | | Dallas | TX | 75397-8516 | |
| Advisory Group Equity Services, Ltd. | | 444 Washington Street | Suite 407 | | Woburn | MA | 01801 | |
| Advocates Professional Services, Inc | | 119 North Park Ave, Suite 303 | | | Rockville Centre | NY | 11570 | |
| AERIAL FOCUS | | 4885 ALPHA RD | STE 155 | | Dallas | TX | 75244-4633 | |
| AeroIndustry Jobs, Inc | | PO Box 215 | | | Oxford | ME | 04270 | |
| Aetna | AETNA-MIDDLETOWN | PO BOX 88863 | | | Chicago | IL | 60695-1863 | |
| Aetna | Attn Lockbox No 804735 | 350 East Devon Avenue | | | Itasca | IL | 60143 | |
| Aetna | | 10275 W. Higgins Rd | Suite 500 | | Rosemont | IL | 60018 | |
| Aetna | | PO Box 804735 | | | Chicago | IL | 60680-4108 | |
| Aetna | | PO Box 88860 | | | Chicago | IL | 60695-1860 | |
| Aetna-COBRA | | COBRA/Special Plans | PO Box 13050 | | Secaucus | NJ | 07188-0050 | |
| Aetna-FSA Payment Remittance | Aetna-Middletown | PO Box 13504 | | | Newark | NJ | 07188-0504 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Afshan Mohammed | | Address on File | | | | | | |
| Agio, LLC | | 201 David L Boren Blvd | Ste 250 | | Norman | OK | 73072 | |
| Agren Blando Court Reporting Video Inc. | | 216 16th Street | Suite 650 | | Denver | CO | 80202 | |
| Aguilar Movers, Inc. | | 1206 Edwards Circle | | | Dallas | TX | 75224 | |
| AHLUWALIA, SANJIV | | Address on File | | | | | | |
| AI Insight | | P.O. Box 639250 | | | Cincinnati | OH | 45263-9250 | |
| AICPA | | PO BOX 10069 | | | Newark | NJ | 07101-3069 | |
| AICPA | | Multiple Member Payment | PO Box 2219 | | Jersey City | NJ | 07303-2219 | |
| AIG Advisor Group, Inc. | | PO Box 978516 | | | Dallas | TX | 75397-8516 | |
| AIMSE | ATTN Joyce Welsh | 12100 Sunset Hills Road | Suite 130 | | Reston | VA | 20190 | |
| Aimware, Inc | | 16 Olde Taverne Lane | | | Amesbury | MA | 01913 | |
| AIQ, Inc. | | 270 Rutherford Blvd | 2nd Floor | | Clifton | NJ | 07014 | |
| AIQ, Inc. | | 1500 Broadway | Suite 2900 | | New York | NY | 10036 | |
| Air Graffiti Dallas | | 4901 Harbor Ct | | | Flower Mound | TX | 75022 | |
| AIRBAND COMMUNICATIONS, INC | | 75 Remittance Drive | Suite 6566 | | Chicago | IL | 60675-6566 | |
| Aire Dynamics | | 2305 E BELTLINE RD | STE 190 | | Carrollton | TX | 75006 | |
| Aire Dynamics | | 305 E Beltline Rd Ste 190 | | | Carrollton | TX | 75006 | |
| Aire Dynamics | | 3250 WEST STORY RD #102 | | | Irving | TX | 75038 | |
| AirWatch, LLC | | 931 Monroe Drive NE | Ste 102-303 | | Atlanta | GA | 30308 | |
| AirWatch, LLC | | PO Box 742332 | | | Atlanta | GA | 30374-2332 | |
| Akerman Senterfitt & Edison, PA | | P.O. Box 4906 | | | Orlando | FL | 32802 | |
| AKF Reporters, Inc. | | 436 Blvd of the Allies | | | Pittsburgh | PA | 15219-1314 | |
| Akin, Gump, Strauss, Hauer & Feld LLP | | 1333 New Hampshire Ave, NW | | | Washington | DC | 20036 | |
| Akin, Gump, Strauss, Hauer & Feld LLP | | DEPT. 7247-6827 | | | Philadelphia | PA | 19170-6827 | |
| Akin, Gump, Strauss, Hauer & Feld LLP | | Dept 7247-6838 | | | Philadelphia | DE | 19170-6838 | |
| Akin, Gump, Strauss, Hauer & Feld LLP | | Dept. 2909 | | | Carol Stream | IL | 60132-2909 | |
| Akin, Gump, Strauss, Hauer & Feld LLP | | 2300 N Field St Ste 1800 | | | Dallas | TX | 75201-2481 | |
| Alabama Department of Revenue | Individual and Corporate Tax Division | Corporate Income Tax Section | PO Box 327435 | | Montgomery | AL | 36132-7435 | |
| Alabama Power Service Organization | c/o Katrina Haynes | PO Box 1209 | | | Eufaula | AL | 36072 | |
| Alabama Sheriffs Youth Ranches | | 200 Crescent Ct Ste 1900 | | | Dallas | TX | 75201 | |
| Alan Adams | | Address on File | | | | | | |
| ALAN WELCH | | Address on File | | | | | | |
| Albion Computer Services | | 49 Berkely Square | | | London | | W1J 5AZ | United Kingdom |
| A-Legal | | 1201 Elm Street | Suite 2560 | | Dallas | TX | 75270 | |
| Alejandro Vargas | | Address on File | | | | | | |
| Alex Kanji | | Address on File | | | | | | |
| ALEX SOMERS | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Alexanders Mobility Services | | 2750 Miller Park N Ste 300 | | | Garland | TX | 750427751 | |
| ALEXIS ZHOU | | Address on File | | | | | | |
| ALFERMANN, NICHOLAS | | Address on File | | | | | | |
| ALICE WANG | | Address on File | | | | | | |
| All American Entertainment | | 5790 Fayetteville Rd. | Ste. 200 | | Durham | NC | 27713 | |
| All Star Group, Inc | | 3835 E. Thousand Oaks Blvd | Suite 282 | | Westlake Village | CA | 91362 | |
| ALL SYSTEMS SERVICES | | 7901 WHISPERING WOODS LN. | | | N. Richland Hills | TX | 75240 | |
| Allan Huffman | | Address on File | | | | | | |
| ALLAN PAPWORTH | | Address on File | | | | | | |
| Allen ISD | Attn Elizabeth Weller | 2777 N. Stemmons Freeway | Suite 1000 | | Dallas | TX | 75207 | |
| Allen ISD | c/o Laurie A. Spindler, Elizabeth Weller | Linebarger Goggan Blair & Sampson, LLP | 2777 N. Stemmons Freeway, Suite 1000 | | Dallas | TX | 75207 | |
| ALLEN KIM | | Address on File | | | | | | |
| ALLEN, MICAELA S. | | Address on File | | | | | | |
| ALLEN, TARA | | Address on File | | | | | | |
| Allens Arthur Robinson | | GPO Box 50 | | | Sydney | NSW | 02001 | AUSTRALIA |
| Alliance Legal Staffing | | PO Box 670534 | | | Dallas | TX | 75367 | |
| ALLIANCE REPORTING LLC | | 3500 OAK LAWN AVE | SUITE 400 | | Dallas | TX | 75219 | |
| Allied Capital Partners | | PO BOX 676649 | | | Dallas | TX | 75267-6649 | |
| Allied Electronics Inc. | Accts Receivable Dept. | PO Box 2325 | | | Fort Worth | TX | 76113-2325 | |
| Allison Lam | c/o Frederik Michel | Address on File | | | | | | |
| Allison Taylor | | PO Box 187 | | | Dingmans Ferry | PA | 18328 | |
| ALPHA ELECTRICAL SERVICES INC | | 3727 HWY 138 | | | Stockbridge | GA | 30281 | |
| AlphaLit | | 8201 Greensboro Drive | Suite 717 | | McLean | VA | 22102 | |
| Alphasense, Inc. | | PO Box 37176 | | | San Francisco | CA | 94137-0176 | |
| Alpine Macro | | 1130 Sherbrooke St West PH1 | | | Montreal | QC | H3A2M8 | Canada |
| Alston & Bird LLP | | 1201 W. Peachtree Street | | | Atlanta | GA | 30309-3424 | |
| Alternative Asset Investment Mgmt LLC | | PO Box.5274 | | | New York | NY | 10185 | |
| Altex Electronics, Ltd. | | 11342 Hi 35 North | | | San Antonio | TX | 78233 | |
| Altus Network Solutions, Inc. | | dba nFront Security | 4920 Atlanta Highway, Suite 313 | | Alpharetta | GA | 30004-2921 | |
| Alvarez & Marsal Global Forensic and Dispute Services | | 555 Thirteenth Street NW, 5th Floor West | | | Washington | DC | 20004 | |
| Alvarez & Marsal North America, LLC | | 2029 Century Park East, Suite 2060 | | | Los Angeles | CA | 90067 | |
| Alvarez and Marsal CRF Management, LLC | | 2029 Century Park East, Suite 2060 | | | Los Angeles | CA | 90067 | |
| ALVAREZ, ADRIANA | | Address on File | | | | | | |
| Alvaro Idoate Photographer | | 18 Tapia Street | | | San Juan | PR | 00911 | |
| Alvaro Magalhaes | | Address on File | | | | | | |
| AM Linen Rental | | 1611B Tantor Rd | | | Dallas | TX | 75229 | |
| Amanda Coussens | | Address on File | | | | | | |
| AMANDA RUDOLPH | | Address on File | | | | | | |
| Amazon Web Services, Inc. | Attn AWS Legal | 410 Terry Avenue North | | | Seattle | WA | 98109-5210 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| AMB Janitorial Services | American Building Maintenance | PO Box 97292 | | | Dallas | TX | 75397 | |
| Ambassador Funds Management Services | | Level 8, 3 Spring St | | | Sydney | N8W | 02000 | AUSTRALIA |
| Ambassador Funds Management Services | | STE 1202, LEVEL 12 | 3 SPRING ST | | SYDNEY | NSW | 02000 | AUSTRALIA |
| Amber Electrical Contractors | | 2251 Century Center Blvd | | | Irving | TX | 75062 | |
| Ambridge Partners LLC | | Due Diligence Services | 520 Eighth Ave, 25th Floor | | New York | NY | 10018 | |
| AMC Theaters | | 13731 Collections Center Drive | | | Chicago | IL | 60693 | |
| American Airlines | | 4255 Amon Carter Blvd | MD 4106 | | Fort Worth | TX | 76155 | |
| American Airlines, Inc. | | PO Box 619616 MD4106 | | | Ft Worth | TX | 76155-0000 | |
| AMERICAN APPRAISAL CANADA, INC | | 310 FRONT ST WEST Suite 710 | | | TORONTO | ON | M5V 3B5 | CANADA |
| American Arbitration Association | ATTN Kathleen Cantrell | 1750 Two Galleria Tower | 13455 Noel Road | | Dallas | TX | 75240 | |
| American Arbitration Association | | 120 Broadway, 21st Floor | | | New York | NY | 10271 | |
| American Arbitration Association | | Lackey Hershman, LLP | 3102 Oak Lawn Avenue, Suite 777 | | Dallas | TX | 75219 | |
| American Arbitration Association | | 13455 Noel Road, Suite 1750 | | | Dallas | TX | 75240 | |
| AMERICAN BANK NOTE COMPANY | | PO BOX 1931 | | | Columbia | TN | 38402 | |
| American Banknote Corporation | Attention Patrick J. Gentile | 560 Sylvan Avenue | | | Englewood Cliffs | NJ | 07632 | |
| American Bar Association | | PO Box 4745 | | | Carol Stream | IL | 60197-4745 | |
| American Bldg. Maintenance Co. | | PO Box 951864 | | | Dallas | TX | 75395-1864 | |
| American Cancer Society | ATTN JAMIE SLOAN | 1199 S Belt Line Rd Ste 160 | | | Coppell | TX | 75019-4656 | |
| American Cancer Society | Attn Sharyn Klumb | 1199 S Belt Line Rd Ste 160 | | | Coppell | TX | 75019-4656 | |
| American Chamber of Commerce Resources | | 65 East Wacker Place | Suite 1804 | | Chicago | IL | 60601 | |
| American Express National Bank | c/o Becket & Lee LLP | PO Box 3001 | | | Malvern, | PA | 19355-0701 | |
| American Federation of the Arts | | 305 East 47 St. | 10 th Floor | | New York | NY | 10017 | |
| American Furniture Rental | | 3201 E. Arkansas Lane | Suite 101 | | Arlington | TX | 76010 | |
| American Global Wealth Management | | 1600 Pennsylvania Avenue | | | McDonough | GA | 30253 | |
| American Heart Assoc. National Center | Attn SouthWest Affiliate-A/R | PO Box 4002903 | | | Des Moines | IA | 50340-2903 | |
| American Heart Association | c/o Cotes du Coeur | Attn Gabbi Sikes | 105 Decker Ct, Ste 200 | | Irving | TX | 75062 | |
| American Heart Association | | 2550 US Highway 1 | | | North Brunswick | NJ | 08902 | |
| American Heart Association | | Greater Kansas City Community Found | 1055 Broadway Blvd., Suite 130 | | Kansas City | MO | 64105 | |
| American Heart Association | | Southwest Affiliate | 105 Decker Court, Suite 200 | | Irving | TX | 75062 | |
| American Heart Association | | 7272 Greenville Avenue | | | Dallas | TX | 75231 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 19 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| American Heart Association | | 8200 Brookriver Dr | Suite N-100 | | Dallas | TX | 75247 | |
| American Heart Association | | SouthWest Affiliate - Acct Rec. | PO Box 4002031 | | Des Moines | IA | 50340-2031 | |
| AMERICAN IDENTITY | | PO BOX 219189 | | | Kansas City | MO | 6412-9189 | |
| American Language Technologies | | 3941 Legacy Drive, #204 | PMB 199A | | Plano | TX | 75023 | |
| AMERICAN LOCKSMITHS | | 830 THIRD AVE | | | New York | NY | 10022 | |
| American Metal Market LLC | | Subscription Department | PO Box 15127 | | North Hollywood | CA | 91615-5127 | |
| American National Bank & Trust | Attention Commercial Lending | 2732 Midwestern Parkway | | | Wichita Falls | TX | 76308 | |
| American National Bank & Trust | | 2732 Midwestern Parkway | | | Wichita Falls | TX | 76308 | |
| American Portfolios - Kolinsky With Mgt. | Attn Ann Antunovich | 4250 Veterans Memorial Hwy | Ste 420 E | | Holbrook | NY | 11741 | |
| American Portfolios Financial Srvcs Inc. | | 4250 Veterans Memorial Hwy | | | Holbrook | NY | 11741 | |
| American Program Bureau, Inc. | | One Gateway Center | Suite 751 | | Newton | MA | 02458 | |
| American Red Cross | | PO Box 4002018 | | | Des Moines | IA | 50340-2018 | |
| AMERICAN RESEARCH BUREAU | | 2386 HERITAGE WAY | | | Salt Lake City | UT | 84109-1808 | |
| American Restaurant Association | | 2907 126th Ter E | | | Parrish | FL | 34219-1629 | |
| American Solutions for Business | | NW#7794 | PO Box 1450 | | Minneapolis | MN | 55485-7794 | |
| American Solutions for Business | | PO Box 218 | | | Glenwood | MN | 56334-0218 | |
| American Solutions for Business | | 8479 Solution Center | | | Chicago | IL | 60677-8004 | |
| American Stock Exchange | | PO Box 11181A | | | New York | NY | 10286-1181 | |
| American Stock Exchange | | BOX 757510 | | | Philadelphia | PA | 19175-7510 | |
| Ameriprise Financial Services, Inc. | | 50798 Ameriprise Financial Center | | | Minneapolis | MN | 55474 | |
| Amicus Search Group | | 700 N. Pearl St | Suite # 1640 | | Dallas | TX | 75201 | |
| AMIR RAO | | 1020 MEDFORD RD | | | Pasadena | CA | 91107 | |
| AMX Environmental Ltd | | 2351 W Northwest HWY-STE 2118 | | | Dallas | TX | 75220-8406 | |
| Amy Nguyen | | Address on File | | | | | | |
| Analysis Group | | 111 Huntington Ave, 14th Floor | | | Boston | MA | 02199 | |
| ANAND DESAI | | Address on File | | | | | | |
| Anchor Advisory Services Corporation | | 4 Court St. | Ste 207 | | Plymouth | MA | 02360 | |
| ANDERSEN, DEREK C. | | Address on File | | | | | | |
| ANDERSON, KIRK | | Address on File | | | | | | |
| ANDREI DORENBAUM | | Address on File | | | | | | |
| ANDREI DORENBAUM | | Address on File | | | | | | |
| Andrew Hayton | | Address on File | | | | | | |
| Andrew Hilgenbrink | | Address on File | | | | | | |
| Andrew Lieberman | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 20 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | CreditorName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Andrew Mangin | | Address on File | | | | | | |
| Andrew Merrick Homes LLC | | 13455 NOEL RD | STE 1330 | | Dallas | TX | 75240 | |
| Andrew Parmentier | | Address on File | | | | | | |
| Andrew Rosemore | | Address on File | | | | | | |
| ANDREW STONE | | Address on File | | | | | | |
| ANDREW YACENDA | | Address on File | | | | | | |
| Andrews Kurth | Scott A. Brister, Esq. | Address on File | | | | | | |
| Andrews Kurth | | Address on File | | | | | | |
| Andrews Kurth LLP | | 600 Travis St., Suite 4200 | | | Houston | TX | 77002 | |
| Andrews Kurth LLP | | PO Box 301276 | | | Dallas | TX | 75303-1276 | |
| Andrius Balta | | Address on File | | | | | | |
| Animal Defense League | | 11300 Nacogdoches Rd | | | San Antonio | TX | 78217-2318 | |
| Anish Tailor | | Address on File | | | | | | |
| Anna Englert | | Address on File | | | | | | |
| Ansarada Pty Limited | | 30 South Wacker Dr | 22 Floor | | Chicago | IL | 60606 | |
| ANTONOVICH, THOMAS G. | | Address on File | | | | | | |
| Aon Consulting, Inc. | | 445 Hutchinson Ave | Ste 900 | | Columbus | OH | 43235-0000 | |
| Aon Consulting, Inc. | | 29695 Network Place | | | Chicago | IL | 60673-1296 | |
| APIR Systems Ltd. | | PO Box 5446 | | | Kingston | ACT | 02604 | AUSTRALIA |
| APKE & KIMBRELL, LLP | | 1650 HIGHWAY 6 | STE 100 | | Sugar Land | TX | 77478 | |
| Appleby Corpoate Services (Bermuda) Ltd. | | PO Box HM 1179 | | | Hamilton | | HM EX | BERMUDA |
| Appliance Fixx Air & Heat | | PO Box 271258 | | | Flower Mound | TX | 75027-1258 | |
| Aptiviti, Inc. | | 145 W 28th St Fl 9 | | | New York | NY | 10001-6114 | |
| Aramark | | 2120 Hutton Dr | Suite 100 | | Carrollton | TX | 75006 | |
| ARCHON SOLICITORS | | MARTIN HOUSE | 5 MARTIN LANE | | London | | EC4R 0DP | United Kingdom |
| ARCpoint Labs of Irving | | 8925 Sterling Street | Suite 255 | | Irving | TX | 75063 | |
| ARGENTIC REAL ESTATE FINANCE LLC | | 40 WEST 57TH STREET | 29TH FLOOR | | New York | NY | 10019 | |
| Argo Partners | | 12 West 37th Street, 9th Floor | | | New York | NY | 10018 | |
| Argonaut Insurance Company | | 225 W Washington Street | 24th floor | | Chicago | IL | 60606-0000 | |
| Argosy Group | | PO Box 5094 | | | Brentwood | TN | 37024 | |
| Argosy Group | | Two Washingtonian Center | 9737 Washingtonian Blvd., Ste. 200 | | Gaithersburg | MD | 20878-7364 | |
| Argosy Group LLC | | 9737 Washingtonian Blvd. | Ste. 100 | | Gaithersburg | MD | 20878 | |
| Argus Software | | PO BOX 671591 | | | Dallas | TX | 75267 | |
| Argus Software | | 3050 Post Oak Blvd | Suite 900 | | Houston | TX | 77056 | |
| Ari L. Faneuil | | Address on File | | | | | | |
| Arizona Biltmore Resort & Hotel | | PO Box 740949 | | | Los Angeles | CA | 90074-0949 | |
| Arizona Corporation Commision | | Z Corp Commission - Securities DIV | 1300 West Washington Street, 3rd Floor | | Phoenix | AZ | 85007 | |
| ARIZONA DEPARTMENT OF REVENUE | ATTN Collections Division | 1600 West Monroe St | | | Phoenix | AZ | 85007 | |
| ARIZONA DEPARTMENT OF REVENUE | | PO BOX 29079 | | | Phoenix | AZ | 85038 | |

Highland Capital Management, L.P.
Case No. 19-34054

**Appx. 00375**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 21 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| ARIZONA DEPARTMENT OF REVENUE | | PO Box 29085 | | | Phoenix | AZ | 85038-9085 | |
| Arizona Land Management Services, LLC | | 4900 North Scottsdale Rd | Suite 3000 | | Scottsdale | AZ | 85251 | |
| Arizona Land Management Services, LLC | | PO Box 13303 | | | Scottsdale | AZ | 85267-3303 | |
| Arizona Outback Adventures | | 17465 N 93rd St | | | Scottsdale | AZ | 85255-6324 | |
| Arizona PSPRS Trust | | E Camelback Road | Suite 200 | | Phoenix | AZ | 85016 | |
| Arkadin, Inc. | | Lockbox #32726 | Collection Center Dr | | Chicago | IL | 60693-0726 | |
| Arkansas Secretary of State | Business & Commercial Services Division | PO Box 8014 | | | Little Rock | AR | 72203 | |
| Arkansas Securities Department | | 201 E. Markham, Rm 300 | Heritage West Bldg | | Little Rock | AR | 72201 | |
| Arndell, Connor | | Address on File | | | | | | |
| Arnold, Jeffrey | | Address on File | | | | | | |
| Arnstein & Lehr LLP | | 120 South Riverside Plaza | Ste 1200 | | Chicago | IL | 60606-3910 | |
| Arntzen de Besche | | Address on File | | | | | | |
| ARORA, SANDEEP | | Address on File | | | | | | |
| Arredondo, Alba M. | | Address on File | | | | | | |
| Arris Western Corp. | | 718 N Buckner #316 | | | Dallas | TX | 75218 | |
| Arthouse Design | | 2373 Central Park Blvd | Suite 204 | | Denver | CO | 80238 | |
| Arthur Klausner | | Address on File | | | | | | |
| Article 1 | | Rua Eugen Germer, 86 | Blumenau | | Santa Catarina | | 89015-140 | BRAZIL |
| Artografx, Inc. | | 2611 Andjon | | | Dallas | TX | 75220 | |
| AS&K Services Limited | | PO Box HM 1179 | | | Hamilton | | HM EX | BERMUDA |
| Asante Phase I Community Association | | 1600 W Broadway | Suite 200 | | Tempe | AZ | 85282 | |
| Ashby & Geddes | | PO Box 1150 | | | Wilmington | DE | 19899 | |
| Ashley Van Hoef | | Address on File | | | | | | |
| Ashton Consulting Limited | | 9F, Atago East Building | 3-16-11 Nishishinbashi | | Minato-ku | Tokyo | 105-0003 | JAPAN |
| Ashurst LLP | | Time Square Tower | 7 Time Square | | New York | NY | 10036 | |
| ASI Business Solutions | | 820 W Sandy Lake Rd Ste 100 | | | Coppell | TX | 75019-4108 | |
| ASI Business Solutions | | 12801 N Stemmons Frwy Ste 710 | | | Dallas | TX | 75234-5881 | |
| ASI, Corporate | | 8181 Jetstar Drive | Suite 100 | | Irving | TX | 75063 | |
| ASI, Corporate | | 3860 W. Northwest Hwy | Suite 350 | | Dallas | TX | 75220 | |
| Asociacion Suzuki de Violin de PR | | Villa Nevarez | 1026 calle 18 | | San Juan | PR | 00927 | |
| Aspen Publishers Inc. | | 7201 McKinney Circle | | | Frederick | MD | 21704 | |
| Aspen Publishers Inc. | | PO Box 64054 | | | Baltimore | MD | 21264-4054 | |
| Aspen Publishers Inc. | | 4829 INNOVATION WAY | | | Chicago | IL | 60682-0048 | |
| ASSAR, VATSAL | | Address on File | | | | | | |
| Asset Communications, Inc. | | 1764 Prospector Ave | Suite 1 | | Park City | UT | 84060 | |
| Asset-Backed Alert | | 5 Marine View Plaza # 400 | | | Hoboken | NJ | 07030-5795 | |
| ASSIST THE OFFICER FOUNDATION | | 1412 GRIFFIN ST E | | | Dallas | TX | 75215 | |
| Assn of Asian American Invest Managers | Attn Amy Gee | 50 California Street | Suite 2320 | | San Francisco | CA | 94111 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 22 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Assoc. Asian American Investment Mgrs | c/o V. Lau, Leading Edge Invest Advisors | 50 california Street, Suite 2320 | | | San Francisco | CA | 94111 | |
| Assoc. for American Innovation, Inc. | | 2200 Wilson Blvd | Suite 102-533 | | Arlington | VA | 22201 | |
| Assoc. of Asian America Investment Mgrs | | 1045 N. Utah St., Suite 512 | | | Arlington | VA | 22201 | |
| Assured Environments | | 45 Broadway | 10th Floor | | New York | NY | 10019 | |
| AST Equity Plan Solutions | | 123 S. Broad Street | Suite 1160 | | Philadelphia | PA | 19109 | |
| AST Equity Plan Solutions | | PO Box 12893 | | | Philadelphia | PA | 19176-0893 | |
| ASTRON SOLUTIONS | | 535 W 34TH ST | STE 407 | | New York | NY | 10001 | |
| ASW Law Limited | | Crawford House | 50 Cedar Avenue | | Hamilton | | 0HM11 | Bermuda |
| ASW Law Limited | | Crawford House | PO Box HM2879 | | Hamilton | | 0HMLX | Bermuda |
| AT&T | c/o Bankruptcy | 4331 Communications Dr | Flr 4W | | Dallas | TX | 75211 | |
| AT&T | | PO BOX 5012 | | | Carol Stream | IL | 60197 | |
| AT&T | | PO BOX 5019 | | | Carol Stream | IL | 60197 | |
| AT&T | | PO BOX 78045 | | | Phoenix | AZ | 85062 | |
| AT&T | | PO BOX 13128 | | | Newark | NJ | 07101-5628 | |
| AT&T | | PO BOX 13146 | | | Newark | NJ | 07101-5646 | |
| AT&T | | PO BOX 105068 | | | Atlanta | GA | 30348-5068 | |
| AT&T | | PO Box 105414 | | | Atlanta | GA | 30348-5414 | |
| AT&T | | PO BOX 5001 | | | Carol Stream | IL | 60197-5001 | |
| AT&T | | PO BOX 5020 | | | Carol Stream | IL | 60197-5020 | |
| AT&T | | PO Box 9005 | | | Carol Stream | IL | 60197-9005 | |
| AT&T | | PO BOX 630047 | | | Dallas | TX | 75263-0047 | |
| AT&T | | PO BOX 650661 | | | Dallas | TX | 75265-0661 | |
| AT&T | | PO BOX 660324 | | | Dallas | TX | 75266-0324 | |
| AT&T | | PO Box 660921 | | | Dallas | TX | 75266-0921 | |
| AT&T | | PO BOX 930170 | | | Dallas | TX | 75393-0170 | |
| AT&T | | PO BOX 940012 | | | Dallas | TX | 75394-0012 | |
| AT&T | | PO BOX 78225 | | | Phoenix | AZ | 85062-8225 | |
| AT&T Internet Services | ATTN HIPCS | PO BOX 650040 | | | Dallas | TX | 75265-0040 | |
| AT&T Internet Services | | PO BOX 5016 | | | Carol Stream | IL | 60197-5016 | |
| AT&T Internet Services | | PO Box 650396 | | | Dallas | TX | 75265-0396 | |
| AT&T Long Distance | | PO Box 5017 | | | Carol Stream | IL | 60197-5017 | |
| AT&T MOBILITY | | PO Box 105773 | | | Atlanta | GA | 30348-5773 | |
| AT&T MOBILITY | | PO BOX 538695 | | | Atlanta | GA | 30353-8695 | |
| AT&T MOBILITY | | PO BOX 31287 | | | Tampa | FL | 33631-3287 | |
| AT&T MOBILITY | | PO BOX 31488 | | | Tampa | FL | 33631-3488 | |
| AT&T MOBILITY | | PO BOX 6428 | | | Carol Stream | IL | 60197-6428 | |
| AT&T MOBILITY | | PO Box 6444 | | | Carol Stream | IL | 60197-6444 | |
| AT&T MOBILITY | | PO BOX 6463 | | | Carol Stream | IL | 60197-6463 | |
| AT&T Mobility | | PO Box 8229 | | | Aurora | IL | 60572-8229 | |
| AT&T Mobility | | 208 South Akard Street | | | Dallas | TX | 75202-0000 | |
| AT&T MOBILITY | | PO Box 650553 | | | Dallas | TX | 75265-0553 | |
| AT&T MOBILITY | | PO BOX 650574 | | | Dallas | TX | 75265-0574 | |
| AT&T Performing Arts Center | Attn Development | 700 N. Pearl Street, Suite N1800 | | | Dallas | TX | 75201 | |
| Atlas IDF, LP | c/o Atlas IDF GP, LLC | John Honis | 87 Railroad Place | Suite 403 | Saratoga Springs | NY | 12866 | |
| Attia Medical, PC | | 5820 Oberlin Dr. Suite 205 | | | San Diego | CA | 92121 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 23 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Attorney General of South Carolina | Securities Division | 1000 Assembly St | Rembert C. Dennis Office Bldg | | Columbia | SC | 29201 | |
| Atul Kavthekar | | Address on File | | | | | | |
| Audio Visual Innovations, Inc. | | P.O. Box 62251 | | | Baltimore | MD | 21264-2251 | |
| AURORA BOREALIS | ATTN GEORGE WHITE | 101 BARCLAY ST 13W | | | New York | NY | 10286 | |
| AUSHRIF JAVEED | | Address on File | | | | | | |
| Austin Brown | | Address on File | | | | | | |
| AUSTIN TRANTHAM | | Address on File | | | | | | |
| AUSTIN, TIMOTHY | | Address on File | | | | | | |
| Automotive News | | DRAWER #7718 | PO BOX 79001 | | Detroit | MI | 48279 | |
| Automotive News | | Subscriber Services Department 77940 | | | Detroit | MI | 48277-0940 | |
| Avalon Synergy | | One Galleria Tower | 13355 Noel Rd, Suite 1100 | | Dallas | TX | 75240 | |
| AvePoint, Inc | | 3 Second Street Suite 803 | | | Jersey City | NJ | 07311 | |
| Avi Levine | | Address on File | | | | | | |
| AVIATION SERVICES ELITE | | 4502 CLAIRE CHENNAULT | | | Addison | TX | 75001 | |
| Aviation Services Group | | 14001 Dallas Pkwy | | | Dallas | TX | 75240 | |
| Aviation Week | | PO Box 505 | | | Hightstown | NJ | 08520-9897 | |
| AVIDITY PARTNERS | | 180 N STETSON | STE 1310 | | Chicago | IL | 60601 | |
| AVI-SPL | | 13859 Diplomat Drive | Suite 180 | | Dallas | TX | 75234 | |
| AVI-SPL | | PO Box 844612 | | | Boston | MA | 02284-4612 | |
| AVI-SPL | | PO BOX 62251 | | | Baltimore | MD | 21264-2251 | |
| Avitar Technologies, Inc. | | 65 Dan Rd | | | Canton | MA | 02021 | |
| Avtech | ATTN Accounts Receivable | PO Box 394 | | | Newport | RI | 02840-0004 | |
| AWAIS SHAIKH | | Address on File | | | | | | |
| AWARE | | 2828 Hood Street | Residence 1705 | | Dallas | TX | 75219 | |
| Axicon Partners, LLC | ATTN Robert T. Scott | 1325 Avenue of the Americas | 27th floor | | New York | NY | 10019 | |
| Axios Institute | | PO Box 457 | | | Edinburg | VA | 22824 | |
| Axis Global Systems | | PO Box 831 | | | North Bergen | NJ | 07047 | |
| A-Z Cleaning Services | | 1729 Crosby Rd. | | | Carrollton | TX | 75006 | |
| B&H Photo – Video, Inc. | | 420 Ninth Avenue | | | New York | NY | 10001 | |
| B3 Entertainment Productions, Inc. | | 1509 Schooner Bay Dr. | | | Wylie | TX | 75098 | |
| Badge of Honor Memorial Fund | | Executive Office | 3131 Maple Ave 7E | | Dallas | TX | 75201 | |
| Bailey Kennedy, LLP | | 8984 Spanish Ridge Ave | | | Las Vegas | NV | 89148 | |
| Bailey, Connor | | Address on File | | | | | | |
| Baker & Daniels | | 111 E Wayne Ste 800 | | | Fort Wayne | IN | 46802 | |
| Baker & McKenzie LLP | Debra A. Dandeneau | 452 Fifth Avenue | | | New York | NY | 10018 | |
| Baker & McKenzie LLP | Michelle Hartmann | 1900 North Pearl | Suite 1500 | | Dallas | TX | 75201 | |
| Baker Botts LLP | | 901 Louisiana Street | | | Houston | TX | 77002 | |
| Baker Botts LLP | | PO BOX 201626 | | | Houston | TX | 77216 | |
| Baker Botts LLP | | PO Box 301251 | | | Dallas | TX | 75303-1251 | |
| Baker McKenzie LLP | | 100 New Bridge Street | | | London | | EC4V 6JA | United Kingdom |
| Baker McKenzie LLP | | 2300 Trammell Crow Center | 2001 Ross Ave | | Dallas | TX | 75201 | |
| Baker McKenzie LLP | | 815 Connecticut Ave. NW | | | Washington | DC | 200064078 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Baker Tilly Virchow Krause, LLP | | 1050 Crown Pointe Parkway, Ste 1650 | | | Atlanta | GA | 30338 | |
| Baker Tilly Virchow Krause, LLP | | 205 N Michigan Ave | | | Chicago | IL | 60601-5927 | |
| Baker, Lauren | | Address on File | | | | | | |
| BAKER, SCOTT | | Address on File | | | | | | |
| Baker, Stephen | | Address on File | | | | | | |
| Balch & Bingham LLP | | P. O. Box 306 | | | Birmingham | AL | 35201 | |
| BALFOUR ASSOCIATES, INC | ATTN DAVID VANVALKENBURG | 5350 PRESERVE DR | | | Greenwood Village | CO | 80121 | |
| Ballard Spahr LLP | | 1735 Market Street | 51st Floor | | Philadelphia | PA | 19103 | |
| BALLS BROTHERS | | 313 CAMBRIDGE HEATH RD | BETHNAL GREEN | | London | | E2 9LQ | United Kingdom |
| Bancroft Associates PLLC | | 500 New Jersey Avenue | Seventh Floor | | Washington | DC | 20001 | |
| Bank Director | | 201 Summit Drive | Suite 250 | | Brentwood | TN | 37027 | |
| Bank Director | | 5110 Maryland Way Ste 250 | | | Brentwood | TN | 37027-9501 | |
| BANK OF AMERICA | | 335 MADISON AVE | | | New York | NY | 10017 | |
| Bannon, Lucy | | Address on File | | | | | | |
| Baradach, Artsiom | | Address on File | | | | | | |
| BARANSI, SAMER | | Address on File | | | | | | |
| Barbera, Angela | | Address on File | | | | | | |
| Barndollar Investment Advisory Services | | 2719 Letap Ct | Ste 101 | | Land O Lakes | FL | 34638 | |
| BARNES & ROBERTS, LLC | | 2701 Canton St. | | | Dallas | TX | 75226 | |
| BARNES & ROBERTS, LLC | | 2816 COMMERCE ST | | | Dallas | TX | 75226 | |
| Barnes and Noble College | C/O Bush Center Store | 2943 SMU Blvd | | | Dallas | TX | 75205 | |
| BARNES&THORNBURG LLP | | 11 South Meridian Street | | | Indianapolis | IN | 46204 | |
| Barn Pearson | | Address on File | | | | | | |
| Barrier Advisors | | 13455 Noel Rd., Ste 2200 | | | Dallas | TX | 75240 | |
| Barrington Financial Group, LLC | | 77 Franklin Street | Suite 802 | | Boston | MA | 02110 | |
| Barrister Books. Com | | 615 Florida St. | | | Lawrence | KS | 66044 | |
| Barristers & Attorneys | | PO Box HM 26 | | | Hamilton | | HM LX | BERMUDA |
| Barrons | | 200 Burnett Rd | PO Box 7031 | | Chicopee | MA | 01021-7031 | |
| BARTH GROSS ELECTRIC CO, INC | | 110 W 26th ST | | | New York | NY | 10001 | |
| BARTLIT BECK HERMAN PALENCHAR SCOTT | | COURTHOUSE PLACE | 54 W HUBBARD ST | Suite 300 | Chicago | IL | 60610 | |
| Bass, Berry & Sims PLC | | 150 Third Ave South, Ste 2800 | | | Nashville | TN | 37201 | |
| BATCHWORK MANAGEMENT LTD | | HOME PARK ESTATE | STATION RD | | KINGS LANGLEY | | WD4 8DH | United Kingdom |
| BATEMAN, JACK | | Address on File | | | | | | |
| Bates Group, LLC | | 5005 S.W. Meadows Rd, Ste 300 | | | Lake Oswego | OR | 97035 | |
| Bates White, LLC | Karen Goldberg, Esq. | Bates White, LLC | 2001 K Street NW, North Bldg Suite 500 | | Washington | DC | 20006 | |
| Bates White, LLC | | 2001 K Street, NW | North Building, Suite 500 | | Washington | DC | 20006 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| BAUER, WILLIAM | | Address on File | | | | | | |
| Bayard, P.A. | | 222 Delaware Avenue, 9th Floor | | | Wilmington | DE | 19801 | |
| Baynard, Cameron | | Address on File | | | | | | |
| Bazooka Search Ltd | | 115 Coventry Rd | | | London | | E2 6GG | United Kingdom |
| BB&T Securities, LLC | | 2619 N Oak Street, 3rd Floor | | | Myrtle Beach | SC | 29577 | |
| BBD, LLP | | 1835 Market Street | 3rd Floor | | Philadelphia | PA | 19103 | |
| BBVA | Michael Doran | 8080 North Central Expressway | Suite 1500 | | Dallas | TX | 75206 | |
| BCA Publications Ltd. | | 1002 Sherbooke St West Ste 1600 | | | Montreal | QC | H3A 3L6 | CANADA |
| BCA Research Inc | | 1002 Sherbrooke St. W | Suite 1600 | | Montreal | QC | H3A 3L6 | CANADA |
| BDC Review, LLC | | 407 East Maple Street | Ste 305 | | Cumming | GA | 30040 | |
| BDO USA, LLP | | 700 North Pearl | Suite 2000 | | Dallas | TX | 75201 | |
| BDO USA, LLP | | P.O. Box 31001-0860 | | | Pasadena | CA | 91110-0860 | |
| BEALL-SARRIS, ASHLEY E. | | Address on File | | | | | | |
| BEARD, MATTHEW | | Address on File | | | | | | |
| Beauchamp, Thomas | | Address on File | | | | | | |
| Becky Bowler | | Address on File | | | | | | |
| Bedell Cristin | | Address on File | | | | | | |
| BEEF SLABS OF TEXAS LLC | | 2000 N HWY 157 | STE 112 | | Mansfield | TX | 76063 | |
| Behind the Numbers LLC | | 8140 Walnut Hill Ln #300 | | | Dallas | TX | 75231 | |
| BELINGER & DEWOLF, LLP | | 10000 N CENTRAL EXPWY | STE 900 | | Dallas | TX | 75231 | |
| Bell Nunnally and Martin, LP | Russell W. Mills | 2323 Ross Avenue Suite 1900 | | | Dallas | TX | 75201 | |
| Bell, Boyd & Lloyd | | Three First National Plaza | 70 West Madison S, Ste 3300 | | Chicago | IL | 60602 | |
| Bella Flora of Dallas | | 118 Oak Lawn Ave. | | | Dallas | TX | 75207 | |
| BEN ASARE | | Address on File | | | | | | |
| Ben E. Keith | | Address on File | | | | | | |
| Ben Greenfield, Human Wellness Sol. LLC | | 8515 N Argonne Rd | | | Spokane | WA | 99217 | |
| BEN VONDERHAAR | | Address on File | | | | | | |
| Benefit Data | | 2220 San Jacinto Blvd, Ste 345 | | | Denton | TX | 76205 | |
| Benesch | LouAnne Molinaro | 222 Delaware Avenue, Suite 801 | | | Wilmington | DE | 19801-1611 | |
| BENJAMIN FINGER | | Address on File | | | | | | |
| Benjamin Sarly | | Address on File | | | | | | |
| Benson Hlavaty Architects | | 3141 Hood St Ste 420 | | | Dallas | TX | 75219 | |
| Bent Tree Country Club, Inc. | | 5201 Westgrove Drive | | | Dallas | TX | 75248 | |
| Bent Tree Country Club, Inc. | | PO Box 204795 | | | Dallas | TX | 75320-4795 | |
| BERIHUN, ELIZABETH | | Address on File | | | | | | |
| Berkeley Research Group, LLC | Emily Kirksey | 1800 M Street NW | Second Floor | | Washington | DC | 20036 | |
| Berkeley Research Group, LLC | Valerie Riva | 2200 Powell Street Suite 1200 | | | Emeryville | CA | 94608 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 26 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Berkeley Research Group, LLC | Valerie Riva | 2200 Powell Street Suite 1200 | | | Emeryville | CA | 94608 | |
| Berkeley Research Group, LLC | | 2200 Powell Street | Suite 1200 | | Emeryville | CA | 94608 | |
| Berkeley Square Advisors LLC | | 701 N Green Valley Pkwy Ste 200 | | | Henderson | NV | 89074 | |
| Berkshire Capital Securities, LLC | | 535 Madison Avenue | | | New York | NY | 10022 | |
| Bernard DeMeo | | Address on File | | | | | | |
| Bernard Peperstraete | | Address on File | | | | | | |
| Berry Appleman & Leiden LLP | | 3355 W. Alabama Street | Suite 1050 | | Houston | TX | 77098 | |
| Berry Appleman & Leiden LLP | | 353 Sacramento Street | Suite 1300 | | San Francisco | CA | 94111 | |
| Berthel Fisher & Company | Attn Connie Allard | 701 Tama Street | | | Marion | IA | 52302 | |
| Berthel Fisher & Company | Attn Dan Barnard | Berthel Fisher & Company | 8090 N 85th Way, Ste 101 | | Scottsdale | AZ | 85258 | |
| Berthel Fisher & Company | | 16100 Chesterfield Parkway West | Suite 150 | | Chesterfield | MO | 63017 | |
| Best Companies Group | | 1500 Paxton Street | | | Harrisburg | PA | 17104 | |
| Beyond | | 8700 Ambassador Row | | | Dallas | TX | 75247 | |
| Beyond the Box | | 2544 West Commerce Street | | | Dallas | TX | 75212 | |
| Bhavani Jaroff | | Address on File | | | | | | |
| BHIL Distributors, Inc. | | 325 John H. McConnell Blvd | Suite 200 | | Columbus | OH | 43215 | |
| Bickel & Brewer | | 1717 Main St | | | Dallas | TX | 75201 | |
| Bifferato Gentilotti LLC | | 100 Biddle Avenue | Springside Plaza | Suite 100 | Newark | DE | 19702 | |
| Big Brother Big Sister | | 450 E. John Carpenter Fwy., Ste 300 | | | Irving | TX | 75062 | |
| Big Brothers Big Sisters of Mass Bay | Attn Erin DeMarco | 75 Federal Street, 8th Floor | | | Boston | MA | 02110 | |
| Big Honkin Ideas | | 1424 Lincoln Blvd | | | Santa Monica | CA | 90401 | |
| Big Thought | | 2501 Oak Lawn | Ste 550, LB-42 | | Dallas | TX | 75219 | |
| BILL CRISPIN | | Address on File | | | | | | |
| Bill J Crouch & Associates | | 210 MacCorkle Ave SE | | | Chalston | WV | 25314 | |
| BILL MITTENBERGER | | Address on File | | | | | | |
| BILL WALLISCH | | Address on File | | | | | | |
| Bill Wilton | | Address on File | | | | | | |
| BILLINGHURST, MINDY | | Address on File | | | | | | |
| BIMAL KALVANI | | Address on File | | | | | | |
| Bingham McCutchen LLP | | P.O. Box 3486 | | | Boston | MA | 02241-3486 | |
| BioCentury Publications | | PO Box 1246 | | | San Carlos | CA | 94070 | |
| Bison Coolers, LLC | | 5113 Commercial Drive | | | North Richland Hills | TX | 76180 | |
| BISYS | | PO Box 19468A | | | Newark | NJ | 07195-0468 | |
| BKM Total Office of Texas | | 9755 Clifford Drive #100 | | | Dallas | TX | 75220 | |
| Black Box Network Services | | PO Box 890699 | | | Dallas | TX | 75389-0699 | |
| Black Mountain Systems, LLC | | 12520 High Bluff Dr | Ste 340 | | San Diego | CA | 92130 | |
| BLACK, WINSTON | | Address on File | | | | | | |
| Blackberry Wireless | | 12432 Collections Center Dr | | | Chicago | IL | 60693 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 14 of 155

**Appx. 00381**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 27 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| BLACKBURN, MICHAEL | | Address on File | | | | | | |
| BLACKWELL SANDERS PEPER MARTIN LLP | | PO BOX 795135 | | | Saint Louis | MO | 63179 | |
| Blair Roeber | | Address on File | | | | | | |
| BLAKE DEXTER | | Address on File | | | | | | |
| Blake Morrell | | Address on File | | | | | | |
| Blank Rome LLP | | Lockbox #8586 | PO Box 8500 | | Philadelphia | PA | 19178-8500 | |
| Blast Creative | | 2703 Poly Drive | | | Billings | MT | 59102 | |
| Blast Creative | | 3036 Hunters Ridge Loop | | | Billings | MT | 59102 | |
| Block Garden & McNeill, LLP | | Sterling Plaza | 5949 Sherry Lane, Suite 900 | | Dallas | TX | 75225 | |
| BLOMBERG FINANCE L.P. | | 731 LEXINGTON AVE | | | New York | NY | 10022 | |
| Blondies Treehouse, Inc. | | 431 Fayette Avenue | | | Mamaroneck | NY | 10543 | |
| Bloom Strategic Consulting, Inc. | Attn Accounts Receivable | 4514 Cole Ave. | Suite 600 | | Dallas | TX | 75205 | |
| Bloomberg | | PO Box 30244 | | | Hartford | CT | 06150-2044 | |
| Bloomberg Businessweek | | PO Box 37531 | | | Boone | IA | 50037-0531 | |
| Bloomberg Finance LP | | PO BOX 30244 | | | Hartford | CT | 06150 | |
| Bloomberg Finance LP | | 731 Lexington Ave. | | | New York | NY | 10022 | |
| Bloomberg Finance LP | | PO Box 416604 | | | Boston | MA | 02241-6604 | |
| Blue Cross Blue Shield of Texas | | 1001 East Lookout Drive | | | Richardson | TX | 75082 | |
| Blue Cross Blue Shield of Texas | | PO Box 731428 | | | Dallas | TX | 75373-1428 | |
| Blue Ribbon Advantage | | 7020 Portwest Drive, Suite 150 | | | Houston | TX | 77024 | |
| Blue Ribbon Advantage | | P.O. Box 79487 | | | Houston | TX | 77279-9487 | |
| Blue Ribbon Industries | | 408 Singleton Blvd | | | Dallas | TX | 75212 | |
| Blue Vault Partners, LLC | | 407 E Maple St | Suite 305 | | Cumming | GA | 30040 | |
| Blueprint for Prosperity | Attn Finance | 500 North Akard St, Suite 2600 | | | Dallas | TX | 75201 | |
| Blumberg/Excelsior | | 62 White St | | | New York | NY | 10013 | |
| BLUMER, JENNIFER | | Address on File | | | | | | |
| BMC Software, Inc. | | 2101 Citywest Blvd | | | Houston | TX | 77042 | |
| BMC Software, Inc. | | PO Box 301165 | | | Dallas | TX | 75303-1165 | |
| BMZ Discovery Services LLC | | 1400 Biscaya Drive | | | Miami Beach | FL | 33154 | |
| BNA | | PO BOX 17009 | | | Baltimore | MD | 21297-1009 | |
| BNY Mellon | | 525 Penn Place | | | Pittsburgh | PA | 15219-0000 | |
| Bob Grier | | Address on File | | | | | | |
| Bob Marx | | Address on File | | | | | | |
| Bochetto & Lentz, P.C. | | 1524 Locust Street | | | Philadelphia | PA | 19102 | |
| BOCK, MARIA | | Address on File | | | | | | |
| BODRON, MICHAEL | | Address on File | | | | | | |
| Boies, Schiller & Flexner LLP | Scott E. Gant, Esq. | Boies, Schiller & Flexner LLP | 5301 Wisconsin Ave. NW | | Washington | DC | 20015 | |
| Boies, Schiller & Flexner LLP | | 5301 Wisconsin Ave NW | | | Washington | DC | 20015-2015 | |
| BOK Financial Asset Management | | The Lyric Centre | 440 Louisiana, Suite 2500 | | Houston | TX | 77002 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 28 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| BOK Financial Asset Management | | PO Box 1270 | | | Tulsa | OK | 74101-1270 | |
| BOK Financial Securities, Inc. | Attn Leslie Swafford | 1 Williams Center, 16th Flr | | | Tulsa | OK | 74172 | |
| Bonahoom & Associates | | 10850 Switzer Ave #101 | | | Dallas | TX | 75238 | |
| Bonnie Murray | | Address on File | | | | | | |
| Boom Global Media Inc | | 295 Greenwich St. # 296 | | | New York | NY | 10007 | |
| BOSC, Inc. | Attn Chelle Davidson | One Williams Center, 9 NE | | | Tulsa | OK | 74172 | |
| BOSE, ROHAN | | Address on File | | | | | | |
| Boston Financial Data Services | | PO Box 74008640 | Lockbox 008640 | | Chicago | IL | 60674-8640 | |
| Boston Financial Data Services | | 330 W. 9th Street | | | Kansas City | MO | 64105-1514 | |
| Boston Properties, L.P. | | 800 Boylston Street | Suite 1900 | | Boston | MA | 02199 | |
| Boston Properties, L.P. | | 599 Lexington Ave | | | New York | NY | 10022-6004 | |
| Boundless Network | | 200 E. 6th Street | Suite 300 | | Austin | TX | 78701 | |
| Bow Line Media | | 1809 Thale Drive | | | Dallas | TX | 75228 | |
| Bowman Dahl, LLC | | 120 West 28th Street | #3C | | New York | NY | 10001 | |
| Bowne | | PO BOX 6081 | | | Church Street Station | NY | 10277-2706 | |
| Bowne | | PO Box 951060 | | | Dallas | TX | 75247-1060 | |
| BOX.com | | 900 Jefferson Ave | | | Redwood City | CA | 94063-0000 | |
| BOYCE, PATRICK | | Address on File | | | | | | |
| Boyce-Field, Mollie | | Address on File | | | | | | |
| Boys & Girls Clubs of Greater Fort Worth | Attn Christi Langas | 3218 East Belknap | | | Fort Worth | TX | 76111 | |
| BRACEWELL & GIULIANI LLP | | PO BOX 848566 | | | Dallas | TX | 75284-8566 | |
| Bracewell & Patterson | | PO Box 848566 | | | Dallas | TX | 75284-8566 | |
| Brad Beman | | Address on File | | | | | | |
| Brad Borud | Daniel P Winikka | Loewinsohn Flegle Deary Simon LLP | 12377 Merit Drive, Suite 900 | | Dallas | TX | 75251 | |
| BRAD BORUD | | Address on File | | | | | | |
| BRAD BORUD | | Address on File | | | | | | |
| BRAD DAVEY | | Address on File | | | | | | |
| BRAD GUY | | Address on File | | | | | | |
| Brad Mendenhall | | Address on File | | | | | | |
| BRAD VOSS | | Address on File | | | | | | |
| Braden Bair | | Address on File | | | | | | |
| Bradfield Elementary | Attn Jackie Tilden, VP of Development | 4300 Southern Avenue | | | Dallas | TX | 75205 | |
| Bradford K Borud | | Address on File | | | | | | |
| BRADLEY MACK | | Address on File | | | | | | |
| BRADY, CHARLA | | Address on File | | | | | | |
| Bragalone Conroy PC | | Chase Tower | 2200 Ross Avenue | Suite 4500W | Dallas | TX | 75201-7924 | |
| Branda Fanning | | Address on File | | | | | | |
| Brandywine Process Servers, Ltd. | | PO Box 1360 | | | Wilmington | DE | 19899 | |
| BRANER, PHILIP | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 29 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| BRE/TZ TX PROPERTIES LP | | PO Box 842530 | | | Dallas | TX | 75284-2530 | |
| Breault, Evan | | Address on File | | | | | | |
| Breault, Evan | | Address on File | | | | | | |
| Breazeale, Sachse & Wilson LLP | | One American Place | Suite 2300 | | Baton Rouge | LA | 70821-3197 | |
| Breezy Higa | | Address on File | | | | | | |
| Brenda Samples, Tax Assessor | | Kaufman County Tax Office | PO Box 339 | | Kaufman | TX | 75142 | |
| Brennan, Kieran | | Address on File | | | | | | |
| Brennan, Michael | | Address on File | | | | | | |
| Brent Gregoire | | Address on File | | | | | | |
| Brentwood CLO Ltd., et al. | Joseph E. Bain | Jones Walker LLP | 811 Main St. Suite 2900 | | Houston | TX | 77002 | |
| Brentwood CLO Ltd., et al. | Schulte Roth & Zabel LLP | James T. Bentley | 919 Third Avenue | | New York | NY | 10022 | |
| Brentwood CLO, Ltd. | MaplesFS | PO Box 309, Ugland House | South Church Street | George Town | Grand Cayman | | KY1-1104 | Cayman Islands |
| Brentwood CLO, Ltd. | | Maples Finance Limited, PO Box 1093GT | Queensgate House, South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Brentwood CLO, Ltd. Investors Bank & Trust Company | Brentwood CLO, Ltd. c/o Maples Finance Limited | P.O. Box 1093GT | Queensgate House, South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Brentwood CLO, Ltd. Investors Bank & Trust Company | Investors Bank & Trust Company | 200 Claredon Street | CDO Services - Brentwood CLO, Ltd | | Boston | MA | 02116 | |
| Bressler, Amery & Ross, P.C. | | 325 Columbia Turnpike | | | Florham Park | NJ | 07932 | |
| Brett Benjamin | | Address on File | | | | | | |
| Brett H. McCloskey | | Address on File | | | | | | |
| Brett Hoge | | Address on File | | | | | | |
| Brett Pope | | Address on File | | | | | | |
| Bretton Advisors, Inc. | | Address on File | | | | | | |
| Brian Andrusin | | Address on File | | | | | | |
| Brian Broadbent | | Address on File | | | | | | |
| Brian Collins | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| BRIAN COX | | Address on File | | | | | | |
| Brian D. Glueckstein | Sullivan Cromwell LLP | 125 Broad Street | | | New York | NY | 10004 | |
| Brian Fitzsimmons | | Address on File | | | | | | |
| Brian G Albert Esq. | | Address on File | | | | | | |
| Brian Goehl | | Address on File | | | | | | |
| Brian Hochhauser | | Address on File | | | | | | |
| Brian Home | | Address on File | | | | | | |
| BRIAN JONES | | Address on File | | | | | | |
| Brian Jones. | | Address on File | | | | | | |
| Brian Josephson | | Address on File | | | | | | |
| Brian Lauten, PC | | Address on File | | | | | | |
| Brian Li | | Address on File | | | | | | |
| BRIAN LOHRDING | | Address on File | | | | | | |
| Brian Malizia | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 30 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Brian P. Shaw | | Address on File | | | | | | |
| BRIAN PRICE | | Address on File | | | | | | |
| BRIAN TILTON | | Address on File | | | | | | |
| Bridge Title Company, LLC | | 8150 N. Central Expwy | Ste 650 | | Dallas | TX | 75205 | |
| Brighthouse Financial | | PO Box 371310 | | | Pittsburgh | PA | 15250-7310 | |
| Brighthouse Life Insurance Company | | PO Box 371487 | | | Pittsburgh | PA | 15250-7487 | |
| Brighton House Associates, LLC | | 2 Park Central Drive | Suite 300 | | Southborough | MA | 01772 | |
| BRIGHTWORK | ATTN JOYCE WELSH | 16 OLDE TAVERNE LANE | | | Amesbury | MA | 01913 | |
| Brion Enterprises, Inc. | | 1545 Prudential Dr. | | | Dallas | TX | 75235-4111 | |
| Britain, William | | Address on File | | | | | | |
| BRITAIN, WILLIAM L. | | Address on File | | | | | | |
| Brittain, Mark | | Address on File | | | | | | |
| BRITTNEE WOOLDRIDGE | | 2201 WOLF ST | #6106 | | Dallas | TX | 75201 | |
| BRITTNEY CUNNINGHAM | | Address on File | | | | | | |
| BROADCASTING & CABLE | | PO BOX 5655 | | | Harlan | IA | 51593-1155 | |
| Broadus, Paul | | Address on File | | | | | | |
| Broadridge Customer Communications | | 5516 Collection Ctr Dr | | | Chicago | IL | 60693 | |
| Broadridge Customer Communications | | 2600 Southwest Blvd. | | | Kansas City | MO | 64108 | |
| Broadridge ICS | | PO Box 416423 | | | Boston | MA | 0224-16423 | |
| Broadridge Investor Communication Soluti | | One Park Ave | | | New York | NY | 10016-0000 | |
| Broadridge Output Solutions, Inc. | | PO Box 15788 | | | Chicago | IL | 60693 | |
| BROADVIEW NETWORKS | | PO Box 9242 | | | Uniondale | NY | 11555-9242 | |
| Brodeur, Steven | | Address on File | | | | | | |
| BRODRICK NORMAN | | 456 9th St | #8 | | Hoboken | NJ | 07030 | |
| Broker Dealer Financial Services Corp. | | 6775 Booneville Rd | | | WDM | IA | 50266-8093 | |
| Broker Educational Sales Training, Inc. | | 7137 Congress Street | | | New Port Richey | FL | 34653-6464 | |
| Brook Lane Partners, LLC | | 330 East 75th Street | Suite 10H | | New York | NY | 10021 | |
| Brook Lane Partners, LLC | | 445 Park Avenue | 10th Floor | | New York | NY | 10022 | |
| Brokmont Capital Management, LLC | | 2000 McKinney Avenue | Suite 1230 | | Dallas | TX | 75201 | |
| Brookover, Steven | | Address on File | | | | | | |
| Brosier & Buchanan Partners | | 320 W. 7th | | | Amarillo | TX | 79101 | |
| Brown & Hofmeister LLP | | 740 E Campbell | Suite 800 | | Richardson | TX | 75081 | |
| Brown & Sikes, Inc. | | 325 N St Paul St Ste 1280 | | | Dallas | TX | 75201 | |
| Brown Pruitt Peterson & Wambsgans, P.C. | | 201 Main St | | | Fort Worth | TX | 76102 | |
| Brown Rudnick Berlack Israels LLP | | One Financial Center | | | Boston | MA | 02111 | |
| Brown Rudnick LLP | Robert J. Stark | 7 Times Square | | | New York | NY | 10036 | |
| Brown, Austin | | Address on File | | | | | | |
| Brown, Austin | | Address on File | | | | | | |
| Brown, Austin | | Address on File | | | | | | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| BROWN, BLAKE | | Address on File | | | | | | |
| BROWN, BRITTON | | Address on File | | | | | | |
| BROWN, LEE | | Address on File | | | | | | |
| Brown, Rachel | | Address on File | | | | | | |
| BROWNELL, JESSE R. | | Address on File | | | | | | |
| Brownstein Hyatt Farber Schreck LLP | | 100 City Parkway | suite 1600 | | Las Vegas | NV | 89106 | |
| Brownstein Hyatt Farber Schreck, LLP | Samuel A. Schwartz, Esq. | 100 North City Parkway, Suite 1600 | | | Las Vegas | NV | 89106 | |
| Bruce Beetz | | Address on File | | | | | | |
| BRUCE CHAPIN | | Address on File | | | | | | |
| BrucePac | | 811 N First St | | | Silverton | OR | 97381 | |
| Bruchou Fernandez Mandero & Lombardi | | BFM y L S.R.L., Ing. Butty 275, PISO 12 | | | Buenos Aires | | C1001AFA | Argentina |
| BRUMLEY, ANGELA | | Address on File | | | | | | |
| Brumley, Angela K. | | Address on File | | | | | | |
| Bryan Cave LLP | | PO Box 503089 | | | Saint Louis | MO | 63150-3089 | |
| BRYAN CLARK | | Address on File | | | | | | |
| Brynteson Reporting, Inc. | | 2404 Belle Haven Meadows Ct | | | Alexandria | VA | 22306 | |
| BT Video Inc | | PO Box 540365 | | | Dallas | TX | 75354-0365 | |
| Buchalter Nemer | | 1000 Wilshire Blvd | Suite 1500 | | Los Angelos | CA | 90017 | |
| BUCKLES BY JIM | | PO BOX 1885 | | | Mabank | TX | 75147-1885 | |
| Budget Blinds | | 4012 Daniel Way | | | Frisco | TX | 75035 | |
| Bulk Books | | Address on File | | | | | | |
| Buntz, Jennifer | | Address on File | | | | | | |
| BURKE HANSEN LLC | | 1601 N 7TH ST, STE 200 | | | Phoenix | AZ | 85006 | |
| Burkey, John | | Address on File | | | | | | |
| Burns Transcription Service | | 11311 N Central Expwy Ste 216 | | | Dallas | TX | 75243 | |
| Burns, Nathan | | Address on File | | | | | | |
| Bury Street Capital Ltd | | Devonshire House | 1 Devonshire Street | | London | | W1W 5DR | United Kingdom |
| BUSH, ALBERT | | Address on File | | | | | | |
| Business Essentials | | PO BOX 37 | | | Grapevine | TX | 76099 | |
| Business Essentials | | PO Box 292696 | | | Lewisville | TX | 75029-2696 | |
| Business Executives National Security | | 1030 15th Street NW | Suite 200 East | | Washington | DC | 20005 | |
| Business Flooring Speacialists | | 7341 Dogwood park | | | Fort Worth | TX | 76118 | |
| Business Intelligence Advisors | | One Washington Mall One8th Flr | | | Boston | MA | 02108 | |
| Business Real Estate | | PO Box 15216 | | | Scottsdale | AZ | 85267 | |
| Business Technologies, Inc. | | 16060 Ventura Blvd Ste 105-505 | | | Encino | CA | 91436 | |
| Business Week | | PO Box 8419 | | | Red Oak | IA | 51591-1419 | |
| Business Wire | | Department 34182 | | | San Francisco | CA | 94139 | |
| Business Wire | | PO Box 45348 | | | San Francisco | CA | 94145-0348 | |
| Butler Burgher Group | | 4300 Alexander Dr. | Suite 200 | | Alpharette | GA | 30022 | |
| Byron Wilson | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 32 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| C.J. Martin | | Address on File | | | | | | |
| C2 Imaging | | 3180 Pullman Street | | | Costa Mesa | CA | 92626 | |
| C2 LEGAL OF DALLAS | | 2001 BRYAN ST | STE 3025 | | Dallas | TX | 75201 | |
| C5 Texas | Attn Rachel Jenkins | PO Box 191129 | | | Dallas | TX | 75219 | |
| Cabot Lodge Securities LLC | | 200 Vesey St. | | | New York | NY | 10281 | |
| Cades Schutte LLP | | 1000 Bishop Street, 12th floor | | | Honolulu | HI | 96813 | |
| Cadwalader, Wickersham, & Taft LLP | | General Post Office | PO Box 5929 | | New York | NY | 10087-5929 | |
| CALAPRS | | 575 Market Street | Suite 2125 | | San Francisco | CA | 94105 | |
| Caleb Dorfman | | Address on File | | | | | | |
| Caleb Moore | | Address on File | | | | | | |
| Caledonian Directors Limited | | PO Box 1043 | George Town | | Grand Cayman | | KY1-1002 | Cayman Islands |
| Caledonian Directors Limited | | PO Box 1043 | | | George Town | | KY1-1102 | Cayman Islands |
| California Department of Insurance | Attn Name Reservation Unit | 45 Fremont Street, 24th Floor | | | San Francisco | CA | 94105 | |
| California Dept. of Business Oversight | | Securities Registration Division | 1515 K Street, Suite 200 | | Sacramento | CA | 95814 | |
| California Public Employees Retirement System | c/o Louis J. Cisz, III | Nixon Peabody LLP | One Embarcadero Center, 32nd Floor | | San Francisco | CA | 94111 | |
| CALLAN, BENTLEY | | Address on File | | | | | | |
| Cambridge International Partners, Inc. | | 780 Third Ave 25th Flr | | | New York | NY | 10017 | |
| Cambridge Investment Research, Inc. | c/o Premier Wealth Management | 5004 Lenker Street, Suite 200 | | | Mechanicsburg | PA | 17050 | |
| Cambridge Investment Research, Inc. | Przewocki James, Inc. | 2030 E Speedway | Suite 220 | | Tucson | AZ | 85719 | |
| Cambridge Investment Research, Inc. | | 1776 Pleasant Plain Rd | | | Fairfield | IA | 52556 | |
| Cambridge Investment Research, Inc. | | fbo Jimmy J. Williams, Rep #GM6 | 1776 Pleasant Plain Rd | | Fairfield | IA | 52556 | |
| Cameron Baynard | | Address on File | | | | | | |
| CAMP CUTHRELL | | Address on File | | | | | | |
| Campano & Associates | | PO Box 370 | | | Wilton | CT | 06897-0370 | |
| CAMPBELL, JIM | | Address on File | | | | | | |
| CAMPBELL, JIM | | Address on File | | | | | | |
| Canadian Imperial Bank of Commerce | | 425 Lexington Avenue | | | New York | NY | 10017 | |
| Candidates on Demand Group, Inc. | | 433 Fifth Ave, 6th Flr | | | New York | NY | 10016 | |
| Canon Solutions America, Inc | | 15004 Collections Center Dr | | | Chicago | IL | 60693 | |
| Canteen Vending Services | | PO Box 417632 | | | Boston | MA | 02241-7632 | |
| Cantor Fitzgerald & Co. | Attn McKenzie Campbell | 110 East 59th Street | | | New York | NY | 10022 | |
| CAPE RANKEN | | Address on File | | | | | | |
| Cape Securities, Inc. | | 1600 Pennsylvania Ave. | | | McDonough | GA | 30253 | |
| CAPITAL FOR KIDS | ATTN Susan Nichol | 2807 Allen St. #816 | | | Dallas | TX | 75204 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 33 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Capital Hedge, LLC | | 145 Washington Street, Suite 16 | | | Norwell | MA | 02061 | |
| Capital Investment Group, Inc. | | PO Box 32249 | | | Raleigh | NC | 27622 | |
| Capital Link Funds, Inc. | | 230 Park Ave, Ste 1536 | | | New York | NY | 10169 | |
| Capital Royalty LP | | 1000 Main St | Suite 2500 | | Houston | TX | 77002 | |
| Capitalize for Kids | ATTN Mary Logan | 01-208-Adelaide Street West | | | Toronto | ON | M5H 1W7 | CANADA |
| Capitol Service Inc | | PO Box 1831 | | | Austin | TX | 78767 | |
| CAPITOL SERVICES, INC | | PO BOX 1831 | | | Austin | TX | 78767 | |
| Caplin Photography | | 50 W 90th Street | #C6 | | New York | NY | 10024 | |
| Caprock Court Reporting, Inc. | | 1112 Texas Avenue, Suite 200 | | | Lubbock | TX | 79401 | |
| Capstone Advisory Group | | Park 80 West | Plaza I-Plaza Level | | Saddle Brook | NJ | 07663 | |
| Capstone LLC | | 1400 Eye Street, NW Suite 1115 | | | Washington | DC | 20005 | |
| Captain Hopes Kids | | 10480 Shady Trail | Suite 104 | | Dallas | TX | 75220 | |
| CAREER BLAZERS | | PO BOX 414050 | | | Boston | MA | 0224 1-4050 | |
| CAREER BLAZERS | | GLOBABL EMPLOYMENT SOLUTIONS, INC | PO BOX 842595 | | Boston | MA | 02284-2595 | |
| Career Group Inc | | PO Box 203654 | | | Dallas | TX | 75320-3654 | |
| CAREERBUILDER, LLC | | 200 N. LaSalle St | Suite 1100 | | Chicago | IL | 60601 | |
| CAREERBUILDER, LLC | | 13047 COLLECTION CTR DR | | | Chicago | IL | 60693-0130 | |
| Carey Holdings, Inc. | Attention General Counsel | 4530 Wisconsin Avenue, N.W., 5th Floor | | | Washington | DC | 20016 | |
| Carey International, Inc. | Attn Diane Ennist | 7445 New Technology Way | | | Frederick | MD | 21703 | |
| Carey International, Inc. | Attn Thomas McKee, Jr | Greenberg Traurig, LLP | 1750 Tysons Blvd., #1000 | | McLean | VA | 22102 | |
| Carey International, Inc. | | Billing Department | PO Box 842350 | | Boston | MA | 02284-2350 | |
| Carey International, Inc. | Gary Kessler | 4530 Wisconsin Ave. NW | Suite 500 | | Washington | DC | 20016 | |
| Carey Olsen | attn Sam Dawson | Willow House Cricket Square | | | Grand Cayman | | KY1-1001 | Cayman Islands |
| Carey Olsen | | Address on File | | | | | | |
| Carey Olsen (Guernsey) LLP | | PO Box 98, Carey House, Les Banques | | | St Peter Port | Guernsey | GY1 4BZ | Channel Islands |
| CARL MOORE | | Address on File | | | | | | |
| Carl Steigerwald III | | Address on File | | | | | | |
| CARL WELLMAN | | Address on File | | | | | | |
| Carla Martin | | Address on File | | | | | | |
| Carla Siegal Interiors | | 31 Sturges Hwy | | | Westport | CT | 06880 | |
| CARLSON, STEPHEN | | Address on File | | | | | | |
| Carmona, Benjamin | | Address on File | | | | | | |
| CARNEGIE CONSULTING | | 44 CARNABY ST | | | London | | WTF 9PP | United Kingdom |
| Carol Bavousett Mattick PC | | 919 Congress Ave Suite 919 | | | Austin | TX | 78701 | |
| CAROLYN SANCHEZ | | Address on File | | | | | | |
| CARON, JOHN H | | Address on File | | | | | | |
| Carpenter Lipps & Leland LLP | | 280 Plaza, Suite 1300 | 280 North High Street | | Columbus | OH | 43215 | |
| Carrington Coleman | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 34 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| CARROLL, JUSTIN | | Address on File | | | | | | |
| Carter Ledyard & Milburn LLP | | Counsellors at Law 2 Wall St | | | New York | NY | 10005 | |
| CARTER, JEROME | | Address on File | | | | | | |
| CARTUS CORPORATION PTE LTD | | 4 SHENTON WAY | #09-01/04 SGX CENTRE 2 | | Singapore | | 068807 | SINGAPORE |
| Carwin Advisors | | 2100 McKinney Ave. Suite 1510 | | | Dallas | TX | 75201 | |
| Case Anywhere LLC | | 21860 Burbank Blvd. | Suite 125 | | Woodland Hills | CA | 91367 | |
| Casepoint, LLC | | 7900 Tysons One Place, 680 | | | McLean | VA | 22102 | |
| Cashier - Texas Workforce Commission | | PO Box 149037 | | | Austin | TX | 78714-9037 | |
| CASPER COMPANY LLC | | 830 POST RD E | | | Westport | CT | 06880 | |
| CASTELLA, ANDRES | | Address on File | | | | | | |
| CASTELLA, ANDRES | | Address on File | | | | | | |
| Catalyst Financial Partners LLC | | 118 E 28th Street | Suite 314 | | New York | NY | 10016 | |
| Catapult Systems Inc. | | 1221 South MoPac Expressway | Ste 350 | | Austin | TX | 78746 | |
| Catherine M. Luvisa, trustee | Cooper Lee Luvisa Educational Trust | Address on File | | | | | | |
| Catherine M. Luvisa, trustee | | Address on File | | | | | | |
| Catherine McCoy | | Address on File | | | | | | |
| Catherine P. Matthews | | Address on File | | | | | | |
| Cattle Barons Ball | Attn Underwriting Chairs | 3838 Oak Lawn Avenue, Suite 700 | | | Dallas | TX | 75219 | |
| Cattle Barons Ball | | 30 Highland Park Village Ste 216 | | | Dallas | TX | 75205 | |
| CATTLE BUYERS WEEKLY | | PO BOX 2533 | | | Petaluma | CA | 94953-2533 | |
| Cawley, Gillespie & Associates, Inc. | | 306 West 7th Street, Ste 302 | | | Fort Worth | TX | 76102 | |
| Cawley Keith | | Address on File | | | | | | |
| CB RICHARD ELLIS | | 2700 POST OAK BLVD | STE 250 | | Houston | TX | 77056 | |
| CB Richard Ellis, Inc | | 2700 Post Oak Blvd. Suite 250 | | | Houston | TX | 77056 | |
| CB Richard Ellis, Inc | | Valuation & Advisory Services 210 Interstate North Pkwy SE Ste 300 | 2415 East Camelback Rd | | Phoenix | AZ | 85016-4290 | |
| Cbeyond | | PO Box 848432 | | | Atlanta | GA | 30339-2233 | |
| Cbeyond | | PO Box 848432 | | | Dallas | TX | 75284-8432 | |
| CBIZ Valuation Group, Inc. | ATTN ACCOUNTS RECEIVABLE | PO BOX 849846 | | | Dallas | TX | 75284-9846 | |
| CBIZ Valuation Group, Inc. | | 3030 LBJ Freeway, Ste 1650 | | | Dallas | TX | 75234 | |
| CBIZ Valuation Group, Inc. | | 4851 LBJ Freeway | Suite 800 | | Dallas | TX | 75244 | |
| CBIZ Valuation Group, LLC | Attn Accounts Receivable | 4851 LBJ Freeway #800 | | | Dallas | TX | 75284 | |
| Cboe LiveVol, Inc. | | 400 South LaSalle Street | | | Chicago | IL | 60605 | |
| CBRE, Inc. | | Location Code 2981 | P.O. Box 406588 | | Atlanta | GA | 30384-6588 | |
| CCH | | 21250 HAWTHORNE BLVD | | | Torrance | CA | 90503-5502 | |
| CCH Incorporated | | PO Box 4307 | | | Carol Stream | IL | 60197-4307 | |
| CCH Prosystem FX | | PO Box 5729 | | | Carol Stream | IL | 60197-5729 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 35 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| CCH Prosystem FX | | P.O. Box 2701 | | | Torrance | CA | 90509-2701 | |
| CCS Medical | | 1505 LBJ Freeway | Suite 600 | | Farmers Branch | TX | 75234 | |
| CCW Recovery Solutions | | 4 Mount Ephraim Road | Tunbridge Wells | | Kent | | TN1 1EE | United Kingdom |
| CDW | Attn Ronelle Erickson | 200 N. Milwaukee Ave | | | Vernon Hills | IL | 60061 | |
| CDW Direct | | PO Box 75723 | | | Chicago | IL | 60675-5723 | |
| Cecilio Gomez | | Address on File | | | | | | |
| Cedar Glade LP | Attn Robert K. Minkoff, President | 600 Madison Ave. 17th Floor | | | New York | NY | 10022 | |
| Centaurus Financial, Inc. | | 2300 E. Katella Ave | Suite 200 | | Anaheim | CA | 92806 | |
| Center for Financial Professionals Ltd | c/o CFP Events, Suite 68 | The Maltings, Roydon Road | | | Stanstead Abbots | Herts | SG12 8HG | United Kingdom |
| Center Street Securities, Inc. | | 2 International Plz Ste 301 | | | Nashville | TN | 37217-2088 | |
| Centerpoint Advisors | | 301 Commerce St Ste 1750 | | | Fort Worth | TX | 76102 | |
| Centerpoint Builders | | 5339 Alpha Rd Ste 250 | | | Dallas | TX | 75240 | |
| CENTRAL REPRODUCTION COMPANY | | PO BOX 131971 | | | Dallas | TX | 75313 | |
| Centroid | | 1050 Wilshire Dr. | Ste #170 | | Troy | MI | 48084 | |
| Centroid | | 900 Wilshire Dr. | Ste. #273 | | Troy | MI | 48084 | |
| CenturyLink | | 100 CenturyLink Drive | | | Monroe | LA | 71203-0000 | |
| CenturyLink Communications, LLC | | 1801 California Street | | | Denver | CO | 80202 | |
| CERA | Accounts Receivable | Department 55 Cambridge Pkwy | | | Cambridge | MA | 02142 | |
| Certified Moving & Storage Company | | 286 Madison Avenue | | | New York | NY | 10017 | |
| Certified Process Servers, Inc. | | PO Box 496508 | | | Garland | TX | 75049-6508 | |
| Certified Staffing Solutions | | 66 Orange Street, 3rd FL | | | Providence | RI | 02903 | |
| Cetera Advisor Networks LLC | Attn STS | 200 N. Sepulveda Blvd, Ste 1300 | | | El Segundo | CA | 90245 | |
| Cetera Advisor Networks LLC | c/o Legacy Advisor, C. Tabaka | 2450 Rimrock Rd, Ste 203 | | | Madison | WI | 53713 | |
| Cetera Financial Group | c/o Due Diligence Dept | 200 N. Sepulveda Blvd, Ste 1200 | | | El Segundo | CA | 90245 | |
| Cezar AV, Inc. | | 393 Upland Avenue | | | Yonkers | NY | 10703 | |
| CFA Society Los Angeles | | 520 S. Grand Ave | Ste 370 | | Los Angeles | CA | 90071 | |
| CFALA | | 520 S. Grand Ave. | Ste 655 | | Los Angeles | CA | 90071 | |
| CFA-SW | ATTN Scott Woodward | UHY, LLP | 1717 Main Street | | Dallas | TX | 75201 | |
| CFO & CONTROLLER ALERT | | 370 TECHNOLOGY DR | PO BOX 3019 | | Malvern | PA | 19355 | |
| Chad Clark | | Address on File | | | | | | |
| CHAD SCHRAMEK | | Address on File | | | | | | |
| Chakheeva, Svetlana | | Address on File | | | | | | |
| CHAMBERS, TRACIE | | Address on File | | | | | | |
| CHAN, WING FUNG WILLY | | Address on File | | | | | | |
| CHANCERY ST JAMES PLC | | 5 ST JAMESs SQUARE | | | London | | SW1Y 4SJ | United Kingdom |
| Chang, Frederic | | Address on File | | | | | | |
| Chang, Lewis | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 36 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Chapline, Thomas | | Address on File | | | | | | |
| Charitable DAF Fund GP, LLC | Grant Scott | 4140 Park Lake Avenue | Suite 600 | | Raleigh | NC | 27612 | |
| Charitable DAF Fund, L.P. | Grant Scott | 4140 Park Lake Avenue | Suite 600 | | Raleigh | NC | 27612 | |
| Charles Byrne | | Address on File | | | | | | |
| Charles Geraci | | Address on File | | | | | | |
| CHARLES GREGOR | | Address on File | | | | | | |
| Charles Hoedebeck | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| Charles River Associates | | PO Box 845960 | | | Boston | MA | 02284-5960 | |
| Charles Schwab & Co., Inc. | | 211 Main Street | MS SF-211MN-08-434 | | San Francisco | CA | 94105 | |
| Charley Krause | | Address on File | | | | | | |
| Charlie Maynard | | Address on File | | | | | | |
| Charlotte Investor IV LP | c/o HarbourVest Partners, LLC | One Financial Center | | | Boston | MA | 02111 | |
| Charlotte Investor IV, L.P. | Attn Erica Weisgerber Debevoise and Plimpton LLP | 919 Third Avenue | | | New York | NY | 10022 | |
| Charlotte Investor IV, L.P. | Charlotte Investor IV LP | c/o HarbourVest Partners, LLC | One Financial Center | | Boston | MA | 02111 | |
| Charter Finan. Publishing Network, Inc. | | PO Box 7550 | | | Shrewsbury | NJ | 07702-7550 | |
| Chase Bank of Texas, N.A. | | 600 Travis Street | 8th Floor | Global Trust Services | Houston | TX | 77002 | |
| CHASE COURIERS, INC | | 1220 Champion Circle | #114 | | Carrollton | TX | 75006 | |
| CHASE COURIERS, INC | | 1002 N. Central Expressway #495 | | | Richardson | TX | 75080 | |
| CHASE COURIERS, INC | | 1002 N CENTRAL EXPWY, #229 | | | Richardson | TX | 75080 | |
| Chase Miller | | Address on File | | | | | | |
| Chatham Worth | | Address on File | | | | | | |
| CHAVARRIAGA, MAURICIO | | Address on File | | | | | | |
| CHEMICAL DATA | | 2900 N LOOP WEST | STE 830 | | Houston | TX | 77092 | |
| CHEMICAL MARKET ASSOCIATES, INC | | PO BOX 974416 | | | Dallas | TX | 75397-4416 | |
| Chen, Bryan | | Address on File | | | | | | |
| Chen, Jonathan C. | | Address on File | | | | | | |
| Cherith Harrison | | Address on File | | | | | | |
| Chetan Aras | | Address on File | | | | | | |
| Chi Uh Chun | | Address on File | | | | | | |
| Chick-fil-A | | 12120 Inwood Road | LL06 | | Dallas | TX | 75244 | |
| Chick-fil-A | | 1201 Elm Street | | | Dallas | TX | 75270 | |
| CHILDRENs SEEK CAMP | Cory Cheat | 3624 Long Prairie Rd. Ste #101 | | | Flower Mound | TX | 75022 | |
| CHIRAG PANCHOLI | | Address on File | | | | | | |
| CHISM, CARTER | | Address on File | | | | | | |
| Chisum, Naomi | | Address on File | | | | | | |
| Choi, Jae Young | | Address on File | | | | | | |
| CHOI, YUN S. | | Address on File | | | | | | |
| CHOICE INVESTMENTS, INC | | 4800 BEE CAVE ROAD | | | Austin | TX | 78746 | |
| Chris Carrillo | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 37 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| CHRIS COLVIN | | Address on File | | | | | | |
| CHRIS CRAWSHAW | | Address on File | | | | | | |
| Chris Hakemack | | Address on File | | | | | | |
| Chris Hylen | | Address on File | | | | | | |
| Chris Jackson | | Address on File | | | | | | |
| Chris Lombardi | | Address on File | | | | | | |
| Chris Malone | | Address on File | | | | | | |
| Chris Miller | | Address on File | | | | | | |
| Chris Saehler | | Address on File | | | | | | |
| Chris Sullivan | | Address on File | | | | | | |
| Christian & Small LLP | | 505 N 20th Street, Suite 1800 | | | Birmingham | AL | 35203-2696 | |
| Christian Carrillo | | Address on File | | | | | | |
| Christian MacCaron | | Address on File | | | | | | |
| Christina Dandar | | Address on File | | | | | | |
| Christina Seaman | | Address on File | | | | | | |
| Christine Hedrick | | Address on File | | | | | | |
| Christine Ragnauth | | Address on File | | | | | | |
| Christopher Courbier | | Address on File | | | | | | |
| CHRISTOPHER EGER | | Address on File | | | | | | |
| CHRISTOPHER NILSEN | | Address on File | | | | | | |
| CHRISTOPHER PITTMAN | | Address on File | | | | | | |
| Christopher Rice | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| Christopher Rossi | | Address on File | | | | | | |
| Chronicle of Higher Education | | PO Box 1955 | | | Marion | OH | 43306-8055 | |
| Chronicle of Philanthropy | Attn Subscription Department | PO Box 1989 | | | Marion | OH | 43306-8089 | |
| Chubb | | 2001 Bryan St. | Ste. 3600 | | Dallas | TX | 75201-0000 | |
| Chubb National Insurance Company | c/o Chubb | 202A Halls Mill Road - 2E | | | Whitehouse Station | NJ | 08889 | |
| Chuck Hoar | | Address on File | | | | | | |
| Chuck McQueary | | Address on File | | | | | | |
| Church, Daniel | | Address on File | | | | | | |
| CIGNA HEALTHCARE | | CGLIC-Chicago | 5476 Collections Center Dr | | Chicago | IL | 60693-0547 | |
| CIRCLE B | | 3536 MILLER PARK | | | Garland | TX | 75042-7519 | |
| Cisco | | 170 West Tasman Dr | | | San Jose | CA | 95134-0000 | |
| CISCO Capital | | File No. 73226 | PO Box 60000 | | San Francisco | CA | 94160-3230 | |
| Cisco Webex Events | | 170 West Tasman Dr | | | San Jose | CA | 95134-0000 | |
| Cisco WebEx, LLC | | 16720 Collections Center Dr | | | Chicago | IL | 60693 | |
| Cision US Inc. | | PO Box 842869 | | | Boston | MA | 02284-2869 | |
| Cision US Inc. | | 1 Prudential Plaza, 7th floor | 130 E Randolph Street | | Chicago | IL | 60601-0000 | |
| CIT TECHNOLOGY | ATTN CUSTOMER SERVICE | PO BOX 550599 | | | Jacksonville | FL | 32255-0599 | |
| Citibank, N.A. | Doug Warren | 390 Greenwich Street | 4th Floor | | New York | NY | 10013 | |
| CITICORP VENDOR FINANCE | | PO BOX 7247-0118 | | | Philadelphia | PA | 19170-0118 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Citigroup Financial Products Inc. Citigroup Global Markets Inc. | Citigroup Global Markets Inc. | 390 Greenwich Street, 4th Floor | Managing Director | Global Structured Credit Products | New York | NY | 10013 | |
| Citizens of Georgia Power | Attn Stephen Kin, Bin #63031 | 7825 River Road | | | Waynesboro | GA | 30830 | |
| Citrix Online, LLC | | 7414 Hollister Avenue | | | Goleta | CA | 93117 | |
| City of Allen | Elizabeth Weller | c/o Laurie A. Spindler | Linebarger Goggan Blair & Sampson, LLP | 2777 N. Stemmons Freeway, Suite 1000 | Dallas | TX | 76015 | |
| City of Dallas | | 1500 Marilla Street | 2D South | | Dallas | TX | 75201 | |
| City of Dallas | | City Hall 1AN | | | Dallas | TX | 75277 | |
| City of Dallas | | City Hall, 2D South | | | Dallas | TX | 75277 | |
| City of Dallas | | | P.O. Box 139076 | | Dallas | TX | 75313-9076 | |
| City of Garland | Linda D. Reece | c/o Perdue Brandon Fielder et al | 1919 S. Shiloh Road, Suite 310, LB 40 | | Garland | TX | 75042 | |
| City of Richardson | Elizabeth Weller | c/o Laurie A. Spindler | Linebarger Goggan Blair and Sampson, LLP | 2777 N. Stemmons Freeway, Suite 1000 | Dallas | TX | 75207 | |
| City of Surprise | | 16000 N. Civic Center Plaza | Stormwater Division | | Surprise | AZ | 85374-7470 | |
| Civic Research Institute | | 4478 US Route 27 PO Box 585 | | | Kingston | NJ | 08528 | |
| CJ Peng | | Address on File | | | | | | |
| CL McDade & Company | | PO Box 702565 | | | Dallas | TX | 75370 | |
| Claraphi Advisory Network | | 25301 Cabot Rd | Suite 203 | | Laguna Hills | CA | 92653 | |
| CLARITY IN NUMBERS, LLC | | 10 UPENA LN APT 304 | | | KIHEI | HI | 96753-5112 | |
| Clark Hill Strasburger | | Address on File | | | | | | |
| Clark, James | | Address on File | | | | | | |
| Clark, Stetson | | Address on File | | | | | | |
| Classic Legal Document Services, Inc. | | 1717 Main Street, Suite 2280 | | | Dallas | TX | 75201 | |
| Claudia C Plettez | | Address on File | | | | | | |
| Clay Callan | | Address on File | | | | | | |
| Clayton Coleman | | Address on File | | | | | | |
| Clearwater Analytics LLC | | 777 W Main St | Ste 900 | | Boise | ID | 83702-0000 | |
| Clearwell Systems, INC. | | 441 Louge Ave | | | Mountain View | CA | 94043 | |
| Cleary Gottlieb Steen & Hamilton LLP | | One Liberty Plaza | | | New York | NY | 10006-1470 | |
| Clerk of the Municipal Courts | | 2014 Main Street | | | Dallas | TX | 75201 | |
| CLERK, SUPREME COURT | | PO BOX 149335 | | | Austin | TX | 78714-9335 | |
| ClickDimensions, LLC | | 5901 Peachtree Dunwoody Rd., Ste B500 | | | Atlanta | GA | 30328 | |
| Client One Securities, LLC | | 11460 Tomahawk Creek Parkway | Suite 100 | | Leawood | KS | 66211 | |
| Clientwise LLC | | 487 East Main Street | Suite 303 | | Mount Kisco | NY | 10549 | |
| Clifford Chance | | Address on File | | | | | | |
| Clifford Chance | | PO Box 7247-6805 | | | Philadelphia | PA | 19170-6805 | |
| Clint Swisher | | Address on File | | | | | | |
| CLO Holdco, Ltd. | c/o Grant Scott, Esq | Myers Bigel Sibley & Sajovec, P.A. | 4140 Park Lake Ave, Ste 600 | | Raleigh | NC | 27612 | |
| CLO Holdco, Ltd. | Grant Scott, Director | Myers Bigel P.A. | 4140 Park Lake Ave, Ste 600 | | Raleigh | NC | 27612 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 39 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| CLO Holdco, Ltd. | Grant Scott, Director | Myers Bigel P.A. | 4140 Park Lake Ave, Ste 600 | | Raleigh | NC | 27612 | |
| CLO Holdco, Ltd. | Grant Scott, Esq. | Myers Bigel Sibley & Sajovec, P.A. | 4140 Park Lake Ave, Ste 600 | | Raleigh | NC | 27612 | |
| CLO Holdco, Ltd. | John J Kane | Kane Russell Coleman Logan PC | 901 Main Street, Suite 5200 | | Dallas | TX | 75202 | |
| CLO Holdco, Ltd. | | 190 Elgin Avenue | George Town | Grand Cayman | George Town | KY | 19005 | Cayman Islands |
| CM Murray LLP | | 37th Floor | One Canada Square, Canary Wharf | | London | | E14 5AA | United Kingdom |
| CMGRP, Inc. | | 1717 Main St, Ste 1600 | | | Dallas | TX | 75201 | |
| CMGRP, Inc. | | PO Box 74008263 | | | Chicago | IL | 60674-8263 | |
| CMS BondEdge | | PO Box 98616 | | | Chicago | IL | 60693 | |
| CNBC LLC | c/o Legal Dept, Attn Janet Williams | 900 Sylvan Avenue | | | Englewood Cliffs | NJ | 07632 | |
| Coastal Equities Inc. | | 1201 N. Orange Street | 9th Floor | | Wilmington | DE | 19801 | |
| Coates Analytics | | PO Box 371685 | | | Pittsburgh | PA | 15251-7685 | |
| COBURN, JASON | | Address on File | | | | | | |
| COBURN, JASON M | | Address on File | | | | | | |
| Coch, Trevor | | Address on File | | | | | | |
| Cockle Printing Co | | 2311 Douglas St | | | Omaha | NE | 68102 | |
| COOVAC | | BOX 399 | | | Clark Mills | NY | 13321 | |
| Cohen & Company, Ltd | | PO BOX 94787 | | | Cleveland | OH | 44101-4787 | |
| Cohen, Jeffrey | | Address on File | | | | | | |
| Coheso, Inc. | | 7083 Commerce Cir Ste I | | | Pleasanton | CA | 94588-8017 | |
| Colbert, Kenneth T. | | Address on File | | | | | | |
| ColdFusion Ice | | 4901 Saint Lawrence Road | | | Fort Worth | TX | 76103 | |
| Cole Schotz | Court Plaza North | 25 Main Street | P.O. Box 800 | | Hackensack | NJ | 07602-0800 | |
| Cole Schotz | Michael D. Warner, Esq. | Cole Schotz Meisel Forman & Leonard | 301 Commerce Street, Suite 1700 | | Fort Worth | TX | 76102 | |
| Coleman Research Group, Inc. | Attn Legal | 1 Glenwood Ave | | | Raleigh | NC | 27603 | |
| Coleman Research Group, Inc. | | 100 Park Avenue Suite 1600 | | | New York | NY | 10017 | |
| Coleman Research Group, Inc. | | 120 West 45th St | 25th Floor | | New York | NY | 10036 | |
| Coleman, Clayton | | Address on File | | | | | | |
| Collas Crill | attn Stephen Leontsinis | Floor 2, Willow House | Cricket Square PO Box 709 | | Grand Cayman | | KY1-1107 | Cayman Islands |
| Collas Crill | | Floor 2, Willow House, Cricket Square, PO Box 709 | | | Grand Cayman | | KY1-1107 | Cayman Islands |
| COLLAS CRILL LLP, ADVOCATES CLIENT ACCOUNT | | Glategny Court, PO Box 140, Glategny Esplanade | | | St Peter Port | Guernsey | GY1 4EW | Channel Islands |
| Collin County Tax Assessor/Collector | Abernathy, Roeder, Boyd & Hullett, P.C. | 1700 Redbud Blvd., Suite 300 | | | McKinney | TX | 75069 | |
| Collin County Tax Assessor/Collector | | P. O. Box 8046 | | | McKinney | TX | 75070 | |
| Collin County Tax Assessor/Collector | | P. O. Box 8046 | | | McKinney | TX | 75070 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 40 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Collins Building Services, Inc | | Court Square Place, 24-01 44th Rd | 15th Fl | | Long Island City | NY | 11101 | |
| Collins Legal Video Service | | 1700 Pacific Ave | Suite 2410 | | Dallas | TX | 75201 | |
| Collins Realtime Reporting | | 1700 Pacific Ave | Suite 2410 | | Dallas | TX | 75201 | |
| COLLINS, BRIAN | | Address on File | | | | | | |
| Colin McDermott | | Address on File | | | | | | |
| Colonial Surety Company | | 123 Tice Boulevard, Suite 250 | | | Woodcliff Lake | NJ | 07677 | |
| Colorado Department of Revenue | | Colorado Department of Revenue | | | Denver | CO | 80261 | |
| Colorado State Treasurer | | Colorado DEPT of Regulatory Agencies | 1560 Broadway, Suite 900 | | Denver | CO | 80202-5150 | |
| ColorMark, L.C. | | 1840 Hutton Dr | Bldg 208 | | Carrollton | TX | 75006 | |
| COLVIN, CHRISTOPHER | | Address on File | | | | | | |
| COLVIN, MICHAEL | | Address on File | | | | | | |
| Commissioner of Revenue Services | | DEPARTMENT OF REVENUE SERVICES | PO BOX 2936 | | Hartford | CT | 06104-2936 | |
| Commissioner of Securities, State of LA | | Office of Financial Institutions | 8660 United Plaza Boulevard, 2nd Floor | | Baton Rouge | LA | 70809 | |
| COMMISSIONER OF TAXATION AND FINANCE | | NYS ASSESSMENT RECEIVABLES | PO BOX 4127 | | Binghamton | NY | 13902-4127 | |
| Commodity Futures Trading Commission | | Three Lafayette Centre | 1155 21st Street, NW | | Washington | DC | 20581 | |
| COMMONWEALTH OF MASSACHUSETTS | | Securities Division | 1 Ashburton Place, Room 1701 | | Boston | MA | 02108 | |
| COMMONWEALTH OF MASSACHUSETTS | | MASSACHUSETTS DEPT OF REVENUE | PO BOX 7065 | | Boston | MA | 02204-7065 | |
| Communities Foundation of Texas, Inc. | Attn Marcia Godwin 5500 | Caruth Haven Lane | | | Dallas | TX | 75225-8146 | |
| Communities in Schools of North Texas | | PO Box 295543 | | | Lewisville | TX | 75029-5543 | |
| Community Beer Company | | 1530 Inspiration Drive | Suite 200 | | Dallas | TX | 75207 | |
| Community Partners of Dallas | | 1215 Skiles Street | | | Dallas | TX | 75204 | |
| Commvault Backup | | 1 Commvault Way | | | Tinton Falls | NJ | 077244-0000 | |
| COMPASS BANK OPERATING | | PO BOX 630020 | | | Dallas | TX | 75263-9720 | |
| Compass Lexecon | | PO Box 630391 | | | Baltimore | MD | 21263-0391 | |
| Compass Lexecon | | 1244 Dryden Pl | | | Evanston | IL | 60201-3399 | |
| Compass Lexecon LLC | | PO Box 418005 | | | Boston | MA | 02241-8005 | |
| COMPETITIVE LOGISTICS LLC | | 53 PERIMETER CENTER E | STE 201 | | Atlanta | GA | 30346 | |
| Complete Coherence Ltd | | Newton House, Suite B | Newton Lane | | Romsey, Hants | | SO51 8LE | United Kingdom |
| Complete Fitness Outfitters | | PO Box 1237 | | | Atoka | OK | 74252 | |
| Complete Legal, Ltd | | 1201 Elm St. | Suite 2560 | | Dallas | TX | 75270 | |
| Compliance Science, Inc. | | 875 Avenue of the Americas | 12th Floor | | New York | NY | 10001 | |
| Compliance Search Group | | 1001 Avenue of the Americas | Suite 2401 | | New York | NY | 10018 | |
| Compliance Search Group | | 450 Seventh Ave | Suite 1409 | | New York | NY | 10123 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 41 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Comptroller of Maryland | | Revenue Administration Division | 110 Carroll Street | | Annapolis | MD | 21411-0001 | |
| Comptroller of Public Accounts | | PO Box 149348 | | | Austin | TX | 78714 | |
| Compuforms Data Products, Inc. | | PO Box 101536 | | | Fort Worth | TX | 76185-1536 | |
| Compulink Technologies, Inc. | | 214 West 29 Street | Suite 201 | | New York | NY | 10001 | |
| Computershare | | 250 Royall St #1011 | | | Canton | MA | 02021 | |
| Computershare | | 14257 Collection Ctr Dr | | | Chicago | IL | 60693 | |
| Computershare | | 16750 Collection Ctr Dr | | | Chicago | IL | 60693 | |
| Computershare Trust Company, N.A. | | PO BOX 43078 | | | Providence | RI | 02940-3078 | |
| Comsys Services, LLC | | PO Box 60260 | | | Charlotte | NC | 28260 | |
| Concord Marketing Solutions | | 2000 Bloomingdale Road | | | Glendale Heights | IL | 60139 | |
| Concorde Holdings, Inc. | | 1120 East Long Lake Rd | Suite 207 | | Troy | MI | 48085 | |
| Concorde Investment Services | | 1120 East Long Lake Road | Ste 207 | | Troy | MI | 48085 | |
| Concur Technologies, Inc. | | 62157 Collections Center Drive | | | Chicago | IL | 60693 | |
| Concur Technologies, Inc. | | 18400 NE Union Hill Road | | | Redmond | WA | 98052 | |
| Conference Plus, Inc | | 8153 Solutions Center | | | Chicago | IL | 60677-8001 | |
| Conference Room AV | | 13601 W McMillan Rd | Suite 102-277 | | Boise | ID | 83713 | |
| Conga | | P. O. Box 7839 | | | Broomfield | CO | 80021 | |
| ConnectAndSell, Inc | | 856 Rand St. | | | San Mateo | CA | 94401 | |
| Connected Software | | PO Box 29 | | | West Newbury | MA | 01985 | |
| Connecticut Department of Banking | | Securities & Business Invest Division | 260 Constitution Plaza | | Hartford | CT | 06103 | |
| CONNER, PATRICK | | Address on File | | | | | | |
| Connex Systems, Inc. | | 2033 Chenault Drive, Suite 150 | | | Carrollton | TX | 75006 | |
| CONNIE MILTENBERGER | | 127 KENDALL BLUFF COURT | | | Chesterfield | MO | 63017 | |
| Connolly Bove Lodge & Huz LLP | | 1007 North Orange St | | | Wilmington | DE | 19899 | |
| Connolly Gallagher LLP | | 1201 North Market Street | 20th Floor | | Wilmington | DE | 19801 | |
| Connolly, James | | Address on File | | | | | | |
| Connor White | | Address on File | | | | | | |
| Conseco Life Insurance Company | | PO Box 71214 | | | Charlotte | NC | 28272-1214 | |
| CONSOLIDATED GENERAL LIFE INSURANCE CO | | 4245 N CENTRAL EXPWY | STE 500 | | Dallas | TX | 75205 | |
| Context Summits LLC | | 401 City Avenue | Suite 815 | | Bala Cynwyd | PA | 19004 | |
| Continental Court Reporters, Inc. | | 2777 Allen Parkway, Suite 600 | | | Houston | TX | 77019-2166 | |
| Continental Office Group, LLC | | PO Box 132 | | | Wylie | TX | 75098 | |
| Contrarian Funds, LLC | Attn 392426 | 500 Ross St 154-0455 | | | Pittsburgh | PA | 15262 | |
| Contrarian Funds, LLC | Attn 392426 | 500 Ross St 154-0455 | | | Pittsburgh | PA | 15262 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21   Entered 08/19/21 16:03:15   Page 42 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Contrarian Funds, LLC | Attn Alpa Jimenez | 411 West Putnam Ave., Suite 425 | | | Greenwich | CT | 06830 | |
| ConvergeOne, Inc. | Selina Held | 10900 Nesbitt Avenue South | | | Bloomington | MN | 55437 | |
| ConvergeOne, Inc. | | NW 5806 | PO Box 1450 | | Minneapolis | MN | 55485-5806 | |
| Conway, Jacob | | Address on File | | | | | | |
| CONYERS DILL & PEARMAN | | CLARENDON HOUSE 2 | CHURCH STREET | | Hamilton | | 0HM11 | BERMUDA |
| Cooke Young Keidan | Philip Young | 21 Lombard St | | | London | | EC3V 9AH | United Kingdom |
| Cooke, Brad | | Address on File | | | | | | |
| COOLTECH AIR CONDITIONING LTD | | 530 LONDON ROAD | Stanwell | | Ashford | | TW15 3AE | United Kingdom |
| COOPER LEVENSON APRIL NIEDELMAN | | 1125 ATLANTIC AVE | | | Atlantic City | NJ | 08401 | |
| Copy Sense | | 121 E. 8th | Ste 100B | | Austin | TX | 78701 | |
| Copy Solutions | | 2001 Bryan St | Suite 1935 | | Dallas | TX | 75201 | |
| CopyPLEX | | 400 Tri-State Bldg 432 Walnut St | | | Cincinnati | OH | 45202 | |
| Copyright Clearance Center | | 222 Rosewood Dr | | | Danvers | MA | 01923 | |
| Copyright Clearance Center | | PO Box 843006 | | | Boston | MA | 02284-3006 | |
| CORAL EQUITY PARTNERS | | 28 Innisbrook Ave | | | Las Vegas | NV | 89113 | |
| CORCORAN, KIMBERLY | | Address on File | | | | | | |
| CORE Staffing Services, Inc. | | 463 Fashion Ave Rm 1800 | | | New York | NY | 10018-7760 | |
| Corinne Durand | | Address on File | | | | | | |
| CORNELIUS, WILLIAM | | Address on File | | | | | | |
| Corner Bakery | | CB Catering 91 PO Box 844288 | | | Dallas | TX | 75284-4288 | |
| Cornerstone Healthcare Group Holding Inc | David Smith | 3030 Ross Avenue | Suite 5400 | | Dallas | TX | 75201 | |
| Cornerstone Healthcare Group Holding, In | | 2200 Ross Ave | Ste. 5400 | | Dallas | TX | 75201-0000 | |
| Cornerstone Healthcare Group Holding, Inc. | Attn Michael Brohm | 13455 Noel Road, Suite 1320 | | | Dallas | TX | 75240 | |
| Cornerstone Macro LLC | | 1330 Avenue of the Americas Fl 5 | | | New York | NY | 10019-5493 | |
| Cornerstone Restructuring LLC | | 1125 Maxwell Ln | Suite 1010 | | Hoboken | NJ | 07030 | |
| CornerStone Staffing | | PO Box 909 | | | Grapevine | TX | 76099 | |
| CORPORATE COFFEE SYSTEMS | | 745 SUMMA AVE | | | Westbury | NY | 11590 | |
| CORPORATE EXPRESS INC | | PO BOX 71217 | | | Chicago | IL | 71217 | |
| Corporate Expressions | | 11 Blackberry Ln. | | | Norwalk | CT | 06850 | |
| Corporate Golf | | 604 West Morgan St Ste 202 | | | Durham | NC | 27701 | |
| Corporate Green | | PO Box 820725 | | | Dallas | TX | 75382 | |
| Corporate Interiors Inc. | | PO Box 709 | | | Frisco | TX | 75034-0709 | |
| Corporate Montage | | 9950 Westpark Dr Ste 602 | | | Houston | TX | 77063-5196 | |
| Corporate Search Partners | | 6116 N Central Expwy Ste 406 | | | Dallas | TX | 75206 | |
| Corporate Source Ltd | | 2651 N Harwood Ste 260 | | | Dallas | TX | 75201 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 43 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Corporate Source Ltd | | 1505 Oak Lawn Ave | Suite 300 | | Dallas | TX | 75207 | |
| Corporate Source Ltd | | Lockbox 671236 | | | Dallas | TX | 75267-1236 | |
| Corporate Strategies by SkillPath | | 6900 Squibb Rd | | | Mission | KS | 66202 | |
| Corporate Strategies by SkillPath | | PO Box 803839 | | | Kansas City | MO | 64180-3839 | |
| Corporate Transportation Group | | 335 Bond St | | | Brooklyn | NY | 11231 | |
| Corporation Service Company | | PO BOX 13397 | | | Philadelphia | PA | 19101-3397 | |
| Cory McCallum | | Address on File | | | | | | |
| COSMOPOLITAN GLASS | | 307 DAIBES CT | | | Edgewater | NJ | 07020 | |
| CoStar Realty Information, Inc. | | PO Box 791123 | | | Baltimore | MD | 21279-1123 | |
| Cotton, Austin | | Address on File | | | | | | |
| Coughlin, William | | Address on File | | | | | | |
| Coughlin, William A. | | Address on File | | | | | | |
| Counsel Press LLC | | PO Box 1053 | | | New York | NY | 10018-9998 | |
| CounselWorks LLC | | 477 Madison Avenue | Suite 740 | | New York | NY | 10022 | |
| COURIERS INC | | 225 MILLWELL DR | | | Maryland Heights | MO | 63043 | |
| Cournoyer, Timothy | | Address on File | | | | | | |
| Courthouse Digital Video | | 8848 Twin Pines Ln | | | Frisco | TX | 75036-1427 | |
| Courtlandt Securities Corporation | | PO Box 11929 | | | Newport Beach | CA | 92658 | |
| Courtroom Intelligence, Inc. | | 620 N Grant | Suite 512 | | Odessa | TX | 79761 | |
| Courtroom Intelligence, Inc. | | 1219 West University Blvd | | | Odessa | TX | 79764 | |
| Covenant Review LLC | | 708 Third Ave | 6th Floor | | New York | NY | 10017 | |
| Covenant Review LLC | | 230 Park Ave, Suite 812 | | | New York | NY | 10169 | |
| COVERT INVESTIGATIVE SERVICES | | PO BOX 67 | | | Lewisville | TX | 75057 | |
| COVITZ, HUNTER | | Address on File | | | | | | |
| Cowen and Company, LLC | | Finance Group - 21st Floor | 599 Lexington Avenue | | New York | NY | 10022 | |
| Cowie, Jason | | Address on File | | | | | | |
| COX, BRIAN | | Address on File | | | | | | |
| COZEN O CONNER ATTORNEYS | | W1385 | PO BOX 7777 | | Philadelphia | PA | 19175-0775 | |
| CP EATON PARTNERS, LLC | | 131 ROWAYTON AVE | | | Rowayton | CT | 06853 | |
| CPCM, LLC | Baker & McKenzie LLP | Debra A. Dandeneau | 452 Fifth Avenue | | New York | NY | 10018 | |
| CPCM, LLC | Baker & McKenzie LLP | Michelle Hartmann | 1900 North Pearl | Suite 1500 | Dallas | TX | 75201 | |
| CPCM, LLC | Ross & Smith, PC | Judith W. Ross, Frances A. Smith, Eric Soderlund | 700 North Pearl Street, Suite 1610 | | Dallas | TX | 75201 | |
| CPCM, LLC | | 6505 W. Park Blvd. Ste. 306 | PMB#352 | | Plano | TX | 75093 | |
| Craig and Macauley Professional Corp. | | 600 Atlantic Ave | | | Boston | MA | 02210 | |
| Crain Communications Inc. | | 16309 Collection Center Dr. | | | Chicago | IL | 60693 | |
| Crain Communications Inc. | | 1155 Gratiot Ave | | | Detroit | MI | 48207-2732 | |
| Cranellis | | 10047 Park Meadows Dr | | | Lone Tree | CO | 80124 | |
| Crawford Wishnew & Lang | Michael J Lang | 1700 Pacific Avenue Suite 2390 | | | Dallas | TX | 75201 | |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 44 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| CRE ADVISORS, LLC | | PO BOX 2302 | | | Addison | TX | 75001 | |
| Creative Meetings & Incentives | | 2405 Mill Plain Rd | | | Fairfield | CT | 06824 | |
| CREATIVE PRINTING | | 311 N STEMMONS | STE 400 | | Dallas | TX | 75207 | |
| CREDIT SUISSE | ATTN JUDY HARNETT | 11 MADISON AVE., 11TH FLR | | | New York | NY | 10010 | |
| CREDIT SUISSE | | 700 College Road East | | | Princeton | NJ | 08540 | |
| CREDIT SUISSE | | 11 MADISON AVE, 26TH FLR | AARON OVEDIA | | New York | NY | 10010 | |
| Creditflux | | 63 Clerkenwell Rd | | | London | | EC 1M- 5NP | United Kingdom |
| Crescent Asset Management | | 1440 Broadway | 17th flr | | New York | NY | 10018 | |
| Crescent Partners, LLC | | 1440 Broadway | 17th floor | | New York | NY | 10018 | |
| Crescent Research | | PO Box 64-3622 | | | Vero Beach | FL | 32964 | |
| Crescent TC Investors LP | | 200 Crescent Ct | Suite 250 | | Dallas | TX | 75201 | |
| Crescent TC Investors, L.P. | c/o Michael S. Held | 2323 Ross Avenue, Suite 600 | | | Dallas | TX | 75201 | |
| Crescent TC Investors, L.P. | Dale Todd, President | 277 Park Ave., 36th Floor | | | New York | NY | 10017 | |
| Crescent TC Investors, L.P. | Hien Le | 5847 San Felipe St., Suite 150 | | | Houston | TX | 77057 | |
| Crescent TC Investors, L.P. | Hien Le | 5847 San Felipe St., Suite 150 | | | Houston | TX | 77057 | |
| Crescent TC Investors, L.P. | Jackson Walker LLP | Michael S. Held | 2323 Ross Ave., Suite 600 | | Dallas | TX | 75201 | |
| Crescent TC Investors, L.P. | Michael S. Held | 2323 Ross Ave., Suite 300 | | | Dallas | TX | 75201 | |
| Crescent TC Investors, L.P. | | Post Office Box 841772 | | | Dallas | TX | 75284 | |
| Crescent TC Investors, L.P. | | Post Office Box 841772 | | | Dallas | TX | 75284 | |
| CREST_DAVID | | Address on File | | | | | | |
| Cris Rodriquez | | Address on File | | | | | | |
| Crisostomo, Norm | | Address on File | | | | | | |
| Critical Electric Systems Group, LLC | | 704 Central Pkwy East | #1200A | | Plano | TX | 75074 | |
| CROSS 3 LLC | | 7324 ELDRED AVE, NE | | | Rockford | MI | 49341 | |
| Crosson Dannis, Inc. | | 8150 N. Central Expressway, Suite 950 | | | Dallas | TX | 75206 | |
| Crossroads Audio, Inc. | | 2623 Myrtle Springs Avenue | | | Dallas | TX | 75220 | |
| Crowe & Dunlevy, P.C. | Vickie L. Driver | 2525 McKinnon Street, Suite 425 | | | Dallas | TX | 75201 | |
| Crowe Dunlevy | | Address on File | | | | | | |
| Crowell & Moring | | 1001 Pennsylvania Ave NW | | | Washington | DC | 20004-2595 | |
| CROWELL, LEONARD | | Address on File | | | | | | |
| Crown Capital Securities, L.P. | | 725 Town & Country Rd | Suite 530 | | Orange | CA | 92868 | |
| CRT CAPITAL GROUP, LLC | | 262 HARBOR DR | | | Stamford | CT | 06902 | |
| CSC | | PO Box 13397 | | | Philadelphia | PA | 19101-3397 | |
| CSI e-Discovery Services, LLC | | 4950 N. OConnor Rd. | Suite 152 | | Irving | TX | 75062 | |
| CSI Global Deposition Services | Accounting Dept-972-719-5000 | 4950 N. OConnor Rd, 1 st Fl | | | Irving | TX | 75062-2778 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 45 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| CSI Litigation Psychology, LLC | | 4950 North OConnor Rd. | Corporate Plaza 1, First Floor | | Irving | TX | 75062 | |
| CSS Medical Inc. | Steve Saft | 14255 49th Street North | Suite 301 | | Clearwater | FL | 33762 | |
| CT Corp | | PO Box 4349 | | | Carol Stream | IL | 60197-4349 | |
| CT Corporation | | 1999 Bryan Street | Ste 900 | | Dallas | TX | 75201-0000 | |
| CT Corporation System | ATTN Michael E. Jones | 350 N. St. Paul Street, Ste. 2900 | | | Dallas | TX | 75201 | |
| CT Corporation System | C/O STEPHANIE WATTS-DARTY | DALLAS CORPORATE TEAM 2 | 350 North St. Paul St. | | Dallas | TX | 75201 | |
| CT Corporation System | | PO Box 4349 | | | Carol Stream | IL | 60197-4349 | |
| CT Lien Solutions | | PO Box 301133 | | | Dallas | TX | 75303 | |
| CT Lien Solutions | | Lockbox 200824 | | | Houston | TX | 77216 | |
| CTRL+V Inc. | | 251 Union St. | | | Lawrence | NY | 11559 | |
| Culhane Meadows PLLC | | PO Box 49716 | | | Atlanta | GA | 30359 | |
| Culinaire International | Attn Catering Dept | 2943 SMU Blvd | | | Dallas | TX | 75205 | |
| CULLEN ESTATE TRUST | | 601 JEFFERSON ST STE 4000 | | | Houston | TX | 77002-7913 | |
| CUNNINGHAM, BRITTNEY | | Address on File | | | | | | |
| CurAlea Associates LLC | | 12 Roszel Road | Suite B102 | | Princeton | NJ | 08540 | |
| Cushman & Wakefield of Arizona, Inc. | | 2555 East Camelback Road, Ste 400 | | | Phoenix | AZ | 85016 | |
| CUSIP | | 55 Water Street | 43rd Floor | | New York | NY | 10041 | |
| CUSIP Global Services | | 33356 Collection Center Dr | | | Chicago | IL | 60693-0333 | |
| CUSIP Service Bureau | | 2542 Collection Center Drive | | | Chicago | IL | 60693 | |
| CUSIP Service Bureau | | Standard and Poors | 2542 Collection Center Drive | | Chicago | IL | 60693 | |
| CUSIP Service Bureau | | PO Box 19140A | | | Newark | NJ | 07195-0140 | |
| CUSTOM BOOK BINDERY, INC. | | 9 SHERIDAN AVE | | | Clifton | NJ | 07011 | |
| Custom Headsets of Dallas | | 5949 W Hwy/ 175 | | | Kaufman | TX | 75142 | |
| CVE Technologies Group Inc. | | 1414 S. Gustin Rd. | | | Salt Lake City | UT | 84104 | |
| CVE technology | | 3000 E Plano Pkwy | | | Plano | TX | 75074-0000 | |
| CW PARTNERS LLC | | 2811 MCKINNEY AVE | STE 214 | | Dallas | TX | 75204 | |
| Cyfance | | 400 Spectrum Center Dr. | Suite 900 | | Irvine | CA | 92618-0000 | |
| CYNTHIA VALLES | | Address on File | | | | | | |
| CYRUS SPURLINO REVOCABLE TRUST | | 7214 N MOBLEY RD | | | Odessa | FL | 33556-2303 | |
| Cystic Fibrosis Foundation | NE Texas/Fort Worth Chapter | 1600 Airport Fwy Ste 501 | | | Bedford | TX | 76022-6882 | |
| Cystic Fibrosis Foundation | | 7506 E Independence Blvd #120 | | | Charlotte | NC | 28227 | |
| Cystic Fibrosis Foundation | | Northeast Texas Chapter | 3102 Maple Ave, Ste 120 | | Dallas | TX | 75201 | |
| CZG Dynamics Associates | | 14 Penn Plaza, Suite 1712 | | | New York | NY | 10122 | |
| D Magazine | | 750 North St. Paul Street | Suite 2100 | | Dallas | TX | 75201 | |
| D Magazine | | 4311 Oak Lawn Ave Ste 100 | | | Dallas | TX | 75219-9701 | |
| D&S Enterprises | | 10703 Sweetwater Drive | | | Frisco | TX | 75035 | |
| D. Alan Bowlby | | PO Box 1067 | | | Addison | TX | 75001 | |

Highland Capital Management, L.P.
Case No. 19-34054

**Appx. 00400**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 46 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| D. Allan Bowlby & Associates, Inc | | PO BOX 1067 | | | Addison | TX | 75001 | |
| D.F. King & Co, Inc. | | 48 Wall Street | | | New York | NY | 10005 | |
| D.H. Hill Securities, LLLP | | 1543 Green Oak Place | Ste 100 | | Kingwood | TX | 77339 | |
| DAETSCH, MOLLY | | Address on File | | | | | | |
| DALE BEHM | | Address on File | | | | | | |
| Dale Frey | | Address on File | | | | | | |
| Dallas A&M Club | Attn Mike Henderson | 4303 Glenwick | | | Dallas | TX | 75205 | |
| Dallas AfterSchool Network | | 3900 Willow St Ste 110 | | | Dallas | TX | 75226-1247 | |
| Dallas Area Habitat for Humanity | | House Party | PO Box 700924 | | Dallas | TX | 75370 | |
| Dallas Art & Design | | 3617 Fairmount St Ste 101 | | | Dallas | TX | 75219 | |
| Dallas Bar Association | | 2101 Ross Ave | | | Dallas | TX | 75201 | |
| Dallas Basketball Ltd. | | 1333 N Stemmons Fwy | Ste 105 | | Dallas | TX | 75207-3722 | |
| Dallas Business Journal | | PO Box 840190 | | | Dallas | TX | 75284-0190 | |
| Dallas CASA | | 2757 Swiss Avenue | | | Dallas | TX | 75204 | |
| Dallas Challenge | | 7777 Forest Lane | Suite C-410 | | Dallas | TX | 75203 | |
| DALLAS CHAPTER TEI | ATTN Sharon Langlotz | Cash America International, Inc | 1600 West 7th St | | Ft. Worth | TX | 76102-6803 | |
| DALLAS CHAPTER TEI | | 901 MAIN ST | 69TH FLR, BANK AMERICA PLAZA | | Dallas | TX | 75202 | |
| DALLAS CHAPTER TEI | | PO BOX 961101 | BNSF RAILWAY COMPANY, SCOTT RYNEARSON | | Fort Worth | TX | 76161-1101 | |
| Dallas Childrens Advocacy Center | Attn Stephen Jordan | 5351 Samuell Blvd | | | Dallas | TX | 75228 | |
| Dallas Childrens Theater | Attn Michael Gonzales | 5938 Skillman | | | Dallas | TX | 75231 | |
| Dallas Committee on Foreign Relations | | 4925 Greenville Avenue | Suite 1025 | | Dallas | TX | 75206-4092 | |
| Dallas Contemporary, MTV | Attn Hannah Fagadau | 161 Glass Street | | | Dallas | TX | 75207 | |
| Dallas County | Attn Elizabeth Weller | 2777 N. Stemmons Freeway | Suite 1000 | | Dallas | TX | 75207 | |
| Dallas County | Elizabeth Weller | c/o Laurie A. Spindler | Linebarger Goggan Blair & Sampson, LLP | 2777 N. Stemmons Freeway, Suite 1000 | Dallas | TX | 75207 | |
| Dallas County Republican Party | | 10100 N Central Exprwy | Ste 175 | | Dallas | TX | 75231 | |
| Dallas County Tax Assessor | John R. Ames, CTA | 1201 Elm Street | Suite 2600 | | Dallas | TX | 75270 | |
| Dallas County Tax Assessor | John R. Ames, CTA | PO Box 139066 | | | Dallas | TX | 75313-9066 | |
| Dallas County Tax Office | | PO Box 139033 | | | Dallas | TX | 75313-9033 | |
| Dallas Courier Service, Inc. | | PO Box 833583 | | | Richardson | TX | 75083 | |
| DALLAS DUCKS UNLIMITED | | 400 TURTLE CREEK CENTER | 3811 TURTLE CREEK BLVD | SCOTT WEBER | Dallas | TX | 75219 | |
| Dallas Employment Services | | 6125 Luther Ln # 299 | | | Dallas | TX | 75225-6202 | |
| Dallas Gigs LLC | Attn Eddie Parker | PO Box 225423 | | | Dallas | TX | 75222 | |
| Dallas Glass & Door Company, Ltd | | PO Box 440 | | | Fate | TX | 75132 | |
| Dallas Hispanic Firefighters Association | | 703 McKinney Ave | Suite 201 | | Dallas | TX | 75202 | |
| DALLAS HR | | 4100 SPRING VALLEY RD | STE 300 | | Dallas | TX | 75244 | |
| Dallas Jewish Community Foundation | | One Hillcrest Green | 12700 Hillcrest Rd, Suite 201 | | Dallas | TX | 75230 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 34 of 155

**Appx. 00401**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 47 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Dallas Junior Chamber of Commerce Found. | | PO Box 130721 | | | Dallas | TX | 75313 | |
| Dallas Kid to Do | Attn Megan Harrison | 650 South R.L. Thornton Freeway | | | Dallas | TX | 75203-3013 | |
| Dallas Landscape Lighting | | 2026 Midlake Rd | | | Dallas | TX | 75205 | |
| Dallas Museum of Art | | 1717 North Harwood | | | Dallas | TX | 75201 | |
| DALLAS PETROLEUM CLUB | | 2200 ROSS AVE | LB 171 | | Dallas | TX | 75201-2799 | |
| DALLAS POLICE AND FIRE | | THE VICTOR LAZADA MEMORIAL FUND | 7474 FERGUSON RD | | Dallas | TX | 75228 | |
| Dallas Police Department | Alarm Permit Compliance Unit | PO Box 840186 | | | Dallas | TX | 75284-0186 | |
| Dallas Producers Club | c/o J. Patrick Collins | PMB 414 | 3824 Cedar Springs Rd | | Dallas | TX | 75219-4136 | |
| Dallas Regional Chamber | Attn Finance | 500 North Akard St, Suite 2600 | | | Dallas | TX | 75201 | |
| Dallas Security Systems, Inc. | | PO Box 550939 | | | Dallas | TX | 75355-0939 | |
| Dallas Stars | | 2601 Avenue of the Stars | | | Frisco | TX | 75034-9089 | |
| Dallas Summer Musicals, Inc. | | 909 1st Ave | | | Dallas | TX | 75210-1042 | |
| Dallas T-Shirt Company | | 2626 Manana Dr | Suite A | | Dallas | TX | 75220 | |
| Dallas Urban Debate Alliance | | PO Box 670564 | | | Dallas | TX | 75367 | |
| Dallas Wildcat Committee | Attn Barbara Johnston | 2200 Ross Ave, Suite 4150E | | | Dallas | TX | 75201 | |
| Dallas Womens Foundation | | 8150 North Central Expwy Suite #110 | | | Dallas | TX | 75206 | |
| Dallas Youth Council | | PO Box 793604 | | | Dallas | TX | 75379 | |
| Dallas Zoological Society | | 650 South RL Thorton Fwy | | | Dallas | TX | 75203-3013 | |
| Damage Recovery | | PO Box 801770 | | | Kansas City | MO | 64180 | |
| DAMC | ATTN CARL BAGGETT | NORCOM CAPITAL | 15770 N DALLAS PKWY | | Dallas | TX | 75248 | |
| DAMERIS, THEODORE | | Address on File | | | | | | |
| DAMEWARE DEVELOPMENT | | 241 MORNINGSIDE DR | | | Mandeville | LA | 70448 | |
| Dan Drabinski | | Address on File | | | | | | |
| Dan Subach | | Address on File | | | | | | |
| Dan Winikka | c/o Loewinsohn Flegle Deary Simon | 12377 Merit Drive | | | Dallas | TX | 75251 | |
| Dana Driensky | | Address on File | | | | | | |
| DANAHY, BRIAN J. | | Address on File | | | | | | |
| DANDAR, CHRISTINA | | Address on File | | | | | | |
| Daniel J Edelman, Inc | | JPMorgan Chase Bank, NA | 21992 Network Place | | Chicago | IL | 60673 | |
| Daniel Kaplan Associates LLC | | 55 Madison Ave, 4th Flr | | | Morristown | NJ | 07960 | |
| Daniel Moisio | | Address on File | | | | | | |
| Daniel N. Shaviro | | Address on File | | | | | | |
| Daniel P Winikka | Loewinsohn Flegle Deary Simon LLP | 12377 Merit Drive, Suite 900 | | | Dallas | TX | 75251 | |
| Daniel Ranson | | Address on File | | | | | | |
| Daniel Riedler | | Address on File | | | | | | |
| Daniel Sexton | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 48 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Daniel Sharvit | | Address on File | | | | | | |
| Daniel Sheehan & Associates, PLLC | Daniel J Sheehan, Jr | 8150 N. Central Expressway Suite 100 | | | Dallas | TX | 75206 | |
| Daniela Garrett | | Address on File | | | | | | |
| Daniels & Erickson, PC | | 12221 Merit Dr. | Suite 760 | | Dallas | TX | 75251 | |
| Dansby White | | Address on File | | | | | | |
| Darby Dunn Communications | | 461 Manor Lane | | | Pelham | NY | 10803 | |
| Darla M Chavez | | Address on File | | | | | | |
| Daryls By Design | | 1801 N Griffin Street | | | Dallas | TX | 75202 | |
| DATACARE SOFTWARE GROUP INC | | 445 PARK AVE | 10TH FLR | | New York | NY | 10022 | |
| Datamax | | PO Box 20527 | | | Saint Louis | MO | 63139 | |
| DataPlus Consulting Incorporated | | 750 North St Paul St. Suite 1225 | | | Dallas | TX | 75201 | |
| DataPlus Consulting Incorporated | | PO Box 190634 | | | Dallas | TX | 75219 | |
| DataPlus Consulting, Incorporated | | 750 North St Paul | Suite 1225 | | Dallas | TX | 75201 | |
| Datapoint Management | | 210 Empire House | 1 Empire Way | | Wembley | | HA9 0EW | United Kingdom |
| DAUGHERTY, PATRICK | | Address on File | | | | | | |
| DAUM, KURT | | Address on File | | | | | | |
| Dave Barnett | | Address on File | | | | | | |
| DAVE WALLS | | Address on File | | | | | | |
| DAVID BLANKS | | Address on File | | | | | | |
| DAVID BLANKS | | Address on File | | | | | | |
| David Boguslawski | | Address on File | | | | | | |
| David C. Smith | | Address on File | | | | | | |
| DAVID CALLAHAN | | Address on File | | | | | | |
| David Childs Tax Assessor-Collector | | PO Box 620088 | DALLAS COUNTY TAX ASSESSOR-COLLECTOR | | Dallas | TX | 75262-0088 | |
| David Childs Tax Assessor-Collector | | PO BOX 139066 | | | Dallas | TX | 75313-9066 | |
| David Culley | | Address on File | | | | | | |
| David Feldman Worldwide, Inc | | PO Box 2392 | | | New York | NY | 10116-2392 | |
| David Fraiberg | | Address on File | | | | | | |
| DAVID FULLERTON | | Address on File | | | | | | |
| David Geneson | | Address on File | | | | | | |
| David Hill | | Address on File | | | | | | |
| David Hu | | Address on File | | | | | | |
| David Huff Photography LLC | | 22022 N 119th Drive | | | Sun City | AZ | 85373 | |
| DAVID LANCELOT | | Address on File | | | | | | |
| DAVID LEE | | Address on File | | | | | | |
| DAVID LEHUQUET | | Address on File | | | | | | |
| David M. Cooper | | Address on File | | | | | | |
| DAVID MARTIN | | Address on File | | | | | | |
| David Ourlicht | | Address on File | | | | | | |
| DAVID POWERS | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 49 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| DAVID R HOLEBROOKE ROTH IRA | | 120 BULKLEY AVE APT 405 | | | Sausalito | CA | 94965-2149 | |
| DAVID SALYER | | Address on File | | | | | | |
| DAVID SMITH | | Address on File | | | | | | |
| David Smith | | Address on File | | | | | | |
| David Spiegel | | Address on File | | | | | | |
| David Tomek PLLC | | 325 N St Paul Street | Suite 3300 | | Dallas | TX | 75201 | |
| David W. Langford, CSR, CRR, RDR | Official Court Reporter | 101st Judicial District Court | George L. Allen Courts Building | | Dallas | TX | 75202-4631 | |
| David Walls | | Address on File | | | | | | |
| David Weisbach | | Address on File | | | | | | |
| DAVIES WARD PHILLIPS & VINEBERG LLP | | 44TH FLR | 1 FIRST CANADIAN PLACE | | TORONTO | ON | M5X 1B1 | CANADA |
| Davis Deadman | Jason P. Kathman | 2701 Dallas Parkway, Suite 590 | | | Plano | TX | 75093 | |
| Davis Deadman | | Address on File | | | | | | |
| DAVIS FORESTRY | | PO BOX 24633 | | | Little Rock | AR | 72221 | |
| Davis Polk & Wardwell | Attn Andrew Dean | 450 Lexington Ave | | | New York | NY | 10017 | |
| Davis R. Deadman | | Address on File | | | | | | |
| Davis Wright Tremaine LLP | | 2600 Century Square 1501 Fourth Ave | | | Seattle | WA | 98101-1688 | |
| DAVIS, MARY M. | | Address on File | | | | | | |
| DAVIS, MARY MARTHA | | Address on File | | | | | | |
| Dawn O'Rourke | | Address on File | | | | | | |
| Day Pitney LLP | | PO Box 416234 | | | Boston | MA | 0224I-6234 | |
| DDC Financial Group s.r.o. | | Bohusovicka 230-12 | 190 00 Prague | | Praha 9 | | | CZECH REPUBLIC |
| DEADMAN, DAVIS | | Address on File | | | | | | |
| DealFlow Media, Inc | | PO Box 122 | | | Syosset | NY | 11791 | |
| Deana K. Adams | Official Court Reporter | 600 Commerce, 630 C | 6th Floor, East Tower | | Dallas | TX | 75202 | |
| Deanne Engle | | Address on File | | | | | | |
| Debevoise & Plimpton | | 919 Third Ave | | | New York | NY | 10022 | |
| Debevoise & Plimpton LLC | M. Natasha Labovitz, Erica S. Weisgerber, Daniel E. Stroik c/o Accounting Dept. 28th Floor | 919 Third Avenue | | | New York | NY | 10022 | |
| Debevoise & Plimpton LLP | | 909 Third Ave | | | New York | NY | 10022 | |
| Debevoise and Plimpton LLP | Attn Christopher K. Tahbaz, Esq. | 919 Third Avenue | | | New York | NY | 10022 | |
| Debra A. Dandeneau | Baker & McKenzie LLP | 452 Fifth Avenue | | | New York | NY | 10018 | |
| Debt Domain | | 295 Madison Ave | Ste 24 | | New York | NY | 10017-0000 | |
| Debtdomain (USA) Inc. | | 295 Madison Ave | Suite 924 | | New York | NY | 10017 | |
| DECHERT LLP | | PO BOX 7247-6643 | | | Philadelphia | PA | 19170-6643 | |
| Dechert UK | | 160 Queen Victoria Street | | | London | England | EC4V 4QQ | United Kingdom |
| DEDYO, STEPHEN J. | | Address on File | | | | | | |
| DeGolyer & MacNaughton | | 5001 Spring Valley Rd | Suite 800 east | | Dallas | TX | 75244 | |
| Del Vecchio Reporting Services, LLC | | 117 Randi Drive | | | Madison | CT | 06443 | |
| DELAROSA, STEVEN | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 37 of 155

**Appx. 00404**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 50 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| DELAWARE DIVISION OF CORPORATIONS | | 401 FEDERAL ST | STE 4 | | Dover | DE | 19901 | |
| Delaware Secretary of State | Division of Corporations | 401 Federal St. Suite 4 | | | Dover | DE | 19901 | |
| Delaware Secretary of State | DIVISION OF CORPORATIONS | PO BOX 11728 | | | Newark | NJ | 07101-4728 | |
| Delaware Secretary of State | Division of Corporations | PO Box 5509 | | | Binghamton | NY | 13902-5509 | |
| Delaware Secretary of State | Division of Corporations | PO Box 74072 | | | Baltimore | MD | 22174-4072 | |
| DELAWARE SECRETARY OF STATE # 51-6000279 | | 1209 Orange St | | | Wilmington | DE | 19801 | |
| DELAWARE SECRETARY OF STATE # 51-6000279 | | State of Delaware Division of Corp | PO Box 5509 | | Binghamton | NY | 13902-5509 | |
| DELGADO, MAURICIO | | Address on File | | | | | | |
| Dell Business Credit | | Payment Processing Center | PO Box 5275 | | Carol Stream | IL | 60197-5275 | |
| Dell Commercial Credit | | Dept. 50-0049055190 PO BOX 689020 | | | Des Moines | IA | 50368-9020 | |
| Dell Financial Services | | Payment Processing Center | 4307 Collection Center Dr. | | Chicago | IL | 60693 | |
| Dell Financial Services L.L.C. | DFS-Bankruptcy | PO Box 81577 | | | Austin | TX | 78708 | |
| Dell Marketing LP | c/o Dell USA LP | PO Box 676021 | | | Dallas | TX | 75267-6021 | |
| DELOITTE & TOUCHE | ATTN KILEY RODEN | 10 WESTPORT RD | | | Wilton | CT | 06897 | |
| Deloitte Financial Advisory Services LLP | | 4022 Sells Drive | | | Hermitage | TN | 37076 | |
| Deloitte Financial Advisory Services LLP | | 2200 Ross Ave | | | Dallas | TX | 75201 | |
| Deloitte Financial Advisory Services LLP | | PO Box 2062 | | | Carol Stream | IL | 60132-2062 | |
| Deloitte Tax LLP | | 4022 Sells Drive | | | Hermitage | TN | 37076 | |
| Deloitte Tax LLP | | PO BOX 2079 | | | Carol Stream | IL | 60132-2079 | |
| Deloitte Tax LLP | | PO Box 844736 | | | Dallas | TX | 75284-4736 | |
| Delphi Legal Technologies | | 350 N. Saint Paul Suite 275 | | | Dallas | TX | 75201 | |
| Delphi Legal Technologies | | PO Box 133026 | | | Dallas | TX | 75313-3026 | |
| Delta Dallas Staffing, LP | | Tollway Plaza II | 15950 N. Dallas Pkwy., Ste 500 | | Dallas | TX | 75248 | |
| Deluxe Business Forms | | PO Box 742572 | | | Cincinnati | OH | 45274-2572 | |
| Denison Glass & Mirror | | 4231 S State Highway 91 | | | Denison | TX | 75020-8115 | |
| Dennis Sugino | | Address on File | | | | | | |
| DENNIS WINTER IRA | | PO Box 90223 | | | | | | |
| Denton County | | Address on File | | | Denton | TX | 76202 | |
| Denton County Tax Assessor | | PO Box 90223 | | | Denton | TX | 76202 | |
| Denton US LLP | | Dept. 894579 | | | Los Angeles | CA | 90189-4579 | |
| Dentons US LLP | Attn Lauren Macksoud, Esq. and Patrick Maxcy, Esq. | 1221 Avenue of the Americas | | | New York | NY | 10020 | |
| Dentons US LLP | Casey Doherty | 1221 McKinney Street, Suite 1900 | | | Houston | TX | 77010-2006 | |
| Denver Daughtry | | Address on File | | | | | | |
| Department of Business Oversight | | 1515 K St #200 | | | Sacramento | CA | 95814 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 51 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Department of Corporations (CA) | | Securities Regulations Div. | 320 W 4th St, Ste 750 | | Los Angeles | CA | 90013-1105 | |
| Department of Finance, State of Idaho | | Securities Bureau | 800 Park Boulevard, Suite 200 | | Boise | ID | 83712 | |
| Department of State | Division of Corporations | 99 Washington Ave. | | | Albany | NY | 12231-0001 | |
| DEPARTMENT OF TAX AND REVENUE | WV STATE TAX DEPT | PO BOX 2745 | INTERNAL AUDITING DIVISION | | Charleston | WV | 25330-2745 | |
| Department of Taxation and finance | | Dept of Labor-Unemp Insurance Div | PO Box 15012 | | Albany | NY | 12212 | |
| DEPARTMENT OF THE TREASURY | INTERNAL REVENUE SERVICE | ACS SUPPORT | PO BOX 57 | | Bensalem | PA | 19020-8514 | |
| DEPARTMENT OF THE TREASURY | IRS | STOP 5107 NWSAT | 4050 ALPHA RD | | Farmers Branch | TX | 75244-4201 | |
| DEPARTMENT OF THE TREASURY | | Internal Revenue Service | Suite 517, MC 8000NDAL | | Cincinnati | OH | 45999-0009 | |
| Department of the Treasury | | 4050 Alpha Road | | | Dallas | TX | 75201-7849 | |
| Department of the Treasury - Internal Revenue Service | Internal Revenue Service | 1100 Commerce St | M/S MC5027DAL | | Dallas | TX | 75242 | |
| Department of the Treasury - Internal Revenue Service | Internal Revenue Service | P. O. Box 7346 | | | Philadelphia | PA | 19101-7346 | |
| Dept. of Licensing & Regulatory Affairs | Corp, Securities & Comm Licensing Bureau | 525 W. Allegan Street - Audit & Exam Div | | | Lansing | MI | 48909 | |
| DERRICK PITTS | | Address on File | | | | | | |
| Desai, Neil | | Address on File | | | | | | |
| Dessant, Louis C. | | Address on File | | | | | | |
| DEWITT, AUDREY | | Address on File | | | | | | |
| DFPG Investments, Inc. | | 9017 S. Riverside Dr. | Ste 210 | | Sandy | UT | 84070 | |
| DFW Ice Cream | | 10198 Western Hills Dr. | | | Frisco | TX | 75034 | |
| DFW MULTIMEDIA INC | | 1330 RIVER BEND DR | SUITE 850 | | Dallas | TX | 75247 | |
| DFW Private Equity Forum | Attn Amy Thompson | 2323 Victory Avenue | Suite 2000 | | Dallas | TX | 75219 | |
| DFW VIDEO | | DFW Multimedia, Inc. | 13300 River Bend Drive, Ste. 850 | | Dallas | TX | 75247 | |
| DGHS Holdings, LLC | | 5949 Sherry Lane | Suite 750 | | Dallas | TX | 75225 | |
| Dhamodharan Srinivasan | | 583 Jeremy Drive | | | Bourbonnais | IL | 60606 | |
| Dharndharka, Kerry | | Address on File | | | | | | |
| DHL EXPRESS | | PO BOX 4723 | | | Houston | TX | 77210-4723 | |
| DHR INTERNATIONAL, INC | | 10 South Riverside Plaza | Suite 2220 | | Chicago | IL | 60606 | |
| Dice Holdings, Inc. | | 4939 Collections Center Dr. | | | Chicago | IL | 60693 | |
| DICE INC | | 4939 COLLECTIONS CENTER DR. | | | Chicago | IL | 60693 | |
| Dickman Davenport, Inc. | | 3131 Turtle Creek Blvd | Suite 320 | | Dallas | TX | 75219 | |
| DIECKHAUS, SCOTT | | Address on File | | | | | | |
| DIECKHAUS, SCOTT | | Address on File | | | | | | |
| DIFC Global | | 11-12 St. James Square | | | London | | SW1Y 4LB | United Kingdom |
| DIFFADallas | | 2050 Stemmons Fwy | Mail Unit 262 | | Dallas | TX | 75207 | |
| Diffenderfer, Claude A. | | Address on File | | | | | | |
| Digital Copy LLC | | 500 N Akard St. Suite 250 | | | Dallas | TX | 75201 | |
| Digital Legal LLC | | 1001 Jefferson Plaza | Suite 100 | | Wilmington | DE | 19801 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 52 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Digital Marketing and Print Solutions | | 3305 Wiley Post | | | Carrollton | TX | 75006 | |
| Digital Mountain | | 5050 El Camino Real | Suite 205 | | Los Altos | CA | 94022 | |
| Digital Telefonos | | PO Box 852184 | | | Richardson | TX | 75085-2184 | |
| Digital Verdict, Inc. | | 750 N. St. Paul Street | Suite 1225 | | Dallas | TX | 75201 | |
| Digital Works | | 6606 LBJ Fwy | Suite 240 | | Dallas | TX | 75240 | |
| DiningIn LLC | | 50 Milk St Ste 110 | | | Boston | MA | 02109-5004 | |
| Diningin Out in Dallas | | 3030 Olive Street | Ste 400 | | Dallas | TX | 75219 | |
| Dinoto Inc. | | 535 Dean Street | PH 102 | | Brooklyn | NY | 11217 | |
| DiOrio, Matthew | | Address on File | | | | | | |
| Direct Corporate Resources, Inc. | | Freedom Center 10203 Kotzebue Ste 114 | | | San Antonio | TX | 78217 | |
| Director of Compliance | Re Prime Brokerage Services | Jefferies LLC | 520 Madison Avenue, 16th Floor | | New York | NY | 10022 | |
| Directors Desk LLC | | Lockbox 50200 | PO Box 8500 | | Philadelphia | PA | 19178-0200 | |
| DirecTV | | 208 South Akard Street | | | Dallas | TX | 75202-0000 | |
| Directv, LLC | | PO Box 60036 | | | Los Angeles | CA | 90060-0036 | |
| DISCOVERY BENEFITS | | 3216 13TH AVE S | | | Fargo | ND | 58103 | |
| DISCOVERY BENEFITS | | PO BOX 869 | COBRA DEPT | | Fargo | ND | 58107 | |
| DISCOVERY BENEFITS | | PO BOX 9528 | | | Fargo | ND | 58107-0869 | |
| DISCOVERY BENEFITS | | PO BOX 2079 | | | Omaha | NE | 68108-2079 | |
| Discovery Benefits Inc | | 4321 20th Ave. S. | | | Fargo | ND | 58103-0000 | |
| Discovery Data | | 12 Christopher Way, Ste 202 | | | Eatontown | NJ | 07724 | |
| Displays Unlimited, Inc. | | 626 106th Street | | | Arlington | TX | 76011 | |
| District Director | Attn Insolvency | Internal Revenue Service | 31 Hopkins Plaza, Room 1150 | | Baltimore | MD | 21201 | |
| Diversus Investment Advisers (Asia) Ltd | | 410 Oxford Street | | | Bondi Junction | NSW | 02022 | AUSTRALIA |
| DIVYASH PATEL | | Address on File | | | | | | |
| Dixon Hughes Goodman LLP | | 4350 Congress Street | Suite 900 | | Charlotte | NC | 28209 | |
| Dixon Hughes Goodman LLP | | PO Box 602828 | | | Charlotte | NC | 28260-2828 | |
| DKW Law Group LLC | | 600 Grant St, 58th Flr | | | Pittsburgh | PA | 15219 | |
| DLA Piper LLP (US) | Marc D. Katz, Esq. | DLA Piper LLP (US) | 1900 N Pearl St, Suite 2200 | | Dallas | TX | 75201 | |
| DLA Piper LLP (US) | | 1900 N Pearl St, Suite 2200 | | | Dallas | TX | 75201 | |
| DLA Piper LLP US | | 6225 Smith Avenue | | | Baltimore | MD | 21209 | |
| DOAR Communications, Inc. | | 170 Earle Ave | | | Lynbrook | NY | 11563 | |
| Document Technologies, Inc. | | PO Box 933435 | | | Atlanta | GA | 31193-3435 | |
| Don Bryant | | Address on File | | | | | | |
| Don Drive Interiors | | 8408 Chancellor Row | | | Dallas | TX | 75247 | |
| Don Netzer Photography | | 2510 Southwell Rd. | #107 | | Dallas | TX | 75229 | |
| Don Netzer Photography | | 2510 Southwest Rd. # 107 | | | Dallas | TX | 75229 | |
| DONALD OSBORNE | | Address on File | | | | | | |
| Donald Salvino | | Address on File | | | | | | |
| DONALDSON, MICHEAL | | Address on File | | | | | | |
| Donaldson, Steven | | Address on File | | | | | | |
| DONDERO, JAMES | | Address on File | | | | | | |
| Dongpeng Gong | | Address on File | | | | | | |
| Donnelley Financial Solutions | | PO Box 842282 | | | Boston | MA | 02284-2282 | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Donnelley Financial, LLC | | 35 W Wacker Drive | | | Chicago | IL | 60601 | |
| Donnelley Financial, LLC | | 20 Commerce Way, Ste 800 | Lockbox #842282 | | Woburn | MA | 01801-1057 | |
| Donnelley Financial, LLC | | PO Box 842282 | | | Boston | MA | 02284-2282 | |
| Donnelley Financial, LLC | | PO Box 531632 | | | Atlanta | GA | 30353-1832 | |
| DORENBAUM, ANDREI | | Address on File | | | | | | |
| DOUG MEYER | | Address on File | | | | | | |
| DOUGHERTY, RAYMOND | | Address on File | | | | | | |
| DOUGHERTY, RAYMOND | | Address on File | | | | | | |
| Douglas Wade Carvell | | Address on File | | | | | | |
| Dow Jones & Company, Inc. | ATTN PAUL CHAMPIGNY | 8251 PRESIDENTS DR | BARRON/CUSTOMER SERVICE | | Orlando | FL | 32809 | |
| Dow Jones & Company, Inc. | | 84 Second Ave. | | | Chicopee | MA | 01020 | |
| Dow Jones & Company, Inc. | | Subscriptions Dept. | 200 Burnett Rd | | Chicopee | MA | 01020 | |
| Dow Jones & Company, Inc. | | 1211 Avenue of the Americas | | | New York | NY | 10036 | |
| Dow Jones & Company, Inc. | | BOX 4137 | | | New York | NY | 10261-4137 | |
| Dow Jones & Company, Inc. | | WALL ST JRNL OR BARRONS | PO Box 4137 | | New York | NY | 10261-4137 | |
| Dow Jones Reuters Business Interactive | | PO Box 7247-0237 | | | Philadelphia | PA | 19170-0237 | |
| DOWNEN, MARTIN | | Address on File | | | | | | |
| Dozal, Ana | | Address on File | | | | | | |
| DRABINSKI, DANIEL J. | | Address on File | | | | | | |
| Dravis, Samantha | | Address on File | | | | | | |
| Drew Dedelow | | Address on File | | | | | | |
| Drew Thomas | | Address on File | | | | | | |
| DREW, RICHARD | | Address on File | | | | | | |
| Drilling Info, Inc. | | PO Box 679093 | | | Dallas | TX | 75267-9093 | |
| DrillingInfo | | PO Box 5545 | | | Austin | TX | 78763 | |
| Drinker Biddle & Reath LLP | | One Logan Square, Ste 2000 | | | Philadelphia | PA | 19103-6996 | |
| DRINNON, KASEY | | Address on File | | | | | | |
| DRONOV, ALEXEY | | Address on File | | | | | | |
| Dropoff, Inc. | | Dept 3696 | PO Box 123696 | | Dallas | TX | 75312-3696 | |
| DSFOP | | PO Box 36023 | | | Dallas | TX | 75235-1023 | |
| DSHS | | Mail Code 2003 | PO Box 149347 | | Austin | TX | 78714-9347 | |
| DST Asset Manager Solutions | | 330 W. 9th | Ste 219230 | | Kansas City | MO | 64105 | |
| DST RESEARCH ANALYTICS & CONSULTING, LLC | | DST TECHNOLOGIES, INC | 5523 Collections Center Drive | | Chicago | IL | 60693 | |
| DST Systems, Inc. | | 2454 Collections Center Dr | | | Chicago | IL | 60693-0024 | |
| DST Technologies, Inc. | | 2454 Collections Center Drive | | | Chicago | IL | 60693-0024 | |
| DTCC ITP LLC | | PO Box 27590 | | | New York | NY | 10087-7590 | |
| Duane Morris LLP | ATTN Payment Processing | 30 South 17th St | | | Philadelphia | PA | 19103-4196 | |
| DUBOSE FUNERAL HOME | | 703 SOUTH ROCKWALL ST | | | Terrell | TX | 75160 | |
| Ducera Partners LLC | | 499 Park Ave, 16th Floor | | | New York | NY | 10022 | |
| Duff & Phelps, LLC | c/o David Landman | Benesch, Friedlander, Coplan & Aronoff | 200 Public Square, Suite 2300 | | Cleveland | OH | 44114-2378 | |
| Duff & Phelps, LLC | | 2397 Paysphere Circle | | | Chicago | IL | 60674 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 54 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Duff & Phelps, LLC | | DUFF & PHELPS, LLC | 12595 Collection Center Drive | | Chicago | IL | 60693 | |
| Duff & Phelps, LLP | Benesch | LouAnne Molinaro | 222 Delaware Avenue, Suite 801 | | Wilmington | DE | 19801-1611 | |
| Duff & Phelps, LLP | David A. Landman | 200 Public Square, Ste. 2300 | | | Cleveland | OH | 44114 | |
| Duff & Phelps, LLP | Richard G. Hardy, Esq. | 1660 West 2nd Street, Suite 1100 | | | Cleveland | OH | 44113 | |
| Duffy, James B. | | Address on File | | | | | | |
| Duffy, William | | Address on File | | | | | | |
| Dun & Bradstreet Inc. | | PO Box 75434 | | | Chicago | IL | 60675-5434 | |
| Dun & Bradstreet | | PO Box 3108 | | | Crofton | MD | 21114 | |
| Dun & Bradstreet | The Rowland Law Firm | Ronald L. Rowland, Authorized Agent | 2453 Vineyard Lane | | Crofton | MD | 21114 | |
| DUNN, CHRISTOPHER | The Rowland Law Firm | Address on File | | | | | | |
| Dunn, John | | Address on File | | | | | | |
| DUO Security | | 170 West Tasman Dr | | | San Jose | CA | 95134 | |
| Dustin Schneider | | Address on File | | | | | | |
| DUSTIN WORLEY | | Address on File | | | | | | |
| DuWest Realty | | 3319 Darmouth Ave. | | | Dallas | TX | 75205 | |
| DuWest Realty | | 4403 N Central Expy | | | Dallas | TX | 75205 | |
| DuWest Realty | | 4514 Cole Avenue | Suite 1100 | | Dallas | TX | 75205 | |
| Dykema Gossett, PLLC | | 400 Renaissance Center | | | Detroit | MI | 48243-1668 | |
| Dynamex | | Greeley Square Station | | | New York | NY | 10001 | |
| Dynamex | | PO BOX 20284 GREELEY SQ STATION | PO Box 20284 | | New York | NY | 10001 | |
| Dynamex | | PO Box 842304 | | | Dallas | TX | 75284-2304 | |
| E Gallery Studios | | 1330 Motor Circle | | | Dallas | TX | 75207 | |
| eA Data Automation Services, LLC | | 5000 Olde Towne Parkway | Suite 100 | | Marietta | GA | 30068 | |
| EA Electric | | 2941 Trade Center Drive | #200 | | Carrollton | TX | 75007-4647 | |
| EAB HealthWorks LLC | | 400 West End Ave | Suite 8A | | New York | NY | 10024 | |
| Eagle Software | | 124 Indiana Ave | | | Salina | KS | 67401 | |
| Earl F. Hale, Jr. | | Address on File | | | | | | |
| EarthColor Houston Inc. | | PO Box 840578 | | | Dallas | TX | 75284-0578 | |
| Earthstream Global Inc. | | 800 Town & Country Blvd | Suite 300 | | Houston | TX | 77024 | |
| EASLEY & MARQUIS, PLLC | | 5000 LEGACY DR | STE 400 | | Plano | TX | 75024 | |
| Eastern Point Trust Company | Attn Accounts Receivable | PO Box 3322 | | | Warrenton | VA | 20188-3322 | |
| Eastern Point Trust Company, Inc. | George S. Robinson, IV | 4685 Millennium Drive | | | Belcamp | MD | 21017 | |
| Eastland CLO Ltd. | | 190 Elgin Avenue | George Town | | Grand Cayman | | KY1-9005 | Cayman Islands |
| Eastland CLO, Ltd. | c/o Ogier Fiduciary Services (Cayman) Limited | P.O. Box 1093GT, Queensgate House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Eastland CLO, Ltd. | Eastland CLO Ltd. c/o Ogier Fiduciary Services (Cayman) Limited | P.O. Box 1093GT | Queensgate House, South Church Street | The Directors | George Town, Grand Cayman | | KY1-1108 | Cayman Islands |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Eastland CLO, Ltd. and Investors Bank and Trust Company | Eastland CLO Ltd. c/o Ogier Fiduciary Services (Cayman) Limited | P.O. Box 1234 | Queensgate House | The Directors-Eastland CLO, Ltd. | George Town, Grand Cayman | | KY1-1108 | Cayman Islands |
| Eastland CLO, Ltd. and Investors Bank and Trust Company | Investors Bank and Trust Company Attn CDO Services Group Ref Eastland CLO | 200 Clarendon St | Mail Code EUC 108 | | Boston | MA | 02116 | |
| EASY 2 HIRE LLC | | 3637 Temecula Creek Trail | | | McKinney | TX | 75070 | |
| Eckelkamp Retirement Planning | | 5550 S. Ft. Apache Rd | Suite 101 | | Las Vegas | NV | 89148-7667 | |
| Eclipse Entertainment, LLC | | 6850 Manhattan Blvd. | Suite 300 | | Fort Worth | TX | 76120 | |
| EcoSystems Environmental, Inc. | | PO Box 110849 | | | Carrollton | TX | 75011-0849 | |
| Ed Trampolsky | | Address on File | | | | | | |
| Edelman Pub Relations Worldwide (HK) Ltd | | 701 Central Plaza | 18 Harbour Road | Wan Chai | HONG KONG | | | HONG KONG |
| Edelman Pub Relatns Worldwide Korea Ltd | | 18th Flr Ferrum Tower 66 | | | Seoul | | 100210 | South Korea |
| Eden, Hugh B. | | Address on File | | | | | | |
| EDGAR filings, Ltd | | 3900 Essex | Suite 900 | | Houston | TX | 77027 | |
| Edgar Online | | 50 Washington St 9th Flr | | | Norwalk | CT | 06854 | |
| Edgar Online | | 11200 Rockville Pike, Ste. 310 | | | Rockville | MD | 20852 | |
| Edgar Online | | 88747 Expedite Way | | | Chicago | IL | 60695-1700 | |
| Edge Realty Partners | | 5950 Berkshire Ln | Suite 200 | | Dallas | TX | 75225 | |
| Edgewater Financial LLC | c/o Michael D Breen | 807 West Lynn Ste 218 | | | Austin | TX | 78703 | |
| Edjie Fox | | Address on File | | | | | | |
| Edina Country Club | | 5100 Wooddale Ave | | | Edina | MN | 55424 | |
| Education is Freedom | | 2711 N. Haskell Ave. | Suite 2070, LB 18 | | Dallas | TX | 75201 | |
| Edward A Barber | | Address on File | | | | | | |
| Edward Lin | | Address on File | | | | | | |
| Edward McRedmond | | Address on File | | | | | | |
| Effort Group, LLC | | 1 Throndal Circle | | | Darien | CT | 06820 | |
| efinancialcareers | | 1040 Avenue of the Americas | 8th Floor | | New York | NY | 10018 | |
| efinancialcareers | | 4939 Collections Center Dr | | | Chicago | IL | 60693 | |
| Eftekhari, Cyrus | | Address on File | | | | | | |
| EGON ZEHNDER INTERNATIONAL | | 350 PARK AVE | | | New York | NY | 10022 | |
| Egret Management, Inc. | | 10515 Egret Lane | | | Dallas | TX | 75230 | |
| EIDSON, ALLISON | | Address on File | | | | | | |
| EIMEN, CATHERINE | | Address on File | | | | | | |
| EIMER STAHL KLEVORN & SOLBERG LLP | | 224 SOUTH MICHIGAN AVE | STE 1100 | | Chicago | IL | 60604 | |
| EIMN, LLC | Attn Accounting Department | 225 Park Avenue South, 7th Floor | | | New York | NY | 10003 | |
| EL CONQUISTADOR GOLF RESORT CASINO | | 1000 EL CONQUISTADOR AVE | | | Fajardo | PR | 00738 | |
| Elalia Abate | | Address on File | | | | | | |
| Eleanor Munson, PhD | | Address on File | | | | | | |
| Electra Cruises, Inc. | | 3439 Via Oporto | | | Newport Beach | CA | 92663 | |
| Elektronik Devices Company | | 1712 Ponciana Ln | | | Plano | TX | 75075 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 56 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| ELGIN CAPITAL | | 130 JERMYN ST | | | London | | SW1Y 4UR | United Kingdom |
| Eliason, Hayley | | Address on File | | | | | | |
| Eliot Weissberg | The Investors Center, Inc. | 70 East Main St, POB 1447 | | | Avon | CT | 06001 | |
| Elisa Dreier Reporting | | 950 Third Avenue 5th Floor | | | New York | NY | 10022 | |
| Elisa Dreier Reporting Corp. | | 780 Third Ave, 7th Flr | | | New York | NY | 10017 | |
| ELISABETH LEIDERMAN | | Address on File | | | | | | |
| Elite Casino Events | | P. O. Box 6755 | | | Fort Worth | TX | 76115 | |
| Elite Copy Solutions, Inc. | | 403 N Stemmons Freeway Ste 100 | | | Dallas | TX | 75207 | |
| Elite Deposition Technologies | | 400 N. St Paul St, 13th Floor, Ste 1340 | | | Dallas | TX | 75201 | |
| Elite Document Technology-Dallas | | 400 N. Saint Paul St. | Suite 1300 | | Dallas | TX | 75201 | |
| Elite Document Technology-Dallas | | 403 North Stemmons Freeway Suite 100 | | | Dallas | TX | 75207 | |
| Elite Scheduling Services, LLC | | 8442 S. Union Lake Dr. SE | | | Alexandria | MN | 56308 | |
| Elkins McSherry | | 225 Liberty St | 24th floor | | New York | NY | 10281-0000 | |
| ELKINS/MCSHERRY, LLC | ATTN FINANCE | 2 WFC | 225 LIBERTY ST., 24TH FLR | | New York | NY | 10281 | |
| ELKINS/MCSHERRY, LLC | | 1290 Avenue of the Americas | 22nd Floor | | New York | NY | 10104 | |
| Ellen W. Slights, Esq. | United States Attorney's Office | District of Delaware | 1007 N. Orange Street, Suite 700 | | Wilmington | DE | 19801 | |
| Ellington, Scott | c/o Frances A Smith | Ross & Smith PC | Plaza of the Americas | 700 N Pearl Street, Suite 1610 | Dallas | TX | 75201 | |
| Ellington, Scott | | Address on File | | | | | | |
| EMC Integrated Systems Group | | 121 Central Ave | Suite 200 | | Grapevine | TX | 76051 | |
| Emerald City Management | | 4688 Reunion Dr. | | | Plano | TX | 75024 | |
| Emerging Portfolio Fund Research, Inc. | | PO Box 417184 | | | Boston | MA | 02241-7184 | |
| Emerson Network Power | | PO BOX 70474 | | | Chicago | IL | 60673-0001 | |
| Emert, Craig | | Address on File | | | | | | |
| EMI Environmental Group | | 14850 Montfort Dr Ste 205 | | | Dallas | TX | 75254 | |
| Emma Cruttenden | | Address on File | | | | | | |
| EMMANUEL, ARTHUR | | Address on File | | | | | | |
| Emmet, Marvin & Martin, LLP | | 120 Broadway | 32nd Floor | | New York | NY | 10271 | |
| Employer Compliance Service | | 611 Pennsylvania Ave SE #4000 | | | Washington | DC | 20003-4303 | |
| Employment Security Division | | 500 East Third Street | | | Carson City | NV | 89713-0030 | |
| EMSI-Examination Mgmt Services, Inc | | Health Service Division | PO Box 910465 | | Dallas | TX | 75391-0465 | |
| ENA Capital, LLC | Attn Steve Ellman and Bob Kauffman | Ellman Management Group, Inc. | 4040 E. Camelback Road, Suite 250 | | Phoenix | AZ | 85018 | |
| Encore Discovery Solutions | | Dept 2851 | PO Box 122651 | | Dallas | TX | 7531-2-2651 | |
| Encore Live, LLC | | 600 E Exchange Ave | | | Fort Worth | TX | 76164-8246 | |
| Encore Productions | | 2012 Greenbriar Lane | | | Plano | TX | 75074 | |

Page 44 of 155

**Appx. 00411**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 57 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| EnerCom, Inc. | | 800 18th Street | Suite 200 | | Denver | CO | 80202 | |
| Energy Search Associates, LLC | | 7709 San Jacinto Place | Ste 206 | | Plano | TX | 75024 | |
| EnergyNet Services, Inc. | | 7201 W. Interstate 40 | Suite 319 | | Amarillo | TX | 79106 | |
| ENGSTROM, DONNA | | Address on File | | | | | | |
| EnMark Services, Inc. | | 1700 Pacific Avenue | Suite 2660 | | Dallas | TX | 75201 | |
| ENOCH, KEVIN | | Address on File | | | | | | |
| Entwistle & Cappucci LLP | | 280 Park Ave | 26th Floor West | | New York | NY | 10017 | |
| Envestnet Tamarac | | 701 5th Ave, Ste 1400 | | | Seattle | WA | 98104 | |
| Envoy Data Corporation | | 1310 W. Boxwood Ave | | | Gilbert | AZ | 85233 | |
| EPFR Global | | PO Box 417184 | | | Boston | MA | 02241-7184 | |
| Epiq eDiscovery Solutions | | Dept 2851 | PO Box 122651 | | Dallas | TX | 75312-2651 | |
| Episcopal School of Dallas | Karla Wigley | ESD Development Office | 4100 Merrell Rd. | | Dallas | TX | 75229 | |
| Episcopal School of Dallas | | 4100 Merrell Rd | | | Dallas | TX | 75229 | |
| Epocal | | 2060 Walkley Rd. | | | Ottawa | ON | K1G 3P5 | CANADA |
| Equest | | PO Box 2109 | | | Wylie | TX | 75098 | |
| Equest | | PO Box 171779 | | | Dallas | TX | 75217 | |
| Equity Search Partners | | 200 Crescent Court, Ste 1300 | | | Dallas | TX | 75201 | |
| Equivalent Data | | 4809 Westway Park Blvd. | Payment Center | | Houston | TX | 77041 | |
| eRevival LLC | | 141 Lanza Ave | Bldg 5 | | Garfield | NJ | 07026 | |
| Eric Girard | | Address on File | | | | | | |
| ERIC KEPHART | | Address on File | | | | | | |
| ERIC MARK | | Address on File | | | | | | |
| Eric Pearson | | Address on File | | | | | | |
| Eric Reynolds | | Address on File | | | | | | |
| Eric Thayer | | Address on File | | | | | | |
| Erick Rawlings | | Address on File | | | | | | |
| Erin Sheehan | | Address on File | | | | | | |
| Ernst & Young | | 200 Plaza Drive | | | Secaucus | NJ | 07094 | |
| ERS | | 101 S Coit Rd Bldg 36, Ste 297 | | | Richardson | TX | 75080 | |
| Erskine Chambers - Andrew Blake | | 33 Chancery Lane | | | London | | WC2A 1EN | United Kingdom |
| Erskine Chambers - Michael Todd | | 33 Chancery Lane | | | London | | WC2A 1EN | United Kingdom |
| Escudero, Gaston | | Address on File | | | | | | |
| ESD | ATTN SARA CAMPBELL | EPISCOPAL SCHOOL OF DALLAS | 4100 MERRELL RD | | Dallas | TX | 75229 | |
| Esquire Deposition Services, LLC | | PO Box 827829 | | | Philadelphia | PA | 19182-7829 | |
| Esquire Deposition Solutions, LLC | | PO Box 846099 | | | Dallas | TX | 75284 | |
| Esquire Litigation Solutions, LLC | | PO Box 785751 | | | Philadelphia | PA | 19178-5756 | |
| Estevez, Jaime | | Address on File | | | | | | |
| Estudio ROVIRA | | 1850 North Greenville Ave #158 | | | Richardson | TX | 75081 | |
| ETCI | | PO Box 3512 | | | Arlington | VA | 22203 | |
| E Trade Financial | Attn AR/Mutual Funds | | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 45 of 155

**Appx. 00412**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 58 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| EUROMONEY INSTITUTIONAL INVESTOR | | PO Box 4009 | | | Chesterfield | MO | 63006-4009 | |
| EuroUSA Shipping Inc. | | 1826 Holiars Place | | | Middleburg | FL | 32068 | |
| Evans & McFarland, LLC | | 4643 S. Ulster, Suite 800 | | | Denver | CO | 80237 | |
| Evans, Christian | | Address on File | | | | | | |
| EventWork Photography, LLC | | 1712 Midcrest Dr | | | Plano | TX | 75075 | |
| Evercore Restructuring LLC | | 55 East 52 St | | | New York | NY | 10055 | |
| eVestment | | 5000 Ole Towne Parkway | Suite 100 | | Marietta | GA | 30068 | |
| Evoque Data Center | | 250 Vesey Street 15th Floor | | | New York | NY | 10281-0000 | |
| EWI RE Inc | | One Lincoln Centre | Suite 1060 | | Dallas | TX | 75240 | |
| EWING, LEAH | | Address on File | | | | | | |
| Exagere LLC | | 227 Dauphine | | | New Orleans | LA | 70112 | |
| Exclaimer Ltd. | | 445 Park Avenue | 9th Floor | | New York | NY | 10022 | |
| EXECUTIVE BEVERAGE SERVICE | | PO BOX 850783 | | | Richardson | TX | 75081 | |
| EXECUTIVE BEVERAGE SERVICE | | 5032 DICKENS LN | | | CARROLLTON | TX | 75010-4915 | |
| Executive Charge, Inc. | | 1440 39th St | | | Brooklyn | NY | 11218 | |
| Executive Liquidation | | 100 Redneck Avenue | | | Moonachie | NJ | 07074 | |
| Executive Office Group Limited | | 23 Berkeley Square | | | London | | W1J 6HE | United Kingdom |
| Executive Scheduling Associates, Inc. | | 215 Lake Blvd. Ste 367 | | | Redding | CA | 96003 | |
| Experience, Inc | | 2 Faneuil Hall Marketplace | 3 rd Floor | | Boston | MA | 02109 | |
| Experis Finance US, LLC | | PO Box 905378 | | | Charlotte | NC | 28290-5378 | |
| EXPERT PAY | | PO BOX 659791 | | | San Antonio | TX | 78265-9791 | |
| Exterior Consulting Innovations, Inc. | | 1406 S Clark Rd | | | Duncanville | TX | 75137-2811 | |
| F5 | | 801 5th Ave | | | Seattle | WA | 98104-0000 | |
| Fabriclean, Inc. | | 11-39 50th Ave | | | Long Island City | NY | 11101 | |
| Factiva | | PO BOX 30994 | | | New York | NY | 10261 | |
| Factiva | | DJRBI, LLC | PO Box 7247-0237 | | Philadelphia | PA | 19170-0237 | |
| Factory Builder Stores | | 512 E Dallas Rd | Ste 500 | | Grapevine | TX | 76051 | |
| FACTSET RESEARCH SYSTEMS, INC. | Attn Finance | 301 Merritt 7, 3rd Floor | | | Norwalk | CT | 06851 | |
| FACTSET RESEARCH SYSTEMS, INC. | | PO BOX 414756 | | | Boston | MA | 02241-4756 | |
| Fafinski Mark & Johnson, P.A. | | 775 Prairie Center Drive, Suite 400 | | | Eden Prairie | MN | 55344 | |
| Fair Harbor Capital, LLC | As Assignee of Action Shred of Texas | Ansonia Finance Station | PO Box 237037 | | New York | NY | 10023 | |
| Fair Harbor Capital, LLC | As Assignee of CVE Technologies Group Inc. | Ansonia Finance Station | PO Box 237037 | | New York | NY | 10023 | |
| Fair Harbor Capital, LLC | As Assignee of Daniel Sheehan & Associates, PLLC | Ansonia Finance Station | PO Box 237037 | | New York | NY | 10023 | |

**Appx. 00413**

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Fair Harbor Capital, LLC | As Assignee of Vengroff Williams Inc as Authorized Agent of American Arbitration Association | Ansonia Finance Station | PO Box 237037 | | New York | NY | 10023 | |
| Fair Harbor Capital, LLC | Frederick Glass | 130 West 57th Street, 5th Floor | | | New York | NY | 10019 | |
| Fair Market Life Settlements Corporation | | 435 Ford Rd | Suite 120 | | St. Louis Park | MN | 55426 | |
| FAIRMONT DALLAS | | 1717 N AKARD ST | C/O LIZ BAKER, GROUP BILLING COORDINATOR | | Dallas | TX | 75201 | |
| Faith Petersen | | Address on File | | | | | | |
| Falcon E&P Opportunities GP, LLC | c/o PetroCap LLC | Marc Manzo | 2602 McKinney Avenue | Suite 400 | Dallas | TX | 75204 | |
| Family Compass | | 4210 Junius Street | | | Dallas | TX | 75246 | |
| Family Office Association | | 500 West Putnam Ave. | Suite 400 | | Greenwich | CT | 06830 | |
| Fanning & Associates | | PO Box 37 | | | Denton | TX | 76202 | |
| Fanning & Associates | | 226 Sanders Rd | | | Denton | TX | 76210 | |
| FARIA, RICHARD | | Address on File | | | | | | |
| Farouk Z Lalji | | Address on File | | | | | | |
| FASKEN MARTINEAU DUMOULIN | | STE 4200 TORONTO DOMINION BANK TOWER | BOX 20 TORONTO-DOMINION CENTRE | | TORONTO | ON | M5K 1N6 | CANADA |
| FASTFRAME | | 3001 Knox Street | #105 | | Dallas | TX | 75205 | |
| FASTFRAME | | 11107 Sesame Street | | | Dallas | TX | 75238 | |
| Fat Ox | | 7715 E Montebello Avenue | | | Scottsdale | AZ | 85250 | |
| Fauxcades, Inc. | | 8888 Governors Row | | | Dallas | TX | 75247 | |
| Feast of Saint Arnold | | 8 Fourth Street | | | Colorado Springs | CO | 80906 | |
| Federal Insurance Company | Federal Insurance Company c/o Chubb | 202A Halls Mill Road - 2E | | | Whitehouse Station | NJ | 08889 | |
| Federal Insurance Company | | 202A Halls Mill Road - 2E | | | Whitehouse Station | NJ | 08889 | |
| Federal Insurance Company c/o Chubb | | 4103 COLLECTION CENTER DR | | | Chicago | IL | 60693 | |
| FedEx | | Dept CH PO Box 10306 | | | Palatine | IL | 60055-0306 | |
| FedEx | | PO Box 94515 | | | Palatine1 | IL | 600944515 | |
| FedEx | | PO Box 660481 | | | Dallas | TX | 75266-0481 | |
| FEDORYSHYN, ERIC | | Address on File | | | | | | |
| FEHLIG, STACEY | | Address on File | | | | | | |
| Felhaber Larson Fenlon & Vogt | | 220 Southy 6th Street | Ste 2200 | | Minneapolis | MN | 55402-4504 | |
| Felicity Toube QC | | 3-4 South Square | Grays Inn | | London | | WC1R 5HP | United Kingdom |
| Ferguson, Misty | | Address on File | | | | | | |
| FERRELL, JOHN | | Address on File | | | | | | |
| Fetzer Architectural Woodwork | | 6223 West Double Eagle Circle | | | West Valley City | UT | 84118 | |
| Fidelity Information Services | | PO Box 911653 | | | Dallas | TX | 75391-1653 | |
| Fidelity Information Services Inc | | PO Box 18012 | | | Ashburn | VA | 20146 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 60 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Fidelity Information Services Inc | | Payment Processing Center | PO Box 4535 | | Carol Stream | IL | 60197-4535 | |
| Fidelity Investments Institutional | | Operations Company, Inc. | PO Box 73307 | | Chicago | IL | 60673-7307 | |
| Fidelity National Information Services | | Payment Processing Center | PO Box 18012 | | Ashburn | VA | 20146 | |
| FIGARI & DAVENPORT LLP | | 901 MAIN ST | 3400 BANK OF AMERICA PLAZA | | Dallas | TX | 75202-3796 | |
| FINANCIAL ACCOUNTING STANDARDS BOARD | | PO BOX 630420 | | | Baltimore | MD | 21263-0420 | |
| FINANCIAL AGENT | | FEDERAL TAX DEPOSIT PROCESSING | PO BOX 970030 | | Saint Louis | MO | 63197 | |
| Financial Data Services, Inc. | Cash Management | 4800 Deer Lake East Dr, 2nd Flr | | | Jackson | FL | 32246-6484 | |
| Financial Fineprint, Inc. | | 1619 3rd Ave Apt 7K | | | New York | NY | 10128-3036 | |
| FINANCIAL GRAPHIC SERVICE, INC. | | 2910 S 18th AVE | | | Broadview | IL | 60155-4727 | |
| Financial Graphic Services | | PO Box 85090 | | | Chicago | IL | 60680-0851 | |
| Financial Industry Regulatory Authority | | 15200 Omega Drive, Suite 210 | | | Rockville | MD | 20850 | |
| Financial Investment News | | 41 Union Square West | Suite 1021 | | New York | NY | 10003 | |
| Financial Investment News | | 267 Fifth Avenue | Suite 1010 | | New York | NY | 10016 | |
| Financial Media Group, LLC | | 9635 Maroon Circle | Ste 150 | | Englewood | CO | 80112 | |
| Financial Planning Association | | 1290 N Broadway # 1625 | | | Denver | CO | 80203-2122 | |
| Financial Planning Association of Iowa | Attn Erin Ramsey | 914 NE 53rd Court | | | Ankeny | IA | 50021 | |
| Financial Research Associates | ATTN Teri Lewis | 18705 NE Cedar Drive | | | Battle Ground | WA | 98604 | |
| Financial Research Associates, LLC | Attn Teri Lewis | 18705 NE Cedar Drive | | | Battle Ground | WA | 98604 | |
| Financial Research Associates, LLC | | 200 Washington Street | Suite 201 | | Santa Cruz | CA | 95060 | |
| Financial Risk Management | | 888 Seventh Ave | | | New York | NY | 10019 | |
| Financial Services Institute | | 607 14th St, NW | Suite 750 | | Washington | DC | 20005 | |
| Financial Services Institute | | PO Box 116730 | | | Atlanta | GA | 30368-6730 | |
| Financial Times | | PO Box 1627 | | | Newburgh | NY | 12551-9976 | |
| Financial Tracking Technologies LLC | | 1111 East Putnam Ave | Ste 304 | | Riverside | CT | 06878-0000 | |
| Financial Tracking Technologies LLC | | 2 Soundview Dr, Ste 100 | | | Greenwich | CT | 06830 | |
| Financial Tracking Technologies LLC | | 1111 E Putnam Ave. | Suite 304 | | Riverside | CT | 06878 | |
| Financial West Group | Attn Nicole White | 4510 E. Thousand Oaks Blvd. | | | Westlake Village | CA | 91362 | |
| Fink, Jason | | Address on File | | | | | | |
| FINRA | | 1735 K Street, NW | | | Washington | DC | 20006 | |
| Fire Works Media Productions | | 2440 Pebblebrook Ct. | | | Grand Prairie | TX | 75050 | |
| First Allied Securities | Attn Commission Accounting | 655 W. Broadway, 11th Flr | | | San Diego | CA | 92101 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 61 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| First American Title Insurance Company | | 8311 W. Sunset Road | Suite 100 | | Las Vegas | NV | 89113 | |
| First Financial Network, Inc. | | 14000 Quail Springs Pkwy, Ste 200 | | | Oklahoma City | OK | 73134 | |
| First Foundation Advisers | | 18101 Von Karman Avenue | Suite 750 | | Irvine | CA | 92612 | |
| First Foundation Inc. | | 18101 Van Karman Avenue | Ste 700 | | Irvine | CA | 92612 | |
| First Page Management LLC dba StatusLabs | | 151 South 1st | Ste 100 | | Austin | TX | 78704-0000 | |
| First Presbyterian Church | | One West Putnam Ave | | | Greenwich | CT | 06830 | |
| First Southwest | | 325 North St. Paul St | Suite 800 | | Dallas | TX | 75201 | |
| First Trust Highland Floating Rate Fund | | 330 Bay St Ste 1300 | | | Toronto | ON | M5H2S8 | CANADA |
| FIS Brokerage & Securities Services LLC | | 62446 Collections Center Drive | | | Chicago | IL | 60693-0624 | |
| FIS Investment Systems LLC | | 601 Riverside Ave | | | Jacksonville | FL | 32204 | |
| Fischer Porter & Thomas, PC | | 440 Sylvan Avenue, Suite 130 | | | Englewood Cliffs | NJ | 07632-2700 | |
| FISH & RICHARDSON P.C. | | PO BOX 3295 | | | Boston | MA | 02110 | |
| FITCH, STEPHANIE | | Address on File | | | | | | |
| FITEH ZEGEYE | | Address on File | | | | | | |
| FITZSIMMONS, BRIAN | | Address on File | | | | | | |
| Five Blocks, Inc. | | 5967 West 3rd Street | Suite 307 | | Los Angeles | CA | 90036 | |
| FJF INTERNATIONAL | | 858 TOWER VIEW CIRCLE | | | New Hope | PA | 18938 | |
| Flagship Cruises & Events | | PO Box 120751 | | | San Diego | CA | 92112 | |
| Flaherty, Sensabaught, & Bonasso, PLLC | | 200 Capital St | PO Box 3843 | | Charleston | WV | 25338-3843 | |
| Flemming Zulack Williamson Zauderer LLP | | One Liberty Plaza | 35th Floor | | New York | NY | 10006-1404 | |
| Flexential | | 11900 East Cornell Avenue | Building B, 3rd Floor | | Aurora | CO | 80014-0000 | |
| Flexential Colorado Corp. | | 8809 Lenox Point Drive | Suite G | | Charlotte | NC | 28273 | |
| Flexential Colorado Corp. | | PO Box 732368 | | | Dallas | TX | 75373-2368 | |
| Flink, Robert | | Address on File | | | | | | |
| Florance & Associates Consulting | | 1475 Richardson Dr. | Suite 270 | | Richardson | TX | 75080 | |
| Florida Department of Banking & Finance | Division of Securities | 200 East Gaines Street | | | Tallahassee | FL | 32399-6502 | |
| FLORIDA DEPARTMENT OF REVENUE | | 5050 W TENNESSEE ST | | | Tallahassee | FL | 32399-0135 | |
| Florissant Geological, LLC | | 5214 Vanderbilt Ave. | | | Dallas | TX | 75206 | |
| Flossie O'Riley Photography | | 701 Woodcrest Dr | | | Hurst | TX | 76053-4921 | |
| Foley Gardere | Holly O'Neil, Esq. | Foley & Lardner LLP | 2021 McKinney Avenue Suite 1600 | | Dallas | TX | 75201 | |
| FOLEY GARDERE | | 2021 MCKINNEY AVENUE | SUITE 1600 | | Dallas | TX | 75201 | |
| Foley Gardere, Foley Lardner LLP | Attn Holland N. O Neil | 2021 McKinney Avenue, Ste. 1600 | | | Dallas | TX | 75201 | |
| Folks & Associates | | PO Box 851168 | | | Mesquite | TX | 75185-1168 | |
| Forbes | | PO BOX 5468 | | | Harlan | IA | 51593-0968 | |
| Forbes | | PO Box 5474 | | | Harlan | IA | 51593-0974 | |
| Fordham, Michael | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 62 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Forensic Risk Alliance | | Third Floor, Audrey House | Ely Place | | London | | EC IN- 6SN | United Kingdom |
| Foreside Consulting Services, LLC | | 3 Canal Plaza | Suite 100 | | Portland | ME | 04101 | |
| Foreside Consulting Services, LLC | | PO Box 7556 | | | Portland | ME | 04112-7556 | |
| Foreside Financial Services, LLC | | 3 Canal Plaza | Suite 100 | | Portland | ME | 04101 | |
| Forest Resource Consultants, Inc | | 964 Georgia Ave Ste 100 | | | Macon | GA | 31201-6766 | |
| Forest2Market, Inc. | ATTN Accounts Receivable | 10030 Park Cedar Drive | Suite 201 | | Charlotte | NC | 28210-8902 | |
| Forney & Terrell Alarm Systems, LLC | | P.O. Box 341 | | | Terrell | TX | 75160 | |
| Forns, Alison | | Address on File | | | | | | |
| Forrest A. Garb & Associates, Inc. | | 5310 Harvest Hill, Ste 130 | | | Dallas | TX | 75230 | |
| Forshey & Prostok, L.L.P. - IOLTA | | 777 Main St. Ste 1290 | | | Fort Worth | TX | 76102 | |
| FORSight Resources, LLC | | 8761 Dorchester Rd | Suite 102 | | North Charleston | SC | 29420 | |
| Fort Worth Stock Show Syndicate | | PO Box 17005 | | | Fort Worth | TX | 76102 | |
| Fort Worth Wildcatters | | 777 Main Street #800 | | | Fort Worth | TX | 76102 | |
| Fortune | | PO Box 60400 | | | Tampa | FL | 33660-0400 | |
| Fortune | | PO BOX 61460 | | | Tampa | FL | 33661-1460 | |
| FORTUNE Personnel Consultants of Troy | | 560 Kirts Blvd | Suite 102 | | Troy | MI | 48084 | |
| Foundation for BrainHealth Advances | Center for BrainHealth | 2200 West Mockingbird Lane | | | Dallas | TX | 75235 | |
| Four Seasons Plantscaping, LLC | | 139 Turtle Creek Blvd. | | | Dallas | TX | 75207-6807 | |
| Four Seasons Plantscaping, LLC | | PO Box 793429 | | | Dallas | TX | 75379-0000 | |
| FOWLER HATLEY | | Address on File | | | | | | |
| Fox Rothschild LLP | Attn Accounts Receivable-60 | 2000 Market St, 20th Floor | | | Philadelphia | PA | 19103-3222 | |
| FOX, SEAN | | Address on File | | | | | | |
| FPA Connecticut State Conference | | 95 West St | | | Rocky Hill | CT | 06067 | |
| FPA of Middle Tennessee | Patricia Fisher, Chapter Exec | PO Box 150608 | | | Nashville | TN | 37215 | |
| FPA South Florida | | 8930 State Rd. 84, Ste 316 | | | Davie | FL | 33324 | |
| FPANJ | | 551 Valley Rd #365 | | | Upper Montclair | NJ | 07043 | |
| FPC | FORTUNE Personnel Consultants of Troy | 560 Kirts Blvd. | Suite 102 | | Troy | MI | 48084 | |
| FPC OF SAVANNAH, INC. | | PO BOX 8846 | | | Savannah | GA | 31412 | |
| FPG CT Owner LP | | PO Box 5297 | Lockbox 305297 | | New York | NY | 10008-5297 | |
| FPG Galleria Two Owner, LP | | PO Box 3085 | | | Hicksville | NY | 11802-3085 | |
| FRAGOMEN, DEL REY, BERNSEN & LOEWY LLP | | 99 WOOD AVE SOUTH | 10TH FLR | | ISELIN | NJ | 08830 | |
| Frances Wildhaber | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 63 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Franchise Tax Board | Bankruptcy Section MS A340 | PO Box 2952 | | | Sacramento | CA | 95812-2952 | |
| FRANCHISE TAX BOARD | | PO BOX 942857 | | | Sacramento | CA | 94257-0511 | |
| FRANCIS X GRAY & CO | | 122 W 26TH ST | STE 1101 | | New York | NY | 10001 | |
| Frank Cunningham | | Address on File | | | | | | |
| Frank Russell Company | | NW 6327 | PO Box 1450 | | Minneapolis | MN | 55485-6327 | |
| Frank Waterhouse | c/o David Neier | Winston Strawn LLP | 200 Park Avenue | | New York | NY | 10166 | |
| Frank Waterhouse | Debra A. Dandeneau | Baker & McKenzie LLP | 452 Fifth Avenue | | New York | NY | 10018 | |
| Frank Waterhouse | Michelle Hartmann | Baker & McKenzie LLP | 1900 North Pearl, Suite 1500 | | Dallas | TX | 75201 | |
| Frank Waterhouse | Ross & Smith, PC | Plaza of the Americas | 700 N Pearl Street, Suite 1610 | | Dallas | TX | 75201 | |
| Frank Waterhouse | | Address on File | | | | | | |
| Franke Foodservice Solutions | | 3149 Paysphere Circle | | | Chicago | IL | 60674-0031 | |
| Frederick C. Moss | | Address on File | | | | | | |
| FreedomPark LP | | 7501 Esters Blvd | Ste. 130 | | Irving | TX | 75063 | |
| FreeMotion Fitness | | PO Box 99661 | | | Chicago | IL | 60690 | |
| FRICK, TINA | | Address on File | | | | | | |
| FridsonVision | | 54 W 21st ST | STE 1007 | | New York | NY | 10010 | |
| FridsonVision | | 1 Penn Plaza Ste 3600 | | | New York | NY | 10119 | |
| Fried Frank Harris Shriver & Jacobson | | One New York Plaza | | | New York | NY | 10004-1980 | |
| Fried, Frank, Harris, Shriver & Jacobson | | One New York Plaza | | | New York | NY | 10004-1980 | |
| Friedman Kaplan Seiler & Adelman LLP | | 1633 BROADWAY | | | New York | NY | 10019-6708 | |
| Friedreichs Ataxia Research Alliance | | 533 W. Uwchlan Avenue | | | Downington | PA | 19335 | |
| Friends of the Dallas Fire Dept. | c/o Ray Cheery | Dallas Security Systems PO Box 550939 | | | Dallas | TX | 75355-0939 | |
| Friends of the Dallas Police | | 3232 McKinney Ave | #855 | | Dallas | TX | 75204 | |
| Friends of the IDF | | 29 E MADISON ST | | | Chicago | IL | 60602 | |
| FRITZ, ERIC | | Address on File | | | | | | |
| Fitzell, Madeline | | Address on File | | | | | | |
| Fitzell, Madeline | | Address on File | | | | | | |
| Front Sight Focus | Attn Tamera Watt | PO Box 12292 | | | Raleigh | NC | 27605 | |
| Frontier State Bank | Attn Mr Steve Elliott | 5100 South I-35 Service Road | | | Oklahoma City | OK | 73129 | |
| Frontline Source Group, Inc. | | 901 Main Street | Suite 4010 | | Dallas | TX | 75202 | |
| FSC Securities Corporation | Attn Reimbursement Processing | Lockbox 101092 | 3585 Atlanta Ave | | Hapeville | GA | 30354 | |
| FSC Securities Corporation | Attn Shelly Kooiker | 3737 Woodland Ave. Ste 500 | | | West Des Moines | IA | 50266 | |
| FT Interactive Data | | 32 CROSBY DR | | | Bedford | MA | 01730 | |
| FT Interactive Data | | PO Box 98616 | | | Chicago | IL | 60693 | |
| FT Interactive Date Corporation | | 22 Crosby Drive | | | Bedford | MA | 01730-0000 | |
| FTI CONSULTING | | 2001 Ross Ave | Suite 400 | | Dallas | TX | 75201 | |
| FTI CONSULTING | | PO BOX 630391 | | | Baltimore | MD | 21263-0391 | |

Highland Capital Management, L.P.
Case No. 19-34054

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| FTI Consulting, Inc. | | Three Times Square | 10th floor | | NewYork | NY | 10036-0000 | |
| Fuentes, Brian | | Address on File | | | | | | |
| Fulbright & Jaworski | | 2200 Ross Ave Ste 2800 | | | Dallas | TX | 75201-2784 | |
| Fulbright & Jaworski | | FULBRIGHT TOWER | SUITE 5100 | | Houston | TX | 77010-3095 | |
| Fulmer, Kevin | | 1301 MCKINNEY | | | | | | |
| Fulmer, Kevin | | Address on File | | | | | | |
| Fun Time Faces TX | | 417 Parkhurst Drive | | | Dallas | TX | 75218 | |
| FUNDFIRE | Money-Media, Inc. | 1430 Broadway, 12th Flr | Suite 1208 | | New York | NY | 10018 | |
| FURNITURE FOR BUSINESS | | 14 CARLSON COURT | | | London | | SW15 2NQ | United Kingdom |
| Furniture Solutions Now Ltd. | | 1505 Oak Lawn Ave | Suite 300 | | Dallas | TX | 75207 | |
| FUSE Research Network, LLC | | 200 Highland Avenue | Suite 403 | | Needham | MA | 02494 | |
| Fusion GPS | | 2122 P Street NW | Suite 202 | | Washington | DC | 20037 | |
| G.L. Seaman & Company | | 4201 International Parkway | | | Carrollton | TX | 75007 | |
| G.Neil Corporation | | PO Box 451179 | | | Sunrise | FL | 33345-1179 | |
| Gabriel Moss QC | | 3-4 South Square, Grays Inn | | | London | | WC1R 5HP | United Kingdom |
| GAGE, CASEY S | | Address on File | | | | | | |
| Gail Davis & Associates, Inc. | | 3500 Oak Lawn | Suite 740 | | Dallas | TX | 75219 | |
| Gail Spurgeon | | Address on File | | | | | | |
| Gallop, Johnson & Neuman, L.C. | | 101 S Hanley Ste 1600 | | | Saint Louis | MO | 63105 | |
| Game On! | | 502 South 2nd Avenue | | | Dallas | TX | 75226 | |
| Gaming Today | | PO Box 93116 | | | Las Vegas | NV | 89193 | |
| Garcia & Associates Security | | Two Penn Plaza Ste 1500 | | | New York | NY | 10121 | |
| GARCIA, ERICKA | | Address on File | | | | | | |
| GARDERE WYNNE SEWELL LLP | | 1000 LOUISIANA | STE 3400 | | Houston | TX | 77002-5011 | |
| Gardner Haas PLLC | | 2501 N. Harwood Street | Suite 1250 | | Dallas | TX | 75201 | |
| Gardner, William | | Address on File | | | | | | |
| Garland Independent School District | Linda D. Reece | c/o Perdue Brandon Fielder et al | 1919 S. Shiloh Road, Suite 310, LB 40 | | Garland | TX | 75042 | |
| Garman Turner Gordon | William M. Noall | Address on File | | | | | | |
| Garman Turner Gordon | | 7251 Amigo St Ste 210 | | | Las Vegas | NV | 89119-4302 | |
| Gartner Inc | | PO BOX 911319 | | | Dallas | TX | 75391-1319 | |
| Gary Cao | | Address on File | | | | | | |
| Gary Durham Consulting, LLC | | 200 Crescent Court | Suite 1414 | | Dallas | TX | 75201 | |
| Gary Fitzsimmons, District Clerk | | 600 COMMERCE ST | STE 716 | | Dallas | TX | 75202-4606 | |
| Gary L. Gardner | | Address on File | | | | | | |
| Gary Sinse Foundation | | PO Box 368 | | | Woodland Hls | CA | 91365-0368 | |
| Gary V McGowan | | Address on File | | | | | | |
| GARZA, LAUREN | | Address on File | | | | | | |
| Gateway Financial Advisors, Inc. | | 4101 Dublin Blvd. | Suite F, PMB 57 | | Dublin | CA | 94568 | |
| GATHINGS, SALLY | | Address on File | | | | | | |
| GATZKI, KENT | | Address on File | | | | | | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| GAUNTT, AMANDA | | Address on File | | | | | | |
| Gaurav Singhal | | Address on File | | | | | | |
| Gautier, Chris | | Address on File | | | | | | |
| Gazelle Court Reporting Services, LLC | | 2807 Allen Street, No 727 | | | Dallas | TX | 75204 | |
| GDHCC | | 4622 MAPLE AVE | STE 207 | | Dallas | TX | 75219 | |
| Geeks Who Drink LLC | | 9450 SW Gemini Dr # 84921 | | | Beaverton | OR | 97008-7105 | |
| General American Life Insurance | | PO Box 790201 | | | Saint Louis | MO | 63179-0196 | |
| General Information Services | ATTN Sara Leslie | 12770 Coit Rd, Ste 300 | | | Dallas | TX | 75251 | |
| General Information Services | | PO Box 538450 | | | Atlanta | GA | 30353-8450 | |
| Geomap Company | | PO Box 671077 | | | Dallas | TX | 75267-1077 | |
| George Bates | | Address on File | | | | | | |
| George Catering | | PO Box 140537 | | | Dallas | TX | 75214 | |
| GEORGE FEIGER IRA | | Address on File | | | | | | |
| George Mathew | | Address on File | | | | | | |
| George W. Bush Foundation | | 2943 SMU Blvd | Leslie Cravens, Catering | | Dallas | TX | 75205 | |
| George W. Bush Foundation | | PO Box 600610 | | | Dallas | TX | 75360 | |
| George W. Bush Presidential | | Library and Museum | 2943 SMU Boulevard | | Dallas | TX | 75205 | |
| George W. Bush Presidential Center | | 2943 SMU Boulevard | | | Dallas | TX | 75205 | |
| GEORGIA DEPARTMENT OF REVENUE | | TAXPAYER SERVICES DIVISION | PO BOX 105499 | | Atlanta | GA | 30348-5499 | |
| GEORGIA DEPARTMENT OF REVENUE | | Processing Center | PO Box 740239 | | Atlanta | GA | 30374-0239 | |
| GEORGIA DEPARTMENT OF REVENUE | | PROCESSING CENTER | PO BOX 740320 | | Atlanta | GA | 30374-0320 | |
| Georgia Secretary of State | | 2 Martin Luther King Jr. Drive | Suite 820 West Tower | | Atlanta | GA | 30334 | |
| Geraghty, Dougherty and Edwards | | 1531 Hendry St, PO Box 1605 | | | Ft. Myers | FL | 33902 | |
| Gerry Gartenberg Productions, Inc. | | 3 New York Avenue | | | White Plains | NY | 10606 | |
| Gerson Lehrman Group | | 850 Third Ave | 9th Floor | | New York | NY | 10022 | |
| Gerson Lehrman Group | | BOX 200589 | | | Pittsburgh | PA | 15251-0589 | |
| Getty Images US Inc. | | PO Box 84434 | | | Seattle | WA | 98124-5734 | |
| GHV Settlement Fund | C/O Richard Haskell | 920 N Stone Ave | | | Lagrange Park | IL | 60526 | |
| Gianna Cerullo | | Address on File | | | | | | |
| GIBB, ALLISON | | Address on File | | | | | | |
| Gibbs & Bruns LLP | | 1100 Louisiana Street | Suite 5300 | | Houston | TX | 77002 | |
| GIBBSPRODUCTIONS | | 2429 Connecticut Lane | | | Dallas | TX | 75214 | |
| Gibson, Dunn & Crutcher LLP | | 333 South Grand Ave | | | Los Angeles | CA | 90071 | |
| Gifford Fong Associates | | 3658 Mt. Diablo Boulevard | Suite 200 | | Lafayette | CA | 94549-4751 | |
| Gigantic Color | | PO Box 740209, Dept# 7052 | | | Atlanta | GA | 30374 | |
| Gilbert Bromley | | Address on File | | | | | | |
| Gilbert Martinez Jr. | | Address on File | | | | | | |
| GILCHRIST, CLINT | | Address on File | | | | | | |
| GILL, NICOLE | | Address on File | | | | | | |
| GILLES, ERIN | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 66 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Gillian C. Sartini | | Address on File | | | | | | |
| Gillian Sartini | | Address on File | | | | | | |
| GILLUM, KATIE | | Address on File | | | | | | |
| Gils Elegant Catering | | 1001 MacArthur Blvd | | | Grand Prairie | TX | 75050 | |
| GIMBEL, JESSICA D. | | Address on File | | | | | | |
| Girard Securities, Inc. | Attn Connie Goodell | 5405 Morehouse Dr Ste 135 | | | San Diego | CA | 92121-4767 | |
| GIRARD, ERIC | | Address on File | | | | | | |
| Girard, Kovarik & Associates | Attn Robert Danion | 101 N. Clematis St, Ste 200 | | | West Palm Beach | FL | 33401 | |
| GLASGOW, SAMUEL | | Address on File | | | | | | |
| Glassdoor | | 1 Harbor Drive | Suite 300 | | Sausalito | CA | 94965 | |
| Glassdoor | | Dept 3436 | PO Box 123436 | | Dallas | TX | 75312-3436 | |
| Glast, Phillips, & Murray | | 2200 One Galleria Tower | 13355 Noel Rd, LB 48 | | Dallas | TX | 75240-1518 | |
| GLC Advisors & Co., LLC | | 451 Jackson Street | 2nd Floor | | San Francisco | CA | 94111 | |
| Gleneagles CLO, Ltd | The Directors | PO Box 1093 GT | Queensgate House, South Church Street | | Grand Cayman | | KY1-11-8 | Cayman Islands |
| Gleneagles CLO, Ltd. | | PO Box 1093 GT, Queensgate House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Gleneagles CLO, Ltd. JPMorgan Chase Bank, National Association | JPMorgan Chase Bank, National Association | 600 Travis 50th Floor | Worldwide Securities Service | Gleneagles CLO, Ltd. Telecopy | Houston | TX | 77002 | |
| GLENN KIM | | Address on File | | | | | | |
| Glenn Morrison | | Address on File | | | | | | |
| Global Alpha Forum, LLC | | 30 Old Kings Hwy South | | | Darien | CT | 06820 | |
| Global Experience Specialists, Inc. | | Bank of America, PO Box 96174 | | | Chicago | IL | 60693 | |
| GLOBAL FINANCIAL SERVICES | | PO BOX 856460 | | | Louisville | KY | 40285-6460 | |
| Global Recruiters of Mid-Cities | | PO Box 2165 | | | Bedford Park | IL | 60499-2165 | |
| Global Shares Inc. | | 111 Town Square Place | Suite 1401 | | Jersey City | NJ | 07310 | |
| Global Shares Ireland Ltd | | Unit 2, Building D, | West Cork Technology Park Clonkality Co. | | Cork | | P85 EY90 | IRELAND |
| GlobalMacro Partners, LLC | | 1755 S. Naperville Rd | Ste 100 | | Wheaton | IL | 60189 | |
| GLOBE STORAGE & MOVING CO, INC | | 36 BLEECKER ST | | | New York | NY | 10012 | |
| Glocap Search LLC | | 156 W 56th St. | 4th Floor | | New York | NY | 10019 | |
| Gloss Luxury Event Rentals | | 6525 Briarhaven Drive | | | Dallas | TX | 75240 | |
| GM SNYDER AND ASSOCIATES | | 300 Ozark Trail Drive | Suite 104 | | Saint Louis | MO | 63011 | |
| Godaddy | | 14455 N. Hayden Rd. | Ste. 219 | | Scottsdale | AZ | 85260 | |
| Godfrey | | 1000 Louisiana | Suite 5100 | | Houston | TX | 77002-5096 | |
| Godier, Lindsey | | Address on File | | | | | | |
| Goetz, Matthew | | Address on File | | | | | | |
| Goetz, Matthew X. | | Address on File | | | | | | |
| Goetz, Matthew X. | | Address on File | | | | | | |
| Goglia PLLC | | 4519 Melissa Lane | | | Dallas | TX | 75229 | |
| Gold Crown Valet Parking, Inc. | | 901 Waterfall Way | Suite 107 | | Richardson | TX | 75080 | |
| GOLD LION | | 8043 Abramshire Ave | | | Dallas | TX | 75231 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 67 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Gold Medal Strategies, Inc. | | 319 1st Street West | | | Tierra Verde | FL | 33715 | |
| Gold Star Distributors, Inc. | | PO Box 831150 | | | Richardson | TX | 75083-1150 | |
| Golds Gym International | Attn Corporate Billing | 125 E John Carpenter Frwy | Suite 1300 | | Irving | TX | 75062 | |
| Golds Gym International | | 4001 Maple Avenue | Suite 200 | | Dallas | TX | 75219 | |
| Golds Texas Holdings Group, Inc | | 4001 Maples Avenue Ste 200 | | | Dallas | TX | 75219-0000 | |
| Goldsmith Associates, PLLC | | 6540 Highgate Lane | | | Dallas | TX | 75214 | |
| GOLDSMITH, JASON | | Address on File | | | | | | |
| GOLDSMITH, SARAH B. | | Address on File | | | | | | |
| Golf Balls Galore, Inc. | | 2181 J and C Blvd | | | Naples | FL | 34109 | |
| GONZAGA, GABRIELLA | | Address on File | | | | | | |
| GONZALEZ, EVAN | | Address on File | | | | | | |
| GOOD FULTON & FARRELL | | 2808 FAIRMOUNT ST | STE 300 | | Dallas | TX | 75201 | |
| Goodwin and Marshall, Inc. | | 2405 Mustang Drive | | | Grapevine | TX | 76051 | |
| GOODWIN PROCTER LLP | | EXCHANGE PLACE | 53 STATE STREET | | Boston | MA | 02109 | |
| Gordon, Fournaris & Mammarella, P.A. | | 1925 Lovering Avenue | | | Wilmington | DE | 19806 | |
| Gosserand, Boyd | | Address on File | | | | | | |
| Gotham Promotions | | 67 Sullivan St | | | New York | NY | 10012 | |
| GourmEATS - Kevin Ashade | | 1407 Main St. | Apt 1703 | | Dallas | TX | 75202 | |
| Governance Re Ltd. | | Wellesley House North | 2nd Floor, 90 Pitts Bay Road | | Pembroke | | HM 08 | Bermuda |
| Governance Re Ltd. | | Wellesley House North,2nd Floor | 90 Pitts Bay Road | | Pembroke | | HM 08 | Bermuda |
| Governance RE Ltd. | | Clarendon House | 2 Church St | | Hamilton | | HM 11 | Bermuda |
| GP Industries, Inc. | | 3230 Riverside Ave #110-A | | | Paso Robles | CA | 93446 | |
| GPI Lee Parkway, LP | | 3333 Lee Parkway | | | Dallas | TX | 75219 | |
| Grace Chang | | Address on File | | | | | | |
| Grafton Hospitality | | 340 South US Highway 1 Ste 306 | | | Jupiter | FL | 33477 | |
| Graham, Jacquelyn | | Address on File | | | | | | |
| Grand Street Settlement | | 80 Pitt Street | | | New York | NY | 10002 | |
| Grant Thornton LLP | | 33570 Treasury Center | | | Chicago | IL | 60694-3500 | |
| Grant, Jennifer | | Address on File | | | | | | |
| Grants Interest Rate Observer | | 233 Broadway Fl 24 | | | New York | NY | 10279-2502 | |
| Grapevine Consultants | | 3003 Double Creek Drive | | | Grapevine | TX | 76051 | |
| Grasshopper Lawn & Patio, LLC | | 1002 Ashby Dr | | | Allen | TX | 75002 | |
| GRATEKE, RYAN | | Address on File | | | | | | |
| Graubard Miller | | Address on File | | | | | | |
| Graves, Vanessa | | Address on File | | | | | | |
| Gray Reed & McGraw LLP | Jason S. Brookner | 1601 Elm Street, Suite 4600 | | | Dallas | TX | 75201 | |
| Gray Reed & McGraw LLP | Mark Gargiulo - CFO | 1300 Post Oak Blvd., Suite 2000 | | | Houston | TX | 77056 | |
| GRAY, MATTHEW | | Address on File | | | | | | |
| Grayson CLO Corp., et al | | 190 Elgin Avenue | George Town | | Grand Cayman | | KY1-9005 | Cayman Islands |
| Grayson CLO Ltd. | c/o Ogier Fiduciary Services (Cayman) Limited | P.O. Box 1093GT, Queensgate House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 68 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Grayson CLO Ltd. | | 190 Elgin Avenue | George Town | | Grand Cayman | | KY1-9005 | Cayman Islands |
| Grayson CLO, Ltd. | Grayson CLO Ltd. c/o Ogier Fiduciary Services (Cayman) Limited | P.O. Box 1093GT | Queensgate House, South Church Street | The Directors | George Town, Grand Cayman | | | Cayman Islands |
| Grayson CLO, Ltd. Investors Bank & Trust Company | Investors Bank and Trust Company c/o Ogier Fiduciary Services (Cayman) Limited | P.O .Box 1234 | Queensgate House South Church Street | The Directors - Grayson CLO, Ltd. | George Town, Grand Cayman | KY | 1-1108 | Cayman Islands |
| Grayson County | Elizabeth Weller | Linebarger Goggan Blair & Sampson, LLP | 2777 N. Stemmons Freeway, Suite 1000 | | Dallas | TX | 75207 | |
| Great American Photo Booths | | 3525 Melanie Ln | | | Plano | TX | 75023 | |
| Great Investors Best Ideas Foundation | | 3879 Maple Avenue | Ste 350 | | Dallas | TX | 75219 | |
| Great Northern Insurance Company, Chubb National Insurance Company and Federal Insurance Company | c/o Chubb | 202A Halls Mill Road - 2E | | | Whitehouse Station | NJ | 08889 | |
| Great Performances | | 2417 3rd Ave Fl 3 | | | Bronx | NY | 10451-6339 | |
| Great Point Capital LLC | | 200 W Jackson #1000 | | | Chicago | IL | 60606 | |
| Great Southern Bank | | 8201 Preston Road | Suite 305 | | Dallas | TX | 75225 | |
| Great Value Storage | | 9530 Skillman Street | | | Dallas | TX | 75243 | |
| Great Value Storage | | 401 Congress Ave, 33rd Flr | | | Austin | TX | 78701 | |
| Greater Talent Network, Inc. | | 437 Fifth Avenue | | | New York | NY | 10016 | |
| Green, Allison | | Address on File | | | | | | |
| GREEN, JASON | | Address on File | | | | | | |
| Greenberg Traurig | | 2200 Ross Avenue | Suite 5200 | | Dallas | TX | 75201 | |
| Greenberg Traurig | | 1000 LOUISIANA ST | STE 1800 | | Houston | TX | 77002 | |
| Greenbriar CLO, Ltd. | c/o Maples Finance Limited | PO Box 1093GT | Boundry Hall, Cricket Square | George Town | Grand Cayman | | KY1-11-8 | Cayman Islands |
| Greenbriar CLO, Ltd. | | P.O. Box 1093GT, Queensgate House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Greenbriar CLO, Ltd. and State Street Bank and Trust Company | Greenbriar CLO, Ltd. c/o Maples Finance Limited | P.O.Box 1093GT | Boundary Hall Cricket Square | | George Town, Grand Cayman | KY | 1-9902 | Cayman Islands |
| Greenbriar CLO, Ltd. and State Street Bank and Trust Company | Greenbriar CLO, Ltd. and State Street Bank and Trust Company Attn CDO Services Group | 200 Clarendon St | Mail Code EUC 108 | | Boston | MA | 02116 | |
| Greenway - 4641 Production, L.P. | c/o Robert Lynn Management | 4851 LBJ Freeway | Suite 1000 | | Dallas | TX | 75244 | |
| Greenway - 4641 Production, L.P. | c/o Trinity Interests, Inc. | 12750 Merit Dr Ste 1300 | | | Dallas | TX | 75251 | |
| Greenway - 4641 Production, L.P. | | 2808 Fairmount Street | Ste 100 | | Dallas | TX | 75201 | |
| Greenway - 4641 Production, L.P. | | 5924 ROYAL LANE | STE 250 | | Dallas | TX | 75230 | |
| GREENWICH STRATEGIC ADVISORS LLC | | 42 CARY ROAD | | | Riverside | CT | 06878 | |
| Greenwood Office Outfitters | | 2951 Suffolk Drive | Suite 640 | | Fort Worth | TX | 76133-1149 | |
| Greg Campbell | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 69 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Greg Jackson | | Address on File | | | | | | |
| Greg Lussen | | Address on File | | | | | | |
| GREGG IMAMOTO | | Address on File | | | | | | |
| Gregory C. Bussey | | Address on File | | | | | | |
| Gregory Chang | | Address on File | | | | | | |
| Gregory FCA Communications | | 27 West Athens Avenue | | | Ardmore | PA | 19003 | |
| Gregory Polsen | | Address on File | | | | | | |
| Gregory Webster | | Address on File | | | | | | |
| GREGORY, MICHAEL | | Address on File | | | | | | |
| GREGORY, MICHAEL | | Address on File | | | | | | |
| Greg Saggers | | Address on File | | | | | | |
| Greyline Partners, LLC | | P.O. Box 733976 | | | Dallas | TX | 75373-3976 | |
| Greyline Solutions | | PO Box 733976 | | | Dallas | TX | 75373-3976 | |
| Greyline Solutions LLC | | 1 Sansome Street, Ste 1895 | | | San Francisco | CA | 94104-4432 | |
| GRIFFITH, CANDICE | | Address on File | | | | | | |
| GRIFFITH, CANDICE C. | | Address on File | | | | | | |
| GRIFFITH, MATTHEW | | Address on File | | | | | | |
| GRO Designs, LLC | | 3500 Commerce St. #100 | | | Dallas | TX | 75226 | |
| GROFF, SCOTT | | Address on File | | | | | | |
| Groom Law Group | | 1701 Pennsylvania Ave NW | Ste 1200 | | Washington | DC | 20006 | |
| GROS EXECUTIVE RECRUITERS, INC | | 1616 WESTGATE CIRCLE | | | Brentwood | TN | 37027-8019 | |
| Group Services Inc | | Condominium San Alberto, Suite 721 | 605 Conado Ave | | San Juan | PR | 00907 | |
| GROVES, SHAWN | | Address on File | | | | | | |
| Gruber Hurst Johansen Hail Shank LLP | | PO Box 600041 | | | Dallas | TX | 75360-0041 | |
| GRUBHUB for Work | | PO Box 748570 | | | Los Angeles | CA | 90074-8570 | |
| GrubHub Holdings Inc. | | 111 W. Washington Street | Ste 2100 | | Chicago | IL | 60602-0000 | |
| Grubhub Holdings Inc. | | 5050 Capitol Ave Apt 252 | | | Dallas | TX | 75206-7724 | |
| GSB Digital | | 30-30 47th Avenue | Suite 5500 | | Long Island City | NY | 11101 | |
| GT Dallas Properties LLC | c/o Capital One Bank | PO Box 3085 | | | Hicksville | NY | 11802-3085 | |
| G-TEXAS MANAGEMENT, INC | ATTN BARBARA BOURMAN | 1135 SOUTH LAMAR ST | | | Dallas | TX | 75215 | |
| Guardian Performance Solutions LLC | | 836 57th Street | Suite 408 | | Sacramento | CA | 95819 | |
| Guggenheim Strategic Opportunities Fund | c/o Guggenheim Partners | 330 Madison Ave, 11th Floor | | | New York | NY | 10017 | |
| Guidepoint Global | | 675 Avenue of The Americas Fl 2 | | | New York | NY | 10010-5117 | |
| Guidepost Solutions, LLC | | 415 Madison Ave | 11th Floor | | New York | NY | 10017 | |
| Guild Associates | | 153 Mitchell Hill Rd | | | Lyme | CT | 06371-3021 | |
| Gulati, Sanjay | | Address on File | | | | | | |
| GUNNERSON, ERIK | | Address on File | | | | | | |
| GUSTAVO PRILICK | | Address on File | | | | | | |
| Guy J. Renzi & Associates | | Golden Crest Corporate Center | 2277 State Hwy 33, Suite 410 | | Trenton | NJ | 08690 | |
| H.I.S. BridgeBuilders | | 2705 West Commerce St | | | Dallas | TX | 75208 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Haas Petroleum Engineering Svcs. Inc. | | 750 N Saint Paul St Ste 1750 | | | Dallas | TX | 75201-3288 | |
| Hagar Restaurant Service LLC | | 1229 West Main St. | | | Oklahoma City | OK | 73106 | |
| Hain Capital Investors Master Fund, Ltd | | 301 Route 17, 7th Floor | | | Rutherford | NJ | 07070 | |
| Hakemack, Christopher | | Address on File | | | | | | |
| Hal Whalen | | Address on File | | | | | | |
| Hale, Sarah | | Address on File | | | | | | |
| HALL, PHIL | | Address on File | | | | | | |
| Halloran & Sage LLP | | 225 Asylum Street | One Goodwin Square | | Hartford | CT | 06103 | |
| HALPIN, CHRISTOPHER | | Address on File | | | | | | |
| Haltom, Steven | | Address on File | | | | | | |
| Hamilton | PRICKETT, JONES & ELLIOTT, P.A. | Marcus E. Montejo | Kevin H. Davenport | 1310 King Street | Wilmington | DE | 19801 | |
| Hamilton Communications | | PO Box 555 | | | Westbrook | CT | 06498 | |
| HAMILTON, TODD | | Address on File | | | | | | |
| Hand Securities Inc. | | 820 Gessner Rd | Suite 1250 | | Houston | TX | 77024 | |
| Hansen, Jessica | | Address on File | | | | | | |
| Hanson, Adam | | Address on File | | | | | | |
| HARBOR GROUP LTD | | 70 E SUNRISE HWY | #411 | | Valley Streram | NY | 11581 | |
| Harbor Yacht Clubs, LLC | | 1880 Harbor Island Drive | | | San Diego | CA | 92101 | |
| HarbourVest 2017 Global AIF L.P. | Attn Erica Weisgerber | Debevoise and Plimpton LLP | 919 Third Avenue | | New York | NY | 10022 | |
| HarbourVest 2017 Global AIF L.P. | c/o HarbourVest Partners, LLC | One Financial Center | | | Boston | MA | 02111 | |
| HARBOURVEST 2017 GLOBAL AIF L.P. | | One Financial Centre, 44th Floor | | | Boston | MA | 02111 | |
| HarbourVest 2017 Global Fund L.P. | Attn Erica Weisgerber | Debevoise and Plimpton LLP | 919 Third Avenue | | New York | NY | 10022 | |
| HarbourVest 2017 Global Fund L.P. | c/o HarbourVest Partners, LLC | One Financial Center | | | Boston | MA | 02111 | |
| HARBOURVEST 2017 GLOBAL FUND L.P. | | One Financial Centre, 44th Floor | | | Boston | MA | 02111 | |
| Harbourvest Dover Street IX Investment L.P. | Attn Erica Weisgerber | Debevoise and Plimpton LLP | 919 Third Avenue | | New York | NY | 10022 | |
| HarbourVest Dover Street IX Investment L.P. | c/o HarbourVest Partners, LLC | One Financial Center | | | Boston | MA | 02111 | |
| Harbourvest Dover Street IX Investment, LP | | One Financial Centre, 44th Floor | | | Boston | MA | 02111 | |
| HarbourVest Partners L.P. | c/o HarbourVest Partners, LLC | One Financial Center | | | Boston | MA | 02111 | |
| HarbourVest Partners L.P. on behalf of funds and accounts under management | Attn Erica Weisgerber | Debevoise and Plimpton LLP | 919 Third Avenue | | New York | NY | 10022 | |
| HarbourVest Skew Base AIF L.P. | Attn Erica Weisgerber | Debevoise and Plimpton LLP | 919 Third Avenue | | New York | NY | 10022 | |
| HarbourVest Skew Base AIF L.P. | c/o HarbourVest Partners, LLC | One Financial Center | | | Boston | MA | 02111 | |

Highland Capital Management, L.P.
Case No. 19-34054

**Appx. 00425**

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| HARBOURVEST SKEW BASE AIF,L.P. | | One Financial Centre, 44th Floor | | | Boston | MA | 02111 | |
| Harder LLP | | 132 S. RODEO DRIVE | FOURTH FLOOR | | BEVERLY HILLS | CA | 90212 | |
| HARIKRISHNAN NAIR | | 8734 SHADY SHORE DR | | | Frisco | TX | 75034 | |
| Harlem Lacrosse | | PO Box 708 | | | New York | NY | 10030 | |
| Harper & Peterson, P.L.L.C. | | 3040 Woodbury Drive | | | Woodbury | MN | 55129 | |
| Harris Hilburn & Sherer | | 1111 Rosalie | | | Houston | TX | 77004 | |
| HARRIS, WILTSHIRE & GRANNIS LLP | | 1200 EIGHTEENTH ST, NW | | | Washington | DC | 20036 | |
| HARRISON, MATTHEW | | Address on File | | | | | | |
| Harsha Patwardhan | | Address on File | | | | | | |
| Hart Energy Publishing, L.P. | | 4545 Post Oak Pl Ste 210 | | | Houston | TX | 77027 | |
| Hart Energy Publishing, L.P. | | 1616 S. Voss Rd | Suite 1000 | | Houston | TX | 77057 | |
| Hart Energy, LP | | 1616 S. Voss Street | Suite 1000 | | Houston | TX | 77057 | |
| Hartford CFA Society | | PO Box 266 | | | Granby | CT | 06035 | |
| Hartford Life Insurance Company | | 777 Main Street | | | Hartford | CT | 06115 | |
| Hartline Dacus Barger Dreyer LLP | | 6688 N. Central Expwy, #1000 | | | Dallas | TX | 75206 | |
| Hartman Wanzor LLP | Kenneth Cantrell | 6050 Southwest Blvd Suite 150 | | | Fort Worth | TX | 76109 | |
| Hartman Wanzor LLP | | 6050 Southwest Blvd | Suite 200 | | Fort Worth | TX | 76109 | |
| Harvard Club of Dallas | | 5706 E Mockingbird Ln Ste 115 | | | Dallas | TX | 75206-5461 | |
| Harvard Club of New York City | | 35 West 44th Street | | | New York | NY | 10036 | |
| Harvest Exchange Corp | | PMB 245 | 516 N Ogden Ave | | Chicago | IL | 60642-6421 | |
| Haselroth, Matthew | | Address on File | | | | | | |
| HASENAUER, MICHAEL | | Address on File | | | | | | |
| HASENAUER, MICHAEL | | Address on File | | | | | | |
| Haven Search Group, LLC | | 3303 Lee Parkway | Suite 400 | | Dallas | TX | 75219 | |
| Hawaii State Tax Collector | | PO Box 1530 | | | Honolulu | HI | 96806-1530 | |
| HAWK Network Defense, Inc. | | 5057 Keller Springs Road | Suite 300 | | Addison | TX | 75001 | |
| Hayes, Christopher | | Address on File | | | | | | |
| Hayley Eliason | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| HAYMARKET MEDIA LIMITED | | 23/T, The Centrium, 60 Wyndham St | Central | | HONG KONG | | | HONG KONG |
| Haynes and Boone, LLP | ATTN Cari Peretzman | 901 Main St # 3100 | | | Dallas | TX | 75202 | |
| Haynes and Boone, LLP | | 2323 Victory Ave | Suite 700 | | Dallas | TX | 75219 | |
| Haynes and Boone, LLP | | PO Box 841399 | | | Dallas | TX | 75284-1399 | |
| Hazen, Anthony | | Address on File | | | | | | |
| HCM Market Letter, LLC | | Harch Capital Management, LLC | 621 NW 53rd Street, Suite 400 | | Boca Raton | FL | 33487 | |
| HCRE Partner, LLC | Wick Phillips Gould & Martin, LLP | Jason M. Rudd. Lauren K. Drawhorn | 3131 McKinney Avenue, Suite 500 | | Dallas | TX | 75204 | |
| HEAD, ALAN | | Address on File | | | | | | |
| Health Strategy Consulting | | 46 Kilvert St | | | Warwick | RI | 02886 | |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 72 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Health Texas Provider Network | | PO Box 844128 | | | Dallas | TX | 75284 | |
| Heat Software USA Inc | | PO Box #204375 | | | Dallas | TX | 75320-4375 | |
| HEATHER BROWN | | Address on File | | | | | | |
| HEATHERINGTON, MELINDA | | Address on File | | | | | | |
| HEBERT, ERIC | | Address on File | | | | | | |
| Hedge Connection, Inc. | | 141 Parkway Rd | Suite 15 | | Bronxville | NY | 10708 | |
| Hedge Fund Alert | | 5 Marine View Plaza #400 | | | Hoboken | NJ | 07030-5795 | |
| Hedge Fund Research, Inc. | | 10 South Riverside Plaza | Suite 700 | | Chicago | IL | 60606 | |
| Hedgebay Securities, LLC | | 62 Post Road West | | | Westport | CT | 06880 | |
| HEDGEFUND INTELLIGENCE LTD | | NESTOR HOUSE, PLAYHOUSE YARD | ACCOUNT DEPT | | London | | EC4V 5EX | United Kingdom |
| Hedgeye Risk Management, LLC | Legal Department | 1 High Ridge Park 3rd Floor | | | Stamford | CT | 06905-0000 | |
| HEIN ONKENHOUT | | Address on File | | | | | | |
| HEISS, BRADFORD | | Address on File | | | | | | |
| Helder Melendez | | Address on File | | | | | | |
| Helen Kim | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| Helicopters for Heroes | c/o Jeff Davis | 9219 Viscount Row | | | Dallas | TX | 75247 | |
| HELLER EHRMAN LLP | | FILE NO 73536 | PO BOX 60000 | | San Francisco | CA | 94160-3536 | |
| Helping Our Heroes Foundation | | 6505 W. Park Blvd | Ste 306-165 | | Plano | TX | 75093 | |
| Helwig, Kevin | | Address on File | | | | | | |
| HENDERSHOT, PAUL | | Address on File | | | | | | |
| HENDRIX, KRISTIN | | Address on File | | | | | | |
| Henjum Goucher | | Address on File | | | | | | |
| Henjum Goucher | | Address on File | | | | | | |
| HENNIGAN, BENNETT & DORMAN LLP | | 865 S FIGUEROA ST | | | Los Angeles | CA | 90017 | |
| Henry Chang | | Address on File | | | | | | |
| Herbert A. Rosenthal, Chartered | | 1020-19th St. NW , #400 | | | Washington | DC | 20036-6101 | |
| HEROES FOR CHILDREN | ATTN LARISSA LINTON & JENNY SCOTT | 3411 PRESTON RD, STE C-13-227 | | | Frisco | TX | 75034 | |
| HERREN, CASEY | | Address on File | | | | | | |
| HERRICK, KATHRYN D. | | Address on File | | | | | | |
| Hersey, William | | Address on File | | | | | | |
| Hess, Zachary | | Address on File | | | | | | |
| Hewetts Island CLO 1-R, Ltd. | c/o Acis Capital Management | Blank Rome LLP | John E. Lucian, Josef W. Mintz | 1201 N. Market Street, Suite 800 | Wilmington | DE | 19801 | |
| Hewetts Island CLO 1-R, Ltd. | c/o Acis Capital Management | Winstead PC | Rakhee V. Patel, Phillip Lamberson | 2728 N. Harwood Street, Suite 500 | Dallas | TX | 75201 | |
| Hewetts Island CLO 1-R, Ltd. | c/o Acis Capital Management | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| HFF SECURITIES LP | | 10100 SANTA MONICA BLVD | STE 1400 | | Los Angeles | CA | 90067 | |

**Appx. 00427**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 73 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| HFP GP, LLC | Attn Highland Capital Management, L.P. as sole member | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| HG Deposition and Litigation Services | | 2777 N. Stemmons Freeway, Ste 1025 | | | Dallas | TX | 75207 | |
| Higdon Barrett | | Address on File | | | | | | |
| HIGDON PARTNERS | | 230 PARK AVE | | | New York | NY | 10169 | |
| High Bandwidth | | 10107 Candlebrook Drive | | | Dallas | TX | 75243 | |
| High Profile, Inc. | | 4851 LBJ Freeway, Suite 500 | | | Dallas | TX | 75244 | |
| High Road Touring | | Jackson Haring | 751 Bridgeway, 3rd Flr | | Sausalito | CA | 94965 | |
| High Tower | Attn GIS | 505 5th Ave, 14th Flr | | | New York | NY | 10017 | |
| High Tower | Attn Klaris Tamazian | 200 W. Madison, Ste 2500 | | | Chicago | IL | 60606 | |
| Highland Builders, Inc. | | 2342 Fabens Road | Ste 100 | | Dallas | TX | 75229 | |
| Highland Capital Insurance Solutions GP, LLC | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Capital Loan Fund, L.P. | c/o The Corporation Trust Company | 1209 Orange St | | | Wilmington | DE | 19801 | |
| Highland Capital Loan GP, LLC | c/o The Corporation Trust Company | 1209 Orange St | | | Wilmington | DE | 19801 | |
| Highland Capital Management Fund, L.P. and NexPoint Advisers, L.P. | Attn Davor Rukavina, Esq, and Julian P. Vasek, Esq. | Munsch Hardt Kopf & Harr, P.C. | 3800 Ross Tower | 500 N. Akard Street | Dallas | TX | 75202-2790 | |
| Highland Capital Management Fund, L.P. and NexPoint Advisers, L.P. | K&L Gates LLP | A. Lee Hogewood, III | 4350 Lassiter at North Hills Ave., Suite 300 | | Raleigh | NC | 27609 | |
| Highland Capital Management Fund, L.P. and NexPoint Advisers, L.P. | K&L Gates LLP | Attn Artoush Varshosaz | 1717 Main Street, Suite 2800 | | Dallas | TX | 75201 | |
| Highland Capital Management Fund, L.P. and NexPoint Advisers, L.P. | K&L Gates LLP | Attn Stephen G. Topetzes | 1601 K Street, NW | | Washington | DC | 20006-1600 | |
| Highland Capital Management Services, Inc. | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Capital Multi-Strategy Fund, L.P. | c/o The Corporation Trust Company | 1209 Orange St | | | Wilmington | DE | 19801 | |
| Highland CDO and Structured Products Fund, Ltd. Citigroup Financial Products Inc. JPMorgan Chase Bank | Citigroup Financial Products Inc. | 390 Greenwich Street | Doug Warren | | New York | NY | 10013 | |
| Highland CDO and Structured Products Fund, Ltd. Citigroup Financial Products Inc. JPMorgan Chase Bank | JPMorgan Chase Ban | 600 Travis Street | 50th Floor | ITS-Greg Sheehan | Houston | TX | 77002 | |
| Highland CDO Opportunity Fund GP, LLC | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Highland CDO Opportunity Fund, Ltd. IXIS Financial Products Inc. JPMorgan Chase Bank, National Association | JPMorgan Chase Bank | 600 Travis Street | 50th Floor | WSS-Greg Sheehan | Houston | TX | 77002 | |
| Highland CLO Funding Ltd. | King & Spalding LLP | Paul R. Bessette | 500 West 2nd St., Suite 1800 | | Austin | TX | 78701-4684 | |
| Highland CLO Funding, Ltd | | First Floor, Dorey Court, Admiral Park | St Peter Port | | Guernsey | | GY1 6HJ | Channel Islands |
| Highland CLO Management Ltd. | | PO Box 309 | Ugland House | | Grand Cayman | | KY1-1104 | Cayman Islands |
| Highland Credit Opportunites | Japanese Feeder Sub-Trust | c/o Intertrust (Cayman) Limited | 190 Elgin Avenue | George Town | Grand Cayman | | KY1-9005 | Cayman Islands |
| Highland Credit Opportunites | Japanese Unit Trust | c/o Intertrust (Cayman) Limited | 190 Elgin Avenue | George Town | Grand Cayman | | KY1-9005 | Cayman Islands |
| Highland Credit Opportunities CDO GP, LLC | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Credit Opportunities CDO, Ltd. | c/o Walkers SPV Limited | Walker House 87 Mary Street | George Town | | Grand Cayman | | KY1-9002 | Cayman Islands |
| Highland Crusader Offshore Partners, L.P., et al. | Michael A. Rosenthal, Gibson, Dunn and Crutcher LLP | 200 Park Avenue | | | New York | NY | 10166 | |
| Highland Dallas Foundation Inc. | c/o CT Corporation, Registered Agent | 1209 Orange St | | | Wilmington | DE | 19801 | |
| Highland Dynamic Income Fund GP LLC | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Employee Retention Assets, LLC | Attn James Dondero | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Fund Holdings, LLC | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland GP Holdings LLC | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Legacy Limited | c/o Maples & Calder / Graham Lockington | PO Box 309, Ugland House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Highland Legacy Limited | c/o Queensgate SPV Services Limited | PO Box 1093GT / Suzanne St. Thomas | Compass Center, 2nd Flr. Crewe Road | George Town | Grand Cayman | | | Cayman Islands |
| Highland Loan Fund, Ltd. et al | | PO Box 309 | Ugland House South Church Street | Grand Cayman | Cayman Island | | KY1-1104 | Cayman Islands |
| Highland Loan Funding V, Ltd. | c/o Maples & Calder / F.O.E. | PO Box 309, Ugland House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Highland Loan Funding V, Ltd. | c/o QSPV Limited | PO Box 1093 GT, Queensgate House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Highland Loan Master Fund, L.P. | c/o Maples Corporate Services Limited | PO Box 309 | Ugland House | | Grand Cayman | | KY1-1104 | Cayman Islands |
| Highland Multi Strategy Credit Fund GP, L.P. | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Multi-Strategy Credit Fund GP, L.P. | c/o The Corporation Trust Company | 1209 Orange St | | | Wilmington | DE | 19801 | |
| Highland Multi-Strategy Credit Fund, L.P. | c/o The Corporation Trust Company | 1209 Orange St | | | Wilmington | DE | 19801 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 75 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Highland Multi-Strategy Fund GP, L.P. | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Multi-Strategy Master Fund, L.P. | c/o MQ Services Ltd. | Victoria House | 31 Victoria Street | | Hamilton | | 0HM10 | Bermuda |
| Highland Multi-Strategy Master Fund, L.P. | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Park CDO I, Ltd. | Moodys Investors Service, Inc. | 99 Church Street | | | New York | NY | 10041 | |
| Highland Park CDO I, Ltd. | Standard & Poors Ratings Services | 55 Water Street, 41 st Floor | Commercial Mortgage Surveillance Group | CDO Surveillance | New York | NY | 10041 | |
| Highland Park CDO I, Ltd, The Bank of New York Trust Company, National Association | Highland Park CDO I, Ltd. c/o Maples Finance Limited | P.O. Box 1093GT | Queensgate House, South Church Street | George Town, The Directors | George Town | | | Cayman Islands |
| Highland Park CDO I, Ltd, The Bank of New York Trust Company, National Association | The Bank of New York Trust Company, National Association | 601 Travis | 16th Fl | | Houston | TX | 77002 | |
| Highland Park CDO I, Ltd. | c/o Maples Finance Limited | PO Box 1093 GT, Queensgate House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Highland Principal Opportunities GP, LLC | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Prometheus Feeder Fund I, L.P. | c/o Maples Corporate Services Limited | PO Box 309 | Ugland House | | Grand Cayman | | KY1-1104 | Cayman Islands |
| Highland Prometheus Feeder Fund II, L.P. | c/o Maples Corporate Services Limited | PO Box 309 | Ugland House | | Grand Cayman | | KY1-1104 | Cayman Islands |
| Highland Prometheus Mast Fund, L.P. | c/o Maples Corporate Services Limited | PO Box 309 | Ugland House | | Grand Cayman | | KY1-1104 | Cayman Islands |
| Highland Restoration Capital Partners GP, LLC | c/o The Corporation Trust Company | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Restoration Capital Partners Master, L.P. | c/o The Corporation Trust Company | 1209 Orange St | | | Wilmington | DE | 19801 | |
| Highland Restoration Capital Partners Offshore, L.P. | c/o Intertrust Cayman | 190 Elgin Avenue | George Town | | Grand Cayman | | KY1-9005 | Cayman Islands |
| Highland Restoration Capital Partners, L.P. | c/o The Corporation Trust Company | 1209 Orange St | | | Wilmington | DE | 19801 | |
| Highland Select Equity Fund GP | c/o The Corporation Trust Company | 1209 Orange St | | | Wilmington | DE | 19801 | |
| Highland Select Equity Fund GP, LLC | | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Highland Select Equity Master Fund, GP | c/o MQ Services Ltd. | Victoria House | 31 Victoria Street | | Hamilton | | 0HM10 | Bermuda |
| Highland SunBridge GP, LLC | c/o The Corporation Trust Company | 1209 Orange St | | | Wilmington | DE | 19801 | |
| HighTower Advisors | Attn GIS | 505 5th Ave, 14th Floor | | | New York | NY | 10017 | |
| HighTower Advisors | | 200 West Madison | Suite 2500 | | Chicago | IL | 60606 | |
| HighTower Advisors/The Sarian Group | | 656 East Swedesford Road | Suite 360 | | Wayne | PA | 19087 | |
| HighTower Holding LLC | | 200 W. Madison | Ste 2500 | | Chicago | IL | 60606 | |
| Hilary Adams | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 63 of 155

**Appx. 00430**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21  Entered 08/19/21 16:03:15  Page 76 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| HILGENBRINK, ANDREW | | Address on File | | | | | | |
| Hilgenbrink, Andrew | | Address on File | | | | | | |
| HILL, OWEN | | Address on File | | | | | | |
| Hill, Robert | | Address on File | | | | | | |
| Hillcrest Athletic Association | HHS Athletics c/o Andy Todd | 9924 Hillcrest Rd | | | Dallas | TX | 75230-5309 | |
| Hillis, Blair | | Address on File | | | | | | |
| Hines REIT 2200 Ross Avenue LP | | PO Box 841147 | | | Dallas | TX | 75284-1147 | |
| Hines REIT 2200 Ross Avenue LP | | PO Box 841197 | | | Dallas | TX | 75284-1197 | |
| Hitchcock, Daniel | | Address on File | | | | | | |
| HM Life Insurance Company | | PO Box 382229 | | | Pittsburgh | PA | 15250-8229 | |
| Hoedebeck, Charlie | | Address on File | | | | | | |
| Hoermann, Richard | | Address on File | | | | | | |
| Hoge & Gameros, LLP | | 4311 Oak Lawn Ave Ste 600 | | | Dallas | TX | 75219 | |
| Holland & Knight, LLP | | PO Box 864084 | | | Orlando | FL | 32886-4084 | |
| Hollister, Michael J. | | Address on File | | | | | | |
| Holloway, Travis | | Address on File | | | | | | |
| Holly Church Communications | | 3730 Pinebrook Cir Apt 606 | | | Bradenton | FL | 34209-8073 | |
| Holmes Detective Bureau, Inc. | | 1270 Avenue of the Americas | Suite 1906 | | New York | NY | 10020 | |
| Holt, Eric | | Address on File | | | | | | |
| Home Health Service | | 2400 Dallas Parkway | STE 440 | | Plano | TX | 75093 | |
| Home Health Services | | 3333 Earheart Drive | Suite 210 | | Carrollton | TX | 75006 | |
| HOME, BRIAN | | Address on File | | | | | | |
| HONEYCUTT, JOHN BROOKS | | Address on File | | | | | | |
| HONEYCUTT, JOHN BROOKS | | Address on File | | | | | | |
| HONIS, JOHN | | Address on File | | | | | | |
| HONIS, JOHN | | Address on File | | | | | | |
| Honyaku Center Inc. | | 3-13-12 Mita | | | Minato-ku | Tokyo | 109-0073 | JAPAN |
| HOOVER HULL LLP | | PO BOX 44989 | | | Indianapolis | IN | 46244-0989 | |
| Hopes Door Inc. | | 860 F Ave | Suite 100 | | Plano | TX | 75074 | |
| HOPSON, STUART | | Address on File | | | | | | |
| Hotel Crescent Court | | 400 Crescent Court | | | Dallas | TX | 75201 | |
| Hotel Zaza | | 2332 Leonard Street | | | Dallas | TX | 75201 | |
| Houlihan Lokey | Attn Accounts Receivable | 10250 Constellation Blvd, 5th Floor | | | Los Angeles | CA | 90067-6802 | |
| HOUSE OF BLUES | ATTn BARBARA BOUMAN | 2200 N LAMAR ST | | | Dallas | TX | 75202 | |
| Housing Crisis Center | Megan Singleton, Development Manager | 4210 Junius Street | | | Dallas | TX | 75246 | |
| How Handy Is That | | 21650 Oxnard Street | Suite 1530 | | Woodland Hills | CA | 91367 | |
| Howard B. Wiener | | Address on File | | | | | | |
| HOWARD DRANSFIELD IRA | | Address on File | | | | | | |
| Howle, Ian | | Address on File | | | | | | |
| hrQ-Dallas, LLC | | 2859 Umatilla St | | | Denver | CO | 80211 | |
| HSIEH, ADA | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

**Appx. 00431**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 77 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| HTH Worldwide Insurance Services | c/o Travel Accounting | One Radnor Corporate Center | 933 1st Ave | | King of Prussa | PA | 19406-1342 | |
| HUBBLE, JONATHAN | | Address on File | | | | | | |
| HUDSON GLOBAL RESOURCES | | 75 Remittance Drive, Suite 6465 | | | Chicago | IL | 60675-6465 | |
| Hudson Reporting & Video, Inc. | A DEPOSITION CENTER | 2124 Oak Tree Rd | | | New Jersey | NJ | 08820 | |
| HUGHES & HUBBARD | | One Battery Park Plaza | | | New York | NY | 10006 | |
| Hughes & Luce LLP | | 1717 Main St Ste 2800 | | | Dallas | TX | 75201 | |
| Hughes, Alex | | Address on File | | | | | | |
| HUKILL, NATHAN | | Address on File | | | | | | |
| HULL, CYNTHIA | | Address on File | | | | | | |
| Hummingbird | | PO Box 8500-3885 | | | Philadelphia | PA | 19178-3885 | |
| Hundt Reporting, L.L.C. | | 703 McKinney Ave, Ste 405 | | | Dallas | TX | 75202 | |
| Hunt, Brandon | | Address on File | | | | | | |
| HUNT, HEATHER | | Address on File | | | | | | |
| Hunter Covitz | c/o David Neier, Winston Strawn LLP | 6612 Sondra Dr. | | | Dallas | TX | 75214 | |
| Hunter Covitz | | Address on File | | | | | | |
| HUNTER COVITZ | | Address on File | | | | | | |
| Hunter Donaldson | | Address on File | | | | | | |
| Hunter Mountain Investment Trust | c/o Rand Advisors LLC | John Honis | 87 Railroad Place Ste 403 | | Saratoga Springs | NY | 12866 | |
| Hunter Mountain Trust | c/o E. P. Keiffer | Rochelle McCullough LLP | 325 N Saint Paul St Ste 4500 | | Dallas | TX | 75201-3827 | |
| Hunter Mountain Trust | Hunter Mountain Trust | John Honis, Trustee for Hunter Mountain Trust | 87 Railroad Place, Suite 403 | | Saratoga Springs | NE | 12866 | |
| Hunting & Fishing for ALS Research | | 2525 Fairmont St | | | Dallas | TX | 75201 | |
| HUNTINGTON, JOHN | | Address on File | | | | | | |
| Hunton & Williams LLP | | RIVERFRONT PLAZA, EAST TOWER | 951 EAST BYRD ST | | Richmond | VA | 23219 | |
| Hunton & Williams LLP | | PO BOX 840686 | | | Dallas | TX | 75284-0686 | |
| Hunton Andrews Kurth LLP | Alexander G. McGeoch | 1445 Ross Avenue Suite 3700 | | | Dallas | TX | 75202 | |
| Hunton Andrews Kurth, LLP | | 1445 Ross Avenue | Suite 3700 | | Dallas | TX | 75202-2799 | |
| Hurley, Leslie | | Address on File | | | | | | |
| HURLEY, MICHIEL | | Address on File | | | | | | |
| Huron Consulting Group | | 4795 Paysphere Circle | | | Chicago | IL | 60674 | |
| Hutcherson Law | | 10000 N. Central Expressway | Suite 800 | | Dallas | TX | 75231 | |
| Hutchison & Steffen, PLLC | | 10080 W Alta Drive | Ste 200 | | Las Vegas | NV | 89145 | |
| HV International VIII Secondary L.P. | Attn Erica Weisgerber | Debevoise and Plimpton LLP | 919 Third Avenue | | New York | NY | 10022 | |
| HV International VIII Secondary L.P. | c/o HarbourVest | One Financial Center | | | Boston | MA | 02111 | |
| HV INTERNATIONAL VIII SECONDARY L.P. | | One Financial Centre, 44th Floor | | | Boston | MA | 02111 | |
| Hyatt Regency Lost Pines Resort and Spa | | 575 Hyatt Lost Pines Road | | | Lost Pines | TX | 78612 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 65 of 155

**Appx. 00432**

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Hyatt Regency Scottsdale Resort & Spa | | 7500 E Doubletree Ranch Road | | | Scottsdale | AZ | 85258 | |
| I & A INTERNATIONAL | | 1717 MAIN ST | SUITE 4800 | | Dallas | TX | 75201 | |
| i Entertainment | | 2409 Avenue J | Suite D | | Arlington | TX | 76006 | |
| I.M.S. Relocation | | 2005 McDaniel Drive | Ste 150 | | Carrollton | TX | 75006 | |
| IA Watch | | PO Box 9407 | | | Gaithersburg | MD | 20897-9824 | |
| IA Watch | | 100 Winners Circle, Ste 300 | PO Box 5094 | | Brentwood | TN | 37024-5094 | |
| IAN FARRAND | | Address on File | | | | | | |
| IBM Websphere | | 1 New Orchard Road | | | Armonk | NY | 10504-0000 | |
| ICAA | | 1050 17th St, NW Ste 725 | | | Washington | DC | 20036-5503 | |
| Ice Bro Promos | | 1007 East Levee | | | Dallas | TX | 75207 | |
| Ice Data Indices, LLC | | PO Box 74008873 | | | Chicago | IL | 60693-8873 | |
| ICE Data Pricing & Reference Data, LLC | | PO Box 98616 | | | Chicago | IL | 60693 | |
| ICE Systems, Inc. | | PO Box 11126 | | | Hauppauge | NY | 11788-0934 | |
| ICI Mutual Insurance Brokers, Inc. | | 1401 H Street NW | Suite 1000 | | Washington | DC | 20005 | |
| IDAHO STATE TAX COMMISSION | REVENUE OPERATIONS DIVISION | IDAHO STATE TAX COMMISSION | PO BOX 36 | | Boise | ID | 83722-0410 | |
| IDAHO STATE TAX COMMISSION | | PO Box 83784 | | | Boise | ID | 83707-3784 | |
| IDCSERVCO Business Services | Attn Accounts Receivable | PO Box 1925 | | | Culver City | CA | 90232-1925 | |
| iDiscover, LLC | | 2049 Century Park East, Ste 4370 | | | Los Angeles | CA | 90067 | |
| IFG Project Resourcing | | 1560 Sawgrass Corporate Pkwy 4th Flr | | | Sunrise | FL | 33323 | |
| IFP Securities, LLC | | 3030 N Rocky Point Dr W | Suite 700 | | Tampa | FL | 33607 | |
| IHS Global Inc. | | PO Box 847193 | | | Dallas | TX | 75284-7193 | |
| IHS Markit | Michelle Searles | 15 Inverness Way East | | | Englewood | CO | 80112 | |
| II Magazines | Absolute Return & Alpha | 225 Park Ave - South | | | New York | NY | 10003 | |
| II Magazines | | PO Box 4009 | Subscriptions | | Chesterfield | MO | 63006-4009 | |
| IINews | | PO Box 5018 | | | Brentwood | TN | 37024-9552 | |
| IJC Partners LLC | | 20 East 46th St | Suite 901 | | New York | NY | 10017 | |
| Ikon Office Solutions | | DALLAS DISTRICT-DAL | PO BOX 676466 | | Dallas | TX | 75267-6466 | |
| Ikon Office Solutions | | Northeast District-NYG | PO BOX 827164 | | Philadelphia | PA | 19182-7164 | |
| Ikon Office Solutions | | LDS Southeast District -FTL | PO Box 532545 | | Atlanta | GA | 303532545 | |
| Ikon Office Solutions | | LDS DALLAS DISTRICT-DAL | PO BOX 676466 | | Dallas | TX | 75267-6466 | |
| Ikon Office Solutions | | National Accounts | PO Box 676466 | | Dallas | TX | 75267-6466 | |
| ILLINOIS DEPARTMENT OF REVENUE | | PO BOX 19009 | | | SPRINGFIELD | IL | 62794-9009 | |
| ILLINOIS DEPARTMENT OF REVENUE | | PO Box 19045 | | | Springfield | IL | 62794-9045 | |
| Illinois Secretary of State | | Department of Business Services | | | Springfield | IL | 62756 | |
| Illinois Securities Department | | Securities Division | 421 E. Capital Ave., 2nd Fl. | | Springfield | IL | 62701 | |
| Illumant LLC | | 431 Florence Street | Suite 210 | | Palo Alto | CA | 94301 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 79 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| imageMAKER Development, Inc | | Suite 102-416, 6th St | | | New Westminister | BC | V3L 3B2 | CANADA |
| imageMAKER Development Inc | | Ste 102,416 - 6th Street | | | New Westminster | BC | V3L3B2 | Canada |
| imageNet | | PO Box 613310 | | | Dallas | TX | 75261-3310 | |
| Imaginuity Interactive, Inc. | | 2633 McKinney Ave | Ste 130-377 | | Dallas | TX | 75204 | |
| IMAMOTO, GREGG | | Address on File | | | | | | |
| IMCA | Attn Lara Davies | 5619 DTC Pkwy, Suite 500 | | | Greenwood Village | CO | 80111 | |
| Imran Hussain | | Address on File | | | | | | |
| IMRE | | 210 W PENNSYLVANIA AVE STE 700 | | | TOWSON | MD | 21204-4532 | |
| In Time Communications | | 9137 Loma Vista Dr | | | Dallas | TX | 75243 | |
| INCORPORATING SERVICES, LTD | | 3500 S DUPONT HWY | | | Dover | DE | 19901 | |
| Independence Capital Co., Inc. | | 5579 Pearl Road | Suite 100 | | Parma | OH | 44129 | |
| Independent Financial Group LLC | | 12671 High Bluff Drive | Suite 200 | | San Diego | CA | 92130 | |
| Independent Petroleum Assoc. of America | | 1201 15th St. NW | Ste 300 | | Washington | DC | 20005 | |
| Independent Petroleum Assoc. of America | | PO Box 79584 | | | Baltimore | MD | 21279-0584 | |
| IndexUniverse LLC | | 201 Mission Street | Suite 720 | | San Francisco | CA | 94105 | |
| IndexUniverse LLC | | 353 Sacramento Street | Suite 1520 | | San Francisco | CA | 94111 | |
| INDIANA DEPARTMENT OF REVENUE | | PO BOX 1028 | | | Indianapolis | IN | 46206-1028 | |
| Indiana Securities Division | | Securities Division | 302 West Washington Street, Room E-111 | | Indianapolis | IN | 46204 | |
| Infinity Litigation | | 3141 Hood St. #103 | | | Dallas | TX | 75219 | |
| Informa Investment Solutions | | PO Box 416014 | | | Boston | MA | 02241-6014 | |
| Informa Investment Solutions | | 4 Westchester Park Drive | | | White Plain | NY | 10604-0000 | |
| Informa UK Ltd. | | PO Box 32794 | | | Hartford | CT | 06150-2794 | |
| Information Management Network | | 225 Park Avenue South, 7th Fl | | | New York | NY | 10003 | |
| INFOTECH | | 92 CORPORATE PARK | STE C703 | | Irvine | CA | 92606 | |
| INNES, JOHN | | Address on File | | | | | | |
| Innovative Legal Solutions, Inc. | | 440 Louisana, Suite 1100 | | | Houston | TX | 77002 | |
| INSIDE CMS | | PO BOX 7167 | BEN FRANKLIN STATION | | Washington | DC | 20044-7167 | |
| INSIDE HEALTH POLICY.COM | | PO BOX 7167 | BEN FRANKLIN STATION | | Washington | DC | 20044-7167 | |
| Insider Score | | 254 Witherspoon St | | | Princeton | NJ | 08542 | |
| InsiderScore, LLC | | 254 Witherspoon Street | Suite 300 | | Princeton | NJ | 08542 | |
| InsiderScore, LLC | | 100 Thanet Circle | | | Princeton | NJ | 08540-0000 | |
| Insight | | PO Box 78825 | | | Phoenix | AZ | 78825 | |
| Insight Direct USA, Inc. | | PO Box 731069 | | | Dallas | TX | 75373 | |
| Insight Investments | | 611 Anton Blvd | Suite 700 | | Costa Mesa | CA | 92626 | |
| instant Technologies | | 54 Ross Road | | | Durham | NH | 03824 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Institute for International Research | | PO BOX 3685 | | | Boston | MA | 02241-3685 | |
| Institute for Portfolio Alternatives | | PO Box 480 | | | Ellicott City | MD | 21041-0480 | |
| Institute for Private Investors | | 17 State Street | 5th Floor | | New York | NY | 10004 | |
| Institutional Investor News | Attn Andrew Levin | 225 Park Ave South, 8th Flr | | | New York | NY | 10003 | |
| Institutional Investor News | ATTN Jeff Schilling | 225 Park Ave. South | 7th Floor | | New York | NY | 10003 | |
| Institutional Investor News | Attn Mutual Fund Industry Awards | PO Box 1575 | | | New York | NY | 10008 | |
| Institutional Investor News | | PO BOX 5034 | | | Brentwood | TN | 37024 | |
| Institutional Investor News | | PO Box 417611 | | | Boston | MA | 02241-7611 | |
| Institutional Investor News | | PO BOX 1575 | | | New York | NY | 10008-1575 | |
| Institutional Investor News | | PO Box 4009 | | | Chesterfield | MO | 63003-4009 | |
| Institutional Investor Newsletters | | PO BOX 5016 | | | Brentwood | TN | 37024-9549 | |
| Institutional Investor Newsletters | | PO Box 5018 | | | Brentwood | TN | 37024-9552 | |
| Institutional Investor Newsletters | | PO BOX 5030 | | | Brentwood | TN | 37024-9555 | |
| Institutional Investor, LLC | | PO Box 417611 | | | Boston | MA | 02241-7611 | |
| Institutional Recovery Solutions, Inc. | | 626 RXR Plaza | | | Uniondale | NY | 11556 | |
| Insurance Commissioner of Iowa | | Securities Bureau | 601 Locust Street, 4th Floor | | Des Moines | IA | 50309-3738 | |
| INSYNC ELECTRONIC MEDIA DESIGN, LLC | | 33 FELWAY DR | | | Coram | NY | 11727 | |
| Integra FEC LLC | | 1801 Lavaca Street, Suite 101 | | | Austin | TX | 78701 | |
| Integrated Financial Associates, Inc. | Carlyon Cica Chtd | 265 E. Warm Springs Road, Suite 1-7 | | | Las Vegas | NV | 89119 | |
| Integrated Financial Associates, Inc. | | 3111 S. Rainbow Blvd., Suite 209 | | | Las Vegas | NV | 89146 | |
| Integrated Solutions | | 425 Gotham Pkwy | | | Carlstadt | NJ | 07072 | |
| Interactive Data Pricing & Reference | | PO BOX 98616 | | | Chicago | IL | 60693 | |
| Interactive Data Pricing and Reference D | | 32 Crosby Drive | | | Bedford | MA | 01730-0000 | |
| InterDyn BMI | | 3001 Broadway St NE. #320 | | | Minneapolis | MN | 55413 | |
| Interfor | | 575 Madison Avenue, Suite 1006 | | | New York | NY | 10022 | |
| Internal Revenue Service | Attn Insolvency | 1352 Marrows Road, 2nd Floor | MC 4505 NDAL | | Newark | DE | 19711-5445 | |
| Internal Revenue Service | Attn Linda Yao | 4050 Alpha Road | | | Farmers Branch | TX | 75244 | |
| Internal Revenue Service | Faye Copple, Bankruptcy Specialist | 1100 Commerce St | M/S MC5027DAL | | Dallas | TX | 75242 | |
| Internal Revenue Service | | P. O. BOX 21126 | | | Philadelphia | PA | 19114 | |
| Internal Revenue Service | | STOP 5107 NWSAT | 4050 ALPHA RD | | Farmers Branch | TX | 75244-4201 | |
| Internal Revenue Service | | Ogden | | | Ogden | UT | 84201-0039 | |
| International Assets Advisory, LLC | | 390 North Orange Ave | Ste 750 | | Orlando | FL | 32801 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 81 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| International Bar Association | | 10th Flr 1 Stephen St | | | London | | W1T 1AT | United Kingdom |
| International Foundation | | 18700 W. Bluemound Rd | PO Box 69 | | Brookfield | WI | 53008-0069 | |
| Intertrust | | 190 Elgin Ave | George Town | | Grand Cayman | | KY1-9000 | Cayman Islands |
| Intex Solutions, Inc. | Accounts Receivable | 110 A St | | | Needham | MA | 02494-2807 | |
| Intralinks | | P.O. Box 10259 | | | New York | NY | 10259 | |
| Intralinks Inc. | | 150 East 42nd St | 8th floor | | New York | NY | 10017-0000 | |
| Intuit | | PO Box 30860 | | | Los Angeles | CA | 90030-0860 | |
| Inventus | | P.O. Box 130114 | | | Dallas | TX | 75313 | |
| INVeSHARE, Inc. | | PO Box 568 | | | Alpharetta | GA | 30009-0568 | |
| Investigative Management Group | | 825 Third Avenue | 18th Floor | | New York | NY | 10022 | |
| Investment Company Institute | | PO Box 759456 | | | Baltimore | MD | 21275 | |
| Investment Company Institute | | Dept. 3077 | | | Washington | DC | 20061-3077 | |
| Investment Management Advisors, LLC | | 3131 Maple Ave., Suite 7E | | | Dallas | TX | 75201 | |
| Investment Management Institute | | 123 Mason St | | | Greenwich | CT | 06830 | |
| Investment Management Institute | | 165 W. Putnam Avenue | 2nd Floor | | Greenwich | CT | 06830 | |
| Investment Planners, Inc. | | PO Box 170 | | | Decatur | IL | 62525-0170 | |
| Investment Professionals Conference | Attn Rachel Christensen | 470 Tanner Building | | | Provo | UT | 84602 | |
| Investment Program Association | | PO Box 480 | | | Ellicott City | MD | 21042-0480 | |
| InvestmentWires, Inc. | | 14 Wall Street | 20th Floor | | New York | NY | 10005 | |
| Investor Force, Inc. | | Lockbox # 415926 | | | Boston | MA | 02241-5926 | |
| Investors Bank & Trust Company | | 200 Clarendon Street | Mail Code EUC 108 | | Boston | MA | 02116 | |
| Investors Business Daily | | 12655 Beatrice St. | | | Los Angeles | CA | 90066 | |
| IPC Information Systems, Inc. | | PO Box 26644 | | | New York | NY | 10087 | |
| IPC Network Services, Inc. | Harborside Financial Center | 1500 Plaza 10 | 15th Floor | | Jersey City | NJ | 07311 | |
| Ipitomi Limited | | 3rd Floor | 125 Wood Street | | London | | EC2V 7AN | United Kingdom |
| Ipreo Data Inc. | | 421 Fayetteville Street | Suite 900 | | Raleigh | NC | 27601 | |
| IRELL & MANELLA LLP | | 840 NEWPORT CENTER DR | STE 450 | | Newport Beach | CA | 92660-6324 | |
| IRENE KUBERT | LASC | 600 SOUTH COMMONWEALTH AVE, DEPT 316 | | | Los Angeles | CA | 90005 | |
| Iron Mountain - Off-Site Data Protection | | PO Box 915026 | | | Dallas | TX | 75391-5026 | |
| Iron Mountain Records Management | Whitelaw House | Alderstone House Business Park | MacMillan Rd | | Livington | | EH54 7DF | United Kingdom |
| Iron Mountain Records Management | | PO Box 915004 | | | Dallas | TX | 75391-5004 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Ironwood Legal Solutions | | Level 8, South Wing Millennium House, 46/58, Nawam Mawatha | | | Colombo | | 2 | Sri Lanka |
| IRR - Las Vegas | | 8367 West Flamingo Road | Suite 100 | | Las Vegas | NV | 89147 | |
| IRS | | Earle Cabell Federal Building | 1100 Commerce St #121 | | Dallas | TX | 75242 | |
| Irving ISD | Elizabeth Weller | Linebarger Goggan Blair & Sampson, LLP | 2777 N. Stemmons Freeway, Suite 1000 | | Dallas | TX | 75207 | |
| Irving, Katie | | Address on File | | | | | | |
| Isaac D. Leventon | c/o David Neier | Winston Strawn LLP | 200 Park Avenue | | New York | NY | 10166 | |
| Isaac Leventon | Debra A. Dandeneau | Baker & McKenzie LLP | 452 Fifth Avenue | | New York | NY | 10018 | |
| Isaac Leventon | Michelle Hartmann | Baker & McKenzie LLP | 1900 North Pearl, Suite 1500 | | Dallas | TX | 75201 | |
| Island Love Rebuilding Fund | | PO Box 53412 | | | Lafayette | LA | 70505-3412 | |
| Itech Inc. | | 6230 Wilshire Blvd, # 145 | | | Los Angeles | CA | 90048 | |
| ITG Investment Research, Inc. | Attn Chris Stilo | 380 Madison Ave | | | New York | NY | 10017 | |
| ITG Investment Research, Inc. | | 1270 Avenue of the Americas | | | New York | NY | 10020 | |
| ITG Investment Research, Inc. | | PO Box 30270 | | | New York | NY | 10087-0270 | |
| Ivanti Security | | 698 West 10000 South | | | Jordan | UT | 84095-0000 | |
| Ivins, Phillips & Barker Chartered | | 1700 Pennsylvania Avenue, NW | | | Washington | DC | 20006 | |
| J Gregory Stone | | Address on File | | | | | | |
| J. Sagar Associates | | Vakils House | 18 Sprott Road | Ballard Estate | Mumbai | | 400 001 | India |
| J.C. Trident, Inc. | | 9035 Orlando Ave | | | Navarre | FL | 32566 | |
| Jack Boles Parking | | PO Box 190326 | | | Dallas | TX | 75219-0326 | |
| Jack Takacs | | Address on File | | | | | | |
| JACK YANG | | Address on File | | | | | | |
| Jackson Walker | | PO Box 130989 | | | Dallas | TX | 75313-0989 | |
| Jackson Walker LLP | Michael S. Held | 2323 Ross Ave., Suite 600 | | | Dallas | TX | 75201 | |
| Jackson Walker LLP | | PO BOX 130989 | | | Dallas | TX | 75313-0989 | |
| Jackson, Jesse | | Address on File | | | | | | |
| JACOBS ENGINEERING GROUP | | PO BOX 651063 | | | Charlotte | NC | 28265 | |
| JAGADEESH REDDY | | Address on File | | | | | | |
| Jain, Ajit | | Address on File | | | | | | |
| Jain, Ajit | | Address on File | | | | | | |
| Jain, Bhawika | | Address on File | | | | | | |
| Jain, Bhawika | | Address on File | | | | | | |
| JAKE AMBROSE | | Address on File | | | | | | |
| Jake Istnick | | Address on File | | | | | | |
| JAMAL CARTY | | Address on File | | | | | | |
| James A. Shiklett | | Address on File | | | | | | |
| James C. Merrill & Associates, Inc. | | 14677 Midway Rd., Ste 203 | | | Addison | TX | 75001 | |
| James D. Calver | | Address on File | | | | | | |
| James D. Dondero | D. Michael Lynn | Address on File | | | | | | |
| James D. Dondero | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21   Entered 08/19/21 16:03:15   Page 83 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| James Dondero, as the successor-in-interest to the Canis Major Trust | James D. Dondero | D. Michael Lynn | 420 Throckmorton Street, Suite 1000 | | Fort Worth | TX | 76102 | |
| James Edward | | Address on File | | | | | | |
| James Klein | | Address on File | | | | | | |
| James Lamar | | Address on File | | | | | | |
| James Love | | Address on File | | | | | | |
| James Mathis Consulting LLC | | 3701 Braewood Circle | | | Plano | TX | 75093 | |
| James McCaffrey | | Bank of Marshall Islands Building, 2nd Floor, PO Box 509 | | | Majuro | | 96960 | Marshall Islands |
| JAMES PAGLIAROLI | | Address on File | | | | | | |
| James Palmer | | Address on File | | | | | | |
| James Peterson | | Address on File | | | | | | |
| James R. Thompson | | Address on File | | | | | | |
| James T. Bentley | Schulte Roth & Zabel LLP | 919 Third Avenue | | | New York | NY | 10022 | |
| James, Carter & Coulter, P.L.C. | | 500 Broadway | Suite 400 | | Little Rock | AR | 72203 | |
| JAMESON, MATTHEW | | Address on File | | | | | | |
| JAMS, Inc. | | PO Box 512850 | | | Los Angeles | CA | 90051-0850 | |
| Jane Rose Reporting Inc. | | 2547 State Hwy. 35 | Suites 1&2 | | Luck | WI | 54853 | |
| Janet McGreal | | Address on File | | | | | | |
| JANIS ROGERS & ASSOCIATES | | 1545 W MOCKINGBIRD LN | STE 1032 | | Dallas | TX | 75235 | |
| Jansen & Palmer, LLC | | 4746 Elliot Avenue South | | | Minneapolis | MN | 55407 | |
| JANULESKI, GEOFFREY J | | Address on File | | | | | | |
| Japan Alternative Investment Co.Ltd | | 19th Floor, KDDI Otemachi Bldg | 1-8-1 Otemachi, Chiyoda-ku | | Tokyo | | 100-0004 | JAPAN |
| Japanese Evangelical Missionary Society | | 948 East Second St | | | Los Angeles | CA | 90012-4382 | |
| Jardine, Jeffrey | | Address on File | | | | | | |
| Jardine, Jordan | | Address on File | | | | | | |
| Jaron Stern | | Address on File | | | | | | |
| Jason Chang | | Address on File | | | | | | |
| Jason Goldsmith | | Address on File | | | | | | |
| Jason Hoarell | | Address on File | | | | | | |
| Jason Kathman | | Address on File | | | | | | |
| JASON KIRSCHNER | | Address on File | | | | | | |
| Jason L. Janik | | Address on File | | | | | | |
| Jason Post | | Address on File | | | | | | |
| Jason Rothstein | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| JASON SANTAMARIA | | Address on File | | | | | | |
| Jason Vanacour | | Address on File | | | | | | |
| Jason Vanacour | | Address on File | | | | | | |
| Jasper CLO Ltd MMP-5 Funding, LLC and IXIS Financial Products Inc. | Jasper CLO Ltd. | PO Box 1234 Queengate House | South Church Street | The Directors | Grand Cayman | | | Cayman Islands |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21  Entered 08/19/21 16:03:15  Page 84 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Jasper CLO Ltd. | JPMorgan Chase Bank | 600 Travis Street | 50th Floor | | Houston | TX | 77002 | |
| Jasper CLO Ltd. | | 190 Elgin Avenue | George Town | | Grand Cayman | | KY1-9005 | Cayman Islands |
| Jasper CLO Ltd. JPMorgan Chase Bank, National Association | Jasper CLO Ltd. c/o Maples Finance Limited | Queensgate House, South Church Street, George Town | | P.O. Box 1093GT | Grand Cayman | | | Cayman Islands |
| Jasper CLO, Ltd. | c/o Ogier Fiduciary Services (Cayman) Limited | PO Box 1234 | Queensgate House, South Church Street | | Grand Cayman | | | Cayman Islands |
| Jay Angotti | | Address on File | | | | | | |
| Jay Borikar | | Address on File | | | | | | |
| Jay Gierak | | Address on File | | | | | | |
| Jay M Cohen, PA | | PO Box 2210 | | | Winter Park | FL | 32790 | |
| Jay Sluis | | Address on File | | | | | | |
| Jay Steigerwald | | Address on File | | | | | | |
| JB Sigmon | | Address on File | | | | | | |
| JDRF Greater Dallas Chapter | | 9400 N Central Expressway | Suite 1201 | | Dallas | TX | 75231 | |
| Jean Paul Sevilla | Baker & McKenzie LLP | Debra A. Dandeneau | 452 Fifth Avenue | | New York | NY | 10018 | |
| Jean Paul Sevilla | c/o David Neier, Winston Strawn LLP | 200 Park Avenue | | | New York | NY | 10166 | |
| Jean Paul Sevilla | Michelle Hartmann | Baker & McKenzie LLP | 1900 North Pearl, Suite 1500 | | Dallas | TX | 75201 | |
| Jean Paul Sevilla | | Address on File | | | | | | |
| Jean-Francois Lemay | | Address on File | | | | | | |
| Jeff Cohen | | Address on File | | | | | | |
| Jeff Damec | | Address on File | | | | | | |
| Jeff Gilbert | | Address on File | | | | | | |
| Jeff Graham | | Address on File | | | | | | |
| Jeff Habicht | | Address on File | | | | | | |
| Jeff Seaver | | Address on File | | | | | | |
| Jeff Turner | | Address on File | | | | | | |
| Jefferies | Ronald Wong | 101 California Street | Suite 3100 | | San Francisco | CA | 94111 | |
| Jefferies LLC | Attn Casey Doherty | c/o Dentons US LLP | 1221 McKinney Street, Suite 1900 | | Houston | TX | 77010-2006 | |
| Jefferies LLC | Attn Christopher Bianchi | Prime Brokerage Services 520 Madison Avenue, 2nd Floor | 520 Madison Avenue | | New York | NY | 10022 | |
| Jefferies LLC | Christopher Bianchi | Attn Lauren Macksoud, Esq. and Patrick Maxcy, Esq. | 1221 Avenue of the Americas | | New York | NY | 10022 | |
| Jefferies LLC | Dentons US LLP | 520 Madison Avenue, 12th Floor | | | New York | NY | 10020 | |
| Jefferies LLC | | Address on File | | | New York | NY | 10022 | |
| Jeffrey Dutton | | Address on File | | | | | | |
| Jeffrey Rose | | Address on File | | | | | | |
| Jehyun Law | | 11st Floor, Samsung Life East Yeouido Bldg, 25 | Yeouido-Dong | 2Gil 17, International Financial-Ro | Yeongdeungpo-Gu | Seoul | 150-878 | South Korea |
| JEMS | | 948 EAST 2ND ST | | | Los Angeles | CA | 900124317 | |
| Jenifer Jurrius | | Address on File | | | | | | |
| JENKINS, AMY | | Address on File | | | | | | |
| JENNA BRIDGES | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 85 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| JENNER & BLOCK LLP | | 353 N CLARK ST | | | Chicago | IL | 606554-3456 | |
| Jenni Logan | | Address on File | | | | | | |
| Jennifer Buntz | | Address on File | | | | | | |
| JENNIFER LYNN HUNTSMAN TRUST | ATTN BRIAN SHRUM | 1 S MAIN ST 12TH FLR | | | Salt Lake City | UT | 84111-1904 | |
| Jennifer Ricci | | Address on File | | | | | | |
| Jennifer Wooton | | Address on File | | | | | | |
| JENSEN, ASTRID | | Address on File | | | | | | |
| JENSEN, MARTY | | Address on File | | | | | | |
| Jeong, Sang K. | | Address on File | | | | | | |
| Jeremy Kross | | Address on File | | | | | | |
| Jeremy Simpson | | Address on File | | | | | | |
| JERICHO SERVICES | | 2571 MERRELL RD | | | Dallas | TX | 75229 | |
| Jerome Carter | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76012-4135 | |
| Jessica Gimbel | | Address on File | | | | | | |
| Jessica Hoskings | | Address on File | | | | | | |
| Jessica Nalder | | Address on File | | | | | | |
| Jessica Ogle | | Address on File | | | | | | |
| Jessup Holdings LLC | Attn John Mandler | c/o Mandel, Katz and Brosnan LLP | 100 Dutch Hill Road, Suite 390 | | Orangeburg | NY | 10962 | |
| Jesuit Alumni Homecoming | | 12345 Inwood Rd | | | Dallas | TX | 75244 | |
| Jetli, Vikram | | Address on File | | | | | | |
| JEWISH FEDERATION OF GREATER DALLAS | ATTN KAREN HANEY | JACOB FELDMAN BUILDING | 7800 NORTHAVEN RD | | Dallas | TX | 75230 | |
| JHAWER, SHANTANU | | Address on File | | | | | | |
| JHT Holdings, Inc. | Attn Christopher Reehl | 10801 Corporate Drive | PO Box 581025 | | Pleasant Prairie | WI | 53158 | |
| Jillian Ashenbrener | | Address on File | | | | | | |
| Jim Pagliaroli | | Address on File | | | | | | |
| Jinny Cha | | Address on File | | | | | | |
| JJB Hilliard, WL Lyons LLC | Attn Mac Thomas | 500 West Jefferson Street | | | Louisville | KY | 40202 | |
| JOCELYN FRANK FABIANCIC | | Address on File | | | | | | |
| Jocoy, Laura C. | | Address on File | | | | | | |
| JOE DOUGHERTY | | Address on File | | | | | | |
| JOE DOUGHERTY | | Address on File | | | | | | |
| JOE EMMANUEL | | Address on File | | | | | | |
| Joe Farach | | Address on File | | | | | | |
| Joe Foster Company LLC | | 25 Highland Park Village | Suite 100-880 | | Dallas | TX | 75205 | |
| Joe Joyner | | Address on File | | | | | | |
| Joe Kingsley | | Address on File | | | | | | |
| Joe Laganza | | Address on File | | | | | | |
| Joe Norton | | Address on File | | | | | | |
| Joe Scanlon | | CRT Capital Holdings LLC | 262 Harbor Drive | | Stamford | CT | 06902 | |
| JOEL ESHBAUGH | | Address on File | | | | | | |
| Joel Zeff Creative | | PO Box 979 | | | Coppell | TX | 75019 | |
| Johanna McBroom | | Address on File | | | | | | |
| JOHN A TOWNSEND, IOLTA | TAX PROCEDURE GROUP | 5615 KIRBY DR, STE 830 | | | Houston | TX | 77005 | |
| John Burer | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 86 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| John Caron | | Address on File | | | | | | |
| John Chant | | Address on File | | | | | | |
| John Crocker | | Address on File | | | | | | |
| John Duval Associates | | 400 East 56th St Ste 10-S | | | New York | NY | 10022 | |
| John Duval Associates | | 446 Milan Hill Rd | | | Red Hook | NY | 12571 | |
| John F Yang | KLS Financial Advisors | 127 Main Street, Suite A | | | Chatham | NJ | 07928 | |
| John F. Jack Yang | Daniel P Winikka | Loewinsohn Flegle Deary Simon LLP | 12377 Merit Drive, Suite 900 | | Dallas | TX | 75251 | |
| John F. Jack Yang | | Address on File | | | | | | |
| John F. Warren, Dallas County Clerk | Attn Central Records | 600 Commerce St-B1 | | | Dallas | TX | 75202 | |
| John Fink | | Address on File | | | | | | |
| JOHN FRUSHA | | Address on File | | | | | | |
| JOHN GALANTE | | Address on File | | | | | | |
| John Gavin | | Address on File | | | | | | |
| John Guagliardo | | Address on File | | | | | | |
| John Hancock Life Insurance | | PO Box 894764 | | | Los Angeles | CA | 90189-4764 | |
| John Hare | | Address on File | | | | | | |
| JOHN HENNEGAN | | Address on File | | | | | | |
| John Holmes | | Address on File | | | | | | |
| John Honis | | Address on File | | | | | | |
| John Howard | | Address on File | | | | | | |
| JOHN HUNTINGTON | | Address on File | | | | | | |
| John Ly | | Address on File | | | | | | |
| John Martin | | Address on File | | | | | | |
| JOHN MELTON | | Address on File | | | | | | |
| John Morgan | | Address on File | | | | | | |
| JOHN MORRIS | | Address on File | | | | | | |
| John Partchenko | | Address on File | | | | | | |
| John Paul Raffo | | Address on File | | | | | | |
| John Perkins | | Address on File | | | | | | |
| John R Ames, CTA | | Records Bldg, 500 Elm St | PO Box 139033 | | Dallas | TX | 75313-9033 | |
| John R Ames, CTA | | PO Box 139066 | | | Dallas | TX | 75313-9066 | |
| John R. Watkins | | Address on File | | | | | | |
| John Reineberg | | Address on File | | | | | | |
| John Seng | | Address on File | | | | | | |
| John Yang | | Address on File | | | | | | |
| JOHN, KYLE | | Address on File | | | | | | |
| Johnston Tobey Baruch, P.C. | | 3308 Oak Grove Avenue | | | Dallas | TX | 75204 | |
| Joltes Associates, Inc. | | PO Box 930 | | | Great Falls | VA | 22066 | |
| JON BURKE | | Address on File | | | | | | |
| JON MARTIN | | Address on File | | | | | | |
| JON TAYLOR | | Address on File | | | | | | |
| Jones Day | | Address on File | | | | | | |
| Jones Reporting Company Inc | | Two Oliver Street | | | Boston | MA | 02109 | |
| Jones Roach & Caringella, Inc. | | 10920 Via Frontera Ste 440 | | | San Diego | CA | 92127-1732 | |
| JONES, DAVID | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 87 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Jones, Michael | | Address on File | | | | | | |
| Jones, Owen | | Address on File | | | | | | |
| JONES, ROBERT | | Address on File | | | | | | |
| Jones, Terrence O. | | Address on File | | | | | | |
| Jordan Fraker Photography | | 8806 San Fernando Way | | | Dallas | TX | 75218 | |
| Jordan Kahn Music Company | | 3941 Legacy Drive | #204 A-225 | | Plano | TX | 75023 | |
| Jordan Malouf | | Address on File | | | | | | |
| Jordan Thompson | | Address on File | | | | | | |
| Jordan, Hyden, Womble & Culbreth P.C. | | 500 N Shoreline, Ste 900N | | | Corpus Christi | TX | 78471 | |
| Jordan, Micah | | Address on File | | | | | | |
| JORDEN BURT | | Address on File | | | | | | |
| JORGE JARAMILLO | | Address on File | | | | | | |
| Jose Antonio Blanco & Asociados | | Valentin Vergara 1675 | 1602 Florida | | Buenos Aires | | | ARGENTINA |
| Jose Ontiveros | | Address on File | | | | | | |
| Josef Yehia | | Address on File | | | | | | |
| JOSEPH BIDJOKA | | Address on File | | | | | | |
| Joseph Kevin Ciavarra | | Address on File | | | | | | |
| Joseph R Pinkston III | | Address on File | | | | | | |
| Josh Bock | | Address on File | | | | | | |
| Josh Philips | | Address on File | | | | | | |
| Josh Terry | Attn Rakhee V. Patel, Winstead PC | Address on File | | | | | | |
| Josh Terry | | Address on File | | | | | | |
| Joshua & Jennifer Terry | c/o Brian P. Shaw, Esq. | Rogge Dunn Group, PC | 500 N. Akard Street, Suite 1900 | | Dallas | TX | 75201 | |
| Joshua N. Terry on behalf of his IRAs and Jennifer G. Terry on behalf of her IRAs and The Terry Family 401-K Plan | Brian P . Shaw | 500 N. Akard St. Suite 1900 | | | Dallas | TX | 75201 | |
| Joshua N. Terry on behalf of his IRAs and Jennifer G. Terry on behalf of her IRAs and The Terry Family 401-K Plan | | Address on File | | | | | | |
| Joshua Tree Feeding Program Inc | | 1601 W Indian School Rd | | | Phoenix | AZ | 85015 | |
| Joy Squad Dallas | | 1725 Prescott Drive | | | Flower Mound | TX | 75028 | |
| JP Morgan | | WSS GLOBAL FEE BILLING | PO BOX 26040 | | New York | NY | 10087-6040 | |
| JP Morgan | | ITS Fee Billing | PO Box 911953 | | Dallas | TX | 75391-1953 | |
| JP MORGAN HEDGE FUND SERVICES | | ONE BEACON ST, 19TH FLR | | | Boston | MA | 02108 | |
| JP Sevilla | | Address on File | | | | | | |
| JPMorgan Chase Bank | Worldwide Securities Services | 600 Travis Street, 50th Floor | | | Houston | TX | 77002 | |
| JPMorgan Clearing Corp | ATTN Metrotech Center North | 1 MetroTech Center # 1 | | | Brooklyn | NY | 11201 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 88 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| JPMORGAN FCS | | 13455 Noel Rd, Ste 1150 | | | Dallas | TX | 75240 | |
| JPMORGAN FCS | | WSS GLOBAL FEE BILLING | PO BOX 26040 | | New York | NY | 10087-6040 | |
| JT Magen & Company Inc | | 44 West 28th Street | 11 th floor | | New York | NY | 10001 | |
| Judy Chamberlin Entertainment | | 2604 Medline Ct | | | Southlake | TX | 76092 | |
| Jumpline, Inc. Web Hosting | | PO Box 8789 | | | St Petersburg | FL | 33738-8789 | |
| JUN HONG HENG | | Address on File | | | | | | |
| JUNG, KEVIN | | Address on File | | | | | | |
| Junior Achievement of Dallas | Attn Shelley Strickland | 1201 W Executive Dr | | | Richardson | TX | 75081 | |
| JUNIOR LEAGUE OF DALLAS | | 8003 INWOOD RD | | | Dallas | TX | 75209 | |
| Justin Carfora | | Address on File | | | | | | |
| Justin Gould | | Address on File | | | | | | |
| Justin Nabours | | Address on File | | | | | | |
| Justin Smith | | Address on File | | | | | | |
| Juvenile Diabetes Research Foundation | | 200 Vesey St Frnt | | | New York | NY | 10281-8000 | |
| JW Cole Financial, Inc. | | 11811 N. Tatum Blvd | Ste 3055 | | Phoenix | AZ | 85028 | |
| JW Marriott Essex House NY | | 160 Central Park South | | | New York | NY | 10019 | |
| K & L Gates LLP | | Suite 2800 | 1717 Main Street | | Dallas | TX | 75201 | |
| K&L Gates LLP | A. Lee Hogewood, III | 4350 Lassiter at North Hills Ave., Suite 300 | | | Raleigh | NC | 27609 | |
| K&L Gates LLP | Attn Artoush Varshosaz | 1717 Main Street, Suite 2800 | | | Dallas | TX | 75201 | |
| K&L Gates LLP | James A. Wright III | State Street Financial Center | One Lincoln Street | | Boston | MA | 02111-2950 | |
| K&L Gates LLP | Stephen G. Topetzes | 1601 K Street, NW | | | Washington | DC | 20006 | |
| Kadleck & Associates | | 555 Republic Dr, suite 115 | | | Plano | TX | 75074 | |
| KAHR REAL ESTATE SERVICES LLC | | 139 FULTON ST | STE 319 | | New York | NY | 10038 | |
| KAI CHEN | | Address on File | | | | | | |
| Kane Environmental Engineering, Inc. | | 8816 Big View Dr | | | Austin | TX | 78730 | |
| KANE RUSSELL COLEMAN & LOGAN PC | | 901 MAIN ST STE 5200 | | | DALLAS | TX | 75202-3705 | |
| Kansas Corporate Tax | | Department of Revenue | 915 SW Harrison Street | | Topeka | KS | 66612-1588 | |
| Kansas Independent Oil & Gas Association | | 229 E. William | Suite 211 | | Wichita | KS | 67202-4027 | |
| Kapil Mathur | | Address on File | | | | | | |
| Kaplan Voekler Cunningham & Frank PLC | | PO Box 2470 | | | Richmond | VA | 23218-2470 | |
| KAREL, TRAVIS | | Address on File | | | | | | |
| Karen Weiss | | Address on File | | | | | | |
| Karl Kovelan | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| Karl Eisleben | | Address on File | | | | | | |
| KARL FARMER | | Address on File | | | | | | |
| Karthik Bhavaraju | | Address on File | | | | | | |
| Kase Kinney | | Address on File | | | | | | |
| kasina, LLC | | 581 Avenue of the Americas | 5th Floor | | New York | NY | 10011 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 89 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| KASOWITZ, BENSON, TORRES & FRIEDMAN LLP | | 1633 BROADWAY | | | New York | NY | 10019-6799 | |
| Kastle Systems | | PO BOX 75160 | | | Baltimore | MD | 21275-5160 | |
| Kathryn Plouff | | Address on File | | | | | | |
| Katten Muchin Rosenman LLP | c/o Cedar Glade LP | 600 Madison Avenue, 17th Floor | | | New York | NY | 10022 | |
| KattenMuchinRosenman LLP | | 525 W Monroe St | | | Chicago | IL | 60661-3693 | |
| Katthik Bhavaraju | | Address on File | | | | | | |
| KAUFFMAN, PAUL | | Address on File | | | | | | |
| Kaufman County | Attn Elizabeth Weller | 2777 N. Stemmons Freeway | Suite 1000 | | Dallas | TX | 75207 | |
| Kaufman County | c/o Laurie A. Spindler, Elizabeth Weller | Linebarger Goggan Blair & Sampson, LLP | 2777 N. Stemmons Freeway, Suite 1000 | | Dallas | TX | 75207 | |
| Kavita Naik | | Address on File | | | | | | |
| KCD Financial | Attn Vicki Berger | 3061 Allied St, Ste B | | | Green Bay | WI | 54304 | |
| KCD Financial, Inc. | | 3061 Allied St. | Suite B | | Green Bay | WI | 54304 | |
| KEARNEY, JOSEPH | | Address on File | | | | | | |
| KEARNEY, JOSEPH D. | | Address on File | | | | | | |
| KEITH BECKMAN | | Address on File | | | | | | |
| Keith Bowers | | Address on File | | | | | | |
| Keith Dunlap | | Address on File | | | | | | |
| Keith Gorman | | Address on File | | | | | | |
| Keith Schneider | | Address on File | | | | | | |
| Kelan Advisors | | PO Box 122 | | | Lexington | MA | 02420 | |
| Keller Williams | c/o Paula Barbee | Address on File | | | | | | |
| Kellie Stevens | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| KELLOGG | | KELLOGG ALUMNI CLUB | 7040 BROOKSHIRE DR. | | Dallas | TX | 75230 | |
| Kellogg Huber Hansen Todd Evans | | 1615 M Street N.W. | Ste 400 | | Washington | DC | 20036-3209 | |
| Kelly Bennett | | Address on File | | | | | | |
| Kelly Correll | Hugh G. Connor II, Michael D. Anderson and Katherine T. Hopkins | Address on File | | | | | | |
| Kelly Hart & Hallman | | 201 Main Street, Suite 2500 | | | Fort Worth | TX | 76102 | |
| Kelly Hart & Pitre | Louis M. Phillips | 301 Main Street, Suite 1600 | | | Baton Rouge | LA | 70801 | |
| Kelly Hart Pitre | Amelia L. Hurt | 400 Poydras Street, Suite 1812 | | | New Orleans | LA | 70130 | |
| Kelsey Ellenberg | | 17510 West Grand Parkway South | Suite 510 | | Sugarland | TX | 77479 | |
| KEN KUNIMOTO | | Address on File | | | | | | |
| Ken Owen & Associates | | 801 West Ave | | | Austin | TX | 78701-2207 | |
| Ken Paxton Campaign | | 1505 Elm Street, #1601 | | | Dallas | TX | 75201 | |
| Kendall + Landscape Architecture | | 6976 Santa Barbara Dr | | | Dallas | TX | 75214-2561 | |
| Kendall Best | | Address on File | | | | | | |
| Kennecott Funding Ltd | c/o Guggenheim Partners | 330 Madison Ave, 11th Floor | | | New York | NY | 10017 | |
| Kennedy DMC Austin | | 5810 Trade Center Dr | Suite 500 | | Austin | TX | 78744 | |
| KENNETH BELLAIRE | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 77 of 155

**Appx. 00444**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 90 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Kenneth Daewoo Park | | Address on File | | | | | | |
| Kenneth L Maun | Tax Assessor Collector | Collin County | PO Box 8046 | | McKinney | TX | 75070 | |
| Kenneth L. Maun | | PO Box 8046 | | | McKinney | TX | 75070-8046 | |
| Kenneth Tharp | | Address on File | | | | | | |
| Kenny Juarez | | Address on File | | | | | | |
| Kensho Technologies, Inc. | | 17 Dunster St | Suite 300 | | Cambridge | MA | 02138 | |
| KENT CAPPS | | Address on File | | | | | | |
| Kent Gatzki | | Address on File | | | | | | |
| Kentucky State Treasurer | Division of Securities | 1025 Capital Center Drive, Suite 200 | | | Frankfort | KY | 40601 | |
| KERA | | 3000 Harry Hines Blvd | | | Dallas | TX | 75201 | |
| Kercsmar & Feltus PLLC | | 6263 N. Scottsdale Rd. | Suite 320 | | Scottsdale | AZ | 85250 | |
| Kerns, Brian | | Address on File | | | | | | |
| Kerri Kearney | | Address on File | | | | | | |
| KEVIN CLEARY | | Address on File | | | | | | |
| Kevin Dowd | | Address on File | | | | | | |
| Kevin Dunwoodie | | Address on File | | | | | | |
| KEVIN ETHRIDGE | | Address on File | | | | | | |
| KEVIN LATIMER | | Address on File | | | | | | |
| Kevin Messerle | | Address on File | | | | | | |
| Kevin Potts | | Address on File | | | | | | |
| Kevin Price | | Address on File | | | | | | |
| KEVIN SHAHBAZ | | Address on File | | | | | | |
| KeyBank National Association | as Administrative Agent | 225 Franklin Street, 18th Floor | | | Boston | MA | 02110 | |
| KeyBank National Association | as Agent | 127 Public Square | | | Cleveland | OH | 44114 | |
| KeyBank National Association | ATTN KREC Loan Services | 4910 Tiedman Road | 3rd Floor | | Brooklyn | OH | 44144 | |
| KFORCE PROFESSIONAL STAFFING | | PO BOX 2277997 | | | Atlanta | GA | 30384-7997 | |
| KidLinks | | 6387B Camp Bowie Blvd | #278 | | Fort Worth | TX | 76116 | |
| KidLinks Foundation | | 5485 Belt Line Rd | Suite 400 | | Dallas | TX | 75254-7604 | |
| Kiely, Thomas | | Address on File | | | | | | |
| Kilcullen & Company | | 150 N. Radnor Chester Rd. | Suite C210 | | Radnor | PA | 19087 | |
| KILLEBREW, MATT | | Address on File | | | | | | |
| Kim & Chang | | Seyang Building, 223 Naeja-dong | Jongno-gu | | Seoul | | 110-720 | South Korea |
| Kim Dawson Agency | | 1645 Stemmons Freeway | Suite #B | | Dallas | TX | 75207 | |
| Kim Leslie Shafer | | Address on File | | | | | | |
| Kim R. Kunz | | Address on File | | | | | | |
| Kim, Austen | | Address on File | | | | | | |
| KIM, HELEN | | Address on File | | | | | | |
| Kinder, Travis | | Address on File | | | | | | |
| KING & SPALDING LLP | | 1180 Peachtree St NE | | | Atlanta | GA | 30309-3521 | |
| KING & SPALDING LLP | | PO Box 116133 | | | Atlanta | GA | 30368-6133 | |
| King & Wood Mallesons LLP | | 10 Queen Street Place | | | London | | EC4R 1BE | United Kingdom |
| Kingwood Administrative Services | | 15 Golf Linds Ct | | | Kinwood | TX | 77339 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Kingwood Forestry Service, Inc | | PO Box 1290 | | | Monticello | AR | 71657 | |
| Kingwood Forestry Services, Inc | | 145 Greenfield Drive | | | Monticello | AR | 71655 | |
| Kinney Recruiting LP | | 106 E 6th St Ste 300 | | | Austin | TX | 78701 | |
| Kinsley & Associates, LLC | | 6732 West Coal Mine Avenue #500 | | | Littleton | CO | 80123 | |
| Kirkland & Ellis | | 777 S Figueroa St Ste 3700 | | | Los Angeles | CA | 90017 | |
| Kirkland & Ellis | | 153 E 53RD ST | CITIGROUP CENTER | | New York | NY | 10022-4611 | |
| Kirkpatrick Lockhart Preston Gates Ellis | | SUITE 2800 | 1717 MAIN ST | | Dallas | TX | 75201 | |
| Kirkpatrick Lockhart Preston Gates Ellis | | 1601 K Street NW | | | Washington | DC | 20006-1600 | |
| Klee, Tuchin, Bogdanoff & Stern | | 2121 Ave of the Stars, Flr 33 | | | Los Angeles | CA | 90067 | |
| Kleinberg, Kaplan, Wolff & Cohen | | 551 Fifth Ave 18th Flr | | | New York | NY | 10176 | |
| Kline & Kline | | 8117 Preston Rd. Ste 300 | | | Dallas | TX | 75225 | |
| Klisares, Michael | | Address on File | | | | | | |
| KLOS, DAVID | | Address on File | | | | | | |
| Klosters Trading Corporation | | 61 Heather Lane | | | Williston | VT | 05495 | |
| KMS Financial Services, Inc. | Attn Megan Slater | 2001 Sixth Avenue, Suite 280 | | | Seattle | WA | 98121-9833 | |
| Knect365 US, Inc. | | PO Box 3685 | | | Boston | MA | 02241-3685 | |
| KNIGHT ELECTRICAL SERVICES CORP | | 599 11th Avenue | | | New York | NY | 10036 | |
| KNIGHT ELECTRICAL SERVICES CORP | | 111 8TH AVE | STE 526 | | New York | NY | 10011-5298 | |
| Knights of Columbus | | 2280 Springlake Road | | | Dallas | TX | 75234 | |
| Knott, Brandon | | Address on File | | | | | | |
| Knott, Brandon | | Address on File | | | | | | |
| Knox, Haley | | Address on File | | | | | | |
| KNUTSON, DEREK | | Address on File | | | | | | |
| Koch Companies Public Sector, LLC | | PO Box 93901 | | | Chicago | IL | 60673 | |
| Kody Krause | | Address on File | | | | | | |
| Komen Dallas Race for the Cure | ATTN GARI PHILLIPS | 12820 HILLCREST | STE C105 | | Dallas | TX | 75230 | |
| Komen Dallas Race for the Cure | | 765 NorthPark Center | | | Dallas | TX | 75225 | |
| Korea Chonha Translation Co., Ltd. | | 1024 Manhattan Bldg, 36-2 | Yeungdeungpo-gu | | Seoul | | 150-746 | South Korea |
| Korea Standard Transl Center Co. Ltd. | | S-701, Garden 5 Works | Munjeong-dong Songpa-gu | | Seoul | | 138-200 | South Korea |
| KORNGUT, BRYAN | | Address on File | | | | | | |
| KORTLANDER, MATTHEW | | Address on File | | | | | | |
| KORTLANDER, MATTHEW A. | | Address on File | | | | | | |
| Kouzmenko, Svetlana | | Address on File | | | | | | |
| Kovack Securities Inc. | | 6451 N. Federal Hwy | Suite 1201 | | Ft. Lauderdale | FL | 33308 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 92 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Kovelan, Kari | | Address on File | | | | | | |
| KPMG LLP | | 3 Chesnut Ridge Rd | | | Montvale | NJ | 07645 | |
| KRAMER LEVIN NAFTALIS & FRANKEL LLP | | 1177 AVENUE OF THE AMERICAS | | | New York | NY | 10036-2714 | |
| Krishnan, Prasad | | Address on File | | | | | | |
| Kroll Associates, Inc. | | 475 Sansome Street | Suite 510 | | San Francisco | CA | 94104 | |
| Kromann Reumert | | Sundkrogsgade 5 | | | Copenhagen | | DK-2100 | DENMARK |
| Kruse & Associates, Ltd. | | 180 North LaSalle Street, Ste 3700 | | | Chicago | IL | 60601 | |
| Kryzer, Damon | | Address on File | | | | | | |
| KUCHLER, TOM | | Address on File | | | | | | |
| Kuehn, Richard | | Address on File | | | | | | |
| KULWICH, STEPHANIE | | Address on File | | | | | | |
| Kuperman, Orr & Albers PC | | 2801 Via Fortuna | Suite 430 | | Austin | TX | 78746 | |
| KURATTI, MOHAN | | Address on File | | | | | | |
| KURT DAUM | | Address on File | | | | | | |
| KURT DAUM | | Address on File | | | | | | |
| KURT PLUMER | | Address on File | | | | | | |
| Kurtis Plumer | | Address on File | | | | | | |
| Kurtosys Systems Inc. | | 134 5th Ave | 3rd Floor | | New York | NY | 10011 | |
| KWOK, NAM | | Address on File | | | | | | |
| L.A. Fuess Partners | | 3333 Lee Pkwy, Ste 300 | | | Dallas | TX | 75219 | |
| L.C. Kirk & Co | | 101 W Argonne | Ste 16 | | Saint Louis | MO | 63122 | |
| LABADIE, MICHAEL | | Address on File | | | | | | |
| Lackey Hershman LLP | Paul Lackey, Esq. | Stinson LLP | 3102 Oak Lawn Avenue, Ste 777 | | Dallas | TX | 75219 | |
| Lackey Hershman LLP | | 3102 Oak Lawn, Ste 777 | | | Dallas | TX | 75219-4241 | |
| LAFFER ASSOCIATES | | 103 Murphy Court | | | Nashville | TN | 37203 | |
| LAH Investments, LLC | | 4 Circle Drive | | | Rumson | NJ | 07660 | |
| Lamba, Menka | | Address on File | | | | | | |
| LAMENSDORF, JONATHAN | | Address on File | | | | | | |
| Lamplighters Parents Association | | 11611 Inwood Road | | | Dallas | TX | 75229 | |
| Landmark Graphics Corp | | PO Box 301341 | | | Dallas | TX | 75303-1341 | |
| Landmark Graphics Corp | | 2107 CityWest Blvd | Building 2 | | Houston | TX | 77042-2827 | |
| Landmark Graphics Corporation | | 10200 Bellaire Blvd | | | Houston | TX | 77072-5299 | |
| Landon Patterson | | Address on File | | | | | | |
| Landpro Corporation | | 21755 I-45 North | Building 7 | | Spring | TX | 77388 | |
| Landry, John | | Address on File | | | | | | |
| Lanier Worldwide, Inc. | | PO Box 105533 | | | Atlanta | GA | 30348-5533 | |
| Larkin, William | | Address on File | | | | | | |
| LAROCHE PETROLEUM CONSULTANTS, LTD | | 4600 GREENVILLE AVE | STE 160 | | Dallas | TX | 75206 | |
| LaRoche Petroleum Consultants, Ltd. | | 2435 N. Central Expwy | Suite 1500 | | Richardson | TX | 75080 | |
| LARRY LINDSEY | | Address on File | | | | | | |
| Lars Enstrom | | Address on File | | | | | | |
| LARSEN, JESS S. | | Address on File | | | | | | |
| LARSON & MCGOWIN INC. | | 254 NORTH JACKSON ST | PO BOX 2143 | | Mobile | AL | 36652 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 93 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Laser App | | 222 Valley Creek Blvd, Ste 300 | | | Exton | PA | 19341 | |
| Laser App | | 3190 Shelby Street | Suite D-100 | | Ontario | CA | 91764 | |
| LATENTZERO INC | | 160 Federal Street | 16 th Floor | | Boston | MA | 02110 | |
| LATENTZERO INC | | PO BOX 415437 | | | Boston | MA | 02241 | |
| LATENTZERO INC | | Dept CH 16755 | 16TH FLR | | Palatine | IL | 60055-6755 | |
| Lateral Group NA, LLC | | 5516 Collection Ctr Drive | | | Chicago | IL | 60693 | |
| Latham & Watkins LLP | Andrew Clubok, Sarah Tomkowiak | 555 Eleventh Street, NW, Suite 1000 | | | Washington | DC | 20004 | |
| Latham & Watkins LLP | Jamie Wine | 885 Third Ave. | | | New York | NY | 10022-4834 | |
| Latham & Watkins LLP | Jeffrey E. Bjork, Kimberly A. Posin | 355 South Grand Avenue, Ste. 100 | | | Los Angeles | CA | 90071 | |
| LATHAM & WATKINS LLP | | PO BOX 7247-8181 | | | Philadelphia | PA | 19170-8181 | |
| Latham and Watkins LLP | Asif Attarwala | 330 North Wabash Ave. Suite 2800 | | | Chicago | IL | 60611 | |
| LATIMER, KEVIN | | Address on File | | | | | | |
| Latin Markets | | 10 W. 37th St | 7th Floor | | New York | NY | 10018 | |
| LatinFinance | | Subscriptions | PO Box 4009 | | Chesterfield | MO | 63006-4009 | |
| Lattig, Larry | | Address on File | | | | | | |
| Lauren A. Coleman | | Address on File | | | | | | |
| Lauren Brady | | Address on File | | | | | | |
| LAUREN HOLLAND | | Address on File | | | | | | |
| Lauren Powell | | Address on File | | | | | | |
| Lauren Roche | | Address on File | | | | | | |
| Lauren Sekerke | | Address on File | | | | | | |
| Lauren Selevan | | Address on File | | | | | | |
| Lauren Thedford | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| Law Debenture Corporate Services Limited | | Fifth Floor | 100 Wood Street | | London | | EC2V 7EX | United Kingdom |
| LAW JOURNAL PRESS | | PO BOX 18105 | | | Newark | NJ | 07191-8105 | |
| Law Office of Michael R. Boling | | 2305 W. Parker Rd | Suite 203 | | Plano | TX | 75023 | |
| Law Office of Sean F. Oshea | | 90 Park Ave, 20th Flr | | | New York | NY | 10016 | |
| Law Offices of Art Brender | | 600 Eighth Avenue | | | Ft. Worth | TX | 76104 | |
| LAW OFFICES OF CHAPMAN & CUTLER | | PO BOX 71291 | | | Chicago | IL | 60694 | |
| Law Offices of Charles Renfrew | | 710 Sansome St | | | San Francisco | CA | 94111-1704 | |
| LAW OFFICES OF CHRISTOPHER NOLLAND | | 1717 MAIN ST | STE 5550 LB 39 | | Dallas | TX | 75201 | |
| LAWLER, TIMOTHY | | Address on File | | | | | | |
| Lawrence A. Hamermesh | | Address on File | | | | | | |
| Lawrence Labanowski | | Address on File | | | | | | |
| LAWRENCE, SUZANNE | | Address on File | | | | | | |
| Lawyers Title of Arizona, Inc. | | 3131 E. Camelback Rd | Suite 220 | | Phoenix | AZ | 85016 | |
| LB GROUP, LLC | ATTN J LYONS BREWER | 274 RIVERSIDE AVE | | | Westport | CT | 06880 | |
| LE, ELI | | Address on File | | | | | | |
| LEAK, ELIZABETH | | Address on File | | | | | | |
| LEAP Foundation | | 9101 N Central Expressway | Suite 600 | | Dallas | TX | 75231 | |

Highland Capital Management, L.P.
Case No. 19-34054

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| LED ENTERPRISES, INC. | | 11131 SHADY TRAIL | | | Dallas | TX | 75229 | |
| LEDERMAN, SHAWN | | Address on File | | | | | | |
| Lee Lord | | Address on File | | | | | | |
| Lee Park and Arlington Hall Conservancy | | 3333 Turtle Creek Blvd. | | | Dallas | TX | 75219 | |
| Lee, Dylan | | Address on File | | | | | | |
| Lee, Jae | | Address on File | | | | | | |
| LEE, JEFFREY | | Address on File | | | | | | |
| Lee, Shawn | | Address on File | | | | | | |
| Lee, Woenjun | | Address on File | | | | | | |
| Legal Concierge, Inc. | | 3975 McCreary Road | | | Parker | TX | 75002 | |
| LegaLink Dallas | | PO Box 277951 | | | Atlanta | GA | 30384 | |
| LegaLink Dallas | | PO Box 538481 | | | Atlanta | GA | 30353-8481 | |
| Legalpeople LLC | | 134 N. LaSalle Street, Ste 800 | | | Chicago | IL | 60602 | |
| LegalSource LS, LLC | | 601 West 5th St, Ste 240 | | | Los Angeles | CA | 90071 | |
| LEGG, BRIAN | | Address on File | | | | | | |
| Leif M Clark Consulting PLLC | | PO Box 2676 | | | San Antonio | TX | 78299 | |
| LEMME, MATTHEW | | Address on File | | | | | | |
| LEMUS, LUIS | | Address on File | | | | | | |
| LEMUS, LUIS C. | | Address on File | | | | | | |
| LENGE, ANDREW | | Address on File | | | | | | |
| Lenz & Staehelin | | Route de Chene 30 | CH-1211 | | Geneva | | 6 | Switzerland |
| LEO, EDWARD | | Address on File | | | | | | |
| Leonard Budyonny | | Address on File | | | | | | |
| LESLIE GILB TAPLIN LIVING TRUST | | Address on File | | | | | | |
| Leslie Kwang | | Address on File | | | | | | |
| Leung, Timothy | | Address on File | | | | | | |
| LEVENTON, ISAAC | | Address on File | | | | | | |
| Levinger PC | | 1445 Ross Avenue | Suite 2500 | | Dallas | TX | 75202 | |
| Levinger PC | | 1700 Pacific Ave Ste 2390 | | | Dallas | TX | 75201-7371 | |
| Levy & Salomao Advogados | | AV. Brog.Faria Lima, 2601-120Andar | CEP 01452-924 | | Sao Paulo-SP | | | BRAZIL |
| Lewis J. Shuster | | Address on File | | | | | | |
| Lewis Silkin LLP | | 5 Chancery Lane | Cliffords Inn | | London | | EC4A 1BL | United Kingdom |
| Lewis, Rice & Fingersh, L.C. | | 500 N Broadway, Ste 2000 | | | Saint Louis | MO | 63102-2147 | |
| Lexecon | | 332 S. Michigan Ave. | | | Chicago | IL | 60604-4397 | |
| LexisNexis | | PO Box 733106 | | | Dallas | TX | 75373-3106 | |
| Lexitas | | P.O. Box 734298 | Dept. 2012 | | Dallas | TX | 75373-4298 | |
| LHWL | | PO Box 38011 | | | Dallas | TX | 75238 | |
| Li, Chaoyi | | Address on File | | | | | | |
| Liberty CLO Ltd. | JPMorgan Chase Bank | 600 Travis Street | 50th Floor | Worldwide Securities Services-Liberty CLO, Ltd. | Houston | TX | 77002 | |
| Liberty CLO Ltd. | Liberty CLO, Ltd. c/o Walkers SPV Limited | Walker House, PO Box 908GT, Mary Street | George Town, Grand Cayman | The Directors | Grand Cayman | | | Cayman Islands |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21   Entered 08/19/21 16:03:15   Page 95 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Liberty CLO Ltd. | | 190 Elgin Avenue | George Town | | Grand Cayman | | KY1-9005 | Cayman Islands |
| Liberty Life Assurance Co of Boston | | Group Benefits | PO Box 2658 | | Carol Stream | IL | 60132-2658 | |
| Liberty Life Assurance Company of Boston | | 100 Liberty Way | | | Dover | NH | 03821-0000 | |
| Liberty Mutual Insurance Company | | 175 Berkley St | | | Boston | MA | 02116-0000 | |
| LIDDLE, BRIANNE | | Address on File | | | | | | |
| Life Fitness | | 156 Oak Trail | | | Coppell | TX | 75019 | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | | PO BOX 13701 | | | Philadelphia | PA | 19101-3701 | |
| Lighthouse Document Solutions | | 723 Main St | Suite 430 | | Houston | TX | 77002 | |
| Lighthouse Document Solutions | | 2520 Caroline | | | Houston | TX | 77004 | |
| Lightpath Capital, Inc. | | 1453 Third Street Promenade | Suite 315 | | Los Angeles | CA | 90401 | |
| Lincoln Discovery Services, Inc. | | 42 Nevada Ave | | | Long Beach | NY | 15161 | |
| Lincoln Financial Advisors Corp. | Attn Trish Kendregan, FBO David Chazin | 1300 S. Clinton Street, 1H-53 | | | Fort Wayne | IN | 46802 | |
| Lincoln Financial Advisors Corp. | | 1 Independent Drive | Suite 2901 | | Jacksonville | FL | 32202 | |
| Lincoln Financial Advisors Corp. | | Trish Kendregan | 1300 S. Clinton St, IH-53 | | Fort Wayne | IN | 46802 | |
| Lincoln Financial Advisors Corp | | 18400 Von Karman, Ste 400 | | | Irvine | CA | 92612 | |
| LINDEN, RICHARD | | Address on File | | | | | | |
| Lindsey McCully | | Address on File | | | | | | |
| Lindsey Norman | | Address on File | | | | | | |
| Linear Technologies | | 259 West 30th Street | Suite 201 | | New York | NY | 10001 | |
| Linear Technologies, Inc. | | 259 West 30th Street, Suite 201 | | | New York | NY | 10001 | |
| LinkedIn Corporation | | 62228 Collections Center Drive | | | Chicago | IL | 60693-0622 | |
| LinkedIn Corporation | | 1000 West Maude Avenue | | | Sunnyvale | CA | 94085-0000 | |
| Linsco/Private Ledger | | 9785 Towne Centre Dr | | | San Diego | CA | 92121-1968 | |
| LINVEL, SHANNON | | Address on File | | | | | | |
| Lipper Inc | | PO Box 417148 | | | Boston | MA | 02241 | |
| LiquidFiles | | PO Box 2403 | | | North Parramatta | NSW | 01750 | AUSTRALIA |
| Lisa Bock | | Address on File | | | | | | |
| Lisa Joseph | | Address on File | | | | | | |
| LISA RIDLEY | | Address on File | | | | | | |
| Litigation Paralegals, LLC | | 1717 McKinney Avenue | Suite 700 | | Dallas | TX | 75202 | |
| Litigation Research | | 15 Golf Links Court | | | Kingwood | TX | 77339-5335 | |
| Litigation Solution, Inc. | | 901 Main St Concourse 121 | | | Dallas | TX | 75202 | |
| Litigation Research | ATTN Litigation Research | 15 Glf Lknks Ct | | | Kingswood | TX | 77339 | |
| Little Forney Crossing, Ltd. | c/o Standridge Companies, Ltd | 3008 E. Hebron Pkwy, Bldg 300 | | | Carrollton | TX | 75010 | |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 96 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Litter Mendelson, PC | | PO Box 45547 | | | San Francisco | CA | 94145-0547 | |
| LIU, JEFF | | Address on File | | | | | | |
| Live Healthy America | | 1300 Walnut Street | Suite 100 | | Des Moines | IA | 50309 | |
| LiveWire Technologies, Inc. | | PO Box 550 | | | Little Elm | TX | 75068 | |
| Lizarazo, Mireya | | Address on File | | | | | | |
| Llaughing Llama Productions | Attn Robert Briscoe | 11 Moller St | | | Tenafly | NJ | 07670 | |
| LLOYD GROUP | | PO BOX 1374 MIDTOWN STATION | | | New York | NY | 10018 | |
| LLOYD, ANDREA K. | | Address on File | | | | | | |
| LNR and Associates | | 9426 Chimney Corner Lane | | | Dallas | TX | 75243 | |
| Loan Syndications and Trading | Attn Alicia Sansone | 366 Madison Ave, 15th Floor | | | New York | NY | 10017 | |
| Loan Syndications and Trading | ATTN LORENA DELUCA | 360 MADISON AVE, 16TH FLR | | | New York | NY | 10017 | |
| Locke Liddell & Sapp LLP | | PO Box 911541 | | | Dallas | TX | 75391-1-541 | |
| Lockton Companies of Dallas | | PO Box #671195 | | | Dallas | TX | 75267-1-195 | |
| Loews Coronado Bay | Jessica Gaines | Loews Business Service Center | 424 Church Street, Suite 300 | | Nashville | TN | 37219 | |
| Loews Coronado Bay | Loews Coronado Bay Hotel | 4000 Coronado Bay Road | | | Coronado | CA | 92118 | |
| Loews Coronado Bay Resort | | 4000 Coronado Bay Road | | | Coronado | CA | 92118 | |
| Loews Las Vegas Resort | | 101 MonteLago Blvd | | | Henderson | NV | 89011 | |
| Logan Allin | | Address on File | | | | | | |
| LogMeIn, Inc. | | PO Box 50264 | | | Los Angeles | CA | 90074-0264 | |
| LogoLink | | 3001 LBJ Freeway Ste 103 | | | Dallas | TX | 75234 | |
| LOHRDING, BRIAN | | Address on File | | | | | | |
| Loiben, Tara | | Address on File | | | | | | |
| LOMBARDI, CHRISTOPHER | | Address on File | | | | | | |
| London Stock Exchange | | 10 Paternoster Square | | | London | | EC4M 7LS | United Kingdom |
| Longhorn Credit Funding, LLC | c/o Lord Securities Corp. | 48 Wall Street, 27th Floor | Attn Secretary | | New York | NY | 10005 | |
| Longhorn Credit Funding, LLC | | 874 Walker Rd, Ste C | | | Dover | DE | 19904-0000 | |
| Looper Reed & McGraw P.C. | | 1601 Elm St, Ste 4600 | | | Dallas | TX | 75201 | |
| Loren Jackson, District Clerk | Att Civil/Family Post Trial | PO Box 4651 | | | Houston | TX | 77210-4651 | |
| Lori Hosea | | Address on File | | | | | | |
| LOSEY, NICHOLAS | | Address on File | | | | | | |
| LOUGHLIN MEGHJI + COMPANY, INC. | | 148 MADISON AVE | 8TH FLOOR | | New York | NY | 10016 | |
| LOUGHLIN MEGHJI + COMPANY, INC. | | 220 West 42nd Street, 9th Floor | | | New York | NY | 10036 | |
| Louis Dessaint | | Address on File | | | | | | |
| LOVELACE, NAOMI | | Address on File | | | | | | |
| Lowenstein Sandler PC | | 65 Livingston Ave | | | Roseland | NJ | 07068 | |
| Loyal Source | | 3504 Lake Lynda Drive | Suite 175 | | Orlando | FL | 32817 | |
| Loyens Loeff | | Address on File | | | | | | |
| Loyola University- Barnett Professorship | ATTN Traci Wolff | Loyola University New Orleans | 7214 St. Charles Ave., Campus Box 909 | | New Orleans | LA | 70115 | |
| LPGP Connect | | 98 Mereway Road | | | Twickenham | | TW2 6RG | United Kingdom |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 97 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| LPL Financial | Attn Accounts Receivable | PO Box 5023008 | | | San Diego | CA | 92150-2308 | |
| LPL Financial | Attn Client Comp Dept | 4707 Executive Dr | | | San Diego | CA | 92121-3091 | |
| LPL Financial | Attn Comp Dept FBO Sid Lorio | 4707 Executive Drive | | | San Diego | CA | 92121-3091 | |
| Lucas Associates, Inc. | | PO Box 638364 | | | Cincinnati | OH | 45263-8364 | |
| Lucas Group | | PO Box 406672 | | | Atlanta | GA | 30384-6672 | |
| LUCAS VOILES | | Address on File | | | | | | |
| LUCHEY, BRITTANY | | Address on File | | | | | | |
| LUCIDITY CONSULTING GROUP LP | ATTN ROBIN PARSONS | 1300 LOOKOUT DRIVE | SUITE 225 | | Richardson | TX | 75082 | |
| Lucy Bannon | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| LUI, VINCENT | | Address on File | | | | | | |
| Luis Gomez | | Address on File | | | | | | |
| Luis Lopez | | Address on File | | | | | | |
| Lumension Security, Inc. | | PO Box 912806 | | | Denver | CO | 80291-2806 | |
| Luna, Jose | | Address on File | | | | | | |
| LUNNEY, BRITTANY | | Address on File | | | | | | |
| Lutheran High School | c/o Hannah Culburtson | 9531 Milltrail | | | Dallas | TX | 75238 | |
| Luu, Joye | | Address on File | | | | | | |
| LVOVICH, YARASLAV | | Address on File | | | | | | |
| Lynn Pinker Cox & Hurst, L.L.P. | | Lynn Pinker Cox & Hurst, LLP | 2100 Ross Avenue, Ste 2700 | | Dallas | TX | 75201 | |
| LYNN, PHAM & ROSS, LLP | Michael K. Hurst, Esq. | PO BOX 190466 | | | Dallas | TX | 75219-4129 | |
| Lynne Fiske | | Address on File | | | | | | |
| Lynx Capital, LLC | | 10900 Wilshire Blvd Ste 300 | | | Los Angeles | CA | 90024 | |
| Lyon Wealth Management Inc. | | 14646 N Kierland Blvd, Ste 125 | HighTower Advisors | | Scottsdale | AZ | 85254 | |
| LYON, RICHARD D. | | Address on File | | | | | | |
| Lyons Brewer Group | | 274 Riverside Ave | | | Westport | CT | 06880 | |
| LYRECO | | DEER PARK - DONNINGTON WOOD | | | TELFORD SHROPSHIRE | | TF2 7NB | United Kingdom |
| M Patrick McShan | | Address on File | | | | | | |
| M&M The Special Events Company | | 9500 W 55th St Ste A | | | Countryside | IL | 60525-7125 | |
| M&S Technologies | | 2727 LBJ Freeway | Suite 810 | | Dallas | TX | 75234 | |
| M/S Media Productions Inc | | 512 Main Street, Suite 1301 | | | Fort Worth | TX | 76102 | |
| MA Division of Unemployment Assistance | | Revenue Service | 19 StanfoRd St | | Boston | MA | 02114-2566 | |
| Mabry, Will | | Address on File | | | | | | |
| Macauley LLC | | 300 Delaware Avenue | Suite 760 | | Wilmington | DE | 19801 | |
| Macfarlanes | | 10 Norwich St | | | London | | EC4A 1BD | United Kingdom |
| MACKENZIE PARTNERS, INC | | 105 MADISON AVE | | | New York | NY | 10016 | |
| MacroMavens | | 180 W 20th Street | Suite 1700 | | New York | NY | 10011-0000 | |
| MacroMavens, LLC | | 180 W. 20th Street | Suite 1700 | | New York | NY | 10011 | |
| MADDEN, SAMUEL | | Address on File | | | | | | |
| MaddenSewell, LLP | | 1755 Wittington Place | Ste 300 | | Dallas | TX | 75234 | |
| MAH, JEFFERY | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

**Appx. 00452**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 98 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| MAHMUD, GIBRAN | | Address on File | | | | | | |
| MailFinance | | 25881 Network Place | | | Chicago | IA | 60673-1258 | |
| Make-A-Wish Foundation of Metro New York | | One Penn Plaza Ste 3600 | | | New York | NY | 10119 | |
| MALCOLM M KNAPP, INC | | 46 E 92ND ST APT 5 | | | NEW YORK | NY | 10128-1371 | |
| Malone Maxwell Borson Architects | | 718 North Buckner Blvd | Suite 400 | | Dallas | TX | 75218 | |
| Malwarebytes Corporation | | 10 Almaden Blvd, 10th Floor | | | San Jose | CA | 95113 | |
| Management Recruiters of Tallahassee | | 743 East Tennessee St | | | Tallahassee | FL | 32308 | |
| Management Search Inc | | 245 Peachtree Center Ave | suite 2500 | | Atlanta | GA | 30303 | |
| Manaswi Sharma | | Address on File | | | | | | |
| Manchester Grand Hyatt | | PO Box 51914, Unit O | | | Los Angeles | CA | 90051-6214 | |
| MandateWire | ATTN Accounting | 1430 Broadway, 12th Floor | | | New York | NY | 10018 | |
| Manesh Shah | | Address on File | | | | | | |
| Mangia | | 50 West 57th Street | | | New York | NY | 10019 | |
| Mangin, Andrew | | Address on File | | | | | | |
| Manhattan Fire & Safety Corp. | | 242 West 30th Street | 7th Floor | | New York | NY | 10001 | |
| Manhattan Information Systems, Inc. | | 228 East 45th St | | | New York | NY | 10017 | |
| Manhattan Jewish Experience | Attn Danielle Yadaie | 131 West 86th Street, Floor 11 | | | New York | NY | 10024 | |
| Manian, Meagan | | Address on File | | | | | | |
| MANNING, ELLEN | | Address on File | | | | | | |
| MANO, JONATHAN | | Address on File | | | | | | |
| Mansoor Kazi | | Address on File | | | | | | |
| Manuel Lopez | | Address on File | | | | | | |
| Manulife Financial | | PO Box 894764 | | | Los Angeles | CA | 90189-4764 | |
| MANZO, MARC C. | | Address on File | | | | | | |
| MapAnything | | 5200 77 Center Dr, Ste 400 | | | Charlotte | NC | 28217 | |
| Maples and Calder | | UGLAND HOUSE | PO BOX 309GT S CHURCH ST | George Town | Grand Cayman | | | Cayman Islands |
| Maples Compliance Services (Cayman) Limi | | PO Box 1093, Queensgate House | | | Grand Cayman | | KY1-1102 | Cayman Islands |
| Maples Fiduciary Services (Delaware) Inc. | | 4001 Kennett Pike, Ste 302 | | | Wilmington | DE | 19807 | |
| MAPLES FINANCE | | PO BOX 1093GT, QUEENSGATE HOUSE | SOUTH CHURCH ST | | GEORGE TOWN | | KY1-1104 | Cayman Islands |
| MaplesFS | attn Peter Huber | Boundry Hall, Cricket Square | PO Box 1093 | | Grand Cayman | | KY1-1102 | Cayman Islands |
| MaplesFS Service Company Limited | | PO Box 1093 | Boundary Hall | | GRAND CAYMAN | | KY1-1102 | Cayman Islands |
| Marble Care Unlimited | | 705 N. Bowser | #110 | | Richardson | TX | 75081 | |
| Marc Carlson | | Address on File | | | | | | |
| MARC FABER LIMITED | | SUITE 3311-3313 | TWO INTERNATIONAL FINANCE CENTER | 8 FINANCE STREET | CENTRAL HONG KONG | | | HONG KONG |
| MARC KLYMAN | | Address on File | | | | | | |
| MARC MANZO | | Address on File | | | | | | |
| March of Dimes | attn Megan Fletcher | 12660 Coit Road, Suite 200 | | | Dallas | TX | 75251 | |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 99 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Marco Consulting, LLC | | 913 Westminster Way | | | Southlake | TX | 76092 | |
| Marcus Evans Inc. | | Address on File | | | | | | |
| Margaret Peggy Boswell | | Address on File | | | | | | |
| Margarita Masters | | 906 Sunnyvale Dr | | | Arlington | TX | 76010-2936 | |
| Maricopa County Treasurer | | 301 West Jefferson St | Rm 100 | | Phoenix | AZ | 85003 | |
| Marion A. Patterson | | Address on File | | | | | | |
| Mark Badros | | Address on File | | | | | | |
| Mark Divine | Koa Kai, LLC | PO Box 232307 | | | Leucadia | CA | 92023 | |
| Mark Drucker | | Address on File | | | | | | |
| Mark Gargiulo – CFO | | Address on File | | | | | | |
| MARK GELNAW | | Address on File | | | | | | |
| Mark K. Okada | Sullivan Cromwell LLP | Brian D. Glueckstein | 125 Broad Street | | New York | NY | 10004 | |
| Mark Kiniry | | Address on File | | | | | | |
| Mark Okada | | Address on File | | | | | | |
| Mark Patrick | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commece Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| Mark Rywelski | | Address on File | | | | | | |
| Mark Schonfeld, Esq. | Regional Director | Securities & Exchange Commission | 3 World Financial Center, Suite 400 | | New York | NY | 10281-1022 | |
| Mark Simmelkjaer | | Address on File | | | | | | |
| Mark Turner | | Address on File | | | | | | |
| MARKET AXESS CORPORATION | | LOCKBOX # 30023, GENERAL POST OFC | PO BOX 30023 | | New York | NY | 10087-0023 | |
| Market Builders, Inc. | | 433 Begonia Ave. | | | Corona Del Mar | CA | 92625 | |
| Market76, Inc. | | 900 Grand Avenue | Suite A | | New Haven | CT | 06511 | |
| MarketResearch | | 6101 Executive Blvd Ste 110 | | | Rockville | MD | 20852 | |
| Markets Group. | | 10 W. 37th St. | 7th Floor | | New York | NY | 10018 | |
| Markham Fine Jewelers | | 8355 Gaylord Pkwy | | | Frisco | TX | 75034 | |
| Markit | Attn John Taylor | IHS Markit Legal Department Ropemaker Place, 25 Ropemaker Street | IHS Markit, 450 West 33rd St, | 5th Floor | New York | NY | 10001 | |
| Markit Equities Limited | c.o Market Group Limited, Level 4 | | | | London | | EC2Y9LY | United Kingdom |
| Markit Group Limited | | 4th Flr Ropemaker Place | 25 Ropemaker St | | London | | EC2Y9LY | United Kingdom |
| Markit Group Limited | | Level 5 | 2 More London Riverside | | London | | SEI 2AP | United Kingdom |
| Markit Group Limited / Markit North Amer | | 2 More London Riverside | | | London | | SE12AP | United Kingdom |
| Markit North America Inc. | | 620 8th Ave | 35th floor | | New York | NY | 10018 | |
| Markit Valuations Ltd | | level 5 | 2 More London Riverside | | London | | SEI 2AP | United Kingdom |
| Markit WSO Corp | Kendra Montoya | 15 Inverness Way East | | | Englewood | CO | 80112 | |
| MARKIT WSO CORPORATION | | Three Lincoln Centre | 5430 LBJ Frwy, STe 800 | | Dallas | TX | 75240 | |
| MarksADR, LLC | | 4833 Rugby Ave, Ste 301 | | | Bethesda | MD | 20814 | |
| MARQUESS & ASSOCIATES | | 15441 KNOLL TRAIL | STE 280 LB1 | | Dallas | TX | 75248 | |
| Marriott Business Services | | PO Box 402642 | | | Atlanta | GA | 30384-2642 | |
| Mars Printing | | 17426 Studebaker Rd | | | Cerritos | CA | 90703 | |
| MARSHALL HESS | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 100 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Marson, Stacy | | Address on File | | | | | | |
| Martin G. Salazar | | Address on File | | | | | | |
| Martin Podorsky | | Address on File | | | | | | |
| Martin, Andrew | | Address on File | | | | | | |
| Martin, Carla | | Address on File | | | | | | |
| MARTIN, DANIEL G. | | Address on File | | | | | | |
| MARTIN, WILLIAM | | Address on File | | | | | | |
| MARTINSON, MARK | | Address on File | | | | | | |
| Marty Mooney | | Address on File | | | | | | |
| Marval & OFarrell | | Av. Leandro N. Alem 928 | | | Buenos Aires | | 01001 | ARGENTINA |
| Mary Irving | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| Mary Zappone | | Address on File | | | | | | |
| Maryam Rusch | | Address on File | | | | | | |
| Maryland Office of the Attorney General | Division of Securities | 200 Saint Paul Place | | | Baltimore | MD | 21202 | |
| Marzullo Reporting Agency | | 345 North LaSalle | No 1605 | | Chicago | IL | 60654 | |
| MASON, DEANA | | Address on File | | | | | | |
| MASON, FREDERIC | | Address on File | | | | | | |
| MASON, FREDERIC | | Address on File | | | | | | |
| Mass. Dept. of Revenue | Attn Bankruptcy Unit | PO Box 9564 | | | Boston | MA | 02114 | |
| MASSACHUSETTS DEPARTMENT OF REVENUE | | PO Box 7025 | | | Boston | MA | 02204 | |
| MASSACHUSETTS DEPARTMENT OF REVENUE | | PO BOX 7065 | | | Boston | MA | 02204-7065 | |
| Massachusetts Mutual Life Insurance Co | | 1295 State Street | | | Springfield | MA | 01111 | |
| Massand Capital, INC | | 130 East 18th Street #1P | | | New York | NY | 10003 | |
| MASSEYS LLP | | Hillgate House | 26 Old Bailey | | London | | EC4M 7OH | United Kingdom |
| MassMutual Financial Group | | 100 Bright Meadow Blvd | | | Enfield | CT | 06082 | |
| MassMutual Life Insurance Company | | 1000 N Central Expwy Ste 1000 | | | Dallas | TX | 75231-4177 | |
| Massoud Karimzadeh | | Address on File | | | | | | |
| Mateo Hix | | Address on File | | | | | | |
| MATRIX RESOURCES INC. | | PO BOX 101177 | | | Atlanta | GA | 30392 | |
| Matt Culler | | Address on File | | | | | | |
| MATT DUNHAM | | Address on File | | | | | | |
| Matt Hurd | | Address on File | | | | | | |
| Matt McElligott | | Address on File | | | | | | |
| Matt McElligott Photography | | 1409 E. Windsor Drive | | | Denton | TX | 76209 | |
| MATTHEW BENDER & CO, INC | | PO BOX 7247-0178 | | | Philadelphia | PA | 19170-0178 | |
| Matthew Berry, Esq. | Office of General Counsel | Federal Communications Commission | 445 12th Street, S.W. | | Washington | DC | 20554 | |
| Matthew DiOrio | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| Matthew Garrett | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 101 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Matthew Gould | | Address on File | | | | | | |
| Matthew Kirst | | Address on File | | | | | | |
| Matthew Murphy | | Address on File | | | | | | |
| MATTHEW SCHNABEL | | Address on File | | | | | | |
| Matthew Selman | | Address on File | | | | | | |
| MATTHEW WHITLEY | | | | | | | | |
| Mattos Filho Veiga Filho Marry Jr. | | Address on File | | | | | | |
| Maurice Robinson & Associates LLC | | 880 Apollo St Suite 125 | | | El Segundo | CA | 90245 | |
| Maurice Robinson & Associates LLC | | 28 Dover Place | | | Manhattan Beach | CA | 90266 | |
| Mauricio Chavarriaga | c/o Highland Capital Mgmt. | 245 Park Ave, 24th Flr | | | New York | NY | 10167 | |
| Mauricio Chavarriaga | | Address on File | | | | | | |
| Mauricio Delgado | | Address on File | | | | | | |
| MAWN, CHRISTOPHER | | Address on File | | | | | | |
| Max Russell Phinney | | Address on File | | | | | | |
| Maxim Group, LLC | | 405 Lexington Ave #2 | | | New York | NY | 10174 | |
| MAY, DERRICK | | Address on File | | | | | | |
| MAYER BROWN LLP | | 2027 COLLECTION CENTER DR | | | Chicago | IL | 60693-0020 | |
| Mayer, Brown, Rowe & Maw LLP | | 1675 Broadway | | | New York | NY | 10019-5820 | |
| Mayeron, John | | Address on File | | | | | | |
| Mayo, Christopher L. | | Address on File | | | | | | |
| Mayors Intern Fellows Fund | | The Dallas Foundation | 3963 Maple Ave, Suite 390 | | Dallas | TX | 75219 | |
| Mazzeo Song & Bradham LLP | | 708 Third Ave, 19th Fl | | | New York | NY | 10017 | |
| MBA Reporting Services, Inc | | 555 Republic Drive | 2nd Floor | | Plano | TX | 75074 | |
| MBM Advisors, Inc. | | 4440 Louisiana #2600 | | | Houston | TX | 77002 | |
| McCaffety, Christopher | | Address on File | | | | | | |
| McCague Borlack LLP | | 130 King St. West Suite 2700 | | | Toronto | ON | M5XIC7 | CANADA |
| McClung, Elizabeth B. | | Address on File | | | | | | |
| McCormick, Robert | | Address on File | | | | | | |
| McCormick, Robert | | Address on File | | | | | | |
| McDaniel, Patrick | | Address on File | | | | | | |
| McDermott, Bonner | | Address on File | | | | | | |
| McDermott Investment Services, LLC | | 44 E Broad St, FL 2 | | | Bethlehem | PA | 18018 | |
| McDermott Will & Emery LLP | | Lockbox - New York PO Box 7247-6755 | | | Philadelphia | PA | 19170-6755 | |
| McDermott Will & Emery LLP | | PO BOX 2995 | | | Carol Stream | IL | 60132-2995 | |
| McDermott Will & Emery LLP | | 227 West Monroe Street | | | Chicago | IL | 60606-5096 | |
| McDermott Will & Emery LLP | | P.O. Box 6043 | | | Chicago | IL | 60680-6043 | |
| McElroy & Company P.C. | | 16415 Addison Road | Suite 800 | | Addison | TX | 75001 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 102 of
175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| MCFARLANE, PETER A | | Address on File | | | | | | |
| MCFARLING, BRANDON | | Address on File | | | | | | |
| MCGRANER, MATTHEW | | Address on File | | | | | | |
| McGraner, Matthew | | Address on File | | | | | | |
| MCGREGOR, MICHELLE | | Address on File | | | | | | |
| McGuireWoods LLP | | 800 E. Canal Street | | | Richmond | VA | 23219-3916 | |
| McIntosh Search Incorporated | | 6310 Lemmon Ave Ste 202 | | | Dallas | TX | 75209 | |
| McKay, Brad | | Address on File | | | | | | |
| MCKEE NELSON LLP | | ONE BATTERY PARK PLAZA | 34TH FLR | | New York | NY | 10004 | |
| McKool Smith | | 300 Crescent Court | Suite 1500 | | Dallas | TX | 75201 | |
| McKool Smith P.C. | c/o Travis DeArman | 300 Crescent Court Ste 1500 | | | Dallas | TX | 75201 | |
| McKool Smith, P.C. | Gary Cruciani, Esq. | McKool Smith | 300 Crescent Court, Suite 1500 | | Dallas | TX | 75201 | |
| McLagan Partners | | PO Box 905188 | | | Charlotte | NC | 28290-5188 | |
| McLagan Partners | | PO Box 100137 | | | Pasadena | CA | 91189-0137 | |
| McLagan Partners Inc (Aon McLagan) | | 1600 Summer Street | | | Stamford | CT | 06905-0000 | |
| McLagen Partners, Inc. | Stephen Reuther | 4 Overlook Point | Ste 601 | | Lincolnshire | IL | 60069 | |
| MCLOCHLIN, MICHAEL | | Address on File | | | | | | |
| MCLOCHLIN, MICHAEL P. | | Address on File | | | | | | |
| McMains, Aubree | | Address on File | | | | | | |
| McMillan Binch Mendelsohn | | Brookfield Place Suite 4400 | Bay Wellington Tower | | Toronto | ON | M5J2T3 | CANADA |
| McNamara, John | | Address on File | | | | | | |
| McRedmond, Edward | | Address on File | | | | | | |
| MCS Capital LLC c/o STC, Inc. | | 233 North Prospect St., Ste. 202 | | | Hagerstown | MD | 21740 | |
| Meadows Collier Reed Cousins & Blau LLP | | 901 Main St. Suite 3700 | | | Dallas | TX | 75202 | |
| MEANS, BRADLEY | | Address on File | | | | | | |
| Medanich, Michael | | Address on File | | | | | | |
| Mediant Communications Inc. | Mediant Communications | 400 Regency Forest Drive, Suite 200 | | | Cary | NC | 27518 | |
| Mediant Communications LLC | | PO Box 29976 | | | New York | NY | 10087-9976 | |
| MedPost Urgent Care-East Dallas | | 9540 Garland Rd | Suite C408 | | Dallas | TX | 75218-5004 | |
| Meeks, Lucas | | Address on File | | | | | | |
| MEETINGSZONE LTD | | OXFORD HOUSE | OXFORD ROAD | | Thame | | OX9 2AH | United Kingdom |
| MEGAN MCGEE | | Address on File | | | | | | |
| Meister Seelig & Fein LLP | | 125 Park Avenue | 7th Floor | | New York | NY | 10017 | |
| MELENDEZ, HELDER | | Address on File | | | | | | |
| MELISSA LOPEZ | | Address on File | | | | | | |
| Melody Po | | Address on File | | | | | | |
| Mendelsohn, Rosenzweig, Shact | | 1000 Sherbrooke St West, 27th Flr | | | Montreal | QC | H3A 3G4 | CANADA |
| Mendenhall, Brad | | Address on File | | | | | | |
| MERCER (US) INC. | John Dempsey | 1166 Avenue of the Americas | | | New York | NY | 10036 | |

Highland Capital Management, L.P.
Case No. 19-34054

**Appx. 00457**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 103 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Mercer Consumer | Attn DV1 Fin | PO Box 310293 | | | Des Moines | IA | 50331-0293 | |
| Mercer Consumer | Wells Fargo Bank | c/o Regulus Lockbox Services 310293 | 666 Walnut Street | | Des Moines | IA | 50309 | |
| Merchants Automotive Group, Inc. | | 1278 Hooksett Road | | | Hooksett | NH | 03106 | |
| Merchants Automotive Group, Inc. | | PO Box 16415 | | | Hooksett | NH | 03106-6415 | |
| Mercy Corps | | P. O. Box 2669, Dept W | | | Portland | OR | 97208-2669 | |
| MEREDITH HERZFELD | | Address on File | | | | | | |
| Mergent, Inc. | | PO Box 403123 | | | Atlanta | GA | 30384-3123 | |
| Mergermarket | | 895 Broadway | 4th Floor | | New York | NY | 10003 | |
| Mergermarket (US) Limited (trading as Xt | | 1501 Broadway | Suite 801 | | New York | NY | 10036-0000 | |
| MERGERMARKET LTD | | 11 West 19th Street | 2nd Floor | | New York | NY | 10011 | |
| MERGERMARKET LTD | | 3 E 28th ST | 4th FLR | | New York | NY | 10016 | |
| Merit Court Reporters | | 307 W 7th Street | Ste 1350 | | Fort Worth | TX | 76102 | |
| Merope Pentogenis | | Address on File | | | | | | |
| Merrill Communications LLC | | One Merrill Circle | | | Saint Paul | MN | 55108 | |
| Merrill Communications LLC | | CM-9638 | | | Saint Paul | MN | 55170-9638 | |
| MERRILL CORPORATION | | CM-9638 | | | Saint Paul | MN | 55170 | |
| MERRILL LYNCH | Attn Blake Bollinger | 569 Brookwood Village | Ste 501 | | Birmingham | AL | 35209 | |
| MERRILL LYNCH | Attn Chad Kulm | 110 S Phillips Ave, Ste 101 | | | Sioux Falls | SD | 57104 | |
| MERRILL LYNCH | Attn Jason Aversa | 3100 Hingston Ave | | | Egg Harbor Township | NJ | 08234 | |
| MERRILL LYNCH | Attn Lynae Carr | 1221 McKinney Street, Ste 3900 | | | Houston | TX | 77010 | |
| MERRILL LYNCH | Attn Megan Arnold | 13355 Noel Rd, 7th Floor | | | Dallas | TX | 75240 | |
| MERRILL LYNCH | Attn Monty Willhite | 60 E SOuth Temple St. #200-61 | | | Salt Lake City | UT | 84111 | |
| MERRILL LYNCH | Attn Robert Luther | 1100 Canal Street | | | The Villages | FL | 32162 | |
| MERRILL LYNCH | Attn Tiffany Contreras | 17225 El Camino Real, Ste 200 | | | Houston | TX | 77058 | |
| MERRILL LYNCH | C/O Girard Kovarik & Assoc | 101 N. Clematis St, Ste 200 | City Place II, 14th Flr | | West Palm Beach | FL | 33401 | |
| MERRILL LYNCH | | 185 Asylum Street | | | Hartford | CT | 06103 | |
| MERRILL LYNCH | | NJ2-140-02-01 | 1400 Merrill Lynch Drive | | Pennington | NJ | 08534 | |
| MERRILL LYNCH | | 4802 Deer Lake Dr E | CMS CBRU FL9-801-01-02 | | Jacksonville | FL | 32246 | |
| MERRILL LYNCH | | CMS CBRU FL9-801-01-02 | 4802 Deer Lake Dr E | | Jacksonville | FL | 32246 | |
| MERRILL LYNCH | | 21805 FIELD PARKWAY STE 220 | | | DEER PARK | IL | 60010 | |
| Merrill Lynch Valuations LLC | Attn Richard Eimbinder | 15514 Collections Center Drive | | | Chicago | IL | 60693 | |
| Merry Phengvath | | 450 E 4th Street | | | Brooklyn | NY | 11218 | |
| MERS Educational Conference | ATTN Bob Rust | Municipal Empee Retirement Syst of LA | 7937 Office Park Blvd | | Baton Rouge | LA | 70809 | |
| MESERVE, NICHOLAS | | Address on File | | | | | | |
| Meta-e Discovery LLC | Paul McVoy | Meta-e Discovery | Six Landmark Square, 4th Floor | | Stamford | CT | 06901 | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Meta-e Discovery, LLC | Attn Paul H. McVoy | 93 River Street | | | Milford | CT | 06460 | |
| Meta-e Discovery, LLC | Morrison Cohen LLP | Attn Joseph T. Moldovan and Sally Siconolfi | 909 Third Avenue | | New York | NY | 10022 | |
| Metalogix International | | PO Box 83304 | | | Pittsburgh | PA | 15250 | |
| METHVIN, JAMES | | Address on File | | | | | | |
| Metlife | Attn Placings Unit | 1300 Hall Blvd. | | | Bloomfield | CT | 06002 | |
| Metlife | Attn Retail Life & DI Operations | 18210 Crane Nest Dr, 5th Floor Placings Unit | | | Tampa | FL | 33647 | |
| Metlife | | PO BOX 371487 | | | Pittsburgh | PA | 15250-7487 | |
| Metlife Investors USA Insurance Company | | PO Box 13863 | | | Philadelphia | PA | 19101-0000 | |
| MetLife SBC | | 5400 LBJ Freeway | Suite 1100 | | Dallas | TX | 75240 | |
| MetLife SBC | | PO Box 804466 | | | Kansas City | MO | 64180-4466 | |
| Metro Attorney Service Inc. | | 305 Broadway, 14th Flr | | | New York | NY | 10007 | |
| Metro-Repro, Inc. | | PO Box 560092 | | | Dallas | TX | 75356-0092 | |
| METT | Attn Jana Clemans | Pioneer Natural Resources | 5205 N. OConnor Blvd, Suite 200 | | Irving | TX | 75039-3746 | |
| Meunier, Marc | | Address on File | | | | | | |
| MGL Consulting Corp. | | 10077 Grogans Mills Rd Ste 300 | | | The Woodlands | TX | 77380 | |
| MHA Petroleum Consultants LLC | | 730 17th Street | Suite 410 | | Denver | CO | 80202 | |
| MIAO, EUGENE | | Address on File | | | | | | |
| MICHAEL & TERESA OLSON TRUST | | Address on File | | | | | | |
| Michael Blackburn | | Address on File | | | | | | |
| MICHAEL COLVIN | | Address on File | | | | | | |
| Michael Cummings | | Address on File | | | | | | |
| MICHAEL DEVICO | | Address on File | | | | | | |
| Michael Hasenauer | | Address on File | | | | | | |
| Michael Jeong | | Address on File | | | | | | |
| MICHAEL KELLY | | Address on File | | | | | | |
| MICHAEL LANE CUISINE. INC | | 8409 PICKWICK # 112 | | | Dallas | TX | 75225 | |
| MICHAEL LATHAM | | Address on File | | | | | | |
| Michael Ly | | Address on File | | | | | | |
| Michael Malone Architects, Inc | | 5646 Milton St Suite 705 | | | Dallas | TX | 75206 | |
| Michael Morris | | Address on File | | | | | | |
| Michael P Zarrilli | | Address on File | | | | | | |
| MICHAEL PAGE INTERNATIONAL | | 8 BATIN RD | | | Slough Berkshire | | SL1 3SA | United Kingdom |
| MICHAEL PASSMORE | | Address on File | | | | | | |
| MICHAEL PETERSON | | Address on File | | | | | | |
| Michael Phillips | | Address on File | | | | | | |
| Michael R. Coker Company | | 2700 Swiss Ave Suite 100 | | | Dallas | TX | 75204 | |
| Michael Radovan | | Address on File | | | | | | |
| Michael S. Held | | Address on File | | | | | | |
| MICHAEL SHERIDAN | | Address on File | | | | | | |
| Michael Sorell | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 105 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| MICHAEL SZKODZINSKI | | Address on File | | | | | | |
| MICHAEL T DALBEY IRA | | Address on File | | | | | | |
| Michael Teplitsky | | Address on File | | | | | | |
| MICHAEL WANG | | Address on File | | | | | | |
| MICHAEL WILCHER | | Address on File | | | | | | |
| Micheal Paul Donaldson | | Address on File | | | | | | |
| Michelle French, Tax A/C | | Address on File | | | | | | |
| Michigan Department of Treasury | | PO Box 30774 | | | Lansing | MI | 48909-8274 | |
| Mick Law P.C. | | 816 South 169th Street | | | Omaha | NE | 68118 | |
| Microsoft Corporation | | 1950 N Stemmons Fwy | Suite 5010 | | Dallas | TX | 75207 | |
| Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation | David P. Papiez | Fox Rothschild LLP | 1001 4th Ave, Suite 4500 | | Seattle | WA | 98154 | |
| Microsoft Corporation and Microsoft Licensing GP, a Subsidiary of Microsoft Corporation | Microsoft Corporation | Amber Brazier, Associate Paralegal | One Microsoft Way | | Redmond | WA | 98052 | |
| Microsoft Services | | One Microsoft Way | | | Redmond | VA | 98052 | |
| Microsoft Services | | PO Box 844510 | | | Dallas | TX | 75284-4510 | |
| MICRO-TEL | | 3700 Holcomb Bridge Rd | Suite 5 | | Peachtree Corners | GA | 30092 | |
| Mike Brennan | | Address on File | | | | | | |
| Mike Brohm | | Address on File | | | | | | |
| Mike Doyle | | Address on File | | | | | | |
| Mike Hurley | | Address on File | | | | | | |
| Mike Sharkey | | Address on File | | | | | | |
| Mike Wolbert | | Address on File | | | | | | |
| Milbank, Tweed, Hadley & McCloy LLP | | 1 CHASE MANHATTAN PLAZA | | | New York | NY | 10005-1413 | |
| Milberg LLP | | One Pennsylvania Plaza | 49th Floor | | New York | NY | 10119 | |
| Miles Littlefield | | Address on File | | | | | | |
| Miller & Chevalier Chartered | | P. O. Box 758604 | | | Baltimore | MD | 21275-8604 | |
| Miller Buckfire & Co, LLC | | 601 Lexington Ave | | | New York | NY | 10022 | |
| Miller Korzenik Sommers Rayman LLP | | 1501 Broadway Ste 2015 | | | New York | NY | 10036-5600 | |
| MILLER, DEBORAH | | Address on File | | | | | | |
| Miller, Egan, Molter & Nelson LLP | | 4514 Cole Avenue | Suite 1200 | | Dallas | TX | 75205 | |
| Miller, Egan, Molter & Nelson LLP | | 1402 San Antonio St. | Suite 100 | | Austin | TX | 78701 | |
| MILLIMAN CONSULTANTS AND ACTUARIES | | 1550 LIBERTY RIDGE DR | STE 200 | | WAYNE | PA | 19087-5572 | |
| Mills, James | | Address on File | | | | | | |
| MILTENBERGER, WILLIAM | | Address on File | | | | | | |
| Mindy Billinghurst | | Address on File | | | | | | |
| Miner, Christopher | | Address on File | | | | | | |
| Minnesota Revenue | | Mail Station 1260 | | | Saint Paul | MN | 55145-1260 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Minnesota State Treasurer | | Minnesota Department of Commerce | 85 7th Place East, Suite 500 | | Saint Paul | MN | 55101 | |
| Miramar OSC | Attn Leslie Henger | 11763 Ashlock Way | | | San Diego | CA | 92131 | |
| Mirani, Parth | | Address on File | | | | | | |
| MISLAV TOLUSIC | | Address on File | | | | | | |
| Mississippi Secretary of State | Business Regulation & Enforcement Div | 125 S. Congress Street | | | Jackson | MS | 39201 | |
| MISSISSIPPI STATE TAX COMMISSION | | PO BOX 1033 | | | Jackson | MS | 39215 | |
| Missouri Department of Revenue | | PO Box 3020 | | | Jefferson City | MO | 65105-3020 | |
| MISSOURI DIRECTOR OF REVENUE | TAXATION BUREAU | PO BOX 3365 (573)751-4541 | | | Jefferson City | MO | 65105-3365 | |
| Missouri Secretary of State | | Securities Division | 600 West Main Street, 2nd Floor | | Jefferson City | MO | 65101 | |
| Mitchell A. Harwood & Partners | | 791 Park Ave Ste 4B | | | New York | NY | 10021 | |
| Mitchell, Krysta | | Address on File | | | | | | |
| Mitchener Turnipseed | | Address on File | | | | | | |
| MITTS, BRIAN | | Address on File | | | | | | |
| MJL ENTERPRISE | | PO BOX 852563 | | | Richardson | TX | 75085 | |
| MLF Lex Serv LP | | 4350 East West Highway | | | Bethesda | MD | 20814 | |
| MODERN HEALTHCARES DAILY DOSE | | CIRCULATION DEPT | 1155 GRATIOT AVE | | Detroit | MI | 48207-2912 | |
| Mohring, Christopher | | Address on File | | | | | | |
| Molecular Insights | | 160 Second Street | | | Cambridge | MA | 02142 | |
| Moloney Securities | | 13537 Barrett Parkway Drive | Suite 300 | | Manchester | MI | 63021 | |
| Monarch Investigation Inc | | PO Box 292265 | | | Lewisville | TX | 75029-2265 | |
| Money.Media, Inc. | Attn Accounting | 330 Hudson Street | 7th Floor | | New York | NY | 10013 | |
| Monster, Inc. | | PO Box 90364 | | | Chicago | IL | 60696-0364 | |
| MONSTERTRAK | | 14372 COLLECTIONS CENTER DR | | | Chicago | IL | 60693 | |
| Moodys Analytics | | 395 Oyster Point Blvd | Suite 215 | | South San Francisco | CA | 94080 | |
| Moodys Analytics | | PO BOX 102597 | | | Atlanta | GA | 30368-0597 | |
| Moodys Analytics | | PO BOX 116714 | | | Atlanta | GA | 30368-0597 | |
| Moodys Analytics | | PO Box 116647 | | | Atlanta | GA | 30368-6647 | |
| Moodys Analytics, Inc. | Attn Christopher R. Belmonte and Pamela A. Bosswick | c/o Duane Morris LLP | 230 Park Avenue, Suite 1130 | | New York | NY | 10169 | |
| Moodys Analytics, Inc. | Sue McGeehan | 7 World Trade Center | 250 Greenwich Street | | New York | NY | 10007 | |
| Moodys Analytics, Inc. | | 7 World Trade Center | | | New York | NY | 10007-0000 | |
| Moodys Investor Service | | PO Box 102597 | | | Atlanta | GA | 30368-0597 | |
| Moodys Investors Service, Inc. | Attn Christopher R. Belmonte and Pamela A. Bosswick | c/o Duane Morris LLP | 230 Park Avenue, Suite 1130 | | New York | NY | 10169 | |
| Moodys Investors Service, Inc. | Sue McGeehan | 7 World Trade Center | 250 Greenwich Street | | New York | NY | 10007 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 107 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Moodys Investors Service, Inc. | Sue McGeehan | VP, Collections, Finance Dept. | 7 World Trade Center at 250 Greenwich Street | | New York | NY | 10007 | |
| MOORE & VAN ALLEN PLLC | | 100 NORTH TRYON ST | STE 4700 | | Charlotte | NC | 28202-4003 | |
| MOORE, CALEB | | Address on File | | | | | | |
| MOORE, WILLIAM C. | | Address on File | | | | | | |
| Morgan Lewis & Bockius LLP | | PO Box 8500 S-6050 | | | Philadelphia | PA | 19178-6050 | |
| Morgan Stanley | Attn Accounts Receivable | PO Box 860 | | | New York | NY | 10008-0860 | |
| Morgan Stanley | Attn Adam Razov | 855 Franklin Ave. | | | Garden City | NY | 11530 | |
| Morgan Stanley | Attn Diana Sigona | 1585 Broadway, 23rd Flr | | | New York | NY | 10036 | |
| Morgan Stanley | Attn Jonathan Canter | 10960 Wilshire Blvd, Ste 2000 | | | Los Angeles | CA | 90024 | |
| Morgan Stanley | Attn Margaret Oshea-NW Managers Mtg | 1585 Broadway, 23rd Floor | | | New York | NY | 10036 | |
| Morgan Stanley | Attn MF Billing Dept. | 1300 Thames St, 4th Flr | | | Baltimore | MD | 21231 | |
| Morgan Stanley | Attn Michael Lawrence | 6037 La Flocha | | | Rancho Santa Fe | CA | 92067 | |
| Morgan Stanley | Attn Michelle Dolan | 2 Jericho Plaza | | | Jericho | NY | 11753 | |
| Morgan Stanley | Attn Robyn Owens | 370 17th Street, Suite 2800 | | | Denver | CO | 80202 | |
| Morgan Stanley | | 111 S. Pfingsten Road | Suite 200 | | Deerfield | IL | 60015 | |
| Morgan Stanley | | 200 Crescent Court | Ste 900 | | Dallas | TX | 75201 | |
| Morgan Stanley | | 14850 N Scottsdale Rd | Ste 600 | | Scottsdale | AZ | 85254 | |
| Morgan Stanley | | 733 Bishop Street | Ste 2800 | | Honolulu | HI | 96813 | |
| MORGAN, JOHN | | Address on File | | | | | | |
| MORGANS, JONATHAN | | Address on File | | | | | | |
| MORLEY CAMPBELL | | Address on File | | | | | | |
| Morningstar Inc. | | 22 W Washington St | | | Chicago | IL | 60602-0000 | |
| Morningstar, Inc. | | 2668 Payshpere Circle | | | Chicago | IL | 60674 | |
| Morningstar, Inc. | | 135 South LaSalle St Dept. 2668 | | | Chicago | IL | 60674-2668 | |
| Morningstar, Inc. | | 5133 Innovation Way | | | Chicago | IL | 60682-0051 | |
| Morris James LLP | | 500 Delaware Avenue | Suite 1500 | PO Box 2306 | Wilmington | DE | 19899-2306 | |
| Morris, Manning, & Martin LLP | | 1600 Atlanta Financial Center | 3343 Peachtree Road, NE | | Atlanta | GA | 30326-1044 | |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | | 1201 NORTH MARKET ST | PO BOX 1347 | | Wilmington | DE | 19899-1347 | |
| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | William M. Lafferty | Kevin M. Coen | 1201 N. Market Street | | Wilmington | DE | 19801 | |
| Morrison & Foerster | | 1290 Ave of the Americas | | | New York | NY | 10104-0050 | |
| Morrison Cohen LLP | Attn Joseph T. Moldovan and Sally Siconolfi | 909 Third Avenue | | | New York | NY | 10022 | |
| Morstad | | 79 East Putnam Ave | Outdoor Traders Building | | Greenwich | CT | 06830 | |
| Mortensen, Christopher | | Address on File | | | | | | |
| Morton, David C. | | Address on File | | | | | | |
| MOSTLY SMOKED | | VITTORIA HOUSE | 2A TOWCESTER RD | | BOW London | | E3 3ND | United Kingdom |
| Motus Red LLC | | 7018 Hursey | | | Dallas | TX | 75205 | |
| Mourant Ozannes | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 95 of 155

**Appx. 00462**

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Move Solutions, Ltd. | | 1473 Terre Colony Ct, Dept DA | | | Dallas | TX | 75212 | |
| MoveWorks, Inc. | | 4945 Sharp Street | | | Dallas | TX | 75247 | |
| MP Advisory | | 43 Vila Nova Pauliceia | | | Sao Paulo-SP | | | BRAZIL |
| MPulse Maintenance Software | | PO Box 22906 | | | Eugene | OR | 22906 | |
| MQ Services Ltd. | | Chancery Hall | 52 Reid St | | Hamilton | | HM 12 | BERMUDA |
| MQ Services Ltd. | | PO Box HM 1737 | | | Hamilton | | HM GX | BERMUDA |
| MQ Services Ltd. | | PO BOX HM 809 | | | Hamilton | | HM GX | BERMUDA |
| MRB Research Partners Inc. | | 122 East 42nd Street | Suite 2310 | | New York | NY | 10168 | |
| MRI Contract Staffing | | 5151 Beltline Rd | Suite 550 | | Dallas | TX | 75254 | |
| MRI Contract Staffing | | 88276 Expedite Way | | | Chicago | IL | 60695-0001 | |
| MS Society of Long Island | | 40 Marcus Dr. | Suite 100 | | Melville | NY | 11747 | |
| MSCI Inc. | | PO Box 414631 | | | Boston | MA | 02241-4631 | |
| MSCI Inc. | | 7 World Trade Center | 250 Greenwich St, 49th floor | | New York | NY | 10007-0000 | |
| MT State Auditor, Securities Comm. | | 840 Helena Avenue | | | Helena | MT | 59601 | |
| MTV Staying Alive Foundation | | 1305 Wycliff Ave | Suite 120 | | Dallas | TX | 75207 | |
| Muck Holdings LLC | Attn Paul Haskel | c/o Crowell & Moring LLP | 590 Madison Avenue | | New York | NY | 10022 | |
| MULLER, MARY | | Address on File | | | | | | |
| Multichannel News | | PO Box 5667 | | | Harlan | IA | 51593-1167 | |
| MUNDASSERY, APPU | | Address on File | | | | | | |
| Munger Tolles & Olson LLP | | 355 South Grand Ave | | | Los Angeles | CA | 90071-1560 | |
| Munsch Hardt Kopf & Harr, P.C. | Davor Rukavina, Esq., Thomas D. Berghman, Esq., Julian P. Vasek, Esq, | 500 N. Akard St., Ste. 3800 | | | Dallas | TX | 75201 | |
| Munsch Hardt Kopf & Harr, P.C. | Davor Rukavina, Julian P. Vasek | 3800 Ross Tower | 500 N. Akard Street | | Dallas | TX | 75201 | |
| Murano Connect LP | | 252 West 38th Street | Suite 402 | | New York | NY | 75202-2790 | |
| Murder Mystery Texas | | 6304 Innsbrooke Dr | | | Arlington | TX | 10018 | |
| Murphy, George | | Address on File | | | | | 76016 | |
| MURPHY, MATTHEW | | Address on File | | | | | | |
| MURRAY HILL CENTER SOUTHWEST INC | | 14185 Dallas Parkway Suite 1200 | | | Dallas | TX | 75254 | |
| MURRAY, ANDREW | | Address on File | | | | | | |
| Murray, Mason | | Address on File | | | | | | |
| Murray, Wesley | | Address on File | | | | | | |
| Muscular Dystrophy Association | Attn Janice | PO Box 38 | | | Terrell | TX | 75160 | |
| Musser, Carley | | Address on File | | | | | | |
| Muthu Dorai | | Address on File | | | | | | |
| Mxtoolbox | | 12710 Research Blvd | Ste 225 | | Austin | TX | 78759 | |
| MY HOUSE OF FINE EATS & CATERING | | 2025 PROMENADE CENTER | | | Richardson | TX | 75080 | |
| Myers Bigel Sibley & Sajovec, P.A. | | PO Box 37428 | | | Raleigh | NC | 27627 | |
| Myers Park Country Club | | 2415 Roswell Avenue | | | Charlotte | NC | 28209 | |
| Myron Corp. | | PO Box 660888 | | | Dallas | TX | 75266-0888 | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| N.C. DEPARTMENT OF REVENUE | | PO BOX 25000 | | | Raleigh | NC | 27640-0002 | |
| N9NE Group Dallas-Ghostbar | | 2440 Victory Park Ln, 33rd Floor | | | Dallas | TX | 75219 | |
| NAI OLYMPIA PARTNERS | | 320 NORTH MERIDIAN ST | STE 400 | | Indianapolis | IN | 46204 | |
| NAIFA - Greater Washington DC | | 600 State Street | Suite A | | Cedar Falls | IA | 50613 | |
| Nalin Yogasundram | | Address on File | | | | | | |
| Namaro Graphics Designs | | PO Box 148 | | | Rhinebeck | NY | 12572 | |
| NANCY SMITH-WELLS, CSR | | PO BOX 1284 | | | South Pasadena | CA | 91031 | |
| NAPE Expo, LP | | PO Box 224531 | | | Dallas | TX | 75222 | |
| NAPONIC, JILL | | Address on File | | | | | | |
| NARAYAN HEGDE | | Address on File | | | | | | |
| NARY RADHAKRISHNAN | | Address on File | | | | | | |
| NASD Regulation, Inc. | | 701 Market St | W8705 c/o Mellon Bank, Rm 3490 | | Philadelphia | PA | 19106 | |
| NASD, CRD-IARD | | PO Box 7777-W8705 | | | Philadelphia | PA | 19175-8705 | |
| NASD, CRD-IARD | | PO BOX 7777-W9995 | | | Philadelphia | PA | 19175-9995 | |
| Nasdaq Information, LLC | | LBX# 80200 | PO Box 780200 | | Philadelphia | PA | 19178-0200 | |
| Nasdaq OMX | C/O Wachovia Bank | #90200 | PO Box 8500 | | Philadelphia | PA | 19178-0200 | |
| NASDAQ Stock Market | | PO Box 7777 W1555 | | | Philadelphia | PA | 19106 | |
| NASH, CLARISSA | | Address on File | | | | | | |
| Nasher Sculpture Center | | 2001 Flora Street | | | Dallas | TX | 75201 | |
| NASKAR, ANJALI | | Address on File | | | | | | |
| NASKAR, ANJALI | | Address on File | | | | | | |
| NASP | Attn Michelle | 727 15th Street, NW | Suite 750 | | Washington | DC | 20005 | |
| Natalie Ulo | | Address on File | | | | | | |
| Nathan Brooks | | Address on File | | | | | | |
| Nathan Burns | | Address on File | | | | | | |
| Nathan Hall | | Address on File | | | | | | |
| Nathan Hukill | | Address on File | | | | | | |
| NATHAN SPEICHER | | Address on File | | | | | | |
| NATHAN ZANG | | Address on File | | | | | | |
| NATIONAL COMPLIANCE SERVICES, INC. | | 355 NE 5TH AVE | STE 4 | | Delray Beach | FL | 33483 | |
| National Corporate Research Ltd | | 122 E 42nd St Fl 18 | | | New York | NY | 10168-1899 | |
| National Depo | | P.O. Box 404743 | | | Atlanta | GA | 30384-4743 | |
| NATIONAL ECONOMIC RESEARCH ASSOC. INC | | PO BOX 29677 | GENERAL POST OFFICE | | New York | NY | 10087-9677 | |
| National Economic Research Associate | | PO Box 7247-6754 | | | Philadelphia | PA | 19170-6754 | |
| National Financial Services Corp. | ATTN Emily Ivers-Mailzone ZE7F | 82 Devonshire St. | | | Boston | MA | 02109 | |
| National Financial Services, LLC | Attn Fl Operational Accounting | 100 Salem St, Mail Zone O1S | | | Smithfield | RI | 02917 | |
| National Financial Services, LLC | Attn Thomas Smith-Vaughan | 82 Devonshire Street | | | Boston | MA | 02109 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| NATIONAL FLAG & DISPLAY CO. | | 22 W 21ST ST | | | New York | NY | 10010 | |
| National MS Society | Attn Cara Harting | 2105 Luna Rd, Ste 390 | | | Carrollton | TX | 75006 | |
| National Multiple Sclerosis Society | | PO Box 4527 | | | New York | NY | 10163 | |
| National Regulatory Services | | 33443 Treasury Center | | | Chicago | IL | 60694-3400 | |
| National Stripper Well Association | | PO Box 18336 | | | Oklahoma City | OK | 73154 | |
| National Trust Management Services | Accounts Receivable | 7957 Wellington Dr | | | Warrenton | VA | 20186 | |
| National Trust Management Services | | PO Box 3322 | | | Warrenton | VA | 20188 | |
| National Valuation Consultants, Inc. | | 7807 E. Peakview Ave, Ste 200 | | | Centennial | CO | 80111 | |
| Nationwide Business Concepts | | 1439 W. Chapman Avenue | #64 | | Orange | CA | 92868 | |
| Nationwide Services | | P.O. Box 23099 | | | Ft. Lauderdale | FL | 33307 | |
| Natixis North America LLC | | 1251 Avenue of the Americas | | | New York | NY | 10020 | |
| NAU, STEVEN | | Address on File | | | | | | |
| NautaDutilh NV | | Postbus 7113, 1007 JC Amsterdam, Beethovenstraat 400 | | | Amsterdam | | 1082 PR | Netherlands |
| NAVEJAS, MARIANA | | Address on File | | | | | | |
| NAVIGANT CONSULTING INC | | 4511 PAYSPHERE CIRCLE | | | Chicago | IL | 60674 | |
| Navigent 3, LLC | | PO Box 5370 | | | Wayland | MA | 01778 | |
| Navigent 3, LLC | | 1737 Washington st | | | E. Bridgwater | MA | 02333 | |
| NC Office of the Secretary of State | | 2 South Salisbury Street | Old Revenue Complex | | Raleigh | NC | 27601 | |
| NEAR EARTH LLC | | 945 WEST ROAD | HOYT DAVIDSON | | New Canaan | CT | 06840 | |
| Nebraska Department of Banking & Finance | Bureau of Securities | 1526 K Street, Suite 300 | | | Lincoln | NE | 68508-2732 | |
| NEEL MITRA | | Address on File | | | | | | |
| Neil Desai | | Address on File | | | | | | |
| Neil Menard | | Address on File | | | | | | |
| NELL GWYNN HOUSE APARTMENTS LTD | | SLOANE AVE | | | London | | SW3 3AX | United Kingdom |
| Nelson, Caitlin | | Address on File | | | | | | |
| NELSON, KRAMER | | Address on File | | | | | | |
| NELSON, KRAMER | | Address on File | | | | | | |
| NEOFUNDS BY NEOPOST | | PO BOX 30193 | | | Tampa | FL | 33630-3193 | |
| Nesmith, Christopher | | Address on File | | | | | | |
| NESTLE WATERS POWWOW | | PO BOX 727 | | | CAMBERLEY | | GU15 9WZ | United Kingdom |
| Netapp | | 1395 Crossman Ave | | | Sunnyvale | CA | 94089-0000 | |
| Netherland, Sewell & Associates, Inc. | | 2100 Ross Avenue | Suite 2200 | | Dallas | TX | 75201 | |
| Netherland, Swell & Associates, Inc. | | 1601 Elm St. Suite 4500 | | | Dallas | TX | 75201 | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Netpro Computing Inc. | | 4747 N. 22nd St. #400 | | | Phoenix | AZ | 85016-4774 | |
| NetWrix Corporation | Accounts Receivable | 1460 Manning Parkway | | | Powell | OH | 43065 | |
| NEVADA COACHES, LLC | | 1550 S INDUSTRIAL RD | | | Las Vegas | NV | 89102 | |
| Nevada Dept of Taxation | | PO Box 52609 | | | Phoenix | AZ | 85072-2609 | |
| Nevada Secretary of State | | Securities Division | 2250 Las Vegas Blvd N Ste 400 | | N Las Vegas | NV | 89030-5873 | |
| NEW CONCEPT | | CROOKED COTTAGE, NEWCHAPEL RD | LINGFIELD | | SURREY | | RH7 6BJ | United Kingdom |
| New Edge Networks | | Unit 10 PO Box 5000 | | | Portland | OR | 97208-5000 | |
| NEW ERA | | 2935 Talisman | | | Dallas | TX | 75229 | |
| New Hampshire Department of State | Bureau of Securities Regulation | 107 North Main Street | Room 204, State House | | Concord | NH | 03301-4951 | |
| New Horizons Computer Learning Center | | PO Box 671164 | | | Dallas | TX | 75267-1164 | |
| New Mexico Securities Division | | P. O. Box 25101 | | | Santa Fe | NM | 87504 | |
| NEW YORK CITY DEPARTMENT OF FINANCE | | 345 ADAMS ST | | | Brooklyn | NY | 11201 | |
| NEW YORK CITY DEPARTMENT OF FINANCE | | PO Box 3931 | | | New York | NY | 10008-3931 | |
| NEW YORK CITY DEPARTMENT OF FINANCE | | PO Box 5150 | | | Kingston | NY | 12402-5150 | |
| New York Financial Writers Association | | PO Box 338 | | | Ridgewood | NJ | 07451-0338 | |
| New York State Corporation Tax | NYS Corporate Tax | Processing Unit | P.O. Box 22093 | | Albany | NY | 12201 | |
| New York State Department of Law | | New York Office of the Attorney General | 120 Broadway, 23rd Floor | | New York | NY | 10271 | |
| New York State Department of State | | Misc. Records Bureau | 41 State St | | Albany | NY | 12231 | |
| New York State Income Tax | | W A HARRIMAN CAMPUS | | | Albany | NY | 12227 | |
| New York State Income Tax | | Extension Request PO Box 4125 | | | Binghamton | NY | 13902-4126 | |
| Newbridge Financial Inc. | ATtn Scott Weeks - Accountant | 5200 Town Center Circle | Tower 1, Ste 306 | | Boca Raton | FL | 33486 | |
| Newbridge Securities Corporation | Attn Robert Spitler-CFO | 1451 W Cypress Creek Rd, Suite 204 | | | Ft. Lauderdale | FL | 33309 | |
| Newbridge Securities Corporation | | 5200 Town Center Circle Tower 1 | Ste 306 | | Boca Raton | FL | 33486 | |
| NewOak Advisors LLC | | 485 Lexington Ave, 25th Floor | | | New York | NY | 10017 | |
| NewOak Capital | | 485 Lexington Ave, 25th flr | | | New York | NY | 10017 | |
| News Communications | | 4th Flr, Chinyang Bldg | 90-3 Chungjeongno 2-ga, | | Seodamun-gu | | 120-012 | SOUTH KOREA |
| NexBank | John Danilowicz | 2515 McKinney Ave | Ste 1100 | | Dallas | TX | 75201 | |
| NexBank Capital Advisors | | 2515 McKinney Ave, Ste 1100 | | | Dallas | TX | 75201 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| NexBank Capital, Inc., NexBank Securities, Inc., NexBank Title, Inc. and NexBank | Jason M. Rudd and Lauren K. Drawhorn | Wick Phillips Gould & Martin, LLP | 3131 McKinney Avenue, Suite 500 | | Dallas | TX | 75204 | |
| NEXBANK SECURITIES, INC | | 2515 McKinney | Suite 1700 | | Dallas | TX | 75201 | |
| NEXBANK SECURITIES, INC | | 13455 NOEL RD | 22ND FL | | Dallas | TX | 75240 | |
| NexBank SSB | dba NexBank Credit Services | Grant Smith | 2515 McKinney Ave. | 11th Floor | Dallas | TX | 75201 | |
| NexBank SSB | | 2515 McKinney Ave. Suite 1100 | | | Dallas | TX | 75201 | |
| NEXBANK, SSB | ATTN MARCIA SANDS | 13455 NOEL RD | STE 2220 | | Dallas | TX | 75240 | |
| NexPoint Advisers, L.P. | Attn Davor Rukavina, Esq. and Julian P. Vasek, Esq. | Munsch Hardt Kopf & Harr, P.C. | 3800 Ross Tower | 500 N. Akard Street | Dallas | TX | 75202-2790 | |
| NexPoint Advisors, L.P. | | 200 Crescent Court | Suite 700 | | Dallas | TX | 75201 | |
| NexPoint Latin America Opportunities Fund | K&L Gates LLP | Stephen G. Topetzes | 1601 K Street, NW | | Washington | DC | 20006 | |
| NexPoint Latin America Opportunities Fund | K&L Gates LLP | James A. Wright III | State Street Financial Center | One Lincoln Street | Boston | MA | 02111-2950 | |
| NexPoint Latin America Opportunities Fund | Stephen G. Topetzes | K&L Gates LLP PO Box 54977 | 1601 K Street, NW | | Washington, | DC | 02006 | |
| Nextel Communications | | | | | Los Angeles | CA | 90054-0977 | |
| NexVest, LLC | Jason Rudd | 3131 McKinney Ave Suite 100 | | | Dallas | TX | 75204 | |
| NexVest, LLC | | 2515 McKinney Ave Suite 1100 | | | Dallas | TX | 75201 | |
| Ney Castro | | Address on File | | | | | | |
| NGO, HONGVIEN | | Address on File | | | | | | |
| Nguyen, Hung | | Address on File | | | | | | |
| NGUYEN, KRISTINE | | Address on File | | | | | | |
| NGUYEN, TONY KHOI | | Address on File | | | | | | |
| NH Dept of State | Bureau of Securities Regulation | 107 N. Main St., State House Room 204 | | | Concord | NH | 03301 | |
| Nicholas Headley | | Address on File | | | | | | |
| Nicholas Headley | | Address on File | | | | | | |
| NICHOLAS OLENEC | | Address on File | | | | | | |
| Nicholas T. Meserve | | Address on File | | | | | | |
| NICHOLAS TRUYENS | | Address on File | | | | | | |
| NICK ALFERMANN | | Address on File | | | | | | |
| Nick Meserve | | Address on File | | | | | | |
| NICK PAULETT | | Address on File | | | | | | |
| Nickey L. Oates Company | | 25 Highland Park Village | Suite 100 | | Dallas | TX | 75205 | |
| Nicklas, James | | Address on File | | | | | | |
| NICODEMUS WINATA | | 14181 NOEL RD | | | Dallas | TX | 75254 | |
| Nicole Lacues | | Address on File | | | | | | |
| Nikolayev, Yegor | | Address on File | | | | | | |
| Niles Chura | | Address on File | | | | | | |
| Niles K Chura | | Address on File | | | | | | |
| NILSEN, CHRISTOPHER | | Address on File | | | | | | |
| Niray Batavia | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 113 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Nisen & Elliott LLC | | 200 West Adams St | | | Chicago | IL | 60606 | |
| Nitro Software, Inc. | | 150 Spear St Ste 1500 | | | San Francisco | CA | 94105-5115 | |
| NIXON PEABODY LLP | ATTN BOBBI HALL | 100 SUMMER ST | | | Boston | MA | 02110 | |
| NJ DIVISION OF TAXATION | REVENUE PROCESSING CENTER | PO BOX 642 | PART | | Trenton | NJ | 08646-0642 | |
| NMS Communications LLC | | 443 12th Street | 5C | | Brooklyn | NY | 11215 | |
| NMS MANAGEMENT, INC. | | 500 NORTH BROADWAY | STE 236 | | Jericho | NY | 11753 | |
| NOAH MAYER | | Address on File | | | | | | |
| NOBLE, SHELBY | | Address on File | | | | | | |
| Noel, Kirby | | Address on File | | | | | | |
| Noelle Williams | | Address on File | | | | | | |
| Nonna Knows Catering | | 1931 Market Center Blvd Apt 1323 | | | Dallas | TX | 75207-3500 | |
| Noonmark Capital | | 9 Hall Avenue | | | Larchmont | NY | 10538 | |
| NORRIS, DUSTIN | | Address on File | | | | | | |
| NORRIS, DUSTIN | | Address on File | | | | | | |
| North Carolina Department of Revenue | | PO Box 25000 | | | Raleigh | NC | 27640-0520 | |
| North Ridge Securities | | 112 Madison Ave, 5th Floor | | | New York | NY | 10016 | |
| NorthPark Center | | 8687 North Central Expressway | | | Dallas | TX | 75225 | |
| Northwestern University | Attn Maureen Fenty | 1800 Sherman Avenue, Suite 400 | | | Evanston | IL | 60201 | |
| Norton Rose | | Address on File | | | | | | |
| Notable Solutions, Inc. | | 9715 Key West Avenue | Suite 200 | | Rockville | MD | 20850 | |
| Nouveau | | 2270 Springlake Rd | Suite 400 | | Dallas | TX | 75234 | |
| Nova Engineering, Inc | | 2625 N. Josey Lane, Suite 112 | | | Carrollton | TX | 75007 | |
| Novack and Macey LLP | | 100 N Riverside Plaza | | | Chicago | IL | 60606-1501 | |
| NOW Advisors | | 1320 Greenway Dr | Suite 758 | | Irving | TX | 75038 | |
| NPB Financial Group, LLC | | 3500 W. Olive Avenue | Suite 300 | | Burbank | CA | 91505 | |
| NTR Review | | 407 East maple Street | | | Cumming | GA | 30040 | |
| Numara Software Inc | | PO Box 102280 | | | Atlanta | GA | 30368-2280 | |
| Numara Software Inc | | PO BOX 933754 | | | Atlanta | GA | 31193-3754 | |
| Nutter, McClennen & Fish, LLP | Attn Ian Roffman | Seaport West | 155 Seaport Blvd | | Boston | MA | 02210 | |
| NWCC, LLC | c/o of Michael A. Battle, Esq. | Barnes & Thornburg, LLP | 1717 Pennsylvania Ave N.W. Ste 500 | | Washington | DC | 20006-4623 | |
| NWCC, LLC | James Peterson | 375 Park Avenue, 36th Floor | | | New York | NY | 10152 | |
| NWCC, LLC | Jonathan D. Sundheimer | Barnes and Thornburg LLP | 11 S. Meridian St. | | Indianapolis | IN | 46204 | |
| NYC DEPARTMENT OF FINANCE | | PO Box 3644 | | | New York | NY | 10008 | |
| NYC DEPARTMENT OF FINANCE | | PO Box 3646 | | | New York | NY | 10008 | |
| NYC DEPARTMENT OF FINANCE | | PO Box 3922 | General Corporation Tax | | New York | NY | 10008-3922 | |
| NYC DEPARTMENT OF FINANCE | | PO Box 3931 | | | New York | NY | 10008-3931 | |
| NYC DEPARTMENT OF FINANCE | | 59 Maiden Lane, 19th Floor | | | New York | NY | 10038-4502 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 114 of
175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| NYC DEPARTMENT OF FINANCE | | PO Box 5040 | | | Kingston | NY | 12402-5040 | |
| NYC DEPARTMENT OF FINANCE | | PO Box 5060 | | | Kingston | NY | 12402-5060 | |
| NYC DEPARTMENT OF FINANCE | | PO Box 5070 | | | Kingston | NY | 12402-5070 | |
| NYC DEPARTMENT OF FINANCE | | PO BOX 5100 | | | Kingston | NY | 12402-5150 | |
| NYC DEPARTMENT OF FINANCE | | PO BOX 5150 | | | Kingston | NY | 12402-5150 | |
| NYC FIRE DEPARTMENT | | CHURCH STREET STATION | PO BOX 840 | | New York | NY | 10008-0840 | |
| NYEMASTER GOODE LAW FIRM | | 700 WALNUT | STE 1600 | | Des Moines | IA | 50309-3899 | |
| NYIAC | | 150 E. 42nd St. 17th Floor | | | New York | NY | 10017 | |
| NYS Assessment Receivables | | PO Box 4127 | | | Binghamton | NY | 13902-4127 | |
| NYS Unemployment Insurance | | PO Box 4301 | | | Binghamton | NY | 13902-4301 | |
| NYS Workers Comp Board DB | | One Exchange Plaza | 55 Broadway Suite 201 | | New York | NY | 10006 | |
| NYSE ARCA, LLC | | PO Box 223529 | | | Pittsburgh | PA | 15251-2529 | |
| NYSE MARKET, INC | | Grand Central Station | PO BOX 4695 | | New York | NY | 10163 | |
| NYSE MARKET, INC | | Box #223695 | | | Pittsburgh | PA | 15251-2695 | |
| NYSE MARKET, INC | | BOX #4006 | PO BOX 8500 | | Philadelphia | PA | 19178-4006 | |
| NYSIF Disability Benefits | DCC | 1 Watervliet Ave. EXT | | | Albany | NY | 12206 | |
| NYSIF Disability Benefits | | PO Box 5239 | | | New York | NY | 10008-5239 | |
| Oak Tree Securities, Inc. | | 4049 First Street | Suite 129 | | Livermore | CA | 94551-4949 | |
| Ober, Kaler, Grimes & Shriver | | 100 Light Street | | | Baltimore | MD | 21202 | |
| Objective Group, Inc. | | 201 South Biscayne Blvd, 28th Floor | | | Miami | FL | 33131 | |
| OBJECTIVE PARADIGM CORPORATION | ATTN RYAN POLLOCK | 805 N MILWAUKEE AVE STE 300 | | | Chicago | IL | 60622 | |
| OBRIEN, JUSTIN | | Address on File | | | | | | |
| OBRIEN, MICHAEL J | | Address on File | | | | | | |
| OC CRUISER, Inc | | 1439 W Chapman Ave #260 | | | Orange | CA | 92868 | |
| Oce Imagistics Inc | | PO Box 856193 | | | Louisville | KY | 40285 | |
| OConnor, Shannon | | Address on File | | | | | | |
| OConnors | | 3800 Buffalo Speedway | Ste 500 | | Houston | TX | 77098 | |
| Office Depot, Inc | | DEPT 56-4201182804 | PO BOX 689020 | OFFICE DEPOT CREDIT PLAN | Des Moines | IA | 50368-9020 | |
| Office Depot, Inc | | Dept. 56 - 4201182804 PO Box 9020 | | | Des Moines | IA | 50368-9020 | |
| Office Depot, Inc | | PO Box 70025 | | | Los Angeles | CA | 900744025 | |
| OFFICE EQUIPMENT FINANCE SERVICES | | PO BOX 790448 | | | Saint Louis | MO | 63179-0448 | |
| Office Expo | | 2025A Midway Rd | | | Carrollton | TX | 75006 | |
| Office of Secretary of State | | 1019 Brazos Street | | | Austin | TX | 78701 | |
| Office of the Attorney General | Michael B. Mukasey, Esq. | U.S. Department of Justice | 950 Pennsylvania Avenue, N.W. | | Washington | DC | 20530-0001 | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Office of the Attorney General | | Securities Division | 200 St Paul Place | | Baltimore | MD | 21202 | |
| Office of the General Counsel | Re Prime Brokerage Services | Jefferies LLC | 520 Madison Avenue, 16th Floor | | New York | NY | 10022 | |
| Office of the General Counsel | | Pension Benefit Guaranty Corp. | 1200 K Street, N.W. | | Washington | DC | 20005-4026 | |
| Office of the Securities Comm. KS | Securities Division | 1300 SW Arrowhead Rd | | | Topeka | KS | 666044019 | |
| OGLETREE DEAKINS | | PO BOX 89 | | | Columbia | SC | 29202 | |
| OGLETREE DEAKINS | | 918 S PLEASANTBURG DR (29607) | PO BOX 167 | | Greenville | SC | 29602 | |
| Ogletree Deakins Nash Smoak & Stewart PC | | P.O. Box 89 | | | Columbia | SC | 29202 | |
| OHANNA, DAVID | | Address on File | | | | | | |
| OHC Advisors Inc | | 12060 SW 129th CT Ste 200 | | | Miami | FL | 33186-4582 | |
| Ohio Division of Securities | | 77 South High Street | 22nd Floor | | Columbus | OH | 43215 | |
| Oil & Gas Information Systems | | 5801 Edwards Ranch Road | Suite 200 | | Fort Worth | TX | 76109 | |
| Oil & Gas Journal | | Pennwell Corporation | PO Box 4362 | | Chicago | IL | 60680-4207 | |
| Oil and Gas Investor | | PO Box 3001 | | | Northbrook | IL | 60065-3001 | |
| Okada, Luke | | Address on File | | | | | | |
| Oklahoma Department of Securities | | Oklahoma Department of Securities | 204 N. Robinson Ave., Ste. 400 | | Oklahoma City | OK | 73102-7001 | |
| Oklahoma Independent Petroleum Assoc. | | 500 N.E. 4th Street | | | Oklahoma City | OK | 73104 | |
| OKLAHOMA TAX COMMISSION | GENERAL COUNSELS OFFICE | 100 N. BROADWAY AVE, SUITE 1500 | | | OKLAHOMA CITY | OK | 73102 | |
| OKLAHOMA TX COMMISSION | | PO BOX 26930 | | | Oklahoma City | OK | 73126-0930 | |
| OKOLITA, MATTHEW | | Address on File | | | | | | |
| Okta Inc | | 100 1st St Fl 6 | | | San Francisco | CA | 94105-4632 | |
| Okta, Inc. | | 301 Brannan St | Suite 100 | | San Francisco | CA | 94107 | |
| Old Republic National Title Ins. Co. | | 8201 Preston Rd | Suite 450 | | Dallas | TX | 75225 | |
| Olender Reporting, Inc. | | 1522 K St NW Ste 720 | | | Washington | DC | 20005 | |
| Olive & Ivy | | 7135 E Camelback Rd | No 195 | | Scottsdale | AZ | 85251 | |
| OLIVER CASTELINO | | Address on File | | | | | | |
| OLSON,CANNON, GORMLEY, & DESRUISSEAUX | | 9950 WEST CHEYENNE AVE | | | Las Vegas | NV | 89129 | |
| OMS-DALLAS | | Prestonwood Tower | 5151 Beltline Rd. | Suite 550 | Dallas | TX | 75254 | |
| OMelveny & Myers LLP | | 400 South Hope St, 18th Floor | | | Los Angeles | CA | 9007 1-2899 | |
| Omgeo LLC | | 2967 Collections Center Dr | | | Chicago | IL | 60693 | |
| On Course Promotion | | 6865 Pear Tree Dr | | | Carlsbad | CA | 92011 | |
| Onelogin, Inc. | | 848 Battery St | | | San Francisco | CA | 94111-1504 | |
| On-Site Sourcing, Inc. | | PO Box 75495 | | | Baltimore | MD | 21275 | |
| Opal Financial Group | | 132 W 36th St Rm 200 | | | New York | NY | 10018-8840 | |
| Open Text Inc. | c/o JP Morgan Lockbox | 24685 Network Place | | | Chicago | IL | 60673-1246 | |
| Opentext | | 275 Frank Tompa Drive | | | Waterloo | ON | N2L 0A1 | Canada |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 116 of
175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| OppenheimerFunds, Inc. | Attn Accounts Payable | 6803 S. Tucson Way, Bldg 2 Garden Level | | | Centennial | CO | 80112 | |
| Options Group | | 121 East 18th St | | | New York | NY | 10003 | |
| Options Price Reporting Authority | | PO Box 95718 | | | Chicago | IL | 60694-0001 | |
| Opus 2 International Inc | Mr Matthew Finnecy | 5th Floor, 5 New Street Square | | | London | | EC4A 3BF | United Kingdom |
| Opus 2 International, Inc. | Matthew Finnecy, Credit Controller | 5 New Street Square | | | London | | EC4A 3BF | United Kingdom |
| Opus 2 International, Inc. | | 100 Pine Street | Suite 560 | | San Francisco | CA | 94111 | |
| ORACLE AMERICA, INC | | PO BOX 71028 | | | Chicago | IL | 60694-1028 | |
| ORACLE AMERICA, INC | | PO Box 203448 | | | Dallas | TX | 75320-3448 | |
| Oracle America, Inc. | | 500 Oracle Parkway | | | Redwood Shores | CA | 94065-0000 | |
| Oracle America, Inc., Successor in Interest to Sun Microsystems | Shawn M. Christianson, Esq. | Buchalter, a Professional Corporation | 55 2nd St., 17th Fl. | | San Francisco | CA | 94105 | |
| Oracle Healthcare Advisors Inc. | | 12060 SW 129th Ct Ste 201 | | | Miami | FL | 33186-4582 | |
| Orbis Marketing, Inc. | | 21550 Oxnard Street | Suite 850 | | Woodland Hills | CA | 91367 | |
| Orchard Group Productions | | 301 Park Forest Ct | | | Hurst | TX | 76053 | |
| Oregon Department of Revenue | | 955 Center St NE | | | Salem | OR | 97301 | |
| ORENT, COURTNEY | | Address on File | | | | | | |
| Organizational Talent | | 3752 Colliers Dr | | | Edgewater | MD | 21037 | |
| Orrick, Herrington & Sutcliffe LLP | | 4253 Collections Center Dr | | | Chicago | IL | 60693 | |
| OSED Investments, LLC | | 8951 Synergy Dr., Ste 225 | | | McKinney | TX | 75070 | |
| OUTLOOKSOFT CORPORATION | | ONE STAMFORD PLAZA | 11TH FLR | | Stamford | CT | 06901-3281 | |
| OutSource Management | c/o Cathy Wylet, Meeting Planner | 14410 N. 10th Place | | | Phoenix | AZ | 85022 | |
| Ouyang, Kaixi | | Address on File | | | | | | |
| OVATION TRAVEL GROUP | ATTN ANDREA KELLY | 71 FIFTH AVE | 11TH FLR | | New York | NY | 10003 | |
| Ovis Creative | | 483 10th Ave | Suite 230 | | New York | NY | 10018 | |
| Owens, David | | Address on File | | | | | | |
| OXANA BROWN | | 59 Franklin Street | Suite 5R | | New York | NY | 10013 | |
| Oxer Technologies | | 1750 Pennsylvania Ave Ste 100 | | | Washington | DC | 20006-4506 | |
| PA Consulting Group | | PO Box 71364 | | | Philadelphia | PA | 71364 | |
| PACER Service Center | | PO BOX 70951 | | | Charlotte | NC | 28272-0951 | |
| PACER Service Center | | PO Box 277773 | | | Atlanta | GA | 30384-7773 | |
| PACER Service Center | | P.O. Box 5208 | | | Portland | OR | 97208-5208 | |
| Pachulski Stang Ziehl & Jones LLP | | 10100 Santa Monica Blvd | Ste 1300 | | Los Angeles | CA | 90067 | |
| Pacific Life Annuities & Mutual Funds | | 700 Newport Center Drive | | | Newport Beach | CA | 92660-6397 | |
| Pacugo Catering | | 1215 Viceroy Drive | | | Dallas | TX | 75247 | |
| Packerland Brokerage Services Inc. | | 432 Security Blvd | | | Green Bay | WI | 54313-9709 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 117 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| PADILLA, ANDREW | | Address on File | | | | | | |
| Paessler | | Thurn-und-Taxis-Str. 14 | | | Nuremberg | | 90411 | Germany |
| Pageant Media | | Dunstan House 14a St Cross St | | | London | | EC1N 8XA | United Kingdom |
| PAIPANANDIKER, CHET | | Address on File | | | | | | |
| Palico LLC | | 420 Lexington Avenue | Suite 1425 | | New York | NY | 10170 | |
| Palisade Capital Management | | One Bridge Plaza | Suite 695 | | Fort Lee | NJ | 07024 | |
| PALLEY, RENNICK | | Address on File | | | | | | |
| Palm Beach Investment Research Grp Inc. | | 13638 Via Flora | Suite A | | Delray Beach | FL | 33484 | |
| PALMER, JAMES | | Address on File | | | | | | |
| PAM Capital Funding LP | c/o Maples & Calder | PO Box 309, Ugland House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| PAM Capital Funding LP | c/o Queensgate SPV Services Limited | PO Box 1093GT / Suzanne St. Thomas | Compass Center, 2nd Flr, Crewe Road | | Grand Cayman | | | Cayman Islands |
| PAM Capital Funding, LP / Ranger Asset M | c/o Maples and Calder, PO Box 309 | Ugland House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| PamCo Cayman Ltd. | c/o Maples & Calder | PO Box 309, Ugland House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| PamCo Cayman Ltd. | c/o Queensgate SPV Services Limited | PO Box 1093, Ugland House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| PamCo Cayman Ltd. / Ranger Asset Managem | c/o Maples and Calder, PO Box 309 | Ugland House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Panhandle Producers Royalty Ownrs Assoc. | | 3131 Bell Street | Suite 209 | | Amarillo | TX | 79106 | |
| PaperCut Software International Pty Ltd | | 308 SW 1st Ave Ste 300 | | | Portland | OR | 97204-3432 | |
| PAR Plumbing | | 60 N. Prospect Avenue | | | Lynbrook | NY | 11563-1395 | |
| Paradigm | | 360 Park Avenue South | 16th Floor | | New York | NY | 10010 | |
| Paradise Bakery and Cafe | | 13710 Dallas Parkway, Suite H | | | Dallas | TX | 75240 | |
| Paradox Sports | | 710 10th Street | Suite 200 | | Golden | CO | 80401 | |
| Paragon Photocopying, Co. | | 1700 Commerce Ste 200 | | | Dallas | TX | 75201 | |
| PARCELS INC | | PO BOX 27 | | | Wilmington | DE | 19899 | |
| PARIVEDA SOLUTIONS | | PO BOX 671060 | | | Dallas | TX | 75267 | |
| Park Cities Quail 2016 Dinner & Auction | | 25 Highland Park Village | Suite 100-417 | | Dallas | TX | 75205 | |
| Park, Jun | | Address on File | | | | | | |
| Parker Poe Adams & Bernstein LLP | | 401 S. Tryon St. Ste 3000 | Three Wells Fargo Center | | Charlotte | NC | 28202 | |
| Parkinsons Disease Foundation | | Gift Processing Center | PO Box 96268 | | Washington | DC | 20090-6268 | |
| Parkland Securities, LLC | ATln Blayne Andersen | 300 Parkland Plaza | | | Ann Arbor | MI | 48103 | |
| Parks Coffee | | PO Box 110209 | | | Carrollton | TX | 75011-0209 | |
| Parkway Bent Tree Partners, Ltd | | 17130 Dallas Parkway | Suite 240 | | Dallas | TX | 75248 | |
| Parmentier, Andrew | | Address on File | | | | | | |
| Parmentier, Andrew | | Address on File | | | | | | |
| Parmentier, Andrew | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| PARNELL, CATHERINE | | Address on File | | | | | | |
| PARS International Corp | Attn Permissions A/R | 253 West 35th Street, 7th Floor | | | New York | NY | 10001 | |
| Parth Shah | | Address on File | | | | | | |
| Partner Engineering & Science, Inc. | | 2154 Torrance Blvd | Suite 200 | | Torrance | CA | 90501 | |
| Partridge Snow & Hahn, LLP | | 40 Westminster Street | Suite 1100 | | Providence | RI | 02903 | |
| Party Frills | | 219 E White St | | | Anna | TX | 75409 | |
| PASSMORE, MICHAEL | | Address on File | | | | | | |
| Pat & Emmitt Smith Charities | | 16000 North Dallas Pkwy | Suite 550N | | Dallas | TX | 75248 | |
| Pate & Knarr | | PO Box 1907 | | | Oklahoma City | OK | 73101-1907 | |
| PATEL, VISHAL | | Address on File | | | | | | |
| PATRICK BOYCE | | Address on File | | | | | | |
| Patrick Bressler | | Address on File | | | | | | |
| Patrick Conner | | Address on File | | | | | | |
| Patrick Daugherty | c/o Thomas A. Uebler | McCollom DEmilio Smith | 2751 Centerville Rd #401 | | Wilmington | DE | 19808 | |
| Patrick Daugherty | c/o Thomas A. Uebler, Esq. | McCollom DEmilio Smith Uebler LLC | 2751 Centerville Rd #401 | | Wilmington | DE | 19808 | |
| Patrick Daugherty | | Address on File | | | | | | |
| Patrick Daugherty/Andrew K. York | Dylan O. Drummond | Gray Reed & McGraw, LLP | 1601 Elm Street | Suite 4600 | Dallas | TX | 75201-7212 | |
| Patrick Hagaman Daugherty | Jason Kathman | 2701 Dallas Parkway Suite 590 | | | Plano | TX | 75093 | |
| Patrick Hagaman Daugherty | Pronske and Kathman | Jason P. Kathman | 2701 Dallas Parkway Suite 590 | | Plano | TX | 75093 | |
| Patrick Hagaman Daugherty | | Address on File | | | | | | |
| Patrick J. Elverum | | Address on File | | | | | | |
| PATRICK KELLY | | Address on File | | | | | | |
| PATRICK MARK | | Address on File | | | | | | |
| Patina Corporation | | 45 Broadway | Ste 1440 | | New York | NY | 10006 | |
| Patton Boggs LLP | | 2550 M St NW | | | Washington | DC | 20037 | |
| Paul D. Kauffman | | Address on File | | | | | | |
| Paul D. Peterson, Ltd. | | 3040 Woodbury Drive | | | Woodbury | MN | 55129 | |
| Paul DiMartino | | Address on File | | | | | | |
| Paul Hastings, Janofsky & Walker LLP | | 55 Second St, 24th Flr | | | San Francisco | CA | 94105-3441 | |
| Paul Kauffman | Jason P. Kathman | Pronske & Kathman, P.C. | 2701 Dallas Parkway, Suite 590 | | Plano | TX | 75093 | |
| PAUL KAUFFMAN | | Address on File | | | | | | |
| Paul Kauffman | | Address on File | | | | | | |
| Paul Kaufmann | | Address on File | | | | | | |
| PAUL KUNKEL | | Address on File | | | | | | |
| PAUL N. ADKINS | | Address on File | | | | | | |
| Paula Shrober | | Address on File | | | | | | |
| PAUS2 (Investments) GP Ltd. | Attn Eric Pedde | c/o Alberta Investment Management Corporation | 1100-10830 Jasper Avenue | | Edmonton | AB | T5J2B3 | Canada |
| Paws Cause 2015 | Attn Paws Cause 2015 | 2400 Lone Star Drive | | | Dallas | TX | 75212 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Paxstone Capital LLP | Attn Kasper Kemp Hansen | 483 Green Lane | | | London | | N13 4BS | United Kingdom |
| PayCom Payroll, LLC | | 4005 NW Expressway, STE 500 | | | Oklahoma City | OK | 73116 | |
| PayFlex Systems USA, Inc. | | 10802 Farnam Drive | Suite 100 | | Omaha | NE | 68154 | |
| Paylocity | | 1400 American Ln # 1900 | | | Schaumburg | IL | 60173-5452 | |
| Paylocity Corporation | | 3850 N. Wilke Rd. | | | Arlington Heights | IL | 60004-0000 | |
| Payne & Smith, LLC | | 10711 Preston Rd | Suite 110 | | Dallas | TX | 75230 | |
| Payne & Smith, LLC | | PO Box 670805 | | | Dallas | TX | 75367-0805 | |
| PayScale Inc | | PO Box 49283 | | | San Jose | CA | 95161-9283 | |
| PBGC | | DEPT 77430, PO BOX 77000 | | | Detroit | MI | 48277-0430 | |
| PBGC | | PO Box 979120 | | | Saint Louis | MO | 63197-9001 | |
| PC Connection | | PO Box 382808 | | | Pittsburgh | PA | 15250-8808 | |
| PC Serv LLC/SharePoint Solutions | Accounts Recievable | 1521 Gordon Petty Dr | | | Brentwood | TN | 37027 | |
| PC Serv, LLC / SharePoint Solutions | | PO Box 1588 | | | Brentwood | TN | 37024-1558 | |
| PCMG Trading Partners XXIII, L.P. | c/o The Corporation Trust Company | 1209 Orange St | | | Wilmington | DE | 19801 | |
| PCS Securities, Inc. | | 19020 88th Avenue West | | | Edmonds | WA | 98026 | |
| Peach Labs, Inc. | | 108 S Jackson St Ste 300 | | | Seattle | WA | 98104-2872 | |
| Peacock, Carissa | | Address on File | | | | | | |
| Pearson, James M. | | Address on File | | | | | | |
| Pearson, Kyle | | Address on File | | | | | | |
| PEGGY FRANCIS | | Address on File | | | | | | |
| Peller | | Dreikonigstrasse 45 | Postfach 2016 | | Zurich | | CH-8027 | SWITZERLAND |
| Peltekian, Michael | | Address on File | | | | | | |
| Peltekian, Michael | | Address on File | | | | | | |
| PELZEL, TERRY | | Address on File | | | | | | |
| Penant Management GP, LLC | c/o Highland Capital Management, L.P. | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Penland, Nathan | | Address on File | | | | | | |
| Pension Benefit Guaranty Corporation | Attn M. Baird | Office of the General Counsel | 1200 K Street, N.W., Suite 3305 | | Washington | DC | 20005 | |
| Pension Benefit Guaranty Corporation | Lori Butler, Assistant General Counsel | 1200 K Street, N.W., Suite 3513 | | | Washington | DC | 20005 | |
| Pension Benefit Guaranty Corporation | | Department 77430 | PO Box 77000 | | Detroit | MI | 48277-0430 | |
| PensionDanmark Pensionsforsikringsaklies | Attention Head of Legal | Langelinie Alle 43 | | | Copenhagen | | 02100 | Denmark |
| PensionDanmark Pensionsforsikringsaktieselska b | | c/o Fox Rothschild LLP | Two Lincoln Centre | 5420 LBJ Freeway, Suite 1200 | Dallas | TX | 75240 | |
| Pensions & Investments | Attn David Grant Crooks | Crain Communication Inc. | 115 Gratiot | | Detroit | MI | 48207-2997 | |
| Pensions & Investments | | Subscriber Services Department 77940 | | SUBSCRIBER SERVICES | Detroit | MI | 48277-0940 | |
| Pensions & Investments | | PO BOX 79001 | DRAWER #7718 | | Detroit | MI | 48279-7718 | |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 120 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| PENTAGROUP FINANCIAL, LLC | | 5959 CORPORATE DR | STE 1400 | | Houston | TX | 77036 | |
| PENTON TECHNOLOGY MEDIA | | 221 E 29TH ST | | | Loveland | CO | 80538 | |
| Pepper Hamilton LLP | | 1201 Market St, Ste 1600 | | | Wilmington | DE | 19899 | |
| Pepperdine University | ATTN Stacy Taylor | Pepperdine School of Law | 24255 Pacific Coast Hwy | | Malibu | CA | 90263 | |
| PEREIRA, TOM | | Address on File | | | | | | |
| Perino, Inc | | 450 W 42nd Street | Apt 46M | | New York | NY | 10036 | |
| Perkins Coie LLP | Atn Client Accounting | 1201 Third Avenue, Suite 4900 | | | Seattle | WA | 98101 | |
| Perot Museum of Nature and Science | | 2201 North Field Street | | | Dallas | TX | 75201 | |
| Perot Museum of Nature and Science | | PO Box 1514G9 | | | Dallas | TX | 75315 | |
| Pershing LLC | Alternative Invest Dept. - Zamena Khan | 300 Colonial Center Parkway, 3rd Floor | | | Lake Mary | FL | 32746 | |
| Pershing LLC | Attn Brittany Crowley | 300 Colonial Center Parkway | | | Lake Mary | FL | 32746 | |
| Pershing LLC | Attn Genesis Garcia | One Pershing Plaza, 8th Fl | | | Jersey City | NJ | 07399 | |
| Pershing LLC | Attn IBD - 15th Floor | One Pershing Plaza | | | Jersey City | NJ | 07399 | |
| Personnel Concepts | | PO Box 3353 | | | San Dimas | CA | 91773 | |
| PERTRAC FINANCIAL SOLUTIONS, LLC | | 2650 Thousand Oaks, Ste 1340 | | | Memphis | TN | 38118 | |
| PERTRAC FINANCIAL SOLUTIONS, LLC | | 10403 DOUBLE R BOULEVARD | | | Reno | NV | 89521 | |
| Pestotnik + Gold LLP | | 501 W. Broadway | Suite 1850 | | San Diego | CA | 92101 | |
| Petals & Stems Florist | | 13319 Montfort | LBJ at Montfort | | Dallas | TX | 75240 | |
| PETER CHUNG | | Address on File | | | | | | |
| PETER CHUNG | | Address on File | | | | | | |
| PETER FERGUSON | | Address on File | | | | | | |
| PETER NOLAN | | Address on File | | | | | | |
| PETER PESTILLO | | Address on File | | | | | | |
| Peter Roman | | Address on File | | | | | | |
| PetroCap III and SLP | Marc Lombardi | c/o Akin Gump Strauss Hauer & Feld, LLP | 2300 N. Field Street, Suite 1800 | | Dallas | TX | 75201-2481 | |
| PetroCap III and SLP | Sarah Schultz | c/o Akin Gump Strauss Hauer & Feld, LLP | 2300 N. Field Street, Suite 1800 | | Dallas | TX | 75201-2481 | |
| PetroCap III and SLP | Wesley Williams | c/o Akin Gump Strauss Hauer & Feld, LLP | 2300 N. Field Street, Suite 1800 | | Dallas | TX | 75201-2481 | |
| PetroCap Inc | | 2602 McKinney Avenue | Suite 400 | | Dallas | TX | 75204 | |
| Petrocap Incentive Partners III GP, LLC | Atn Lane Britain | Petrocap Incentive Holdings III, LP | 3333 Lee Parkway, Suite 750 | | Dallas | TX | 75219 | |
| Petrocap Incentive Partners III GP, LLC | Marc Lombardi, Sarah Schultz, Wesley Williams | c/o Akin Gump Strauss Hauer & Feld, LLP | 2300 N. Field Street, Suite 1800 | | Dallas | TX | 75201-2481 | |
| PetroCap Partners II GP, LLC | Attention William L. Britain | 2602 McKinney Avenue | Suite 400 | | Dallas | TX | 75204-0000 | |
| Petrocap Partners II GP, LLC | Atn Lane Britain | Petrocap Incentive Partners II, LP | 3333 Lee Parkway, Suite 750 | | Dallas | TX | 75219 | |
| PetroCap Partners II, GP, LLC | PetroCap, LLC | William L. Britain | 2602 McKinney Avenue | Suite 400 | Dallas | TX | 75204 | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| PetroCap Partners III, L.P. | Marc Lombardi, Sarah Schultz, Wesley Williams | c/o Akin Gump Strauss Hauer & Feld, LLP | 2300 N. Field Street, Suite 1800 | | Dallas | TX | 75201-2481 | |
| PetroCap Partners III, L.P. | | 3333 Lee Parkway | Suite 750 | | Dallas | TX | 75219 | |
| Petroleum Club of Midland | | PO Box 10527 | | | Midland | TX | 79702-7527 | |
| Petsmart Charities, Inc. | | PO Box 96426 | | | Washington | DC | 20077-7227 | |
| PFERTNER, JIM | | Address on File | | | | | | |
| PFPC DISTRIBUTORS | | PO BOX 828789 | | | Philadelphia | PA | 19182-8789 | |
| PFPC DISTRIBUTORS | | PO BOX 828810 | | | Philadelphia | PA | 19182-8810 | |
| Phase 3 Marketing and Communications | | Dept# 7052 | PO Box 2153 | | Birmingham | AL | 35287-7052 | |
| PHELAN, KEVIN | | Address on File | | | | | | |
| PHIL GALPIN | | Address on File | | | | | | |
| Phil Rochefort | | Address on File | | | | | | |
| Philadelphia Biblical University | Attn Mr. Tim Hui | 200 Manor Ave | | | Langhorne | PA | 19047-9989 | |
| PHILET FOODS | | 5331 E MOCKINGBIRD LN | STE 413 | | Dallas | TX | 75206 | |
| Philip Settimi | | Address on File | | | | | | |
| Philippine American Physicians | | PO Box 690695 | | | Orlando | FL | 32869 | |
| Phillips, Michael | | Address on File | | | | | | |
| Phoenician Operating LLC | | 6000 East Camelback Road | | | Scottsdale | AZ | 85251 | |
| PicFlips, LLC | | 8553 N Beach St #280 | | | Fort Worth | TX | 76244 | |
| Pillsbury Winthrop Shaw Pittman LLP | | PO Box 7880 | | | San Francisco | CA | 94120-7880 | |
| Pink Ribbon Cleaning Services | | PO Box 541141 | | | Dallas | TX | 75354 | |
| Pinnacle Aviation Charter | | 14988 North 78th Way | Suite 106 | | Scottsdale | AZ | 85260 | |
| Pinnacle Business Systems | | 609 S. Kelly Avenue, Suite E-7 | | | Edmond | OK | 73003 | |
| Pinnacle Group International | | PO BOX 2800, #265 | | | Carefree | AZ | 85377 | |
| Pinnacle International | | 5420 LBJ, Ste 390 | | | Dallas | TX | 75240 | |
| Pinnacle International | | PO Box 2800, #265 | | | Carefree | AZ | 85377 | |
| Pinnacle Office Products LLC | | 8024 Glenwood Ave | Suite 200 | | Raleigh | NC | 27612 | |
| Pinnacle Office Products LLC | | 8024 Glenwood Ave Ste 200 | STE 200 | | Raleigh | NC | 27612 | |
| PIONEER INVESTMENT MANAGEMENT | | 60 STATE STREET | | | Boston | MA | 02109 | |
| Pipos Travel Corp. | | 2333 Brickell Ave. | Mezz UL4 | | Miami | FL | 33129 | |
| PIRA Energy Group | | 3 Park Ave, 26th Flr | | | New York | NY | 10016-5989 | |
| Piriform Inc. | | 590 Madison Avenue | 21st Floor | | New York | NY | 10022 | |
| Pirozzi & Hillman, Inc. | | 274 Madison Ave | | | New York | NY | 10016 | |
| Pirtle Design | | 506 Union St | | | Hudson | NY | 12534-2816 | |
| Pitney Bowes Credit Corp. | | PO Box 856460 | | | Louisville | KY | 40285-6460 | |
| PITNEY BOWES FINANCIAL SERVICES LLC | | PO BOX 371887 | | | Pittsburg | PA | 15250-7887 | |
| Pitney Bowes Global Financial Services | | PO Box 371874 | | | Pittsburgh | PA | 15250-0000 | |
| Pitney Bowes Inc. | | PO Box 371896 | | | Pittsburgh | PA | 15250-7896 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 109 of 155

Appx. 00476

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 122 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Pitney Bowes- Purchase Power | | PO Box 371874 | | | Pittsburgh | PA | 15250-2648 | |
| PITTMAN, TABOR J. | | Address on File | | | | | | |
| Pivotal Research Group LLC | Jeff Shelton | c/o 12 John Street | | | Demarest | NJ | 07627 | |
| Pivotal Research Group LLC | | 12 John Street | | | Demarest | NJ | 07627 | |
| PJ Mechanical Service & Maint. Corp. | | 135 W. 18th Street | | | New York | NY | 10011 | |
| Planatech Solutions Ltd. | | Grosvenor Gardens House | 35/37 Grosvenor Gardens | | London | | SW1W 0BY | United Kingdom |
| Plano East Golf Booster Club | Attn Brian Flanagan | 700 Bear Creek Dr. | | | Murphy | TX | 75094 | |
| Plano Party Animals | | 600 Legacy Drive | Suite 111 | | Plano | TX | 75023 | |
| PLANT DECOR | | PO BOX 8 | | | Ponder | TX | 76259-0008 | |
| Plant Interscapes, Inc. | | 6436 Babcock Rd. | | | San Antonio | TX | 78249 | |
| PlantKeeper | | PO BOX 226142 | | | Dallas | TX | 75222-6142 | |
| Plastic News | | Subscriber Services | PO Box 07938 | | Detroit | MI | 48207-9944 | |
| Platinum Litigation Solutions, LLC | | 325 N. Saint Paul Street | Suite 1100 | | Dallas | TX | 75201 | |
| Platinum Parking | | 300 Crescent Court | Level G1, LB#102 | | Dallas | TX | 75201 | |
| Platypus Studios | Attn Mark Baldi | 2055 Corte Del Nogal | | | Carlsbad | CA | 92011 | |
| Plexus Groupe LLC | | 21805 W Field Parkway, Ste 300 | | | Deer Park | IL | 60010 | |
| Plimus, Inc. | | 142 N. Milpitas Blvd #435 | | | Milpitas | CA | 95035-4401 | |
| PLS Inc. | | PO Box 4987 | | | Houston | TX | 77210-4987 | |
| PLUM, KEITH | | Address on File | | | | | | |
| PLUMER, KURTIS | | Address on File | | | | | | |
| PMC Commercial Trust | | 17950 Preston Road | Ste 600 | | Dallas | TX | 75252 | |
| PMC Service Company | | 2425 DillaRd St | | | Grand Prarie | TX | 75051 | |
| PNC Global Investment Servicing | | PO Box 828789 | | | Philadelphia | PA | 19182-8789 | |
| PNP Productions | | 8312 Westlawn Avenue | | | Los Angeles | CA | 90045 | |
| POER, MARY | | Address on File | | | | | | |
| POGLITSCH, JON | | Address on File | | | | | | |
| POGRANICHNY, PAUL | | 501 Elm Street | Suite 350 | | Dallas | TX | 75202 | |
| Point Multimedia LLC | | Address on File | | | | | | |
| Pollock, Staci | | Address on File | | | | | | |
| Polsen, Gregory | | Address on File | | | | | | |
| Pope, Hardwicke, Christie, Schell, Kelly & Taplett LLP | | 500 W 7th Street | Ste 600 | | Fort Worth | TX | 76102 | |
| POPE, JAMES | | Address on File | | | | | | |
| POPE, THERESA | | Address on File | | | | | | |
| Portfolio Media, Inc | | 860 Broadway | 6th Floor | | New York | NY | 10003 | |
| POST, ROBERT | | Address on File | | | | | | |
| Potbelly Sandwich Works, LLC | | 222 Merchandise Mart Plaza | 23rd FL | | Chicago | IL | 60654 | |
| POTTER ANDERSON & CORROON LLP | Timothy R. Dudderar | Hercules Plaza, 6th Floor | 1313 North Market Street | | Wilmington | DE | 19801 | |
| Potter, Anderson & Corroon LLP | | 1313 North Market St PO Box 951 | | | Wilmington | DE | 19899-0951 | |
| POWELL, ETHAN K. | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 110 of 155

**Appx. 00477**

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| PR Newswire | | PO Box 5897 | | | New York | NY | 10087-5897 | |
| PR Newswire Association, LLC | | 602 Plaza | Three Harborside Financial Center | | Jersey City | NJ | 07311-0000 | |
| PRACTICING LAW INSITUTE | | 810 SEVENTH AVE | | | New York | NY | 10019 | |
| PRACTICING LAW INSITUTE | | PO Box 26532 | | | New York | NY | 10087-6532 | |
| Prairie Rose Studio | | PO Box 1316 | | | Commerce | TX | 75429 | |
| PRAMOD RAJU | | Address on File | | | | | | |
| Precise Land Surveying, Inc. | | 4625 Eastover Dr | | | Mesquite | TX | 75149 | |
| Premier Wealth Strategies | Attn Jon Rustad | 8777 E. Via de Ventura, Ste 140 | | | Scottsdale | AZ | 85258 | |
| Premiere Global Services | | PO Box 404351 | | | Atlanta | GA | 30384-4351 | |
| Premiere Speakers Bureau, Inc. | | 109 International Drive | Suite 300 | | Franklin | TN | 37067 | |
| Preqin Ltd. | | Scotia House | 33 Finsbury Square | | London | | EC2A 1BB | United Kingdom |
| Preqin Ltd. | | PO Box 200918 | | | Pittsburgh | PA | 15251-0918 | |
| Presbyterian Hospital of Dallas | | PO Box 910013 | | | Dallas | TX | 75391 | |
| Prescott Legal Search | | PO Box 1024140 | | | Atlanta | GA | 30368-4140 | |
| Presidential Process Service Inc | | 419 Park Ave South | Suite 700 | | New York | NY | 10016 | |
| Preston Florist | | 14856 Preston Rd Ste 110 | | | Dallas | TX | 75240 | |
| Preston Hollow Catering | | 3419 Westminister | #235 | | Dallas | TX | 75205 | |
| Preston Hollow Elementary PTA | | 6423 Walnut Hill Lane | | | Dallas | TX | 75230 | |
| PRI Association | | 5th Floor | 25 Camperdown Street | | Whitechapel | | E1 8DZ | United Kingdom |
| PRICE_BRIAN | | Address on File | | | | | | |
| Price_Kevin | | Address on File | | | | | | |
| PRICE_WHITNEY | | Address on File | | | | | | |
| Pricewaterhouse Coopers, LLP | | 8 Cross St. #17-00 | PWC Singapore Building | | Singapore | | 048424 | SINGAPORE |
| Pricewaterhouse Coopers, LLP | | P.O. Box 952282 | | | Dallas | TX | 75395 | |
| Pricewaterhouse Coopers, LLP | | PO Box 75647 | | | Chicago | IL | 60675-5647 | |
| PricewaterhouseCoopers | c/o John Wander, Vinson Elkins LLP | 2001 Ross Avenue | Suite 3900 | | Dallas | TX | 75201 | |
| PRICEWATERHOUSECOOPE RS | | SOUTHWARK TOWERS | 32 LONDON BRIDGE ST | | London | | SE1 9SY | United Kingdom |
| PricewaterhouseCoopers LLP | | One North Wacker | | | Chicago | IL | 60606-0000 | |
| Prime Brokerage Services | | Jefferies LLC | 520 Madison Avenue | | New York | NY | 10022 | |
| Primedia | | PO Box 96985 | | | Chicago | IL | 60693 | |
| Princeton Club of NY | | 15 West 43rd Street | | | New York | NY | 10036-7497 | |
| Princeton Search LLC | | d/b/a PrincetonOne | PO Box 52265 | | Newark | NJ | 07101-0220 | |
| Principal Financial Group | | PO Box 477 | | | Appleton | WI | 54912-0477 | |
| Principal Life | | Dept. 400 PO Box 14416 | | | Des Moines | IA | 50306-3416 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 111 of 155

**Appx. 00478**

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| PrintComm | | 1161 Executive Drive West | | | Richardson | TX | 75081 | |
| PrintGlobe | | PO Box 975659 | | | Dallas | TX | 75397-5659 | |
| Privcap LLC | | 86 Chambers Street | 7th Floor | | New York | NY | 10007 | |
| Probe Ministries | | 2001 W. Plano Pkwy | Suite 2000 | | Plano | TX | 75075 | |
| Probe Ministries | | 1900 Firman Dr Ste 100 | | | Richardson | TX | 75081-6796 | |
| Professional Technologies, Inc. | Accounting Dept. | 4950 N. OConnor Rd., 1st Floor | | | Irving | TX | 75062-2778 | |
| PROFESSIONALS PUBLISHING GROUP | | 1911 N US HWY 301 | STE 140 | | Tampa | FL | 33619 | |
| PROFFESSIONAL TECHNOLOGIES INCORPORATED | | CORPORATE PLAZA 1, 1st floor | | | Irving | TX | 75062-2778 | |
| Proffessional Video Services, LLC | | 8 Canterbury Lane | | | Westfield | NJ | 07090 | |
| Progenics Pharmaceuticals, Inc. | Attn CEO | 777 Old Saw Mill Road | | | Tarrytown | NY | 10591 | |
| Progressive Business Publication | | 370 Technology Drive | PO BOX 3019 | | Malvern | PA | 19355 | |
| Pronske and Kathman | Jason P. Kathman | 2701 Dallas Parkway Suite 590 | | | Plano | TX | 75093 | |
| Proofpoint | | 892 Ross Drive | | | Sunnyvale | CA | 94089 | |
| Proposal Software, Inc. | | 1140 US Hwy 287 | Suite 400-102 | | Broomfield | CO | 80020 | |
| Prosek Partners LLC | | 1552 Post Road | | | Fairfield | CT | 06824 | |
| Proskauer Rose LLP | | Eleven Times Square | | | New York | NY | 10036-8299 | |
| Prospect News Inc. | | 6 MAIDEN LANE | 9th floor | | New York | NY | 10038 | |
| Prospect News Inc. | | 164 Prospect Park West #4R | | | Brooklyn | NY | 11215 | |
| Prosper Sports Association | | 1050 High Willow | | | Prosper | TX | 75078 | |
| ProStar Services, Inc | | PO Box 110209 | | | Carrollton | TX | 75011 | |
| Protection Networks | | 4887 Alpha Road, St 200 | | | Farmers Branch | TX | 75244-4632 | |
| PROVIDEA CONFERENCING LLC | | PO Box 636132 | | | Cincinnati | OH | 45263 | |
| PROVIDEA CONFERENCING LLC | | 1297 Flynn Rd. | Suite 100 | | CAMARILLO | CA | 93012 | |
| Prudential | Attn Nirsa Reyes | 100 Mulberry St, Gateway Ctr 3, 14 flr | | | Newark | NJ | 07102 | |
| Prudential | | PO BOX 856138 | | | Louisville | KY | 40285 | |
| Pryor Cashman LLP | | 410 Park Ave | | | New York | NY | 10022 | |
| PUBLIC COMPANY ACCTNG OVERSIGHT BOARD | | PO BOX 631116 | | | Baltimore | MD | 21263-1116 | |
| Puerto Rico Secretary of the Treasury | | Securities Division | 1492 Ponce de Leon Avenue, Suite 600 | | San Juan | PR | 00907-1492 | |
| Puglisi & Associates | | 850 Library Ave. Suite 204 | | | Newark | DE | 19711 | |
| PUNCHSTOCK | | 8517 EXCELSIOR DR | STE 200 | | Madison | WI | 53717 | |
| PUNCHSTOCK | | PO Box 953604 | | | Saint Louis | MO | 63195 | |
| PURCELL, ONDINA | | Address on File | | | | | | |
| PURCELL, ONDINA A. | | Address on File | | | | | | |
| Purdy-McGuire | | 4300 Sigma Ste 200 | | | Dallas | TX | 75244-4416 | |
| Pure Compliance | | PO BOX 951839 | | | Dallas | TX | 75395 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 125 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Purshe Kaplan Sterling Investments, Inc. | | 18 Corporate Woods Blvd | 4th Floor | | Albany | NY | 12211 | |
| PUSATERI, MICHAEL | | Address on File | | | | | | |
| Putnam Lovell | | 1155 Metcalfe St., 4th Flr | | | Montreal | QC | H3B 4S9 | CANADA |
| PwC Product Sales LLC | | PO Box 952282 | | | Dallas | TX | 75395-2282 | |
| Q&A RECRUITING | | 14241 N DALLAS PKWY, STE 550 | | | Dallas | TX | 75254 | |
| Q.O.P.S. | | PO Box 10429 | | | Van Nuys | CA | 91410 | |
| Quadriga Partners, LLC | Attn Jason Ficken | 100 Fillmore, Suite 425 | | | Denver | CO | 80206 | |
| Quality High-Tech Services, Inc. | | 11807 Forestgate Dr | | | Dallas | TX | 75243 | |
| QUAN ZHANG | | Address on File | | | | | | |
| QUANTUM | | DEPT 0596 | PO BOX 120596 | | Dallas | TX | 75312 | |
| Queens Ballpark Co. | Attn Marc Candelaria | 126-01 Roosevelt Ave. | | | Flushing | NY | 11368 | |
| Quest CE | | 10100 W. Innovation Drive | Suite 200 | | Milwaukee | WI | 53226 | |
| Quest Events | | 2591 Dallas Parkway | Suite 201 | | Frisco | TX | 75034 | |
| QUEST IRA, INC., FBO HUNTER COVITZ, ACCT. # x9811 | | 17171 Park Row #100 | | | Houston | TX | 77084 | |
| QUEST IRA, INC., FBO JON POGLITSCH, ACCT. # x0612 | | 17171 Park Row #100 | | | Houston | TX | 77084 | |
| QUEST IRA, INC., FBO LEE B. PARKER III, ACCT. # x8311 | | 17171 Park Row #100 | | | Houston | TX | 77084 | |
| QUEST IRA, INC., FBO NEIL DESAI, ACCT. # x9211 | | 17171 Park Row #100 | | | Houston | TX | 77084 | |
| Quest Software | | PO Box 51739 | | | Los Angelos | CA | 90051-6039 | |
| Quick Trak Messangers | | 267 West 17th Street | 3rd Floor | | New York | NY | 10019 | |
| Quinn Emanuel Trial Lawyers | | 865 S Figueroa St | 10th FL | | Los Angeles | CA | 90017 | |
| Quintairos, Prieto Wood & Boyer | | 9300 South Dadeland Blvd, 4th Floor | | | Miami | FL | 33156 | |
| Quintairos, Prieto Wood & Boyer | | 865 S. Figueroa St | 10th FL | | Los Angeles | CA | 90017 | |
| QVerity, Inc. | | 740 Greenville Blvd. | Suite 400, PMB 154 | | Greenville | NC | 27858 | |
| Rabbit Reproduction | | PO Box 29764 | | | Dallas | TX | 75229 | |
| Rachael Romine | | Address on File | | | | | | |
| RACHAL, TRAVIS | | Address on File | | | | | | |
| RACHAL, TRAVIS | | Address on File | | | | | | |
| Rademacher, Cole | | Address on File | | | | | | |
| Radianz Americas Inc | ATTN Head of Legal | 620 Eighth Ave | 45 th Floor | | New York | NY | 10018 | |
| Radianz Americas Inc | | PO Box 7247-6642 | | | Philadelphia | PA | 19170-6642 | |
| Radianz Americas Inc | | DEPT CH 19227 | | | Palentine | IL | 60055-9227 | |
| Rafael Anchia | | Address on File | | | | | | |
| RAJU, PRAMOD | | Address on File | | | | | | |
| Rakhee V. Patel, Phillip Lamberson, Annmarie Chiarello | | 500 Windstead Building | 2728 N. Harwood Street | | Dallas | TX | 75201 | |
| Rally Point Media Strategies LLC | | 1320 North Veitch St | #1712 | | Arlington | VA | 22201 | |
| RAMAMURTHY, SUNDAR | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 126 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Ramesh Swaminathan | | Address on File | | | | | | |
| Rand Advisors Series I Insurance Fund | c/o Rand Advisors | John Honis | 87 Railroad Place | Suite 403 | Saratoga Springs | NY | 12866 | |
| Rand Advisors, LLC / Atlas IDF LP, et al | Attn John Honis | 87 Railroad Place | Ste 403 | | Saratoga Springs | NY | 12866-0000 | |
| Rand PE Fund I, L.P. | c/o Rand PE Fund Management, LLC | John Honis | 87 Railroad Place | Suite 403 | Saratoga Springs | NY | 12866 | |
| Randal Stout Entertainment | | 2341 Hummingbird Trail | | | Grapevine | TX | 76051 | |
| RANDAL ZIEGENHAGEN | | 5317 ELLSWORTH AVE | | | Dallas | TX | 75206 | |
| Random Lengths | | PO Box 867 | | | Eugene | OR | 97440-0867 | |
| RANGEL, VICTOR | | Address on File | | | | | | |
| Ranger Creek Goose | | 209 Alex Way | | | Abilene | TX | 79602 | |
| Ransom, Garrett | | Address on File | | | | | | |
| Rapid7 LLC | | 120 Causeway St Ste 400 | | | Boston | MA | 02114-1314 | |
| Rapid7 LLC | | PO Box 347377 | | | Pittsburgh | PA | 15251-4377 | |
| Ratcliffe for Congress | | 2931 Ridge Road, Ste 101 | PMB #217 | | Rockwall | TX | 75032 | |
| RAWLINGS, OLSON, CANNON | | GORMLEY & DESRUISSEAUX | 9950 W CHEYENNE AVE | | Las Vegas | NV | 89129 | |
| Raymond Dougherty | | Address on File | | | | | | |
| Raymond James & Associates, Inc | Attn Kristin Koscho | 880 Carillon Parkway | | | St. Petersburg | FL | 33716 | |
| Raymond James & Associates, Inc | Attn Treasury/RMB-M/F | PO Box 23591 | | | St. Petersburg | FL | 33742 | |
| Raymond James & Associates, Inc | | 70 East Main St | | | Avon | CT | 06001 | |
| Raymond James & Associates, Inc | | Granada Building, 5th Floor | 1216 State Street, Suite 500 | | Santa Barbara | CA | 93101 | |
| Raymond James Financial | ALPG attn Todd Moulton | 3610 N. University Ave, Ste 350 | | | Provo | UT | 84604 | |
| Raymond James Financial | Attn Catina Cruz/RJ BP Dev Conf Free | PO Box 23613 | | | St. Petersburg | FL | 33742 | |
| Raymond Joseph Dougherty | D. Craig Shew, PLLC | PO Box 1373 | | | Ada | OK | 74821-1373 | |
| Raymond Joseph Dougherty | | Address on File | | | | | | |
| RBC Capital Markets, LLC | Attn Dave Hirons | 4250 Executive Square, Ste 800 | | | Lajolla | CA | 92037 | |
| RBC Capital Markets, LLC | Attn Jim Brick | 60 South Street, P21 | | | Minneapolis | MN | 55402 | |
| RCR Wireless News | | Subscriber Services Department 77940 | | | Detroit | MI | 48277-0940 | |
| Real Capital Analytics | | 139 5th Ave | | | New York | NY | 10010 | |
| REAL ESTATE ALERT | | 5 Marine View Plaza #400 | | | Hoboken | NJ | 07030 | |
| Real Time Services | | 452 West John Street | | | Hicksville | NY | 11801-1301 | |
| REALPOINT | | BOX #3001 | 200 WITMER RD | | Horsham | PA | 19044 | |
| REALPOINT | | Receivable Management Services | 4836 Brecksville Rd | | Richfield | OH | 44286 | |
| Reasoning Mind | | 5910 N. Central Expressway # 250 | | | Dallas | TX | 75206 | |
| Rebecca A. Thompson | | Address on File | | | | | | |
| Rebecca Stropoli | | Address on File | | | | | | |
| Record Press Inc. | | 229 West 36th Street | | | New York | NY | 10018 | |
| Records Deposition Service | | 1701 N Collins Blvd Ste 334 | | | Richardson | TX | 75080-3602 | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Red Hat | | 100 East Davie Street | | | Raleigh | NC | 27601-0000 | |
| Red Oak Compliance Solutions LLC | | 1320 Arrow Point Dr Ste 411 | | | Cedar Park | TX | 78613-2095 | |
| Red River CLO Corp. | | P.O. Box 1093GT, Queensgate House | | George Town | Grand Cayman | | | Cayman Islands |
| Red River CLO Ltd c/o Ogier Fiduciary Services (Cayman) Limited | Attention The Directors | P.O. Box 1234, | Queensgate House South Church Street | George Town | Grand Cayman | | KY1-1108 | Cayman Islands |
| Red River CLO Ltd. | | 190 Elgin Avenue | George Town | | Grand Cayman | | KY1-9005 | Cayman Islands |
| Red River CLO Ltd. et al | U.S. Bank National Association Corporate Trust Services/CDO Department | One Federal Street, Third Floor | | | Boston | MA | 02110 | |
| Red River CLO Ltd. Grand Central Asset Trust | LaSalle Bank N.A., as Collateral Administrator | 181 West Madison Street | Suite 3200 | CDO Trust Services - Roy Hykal | Chicago | IL | 60602 | |
| Red River CLO Ltd. Grand Central Asset Trust | U.S. Bank, National Association | One Federal Street | 3rd Floor | Mr. Jackson Carneiro | Boston | MA | 02110 | |
| Red River CLO Ltd. Highland Special Opportunities Holding Company U.S. Bank National Association | Highland Special Opp. Holding Company | 2 Galleria Towers 13455 Noel Road | Suite 1300 | | Dallas | TX | 75240 | |
| Red River CLO Ltd. Highland Special Opportunities Holding Company U.S. Bank National Association | LaSalle Bank N.A., as Collateral Administrator | 181 West Madison Street | Suite 3200 | CDO Trust Services - Maciej Zurawski | Chicago | IL | 60602 | |
| Red River CLO Ltd. Highland Special Opportunities Holding Company U.S. Bank National Association | U.S. Bank, National Association | One Federal Street | Third Floor | Mr. Jackson Carneiro | Boston | MA | 02110 | |
| Red River CLO Ltd. MMP-5 Funding, LLC IXIS Financial Products Inc. | IXIS Financial Products Inc. | 9 West 57th Street | 36th Floor | | New York | NY | 10019 | |
| Red River CLO Ltd. MMP-5 Funding, LLC IXIS Financial Products Inc. | MMP-5 Funding, LLC | 120 White Plains Road | Suite 115 | | Tarrytown | NY | 10591 | |
| Red River CLO Ltd. U.S. Bank National Association IXIS Financial Products Inc. | Red River CLO Ltd. Address c/o Ogier Fiduciary Services (Cayman) Limited | P.O. Box 1234 | Queensgate House South Church Street | Red River CLO Ltd. | George Town | | KY1-1108 | Cayman Islands |
| Red River CLO Ltd., et al | c/o Ogier Fiduciary Services (Cayman) Limited | 190 Elgin Avenue | George Town | | Grand Cayman | | KY1-9005 | Cayman Islands |
| Red River CLO, Ltd. | | P.O. Box 1093GT, Queensgate House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Red River CLO, Ltd. | Red River CLO Ltd. c/o Ogier Fiduciary Services (Cayman) limited | P.O. Box 1093GT | Queensgate House, South Church Street | The Directors | George Town | | | Cayman Islands |
| Red River CLO, Ltd. U.S. Bank National Association | U.S. Bank National Association Corporate Trust Services/CDO Department | One Federal Street, Third Floor | Ref Red River CLO Ltd | c/o Ogier Fiduciary Services (Cayman) Limited | Boston | MA | 02110 | |
| Red River CLO, Ltd. U.S. Bank National Association | | P.O. Box 1234 | Queensgate House South Church Street | The Directors - Red River | George Town | | KY1-1108 | Cayman Islands |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 128 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Red Rock Strategic Partners | | PO Box 35 | | | Watkinsville | GA | 30677 | |
| Redbud E&P Inc. | | 2602 McKinney Ave | Ste 400 | | Dallas | TX | 75204 | |
| Redeemer Committee - Highland Crusader | | | | | | | | |
| Redeemer Commttee Highland Crusader Fund | Attn Eric Felton | 731 Pleasant Ave. | | | Glen Ellyn | IL | 60137 | |
| Redmond Law Firm | c/o Terri Mascherin, Esq. | Jenner & Block | 353 N. Clark Street | | Chicago | IL | 60654-3456 | |
| | | 6731 W. 121 St, Ste 226 | | | Overland Park | KS | 66209 | |
| Redspin | | 27271 Las Ramblas | Suite 200 | | Mission Viejo | CA | 92691 | |
| REED SMITH | | Address on File | | | | | | |
| REED SMITH | | PO Box 360074M | | | Pittsburgh | PA | 15251-6074 | |
| REED SMITH | | PO BOX 759052 | | | Baltimore | MD | 21275-9052 | |
| REED WATSON | | Address on File | | | | | | |
| Reese Energy Consulting, Inc. | | 725 South Boulevard | | | Edmond | OK | 73034 | |
| Refinitiv | c/o Sarah E. Doerr | Refinitiv f/d/b/a Thomson Reuters | Moss & Barnett | 150 5th St S, Suite 1200 | Minneapolis | MN | 55402 | |
| Refinitiv US LLC | | 3 Times Square | | | New York | NY | 10036 | |
| Regulatory Compliance Watch | | PO Box 9407 | | | Gaithersburg | MD | 20898-9407 | |
| Regus Business Centre | | Colleen Susini, Centre Manager | 245 Park Ave, 39th Flr | | New York | NY | 10167 | |
| Regus Management Group LLC | | PO Box 842456 | | | Dallas | TX | 75284-2458 | |
| Reid Collins & Tsai | William T. Reid, Esq. | Reid Collins & Tsai LLP | 810 Seventh Avenue, Ste 410 | | New York | NY | 10019 | |
| Reid Collins & Tsai LLP | | 1301 S. Capital of Texas Hwy | #C300 | | Austin | TX | 78746 | |
| Reid Collins & Tsai LLP | | 4301 Westbank Drive | Building B Suite 230 | | Austin | TX | 78746 | |
| Reid Davis | | Address on File | | | | | | |
| REIS SERVICES, LLC | | 530 Fifth Ave5th Floor | | | New York | NY | 10036 | |
| Reis, Inc. | | 5 West 37th St | | | New York | NY | 10018 | |
| Reis, Inc. | | 530 5TH AVE, 5TH FLR | | | New York | NY | 10036 | |
| REIT ZONE PUBLICATIONS, LLC | | 448 IGNACIO BLVD | STE 345 | | Novato | CA | 94949 | |
| Reiter, Jon | | Address on File | | | | | | |
| Relationship Science LLC | | 909 3rd Ave | FL 18 | | New York | NY | 10022 | |
| Relationship Science LLC | | PO Box 347989 | | | Pittsburgh | PA | 15251-4989 | |
| Ren Morrison Photography | | 5445 Caruth Haven 121 | | | Dallas | TX | 75225 | |
| Rentacrate Incorporated | | 124 Prospect St. | | | Waltham | MA | 02453 | |
| Rentacrate Incorporated | | 22 Century Blvd | Suite 420 | | Nashville | TN | 37214 | |
| Rentacrate Incorporated | | PO Box 32194 | | | New York | NY | 10087-2194 | |
| Renfro, Tyler | | Address on File | | | | | | |
| Reorg Research, Inc. | | 1140 Broadway | Ste 201 | | New York | NY | 10001 | |
| Reorg Research, Inc. | | 11 East 26th Street | 12th Floor | | New York | NY | 10010-0000 | |
| Reporters Central LLC | | 363 Seventh Ave, 21st Fl | | | New York | NY | 10001 | |
| Republic Title of Texas, Inc. | | 2701 W. Plano Parkway, Suite 100 | | | Plano | TX | 75075 | |
| Reputation Management Consultants | | 92 Corporate Park | Suite C-700 | | Irvine | CA | 92606 | |
| Rescue Cell Phone | | 280 Legacy Dr | #104 | | Plano | TX | 75023 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 116 of 155

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 129 of
175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Rescue Cell Phone | | 6121 Greenville Ave | | | Dallas | TX | 75206 | |
| Research in Motion Corporation | | 12432 Collections Center Dr | | | Chicago | IL | 60693 | |
| Resolutions, LLC. | | 222 Berkeley Street | Suite 1060 | | Boston | MA | 02116 | |
| Resort Capital Advisors | | 712 Intracoastal Dr | | | Ft. Lauderdale | FL | 33304 | |
| Resource Technologies Corp. | | PO Box 3201 | | | Troy | MI | 48007-3201 | |
| Restaurant Associates | Attn Jeanine Miller | 1071 Fifth Avenue | | | New York | NY | 10128 | |
| Resulte Universal | | 5151 Belt Line Rd | Suite 455 | | Dallas | TX | 75254 | |
| REUTERS LOAN PRICING CORPORATION | | GENERAL POST OFFICE | PO BOX 26803 | | New York | NY | 10087-26803 | |
| Rey Rodriquez | | Address on File | | | | | | |
| Reynolds Frizzell Black Doyle Allen | | 1100 Louisiana | Ste 3500 | | Houston | TX | 77002 | |
| Reynolds, Steven | | Address on File | | | | | | |
| RFPnetworks B.V. | | Laan van Kronenburg 14 | | | Amstelveen | | 1183AS | NETHERLANDS |
| Rhinotek Computer Products | | PO Box 6205 | | | Carson | CA | 90749 | |
| Rhode Island Dept. Business Regulation | | Securities Division | 1511 Pontiac Ave. Bldg 69. 1st Floor | | Cranston | RI | 02920 | |
| Rialto Capital Advisors, LLC | | 790 NW 107th Avenue | Suite 400 | | Miami | FL | 33131 | |
| RICCI, JENNIFER | | Address on File | | | | | | |
| Riccione Resources, Inc | | 17194 Preston Rd | Suite 102-390 | | Dallas | TX | 75248-1221 | |
| RICE, BRIAN | | Address on File | | | | | | |
| RICE, CHARLES | | Address on File | | | | | | |
| Rice, Christopher | | Address on File | | | | | | |
| Rich Bitterman | | Address on File | | | | | | |
| RICH DAPAAH | | Address on File | | | | | | |
| RICH, MICHAEL | | Address on File | | | | | | |
| RICHARD & SYLVIA TUCKER TRUST | | Address on File | | | | | | |
| Richard Arnitz | | Address on File | | | | | | |
| RICHARD BARNES TRUST | | Address on File | | | | | | |
| Richard Egelhof | | Address on File | | | | | | |
| Richard Even | | Address on File | | | | | | |
| Richard Harris | | Address on File | | | | | | |
| Richard Layton & Finger | | One Rodney Square | 920 North King Street | | Wilmington | DE | 19801 | |
| RICHARD LINDENMUTH | | Address on File | | | | | | |
| Richard M. Alderman | | Address on File | | | | | | |
| Richard Pines | | Address on File | | | | | | |
| Richard Redden | | Address on File | | | | | | |
| Richard Rinehart | | Address on File | | | | | | |
| RICHARD TUCKER | | Address on File | | | | | | |
| Richards Partners | | 8750 N Central Expy | Suite 100 | | Dallas | TX | 75231-6437 | |
| Richards, Paul | | Address on File | | | | | | |
| Richards, Paul A. | | Address on File | | | | | | |
| Richardson, Kellie | | Address on File | | | | | | |
| Richmond Communicatinos Group, Inc. | | 2750 Northhaven Rd Ste 202 | | | Dallas | TX | 75229 | |
| Richofsky, Lori | | Address on File | | | | | | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| RICK DREW | | Address on File | | | | | | |
| Ricky Swadley | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| Ricoh Americas Corporation | | PO BOX 13852 | | | Newark | NJ | 07188-0852 | |
| Ricoh Americas Corporation | | PO Box 4245 | | | Carol Stream | IL | 60197-4245 | |
| Ricoh Americas Corporation | | PO BOX 73210 | | | Chicago | IL | 60673-7210 | |
| Ricoh Americas Corporation | | PO Box 660342 | | | Dallas | TX | 75266-0342 | |
| Ricoh Americas Corporation | | PO BOX 730366 | | | Dallas | TX | 75373-0366 | |
| RICOH BUSINESS SOLUTIONS | | First Floor | 4667 N. Royal Atlanta Dr. | | Tucker | GA | 30084 | |
| RICOH BUSINESS SOLUTIONS | | PO BOX 73210 | | | Chicago | IL | 60673-7210 | |
| Ricoh USA, Inc. | | PO Box 827577 | | | Philadelphia | PA | 19182-7577 | |
| Ricoh USA, Inc. | | 21146 Network Place | | | Chicago | IL | 60673-1211 | |
| Ricoh USA, Inc. | | PO Box 660342 | | | Dallas | TX | 75266-0342 | |
| Riddle, Cara | | Address on File | | | | | | |
| Ridgely, Taylor | | Address on File | | | | | | |
| RIDGELY, TAYLOR | | Address on File | | | | | | |
| RIDGELY, TAYLOR | | Address on File | | | | | | |
| RIDGEWAY, BRIAN | | Address on File | | | | | | |
| Rigzone.com, Inc. | | 14531 FM 529, Ste 225 | | | Houston | TX | 77095 | |
| RINGHEIMER, JEREMY | | Address on File | | | | | | |
| RIORDAN, TERRENCE | | Address on File | | | | | | |
| RIORDAN, TERRENCE C. | | Address on File | | | | | | |
| Rios, Heriberto | | Address on File | | | | | | |
| Ripe4Offices | | 13-19 Circus Rd | St. Johns Wood | | London | | NW8 6PB | United Kingdom |
| Ripple Effect Strategies, Inc. | | 503 E. Jackson St. | Suite 235 | | Tampa | FL | 33602-4904 | |
| RISI | | PO BOX 16586 | | | North Hollywood | CA | 91615-6586 | |
| Risk Metrics Group | | PO Box 2621 | | | Buffalo | NY | 14240-2621 | |
| Ritch, Lauren N. | | Address on File | | | | | | |
| Riveron Consulting, LLC | | 2515 McKinney Avenue | Suite 1200 | | Dallas | TX | 75201 | |
| RL Consulting | | 19228 Charandy Drive | | | Leesburg | VA | 20175 | |
| RME | | PO Box 261237 | | | Tampa | FL | 33685-1237 | |
| ROARK, BRANDEN | | Address on File | | | | | | |
| ROB BUCK PHOTOGRAPHS, INC | | 3411 CLEARVIEW DR | | | Austin | TX | 78703 | |
| ROB PEDERSON | | Address on File | | | | | | |
| Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP | | 2000 K Street, NW | 4th FL | | Washington | DC | 20006 | |
| Robert A. Leonard | | Address on File | | | | | | |
| Robert Carey | | Address on File | | | | | | |
| Robert Flink | | Address on File | | | | | | |
| ROBERT GAGE | | Address on File | | | | | | |
| ROBERT GEORGE | | Address on File | | | | | | |
| Robert Half Finance and Accounting | | 2613 Camino Ramon | | | San Ramon | CA | 94583 | |
| Robert Half Finance and Accounting | | PO Box 743295 | | | Los Angeles | CA | 90074-3295 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Robert Half Legal | | PO Box 743295 | | | Los Angeles | CA | 90074-3295 | |
| Robert Half Legal | | File 73484 | PO Box 60000 | | San Francisco | CA | 94160-3484 | |
| Robert Half Management Resources | | PO Box 743295 | | | Los Angeles | CA | 90074-3295 | |
| Robert Half Management Resources | | PO Box 60000 | | | San Francisco | CA | 94160-3484 | |
| Robert Half Technology | | PO Box 743295 | | | Los Angeles | CA | 90074-3295 | |
| Robert Half Technology | | FILE 73484 | PO Box 60000 | | San Francisco | CA | 94160-3484 | |
| Robert Hargesheimer | | Address on File | | | | | | |
| Robert M. Garza & Associates, Inc. | | 1001 Hot Springs Dr | | | Allen | TX | 75013 | |
| ROBERT MUNROE | | Address on File | | | | | | |
| Robert Pederson | | Address on File | | | | | | |
| Robert Peiser | | Address on File | | | | | | |
| Robert Roland | | Address on File | | | | | | |
| Robert Sulivan | | Address on File | | | | | | |
| ROBERT THOMPSON | | Address on File | | | | | | |
| Robert William Chanda | | Address on File | | | | | | |
| Roberta L. Fisher | | Address on File | | | | | | |
| Robin Russell, Joseph P. Rovira | Hunton Andrews Kurth LLP | 600 Travis Street, Suite 4200 | | | Houston | TX | 77002 | |
| Robust Advisors, Inc. | | 7 DeGraaf Court | | | Mahwah | NJ | 07430 | |
| ROBY, JOHN | | Address on File | | | | | | |
| Rochelle McCullough, LLP | E. P. Keiffer | 325 North St. Paul Street, Suite 4500 | | | Dallas | TX | 75201 | |
| Rockwall CDO II Ltd. | | P.O. Box 1093GT, Queensgate House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Rockwall CDO II, Ltd. Investors Bank & Trust Company | Investors Bank & Trust Company | 200 Claredon Street | CDO Services Group | | Boston | MA | 02116 | |
| Rockwall CDO II, Ltd. Investors Bank & Trust Company | Rockwall CDO II Ltd c/o Maples Finance Limited | P.O. Box 1093GT, Boundary Hall | Cricket Square George Town, Grand Cayman | Attention The Directors-Stratford CLO Ltd. | Grand Cayman | | | Cayman Islands |
| Rockwall CDO Ltd JPMorgan Chase Bank, National Association | JPMorgan Chase Bank | 600 Travis Street | 50th Floor | Worldwide Securities Services-Rockwall CDO Ltd. | Houston | TX | 77002 | |
| Rockwall CDO Ltd. | c/o Maples Finance Limited | P.O. Box 1093GT | Queensgate House South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Rockwall CDO Ltd., et al | | P.O. Box 1093GT, Queensgate House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Rockwell CDO (Delaware) Corp. | c/o Maples Finance Limited | PO Box 1093 GT, Queensgate House | South Church Street | George Town | Grand Cayman | | KY1-1108 | Cayman Islands |
| Rockwell CDO I Ltd | c/o Maples Finance Limited | PO Box 1093 GT, Queensgate House | South Church Street | George Town | Grand Cayman | | KY1-1108 | Cayman Islands |
| Rockwell CDO II Ltd | c/o Maples Finance Limited | PO Box 1093 GT, Queensgate House | South Church Street | George Town | Grand Cayman | | KY1-1108 | Cayman Islands |
| Rockwell CDO, Ltd | c/o Maples Finance Limited | PO Box 1093 GT, Queensgate House | South Church Street | George Town | Grand Cayman | | KY1-1108 | Cayman Islands |
| Rod Laughlin | | Address on File | | | | | | |
| Rod Lim | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 132 of
175
Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| RODDA, SANDIE | | Address on File | | | | | | |
| RODDA, SANDIE K | | Address on File | | | | | | |
| Roderick Givens | | Address on File | | | | | | |
| Rodolfo Esquivel | | Address on File | | | | | | |
| Roe Golightly | | Address on File | | | | | | |
| Roeber, Blair A. | | Address on File | | | | | | |
| ROGER CHEN | | Address on File | | | | | | |
| ROGER LI | | Address on File | | | | | | |
| ROOGE DUNN GROUP, PC | Brian P. Shaw | 500 N. Akard Street, Suite 1900 | | | Dallas | TX | 75201 | |
| Romacorp. Inc. | David Short | 1700 Alma Drive | Suite 400 | | Plano | TX | 75075 | |
| Ron Attar | | Address on File | | | | | | |
| Ron DVari | | Address on File | | | | | | |
| Ron Patterson Insurance | | 2435 N Central Expy Ste 1600 | | | Richardson | TX | 75080-2784 | |
| Ronald McDonald House of Dallas | | 5641 Medical Center Dr | | | Dallas | TX | 75235 | |
| ROOS, PAUL | | Address on File | | | | | | |
| Ropes & Gray LLP | | 800 Boylston Street | | | Boston | MA | 02199 | |
| Ropes & Gray LLP | | One International Place | | | Boston | MA | 02110-2624 | |
| Ropes & Gray LLP | | PO Box 414265 | | | Boston | MA | 02214-4265 | |
| Rosen Systems, Inc. | | 2323 Langford St. | | | Dallas | TX | 75208 | |
| Rosenthal, Monhait, & Goddess PA | | Suite 1401, 919 Market St | PO Box 1070 | | Wilmington | DE | 19899-1070 | |
| Rosewood Crescent Hotel | Attn Ms Eva Delgadillo | PO Box 845576 | | | Dallas | TX | 75284-5576 | |
| Rosewood Crescent Hotel | | 400 Crescent Court | | | Dallas | TX | 75201 | |
| Rosewood Crescent Hotel & | | Rosewood Mansion on Turtle Creek | 400 Crescent Court | | Dallas | TX | 75201 | |
| Ross & Smith, PC | Judith W. Ross, Frances A. Smith, Eric Soderlund | 700 North Pearl Street, Suite 1610 | | | Dallas | TX | 75201 | |
| Ross Smith Energy Group | | 400, 407 - 8th Avenue | | | CALGARY | AB | T2P 4Z2 | CANADA |
| Ross Vaillancourt | | Address on File | | | | | | |
| ROSS, JAMES | | Address on File | | | | | | |
| Roth Staffing Companies, LP | | PO Box 848761 | | | Los Angeles | CA | 90084-8761 | |
| ROTHSTEIN, JASON | | Address on File | | | | | | |
| Rothstein, Kass & Company, P.C. | | 9171 Wilshire Blvd, Ste 500 | | | Beverly Hills | CA | 90210-5591 | |
| Roubini Global Economics, LLC | | 131 Varick St., Ste 1005 | | | New York | NY | 10013 | |
| Roubini Global Economics, LLC | | PO Box 10087 | | | Uniondale | NY | 11555 | |
| Rough Creek Lodge | | PO Box 2400 | | | Glen Rose | TX | 76043 | |
| Round Hill Country Club | | 3169 Roundhill Rd | | | Alamo | CA | 94507 | |
| ROURKE, KEVIN | | Address on File | | | | | | |
| ROWLETT HILL, LLP | | 25 HIGHLAND PARK VILLAGE STE 100-448 | | | Dallas | TX | 75205 | |
| Rowlett Law PLLC | | 100 HIGHLAND PARK VILLAGE | STE 200 | | Dallas | TX | 75205 | |
| Rowlett Law PLLC | | 12655 N Central Expwy Ste 421 | | | Dallas | TX | 75243 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| ROY SEROUSSI | | Address on File | | | | | | |
| Royal Dispatch Services Inc | | 43-22 Van Dam Street | | | Long Island City | NY | 11101 | |
| ROYAL PRINTING GROUP, INC. | | 2035 ROYAL LN | STE 250 | | Dallas | TX | 75229 | |
| RR Donnelley | | PO Box 932721 | | | Cleveland | OH | 44193 | |
| RR Donnelley | | PO Box 538602 | | | Atlanta | GA | 30353-8602 | |
| RR Donnelley Financial, Inc. | | PO Box 932721 | | | Cleveland | OH | 44193 | |
| RR Donnelley Financial, Inc. | | PO Box 730216 | | | Dallas | TX | 75373-0216 | |
| RR Donnelley Receivables, Inc | | PO Box 13654 | | | Newark | NJ | 07188-0001 | |
| RSM McGladrey | | 5155 Paysphere Circle | | | Chicago | IL | 60674 | |
| RSM US LLP | | 5155 Paysphere Circle | | | Chicago | IL | 60674 | |
| RTB Media LLC | | 619 Willow Ave | Suite 3L | | Hoboken | NJ | 07030 | |
| Rubin and Rudman LLP | | 50 Rowes Wharf | | | Boston | MA | 02110 | |
| Rudy Mora Brick Masonry | | 131 Rosegarden Dr. | | | McKinney | TX | 75070 | |
| RUGG, STACEY | | Address on File | | | | | | |
| Rugmakers Gallery, Inc. | | 4920 Cash Rd. | | | Dallas | TX | 75247-6308 | |
| RUSCH, MARYAM | | Address on File | | | | | | |
| Russ Kathrein | | Address on File | | | | | | |
| Russel Reynolds & Associates | | Church Street Station | Post Office Box 6427 | | New York | NY | 10249 | |
| Russell Jones & Walker | | 61 Sandmere Rd | Clapham | | London | | SW1Y4UR | United Kingdom |
| Russell Reynolds Associates | | Church Street Station | PO Box 6427 | | New York | NY | 77100 | |
| Russell W. May | | Address on File | | | | | | |
| Russell W. May | | Address on File | | | | | | |
| RUTLEDGE, ROBERT | | Address on File | | | | | | |
| Ryan Associates Technology LLC | | 21 Hillandale Dr | | | New Rochelle | NY | 10804 | |
| RYAN HIGHTOWER | | Address on File | | | | | | |
| Ryan Law | | Address on File | | | | | | |
| Ryan Lucero | | Address on File | | | | | | |
| Ryan Moore | | Address on File | | | | | | |
| Ryan ODowd Photography | | 3924 County Road 168 | | | McKinney | TX | 75071 | |
| Ryan P. Newell (Connolly Gallagher LLP) | Attn Jeffrey C. Wisler, Esq. | Connolly Gallagher LLP | 1201 N. Market Street, 20th Floor | | Wilmington | DE | 19801 | |
| RYAN VOTAW | | Address on File | | | | | | |
| Ryan, Inc. | | Address on File | | | | | | |
| Ryder, Phillip | | Address on File | | | | | | |
| S&P Global Market Intelligence | | 33356 Collection Center Drive | | | Chicago | IL | 60693-0333 | |
| S&P Global Market Intelligence LLC | | 55 Water Street | | | New York | NY | 10041-0000 | |
| S. LeBlanc & Company | | 942 Shore Crest Rd. | | | Carlsbad | CA | 92011 | |
| Saagar Grover | | Address on File | | | | | | |
| Sachdev, Kunal | | Address on File | | | | | | |
| Sacred Heart in NYC | | 1 East 91st ST. | | | New York | NY | 10128 | |
| SACRS | c/o Strategic Local Govt Services, LLC | 1415 L Street, Suite 1000 | | | Sacramento | CA | 95814 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 121 of 155

**Appx. 00488**

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Sadis & Goldberg | Stephen Hutter | 551 Fifth Avenue, 21st Flr | | | New York | NY | 10176 | |
| SAEHLER, CHRISTOPHER J. | | Address on File | | | | | | |
| Sagar Vira | | Address on File | | | | | | |
| Sage Document Services Group LLC | | 2 West 45th Street | Ste 407 | | New York | NY | 10036 | |
| Sage Search Partners | | 3811 Turtle Creek Blvd | Suite 850 | | Dallas | TX | 75219 | |
| SagePoint Financial, Inc. | Attn Supervision-Reimbursement | 2800 N Central Ave, Suite 1200 | | | Phoenix | AZ | 85004 | |
| SagePoint Financial, Inc. | | 74 8th St. SE | Suite 105 | | Hickory | NC | 28602 | |
| SAKUNGEW, PON | | Address on File | | | | | | |
| Sal Villacorta | | Address on File | | | | | | |
| Salesforce.com | | PO BOX 842569 | | | Boston | MA | 02284 | |
| Salesforce.com | | PO Box 5126 | | | Carol Stream | IL | 60197-5126 | |
| Salesforce.com | | PO Box 203141 | | | Dallas | TX | 75320-3141 | |
| Salesmanship Club Chrtbl Golf Dallas Inc | | 106 E. Tenth St. | | | Dallas | TX | 75203 | |
| Sali Fund Management, LLC | Tom Nieman | 6836 Austin Center Blvd. | Suite 320 | | Austin | TX | 78731 | |
| Salomon Smith Barney Inc. Highland Loan Funding V Ltd. | Highland Loan Funding V Ltd. | P. O. Box 1093 GT | Queensgate House South Church Street | The Directors | George Town | | KY1-1108 | Cayman Islands |
| Salomon Smith Barney Inc. Highland Loan Funding V Ltd. | Salomon Smith Barney | 390 Greenwich Street | 4th Floor | FI Structured Products Group | New York | NY | 10013-2396 | |
| Salus Valuation Group, Inc. | | 111 West Myrtle Ave | Unit 6 | | Foley | AL | 36535 | |
| Sam Engineering & Testing | | 1115 Luke St, Suite 100 | | | Irving | TX | 75061 | |
| SAM GARCIA | | Address on File | | | | | | |
| Sam Graham | | Address on File | | | | | | |
| Sams Club | | PO Box 9001152 | | | Louisville | KY | 40290-1152 | |
| Sanborn, Brian | | Address on File | | | | | | |
| SANBORN, PATRICIA | | Address on File | | | | | | |
| SANCHEZ, RODERICK | | Address on File | | | | | | |
| SANDEEP GUPTA | | Address on File | | | | | | |
| SANDEEP GUPTA | | Address on File | | | | | | |
| Sandlapper Securities, LLC | | 406 N Pleasantburg Dr | | | Greenville | SC | 29607-2128 | |
| Sands Point Funding, Ltd. | c/o Guggenheim Partners | 330 Madison Ave, 11th Floor | | | New York | NY | 10017 | |
| SANJEEV MEHTA | | Address on File | | | | | | |
| Santoyo Moore Wehmeyer P.C. | | 1020 NE Loop 410, Suite 320 | | | San Antonio | TX | 78209 | |
| Sard Verbinnen & Co. | | 630 Third Ave | | | New York | NY | 10017 | |
| Sard Verbinnen & Co. | | General Post Office | PO Box 26781 | | New York | NY | 10087-6781 | |
| Sard Verbinnen, LLC | | PO Box 26781 | | | New York | NY | 10087-6781 | |
| Satuit Technologies Inc. | | 80 Washington St. | Unit M50 | | Norwell | MA | 02061 | |
| Satuit Technologies Inc. | | 100 Grossman Drive | Suite 302 | | Braintree | MA | 02184 | |
| Savvy Training & Consulting | | 4530 Independence Trail | | | Evergreen | CO | 80439 | |
| Sawko & Burroughs, P.C. | | 1172 Bent Oaks Drive | | | Denton | TX | 76210 | |
| Saxton Morgan | | PO Box 2302 | | | Addison | TX | 75001 | |
| Sayles Werbner | | Address on File | | | | | | |
| Sbaiti & Company PLLC | Mazin A Sbaiti | J.P. Morgan Chase Tower | 2200 Ross Avenue | Suite 4900W | Dallas | TX | 75201 | |
| SBC | | PO Box 660324 | | | Dallas | TX | 75266-0324 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 135 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| SBC Long Distance | | PO Box 660688 | | | Dallas | TX | 75266-0688 | |
| SBC Southwestern Bell | | PO Box 5069 | | | Saginaw | MI | 48605-5069 | |
| SC Department of Revenue | | 300A Outlet Pointe Boulevard | | | Columbia | SC | 29210 | |
| Scarab Consulting | AMEGY BANK NATIONAL ASSOCIATION | ASSIGNEE FOR SCARAB ACQUISITION, LLC | DEPT 338, PO BOX 4346 | | Houston | TX | 77210-4346 | |
| Scarab Consulting | | Dept 338, PO Box 4346 | | | Houston | TX | 77210 | |
| Scarab Consulting | | 504 Lavaca, Suite 910 | | | Austin | TX | 78701 | |
| SCF Securities, Inc. | | 155 E. Shaw Avenue | Suite 102 | | Fresno | CA | 93710 | |
| SCHEMBRI, STEPHEN | | Address on File | | | | | | |
| Schmidt & Stacey Consulting Eng, Inc. | | 400 City Place | | | Dallas | TX | 75204 | |
| SCHNABEL, MATTHEW | | Address on File | | | | | | |
| School, Jennifer | | Address on File | | | | | | |
| SCHRAY, NATHAN | | Address on File | | | | | | |
| SCHRECK, DEANNE | | Address on File | | | | | | |
| Schroepfer Wessels Jolesch | | 8401 North Central Expwy Ste 300 | | | Dallas | TX | 75225 | |
| SCHROTH, MELISSA | | Address on File | | | | | | |
| SCHULER, ELLIOT | | Address on File | | | | | | |
| SCHULER, KARISSA | | Address on File | | | | | | |
| Schulte Roth & Zabel LLP | James T. Bentley | 919 Third Avenue | | | New York | NY | 10022 | |
| Schumacher Cargo Logistics, Inc. | | 550 W. 135th Street | | | Gardena | CA | 90248 | |
| SCI | | 31/507 Clerkenwell Close | | | London | | EC1R 0AT | United Kingdom |
| Scoop Reprint Source | | 30270 Rancho Viejo Road | Suite E | | San Juan Capistrano | CA | 92675 | |
| Scott A. Snook | | Address on File | | | | | | |
| Scott B. Ellington | c/o David Neier, Winston Strawn LLP | 200 Park Avenue | | | New York | NY | 10166 | |
| Scott B. Ellington | Scott Ellington c/o Francis A Smith, Ross & Smith PC | Plaza of the Americas | 700 N Pearl Street, Suite 1610 | | Dallas | TX | 75201 | |
| Scott B. Ellington | | Address on File | | | | | | |
| SCOTT COOPER | | Address on File | | | | | | |
| Scott Douglass & McConnico LLP | | 303 Colorado Street, Suite 2400 | | | Austin | TX | 78701 | |
| Scott Ellington | Debra A. Dandeneau | Baker & McKenzie LLP | 452 Fifth Avenue | | New York | NY | 10018 | |
| Scott Ellington | Michelle Hartmann | Baker & McKenzie LLP | 1900 North Pearl, Suite 1500 | | Dallas | TX | 75201 | |
| Scott F. Kavanaugh | | Address on File | | | | | | |
| Scott F. Kavanaugh | | Address on File | | | | | | |
| Scott Harris | | Address on File | | | | | | |
| Scott Hoermann | | Address on File | | | | | | |
| Scott K Meyer | | Address on File | | | | | | |
| SCOTT KOHNEN | | Address on File | | | | | | |
| Scott McCurry | | Address on File | | | | | | |
| SCOTT NELSON | | Address on File | | | | | | |
| Scott Niebling Valuation Group | | 3930 East Ray Rd | Suite 180 | | Phoenix | AZ | 85044 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 136 of
175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| SCOTT ROSENTHAL | | Address on File | | | | | | |
| SCOTT SCHEIN | | Address on File | | | | | | |
| Scott Shpilberg | | Address on File | | | | | | |
| SCOTT TANDBERG | | Address on File | | | | | | |
| Scott Waggoner | | Address on File | | | | | | |
| Scura Paley Securities LLC | | 489 5th Ave, 15th Flr | | | New York | NY | 10017 | |
| Sea Island Company | c/o Group Billing, Acctg Dept | 100 Cloister Drive | | | Sea Island | GA | 31561 | |
| SEAL Legacy Foundation | | 1401 McKinney | Ste 2222 | | Houston | TX | 77010 | |
| SEAMAN, CRISTINA | | Address on File | | | | | | |
| SeamlessWeb Professional Solutions, Inc. | | PO Box 5439 | | | New York | NY | 10087-5439 | |
| SeamlessWeb Professional Solutions, Inc. | | PO Box 71649 | | | Chicago | IL | 60694-1649 | |
| Sean Neumayer Photography | | 4321 S. Coolidge Ave | | | Tampa | FL | 33611 | |
| Search Finance | | 14001 Dallas Pkwy | Ste 1200 | | Dallas | TX | 75240 | |
| Seaver, Jeffrey | | Address on File | | | | | | |
| SEC Headquarters | Mail Stop 7010 / 2017 Annual Report | 100 F Street, NE | Mail Stop 7010 | | WASHINGTON | DC | 20549-2000 | |
| Secretary of State | Division of Corporations | Franchise Tax | P.O. Box 7040 | | Dover | DE | 19903 | |
| Secretary of State | | PO BOX 12887 | | | Austin | TX | 78711 | |
| Secretary of State | | 1500 11th St | | | Sacramento | CA | 95814 | |
| Secretary of State | | PO Box 13550 | | | Austin | TX | 78711-3550 | |
| Secretary of State | | PO Box 13697 | | | Austin | TX | 78711-3697 | |
| Secretary of State | | 801 Capitol Way South | PO Box 40234 | | Olympia | WA | 98504-0234 | |
| Secretary of State of Illinois | | Illinois Securities Department | 421 E. Capital Ave., 2nd Fl. | | Springfield | IL | 62701 | |
| SECRETARY OF STATE OF TEXAS | ACCOUNTS RECEIVABLE | PO BOX 12887 | | | Austin | TX | 78711-2887 | |
| Secretary of the Commonwealth | | Securities Division | One Ashburton Place, Rm 1701 | | Boston | MA | 02108 | |
| Secretary of Treasury | | P.O. Box 7040 | | | Dover | DE | 19903 | |
| Secretary of Treasury | | 15th & Pennsylvania Avenue, N.W. | | | Washington | DC | 20220 | |
| Secure Concepts LLC | | 128 East BRdway #501 | | | New York | NY | 10002 | |
| Secure Options, Inc. | | 5420 Bryan Street | | | Dallas | TX | 75206 | |
| Secure Options, Inc. | | 2156 W Northwest Hwy Ste 300 | | | Dallas | TX | 75220 | |
| Secure Share Network LLC | | 3475 Piedmont Road NE, Ste 450 | | | Atlanta | GA | 30305 | |
| Secure Source Inc. | | 710 South Kimball Ave | | | Southlake | TX | 76092 | |
| Secured Access Systems, LLC | | 1913 Walden Court | | | Flower Mound | TX | 75022 | |
| Securities & Exchange Commission | Division of Trading & Markets | 100 F Street, NE | Mail Stop 7010 | | WASHINGTON | DC | 20549-2000 | |
| Securities & Exchange Commission | Michael A. Berman, Esq. | Office of General Counsel-Bankruptcy | 100 F Street, N.E. | | Washington | DC | 20549 | |
| Securities America | Attn Accounting Dept | 12325 Port Grace Blvd. | | | La Vista | NE | 68128 | |
| Securities America, Inc. Cooper McManus | | 9870 Research Drive | | | Irvine | CA | 92618-3302 | |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 137 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Securities Commissioner State of ND | | State Capitol | 600 East Boulevard Avenue, 5th Floor | | Bismarck | ND | 58505-0510 | |
| Securities Division, AZ Corp. Comm | | Securities Division | 1300 W Washington St #3 | | Phoenix | AZ | 85007 | |
| Securities Investor Protection Corp | | PO Box 92185 | | | Washington | DC | 20090-2185 | |
| Securities Service Network | | 115 Glastonbury Blvd | | | Glastonbury | CT | 06033 | |
| See Food Media LLC | | 496 Lagurdai Place # 4C | | | New York | NY | 10012 | |
| SEI Investments Distribution Co. | Attn Chris Rowan-SIDCO Acctng | One Freedom Valley Dr | | | Oaks | PA | 19456 | |
| SEIDEN KRIEGER ASSOCIATES, INC | | 375 PARK AVE | | | New York | NY | 10152 | |
| Selah Photography | | 5421 Shiver Road | | | Keller | TX | 76244 | |
| Select Security & Private Investigations | | PO Box 1352 | | | Rockwall | TX | 75087 | |
| Selig ADR, Inc | | 5009 Caroline St, Ste 100 | | | Houston | TX | 77004 | |
| Selman, Matthew | | Address on File | | | | | | |
| SERENI, ALEXIS J. | | Address on File | | | | | | |
| SERVCORP | | Level 19 | Two International Finance Center | 8 Finance Street | CENTRAL HONG KONG | | | HONG KONG |
| SERVCORP | | 6 BATTERY ROAD | RAFFLES PLACE | | Singapore | | 049909 | SINGAPORE |
| Service Systems Associates | Attn Robin Scichili | 650 S RL Thornton Frwy | | | Dallas | TX | 75203 | |
| SET, AUGUSTUS | | Address on File | | | | | | |
| Setfords Solicitors | | 14 Haydon Place | | | Guilford | | GU1 4LL | United Kingdom |
| Seth Weinstein | | Address on File | | | | | | |
| Seton Hall University | Attn Bryan Felt | 400 South Orange Ave | | | South Orange | NJ | 07079 | |
| Severson, Keith | | Address on File | | | | | | |
| SEVILLA, JEAN-PAUL | | Address on File | | | | | | |
| Seward & Kissel | | One Battery Park Plaza | | | New York | NY | 10004 | |
| Seyfarth Shaw LLP | | 131 S. Dearborn Street, Suite 2400 | | | Chicago | IL | 60603 | |
| ShadowTV, Inc. | | 630 9th Ave | Suite 1000 | | New York | NY | 10036 | |
| Shag Carpet Productions, Inc. | | 502 South 2nd Avenue | | | Dallas | TX | 75226 | |
| SHAH, AMOL | | Address on File | | | | | | |
| SHAHDA, CHRIS | | Address on File | | | | | | |
| SHAHDA, CHRISTOPHER | | Address on File | | | | | | |
| Shahzad Pirvani | | Address on File | | | | | | |
| Shakeford Melton & McKinley | | 3333 Lee Pkwy | 10 th fl | | Dallas | TX | 75219 | |
| Shane Tipton | | Address on File | | | | | | |
| Shannon, Gracey, Ratliff & Miller, LLP | | 420 Commerce St, Ste 500 | | | Fort Worth | TX | 76102 | |
| SharePoint Solutions | Attn Accounts Receivable | PO Box 1588 | | | Brentwood | TN | 37024-1588 | |
| SHARON EASLEY | | Address on File | | | | | | |
| SHARON SHUSTER | | Address on File | | | | | | |
| SHARRY, GREGORY | | Address on File | | | | | | |
| Shasta Land Management Consultants | | 1229 South Street | | | Redding | CA | 96001 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 125 of 155

**Appx. 00492**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 138 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| SHAWN LEDERMAN | | Address on File | | | | | | |
| Shawn Raver | | Address on File | | | | | | |
| Shayla Kelly | | Address on File | | | | | | |
| Shea & Carlyon Ltd | | 701 Bridger Ave #850 | | | LasVegas | NV | 89101 | |
| Shearman & Sterling LLP | | 5990 Lexington Ave | | | New York | NY | 10022-6069 | |
| Shelley Shackelford & Co. | | 5807 SANDHURST LN SUITE D | | | Dallas | TX | 75206 | |
| SHELLY RASTOGI | | Address on File | | | | | | |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | | 333 S. Hope Street | 48th Floor | | Los Angeles | CA | 90071 | |
| SHIFFERD, CHARLES | | Address on File | | | | | | |
| Shoot2Sell | | 14681 Midway Rd | Ste 105 | | Addison | TX | 75001 | |
| Short, Lauren | | Address on File | | | | | | |
| SHPILBERG, SCOTT | | Address on File | | | | | | |
| Shred-it USA | | 11101 Franklin Avenue | Suite 100 | | Franklin Park | IL | 60131-1403 | |
| Shred-it USA | | 28883 Network Place | | | Chicago | IL | 60673-1288 | |
| Shred-it USA | | PO Box 730504 | | | Dallas | TX | 75373-0504 | |
| Shred-it USA | | PO Box 101007 | | | Pasadena | CA | 91189-1007 | |
| SHUMWAY, CLAY | | Address on File | | | | | | |
| SHUSTER, SHARON | | Address on File | | | | | | |
| Siber Systems, Inc | | 3701 Pender Dr Ste 400 | | | Fairfax | VA | 22030-6045 | |
| Siddharth Mehra | | Address on File | | | | | | |
| SIDLEY AUSTIN LLP | | PO BOX 0642 | | | Chicago | IL | 60690 | |
| SIEGEL, HAROLD | | Address on File | | | | | | |
| Siepe Services, LLC | Chris Doty | 5440 Harvest Hill Road Suite 100 | | | Dallas | TX | 75230 | |
| Siepe Services, LLC | | 5440 Harvest Hill Road | Suite 100 | | Dallas | TX | 75230 | |
| Siepe Services, LLC | | 2200 Ross Ave. Ste 4700E | | | Dallas | TX | 75201-0000 | |
| Siepe, LLC | | 6135 Churchill Way | | | Dallas | TX | 75230 | |
| SIEVERT, AMY | | Address on File | | | | | | |
| Sigma Financial Corp | Attn Jackie Pascarella | 1717 N. IH 35, Ste 150 | | | Round Rock | TX | 78664 | |
| Sigma Financial Corporation | | 300 Parkland Plaza | | | Ann Arbor | MI | 48103 | |
| Signator Investors, Inc. | | 20 E Thomas Rd Ste 2000 | | | Phoenix | AZ | 85012-3129 | |
| Signature Productions, Ltd. | | 5331 85th St. | | | Lubbock | TX | 79424 | |
| Sills Cummis & Gross | | The Legal Center | One Riverfront Plaza | | Newark | NJ | 07102-5400 | |
| Silva, Alison | | Address on File | | | | | | |
| Silver Scriptor LLC | | PO Box 9012 | | | Austin | TX | 78766 | |
| Silver Scriptor LLC | | PO Box 61064 | | | Seattle | WA | 98141 | |
| Silverman Communications Group | | 11 Carol Ct. | | | Glen Rock | NJ | 07452 | |
| SIMEK, DAVID | | Address on File | | | | | | |
| SIMMONS, DAVID | | Address on File | | | | | | |
| Simon, Scott | | Address on File | | | | | | |
| Simpson Appraisal, Inc | | 6009 Belt Line Rd., Suite 145 | | | Dallas | TX | 75254 | |
| SIMPSON THACHER & BARTLETT LLP | | 425 LEXINGTON AVE | | | New York | NY | 10017-3954 | |
| SIMPSON THACHER & BARTLETT LLP | | PO Box 29008 | | | New York | NY | 10087-9008 | |
| Sims, Austin | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 139 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| SINGH, TANJA | | Address on File | | | | | | |
| SISK, JESSICA | | Address on File | | | | | | |
| Strick and Company Inc. | | 11999 Vincente Blvd | Penthouse | | Los Angeles | CA | 90049 | |
| Strick and Company Inc. | | 1840 Century Park East Ste 800 | | | Los Angeles | CA | 90067 | |
| SK Research, LLC | | 10320 Little Patuxent Parkway | 12th Floor | | Columbia | MD | 21044 | |
| Skadden, Arps, Slate, Meagher & Flom LLP | | Four Times Square | | | New York | NY | 10036 | |
| Skadden, Arps, Slate, Meagher & Flom LLP | | PO Box 1764 | | | White Plains | NY | 10602 | |
| SKC COMMUNICATION PRODUCTS, LLC | | P.O. BOX 874843 | | | Kansas City | MO | 64187-4843 | |
| Skybridge Alternatives Conference | Attn Jeanie Reyes | 527 Madison Ave, 16th Flr | | | New York | NY | 10022 | |
| SkyBridge SALT LLC | Attn Jeanie Reyes | 527 Madison Ave, 16th Floor | | | New York | NY | 10022 | |
| Skyline DFW Exhibits & Events | | 900 Avenue S | | | Grand Prairie | TX | 75050 | |
| Skyline Sector 5 | | 525 113th Street | | | Arlington | TX | 76011 | |
| Slant Partners | | 3838 Oak Lawn Avenue | Suite 1550 | | Dallas | TX | 75219 | |
| Slayton International | | One North Franklin Ste 2500 | | | Chicago | IL | 60606 | |
| SlideGenius, Inc. | | 1660 Hotel Cir N # 175 | | | San Diego | CA | 92108-2807 | |
| SloMo Lounge | | 4901 Harbor Court | | | Flower Mound | TX | 75022 | |
| Smallwood, Allan | | Address on File | | | | | | |
| Smarsh | | 921 SW Washington St | Suite 540 | | Portland | OR | 97205 | |
| Smarsh | | PO Box 505265 | | | Saint Louis | MO | 63150-5265 | |
| Smith Katzenstein Jenkins LLP | | 800 Delaware Avenue, Ste. 1000 | P.O. Box 410 | | Washington | DE | 19899 | |
| SMITH, DAVID | | Address on File | | | | | | |
| Smith, Felicia | | Address on File | | | | | | |
| Smith, Ian | | Address on File | | | | | | |
| Smith, Jackson, Boyer & Bovard | | 9400 NCX, Ste 420 9400 N Central Expwy | | | Dallas | TX | 75231-5063 | |
| SMITH, SEAN | | Address on File | | | | | | |
| Smith, Theodore | | Address on File | | | | | | |
| SMS | | WELLS FARGO BANK-IN CARE OF SMS | 6480 ARGO ST | | Dallas | TX | 75214 | |
| SMU Cox School of Business | | Pitts Leadership Award | PO Box 750333 | | Dallas | TX | 75275-0333 | |
| Snapptraffic Consulting | | 9 Cherry Pl. | | | Huntington | NY | 11743 | |
| Snell & Wilmer LLP | | One Arizona Center | 400 E. Van Buren, Suite 1900 | | Phoenix | AZ | 85004-2202 | |
| SNI Companies | | 14241 Dallas Parkway | Suite 550 | | Dallas | TX | 75254 | |
| SNL Financial | | PO BOX 414624 | | | Boston | MA | 02241-4624 | |
| SNR Denton US LLP | | 233 S. Wacker Dr | Suite 7800 | | Chicago | IL | 60606 | |
| Snyder Kearney, LLC | | 10320 Little Patuxent Pkwy Suite 1200 | | | Columbia | MD | 21044 | |
| Snyder, Evan | | Address on File | | | | | | |
| Social Matters | | PO Box 800357 | | | Dallas | TX | 75380-0357 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 140 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| SOCIETY FOR HUMAN RESOURCE MANAGEMENT | | PO BOX 79482 | | | Baltimore | MD | 21279-0482 | |
| Society of St. Vincent de Paul, Inc | Diocesan Council of Dallas | 10500 Steppington Drive, Suite 251 | | | Dallas | TX | 75230 | |
| Software Shelf International, Inc | | 601 Cleveland Street, Suite 710 | | | Clearwater | FL | 33755 | |
| Software Shelf International, Inc | | PO Box 7343 | | | Menlo Park | CA | 94026 | |
| SoftwareONE, Inc. | | 20875 Crossroads Cir. | Suite 1 | | Waukesha | WI | 53186 | |
| SoftwareONE, Inc. | | PO Box 510944 | | | New Berlin | WI | 5315I-0944 | |
| Sohn Conference Foundation | c/o Garwood Events | 225 106 Street, Ste 15M | 15700 W. Cleveland Ave | | New York | NY | 10025 | |
| Solarwinds | | 7171 Southwest Parkway | Bldg 400 | | Austin | TX | 78735-0000 | |
| SolarWinds, Inc | | PO Box 730720 | | | Dallas | TX | 75373 | |
| Solid Details LLC | | 2121 Santa Anna Ave. | | | Dallas | TX | 75228 | |
| Solomon R. Guggenheim Foundation | | 345 Hudson Street | 12th Floor | | New York | NY | 10014 | |
| SOLOW BUILDING COMPANY II, LLC | | PO BOX 27112 | | | New York | NY | 10087-7112 | |
| SOLOW BUILDING COMPANY II, LLC | | PO Box 823812 | | | Philadelphia | PA | 19182-3812 | |
| SOMMER FRAZIER | | Address on File | | | | | | |
| Sonny Bryans Smokehouse | | 2625 Seelco St | | | Dallas | TX | 75235-2608 | |
| Sony Pictures Studio Group | A Sony Pictures Entertainment Company | File #54715 | | | Los Angeles | CA | 90074-4715 | |
| Soto, Hailey | | Address on File | | | | | | |
| Source Code North America, Inc | | Dept CH 16510 | | | Palatine | IL | 60055-6510 | |
| Source, Inc. | | PO Box 202414 | | | Dallas | TX | 75320 | |
| SourceMedia | | PO Box 4871 | | | Chicago | IL | 60680 | |
| SourceMedia | | PO Box 4634 | | | Chicago | IL | 60680-9598 | |
| SourceMedia | | PO Box 71633 | | | Chicago | IL | 60694-1633 | |
| South Dakota Division of Securities | | 124 S. Euclid, Ste. 104 | | | Pierre | SD | 57501 | |
| Southern Conference Teacher Retirement | | PO Box 642 | | | Sturbridge | MA | 01566 | |
| Southern Methodist University | Attn Erin Sutton | PO Box 750460 | | | Dallas | TX | 75275-0460 | |
| Southfork CLO Ltd. JPMorgan Chase Bank, National Association | | Queensgate House, South Church Street, George Town | | | Grand Cayman | | | Cayman Islands |
| Southfork CLO Ltd. JPMorgan Chase Bank, National Association | JPMorgan Chase Bank | 600 Travis Street | 50th Floor | P.O. Box 1093GT Institutional Trust Services-Southfork CLO Ltd. | Houston | TX | 77002 | |
| Southfork CLO, Ltd. | The Directors | PO Box 1093 GT | Queensgate House, South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Southland Property Tax Consultants, Inc | | 201 S Main St Ste 1460 | | | Fort Worth | TX | 76102-3146 | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorNoticeName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Southland Property Tax Consultants, Inc | | 777 Main Street | Suite 1960 | | Fort Worth | TX | 76102-5323 | |
| Southwest Ford Inc. | | PO Box 234 | | | Weatherford | TX | 76086 | |
| Southwest Glass, Inc. | | 2333 Glenda Lane | | | Dallas | TX | 75229 | |
| Southwest Reporting & Video Service | | 826 Heights Blvd. | | | Houston | TX | 77007 | |
| Southwest Search | | PO Box 710596 | | | Dallas | TX | 75371-0596 | |
| Southwest Securities, Inc. | Attn Holly Peritz | 1201 Elm St, Ste 3500 | | | Dallas | TX | 75270 | |
| Southwestern Medical Foundation | | Parkland Hall at Old Parkland | 3889 Maple Ave, Ste 100 | | Dallas | TX | 75219 | |
| Sove Lavi | | Kimberly Simeus | 1212 Wyndham Hill Lane | | Southlake | TX | 76092 | |
| SOWIN, JOSEPH | | Address on File | | | | | | |
| SOWIN, JOSEPH | | Address on File | | | | | | |
| Spears & Associates | | 8908 S. Yale | Suite 440 | | Tulsa | OK | 74137 | |
| Special Delivery Service, Inc. | | 5470 L.B.J. Freeway | | | Dallas | TX | 75240 | |
| Special Fund For Disability Benefits | Accounts-DB Penalty | 328 State Street | | | Schenectady | NY | 12305-2318 | |
| Special Fund For Disability Benefits | Accounts-DB Penalty Room | 301 20 Park St | | | Albany | NY | 12207-1674 | |
| Specialized Schedulers, Inc. | | 22334 SW 107th Ave | | | Tualatin | OR | 97062 | |
| SPECTOR, ANASTASIYA | | Address on File | | | | | | |
| SPECTRUM GAMING GROUP LLC | | 2 DONOVAN ROAD | | | Pennington | NJ | 08534 | |
| SPEICHER, NATHAN | | Address on File | | | | | | |
| Spence, Austin | | Address on File | | | | | | |
| Spherion | | PO Box 100186 | | | Atlanta | GA | 30384-0186 | |
| Spinner Printing Company | | 3335 Keller Springs #100 | | | Carrollton | TX | 75006 | |
| Spin-Off Advisors, LLC | | 1327 W. Washington Blvd | Ste 4-G | | Chicago | IL | 60607 | |
| Spoke LLC | | 3304 9th St. NE #1 | | | Washington | DC | 20017 | |
| Spot Cooling Systems | | 1420 Century Dr Ste 800 | | | Carrollton | TX | 75006 | |
| Spotlight Marketing Communications | | 18101 Von Karman Ave. | Third Floor | | Irvine | CA | 92612 | |
| Springboard Network LLC | | 9900 Spectrum Drive | | | Austin | TX | 78717-0000 | |
| Sprint | | PO Box 660092 | | | Dallas | TX | 75266-0092 | |
| Square, Inc | | 1455 Market St. | Suite 600 | | San Francisco | CA | 94103 | |
| Squire Patton Boggs (US) LLP | | PO Box 643051 | | | Cincinnati | OH | 45264 | |
| ST JUDE CHILDRENs RESEARCH HOSPITAL | | 501 St. Jude Place | | | Memphis | TN | 38105 | |
| ST JUDE CHILDRENs RESEARCH HOSPITAL | | 4324 N BELTLINE RD | STE C-206 | | Irving | TX | 75038 | |
| St. Louis Cardinals | | 700 Clark St | Group Ticket Dept. | | Saint Louis | MO | 63102 | |
| STA SVDP | | 6306 Kenwood Ave | | | Dallas | TX | 75214 | |
| Stacey Morimoto | | Address on File | | | | | | |
| STACEY RUGG | | Address on File | | | | | | |
| Staffelbach, Inc. | | 2525 McKinnon, Suite 800 | | | Dallas | TX | 75201 | |
| STAGGS, JOE | | Address on File | | | | | | |
| Staltari, Mauro | | Address on File | | | | | | |
| Stan Lata | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

**Appx. 00496**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 142 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Standard & Poors | Capital IQ | 2542 Collection Center Dr | | | Chicago | IL | 60693 | |
| Standard & Poors/Capital IQ | | 33356 Collection Center Drive | | | Chicago | IL | 60693-0333 | |
| Standard Ins. Co. RAS Executive Benefits | | 1100 SW 6th Ave | | | Portland | OR | 97204 | |
| Standard Ins. Co. RAS Executive Benefits | | INDIVIDUAL CLIENT SERVICES | PO BOX 711 | | Portland | OR | 97207-0711 | |
| Standard Ins. Co. RAS Executive Benefits | | PO BOX 5674 | | | Portland | OR | 97228-5674 | |
| Standard Insurance Company | | 1100 SW 6th Ave | | | Portland | OR | 97204 | |
| Standard Insurance Company | | PO Box 2707 | | | Portland | OR | 97208-3358 | |
| Standard Insurance Company | | PO BOX 3358 | | | Portland | OR | 97208-3358 | |
| Standard Research Corporation | | 4430 Tyne Blvd | | | Nashville | TN | 37215 | |
| STANLEY ACCESS TECH LLC | | PO BOX 0371595 | | | Pittsburgh | PA | 15251-7595 | |
| Stanton Advisors LLC | | 300 Coles Street | Apt. 802 | | Jersey City | NJ | 07310 | |
| Stanton Law Firm PC | James Stanton | 1717 Main St., Suite 3800 | | | Dallas | TX | 75201 | |
| Stanton Law Firm PC | | 4350 Beltway Drive | | | Addison | TX | 75001 | |
| Stanton LLP | | 1717 Main St., Ste 3800 | | | Dallas | TX | 75201 | |
| Stanton LLP | | 9400 N Central Expwy | Ste 1304 | | Dallas | TX | 75231 | |
| Staples Credit Plan | | Dept. 22 - 0008144217 PO Box 9020 | | | Des Moines | IA | 50368-9020 | |
| Star Displays | | 16914 FM 2920 | | | Tomball | TX | 77377 | |
| Star Pro Staffing | | 8600 Preston Rd Apt 113 | | | Dallas | TX | 75225-3529 | |
| State Auditor | | 1900 Kanawha Boulevard East | Building 1, Room W-100 | | Charleston | WV | 25305 | |
| STATE BAR OF TEXAS | | PO Box 5075 | | | Saginaw | MI | 48605-5075 | |
| State Bar of Texas | | PO Box 12487 | | | Austin | TX | 78711-2487 | |
| State Bar of Texas | | PO BOX 13007 | MCLE DEPT | | Austin | TX | 78711-3007 | |
| State Bar of Texas | | PO Box 149335 | | | Austin | TX | 78714-9335 | |
| State Comptroller | | 111 E 17th St | | | Austin | TX | 78774-0001 | |
| State Comptroller | | Comptroller of Public Accounts | 111 E 17th St | | Austin | TX | 78774-0100 | |
| State Fair of TX Youth Livestock Auction | | PO Box 150009 | | | Dallas | TX | 75315 | |
| State Insurance Fund | | PO Box 4779 | Disability Benefits | | Syracuse | NY | 13221-4779 | |
| State Insurance Fund | | PO Box 5261 | | | Binghamton | NY | 13902-5261 | |
| State of Alaska | | Securities Section, Division of Banking | 333 W. Willoughby Ave., Ste. 9 | | Juneau | AK | 99801 | |
| STATE OF ARKANSAS | DEPT OF FINANCE & ADMINISTRATION | PO BOX 919 | CORPORATION INCOME TAX SECTION | | Little Rock | AR | 72203-0919 | |
| STATE OF CALIFONIA, FRANCHISE TAX BOARD | | PO BOX 942867 | | | Sacramento | CA | 94267-0011 | |
| State of Delaware | Division of Corporations | PO Box 5509 | | | Binghamton | NY | 13902-5509 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 143 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| STATE OF MARYLAND | Dept of Assessments & Taxation | Personal Property Division | PO Box 17052 | | Baltimore | MD | 21297-1052 | |
| STATE OF MICHIGAN | COMPOSITE RETURN | PO BOX 30058 | MICHIGAN DEPT OF TREASURY | | Lansing | MI | 48909 | |
| STATE OF MICHIGAN | Corp, Securities & Comm Licensing Bureau | 525 W. Allegan Street | Audit & Exam Division | | Lansing | MI | 48909 | |
| STATE OF MICHIGAN | MICHIGAN DEPARTMENT OF TREASURY | DEPT 77375 | PO BOX 77000 | | Detroit | MI | 48277-0375 | |
| STATE OF MICHIGAN | | PO Box 30774 | | | Lansing | MI | 48909-8274 | |
| State of New Hampshire | | New Hampshire Dept. of State | 107 N. Main Street, Rm 204, State House | | Concord | NH | 03301-4951 | |
| STATE OF NEW JERSEY | DEPT OF LABOR AND WORKFORCE | PO BOX 929 | DIV OF REVENUE PROCESSING | | Trenton | NJ | 08646-0929 | |
| STATE OF NEW JERSEY | | New Jersey Dept of Law & Public Safety | 153 Halsey Street, 6th Floor | | Newark | NJ | 07102 | |
| STATE OF NEW JERSEY | | REVENUE PROCESSING CENTER | PO BOX 642 | | Trenton | NJ | 08646-0642 | |
| State of New Jersey-CBT | Division of Tax Revenue Proc Center | PO Box 66 | | | Trenton | NJ | 08646-0666 | |
| State of Oregon | Div of Finance & Corporate Securities | 350 Winter St NE, Rm 410 | Labor & Industries Bldg | | Salem | OR | 97301 | |
| State Securities Commissioner of Alabama | | Registration Division | 401 Adams Avenue, Suite 280 | | Montgomery | AL | 36104 | |
| State Street Bank and Trust Company | CDO Services Group | 200 Clarendon Street | Mail Code EUC-108 | | Boston | MA | 02116 | |
| State Street Bank and Trust Company | | PO Box 5607 | | | Boston | MA | 02206-5607 | |
| State Street Corporation | | PO Box 5013 | | | Boston | MA | 02206-5013 | |
| State Street Corporation | | PO Box 5607 | | | Boston | MA | 02206-5607 | |
| State Street Bank and Trust Company | | | | | | | | |
| State Street Global Exchange | State Street Global Markets, LLC | Elkins McSherry LLC | One Lincoln Street | | Boston | MA | 02111 | |
| | | One Lincoln Street | | | Boston | MA | 02111 | |
| Status Labs.com | | 151 South 1st | Suite 100 | | Austin | TX | 78704 | |
| Stax Media, Inc. | | 4630 Soquel Drive | Suite 5 | | Soquel | CA | 95073 | |
| Stefan Peiler | | Address on File | | | | | | |
| Stellar Adventures | | PO Box 8329 | | | Scottsdale | AZ | 85252 | |
| Stenstrom-Schneider, INC | | 13748 Neutron Rd | | | Dallas | TX | 75244-4412 | |
| Stephanie Catalano | | Address on File | | | | | | |
| Stephanie Vitiello | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| STEPHEN LORENZ | | Address on File | | | | | | |
| Stephen M. Fremgen | | Address on File | | | | | | |
| Steptoe & Johnson LLP | | 1330 Connecticut Ave, N.W. | | | Washington | DC | 20036-1795 | |
| STERLING VALUATION GROUP, INC | | 590 MADISON AVE | 5TH FLR | | New York | NY | 10022 | |
| STEVE LEACH | | Address on File | | | | | | |
| Steve Mackay | | Address on File | | | | | | |
| Steve Thiel | | Address on File | | | | | | |
| STEVE ZIMMERMAN | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 144 of
175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Steven Delarosa | | Address on File | | | | | | |
| STEVEN GART | | Address on File | | | | | | |
| Steven Haltom | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| Steven J White MD | | PO Box 650772 | | | Dallas | TX | 75265-0772 | |
| Steven J. Kaplan, P.C. | | 5910 Stoneshire Ct | | | Dallas | TX | 75252 | |
| Steven Johnson | | Address on File | | | | | | |
| STEVEN SUN | | Address on File | | | | | | |
| Stevens, Kellie | | Address on File | | | | | | |
| Stevens, Kellie | | Address on File | | | | | | |
| Stewart F. House Photography | | 2600 Bunker Hill Cr | | | Plano | TX | 75075 | |
| Stewart, Phoebe | | Address on File | | | | | | |
| Stewart, Phoebe L. | | Address on File | | | | | | |
| STEWART, STEVEN a. | | Address on File | | | | | | |
| STF Services Corporation | | PO Box 3251 | | | Syracuse | NY | 13220-3251 | |
| STIKEMAN ELLIOT | | 5300 Commerce Court West | 199 Bay Street West | | Toronto | ON | M5L 1B9 | CANADA |
| Stillman & Friedman, P.C. | | 425 Park Avenue | 26th Floor | | New York | NY | 10022 | |
| Stinson Leonard Street LLP | Stinson LLP | Attn Paul Lackey | 3102 Oak Lawn Avenue, Suite 777 | | Dallas | TX | 75219 | |
| Stinson Leonard Street LLP | | PO Box 843052 | | | Kansas City | MO | 64184 | |
| Stinson LLP | Attn Paul Lackey | 3102 Oak Lawn Avenue, Suite 777 | | | Dallas | TX | 75219 | |
| Stinson LLP | Deborah Deitsch-Perez, Michael P. Aigen | 3102 Oak Lawn Avenue, Suite 777 | | | Dallas | TX | 75219 | |
| Stinson LLP | Paul M. Hoffmann | 1201 Walnut Street, Suite 2900 | | | Kansas City, | MO | 64106-2150 | |
| STINSON MORRISON HECKER LLP | | PO Box 219492 | | | Kansas City | MO | 64121 | |
| Stone, David | | Address on File | | | | | | |
| Stone, Kenneth | | Address on File | | | | | | |
| Stonecypher, Abbie | | Address on File | | | | | | |
| Stonelake Capital Holdings, LP | Attn Blake Wilson | 100 Crescent Court, Suite 850 | | | Dallas | TX | 75201 | |
| Stonelake Capital Holdings, LP | Attn Jacob Becker | 100 Crescent Court, Suite 850 | | | Dallas | TX | 75201 | |
| Stonelake Capital Holdings, LP | Attn John A. Kiltz | 3200 Gracie Kiltz Lane, Suite 500 | | | Austin | TX | 78758 | |
| Stonelake Capital Holdings, LP | Attn Kenneth E. Aboussie, Jr. | 100 Crescent Court, Suite 850 | | | Dallas | TX | 75201 | |
| Stonelake Capital Holdings, LP | Attn W. Hunter Sage, Esq. | 200 Park Place, 4200 Westheimer, Suite 900 | | | Houston | TX | 77027 | |
| Stonelake Capital Holdings, LP | Attn William C. Wilshusen | Haynes & Boone, LLP | 2323 Victory Avenue, Suite 700 | | Dallas | TX | 75219 | |
| STOOPS, CLIFFORD | | Address on File | | | | | | |
| Stout Management Company | | 10151 Park Run Drive | | | Las Vegas | NV | 89145 | |
| Stradley Ronon Stevens & Young, LLP | | 2005 Market Street | | | Philadelphia | PA | 19103-7018 | |
| Strand Advisors Inc. | | 1209 Orange Street | Suite 2600 | | Wilmington | DE | 19801-0000 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 145 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Strand Advisors, Inc. | Attn James Seery | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Strand Advisors, Inc. | Attn John Dubel | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Strand Advisors, Inc. | Attn Russell Nelms | Two Galleria Tower | 13455 Noel Road, Suite 1300 | | Dallas | TX | 75240 | |
| Strasburger & Price, L.L.P. | | PO Box 50100 | | | Dallas | TX | 75250-9989 | |
| Strategas Research Partners LLC | ATTN Eileen Gabay | 52 Vanderbilt Avenue | 8th Floor | | New York | NY | 10017 | |
| Strategas Securities LLC | | 52 Vanderbilt Ave | 8th Fl | | New York | NY | 10017 | |
| STRATEGIC ALLIANCE GROUP, LLC | | 500 W CYPRESS CREEK RD | STE 420 | | Ft. Lauderdale | FL | 33309 | |
| Strategic Financial Solutions | | 2650 Thousand Oaks Blvd | Suite 1340 | | Memphis | TN | 38118 | |
| Strategic Growth, Inc | | 5004 Crestway Drive | | | Austin | TX | 78731 | |
| Strategic Insight Group | | 1300 Summit Ave Ste 512 | | | Fort Worth | TX | 76102-4419 | |
| STRATEGIC WORKFORCE SOLUTIONS | | PO BOX 32960 | | | Hartford | CT | 32960 | |
| Stratford CLO Ltd. | | P.O. Box 1093GT, Queensgate House | South Church Street | George Town | Grand Cayman | | | Cayman Islands |
| Stratford CLO Ltd. State Street Bank and Trust Company | State Street Bank and Trust Company | 200 Claredon Street | CDO Services Group, Ref Stratford CLO Ltd. | | Boston | MA | 02116 | |
| Stratford CLO Ltd. State Street Bank and Trust Company | Stratford CLO Ltd. | P. O. Box 1093GT, Boundary Hall | Cricket Square George Town, Grand Cayman | Attention The Directors-Stratford CLO Ltd. | Grand Cayman | | | Cayman Islands |
| Stratford CLO, Ltd. | c/o Maples Finance Limited | PO Box 1093 GT, Queensgate House | South Church Street | George Town | Grand Cayman | | KY1-1108 | Cayman Islands |
| Stratos Legal Services, LP | | 4295 San Felipe | Ste 125 | | Houston | TX | 77027 | |
| Stratus Energy Group | Attn P. Hudson | 1206 San Antonio Street | | | Austin | TX | 78701 | |
| Strohl Systems Group | | 631 Park Ave | | | King of Prussia | PA | 19406 | |
| STRONCZEK, JILLIAN N. | | Address on File | | | | | | |
| Strong Pipkin Bissell & Ledyard, L.L.P | | 1400 San Jacinto Building, 595 Orleans | | | Beaumont | TX | 77701-3255 | |
| Stroock & Stroock & Lavan LLP | | 180 Maiden Lane | | | New York | NY | 10038 | |
| Structural and Steel Products, Inc | | 3001 W Pafford Street | | | Fort Worth | TX | 76110-0000 | |
| Structure Tone Southwest, Inc. | | 3333 Welborn St, Ste 200 | | | Dallas | TX | 75219 | |
| Structured Credit Investor | | 507 Clerkwell Workshops | 27/31 Clerkenwell Close | | Farringdon | | EC1R 0AR | United Kingdom |
| Studio Movie Grill | | 5405 Beltline Rd | | | Dallas | TX | 75248 | |
| STUECHELI, GREGORY | | Address on File | | | | | | |
| Stuhlsatz, Amy | | Address on File | | | | | | |
| Stutman Treister & Glatt PC | | 1901 Avenue of the Stars | 12th Floor | | Los Angeles | CA | 90067-6013 | |
| Styx International, Ltd. | | 875 Third Avenue | 10th Floor | | New York | NY | 10022 | |
| Styx Partners, LP | | 875 Third Avenue | 10th Floor | | New York | NY | 10022 | |
| Success CE | | 2 Corporate Plaza Drive | Suite 100 | | Newport Beach | CA | 92660 | |
| Succession Resource Group | | PO Box 1573 | | | Tualatin | OR | 97062 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 133 of 155

**Appx. 00500**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 146 of
175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Sue McGeehan | VP, Collections, Finance Dept. | 7 World Trade Center at 250 Greenwich Street | | | New York | NY | 10007 | |
| Sui Hock Goy | | Ni Advisors, Inc. | 1138 Cadillac Ct. | | Nilpitas | CA | 95035 | |
| Suicide and Crisis Center of North Texas | | 10625 Northboro | | | Dallas | TX | 75230 | |
| Sullivan Cromwell LLP | Brian D. Glueckstein | 125 Broad Street | | | New York | NY | 10004 | |
| SULLIVAN, JOURDAN | | Address on File | | | | | | |
| Summit Brokerage Services, Inc. | Attn Compliance/Payroll | 595 South Federal Highway | Ste 500 | | Boca Raton | FL | 33432 | |
| Summit Brokerage Services, Inc. | | 500 S. Federal Highway | Suite 500 | | Boca Raton | FL | 33432 | |
| Summit Management Limited | | 23 Lime Tree Bay Avenue | Suite #4-210 | Govenors Square | | | KY1-1209 | Cayman Islands |
| Sun Life Assurance Company of Canada | | PO Box 7247-7184 | | | Philadelphia | PA | 19170-7184 | |
| Sunbelt Securities, Inc. | | 2700 Post Aok Blvd, Suite 1700 | | | Houston | TX | 77056 | |
| Sundance Painting | | 3702 N Buckner Blvd | | | Dallas | TX | 75228-5612 | |
| SunDiego Charter Company | | 522 W 8th Street | | | National City | CA | 91950 | |
| SUNEET AGARWAL | | 444 WASHINGTON BLVD | | | Jersey City | NJ | 07310 | |
| SunGard | | Bank of America Lockbox Services | 15138 Collections Center Dr | | Chicago | IL | 60693 | |
| Sungard Availability Services | Automated Securities Clearance LLC | 91233 Collection Center Drive | | | Chicago | IL | 60693 | |
| Sungard Protegent | | 15138 Collections Center Dr | | | Chicago | IL | 60693 | |
| Sunil Devarakonda | | 111 East 125th Street, Apt 3 E | | | New York | NY | 10035 | |
| SunTrust Robinson Humphrey Inc. | Attn Documentation | SunTrust Robinson Humphrey 5001 Spring Valley Rd Ste 1000 W | 711 5th Avenue 14th Fl. | | New York | NY | 10022-0000 | |
| Superior Search & Staffing | | PO Box 15548 | | | Dallas | TX | 75244 | |
| Supermarket News | | Address on File | | | North Hollywood | CA | 91615-5548 | |
| SURGENT, THOMAS | | | | | | | | |
| Susan Burton Consulting, LLC | | 4127 Towne Green Circle | | | Addison | TX | 75001 | |
| Susan Leahy | | Address on File | | | | | | |
| SUSMAN GODFREY LLP | | 1000 Louisiana | Ste. 5100 | | Houston | TX | 77002 | |
| Sutherland Asbill & Brennan LLP | | 700 Sixth Street NW | Suite 700 | | Washington | DC | 20001 | |
| Sutherland Asbill & Brennan LLP | | 999 Peachtree Street NE | | | Atlanta | GA | 30309-3996 | |
| Swadley, Emily | | Address on File | | | | | | |
| SWADLEY, RICK | | Address on File | | | | | | |
| Swank Audio Visuals | | 400 Crescent Court | | | Dallas | TX | 75201 | |
| Sweeney, Katelyn | | Address on File | | | | | | |
| SWIXMED | | Zurichbergstrasse 20 | | | Zurich | | 08032 | SWITZERLAND |
| Sybari Software, Inc. | | 353 Larkfield Rd | | | East Northport | NY | 11731 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 147 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Symphony Communication Services LLC | | 1117 S California Ave | | | Palo Alto | CA | 94304-0000 | |
| Synnex Corporation | | 5845 Collections Center Dr | | | Chicago | IL | 60693 | |
| Sysco Food Services | | PO Box 560700 | | | Lewisville | TX | 75056-0700 | |
| System Electric | | 1278 Montalvo Way | | | Palm Springs | CA | 92262 | |
| T.H. Quest, Inc. | | 5001 Spring Valley Rd. | Ste 400-E | | Dallas | TX | 75244 | |
| T4 Capital Talent, LLC | | 272 E. Deerpath Rd | Suite 236 | | Lake Forest | IL | 60045 | |
| TACA The Arts Community Alliance | Attn Julie Bice | One Arts Plaza | 1722 Routh Street, #115 | | Dallas | TX | 75201 | |
| TAK-CHEUNG DAVIDSON WAN | | 5050 S LAKE SHORE DR, APT #1509 | | | Chicago | IL | 60615 | |
| Talkingbox DMG, LLC | | 284 Sport Hill Road | | | Easton | CT | 06612 | |
| TAMALE SOFTWARE, INC | | 320 CONGRESS ST | | | Boston | MA | 02210 | |
| TANDBERG, SCOTT | | Address on File | | | | | | |
| Tanner Morgan | | Address on File | | | | | | |
| Tara Allen | | Address on File | | | | | | |
| TARAs LIMO & AIRPORT SERVICE | | PO BOX 795581 | | | Dallas | TX | 75379-5581 | |
| Tarrant County | Elizabeth Weller | Linebarger Goggan Blair & Sampson, LLP | 2777 N. Stemmons Freeway, Suite 1000 | | Dallas | TX | 75207 | |
| TARSHA, DANIEL S. | | Address on File | | | | | | |
| TARUN K BHATT | | Address on File | | | | | | |
| Tax & Accounting-R&G | | PO BOX 71687 | | | Chicago | IL | 60694-7687 | |
| TAX EXECUTIVES INSTITUTE, INC. | | PO BOX 9407 | | | Uniondale | NY | 11555-9407 | |
| Taylor Porter | | Address on File | | | | | | |
| Taylor, Brian | | Address on File | | | | | | |
| TAYLOR, GREGORY | | Address on File | | | | | | |
| TCS Central Region GP LLC | ATTN Kelly Thomas | 5001 Spring Valley | Suite 600W | | Dallas | TX | 75244 | |
| TCS Corporate Services | Allied Capital Partners | PO Box 676649 | | | Dallas | TX | 75267 | |
| TCS Corporate Services | | PO Box 671160 | | | Dallas | TX | 75267-1160 | |
| TD Ameritrade Trust Company | Attn FFC RMT | PO Box 17748 | | | Denver | CO | 80217-0748 | |
| TDA Associates, Inc. | | 2101 Sardis Rd N, Suite 109 | | | Charlotte | NC | 28227 | |
| TDIndustries | | PO Box 300008 | | | Dallas | TX | 75303-0008 | |
| Technology Team, LLC | | 1120 South Freeway | Suite 215 | | Fort Worth | TX | 76104 | |
| Ted Kanarek | | Address on File | | | | | | |
| Telecomm Strategies Inc | | 6404 Highland Drive | | | Chevy Chase | MD | 20815 | |
| TELOS Performance Center | | 13701 Dallas Pkwy | | | Dallas | TX | 75240 | |
| Temple Emanu-El | Attn Rick Rosenberg | 8500 Hillcrest | | | Dallas | TX | 75225 | |
| Tennessee Department of Revenue | | 500 Deaderick Street | Andrew Jackson State Office Building | | Nashville | TN | 37242 | |
| Tennessee Dept of Commerce & Insurance | | Securities Division | 500 James Robertson Parkway, Suite 680 | | Nashville | TN | 37243 | |
| TERRELL, ARTIS | | Address on File | | | | | | |
| Terrie Rabinowitz, L.C. S.W. | | 7186 Promenade Dr Apt 801 | | | Boca Raton | FL | 33433-6977 | |
| Terry Jackson | | Address on File | | | | | | |
| Terry Jackson | | Address on File | | | | | | |
| Terry Swagerty | | Address on File | | | | | | |
| Terry, Doris A. | | Address on File | | | | | | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| TERRY, JOSHUA N. | | Address on File | | | | | | |
| TESLA, NIKOLA | | Address on File | | | | | | |
| Texas Alliance of Energy Producers | | 900 8th Street, Suite 400 | | | Wichita Falls | TX | 76301 | |
| Texas Best Meats | | PO Box 4810 | | | Wichita Falls | TX | 76308 | |
| Texas Best Meats | | 7043 Seymour Hwy | | | Wichita Falls | TX | 76310 | |
| Texas Commerce Bank, N.A. | | 600 Travis Street | 8th Floor, Texas Commerce Tower | Global Trust Services | Houston | TX | 77002 | |
| Texas Comptroller of Public Accounts | | PO Box 149348 | | | Austin | TX | 78714-9348 | |
| Texas Department of Insurance | | Company Licensing and Registration | 333 Guadalupe | | Austin | TX | 78701 | |
| Texas Dept of Licensing and Regulation | Financial Regulation Division | PO Box 12157 | | | Austin | TX | 78711 | |
| TEXAS DEPT OF STATE HEALTH SERVICES | | LOCKBOX-DSHS ASBESTOS/DEMO NOTIFICATION | PO BOX 12190 | | Austin | TX | 78711-2190 | |
| Texas Entertainment Group | | 103 N Kirby St | | | Garland | TX | 75042 | |
| Texas LawBook LLC | | 3888 Everwood Lane | | | Addison | TX | 75001 | |
| TEXAS ROOF MANAGEMENT, INC | Accounts Receivable | 728 LINGCO DR | | | Richardson | TX | 75081 | |
| Texas Secretary of State | | PO Box 12887 | | | Austin | TX | 78711-2887 | |
| Texas Secretary of State | | PO Box 13697 | | | Austin | TX | 78711 | |
| Texas State Comptroller | | 9241 LBJ FREEWAY | STE 205 | | Dallas | TX | 75243 | |
| Texas State Comptroller | | PO Box 12030 | | | Austin | TX | 78711-2030 | |
| Texas State Securities Board | | Securities Commission of Texas | 208 E 10th, Room 610 | | Austin | TX | 78701 | |
| TEXPERS | | 13111 Northwest Freeway | Suite 100 | | Houston | TX | 77040 | |
| Thackray Williams LLP | | 32-40 Widmore Rd | Bromley | | Kent | | BR1 1RY | United Kingdom |
| Tharrington Smith LLP | | PO Box 1151 | | | Raleigh | NC | 27602 | |
| The American Cancer Society | | 18505 West Twelve Mile Rd | | | Southfield | MI | 48076 | |
| The Ashcroft Lawfirm, LLC | | 950 North Glebe Road | Suite 2400 | | Arlington | VA | 22203 | |
| The Ashcroft Lawfirm, LLC | | 1100 Main Street | Suite 2710 | | Kansas City | MO | 64105 | |
| The Aspen Institute | | Society of Fellows | 1000 N. Third Street | | Aspen | CO | 81611 | |
| The Badge of Honor Memorial Foundation | | David Blanchard | 3131 Maple Ave | | Dallas | TX | 75201 | |
| The Bailey Group | | PO Box 1395 | | | Whitehouse Station | NJ | 08889 | |
| The Bank of New York Mellon | Elizabeth Stern | Director and Managing Counsel | 240 Greenwich Street, 18th Floor | | New York | NY | 10286 | |
| The Bank of New York Mellon Trust Compan | | 601 Travis, 16th floor | | | Houston | TX | 77002-0000 | |
| The Bank of New York Trust Co. | Global Corp. Trust | 600 Travis Street, 50th Floor | | | Houston | TX | 77002 | |
| The Bermuda Monetary Authority | | 43 Victoria Street | | | Hamilton | | HM 12 | Bermuda |
| The Bowman Law Firm, LLC | | 840 Tom Wheeler Lane | | | McEwen | TN | 37101 | |
| The Bradbury Group | | 10661 Rockley Rd | | | Houston | TX | 77099 | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| The Brattle Group | | 44 Brattle St | | | Cambridge | MA | 02138-3736 | |
| The Bretton Woods Institute | | R.R. #1 Simcoe | | | Toronto | ON | N3Y 4J9 | CANADA |
| The Bryant Park Hotel | | 40 W. 40th Street | | | New York | NY | 10018 | |
| THE BUREAU OF NATIONAL AFFAIRS, INC | | PO Box 419889 | | | Boston | MA | 02241-9889 | |
| The Bureau of National Affairs, Inc [Blo | | 1801 South Bell Street | | | Arlington | VA | 22202-0000 | |
| The Burnett Companies Consolidated, Inc. | | PO Box 973940 | | | Dallas | TX | 75397 | |
| The Cake Guys | | 730 Big Stone Gap Rd | Suite B | | Duncanville | TX | 75137 | |
| The Cayman Islands Monetary Authority | | 171 Elgin Ave, SIX Cricket Square | | George Town | Grand Cayman | | | Cayman Islands |
| The Charlotte Observer | | 600 S. Tryon Street | | | Charlotte | NC | 28202 | |
| The Chart Store | | 11768 Tarrynot Ln | | | Carmel | IN | 46033 | |
| The Claro Group, LLC | | 123 N Wacker Dr Ste 2100 | | | Chicago | IL | 60606-1747 | |
| THE CLUEN CORPORATION | | 135 5TH AVE FL 4 | | | NEW YORK | NY | 10010-7157 | |
| The Crystal Charity Ball | | Mrs. Mark D Leyendecker, Underwriting | 3838 Oak Lawn Avenue, Suite L150 | | Dallas | TX | 75219 | |
| The Cystic Fibrosis Foundation | | 4040 North Central Expressway | Ste 730 | | Dallas | TX | 75204 | |
| The da Vinci School | Attn Christi Warren | 10909 Midway Rd | | | Dallas | TX | 75229 | |
| The Dallas Morning News | | Subscriptions Dept. | PO Box 630054 | | Dallas | TX | 75263-0054 | |
| The Darden School | Attn Development- CFR | PO Box 7726 | | | Charlottesville | VA | 22906-7726 | |
| The Day Group | | The 401 Centre | 302 Regent Street | | London | | W1B3HH | United Kingdom |
| The Deal LLC | | 105 Madison Ave | 5th floor | | New York | NY | 10016 | |
| The Deal LLC | | PO BOX 26356 | | | New York | NY | 10087-6356 | |
| The Deal LLC | | PO Box 3502 | | | Northbrook | IL | 60065-9850 | |
| The Devon Trust II | | #2800 | 715 - 5th Avenue S/W | | Calgary | AB | T2P 2X6 | CANADA |
| The DI Wire Publishing LLC | | 18101 Von Karman Ave | Suite 300 | | Irvine | CA | 92612 | |
| The Dugaboy Investment Trust | Grant Scott, Trustee | 4140 Park Lake Ave., Suite 600 | | | Raleigh | NC | 27612 | |
| The Economist | | Subscription Center | PO Box 46978 | | Saint Louis | MO | 63146-6978 | |
| The Economist | | Subscriptions Department | PO Box 58522 | | Boulder | CO | 80322-8522 | |
| The Efficient Business LLC | | 13601 Preston | Ste 250E | | Dallas | TX | 75240 | |
| The Efficient Business LLC | | 14800 Quorum Dr | Suite 560 | | Dallas | TX | 75254-7679 | |
| The Emblem Source, LLC | | 4575 Westgrove Drive | Suite 500 | | Addison | TX | 75001 | |
| The Englishmans Interiors | | 14655 Midway Rd | | | Addison | TX | 75001 | |
| The Executive Centre | | Tokyo Ginko Kyokai Bldg 15th Floor | 1-3-1 Marunouchi | | Chiyoda-ku | Tokyo | 100-0005 | JAPAN |
| The Expert Series LLC | | 317 Madison Avenue | Suite 920 | | New York | NY | 10017 | |
| The Family Place | Attn Shivangi Pokharel | PO Box 7999 | | | Dallas | TX | 75209 | |
| THE FRANCHISE TAX BOARD | | PO BOX 942867 | | | Sacramento | CA | 94267-0001 | |
| THE FRANK W. NORRIS FOUNDATION | | PO Box 6071 | | | Athens | GA | 30604 | |
| THE FRANK W. NORRIS FOUNDATION | | Warnell School of Forestry | and Natural Resources | | Athens | GA | 30602-2152 | |
| THE FREDONIA GROUP | | 767 BETA DR | | | Cleveland | OH | 44143 | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| The Garden Gate | | 2615 Routh Street | | | Dallas | TX | 75201 | |
| The Garden Gate | | 2303 Farrington | #100 | | Dallas | TX | 76207 | |
| The General Counsel Forum | | PO Box 131263 | | | Dallas | TX | 75313 | |
| The Greitens Group | | 4500 West Pine Boulevard | | | Saint Louis | MO | 63108 | |
| The Griffith Law Firm | | 4925 Greenville Ave | Suite 200 | | Dallas | TX | 75206 | |
| The Gym | | 921 W. Mayfield Rd. | Suite 112 | | Arlington | TX | 76015 | |
| The Hanover Insurance Group | | PO Box 580045 | | | Charlotte | NC | 28258-0045 | |
| The Harry Walker Agency, Inc. | | 355 Lexington Ave | Flr 21 | | New York | NY | 10017 | |
| THE HARTFORD | | PO BOX 2907 | | | The Hartford | CT | 061044-2907 | |
| THE HARTFORD | | PO Box 660916 | | | Dallas | TX | 75266-0916 | |
| The Hockaday School | Attn Holly Hook | 11600 Welch Road | | | Dallas | TX | 75229 | |
| The Hogan Firm | | 1311 Delaware Ave | | | Wilmington | DE | 19806 | |
| The House Oldtown Brasserie | | 6936 E. Main St. | | | Scottsdale | AZ | 85251 | |
| The Intl Stock Exchange Authority Ltd | | PO Box 623, Helvetoa Court | Les Echelons | | St Peter Port | GUERNSEY | GY1 1AR | United Kingdom |
| The Irish Stock Exchange plc | | 28 Anglesea Street | | | Dublin | | D02 XT25 | IRELAND |
| The Island Hotel | | 690 Newport Center Drive | | | Newport Beach | CA | 92660 | |
| The Joule | | 1530 Main Street | | | Dallas | TX | 75201 | |
| The Junior League of Dallas | | PO Box 12707 | | | Dallas | TX | 75226 | |
| The Kaplan Group | | 2250 King Ct. Suite 50 | | | San Luis | CA | 93401 | |
| The Kiplinger Tax Letter | | PO Box 62300 | | | Tampa | FL | 33662-2300 | |
| The Kiplinger Tax Letter | | PO Box 3299 | | | Harlan | IA | 51593-0479 | |
| The Ladders | Accounting Dept | 137 Varick St | | | New York | NY | 10013 | |
| THE LAKESHORE COMPANIES | | 1081 MOMENTUM PL | | | Chicago | IL | 60689-5310 | |
| The LDM Group, LLC | | Renaissance Tower | 1201 Elm Street, Ste. 4201 | | Dallas | TX | 75270 | |
| The Leukemia & Lyphoma Society | | 1311 Mamaroneck Ave, Suite 310 | | | White Plains | NY | 10605 | |
| The Leukemia & Lyphoma Society | | 8111 LBJ Freeway | Suite 425 | | Dallas | TX | 75251 | |
| The Loan Syndications and Trading Assoc | | 366 Madison Ave | 15th Floor | | New York | NY | 10017 | |
| The Mark and Pamela Okada Family Exempt Trust #1 | Brian D. Glueckstein | Sullivan Cromwell LLP | 125 Broad Street | | New York | NY | 10004 | |
| The Markets.com | | PO Box 9420 | | | Uniondale | NY | 11555-9420 | |
| The Matchbox Studio | | 3013 Canton Street | | | Dallas | TX | 75226 | |
| The McCarton Foundation | | 331 W. 25th Street | | | New York | NY | 10001 | |
| The Medleh Group | | PO Box 96370 | | | Houston | TX | 77213 | |
| The Money Management Institute | | 1101 17th St, NW Ste 703 | | | Washington | DC | 20036 | |
| The Money Management Institute | | PO Box 759231 | | | Baltimore | MD | 21275-9231 | |
| The Montessori School of Raleigh | | 7005 Lead Mine Road | | | Raleigh | NC | 27615 | |

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| The Morgan Library & Museum | | 225 Madison Avenue | | | New York | NY | 10016 | |
| The NASDAQ OMX Group Inc. | | Lockbox 90200 | PO Box 8500 | | Philadelphia | PA | 19178-0200 | |
| The NASDAQ Stock Market LLC | c/o Wells Fargo Bank | Lockbox 80200/PO Box 8500 | | | Philadelphia | PA | 19178-0200 | |
| The National due Diligence Alliance | | West8 Tower | 10205 Westheimer Rd, Ste 500 | | Houston | TX | 77042 | |
| The Neighbors Law Firm P.C. | | 2500 Regency Parkway | | | Cary | NC | 27518 | |
| The New York Times | | PO Box 4039 | | | Woburn | MA | 01888-4039 | |
| The New York Times | | PO BOX 371456 | | | Pittsburgh | PA | 15250-7456 | |
| The nGage Company, LLC | Attn Phil McKay | 170 Pine Point Rd | | | Scarborough | ME | 04074 | |
| The Oechsli Institute | | PO Box 29385 | | | Greensboro | NC | 27429 | |
| The Optimal Networking Event, LLC | | 5 Block Court | | | Randolph | NJ | 07869 | |
| The Optimal Networking Event, LLC | | PO Box 191 | | | Mt. Freedom | NJ | 07970-0191 | |
| The Original Butt Sketch | | PO Box 4495 | | | Dallas | TX | 75208-4495 | |
| The Paley Center for Media | Attn Accounting Department | 25 West 52nd Street | | | New York | NY | 10019 | |
| The Party New York | | 137 Avenue A | Suite 2E | | New York | NY | 10009 | |
| The Paul Revere Life Ins. Co. | | PO Box 740590 | | | Atlanta | GA | 30374-0590 | |
| The Pension Bridge, Inc | | 4504 S Ocean Blvd | | | Highland Bch | FL | 33487-4233 | |
| THE PLACEMENT GROUP, INC. | | 6060 North Central Expressway | Suite 524 | | Dallas | TX | 75206 | |
| THE PLANT PLACE | | 10704 Goodnight Lane | | | Dallas | TX | 75220 | |
| The Plexus Groupe | | 21805 Field Parkway | Suite 300 | | Deer Park | IL | 60010 | |
| The Plumbing Mechanical Fire Prot. Co | | 60 North Prospect Avenue | | | Lynbrook | NY | 11563-1395 | |
| The Promise House | Attn Christy Cerralvo | RBC Capital Markets | 2711 N Haskell Ave, Ste 2500 | | Dallas | TX | 75240 | |
| The Real Estate Council | | Three Lincoln Center | 5430 LBJ Frwy, Suite 100 | | Dallas | TX | 75240 | |
| The Real Estate Council Foundation | Attn Stephanie Keller Hudiberg | 3100 McKinnon Street | Suite 1150 | | Dallas | TX | 75201 | |
| The Reeds Public Relations Corporation | | 3232 McKinney Avenue | Suite 855 | | Dallas | TX | 75204 | |
| The Renaissance Consulting Group | | 870 San Jacinto Twr 2121 San Jacinto St | | | Dallas | TX | 75201 | |
| The Rhythm Room | Attn Elaine Hewlett | 4734 Tremont Street | | | Dallas | TX | 75246 | |
| The Rise School | | 4220 Monterey Oaks Blvd. | | | Austin | TX | 78749 | |
| The Ritz-Carlton | | 455 Grand Bay Drive | | | Key Biscayne | FL | 33149 | |
| The Ritz-Carlton | | 2121 McKinney Avenue | | | Dallas | TX | 75201 | |
| THE RITZ-CARLTON, LAKE LAS VEGAS | ATTN A/R | 1610 LAKE LAS VEGAS PKWY | | | Henderson | NV | 89011 | |
| The Rowland Law Firm | Ronald L. Rowland, Authorized Agent | 2453 Vineyard Lane | | | Crofton | MD | 21114 | |
| The Ryan Anthony Foundation | | 2512 Boll Street | | | Dallas | TX | 75204 | |
| The Search Group | | 222. W Las Colinas Blvd | Ste 844E | | Irving | TX | 75039 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 152 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| THE SIGN COMPANY | | 575 MADISON AVE | | | New York | NY | 10022 | |
| The Spencer Company | | 2121 North Akard | Suite 100 | | Dallas | TX | 75201 | |
| The Standard | | 1100 SW Sixth Ave | | | Portland | OR | 97204-0000 | |
| The Standard | | PO Box 3358 | | | Portland | OR | 97208-3358 | |
| The Standard | | PO BOX 5674 | | | Portland | OR | 97228-5674 | |
| The Standard Life Insurance Co of NY | | PO Box 3358 | | | Portland | OR | 97208-3358 | |
| The State of Texas | Deana K. Adams, CSR | Official Court Reporter | 600 Commerce, 630 C | | Dallas | TX | 75202 | |
| The Stewpot Alliance | | 4516 Lovers Lane | Suite 229 | | Dallas | TX | 75225 | |
| The Strategic Financial Alliance | | 202 Abbey Court | | | Alpharetta | GA | 30004 | |
| The Strategic Financial Alliance, Inc. | | 2200 Century Parkway, Ste 500 | | | Atlanta | GA | 30345 | |
| The TAARP Group, LLP | | 8333 Douglas Avenue | Suite 1500 | | Dallas | TX | 75225 | |
| The TAARP Group, LLP | | PO Box 797337 | | | Dallas | TX | 75379-7337 | |
| The TASA Group, Inc. | | 1166 DeKalb Pike | | | Blue Bell | PA | 19422-1853 | |
| The Texas Lyceum | | 3305 Steck Ave Ste 200 | | | Austin | TX | 78757-8155 | |
| The Texas Lyceum Association, Inc | | 7131 Lavendale Ave | | | Dallas | TX | 75230 | |
| The Townwide Fund of Huntington, Inc. | | 148 East Main Street | | | Huntington | NY | 11743 | |
| The United States Ski & Snowboard Assoc | | 1 Victory Lane | Box 100 | | Park City | UT | 84060 | |
| The United States Treasury | | Internal Revenue Service | PO Box 9941 | | Ogden | UT | 84409 | |
| The University of Texas at Arlington | | Grants and Accounting, Box 19136 | | | Arlington | TX | 76019-0136 | |
| The VIA Group,Inc | | 2610 Technology Forest Blvd | | | The Woodlands | TX | 77381 | |
| The Wall Street Journal | | Corporate Subscription Program | 102 First Ave | | Chicopee | MA | 01020 | |
| The Wellness Group, LLC | | 1000 N. Green Valley Pkwy | Suite 440 #401 | | Henderson | NV | 89074 | |
| The Wellness Group, LLC | | 100 N. Green Valley Pkwy | Suite 440 #401 | | Henderson | NV | 89074 | |
| The Westin Charlotte | | 601 South College Street | | | Charlotte | NC | 28202 | |
| The YGS Group | | 3650 West Market Street | Content Division-A/R | | York | PA | 17404 | |
| The Yield Book, Inc. | | PO Box 13755 | | | Newark | NJ | 07188-0755 | |
| THEDFORD, LAUREN E. | | Address on File | | | | | | |
| Theodore N Dameris | | Address on File | | | | | | |
| Theodore N Dameris | | Address on File | | | | | | |
| Think-Cell | | InvalidenstraBe 34 | | | Berlin | | 10115 | GERMANY |
| Think-cell Sales GmbH & Co. KG | | Chausseestr. 8/E | | | Berlin | | 10115 | GERMANY |
| Thirstystone Resources | | 860 E 19th St | | | Tucson | AZ | 85719 | |
| THOMAS HENNINGS | | Address on File | | | | | | |
| Thomas Hoerner | | PO Box 740967 | | | Dallas | TX | 75374-0967 | |
| Thomas Printworks | | P.O. Box 740967 | | | Dallas | TX | 75374-0967 | |
| Thomas Reprographics | | Address on File | | | | | | |
| THOMAS SHARP | | Winston Strawn LLP | 4441 Beverly Drive | | Dallas | TX | 75205 | |
| Thomas Surgent | c/o David Neier | | | | | | | |
| Thomas Surgent | c/o David Neier, Winston Strawn LLP | 200 Park Avenue | | | New York | NY | 10166 | |
| Thomas Surgent | | Address on File | | | | | | |

Page 140 of 155

**Appx. 00507**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 153 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Thomas White | c/o KGen Power Corp | 9337 Spring Cypress Rd. #214 | | | Spring | TX | 77379 | |
| Thompson & Knight | | PO Box 660684 | | | Dallas | TX | 75266-0684 | |
| Thompson & Knight | | Dept 70 PO Box 4346 | | | Houston | TX | 77210-4346 | |
| THOMPSON & KNIGHT LLP | | ONE ARTS PLAZA | 1722 ROUTH STREET SUITE 1500 | | Dallas | TX | 75201-2533 | |
| Thompson Coe Cousins & Irons LLP | | 700 N. Pearl Street | Twenty Fifth Floor | | Dallas | TX | 75201 | |
| Thompson Reuters | | 610 Opperman Drive | PO Box 64833 | | Eagan | MN | 55123-0000 | |
| THOMPSON, DAVISON R. | | Address on File | | | | | | |
| Thompson, Jordan | | Address on File | | | | | | |
| THOMPSON, ROBIN | | Address on File | | | | | | |
| Thomson | | PO Box 4634 | | | Chicago | IL | 60680-9598 | |
| Thomson Financial | | 195 Broadway | 7th floor | | New York | NY | 10007 | |
| Thomson Financial | | PO Box 360301 | | | Pittsburgh | PA | 15251-6301 | |
| Thomson Financial | | PO Box 5136 | | | Carol Stream | IL | 60197-5136 | |
| Thomson Financial | | PO Box 95512 | | | Chicago | IL | 60690-5512 | |
| THOMSON REUTERS | Attn Greg Winterton | 3 Times Square, 18th Floor | | | New York | NY | 10036 | |
| THOMSON REUTERS | | PO BOX 55743 | The Tomson Reuters Building | | London | | E14 10B | United Kingdom |
| THOMSON REUTERS | | PO Box 95512 | | | Chicago | IL | 95512 | |
| THOMSON REUTERS | | TAX & ACCOUNTING - R&G | PO BOX 71687 | | Chicago | IL | 60694-1687 | |
| Thomson Reuters (Markets) LLC | | PO Box 415983 | | | Boston | MA | 02241 | |
| Thomson Reuters (Markets) LLC | | GPO BOX 10410 | | | Newark | NJ | 07193-0410 | |
| Thomson Reuters (Tax & Accounting) Inc. | | PO Box 71687 | | | Chicago | IL | 60694-1687 | |
| Thomson Reuters Corporation | | 17400 Medine Road | Suite 850 | | Plymouth | MN | 55447 | |
| Thomson Reuters Tax & Accounting - Check | | PO Box 71687 | | | Chicago | IL | 60694-0000 | |
| Thomson RIA | | PO Box 6159 | | | Carol Stream | IL | 60197-6159 | |
| Thomson West | | PO Box 64833 | | | Saint Paul | MN | 551164-0833 | |
| Thomson West | | PO Box 6292 | | | Carol Stream | IL | 60197-6292 | |
| Thornton-Tomasetti Group, Inc. | | PO Box 826203 | | | Philadelphia | PA | 19182-6203 | |
| Throckmorton, Michael | | Address on File | | | | | | |
| Thuzio, Inc. | | 267 Fifth Avenue | Seventh Floor | | New York | NY | 10016 | |
| TIAMPO, SAUKOK | | Address on File | | | | | | |
| TIBCO Software, Inc. | | Lockbox No 7514 | PO Box 7247 | | Philadelphia | PA | 19170-7514 | |
| Tiffs Treats | | Address on File | | | | | | |
| Tim Dalton | | Address on File | | | | | | |
| TIM LAWLER | | Address on File | | | | | | |
| Tim Symington | | Address on File | | | | | | |
| Timber Mart-South | Center for Forest Business | Daniel B. Warnell School of Forestry | The University of Georgia | | Athens | GA | 30602-2152 | |
| Timberhorn, LLC | | 127 W Worthington Ave Ste 100 | | | Charlotte | NC | 28203-0064 | |
| Time Value Software | | 22 Mauchly | | | Irvine | CA | 92618 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 154 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| TIME WARNER CABLE | | PO BOX 9227 | | | Uniondale | NY | 11555-9227 | |
| TIME WARNER CABLE | | Box 223085 | | | Pittsburgh | PA | 15251-2085 | |
| TIME WARNER CABLE | | PO BOX 742663 | | | CINCINNATI | OH | 45274-2663 | |
| TIME WARNER CABLE | | PO Box 742633 | | | Cincinnati | OH | 45274-2663 | |
| TIME WARNER CABLE | | PO Box 650063 | | | Dallas | TX | 75265-0063 | |
| TIME WARNER CABLE | | PO BOX 650210 | | | Dallas | TX | 75265-0210 | |
| TIME WARNER CABLE | | PO Box 60074 | | | City of Industry | CA | 91716-0074 | |
| Time, Inc. | | PO Box 60001 | | | Tampa | FL | 33660-0001 | |
| Times Square Tower Associates LLC | | 800 Boylston Street | Suite 1900 | | Boston | MA | 02199 | |
| Times Square Tower Associates LLC | | PO Box 415917 | | | Boston | MA | 0224-5917 | |
| Timothy Brice | | Address on File | | | | | | |
| Timothy Hotchandani | | Address on File | | | | | | |
| Timothy Lawler | | Address on File | | | | | | |
| Timothy Leung | | Address on File | | | | | | |
| Timothy Spring | | Address on File | | | | | | |
| TIPS,LLC | | Department 34932 | PO Box 39000 | | San Francisco | CA | 94139 | |
| TIPS,LLC | | File 30578 | PO Box 60000 | | San Francisco | CA | 94160 | |
| Title Partners, LLC | | 5501 LBJ Freeway | Ste 200 | | Dallas | TX | 75240 | |
| TLK Networks | | PO Box 202286 | | | Arlington | TX | 76006 | |
| TMC Communications, LLC | | 245 Park Ave, 24th Flr | | | New York | NY | 10167 | |
| TMF Group | | 400 Capability Green | | | Luton | | LU1 3AE | United Kingdom |
| TNT INTERNATIONAL | | PO BOX 186 | RAMSBOTTOM | | BURY | | BL09GR | United Kingdom |
| Tobias Lewis | | Address on File | | | | | | |
| TOBY FELDMAN INC. | | ONE PENN PLAZA | | | New York | NY | 10119 | |
| Todd A. Travers | | Address on File | | | | | | |
| Todd Blatterman | | Address on File | | | | | | |
| Todd Travers | c/o Jason P. Kathman | Pronske & Kathman, P.C. | 2701 Dallas Parkway, Suite 590 | | Plano | TX | 75093 | |
| Todd Travers | | Address on File | | | | | | |
| Toly Novik | | Address on File | | | | | | |
| TOM BEACH | | Address on File | | | | | | |
| TOM LOVELL | | Address on File | | | | | | |
| Tom Rigatti | | Address on File | | | | | | |
| Tomasino, Matthew | | Address on File | | | | | | |
| TOMLIN, WILLIAM | | Address on File | | | | | | |
| Tony Zaffaro | | Address on File | | | | | | |
| Total Alternatives | | PO Box 5018 | | | Brentwood | TN | 37024 | |
| Total Uptime Tech | | Post Office Box 2228 | | | Skyland | NC | 28776-0000 | |
| Touchstone Securities, Inc | | 303 Broadway | Suite 1100 | | Cincinnati | OH | 45202-4203 | |
| TOUDOUZE, KENNETH | | Address on File | | | | | | |
| Towers Watson | | PO Box 8500 | S-6110 | | Philadelphia | PA | 19178-6110 | |
| TPAC | | 920 Tyne Blvd | | | Nashville | TN | 37220 | |
| TQ ESI, LLC | | 400 N. St Paul | STE 1230 | | Dallas | TX | 75201 | |
| Tracey Ivey | | Address on File | | | | | | |
| TradeStation Securities, Inc. | Attn Account Department | 8050 SW 10th St -- Ste 2000 | | | Plantation | FL | 33324 | |
| TRAHAN, MICHAEL | | Address on File | | | | | | |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 155 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| TransPerfect Legal Solutions | Attn Accounts Receivable | 1250 Broadway Fl 7 | STE 600W | | New York | NY | 10001-3749 | |
| TRANSWESTERN | | 5001 SPRING VALLEY RD | | | Dallas | TX | 75244 | |
| TRANTHAM, AUSTIN | | Address on File | | | | | | |
| Travel Search Network | | 8111 LBJ Freeway # 550 | | | Dallas | TX | 75251 | |
| TRAVERS, TODD | | Address on File | | | | | | |
| Travis Kruger | | Address on File | | | | | | |
| TRC | | PO Box 536282 | | | Pittsburgh | PA | 15253-5904 | |
| TRC Consultants, LC | | 120 Diefert Ave | Suite 100 | | Boerne | TX | 78006 | |
| Treasurer of State of Vermont | | Securities Division | 89 Main Street, 2nd Floor, Drawer 20 | | Montpelier | VT | 05620 | |
| Treasurer of Virginia | | Virginia State Corporation Commission | 1300 East Main Street, 9th Floor | | Richmond | VA | 23219 | |
| Treasurer, State of Connecticut | | Securities & Business Investment Div | 260 Constitution Plaza | | Hartford | CT | 06103 | |
| Treasurer, State of Maine | | Office of Securities | 76 Northern Avenue | | Gardiner | ME | 04345 | |
| TREASURY OF THE UNITED STATES | Austin Campus Disclosure Office | Stop 7000-AUSC | PO Box 2986 | | Austin | TX | 78768 | |
| TREASURY OF THE UNITED STATES | INTERNAL REVENUE SERVICE | 3651 SOUTH IH-35, MS 7000AUSC | DISCLOSURE OFFICE | | Austin | TX | 78741 | |
| TREMOR, LAUREN E. | | Address on File | | | | | | |
| Trend Macrolytics LLC | | 680 N. Lake Shore Drive | #1412 | | Chicago | IL | 60611 | |
| Trenkner, Jamie | | Address on File | | | | | | |
| Trepp, LLC | | 477 Madison Ave 18th Flr | | | New York | NY | 10022 | |
| Triad Security Systems | | 971 Lehigh Avenue | | | Union | NJ | 07083 | |
| Trial Arts Professional Copy Service | | 1500 Dragon St, Ste C | | | Dallas | TX | 75207 | |
| Tricor Evatthouse Corporate Services | | 8 Cross Street | #11-00 PWC Building | | Singapore | | 048424 | SINGAPORE |
| Tricor Singapore Pte Ltd | | 8 Cross Street | #11-00 PWC Building | | Singapore | | 048424 | SINGAPORE |
| Trinity River Mission | | 2060 Singleton Blvd, Ste 104 | Suite 320 | | Dallas | TX | 75212 | |
| Triple Threat Cowboy | | 1430 Regal Row | | | Dallas | TX | 75247 | |
| TRI-RIVER CAPITAL | C/O BEUTEL & JOYCE, LP | ATTN MILTON WALTERS | 555 FIFTH AVE - 15TH FLR | | New York | NY | 10017 | |
| Tritech Communications, Inc. | | 625 Locust St. | | | Garden City | NY | 11530 | |
| Troutman Sanders LLP | | P.O. Box 933652 | | | Atlanta | GA | 31193-3652 | |
| TROY BARNETTE | | Address on File | | | | | | |
| Trump International Hotel & Tower CH | | 401 North Wabash Ave | | | Chicago | IL | 60611 | |
| Trussway Holdings, Inc. | Kendall Hoyd | 9411 Alcorn | | | Houston | TX | 77093-6753 | |
| Trussway Holdings, LLC | | 7001 Enterprise Ave | | | Fort Worth | TX | 76118 | |
| Trustees of Boston University | | 1 Silber Way | | | Boston | MA | 02215 | |
| Trustwave | | 70 W Madison St | Ste. 1050 | | Chicago | IL | 60602 | |
| TSCM AMERICA | | PO Box 6743 | | | McKinney | TX | 75071 | |
| TSCPA | | PO Box 797488 | | | Dallas | TX | 75379 | |
| TSG Reporting, Inc | | 747 Third Ave. Suite 10A | | | New York | NY | 10017 | |
| TSX INC | | The Exchange Tower | PO Box 421, 130 King Street West | | Toronto | ON | M5X 1E1 | CANADA |
| TTA Research & Guidance | | PO Box 71687 | | | Chicago | IL | 60694 | |
| Tuan Olona, LLP | | One Rockefeller Plaza | Eleventh Floor | | New York | NY | 10020 | |
| Turf Scapes | | 368 National Drive | | | Rockwall | TX | 75032-6531 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 143 of 155

**Appx. 00510**

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Turing Experts | | Birchin Court | 20 Birchin Lane | | London | | EC3V 9DU | United Kingdom |
| Turtle Bay Resort | Attn Finance Department | 57-091 Kamehameha Highway | | | Kahuku | HI | 96731 | |
| TW Telecom Holdings, llc | | PO Box 910182 | | | Denver | CO | 80291-0182 | |
| Twenty-First Securities Corporation | | 780 Third Avenue | 24th Floor | | New York | NY | 10017 | |
| TXU ENERGY | | PO BOX 650638 | | | Dallas | TX | 75265-0638 | |
| TXU ENERGY | | PO BOX 660409 | | | Dallas | TX | 75266-0409 | |
| Tyco Integrated Security | | PO Box 371967 | | | Pittsburg | PA | 15250-7967 | |
| Tyler Kemp | | Address on File | | | | | | |
| TYRA GILB TRUST | | 325M SHARON PARK DR #207 | | | Menlo Park | CA | 94025-6804 | |
| U.D.S.TX, LLC | | 1401 Elm, Suite 4567 | | | Dallas | TX | 75202 | |
| U.S. - Japan Council | Attn Dana Fager, Develop. Coordinator | 1819 L Street, NW, Suite 800 | | | Washington | DC | 20036 | |
| U.S. Bancorp Equipment Finance, Inc. | | PO Box 790448 | | | Saint Louis | MO | 63179-0448 | |
| U.S. Bank | | CM-9690 | PO Box 70870 | | Saint Paul | MN | 55170-9690 | |
| U.S. Bank National Association | Attn CDO Unit | One Federal Street | 3rd Floor | Mail Code EX-MA-FED | Boston | MA | 02110 | |
| U.S. Fund for UNICEF | | 520 Post Oak Blvd | Suite 280 | | Houston | TX | 77027 | |
| U.S. Securities and Exchange Commission | Fort Worth Regional Office | Burnett Plaza, 19th Floor | 801 Cherry Street, Unit 18 | | Fort Worth | TX | 76102 | |
| UBS AG, London Branch | Attn Suzanne Forster, John Lantz | UBS Securities LLC, | 1285 Avenue of the Americas | | New York | NY | 10019 | |
| UBS AG, London Branch | Latham & Watkins LLP | Jeffrey E. Bjork, Kimberly A. Posin | 355 South Grand Avenue, Ste. 100 | | Los Angeles | CA | 90071 | |
| UBS AG, London Branch | Latham and Watkins LLP | Asif Attarwala | 330 North Wabash Ave. Suite 2800 | | Chicago | IL | 60611 | |
| UBS AG, London Branch | Latham and Watkins LLP | Andrew Clubok, Sarah Tomkowiak | 555 Eleventh Street, NW, Suite 1000 | | Washington | DC | 20004-1304 | |
| UBS AG, London Branch | UBS Securities LLC | Attn Suzanne Forster, John Lantz | 1285 Avenue of the Americas | | New York | NY | 10019 | |
| UBS AG, London Branch UBS Securities LLC | Latham & Watkins LLP | 555 Eleventh Street NW Suite 1000 | | | Washington | DC | 20004 | |
| UBS Securities LLC | | 1285 Avenue of the Americas | | | New York | NY | 10019 | |
| UBS Securities LLC | c/o Andrew Clubok | Latham & Watkins LLP #1000 | 555 11th Street NW | | Washington | DC | 20004 | |
| UBS Securities LLC | Latham & Watkins LLP | Jeffrey E. Bjork, Kimberly A. Posin | 355 South Grand Avenue, Ste. 100 | | Los Angeles | CA | 90071 | |
| UBS Securities LLC | Latham and Watkins LLP | Asif Attarwala | 330 North Wabash Ave. Suite 2800 | | Chicago | IL | 60611 | |
| UCG | | 11300 Rockville Pike | Ste 1100 | | Rockville | MD | 20852-3030 | |
| Uchi Dallas, LLC | | 701 S. Lamar Blvd | Suite C | | Austin | TX | 78704 | |
| UDAI DHAWAN | | 28 SPRAIN VALLEY RD | | | Scarsdale | NY | 10583 | |
| UERMMMC-MAAAI | Dr. Audrey Coo, Treaurer | PO Box 2153 | | | Bedford Park | IL | 60499-2153 | |
| Ulf Nofelt | | Address on File | | | | | | |
| Ulicny, Inc. | | 92 Amity Drive | | | Wayne | PA | 19087 | |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 157 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Umari Zigaro, PLLC | Basil A. Umari | 1403 Eberhard | | | Houston | TX | 77019 | |
| UMB Bank, N.A. | Attn Trust Fees Dept | PO Box 414589 | | | Kansas City | MO | 64141-4589 | |
| UNICOM TECHNOLOGIES, INC | | 1011 HWY 6 S | STE 200 | | Houston | TX | 77077 | |
| Unimerica Insurance Company | Administrative Office | 6300 Olson Memorial Highway | | | Golden Valley | MN | 55427 | |
| Unishippers | | 800 W Airport Fwy Ste 611 LB 6065 | | | Irving | TX | 75062 | |
| Unishippers | | 800 W Airport FWY Ste 611 LB 6065 | | | Irving | TX | 75062-6294 | |
| United American Reporting Services | | 1201 Elm Street | Suite 5220 | | Dallas | TX | 75270 | |
| United Capital | | 5655 S. Yosemite St. | Suite 450 | | Greenwood Village | CO | 80111 | |
| United Carpet Cleaning Systems, Inc. | | PO Box 1625 | | | Hurst | TX | 76053 | |
| UNITED HEALTHCARE INSURANCE COMPANY | ATTN LISA CARRILLO | 5800 GRANITE PKWY, STE 700 | | | Plano | TX | 75024 | |
| UNITED HEALTHCARE INSURANCE COMPANY | | 22561 NETWORK PLACE | | | Chicago | IL | 60673-1225 | |
| United Mechanical | | 11540 Plano Road | PO Box 551206 | | Dallas | TX | 75355-1206 | |
| United Parcel Service, Inc | | 55 Glenlake Parkway | | | Atlanta | GA | 30328-0000 | |
| United States Treasury | | INTERNAL REVENUE SVC | PO BOX 69 | | Memphis | TN | 38101-0069 | |
| United States Treasury | | INTERNAL REVENUE SERVICE | | | Cincinnati | OH | 45999-0039 | |
| United States Treasury | | INTERNAL REVENUE SERVICE | | | Kansas City | MO | 64999-0202 | |
| United States Treasury | | STOP 5107 NWSAT | 4050 ALPHA RD | | Farmers Branch | TX | 75244-4201 | |
| United States Treasury | | PO Box 660443 | | | Dallas | TX | 75266-0443 | |
| United States Treasury | | INTERNAL REVENUE SERVICE | | | Ogden | UT | 84201-0039 | |
| UNITED VAN LINES | | ONE UNITED DRIVE | | | Fenton | MO | 63026-1350 | |
| United Way of Mass. Bay & Merrimack Vlly | Attn A/R- Barbara Alexander | PO Box 51381 | | | Boston | MA | 02205-1381 | |
| Universal Printing Solutions, Inc. | | 10573 West Pico Blvd. #610 | | | Los Angeles | CA | 90064-2438 | |
| University of Michigan | c/o Matching Gifts | 3003 S. State Street, Suite 8000 | | | Ann Arbor | MI | 48109-1288 | |
| University of Pennsylvania | | 433 Franklin Building | 3451 Walnut Street | | Philadelphia | PA | 19104-6285 | |
| University Prk Sch ParentTeacher Assoc | | 3505 Amherst | | | Dallas | TX | 75225 | |
| Unum Life Insurance Company of America | | PO BOX 406834 | | | Atlanta | GA | 30384-6834 | |
| Unum Life Insurance Company of America | | PO Box 409548 | | | Atlanta | GA | 30384-9548 | |
| Update Legal | | 1140 Avenue of the Americas | | | New York | NY | 10036 | |
| Uplift Education | c/o David Jackson | 1825 Market Center Blvd, Ste 500 | | | Dallas | TX | 75207 | |
| UPMC HEALTH SYSTEM PENSION TRUST | | 1 MELLON BANK CTR | | | Pittsburgh | PA | 15258 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 145 of 155

Appx. 00512

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| UPS Freight | | PO Box 730900 | | | Dallas | TX | 75373-0900 | |
| UPS Supply Chain Solutions | | PO BOX 7247-0244 | | | Philadelphia | PA | 19170-0001 | |
| UPS Supply Chain Solutions | | 28013 Network Place | | | Chicago | IL | 60673-1280 | |
| UPS Supply Chain Solutions | | PO Box 730900 | | | Dallas | TX | 75373-0900 | |
| UpSwing Performance Improvement, Inc. | | PO Box 738 | | | Manchester | MO | 63011 | |
| Uptown Energy Partners | | 2602 McKinney Ave | Suite 330 | | Dallas | TX | 75204 | |
| Urano, Cameron | | Address on File | | | | | | |
| URBAN, ASHLEY | | Address on File | | | | | | |
| URBAN, JOHN | | Address on File | | | | | | |
| URBANIC, MATTHEW | | Address on File | | | | | | |
| URECH, DANIELLE | | Address on File | | | | | | |
| URS CORPORATION | | PO BOX 121028 | DEPT 1028 | | Dallas | TX | 75312-1028 | |
| US Attorneys Office for the Northern District of Texas | Erin Nearly Cox, Donna K. Webb | 1100 Commerce St. Suite 300 | | | Dallas | TX | 75242 | |
| US Bank | | 1555 N Rivercenter Dr, Ste 302 | | | Milwaukee | WI | 53212 | |
| US BANK NA | ATTN THOMAS BELCHER | ONE FEDERAL STREET | THIRD FLOOR | | Boston | MA | 02110 | |
| US Foods, Inc. | | Box 843202 | | | Dallas | TX | 75284-3202 | |
| US Legal Support | | Texas Records & Reporting | PO BOX 952172 | | Dallas | TX | 75395-2172 | |
| US Legal Support | | Chicago, IL Reporting | PO Box 4772-11 | | Houston | TX | 77210-4772 | |
| US Markets | | 10 W. 37th St | 7th FL | | New York | NY | 10018 | |
| US Policy Metrics LLC | | 2001 K St NW Fl 8-11 | | | Washington | DC | 20006-1042 | |
| US Postage Meter Center | | PO Box 800848 | | | Santa Clarita | CA | 91380 | |
| US Securities & Exchange Commission | FOIA Officer & Privacy Act Officer | 100 F Street, NE | Mail Stop 2736 | | WASHINGTON | DC | 20549-2000 | |
| US Ski and Snowboard Team Foundation | | 1 Victory Lane | Box 100 | | Park City | UT | 84060 | |
| USA Shooting | Attn Rob Weekes | 1 Olympic Plaza | | | Colorado Springs | CO | 80909 | |
| usfi marketing communications | | 12100 Ford Rd Ste 100 | | | Dallas | TX | 75234 | |
| USTMAAM | C/O MARC VILLAFANIA | 104 BIG OAKS RD | | | STREAMWOOD | IL | 60107-1320 | |
| USW LOCAL 870 | | 94 WASHINGTON PLACE | | | Totwa | NJ | 07512 | |
| Utah Division of Securities | | Securities Division | 160 East 300 South, 2nd Floor | | Salt Lake City | UT | 84111 | |
| UTAH STATE TAX COMMISSION | | 210 N 1950 W | | | Salt Lake City | UT | 84134 | |
| Valhalla CLO, Ltd. | c/o Intertrust SPV (Cayman) Limited | 190 Elgin Avenue | George Town | | Grand Cayman | | KY1-9005 | Cayman Islands |
| Valhalla CLO, Ltd. JPMorgan Chase Bank | | 390 Greenwich Street, 4th Floor | Institutional Trust Services | Valhalla CLO, Ltd. | New York | NY | 10013 | |
| Valhalla CLO, Ltd. JPMorgan Chase Bank | | Walker House, PO Box 908GT, Mary Street | George Town, Grand Cayman | The Directors | Grand Cayman | | | Cayman Islands |
| Valhalla CLO, Ltd. JPMorgan SPV Limited | | 3116-D COMMERCE ST | | | Dallas | TX | 75226 | |
| VALIANT MEDIA | | 200 Clarendon St | 22nd Floor | | Boston | MA | 02116 | |
| Validity, Inc. | | Value Line Publishing, Inc | 220 East 42nd Street 6th floor | | New York | NY | 10017 | |
| Value Line Publishing | ATTN Matt Jamison | 1400 Thetford Ct. | | | Southlake | TX | 76092 | |
| ValueScope, Inc. | | Address on File | | | | | | |
| VAN HOEF, ASHLEY | | Address on File | | | | | | |
| VANACOUR, JASON | | Address on File | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 159 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Vanessa Sea | | Address on File | | | | | | |
| Vanguard Brokerage Services | Attn Securities Receipt & Transfer | PO Box 1170 | | | Valley Forge | PA | 19482-1170 | |
| Vector One Management | | 113 E 55th St | | | New York | NY | 10022 | |
| Vela Wood PC | Attention Kevin Vela | 5307 E. Mockingbird Lane, Suite 802 | | | Dallas | TX | 75206 | |
| Venable LLP | | PO Box 630798 | | | Baltimore | MD | 21263-0798 | |
| Venable LLP | | PO Box 62727 | | | Baltimore | MD | 21264-2727 | |
| Vengroff Williams, Inc c/o American Arbitration Association | Vengroff Williams, Inc c/s American Arbitration | 2211 Fruitville Rd | | | Sarasota | FL | 34237 | |
| Venture Mechanical, Inc. | | 1644 W Crosby Rd | | | Carrollton | TX | 75006-6628 | |
| Veritas Backup Exec | | 2625 Augustine Drive | | | Santa Clara | CA | 95054-0000 | |
| Veritas Enterprise Vault | | 2625 Augustine Drive | | | Santa Clara | CA | 95054-0000 | |
| Veritas Software Global LLC | | PO Box 60000 | | | San Francisco | CA | 94160-3667 | |
| Veritext Corp. | | 3090 Bristol Street | Suite 190 | | Costa Mesa | CA | 92626 | |
| Veritext Los Angeles Reporting Co | | 3090 Bristol St | Suite 190 | | Costa Mesa | CA | 92626 | |
| Veritext Mid-Atlantic | | 1801 Market Street | Suite 1800 | | Philadelphia | PA | 19103 | |
| Veritext New York Reporting Co | | 330 Old Country Rd | Suite 300 | | Mineola | NY | 11501 | |
| Veritext New York Reporting Co | | PO Box 71303 | | | Chicago | IL | 60694-1303 | |
| Verity Group | | 885 E Collins Blvd | Ste. 102 | | Richardson | TX | 75081-0000 | |
| Verity Group | | PO Box 940361 | | | Plano | TX | 75094-0361 | |
| VERIZON | | PO BOX 15124 | | | Albany | NY | 12212-5124 | |
| VERIZON | | PO BOX 1100 | | | Albany | NY | 12250-0001 | |
| Verizon Wireless | | PO Box 489 | | | Newark | NJ | 07101-0489 | |
| Verizon Wireless | | PO Box 790406 | | | Saint Louis | MO | 63179-0406 | |
| Verizon Wireless | | PO Box 660108 | | | Dallas | TX | 75266-0108 | |
| Verizon Wireless | | PO Box 4001 | | | Inglewood | CA | 90313-4001 | |
| Vermont Department of Taxes | | PO Box 588 | | | Montpelier | VT | 05601 | |
| Vermont Dept of Financial Regulation | | Dept of Banking, Insurance & Securities | 89 Main Street, 2nd Floor, Drawer 20 | | Montpelier | VT | 05620 | |
| Verrill Dana LLP | | One Portland Square | P.O. Box 586 | | Portland | ME | 04112 | |
| VFG Securities, Inc. | Attn Jana Oledzki | 100 Corporate Pointe | Suite 382 | | Culver City | CA | 90230-7612 | |
| ViaWest, Inc. | Attn John Greenwood | 1200 17th Street, Suite 1150 | | | Denver | CO | 80202 | |
| ViaWest, Inc. | | PO Box 732368 | | | Dallas | TX | 75373-2368 | |
| ViaWest, Inc. | | PO Box 912362 | | | Denver | CO | 80291-2362 | |
| Vibrancy21 | | 1133 South Clinton Street | | | Baltimore | MD | 21224 | |
| Vickery Meadow Learning Center | | 6329 Ridgecrest | | | Dallas | TX | 75231 | |
| Victor Chang | | Address on File | | | | | | |
| Victor Chong | | Address on File | | | | | | |
| Vigilant Resources | | 45 Rockefeller Plaza, 20th Floor | | | New York | NY | 10111 | |
| VILLA VERONA, LTD | | 13330 NOEL RD | | | Dallas | TX | 75240 | |
| Village on the Green | | 5301 Alpha Road, Suite 44 | | | Dallas | TX | 75240 | |
| Vin Thompson | | Address on File | | | | | | |

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Vincent Lopez Serafino & Jenevein, PC | | 2001 Bryan St | Suite 2000 | | Dallas | TX | 75201 | |
| VINSON & ELKINS, LLP | | A1001 FANNIN ST, STE 2300 | FIRST CITY TOWER | | Houston | TX | 77002-6760 | |
| Vintage Filings | | 350 Hudson Street, Suite 300 | | | New York | NY | 10014 | |
| Vintage Filings | | 350 Hudson Street | Suite 300 | | New York | NY | 10014 | |
| Vintage Filings | | PO Box 30719 | | | New York | NY | 10087-0719 | |
| Vira, Sagar | | Address on File | | | | | | |
| VIRGINIA DEPARTMENT OF TAXATION | | PO BOX 1500 | | | Richmond | VA | 23218-1500 | |
| VIRGINIA DEPARTMENT OF TAXATION | | PO BOX 1777 | | | Richmond | VA | 23218-1777 | |
| Virginia Retirement System | Attn Control | PO Box 361 | | | Richmond | VA | 23218 | |
| Virginia Retirement Systems | Attn Control | PO Box 361 | | | Richmond | VA | 23218 | |
| Vishnu Gogineni | | Address on File | | | | | | |
| Visix, Inc. | | 230 Scientific Drive | Suite 800 | | Norcross | GA | 30092 | |
| Vitae Search Group, LLC | | 6009 Mariposa Drive | | | McKinney | TX | 75070 | |
| Vitiello, Stephanie | | Address on File | | | | | | |
| Vlahakis, Eleni | | Address on File | | | | | | |
| VODAFONE | | PO BOX 549 | | | London | | OX17 3ZJ | United Kingdom |
| Vogel Alcove | | 200 Crescent Court | Ste 300 | | Dallas | TX | 75201 | |
| Voice of Hope | Attn Ruth Hardesty | PO Box 224845 | | | Dallas | TX | 75222-4845 | |
| Volunteers for Youth, Inc. | | 205 Lloyd Street | Suite 103 | | Carrboro | NC | 27510 | |
| Voya Financial Advisors | Attn Adriana Mardarie Gagov | 909 Locust Street | | | Des Moines | IA | 50309 | |
| Voya Financial Advisors | | 5780 Powers Ferry Road, NW | | | Atlanta | GA | 30327 | |
| VSI Solutions | | 203 Dumont ct | | | Fairview | TX | 75069 | |
| VTB Capital plc | | 14 Cornhill | | | London | | EC3V3ND | United Kingdom |
| W San Diego | | 421 West B St | | | San Deigo | CA | 92101 | |
| W. Andrew Hodge Consulting, PA | | Rue du Mont Blanc 3 | | | Geneva | | 01201 | SWITZERLAND |
| W.B. Mason Co., Inc. | | 59 Centre St | | | Brockton | MA | 02301 | |
| Wachovia Insurance Services | | 5956 Sherry Lane | Suite 2000 | | Dallas | TX | 75225-6531 | |
| Wachovia Secuities LLC | | Relationship Management Group-MO1400 | 1 North Jefferson St | | Saint Louis | MO | 63103 | |
| Wachtell, Lipton, Rosen & Katz | | 51 West 52nd Street | | | New York | NY | 10019 | |
| Wagner, Grace | | Address on File | | | | | | |
| Wake2O | | Victoria Place | 31 Victoria St | | Hamilton | | 0HM10 | Bermuda |
| Wakefield Quin | | PO BOX HM 809 | | | Hamilton | | 0HMCX | BERMUDA |
| Wakefield Quinn | | 317 Madison Avenue Suite 2300 | | | New York | NY | 10017 | |
| Walek & Associates, Inc. | | Address on File | | | | | | |
| WALIA, AMIT | | Address on File | | | | | | |
| Walker Dunlop | | Address on File | | | | | | |
| Walker Kobelan | | | | | | | | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 161 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Walkers | | PO Box 265GT, Walker House | 87 Mry Street | | George Town | | KY1-9001 | Cayman Islands |
| Walkers - Ireland | | The Exchange, Georges Dock, IFSC | | | Dublin | | 1 | Ireland |
| Walkers Fund Services Limited | c/o Intertrust Cayman | 190 Elgin Avenue | George Town | | Grand Cayman | | KY1-9005 | Cayman Islands |
| Wall Street Tax Association | c/o OConnor Davies Munns & Dobbins LLP | 60 East 42nd Street | | | New York | NY | 10165 | |
| WALLS, DAVID | | Address on File | | | | | | |
| WALTER JARMAN | | Address on File | | | | | | |
| WAN, QIAN | | Address on File | | | | | | |
| WANG, ALICE | | Address on File | | | | | | |
| WANG, CHEN-HAN | | Address on File | | | | | | |
| Wang, Ruozhou | | Address on File | | | | | | |
| Warehouse Store Fixture Co. | | 84 Progress Lane | | | Watebury | CT | 06705 | |
| Warner Stevens LLP | | 1700 City Center Tower II | 301 Commerce Street | | Fort Worth | TX | 76102 | |
| Warren Posner | | Address on File | | | | | | |
| Washington Speakers Bureau Inc. | | 1663 Prince Street | | | Alexandria | VA | 22314 | |
| Washington State Treasurer | | WA Dept of Finan Inst. Securities Div | 150 Israel Road SW | | Tumwater | WA | 98501 | |
| Waterhouse, Frank | Ross & Smith, PC | Plaza of the Americas | 700 N Pearl Street, Suite 1610 | | Dallas | TX | 75201 | |
| WATERHOUSE, FRANK | | Address on File | | | | | | |
| Waterview Advisors | | 14800 Quorum Dr Ste 450 | | | Dallas | TX | 75254-7531 | |
| Watson Wyatt & Co | | PO Box 277665 | | | Atlanta | GA | 30384 | |
| WATSON, ERIN | | Address on File | | | | | | |
| Watts, Andrew | | Address on File | | | | | | |
| WATTS, KEITH R | | Address on File | | | | | | |
| Wayne Ball | | Address on File | | | | | | |
| WC 4641 Production, LLC | C/o Great Value Storage | 4641 Production Drive | | | Dallas | TX | 75235 | |
| WCDABG | Attn Sharon Popham, Reservations Chair | 3 Carmarthen Court | | | Dallas | TX | 75225 | |
| Wealthforge Securities, LLC | | 6800 Paragon Place | Ste 200 | | Richmond | VA | 23230 | |
| Wealthmaster Group, LLC | | 18881 Von Karman Ave | Suite 720 | | Irvine | CA | 92612 | |
| Weatherly, Brian | | Address on File | | | | | | |
| Weaver and Tidwell, LLP | | 2821 West 7th Street | Suite 700 | | Fort Worth | TX | 76107 | |
| Webb, Justin | | Address on File | | | | | | |
| WebsiteBackup Company | | 2375 E. Camelback Rd | Suite 600 | | Phoenix | AZ | 85016 | |
| WEBSTER, GREGORY W | | Address on File | | | | | | |
| WEIJUN ZANG | | Address on File | | | | | | |
| Weinstein, Clower & Associates | | PO Box 795001 | | | Dallas | TX | 75379 | |
| Welch Consulting Ltd | | 1716 Briarcrest Drive #700 | | | Bryan | TX | 77802-2760 | |
| Wells Fargo Advisors FBO Bezilla | Attn Alan Kinney | 200 Stephenson Ave, Suite 301 | | | Savannah | GA | 31405 | |
| Wells Fargo Advisors, LLC | Attn Andrew Black | 280 Park Avenue, FL 29W | | | New York | NY | 10017 | |
| Wells Fargo Advisors, LLC | Attn April Johnson | 10900 Wilshire Blvd, 11th Floor | | | Los Angeles | CA | 90024 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 162 of
175
**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Wells Fargo Advisors, LLC | Attn Dan Racicot WF - Finet | 4275 Executive Square, Ste 910 | | | La Jolla | CA | 92037 | |
| Wells Fargo Advisors, LLC | Attn Denise Bare | 9665 Wilshire Blvd, Ste 100 | | | Beverly Hills | CA | 90212 | |
| Wells Fargo Advisors, LLC | Attn Greg Shumaker | 700 Ackerman Rd., Ste 400 | | | Columbus | OH | 43202 | |
| Wells Fargo Advisors, LLC | Attn Kathy Buckley | 6060 South American Plaza St East | | | Tulsa | OK | 74135 | |
| Wells Fargo Advisors, LLC | Attn Kevin Dailey | 100 East Wisconsin Ave, 12th Floor | | | Milwaukee | WI | 53202 | |
| Wells Fargo Advisors, LLC | Attn Mike McChesney | 2500 Legacy Dr., Ste 200 | | | Frisco | TX | 75034 | |
| Wells Fargo Advisors, LLC | Attn Nicole Stenquist | 450 Post Road East | | | Westport | CT | 06880 | |
| Wells Fargo Advisors, LLC | Attn Operations Manager | 20 William Street, Ste 300 | | | Wellesley | MA | 02481 | |
| Wells Fargo Advisors, LLC | Attn Operations Manager | 331 Newman Springs Rd, Ste 230 | | | Red Bank | NJ | 07701 | |
| Wells Fargo Advisors, LLC | Attn Operations Manager | 222 East Main St, Ste 106 | | | Smithtown | NY | 11787 | |
| Wells Fargo Advisors, LLC | Attn Operations Manager | 13621 University Ave | | | Clive | IA | 50325 | |
| Wells Fargo Advisors, LLC | Attn Operations Manager | 909 Fannin St, Suite 1200 | | | Houston | TX | 77010 | |
| Wells Fargo Advisors, LLC | Attn Operations Manager | 1200 17th St, Ste 2000 | | | Denver | CO | 80202 | |
| Wells Fargo Advisors, LLC | Attn Operations Mgr Garner Mabry | 6400 South Fiddlers Green Cir, Ste 1840 | | | Greenwood Village | CO | 80111 | |
| Wells Fargo Advisors, LLC | Attn Paula Curry, Control Specialist | 2 International Place, 20th Fl | | | Boston | MA | 02110 | |
| Wells Fargo Advisors, LLC | Attn Rita Borchers | 7400 West 130th St, Ste 200 | | | Overland Park | KS | 66213 | |
| Wells Fargo Advisors, LLC | Attn Tracy Lusk | 8115 Preston Rd, Suite 300 | | | Dallas | TX | 75225 | |
| Wells Fargo Advisors, LLC | Attn Web Wang | 5820 Canoga Ave, #100 | | | Woodland Hills | CA | 91367 | |
| Wells Fargo Advisors, LLC | c/o David Elfenbein | 1211 Avenue of the Americas, 27th Flr | | | New York | NY | 10036 | |
| Wells Fargo Advisors, LLC | c/o Hefter Leshem Margolis | 500 Lake Cook Rd, Ste 100 | | | Deerfield | IL | 60015 | |
| Wells Fargo Advisors, LLC | c/o Shannon Walker | 695 E. Arlington Blvd., Ste 201 | | | Greenville | NC | 27858 | |
| Wells Fargo Advisors, LLC | | 180 Glastonbury Blvd | Suite 301 | | Glastonbury | CT | 06033 | |
| Wells Fargo Advisors, LLC | | 1 North Jefferson Ave. | | | Saint Louis | MO | 63103 | |
| Wells Fargo Advisors, LLC | | 3501 W Rosemont Ave | | | Chicago | IL | 60659-2207 | |
| Westwood, Wells Fargo Advisors, | | 10900 Wilshire Blvd | 11th Floor | | Los Angeles | CA | 90024 | |
| WELLS FARGO BANK | | WF 8113 | PO BOX 1450 | | Minneapolis | MN | 55485-8113 | |
| Wemple, Stefanie | | Address on File | | | | | | |
| WEN, JING | | Address on File | | | | | | |
| WENDELL, MORTON | | Address on File | | | | | | |
| Wendy Harper | | Address on File | | | | | | |
| WENTWORTH, KEVIN J. | | Address on File | | | | | | |
| Wesley Golie | | Address on File | | | | | | |
| West Court Reporting Services | | West Payment Center | P.O. Box 6292 | | Carol Stream | IL | 60197-6292 | |
| West Payment Center | | PO Box 6292 | | | Carol Stream | IL | 60197-6292 | |
| West Publishing Corporation | | P.O. Box 12421 | | | Newark | NJ | 07101 | |
| West Virginia State Auditor Office | Securities Division | 1900 Kanawha Blvd. E | State Capital Building 1, Room W-100 | | Charleston | WV | 25305-0230 | |
| Westchester CLO, Ltd. | The Directors | PO Box 1093 GT, Queensgate House | South Church Street | George Town | Grand Cayman | | KY1-1108 | Cayman Islands |

Highland Capital Management, L.P.
Case No. 19-34054

Page 150 of 155

**Appx. 00517**

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 163 of 175

**Exhibit C**
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Westchester CLO, Ltd. | | P.O. Box 1093GT | Queensgate House, South Church Street | The Directors | George Town | | | Cayman Islands |
| Westchester CLO, Ltd. | | | COO Services Group | | | | | |
| Investors Bank & Trust Company | Investors Bank & Trust Company | 200 Claredon Street | Ref Westchester CLO, Ltd. | | Boston | MA | 02116 | |
| Western International Securities, Inc. | | 70 S. Lake Ave | Ste 700 | | Pasadena | CA | 91101 | |
| Westley McGeoghegan | | 49 Chetwynd Road | | | Somerville | MA | 02144 | |
| WESTMINSTER CITY COUNCIL | | PO BOX 397 | | | London | | WA55 1GG | United Kingdom |
| WestPark Capital, Inc. | | 1900 Avenue of the Stars | Suite 310 | | Los Angeles | CA | 90067 | |
| Westwood Professional Services, Inc. | | 7699 Anagram Drive | | | Eden Prairie | MN | 55334 | |
| WHARF, PAUL | | Address on File | | | | | | |
| WHARF, PAUL C. | | Address on File | | | | | | |
| Whatley, David | | Address on File | | | | | | |
| WHERRY, SHANNON M. | | Address on File | | | | | | |
| Whetstone, Laurie | | Address on File | | | | | | |
| Whitaker, Chalk, Swindler, & Sawyer | | 301 Commerce St. Suite 3500 | | | Ft. Worth | TX | 76102 | |
| White & Case LLP | | 1155 Avenue of the Americas | | | New York | NY | 10036-2787 | |
| White & Williams LLP | | 1800 One Liberty Place | | | Philadelphia | PA | 19103-7395 | |
| White, Jeremy | | Address on File | | | | | | |
| White, Kelly | | Address on File | | | | | | |
| WhiteGlove House Call Health, Inc. | | 5300 Bee Cave Rd, Bldg One | Ste 100 | | Austin | TX | 78746 | |
| WhiteGlove House Call Health, Inc. | | PO Box 845720 | | | Dallas | TX | 75284-5720 | |
| Whitehall-Parker Securities, Inc. | | 477 Pacific Ave, 2nd Floor | | | San Francisco | CA | 94133 | |
| Whitney Smith Co | | 301 Commerce St | Suite 1950 | | Fort Worth | TX | 76102 | |
| WhitneySmith Company | | 301 Commerce Street, Suite 1950 | | | Fort Worth | TX | 76102 | |
| WICK PHILIPS LLP | | 500 North Akward Street | Suite 2100 | | Dallas | TX | 75201 | |
| Wick Phillips Gould & Martin, LLP | Jason M. Rudd, Lauren K. Drawhorn | 3131 McKinney Avenue, Suite 500 | | | Dallas | TX | 75204 | |
| Wicks Business Information | | 1375 Kings Highway East Ste 450 | | | Fairfield | CT | 06824 | |
| Wild Rose Floral Design Studio | | PO Box 541 | | | Rockwall | TX | 75087 | |
| Wild Rose Floral Design Studio | | 720 E Lamar St | | | Royse City | TX | 75189 | |
| Wilentz, Goldman & Spitzer | | 90 Woodbridge Center Dr. | | | Woodbridge | NJ | 07095 | |
| Wiley, Grant | | Address on File | | | | | | |
| Wilkinson Center | Attn Andrea Jones | PO Box 720248 | | | Dallas | TX | 75372 | |
| Wilkinson Center | Attn Cathy Rosson | PO Box 720248 | | | Dallas | TX | 75372 | |
| Wilks, Lukoff & Bracegirdle, LLC | | 4250 Lancaster Pike, Suite 200 | | | Wilmington | DE | 19805 | |
| Will Pryor Mediation & Arbitration | Thad J. Bracegirdle | 5420 LBJ Frwy Ste 626 | | | Dallas | TX | 75240 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 164 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| WILLIAM CORNELIUS | | Address on File | | | | | | |
| William Gosserand | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| William Ikard | | Address on File | | | | | | |
| William Keeney | | Address on File | | | | | | |
| William M. Cobb & Associates, Inc. | | 12770 Coit Rd, Ste 907 | | | Dallas | TX | 75251 | |
| William Mabry | Michael P. Hutchens, Esq. | Whitaker Chalk Swindle & Schwartz PLLC | 301 Commerce Street, Suite 3500 | | Fort Worth | TX | 76102-4135 | |
| William Oliveira | | Address on File | | | | | | |
| William R. Welch | | Address on File | | | | | | |
| William Todd Westerburg | | Address on File | | | | | | |
| Williams, Andrew | | Address on File | | | | | | |
| WILLIAMS, MEREDITH | | Address on File | | | | | | |
| Willis of New York, Inc. | | PO Box 4557 | | | New York | NY | 10249-4557 | |
| Willis of Texas, Inc. | | Dallas/Ft. Worth Division | PO Box 730310 | | Dallas | TX | 75373-0310 | |
| Willis of Texas, Inc. | | PO Box 731739 | | | Dallas | TX | 75373-1739 | |
| Wilkie Farr & Gallagher LLP | | 787 Seventh AvE | | | New York | NY | 10019-6099 | |
| WILLMORE, DAVID | | Address on File | | | | | | |
| Willoughby McCabe Agents Co | | 3409 Rosedale Avenue | | | Dallas | TX | 75205 | |
| WILLOUGHBY-MCCABE, PATRICK | | Address on File | | | | | | |
| Wilmer Cutler Pickering Hale and Dorr LLP | Timothy F. Silva | 60 State Street | | | Boston | MA | 02109 | |
| Wilmer Cutler Pickering Hale Dorr LLP | | 1875 Pennsylvania Avenue NW | | | Washington | DC | 20006 | |
| Wilmer Cutler Pickering Hale Dorr LLP | | PO Box 7247-8760 | | | Philadelphia | PA | 19170-8760 | |
| Wilmington Trust Company | | Rodney Square North | 1100 North Market St | | Wilmington | DE | 19890-0001 | |
| Wilshire Associates Incorporated | Attn Accounts Receivable | 1299 Ocean Avenue, Suite 700 | | | Santa Monica | CA | 90401-1085 | |
| WILSON SMITH | | Address on File | | | | | | |
| WILSON, ANDREW | | Address on File | | | | | | |
| WILSON, ANTHONY | | Address on File | | | | | | |
| Wilson, Owen | | Address on File | | | | | | |
| WILSON, SCOTT | | Address on File | | | | | | |
| Wilson, Sonsini, Goodrich, & Rosati | | PO Box 742866 | | | Los Angeles | CA | 90074-2866 | |
| Wilson, Sonsini, Goodrich, & Rosati | | File 73672 | PO Box 60000 | | San Francisco | CA | 94160-3672 | |
| WILSON, STEVE L. | | Address on File | | | | | | |
| Wilton, William | | Address on File | | | | | | |
| WINGS Ventures LLC | | 172304 Preston Rd | Ste 800 | | Dallas | TX | 75252 | |
| Winn Media | | Address on File | | | | | | |
| WINSTEAD P.C. | | 5400 RENAISSANCE TOWER | 1201 ELM ST | | Dallas | TX | 75270 | |
| WINSTEAD P.C. | | 2728 N Harwood Street | Suite 500 | | Dallas | TX | 75201-1743 | |
| Winston & Strawn LLP | | 2121 North Pearl Street | Suite 900 | | Dallas | TX | 75201 | |
| Wired | | PO Box 37704 | | | Boone | IA | 50037-0704 | |

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 165 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Wisconsin Office of Comm of Securities | Division of Securities | 201 West Washington Avenue, Suite 300 | | | Madison | WI | 53703 | |
| WISE, CHRIS | | Address on File | | | | | | |
| Wiseman & Hoffman | | 460 Park Ave South, 4th Flr | | | New York | NY | 10016 | |
| WISER, JASON | | Address on File | | | | | | |
| Withers Bergman LLP | | 157 Church Street, 12th Floor | PO Box 426 | | New Haven | CT | 06502 | |
| Withers Bergman LLP | | PO Box 1685 | | | New Haven | CT | 06507 | |
| WM Fund Associates Co., Ltd. | | Kakimi Kojimachi Annex Bldg 6F | 3-2 Kojimachi, Chiyoda-ku | | Tokyo | | 102-0083 | JAPAN |
| Wolters Kluwer | | 1999 Bryan Street | Ste 900 | | Dallas | TX | 75201-0000 | |
| Wolters Kluwer Legal & Regulatory US | | PO Box 71882 | | | Chicago | IL | 60694-1882 | |
| Wombat Security Technologies | | 3030 Penn Avenue | Suite 200 | | Pittsburgh | PA | 15201 | |
| Womens Auxiliary Childrens-Six Flags | Attn Jenny Garberding | 7315 Centenary Ave | | | Dallas | TX | 75225 | |
| Womens Auxiliary Childrens-Six Flags | | 7506 Greenbrier | | | Dallas | TX | 75225 | |
| Wonderlic | Attn Robin Wilson, Treasurer | 1795 N. Butterfield Rd | | | Libertyville | IL | 60048-1212 | |
| WOOD, HANNAH | | Address on File | | | | | | |
| Woodal Rodgers Park Foundation | Attn Erika White | 1909 Woodall Rodgers Fwy | Suite 403 | | Dallas | TX | 75201 | |
| Woodbury Financial Services, Inc. | ATTN Reimb Processing | PO Box 64284 | | | Saint Paul | MN | 55164 | |
| Woodruff-Sawyer & Co. | | PO Box 45057 | | | San Francisco | CA | 94145-9950 | |
| WOOTTON, JENNIFER | | Address on File | | | | | | |
| World Affairs Council | | 325 N. St. Paul St. | Suite 4200 | | Dallas | TX | 75201 | |
| World Data Products | | M & I 196 PO Box 1414 | | | Minneapolis | MN | 55480-1414 | |
| Worldwide Financial Solutions | | 16140 Northcross Drive | | | Huntersville | NC | 28078 | |
| Worldwide Insurance Services | ATTN INDIVIDUAL UNDERWRITING DEPT | 100 MATSONFORD RD | STE 100 | | Radnor | PA | 19087 | |
| WP Engine | | 504 Lavaca Street | Suite 1000 | | Austin | TX | 78701-0000 | |
| WQ International Ltd. | | Victoria Place, 31 Victoria Street | | | Hamilton | | 0HM10 | BERMUDA |
| Wright Wealth Management | | 3181 Clearwater Dr. | Ste A | | Prescott | AZ | 86305 | |
| Wrights Media | | 2407 Timberloch Place | Suite B | | The Woodlands | TX | 77380-1039 | |
| Wurz, Brandon | | Address on File | | | | | | |
| Wyoming Secretary of State | | Securities Division, State Capitol Bldg | 2020 Carey Avenue, Suite 700 | | Cheyenne | WY | 82001 | |
| Xact Data Discovery -DATX | | 5800 Foxridge Dr | Suite 406 | | Mission | KS | 66202 | |
| Xerox | | 45 Glover Ave | | | Norwalk | CT | 06856-0000 | |
| Xerox Corporation | | 2553 Collections Center Dr. | | | Chicago | IL | 60693 | |
| Xerox Corporation | | PO Box 650361 | | | Dallas | TX | 75265 | |
| Xerox Corporation | | PO Box 827598 | | | Philadelphia | PA | 19182-7598 | |
| Xerox Corporation | | PO Box 802555 | | | Chicago | IL | 60680-2555 | |
| Xerox Corporation | | PO Box 7405 | | | Pasadena | CA | 91109-7405 | |
| Xignite, Inc | | 1825 South Grant St | Suite 100 | | San Mateo | CA | 94404 | |
| Xignite, Inc | | Dept 3344 | PO Box 123344 | | Dallas | TX | 75312-2344 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 153 of 155

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 166 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| XIOTECH CORPORATION | | DEPT CH 17326 | | | Palentine | IL | 60055-7326 | |
| XO Communications | | PO Box 530471 | | | Atlanta | GA | 30353-0471 | |
| XPISTI LLC | | 2807 Allen Street # 382 | | | Dallas | TX | 75204 | |
| Xtract Research | | 330 Hudson Street | 4th Floor | | New York | NY | 10013 | |
| YAGNISIS, AIRLIA | | Address on File | | | | | | |
| YANG, JOHN | | Address on File | | | | | | |
| YAROSLAV JERRY LVOVICH | | Address on File | | | | | | |
| Yehia, Josef | | Address on File | | | | | | |
| Yellbelly, Inc. | | 2364 Northwest Pkwy | | | Southlake | TX | 76092 | |
| YINGHUI HE | | Address on File | | | | | | |
| YMCA of Metropolitan Dallas | | 5101 Tennyson Pkwy. | | | Plano | TX | 75024 | |
| YOON, CHRISTOPHER K. | | Address on File | | | | | | |
| York & Chapel, Corp. | | 2 Trap Falls Road | Suite 410 | | Shelton | CT | 06484 | |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | Bruce L. Silverstein | Elena C. Norman | 1000 North King Street | | Wilmington | DE | 19801 | |
| Young Life | C/O Lee Anne Bingham | 3304 Beckham Ct | | | Plano | TX | 75075 | |
| YOUNG LIFE ALBUQUERQUE | | PO BOX 91894 | | | Albuquerque | NM | 87199-1894 | |
| YOUNG LIFE, NORTH CENTRAL TEXAS | | 11300 N CENTRAL EXPWY | STE 600 | | Dallas | TX | 75243 | |
| Young Womens Preparatory Network | | 1722 Routh Street | Suite 720 | | Dallas | TX | 75201 | |
| Young, Priya | | Address on File | | | | | | |
| YTAC-Dallas | | 2807 Allen St., Box 347 | | | Dallas | TX | 75204 | |
| Zacks Investment Research, Inc. | | 111 North Canal Street | Suite 1101 | | Chicago | IL | 60606 | |
| ZANG, WEIJUN | | Address on File | | | | | | |
| ZANG, WEIJUN | | Address on File | | | | | | |
| ZARIN, GREGORY | | Address on File | | | | | | |
| Zayo Group | | 1821 30th Street | Unit A | | Boulder | CO | 80301-0000 | |
| Zayo Group, LLC | | PO Box 952136 | | | Dallas | TX | 75395-2136 | |
| Zendesk | | 1019 Market St. | | | San Francisco | CA | 94103-0000 | |
| Zenprise Inc | | 6120 Stevenson Blvd | 2nd Floor | | Fremont | CA | 94538 | |
| ZEPHYR ASSOCIATES | | 4 Westchester Park Dr | PO Box 2121 | | White Plains | NY | 10604 | |
| ZEPHYR ASSOCIATES | | Dept 2215 | | | Memphis | TN | 38159 | |
| ZEPHYR ASSOCIATES | | PO Box 12368 | 312 Doria Court | Suite 204 | Zephyr Cove | NV | 89448 | |
| ZEPHYR ASSOCIATES | | PO Box 416014 | | | Boston | MA | 02241-6014 | |
| ZEPHYR ASSOCIATES | | P.O. Box 2153 | Dept. 1899 | | Birmingham | AL | 35287-1899 | |
| ZIEGENHAGEN, RANDALL | | Address on File | | | | | | |
| ZIEGLER, JASON | | Address on File | | | | | | |
| ZIMMERMANN, JOHN | | File No #31469 | PO Box 60000 | | San Francisco | CA | 94160 | |
| ZOHO Corporation | | PO Box 742760 | | | Los Angeles | CA | 90074-2760 | |
| ZOHO Corporation | | 4900 Hopyard Road | Suite 310 | | Pleasanton | CA | 94588-7100 | |
| Zosel, August | | Address on File | | | | | | |
| Zscaler | | 110 Rose Orchard Way | | | San Jose | CA | 95134-0000 | |
| Zuckerman Spaeder LLP | | 1800 M Street NW | | | Washington | DC | 20036-5802 | |
| Zuluaga, Juan Camilo | | Address on File | | | | | | |
| Zurich North America | | ATTN HOWARD BULGATZ | 8745 PAYSPHERE CIRCLE | | Chicago | IL | 60674 | |

Highland Capital Management, L.P.
Case No. 19-34054

Page 154 of 155

Appx. 00521

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21 Entered 08/19/21 16:03:15 Page 167 of 175

Exhibit C
Creditor Matrix
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Zurich North America | | 8712 Innovation Way | | | Chicago | IL | 60682-0087 | |
| Zyrka | | 1408 N. Riverfront Blvd. #106 | | | Dallas | TX | 75207 | |

Highland Capital Management, L.P.
Case No. 19-34054

**Appx. 00522**

# EXHIBIT D

**Exhibit D**
Multiple Party Address Packages
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Advisors Equity Group, LLC | | 300 Crescent Court, Ste. 700 | | Dallas | TX | 75201 |
| Canis Major Trust | | 300 Crescent Ct | Ste 700 | Dallas | TX | 75201 |
| DONDERO, JAMES | | 300 Crescent Ct. Suite 700 | | DALLAS | TX | 75201 |
| Eagle Equity Advisors, LLC | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| ELLINGTON, SCOTT | | 300 Crescent Ct. Suite 700 | | DALLAS | TX | 75201 |
| Fanshaw Bay, LLC | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Four Rivers Co-Invest, LP | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Gunwale, LLC | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| HCRE Partner, LLC | | 300 Crescent Court Ste 700 | | Dallas | TX | 75201 |
| HFP GP, LLC | Attn Highland Capital Management, L.P. as sole member | | | | | |
| Highland HCF Advisor, Ltd. | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland Acquisition Corporation | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland Capital Funds Distributor, Inc. | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland Capital Insurance Solutions, L.P. | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland Capital Management (Singapore) | | 300 Crescent Ct. | Suite 700 | Dallas | TX | 75201 |
| Highland Capital Management Fund Advisors, L.P. | Attn General Counsel | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland Capital Management Fund Advisors, L.P. | | 300 Crescent Court Suite 700 | | Dallas | TX | 75201 |
| Highland Capital Management Services, Inc. | | 300 Crescent Court, Suite 700 | | Dallas | TX | 75201 |
| HIGHLAND CAPITAL MANAGEMENT, LP | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland Capital Mgmt Fund Advisors | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland CLO Funding, Ltd. | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland CLO Management, LLC | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland Energy MLP Fund | | 300 Crescent Court, Ste 700 | | Dallas | TX | 75201 |
| Highland First Foundation Income Fund | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |

Highland Capital Management, L.P.
Case No. 19-34054

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 170 of
175

**Exhibit D**

Multiple Party Address Packages
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Highland Fixed Income Fund | Highland Energy MLP Fund | 300 Crescent Court, Ste 700 | | Dallas | TX | 75201 |
| Highland Floating Rate Fund | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland Funds I | | 300 Crescent Court, Ste. 700 | | Dallas | TX | 75201 |
| Highland Funds II | | 300 Crescent Court, Ste. 700 | | Dallas | TX | 75201 |
| Highland Global Allocation Fund | | 300 Crescent Court, Ste. 700 | | Dallas | TX | 75201 |
| Highland Healthcare Opportunities Fund | | 300 Crescent Court, Ste. 700 | | Dallas | TX | 75201 |
| Highland Income Fund HFRO | | 300 Crescent Court, Ste. 700 | | Dallas | TX | 75201 |
| Highland Latin America Consulting, LTD | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland Long/Short Equity Fund | | 300 Crescent Court, Ste. 700 | | Dallas | TX | 75201 |
| Highland Merger Arbitrage Fund | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland Opportunistic Credit Fund | | 300 Crescent Court, Ste. 700 | | Dallas | TX | 75201 |
| Highland Prometheus | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland RCP Offshore, LP | | 300 Crescent Ct. | Suite 700 | Dallas | TX | 75201 |
| Highland RCP, LP | | 300 Crescent Ct. | Suite 700 | Dallas | TX | 75201 |
| Highland Small-Cap Equity Fund | Highland Energy MLP Fund | 300 Crescent Court, Ste 700 | | Dallas | TX | 75201 |
| Highland Socially Responsible Equity Fund | Highland Energy MLP Fund | 300 Crescent Court, Ste 700 | | Dallas | TX | 75201 |
| Highland Tax-Exempt Fund | Highland Energy MLP Fund | 300 Crescent Court Suite 700 | | Dallas | TX | 75201 |
| Highland Tax-Exempt Fund | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Highland Total Return Fund | Highland Energy MLP Fund | 300 Crescent Court Ste 700 | | Dallas | TX | 75201 |
| Highland/iBoxx Senior Loan ETF | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Honis, Trevor | | 300 Crescent Ct. | Ste. 700 | Dallas | TX | 75201 |
| James D. Dondero | | 300 Crescent Court Ste 700 | | Dallas | TX | 75201 |
| James D. Dondero | | 300 Crescent Court Ste 700 | | Dallas | TX | 75201 |
| James Dondero, as the successor-in-interest to the Canis Major Trust | | 300 Crescent Court Ste 700 | | Dallas | TX | 75201 |
| LEE BLACKWELL PARKER, III | | 300 Crescent Court, Suite 700 | | Dallas | TX | 75201 |
| Mark K. Okada | Attn Melissa Schroth | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Mark K. Okada | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| NexBank Advisors, L.P. | | 300 Crescent Ct, Suite 700 | | Dallas | TX | 75201 |

Highland Capital Management, L.P.
Case No. 19-34054

Page 2 of 4

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 171 of
175

**Exhibit D**

Multiple Party Address Packages
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| NexBank Capital, Inc | | 300 Crescent Ct, Suite 700 | | Dallas | TX | 75201 |
| NexBank Securities, Inc | | 300 Crescent Ct, Suite 700 | | Dallas | TX | 75201 |
| NexBank SSB | | 300 Crescent Ct, Suite 700 | | Dallas | TX | 75201 |
| NexBank Title, Inc. | | 300 Crescent Ct, Suite 700 | | Dallas | TX | 75201 |
| NexPoint Advisors, L.P. | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| NexPoint Cap Escrow | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| NexPoint Capital, Inc. | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| NexPoint Discount Strategies Fund | Highland Energy MLP Fund | 300 Crescent Court, Ste 700 | | Dallas | TX | 75201 |
| NexPoint Energy and Material Opportunities Fund | Highland Energy MLP Fund | 300 Crescent Court, Ste 700 | | Dallas | TX | 75201 |
| NexPoint Event-Driven Fund | Highland Energy MLP Fund | 300 Crescent Court Ste 700 | | Dallas | TX | 75201 |
| NexPoint Healthcare Opportunities Fund | Highland Energy MLP Fund | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| NexPoint Healthcare Opportunities Fund | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| NexPoint Latin America Opportunities Fund | Highland Energy MLP Fund | 300 Crescent Court, Ste 700 | | Dallas | TX | 75201 |
| NexPoint Real Estate Strategies Fund | Highland Energy MLP Fund | 300 Crescent Court Ste 700 | | Dallas | TX | 75201 |
| NexPoint Strategic Opportunities Fund | Highland Energy MLP Fund | 300 Crescent Court, Ste 700 | | Dallas | TX | 75201 |
| OKADA, MARK | | 300 Crescent Ct. Suite 700 | | DALLAS | TX | 75201 |
| PARKER, LEE | | 300 Crescent Ct. Suite 700 | | DALLAS | TX | 75201 |
| Penant Management GP, LLC | c/o Highland Capital Management, L.P. | 300 Crescent Court Ste 700 | | Dallas | TX | 75201 |
| PetroCap Operating, LLC | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| PetroCap Partners II, LP | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| PRILICK, GUSTAVO | | 300 Crescent Court | STE 700 | Dallas | TX | 75201 |
| Ragen, Spencer | | 300 Crescent Ct. | Ste. 700 | Dallas | TX | 75201 |
| SE Multifamily Holdings, LLC | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| Strand Advisors Inc. | | 300 Crescent Court | | Dallas | TX | 75201 |
| Strand Advisors, Inc. | Attn Isaac Leventon | 300 Crescent Court, Suite 700 | | Dallas | TX | 75201 |
| Strand Advisors, Inc. | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| The Dugaboy Investment Trust | | 300 Crescent Court Suite 700 | | Dallas | TX | 75201 |

**Exhibit D**

Multiple Party Address Packages
Served via First Class Mail

| CreditorName | CreditorNoticeName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| The Dugaboy Investment Trust, as successor-in-interest to the Canis Major Trust | | 300 Crescent Court Ste 700 | | Dallas | TX | 75201 |
| The Get Good Non-Exempt Trust No. 1 | | 300 Crescent Ct | Ste 700 | Dallas | TX | 75201 |
| The Get Good Non-Exempt Trust No. 1, Individually and as Successor-In-Interest of the Canis Minor Trust | | 300 Crescent Court, Ste. 700 | | Dallas | TX | 75201 |
| The Get Good Non-Exempt Trust No. 2 | | 300 Crescent Ct | Ste 700 | Dallas | TX | 75201 |
| The Get Good Non-Exempt Trust No. 2, Individually and as Successor-In-Interest of the Canis Minor Trust | | 300 Crescent Court, Ste. 700 | | Dallas | TX | 75201 |
| The Get Good Trust | | 300 Crescent Ct | Ste 700 | Dallas | TX | 75201 |
| The Mark and Pamela Okada Family Exempt Trust #1 | Attn Melissa Schroth | 300 Crescent Court Suite 700 | | Dallas | TX | 75201 |
| The Mark and Pamela Okada Family Exempt Trust #2 | Attn Melissa Schroth | 300 Crescent Court Suite 700 | | Dallas | TX | 75201 |
| The Mark and Pamela Okada Family Trust | Exempt Trust #1 | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| The Mark and Pamela Okada Family Trust | Exempt Trust #2 | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| The Mark and Pamela Okada Family Trust - Exempt Descendants Trust #1 | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |
| The Mark and Pamela Okada Family Trust - Exempt Descendants Trust #2 | | 300 Crescent Court | Suite 700 | Dallas | TX | 75201 |

Highland Capital Management, L.P.
Case No. 19-34054

**Appx. 00527**

# EXHIBIT E

**Exhibit E**
Multiple Party Address Packages
Served via First Class Mail

| CreditorName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|
| AMY JENKINS | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| Amy Mitts | 13455 Noel Rd | Suite 800 | Dallas | TX | 75240 |
| BENTLEY CALLAN | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| BILL CORNELIUS | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| BOYD GOSSERAND | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| CLINT GILCHRIST | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| COURTNEY ORENT | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| Cummings Bay Capital Management, LP | 13455 Noel Rd, Ste 800 | | Dallas | TX | 75240 |
| DAVID CRULL | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| DAVID SMITH | 13455 Noel Rd | Ste 800 | Dallas | TX | 75240 |
| EMERALD ORCHARD | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| GUSTAVO PRILICK | 13455 Noel Rd, Ste 800 | | Dallas | TX | 75240 |
| HCM ACQUISITION COMPANY | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| HIGHLAND ALL CAP EQUITY VALUE FUND | 13455 NOEL RD | | Dallas | TX | 75240 |
| HIGHLAND CAPITAL REAL ESTATE ADVISORS | 13455 NOEL RD | | Dallas | TX | 75240 |
| HIGHLAND CDO HOLDING COMPANY | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| HIGHLAND CDO OPPORTUNITY FUND | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| HIGHLAND CREDIT OPPORTUNITIES FUND | 13455 NOEL RD | | Dallas | TX | 75240 |
| HIGHLAND CREDIT STRATEGIES FUND RIC | 13455 NOEL RD STE 800 | | Dallas | TX | 75240 |
| HIGHLAND CRUSADER FUND | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| Highland Employee Retention Assets LLC | 13455 Noel Rd | Ste 800 | Dallas | TX | 75240 |
| HIGHLAND FINANCIAL CORP | 13455 NOEL RD | | Dallas | TX | 75240 |
| HIGHLAND FINANCIAL REAL ESTATE CORP | 13455 NOEL RD | | Dallas | TX | 75240 |
| HIGHLAND FINANCIAL TRUST | 13455 NOEL RD | | Dallas | TX | 75240 |
| Highland Funds Asset Management | 13455 Noel Rd | Ste 800 | Dallas | TX | 75240 |
| HIGHLAND LOAN FUNDING V | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |

Page 1 of 2

Case 19-34054-sgj11 Doc 2747 Filed 08/19/21    Entered 08/19/21 16:03:15    Page 175 of
175

**Exhibit E**

Multiple Party Address Packages
Served via First Class Mail

| CreditorName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|
| HIGHLAND SELECT EQUITY FUND | 13455 NOEL RD | | Dallas | TX | 75240 |
| Highland Special Situations Fund | 13455 Noel Rd | | Dallas | TX | 75204 |
| JASON GREEN | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| JENNIFER JURRIUS | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| KEN KAPADIA | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| LARRY LINDSEY | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| LAURA KNIPP | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| Lauren Okada | 13455 Noel Rd | suite 800 | Dallas | TX | 75240 |
| LESLIE HARRIS | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| LINDY HEATHERINGTON | 13455 NOELRD | STE 800 | Dallas | TX | 75240 |
| Lisa Miller | 13455 Noel Rd | | Dallas | TX | 75240 |
| Luke Okada | 13455 Noel St | Suite 800 | Dallas | TX | 75240 |
| Michael Hasenauer | 13455 Noel Rd | Suite 800 | Dallas | TX | 75240 |
| Michael McLochlin | 13455 Noel Rd. Ste 800 | | Dallas | TX | 75240 |
| MICKEY MINCES | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| MULTI-STRATEGY SUB FUND | 13455 NOEL RD | | Dallas | TX | 75240 |
| NATALIE HARALSON | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| NGUYEN, TIFFANY | 13455 NOEL RD #800 | | DALLAS | TX | 75240 |
| REAL ESTATE FUND 2002-A | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| SCOTT BASHRUM | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |
| Scott Groff | 13455 Noel Rd Suite 800 | | Dallas | TX | 75240 |
| SCOTT WILSON | 13455 NOEL RD | | Dallas | TX | 75240 |
| SHELBY NOBLE | 13455 NOEL RD | | Dallas | TX | 75240 |
| TAMRA APPLEGATE | 13455 NOEL RD | | Dallas | TX | 75240 |
| WILLIAM SMITH | 13455 NOEL RD | STE 800 | Dallas | TX | 75240 |

Highland Capital Management, L.P.
Case No. 19-34054

Page 2 of 2

# EXHIBIT 14

## IN THE UNITED STATES DISTRICT COUR
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **PCMG TRADING PARTNERS XXIII, L.P.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Cause No. 3:21-cv-01169-N** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

### PLAINTIFF'S MOTION TO STAY ALL PROCEEDINGS

### I.

### NECESSITY OF MOTION

Plaintiff submits this Motion as a result of the effective date, August 11, 2021, of Defendant Highland Capital Management L.P.'s Chapter 11 plan of reorganization (the "Plan"). The Plan purports to exculpate Defendants from liability and enjoin Plaintiffs from pursuing actions against them. It also contains an assertion of exclusive jurisdiction by the bankruptcy court.

An appeal of the Plan, which the Fifth Circuit certified for direct appeal under 28 U.S.C. § 158(d), is now before the Court of Appeals and captioned *In re Highland Capital Management, L.P.*, No. 21-10449 (the "Fifth Circuit Appeal"). Each of the issues noted above is raised in the appeal. If successful, the appeal will overturn the exculpation, injunction, and assertion of exclusive jurisdiction in the Plan, allowing Plaintiffs to proceed with this action in this Court.

In the meantime, however, Plaintiff is enjoined from participating further in this pending case and therefore asks that it be stayed pending the outcome of the Fifth Circuit Appeal.

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 537 of 575

Case 22-03062-sgj Doc 6 Filed 06/10/22    Entered 06/10/22 16:56:03    Page 2 of 5
Case 3:21-cv-01169-N    Document 6    Filed 08/26/21    Page 2 of 5    PageID 17

## II.

## BACKGROUND

On August 9, 2021, Plaintiff received notice that the Plan was now effective. *In re Highland Capital Management, L.P.*, No. 19-34054, Doc. 2700. Although one condition precedent to the effectiveness of the Plan is finality of the confirmation order, which can only happen once all appeals are resolved, that and all other conditions are waivable by the Debtor. *Id.*, Doc. 1943 at pdf 142-43 (Art. VIII at pp. 45-46). The Debtor's notice, which waived finality and any other unsatisfied conditions, makes the Plan's exculpation provisions and injunctions immediately effective.

As to exculpation, the Plan states,

> Subject in all respects to ARTICLE XII.D of this Plan, to the maximum extent permitted by applicable law, <u>no Exculpated Party will have or incur, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Petition Date</u> in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(iv); *provided, however,* the foregoing will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of this Plan, including ARTICLE IV.C.2, protecting such Exculpated Parties from liability.

*Id.* at pdf  144-45 (Art. IX.C at pp. 47-48 (emphasis added)). "Exculpated Parties" is a defined term in the Plan that includes the Defendants in this action. *Id.* at pdf 106 (Art. I at p. 9).

---

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 538 of 575

Case 22-03062-sgj Doc 6 Filed 06/10/22    Entered 06/10/22 16:56:03    Page 3 of 5
Case 3:21-cv-01169-N    Document 6    Filed 08/26/21    Page 3 of 5    PageID 18

As to the injunction, the Plan states,

Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, <u>all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor,</u> (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation SubTrust, and the Claimant Trust and their respective property and interests in property.

Subject in all respects to ARTICLE XII.D, no Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing without the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party; provided, however, the foregoing will not apply to a claim or cause of action against Strand or against any Employee other than with respect to actions taken, respectively, by Strand or by such Employee from the date of appointment of the Independent Directors through the Effective Date. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.

*Id.* at pdf 147-48 (Art. IX.F at pp. 50-51 (emphasis added)). "Enjoined Parties" is a defined term in the Plan that includes Plaintiffs. *Id.* at pdf 105 (Art. I; ¶ 56 at p.8).

Because these provisions are currently in force and prohibit Plaintiff from continuing this action, and because the Fifth Circuit Appeal includes direct challenges to the validity of these very provisions, Plaintiff respectfully submits that the most efficient course of action is for this Court to stay this action until the Fifth Circuit Appeal is resolved. Plaintiff expects that any resolution of the Fifth Circuit Appeal will necessarily determine that the Plan's exculpation and injunction provisions absolve Defendants of any liability or, alternatively, that this action can proceed.

### III.

### <u>ARGUMENT</u>

This Court should exercise its inherent powers to stay all proceedings in the case until the Fifth Circuit Appeal is decided.

The Fifth Circuit has long held that "[t]he district court possesses the inherent power to control its docket." *Marine Chance Shipping v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). The exercise of that power is a discretionary one. *E.g., Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.")

Here, Plaintiff asks this Court to exercise discretion in favor of efficiency and to stay all proceedings. Plaintiff respectfully submits that, until the appeal is resolved, many complex legal questions exist that may affect the viability of this action or the forum in which it should be litigated. Those questions—including the validity of the exculpation and injunction provisions quoted above— will likely be resolved by the Fifth Circuit Appeal. And therefore, Plaintiff submits, judicial economy may be gained by staying all proceedings in this action pending that appeal.

---

## IV.

## <u>CONCLUSION</u>

Plaintiff appears to be wholly prohibited from participating further in this action by the now-effective terms of the Plan that purport to enjoin Plaintiff and exculpate Defendants. In light of their inability to conduct the litigation and the pending Fifth Circuit Appeal, which that court has certified for direct appeal, Plaintiff respectfully submits that the most appropriate course for this Court is to stay all proceedings until the appeal is decided. Plaintiff therefore respectfully requests a stay and all further relief to which it may be entitled.


Dated:  August 26, 2021                              Respectfully submitted,

                                                     **SBAITI & COMPANY PLLC**

                                                     */s/  Mazin A. Sbaiti*
                                                     **Mazin A. Sbaiti**
                                                     Texas Bar No. 24058096
                                                     **Jonathan Bridges**
                                                     Texas Bar No. 24028835
                                                     JPMorgan Chase Tower
                                                     2200 Ross Avenue – Suite 4900W
                                                     Dallas, TX  75201
                                                     T:  (214) 432-2899
                                                     F:  (214) 853-4367
                                                     E:  mas@sbaitilaw.com
                                                         jeb@sbaitilaw.com

                                                     **Counsel for Plaintiff**

# EXHIBIT 15

DOCKET TEXT: 7 ELECTRONIC ORDER granting 6 Motion to Stay ( 6 Motion to Stay filed by PCMG Trading Partners XXIII LP terminated.) (Ordered by Judge David C Godbey on 9/7/2021) (chmb) [ORIGINALLY FILED IN 21-CV-1169 AS #7 ON 09/07/2021 IN U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION] (Okafor, Marcey)

file:///C/..._22-3062)/00007%2006-10-22%20Dkt%20Txt%20Electronic%20Order%20Granting%206%20Mtn%20to%20Stay%20-%20Ct.txt[6/15/2022 1:09:51 PM]

Appx. 00538

# EXHIBIT 16

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 544 of 575

Case 22-03062-sgj Doc 8 Filed 06/10/22    Entered 06/10/22 17:02:56    Page 1 of 5
Case 3:21-cv-01169-N    Document 8    Filed 10/05/21    Page 1 of 5    PageID 21

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com
-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

-------------------------------------------------------------

| | | |
|---|---|---|
| PCGM TRADING PARTNERS XXIII, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Case No. 3:21-cv-01169-N |
| vs. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |

-------------------------------------------------------------

1

**Appx. 00540**

## HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION FOR
## RECONSIDERATION OF STAY ORDER

Highland Capital Management, L.P., a defendant in the above-captioned case ("Highland"), by and through its undersigned counsel, files this motion (the "Motion") seeking reconsideration of the Stay Order (as defined below) that was recently entered by the Court without notice to, or opposition by, Highland.  In support of its Motion, Highland states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Motion pursuant to section 1334(a) and (b) of title 11 of the United States Code (the "Bankruptcy Code").

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

3.      The predicates for the relief requested in the Motion are 28 U.S.C. § 157(a), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules), and Rule 59(a) of the Federal Rules of Civil Procedure.

### RELIEF REQUESTED

4.      Through this Motion, Highland requests that this Court issue the proposed form of order attached as **Exhibit A** (the "Proposed Order") pursuant to 28 U.S.C. § 157(a).

5.      For the reasons set forth more fully in *Highland Capital Management, L.P.'s Memorandum of Law in Support of Motion for Reconsideration of Stay Order* (the "Memorandum of Law") filed contemporaneously with this Motion, Highland requests that the Court: (a) re-open the Stay Order, amend the findings and conclusions, and issue a new order denying the Stay Motion, and (b) grant such other and further relief as the Court deems just and proper.

6.      In accordance with Rule 7.1 of the *Local Civil Rules of the United States District Court for the Northern District of Texas* (the "Local Rules"), contemporaneously herewith and in support of the Motion Highland is filing: (a) its Memorandum of Law, and (b) the *Appendix in*

DOCS_NY:44198.2 36027/003

**Appx. 00541**

Case 22-03062-sgj Doc 22 Filed 06/16/22   Entered 06/16/22 16:56:17   Page 546 of 575

Case 22-03062-sgj Doc 8 Filed 06/10/22   Entered 06/10/22 17:02:56   Page 3 of 5
Case 3:21-cv-01169-N   Document 8   Filed 10/05/21   Page 3 of 5   PageID 23

*Support of Motion for Reconsideration of Stay Order* (the "<u>Appendix</u>"), together with the exhibits annexed thereto.

       7.     Based on the exhibits annexed to the Appendix and the arguments contained in the Memorandum of Law, Highland is entitled to the relief requested herein as set forth in the Proposed Order.

       8.     Notice of this Motion has been provided to all parties.  Highland submits that no other or further notice need be provided.

       WHEREFORE, Highland respectfully requests that the Court (i) enter the Proposed Order substantially in the formed annexed hereto as **Exhibit A** granting the relief requested herein, and (ii) grant Highland such other and further relief as the Court may deem proper.

*[Remainder of Page Intentionally Blank]*

DOCS_NY:44198.2 36027/003

**Appx. 00542**

Case 22-03062-sgj Doc 22 Filed 06/16/22 Entered 06/16/22 16:56:17 Page 547 of 575

Case 22-03062-sgj Doc 8 Filed 06/10/22 Entered 06/10/22 17:02:56 Page 4 of 5
Case 3:21-cv-01169-N Document 8 Filed 10/05/21 Page 4 of 5 PageID 24

Dated: October 5, 2021.                          **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
rfeinstein@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

4

**Appx. 00543**

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 548 of 575

Case 22-03062-sgj Doc 8 Filed 06/10/22    Entered 06/10/22 17:02:56    Page 5 of 5
Case 3:21-cv-01169-N    Document 8    Filed 10/05/21    Page 5 of 5    PageID 25

## CERTIFICATE OF SERVICE

      I hereby certify that, on October 5, 2021, a true and correct copy of the foregoing Motion was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

DOCS_NY:44198.2 36027/003

**Appx. 00544**

Case 22-03062-sgj Doc 22 Filed 06/16/22   Entered 06/16/22 16:56:17   Page 549 of 575

Case 22-03062-sgj Doc 8-1 Filed 06/10/22   Entered 06/10/22 17:02:56   Page 1 of 3
Case 3:21-cv-01169-N   Document 8-1   Filed 10/05/21   Page 1 of 3   PageID 26

## EXHIBIT A

DOCS_NY:44198.2 36027/003

**Appx. 00545**

Case 22-03062-sgj Doc 22 Filed 06/16/22 Entered 06/16/22 16:56:17 Page 550 of 575

Case 22-03062-sgj Doc 8-1 Filed 06/10/22 Entered 06/10/22 17:02:56 Page 2 of 3
Case 3:21-cv-01169-N Document 8-1 Filed 10/05/21 Page 2 of 3 PageID 27

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

---

| | |
|---|---|
| PCGM TRADING PARTNERS XXIII, L.P., | § |
| | § |
| Plaintiff, | § |
| | § |
| | § |
| vs. | §    Case No. 3:21-cv-01169-N |
| | § |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Defendant. | § |
| | § |
| | § |
| | § |

---

**ORDER GRANTING MOTION FOR**
**RECONSIDERATION OF STAY ORDER**

Before the Court is *Highland Capital Management L.P.'s Motion for Reconsideration of Stay Order* [Docket No. __] (the "Motion")[1] Having considered: (a) the Motion; (b) *Highland Capital Management, L.P.'s Memorandum of Law in Support of Motion for Reconsideration of Order to Enforce the Order of Reference* [Docket No. __] (the "Memorandum of Law"); and (c) the *Appendix in Support of Motion for Reconsideration of Stay Order* [Docket No. __] (the "Appendix"), and the exhibits annexed thereto; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that (a) venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1409; (b) Highland was not served with the Stay Motion and had no opportunity to contest it; (c) the Court was presented with new facts and arguments in the Motion, the Memorandum of Law, and the Appendix of which it was unaware when it entered the Stay Order; (d) based on those new facts,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Memorandum of Law.

Appx. 00546

Case 22-03062-sgj Doc 22 Filed 06/16/22   Entered 06/16/22 16:56:17   Page 551 of 575

Case 22-03062-sgj Doc 8-1 Filed 06/10/22   Entered 06/10/22 17:02:56   Page 3 of 3
Case 3:21-cv-01169-N   Document 8-1   Filed 10/05/21   Page 3 of 3   PageID 28

the Court finds and determines that Plaintiff has not met its burden of proving that a stay of the Action is warranted; and this Court having found that Highland's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

     1.     The Motion is **GRANTED**.

     2.     Pursuant to Rule 59, the Court re-opens and vacates the Stay Order and enters this new Order **DENYING** the Stay Motion.

**It is so ordered** this _____ day of _____, 2021.

_____
The Honorable David C. Godbey
United States District Judge

3

**Appx. 00547**

# EXHIBIT 17

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 553 of 575

Case 22-03062-sgj Doc 11 Filed 06/10/22    Entered 06/10/22 17:19:56    Page 1 of 5
Case 3:21-cv-01169-N   Document 11   Filed 10/05/21   Page 1 of 5   PageID 1059

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com
-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PCGM TRADING PARTNERS XXIII, L.P., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 3:21-cv-01169-N |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Defendant. | § § § § | |

## HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION TO DISMISS

1

**Appx. 00549**

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 554 of 575

Case 22-03062-sgj Doc 11 Filed 06/10/22    Entered 06/10/22 17:19:56    Page 2 of 5
Case 3:21-cv-01169-N    Document 11    Filed 10/05/21    Page 2 of 5    PageID 1060

Highland Capital Management, L.P. ("Highland"), the putative defendant in the above-captioned case (the "Action"), by and through its undersigned counsel, files this motion (the "Motion") to dismiss the Action.  In support of its Motion, Highland states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Motion pursuant to section 1334(a) and (b) of title 11 of the United States Code (the "Bankruptcy Code").

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409.

3.      The predicates for the relief requested in the Motion are 28 U.S.C. § 157(a), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules), and Rules 12(b)(1), (3), (4), and (6) of the Federal Rules of Civil Procedure, made applicable in this Action pursuant to Bankruptcy Rule 7012.

## RELIEF REQUESTED

4.      Through this Motion, Highland requests that this Court issue the proposed form of order attached as **Exhibit A** (the "Proposed Order") pursuant to 28 U.S.C. § 157(a).

5.      For the reasons set forth more fully in *Highland Capital Management, L.P.'s Memorandum of Law in Support of Its Motion to Dismiss* (the "Memorandum of Law") filed contemporaneously with this Motion, Highland requests that the Court: (a) dismiss the Action with prejudice, and (b) grant such other and further relief as the Court deems just and proper.

6.      In accordance with Rule 7.1 of the *Local Civil Rules of the United States District Court for the Northern District of Texas* (the "Local Rules"), contemporaneously herewith and in support of the Motion Highland is filing: (a) its Memorandum of Law, and (b) the *Appendix in Support of Motion to Dismiss* (the "Appendix"), together with the exhibits annexed thereto.

7. Based on the exhibits annexed to the Appendix and the arguments contained in the Memorandum of Law, Highland is entitled to the relief requested herein as set forth in the Proposed Order.

8. Notice of this Motion has been provided to all parties. Highland submits that no other or further notice need be provided.

WHEREFORE, Highland respectfully requests that the Court (i) enter the Proposed Order substantially in the formed annexed hereto as **Exhibit A** granting the relief requested herein, and (ii) grant Highland such other and further relief as the Court may deem proper.

[*Remainder of Page Intentionally Blank*]

3

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 556 of 575

Case 22-03062-sgj Doc 11 Filed 06/10/22    Entered 06/10/22 17:19:56    Page 4 of 5
Case 3:21-cv-01169-N    Document 11    Filed 10/05/21    Page 4 of 5    PageID 1062

Dated: October 5, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
        rfeinstein@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

4

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 557 of 575

Case 22-03062-sgj Doc 11 Filed 06/10/22    Entered 06/10/22 17:19:56    Page 5 of 5
Case 3:21-cv-01169-N    Document 11    Filed 10/05/21    Page 5 of 5    PageID 1063

## CERTIFICATE OF SERVICE

      I hereby certify that, on October 5, 2021, a true and correct copy of the foregoing Motion was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

                                      */s/ Zachery Z. Annable*
                                       Zachery Z. Annable

5

**Appx. 00553**

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 558 of 575

Case 22-03062-sgj Doc 11-1 Filed 06/10/22    Entered 06/10/22 17:19:56    Page 1 of 3
Case 3:21-cv-01169-N    Document 11-1    Filed 10/05/21    Page 1 of 3    PageID 1064

**EXHIBIT A**

DOCS_NY:44225.1 36027/003

**Appx. 00554**

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 559 of 575

Case 22-03062-sgj Doc 11-1 Filed 06/10/22    Entered 06/10/22 17:19:56    Page 2 of 3
Case 3:21-cv-01169-N   Document 11-1   Filed 10/05/21   Page 2 of 3   PageID 1065

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

---

| | |
|---|---|
| PCGM TRADING PARTNERS XXIII, L.P., | § |
| | § |
| Plaintiff, | § |
| | § |
| | § |
| vs. | § Case No. 3:21-cv-01169-N |
| | § |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Defendant. | § |
| | § |
| | § |
| | § |

---

<u>**ORDER GRANTING MOTION TO DISMISS**</u>

Before the Court is *Highland Capital Management L.P.'s Motion to Dismiss* [Docket No. __] (the "<u>Motion</u>").[1]  Having considered: (a) the Motion; (b) *Highland Capital Management, L.P.'s Memorandum of Law in Support of Its Motion to Dismiss* [Docket No. __] (the "<u>Memorandum of Law</u>"); and (c) the *Appendix in Support of Motion to Dismiss* [Docket No. __] (the "<u>Appendix</u>"), and the exhibits annexed thereto; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that (a) venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. § 1409; (b) the Effective Date has occurred; (c) the Confirmation Order and Plan enjoin Plaintiff from continuing any action or suit against Highland and mandate that claims against Highland be brought in the Bankruptcy Court following the Effective Date pursuant to the Injunction Provision; (d) the purported claims asserted against Highland arise from transactions that took place post-petition and, to the extent

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Memorandum of Law.

Case 22-03062-sgj Doc 22 Filed 06/16/22 Entered 06/16/22 16:56:17 Page 560 of 575

Case 22-03062-sgj Doc 11-1 Filed 06/10/22 Entered 06/10/22 17:19:56 Page 3 of 3
Case 3:21-cv-01169-N Document 11-1 Filed 10/05/21 Page 3 of 3 PageID 1066

valid, would constitute post-petition administrative claims; (e) the Plan provides a specific procedure through which holders of purported administrative claims, such as Plaintiff, can file an application with the Bankruptcy Court for allowance of its administrative expense claims; and (f) based on the foregoing, under the Confirmation Order and Plan, this Court is not the appropriate venue for this Action; and this Court having found that Highland's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth in the record on this Motion, it is **HEREBY ORDERED THAT**:

    1.      The Motion is **GRANTED**.

    2.      The Action is **DISMISSED** with prejudice.


**It is so ordered** this _____ day of _____, 2021.


                                       _____
                                       The Honorable David C. Godbey
                                       United States District Judge

DOCS_NY:44225.1 36027/003

**Appx. 00556**

# EXHIBIT 18

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| PCMG TRADING PARTNERS XXIII, LP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-CV-1169-N |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Defendant. | § § | |

## ORDER

This Order addresses Defendant Highland Capital Management, L.P.'s ("HCM")
motion for reconsideration of this Court's earlier order staying this case [8].  This case
challenges a transaction consummated in the course of a consolidated bankruptcy proceeding
and names as the sole defendant the debtor in that bankruptcy.  The Court therefore
concludes that this case constitutes a matter "related to" a case in the bankruptcy court
under the meaning of this District's Miscellaneous Order No. 33.  Accordingly, the Court
grants Defendant's motion, lifts the stay, and refers this case to Judge Stacey G.C. Jernigan
of the United States Bankruptcy Court for the Northern District of Texas, to be adjudicated
as a matter related to the Chapter 11 Bankruptcy of HCM., Chapter 11 Case No. 19-34054.
The Clerk of this Court and the Clerk of the Bankruptcy Court to which this case is referred
are directed to take such actions as are necessary to docket this matter as an Adversary
Proceeding associated with the aforementioned consolidated bankruptcy case.

ORDER – PAGE 1

Appx. 00558

Case 22-03062-sgj Doc 22 Filed 06/16/22    Entered 06/16/22 16:56:17    Page 563 of 575

Case 22-03062-sgj Doc 19 Filed 06/10/22    Entered 06/10/22 17:33:00    Page 2 of 2
Case 3:21-cv-01169-N   Document 19   Filed 05/19/22   Page 2 of 2   PageID 1349

Signed May 19, 2022.

David C. Godbey
United States District Judge

ORDER – PAGE 2

# EXHIBIT 19

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | §    Chapter 11 |
| | § |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | §    Case No. 19-34054-sgj11 |
| | § |
| Reorganized Debtor. | § |
| | § |
| PCMG TRADING PARTNERS XXIII, L.P., | § |
| | § |
| Plaintiff, | §    Adv. Proc. No. 22-03062-sgj |
| | § |
| vs. | § |
| | § |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § |
| | § |
| Defendant. | § |
| | § |

## DECLARATION OF JAMES P. SEERY, JR., IN SUPPORT OF HIGHLAND CAPITAL
## MANAGEMENT, L.P.'S AMENDED MOTION TO DISMISS

---

[1] The Reorganized Debtor's last four digits of its taxpayer identification number are (8357). The headquarters and service address for the above-captioned Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_NY:45930.1 36027/003

I, James P. Seery, Jr., pursuant to 28 U.S.C. § 1746(a), under penalty of perjury, declare as follows:

1.     During the bankruptcy case, I was first appointed as a member of the Board of Directors (the "Board") of Strand Advisors, Inc. ("Strand"), the general partner of Highland Capital Management, L.P. (the "Highland" or the "Debtor," as applicable).

2.     I was later appointed as the Debtor's Chief Executive Officer ("CEO") and Chief Restructuring Officer ("CRO").

3.     In August 2021, upon the occurrence of the effective date of Highland's Plan, I became reorganized Highland's CEO.

4.     I submit this Declaration in support of *Highland Capital Management, L.P.'s Amended Motion to Dismiss* (the "Motion"),[2] being filed concurrently with this Declaration. Unless stated otherwise, this Declaration is based on my personal knowledge, my review of the documents described below, and my communications with certain of Highland's employees and counsel.

5.     Highland has never advised an entity named "Highland Select Funds LP" nor has it ever served, directly or indirectly, as the general partner of any entity with that name.

6.     Highland never caused an entity named "Highland Select Funds LP" to sell Structural and Steel Products, Inc. ("SSP"), or any other assets.

7.     On information and belief, I do not believe an entity named "Highland Select Funds LP" has ever existed.

8.     Highland did not directly own SSP and therefore could not be the party that sold it.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

9.     At no time did Highland direct Plaintiff to invest or cause Plaintiff to invest in "Highland Select Funds LP."

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated:  June 16, 2022


/s/ James P. Seery, Jr.
James P. Seery, Jr.

DOCS_NY:45930.1 36027/003

**Appx. 00563**

# EXHIBIT 20

PCMG Trading Partners XXIII, L.P. (the "***Limited Partner***")
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, Delaware 19801
USA


January 19, 2021

Re.  Highland Select Equity Fund, L.P. (the "***Fund***")


Dear Limited Partner,

This letter serves as notice that the undersigned, as general partner of the Fund (the "***General Partner***"), will effect the mandatory withdrawal of all of the limited partnership interests of the Fund held by the Limited Partner, with such withdrawal to take effect on February 19, 2021, resulting in the full withdrawal of the Limited Partner from the Fund.

The withdrawal proceeds will be paid in accordance with the Fund's Fifth Amended and Restated Limited Partnership Agreement and the Confidential Private Offering Memorandum of the Fund, which provides that the General Partner has the right to expel a limited partner of the Fund at any time, with or without cause.

Sincerely,

Highland Select Equity GP, LLC

By: Highland Capital Management, L.P., its sole member


By: _____
Name:  James P. Seery, Jr.
Title:   Chief Executive Officer


1" = "1" "ActiveUS 184814130" "" ActiveUS 184814130

**Appx. 00565**

PCMG Trading Partners XXIII, L.P. (the "*Limited Partner*")
c/o Highland Capital Management, L.P.
300 Crescent Court
Dallas, Texas 75201
USA


January 19, 2021

Re.  Highland Select Equity Fund, L.P. (the "*Fund*")


Dear Limited Partner,

This letter serves as notice that the undersigned, as general partner of the Fund (the "*General Partner*"), will effect the mandatory withdrawal of all of the limited partnership interests of the Fund held by the Limited Partner, with such withdrawal to take effect on February 19, 2021, resulting in the full withdrawal of the Limited Partner from the Fund.

The withdrawal proceeds will be paid in accordance with the Fund's Fifth Amended and Restated Limited Partnership Agreement and the Confidential Private Offering Memorandum of the Fund, which provides that the General Partner has the right to expel a limited partner of the Fund at any time, with or without cause.

Sincerely,

Highland Select Equity GP, LLC

By: Highland Capital Management, L.P., its sole member


By: _____
Name: James P. Seery, Jr.
Title:   Chief Executive Officer

1" = "1" "ActiveUS 184814118" "" ActiveUS 184814118

PCMG Trading Partners XXIII, L.P. (the "*Limited Partner*")


USA

January 19, 2021

Re. <u>Highland Select Equity Fund, L.P. (the "*Fund*")</u>

Dear Limited Partner,

This letter serves as notice that the undersigned, as general partner of the Fund (the "*General Partner*"), will effect the mandatory withdrawal of all of the limited partnership interests of the Fund held by the Limited Partner, with such withdrawal to take effect on February 19, 2021, resulting in the full withdrawal of the Limited Partner from the Fund.

The withdrawal proceeds will be paid in accordance with the Fund's Fifth Amended and Restated Limited Partnership Agreement and the Confidential Private Offering Memorandum of the Fund, which provides that the General Partner has the right to expel a limited partner of the Fund at any time, with or without cause.

Sincerely,

Highland Select Equity GP, LLC

By: Highland Capital Management, L.P., its sole member

By: _____
Name: James P. Seery, Jr.
Title: Chief Executive Officer

# EXHIBIT 21

Appx. 00568

## INVESTMENT MANAGEMENT AGREEMENT

THIS INVESTMENT MANAGEMENT AGREEMENT (this "*Agreement*"), dated effective as of March 31, 2015, by and among PCMG Trading Partners XXIII, L.P. (the "*Partnership*"), a Delaware limited partnership, Strand Advisors III, Inc. (the "*General Partner*"), a Delaware corporation, and Highland Capital Management, L.P. (the "*Investment Manager*"), a Delaware limited partnership. Capitalized terms used herein and not otherwise defined herein shall have the defined meanings given to such terms in the Limited Partnership Agreement of the Partnership, dated September 21, 1999, as amended from time to time (the "*Partnership Agreement*"), by and among the General Partner, as general partner, and the persons admitted thereto as Limited Partners.

In consideration of the mutual promises and agreements contained in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties hereto hereby agree as follows:

1.      The General Partner hereby, and in accordance with the terms hereof and of the Partnership Agreement, delegates to the Investment Manager responsibility for the management, operation and control of the investment and trading activities of the Partnership, to the fullest extent permitted by law and the Investment Manager hereby accepts such appointment and agrees to perform its obligations in accordance with the terms hereof, the terms of the Partnership Agreement and the investment objectives, policies, guidelines and restrictions that from time to time may be set forth the Partnership Agreement. The Investment Manager hereby accepts and agrees to perform all of the duties delegated to it under this Agreement.

2.      The Investment Manager shall not receive compensation for its services hereunder.

3.      The Partnership shall reimburse the Investment Manager for operational and administrative fees and expenses incurred on behalf of the Partnership. The Partnership will reimburse the Investment Manager for SEC-related compliance expenses incurred by the Investment Manager in connection with providing services to the Partnership. The Investment Manager may, in its sole discretion, choose to absorb any expenses incurred on behalf of the Partnership.

4.      The Investment Manager agrees to be bound by all of the terms and provisions of the Partnership Agreement applicable to it, as delegatee of the General Partner, as though expressly made a party thereto, and shall be governed by the same standard of care applicable to the General Partner in connection therewith. The General Partner, on behalf of the Partnership, agrees that the Investment Manager shall be entitled to all of the benefits of the Partnership Agreement applicable to it as a delegatee of the General Partner, including, without limitation, the right to reimbursement of expenses and the right to indemnification provided under the Partnership Agreement, if any.

5.      This Agreement shall become effective on the date hereof and shall continue in effect until the earlier of the dissolution of the Partnership or termination by either the

1

Investment Manager or the General Partner on behalf of the Partnership upon at least 75 days' prior written notice.

6. This instrument, together with the Partnership Agreement, contains the entire agreement between the parties relating to the subject matter hereof. No provision of this Agreement may be amended without the written consent of the Investment Manager and the Partnership.

7. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, but the rights and obligations hereunder shall not, except as otherwise expressly provided herein, be assignable, transferable or delegable without the written consent of the other parties hereto and any attempted assignment, transfer or delegation thereof without such consent shall be void.

8. The Investment Manager agrees to notify the General Partner and the Partnership in writing within 30 days after any change in the membership of the Investment Manager.

9. The Investment Manager has the right to delegate certain aspects of its responsibilities to affiliated or related party entities.

10. This Agreement shall be construed in accordance with and governed by the internal laws of the State of Delaware without giving effect to principles of conflicts of laws.

[SIGNATURE PAGE FOLLOWS]

**Appx. 00570**

The parties have executed this Agreement by their representatives thereunto duly authorized, as of the day and year first above written.

**PCMG TRADING PARTNERS XXIII, L.P.**

By:    Strand Advisors III, Inc., its general partner

By: _____
Name: James Dondero, President


**STRAND ADVISORS III, INC.**

By: _____
Name: James Dondero, President


**HIGHLAND CAPITAL MANAGEMENT, L.P.**

By:    Strand Advisors, Inc., its general partner

By: _____
Name: James Dondero, President


*Signature Page – Investment Management Agreement*

**Appx. 00571**